# RIVERSIDE SUPERIOR COURT

## PUBLIC ACCESS

## Case Report

📷 **Camera indicates that a document may be purchased.**

**View Document Fee Schedule**

 **First Page icon indicates you can view the first page of a Complaint for free.**

**Send me an email when this case is updated (click here)** ✉️

---

> Print This Report

> Close This Window

### Case RIC2002983 - WESTERN RIVERSIDE COUNCIL VS NATIONAL UNION FIRE

### Case RIC2002983 - Complaints/Parties

**Complaint Number:** 0001 — CMP Complaint of WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS
**Original Filing Date:** 08/03/2020
**Complaint Status:** ACTIVE

| Party Number | Party Type | Party Name | Attorney | Party Status |
|---|---|---|---|---|
| 1 | Plaintiff | WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS | BEST BEST & KRIEGER LLP | Exempt Agency |
| 2 | Defendant | NATIONAL UNION FIRE INSURANCE COMPANY OF PI | Unrepresented | Served 09/18/2020 |

### Case RIC2002983 - Actions/Minutes

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| | 02/01/2021 8:30 AM DEPT. 03 | CASE MANAGEMENT CONFERENCE HEARING | | |
| | 12/01/2020 8:30 AM DEPT. CLER | NON-PROOF OF SERVICE CLERK'S TRACKING HEARING (NON-APPEARANCE) | Vacated | |
| N | 09/21/2020 | PROOF OF SERVICE ON THE COMPLAINT FILED 08/03/2020 OF WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS SERVED ON NATIONAL UNION FIREINSURANCE COMPANY OF PI WITH SERVICE DATE OF 09/18/20 FILED.(PERSONAL SERVICE) | Not Applicable | 📷 |
| N | 08/07/2020 | AMENDED CIVIL CASE COVER SHEET | Not Applicable | 📷 |

**EXHIBIT 1**
**PAGE 6**

| N | 08/04/2020 | SYSTEM GENERATED NOTICE RE: NOTICE OF DEPARTMENT ASSIGNMENT FOR ALL PURPOSES AND NOTICE OF CASE MANAGEMENT CONFERENCE. | Not Applicable | |
| N | 08/03/2020 | CIVIL CASE COVER SHEET FILED. | Not Applicable | |
| | 08/03/2020 | FILING FEE OF $450.00 FOR WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS IS WAIVED-EXEMPT PER GOVT CODE 6103 | Not Applicable | |
| | 08/03/2020 | NON-PROOF OF SERVICE HEARING SET FOR 12/01/20 AT 8:30 IN DEPT CLER | | |
| N | 08/03/2020 | SUMMONS ISSUED ON COMPLAINT FILED 08/03/2020 OF WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS AND FILED. | Not Applicable | |
| N | 08/03/2020 | CERTIFICATE OF COUNSEL FILED. THE ZIP CODE IS 92223. | Not Applicable | |
| N | 08/03/2020 | COMPLAINT FILED FAST TRACK. (RIVERSIDE) | Not Applicable | 1 |
| | 08/03/2020 | CASE ASSIGNED TO DEPARTMENT 03. (RIVERSIDE) | | |

## Case RIC2002983 - Pending Hearings

| Date | Action Text | Disposition | Image |
|------|-------------|-------------|-------|
| 12/01/2020 8:30 AM DEPT. CLER | NON-PROOF OF SERVICE CLERK'S TRACKING HEARING (NON-APPEARANCE) | Vacated | |
| 02/01/2021 8:30 AM DEPT. 03 | CASE MANAGEMENT CONFERENCE HEARING | | |

Print This Report

Close This Window

**Riverside Public Access 5.7.27 © 2020 Journal Technologies, Inc. All Rights Reserved. www.isd-corp.com**
**Contact Us**

EXHIBIT 1

1   JEFFREY V. DUNN, Bar No. 131926
    jeffrey.dunn@bbklaw.com
2   CHRISTOPHER E. DEAL, Bar No. 186754
    chris.deal@bbklaw.com
3   DANIEL L. RICHARDS, Bar No. 315552
    daniel.richards@bbklaw.com
4   BEST BEST & KRIEGER LLP
    18101 Von Karman Avenue, Suite 1000
5   Irvine, California 92612
    Telephone:  (949) 263-2600
6   Facsimile:  (949) 260-0972

7   Attorneys for Plaintiff
    WESTERN RIVERSIDE COUNCIL OF
8   GOVERNMENTS

EXEMPT FROM FILING FEES
PURSUANT TO GOVERNMENT
CODE SECTION 6103

DEEMED VERIFIED PURSUANT
TO CODE OF CIVIL PROCEDURE
SECTION 446

**FILED**
Superior Court of California
County of Riverside
8/3/2020
L. Mercado-Burni
Electronically Filed

9               SUPERIOR COURT OF CALIFORNIA

10                 COUNTY OF RIVERSIDE

11

12   WESTERN RIVERSIDE COUNCIL OF
    GOVERNMENTS, a California Joint
13   Powers Authority,

14           Plaintiff,

15       v.

16   NATIONAL UNION FIRE INSURANCE
    COMPANY OF PITTSBURGH, and
17   DOES 1 through 50, inclusive,

18          Defendant.

Case No.   **RIC2002983**

**VERIFIED COMPLAINT**

**(1) BREACH OF CONTRACT**

**(2) BREACH OF COVENANT OF GOOD
FAITH AND FAIR DEALING**

**(3) UNFAIR BUSINESS ACTS &
PRACTICES (BUS. & PROF. CODE
§ 17200)**

**(4) DECLARATORY RELIEF**

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1    Plaintiff Western Riverside Council of Governments ("WRCOG") alleges for its

2  Complaint as follows:

3                              **THE PARTIES**

4    1.    Plaintiff WRCOG is a California Joint Powers Authority operating in Riverside

5  County, California with its principal office located in the City of Riverside. WRCOG is formed

6  under the authority of the Joint Exercise of Powers Act, Government Code section 6500 et seq.,

7  and exists pursuant to a Joint Exercise of Powers Agreement by and among its members.

8    2.    WRCOG is the assignee of the rights under National Union Fire Insurance

9  Company of Pittsburgh Policy No. 01-309-61-64 and Policy No. 01-425-57-41, originally issued

10  to the City of Beaumont, and WRCOG brings this action as assignee of these rights and

11  successor in interest to the City of Beaumont as to these policies.

12    3.    WRCOG is informed and believes, and on that basis alleges, that Defendant

13  National Union Fire Insurance Company of Pittsburgh ("National Union") is a corporation or

14  business entity licensed to do business as an insurance company in the State of California.

15    4.    WRCOG is informed and believes, and on that basis alleges, that American

16  International Group, Inc. ("AIG") is the authorized representative of National Union Fire

17  Insurance Company of Pittsburgh, PA ("National Union"), the insurer which issued government

18  crime policies at issue, and that at all material times herein alleged AIG acted as the agent,

19  servant, employee and on behalf of National Union.

20    5.    WRCOG is unaware of the true names and capacities of defendants sued herein

21  under fictitious names as DOES 1 through 50, inclusive. WRCOG is informed and believes and

22  thereon alleges that each of the defendants designated herein as a DOE is in some manner

23  responsible for the damages and injuries as are alleged in this complaint. Upon learning the true

24  identity, nature and capacity of the DOE defendants, WRCOG will amend this complaint to

25  allege their true names and capacities.

26    6.    WRCOG is informed and believes and thereon alleges that at all material times

27  herein alleged that the defendants, and each of them, were the agents, servants and employees of

28  the other defendants, and each of them.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

**JURISDICTION AND VENUE**

7.    This Court has personal jurisdiction over defendants because each defendant resides in, is incorporated in, has its main place of business in, and/or conducts business in the State of California, and a substantial portion of the acts, omissions, and events constituting the causes of action alleged herein occurred within the State of California. (Code Civ. Proc. § 410.10.)

8.    This Court is the appropriate venue for this action under Code of Civil Procedure sections 295 and 295.5 because the acts that give rise to the causes for action alleged herein occurred in the County of Riverside, State of California. Plaintiff hereby designates the County of Riverside, State of California, as the place of proper venue.

**GENERAL ALLEGATIONS REGARDING KAPANICAS ADMINISTRATION**

9.    This lawsuit concerns National Union's wrongful failure to pay a loss falling within the terms of government crime policies issued by National Union. In addition to National Union's failure to pay a loss, this lawsuit also concerns National Union's unreasonable and bad faith conduct. National Union has spent years searching for a reason to deny coverage, has taken unreasonable coverage positions, has put its own interest above the interests of its insured, and, more than four years after the claim was originally made, has still not issued a coverage determination.

10.    For many years, the City of Beaumont has purchased a government crime and faithful performance policy from National Union. Five former employees and officials with the City of Beaumont have pled guilty to crimes resulting from their action to steal, embezzle and squander millions of dollars of taxpayer funds through a scheme falling within the terms of the government crime policies issued by National Union.

11.    The City originally tendered its claim to National Union in 2016. More than four years later, National Union has yet to pay the City, or its assignee, WRCOG, any amount, or even render a definitive coverage position, despite the fact that the policies at issue undeniably cover the employee theft, embezzlement, and failure to faithfully perform that resulted in the City's losses.

- 2 -

**EXHIBIT 1
PAGE 10**

12.     Instead, National Union has delayed and requested further information time and time again in an effort to find a reason to deny coverage, and most recently offered to pay only a fraction of the loss suffered by the City in exchange for WRCOG's waiver of its right under the insurance contract; all without rendering a coverage opinion.

A.     **The Kapanicas Administration**

13.     Founded in 1912, the City of Beaumont ("City") is located in the County of Riverside, California. As Beaumont's population grew in the early 1990s, the City brought in new staff to perform governmental, managerial, developmental, and related responsibilities for the growing City.

14.     The City initially hired Alan Kapanicas in July 1993 through his Company BSI Consultants, Inc. ("BSI"), and later through his company General Government Management Services, Inc. ("GGMS") to perform the role of City Manager. In his role as City Manager, Kapanicas authorized payments by the City to his company GGMS.

15.     In the early 1990s, the City also hired Ernest Egger, David Dillon, and Deepak Moorjani – owners and principals of Urban Logic Consultants ("ULC") – to manage the planning, engineering, and economic development of the City. These three individuals were City employees and officials: Dillon served as Economic Development Director of Beaumont; Egger served as Planning Director of Beaumont; and Moorjani served as City Engineer/Director of Public Works of Beaumont. They had day to day control of their respective departments, overseeing staff and reporting directly to the City Manager. The City Municipal Code defines the positions held by Kapanicas, Egger, Moorjani and Dillon as "designated employees" who have been determined to "make or participate in the making of decisions which may foreseeable have a material effect on financial interest."

16.     While these ULC principals were named to these posts within the City, the City contracted with ULC for more than $80 million in City projects and capital improvements. Additionally, Joseph Aklufi served as City Attorney; David Wysocki acted as Deputy City Attorney; and William Aylward served as the City's Finance Director and Assistant City Manager. These former employees together will be referred to as the "Kapanicas

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

- 3 -

EXHIBIT 1
PAGE 11

1  administration." The members of the Kapanicas administration ultimately resigned or were

2  terminated after April of 2014.

3      17.    During the time period the Kapanicas administration worked for the City, they

4  exercised pervasive control over all or nearly all of the City's critical functions, preventing the

5  City Council from discovering their schemes and wrongdoing.

6          **B.    The TUMF Scheme and WRCOG Lawsuit**

7      18.    The Kapanicas administration engaged in a complicated scheme with the apparent

8  goal of evading the City's obligation to pay fees to WRCOG as part of the Transportation

9  Uniform Mitigation Fee ("TUMF") program. While the Kapanicas administration relied on

10  various excuses to claim they had no obligation to collect or remit TUMF fees from developers,

11  Beaumont did collect approximately $13,426,563 in "fair share fees" from developers (and an

12  additional $23,179,627 of bond requisitions) that should have been remitted to WRCOG, and

13  kept the money rather than remitting it. Notably, a substantial amount of the TUMF money that

14  the City improperly retained financially benefited members of the Kapanicas administration.

15      19.    WRCOG ultimately brought a lawsuit (a writ of mandamus action) against the

16  City in a case entitled Western Riverside Council of Governments v. City of Beaumont, Orange

17  County Superior Court Case No. 30-2010-0035796 (the "WRCOG Action") and on or about

18  September 26, 2014, the Orange County Superior Court entered judgment in favor of WRCOG

19  and against the City. The Court subsequently ordered the City to pay WRCOG its attorneys' fees

20  and costs associated with the WRCOG Action; the final judgment amount the Court entered

21  against the City was for approximately $60 million.

22      20.    The City timely appealed, and in or about May 2017, WRCOG and the City

23  reached a settlement of the WRCOG Action. One of the terms of settlement was that the City

24  would assign to WRCOG its right to pursue the claims against these defendants based upon the

25  wrongdoing described herein. The City has assigned such claims against each of these

26  defendants pursuant to a written assignment, and WRCOG now brings this complaint as the

27  City's successor-in-interest to these claims, based on the facts as alleged herein.

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

- 4 -

**C.**     **The Investigations and Felony Complaint**

21.     In April 2015, the Federal Bureau of Investigation and California state authorities executed a search warrant at City Hall and the offices of ULC. The criminal investigation gave rise to the termination or resignation of the Kapanicas administration members. Following the raids, the City commenced an investigation into the activities of the Kapanicas administration members, largely related to the fact that Kapanicas allowed the ULC principles to enter into self-dealing contracts with the City without adequate competitive bidding.

22.     At this time, the City had no actual knowledge nor made any findings that the Kapanicas administration in fact stole from the City or allowed theft to occur.

23.     On May 17, 2016, the County of Riverside District Attorney's Office filed a felony complaint against the Kapanicas administration members for criminal conflict of interest, embezzlement, misappropriation of public funds, and misuse of a resale permit. Kapanicas and Aylward were also accused of conspiracy, and Dillon, Egger, and Moorjani of conflict of interest. As of the filing of this Complaint, all of these individuals have either pled guilty or been convicted.

24.     Since the filing of the criminal complaint, the City has diligently investigated the facts of the wrongdoing by the Kapanicas administration.

25.     The City did not discover the bad acts of the Kapanicas administration involving theft and dishonesty until it had conducted its own investigation in May 2016. Indeed, it was not until much more recently, after the original tender to National Union was made, that the City and WRCOG discovered an extraordinary scheme by ULC principles and city officials Egger, Moorjani and Dillon to fraudulently overbill the City for millions of dollars.

**GENERAL ALLEGATIONS REGARDING THE INSURANCE POLICIES**

26.     AIG is the authorized representative of National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), the insurer which issued government crime policies to CSAC Excess Insurance Authority ("CSAC") under Policy No. 01-309-61-64 for the period from June 30, 2014 to June 30, 2015 ("the 2014 Policy") and Policy No. 01-425-57-41 for the period from June 30, 2015 to June 30, 2017 ("the 2015 Policy"). The government crime policies included

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

**EXHIBIT 1**

**PAGE 13**

broad coverage for faithful performance/employee dishonesty, money & securities, forgery or alteration, computer fraud, robbery & safe burglary, money order, and counterfeit paper currency. The City is an additional named insured under both policies. A true and correct copy of the 2014 Policy is attached hereto as **Exhibit A**, and a true and correct copy of the 2015 Policy is attached hereto as **Exhibit B**.

27.     The 2014 Policy and 2015 Policy (collectively, "the Policy") contain similar terms and provide coverage for losses related to employee theft and dishonesty, and losses or damages arising from an employee's failure to faithfully perform his or her duties. The City's losses are covered by both policies.

28.     The definition of "Employee" in the Policy is broad and includes (among others) personnel whom the City compensates by wages, salary or commissions and whom the City has the right to direct and control while performing services for the City; former personnel retained as consultants; and any elected or appointed city officials. The City reasonably understood this definition to encompass each member of the Kapanicas administration.

29.     All members of the Kapanicas administration were employees under the terms of the Policy, particularly because all members of the Kapanicas administration were appointed city officials. Kapanicas was the City Manager; Dillon served as Economic Development Director of Beaumont; Egger served as Planning Director of Beaumont; and Moorjani served as City Engineer/Director of Public Works of Beaumont. Under the City Municipal Code, each of these constitutes a position as an appointed city official.

30.     The Policy provides coverage for loss of or damage to money or other property resulting from theft committed by an employee.

31.     The Policy also provides coverage for loss or damage to money and other property resulting from the failure of any employee to faithfully perform his or her duties.

32.     The Policy also provides coverage for loss or damage to money and other property resulting from theft committed by an employee of a City vendor.

33.     The Policy provides coverage for any loss that the insured sustains resulting from an occurrence taking place at any time that is discovered by the insured during the Policy Period.

- 6 -

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

**EXHIBIT 1**

**PAGE 14**

The losses suffered by the City were discovered during the term of the 2015 policy, but the City could not have discovered the losses during the 2014 policy because of the pervasive control of the Kapanicas administration. Under the doctrine of adverse domination, the City is also, therefore, entitled to coverage under the 2014 policy.

### GENERAL ALLEGATIONS REGARDING COMMUNICATIONS WITH INSURER

34.     On or about April 5, 2016, the City[1] submitted a Crime Loss Report (a tender) under the Policy for employee theft and faithful performance with regard to the activities by the Kapanicas administration. As counsel for AIG and National Union has repeatedly confirmed, the deadline to file a lawsuit has been tolled from the date of this initial tender until the date National Union issues a coverage opinion (which has yet to occur).

35.     On or about November 3, 2016, the City submitted a Proof of Loss with respect to the losses suffered by the City. The City noted that the District Attorney's criminal investigation and case against the Kapanicas administration was ongoing.

36.     On or about December 1, 2016, AIG (acting as authorized representative for National Union) requested the City provide comprehensive documentation in connection with the City's Proof of Loss. AIG[2] took no position as to whether any losses were covered by any policy.

37.     The City provided hundreds of thousands of pages of documents in an effort to cooperate in good faith with AIG's requests on a rolling basis from February of 2017 through March of 2017.

38.     More than six months later, on December 19, 2017, AIG informed the City that it expected to provide feedback regarding the status of the City's insurance claim within the next 30 days. AIG did not do so.

39.     On December 20, 2017, the City notified AIG that it may amend its Proof of Loss, and that the City's forensic accountant was still investigating the City's losses.

40.     On January 25, 2018, AIG informed the City that it was in the process of revising

---

[1] All further references to the "City" include WRCOG, acting as assignee of the City's rights under the Policy.
[2] All further references to "AIG" refer to AIG in its capacity as an authorized representative for National Union.

VERIFIED COMPLAINT

EXHIBIT 1
PAGE 15

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

its preliminary coverage evaluation, and that the City should expect an update within 30 days. AIG did not provide an update within 30 days.

41.     During this time period, while awaiting a coverage opinion from AIG, the City hired a forensic accountant to investigate the wrongdoing of the Kapanicas administration and determine the extent of the loss suffered by the City (as it was apparent AIG was not adequately investigating the loss suffered by the City, and whether this loss was covered by any insuring provision).

42.     This forensic accountant, Dan Ray, reviewed and analyzed the City's financial records and additional records obtained from the offices of ULC, and discovered another scheme carried out by members of the Kapanicas administration.

43.     As Mr. Ray ultimately concluded, the ULC principles (Egger, Dillon, and Moorjani) overbilled the City or otherwise stole or embezzled in excess of $58,000,000 through a number of schemes, including falsifying invoices, and fraudulently seeking payment for work performed by third parties by submitting invoices indicating the work had been performed by ULC staff. Notably, members of the Kapanicas administration, including Egger, Dillon and Moorjani, were among the City staff who approved and caused payment of these invoices, preventing the City from discovering the scheme until after the members of the Kapanicas administration had left the City's employ.

44.     On March 7, 2018, the City sent a letter to AIG stating that the City had obtained various documents subpoenaed by the District Attorney in connection with the Kapanicas administration's criminal proceeding. The City inquired whether AIG required these documents for its investigation, but did not receive a response, despite the many days that had passed since the 30 days indicated by AIG on January 25, 2018.

45.     On April 20, 2018, the City supplemented its Proof of Loss with additional information, including the City's forensic accountant's report demonstrating a nearly $60 million theft from the City, and the documents subpoenaed by the District Attorney. The City again requested an update regarding the status of its insurance claim.

46.     On April 26, 2018, the City received a letter from AIG identifying "preliminary

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

- 8 -

EXHIBIT 1
PAGE 16

coverage issues" and a request for additional information. In this letter, AIG again did not render a coverage decision, or indicate that it was prepared to agree that there was any coverage under the Policy or pay the City any portion of the loss it had suffered. Rather than investigating in good faith whether there was any basis for coverage, this letter represented AIG's attempts to begin to lay the groundwork to deny coverage for all losses suffered by the City.

47.     In this letter, AIG identified issues pertaining primarily to whether the members of the Kapanicas administration fell within one or more of the definitions of "employee" under the Policy; whether any payment to ULC or other vendors constituted loss resulting from theft or lack of faithful performance; and the date of discovery of the asserted scheme.

48.     The City continued to cooperate and respond fully to AIG's information requests, and the City provided yet more documents obtained from the District Attorney on July 11, 2018.

49.     On October 15, 2018, the City provided an in-depth response to AIG's purported concerns along with additional documents.

50.     Despite the clear proof of theft of extraordinary sums, AIG still refused to pay a loss or even render a coverage opinion, and instead demanded additional information, which the City continued to provide. By way of example, on November 28, 2018, AIG sent an email to the City exploring further potential basis to deny coverage (without actually denying coverage), and seeking additional information related to the City's claim in an effort to lay further groundwork to deny coverage. The City again provided the requested supplemental information to AIG on March 7, 2019 and April 12, 2019.

51.     On April 29, 2019, after years of providing still further information, the City requested a formal coverage response or at least an update on the City's claim.

52.     On November 4, 2019, AIG sent written correspondence to the City describing the newest grounds on which it was considering denying coverage (again, without actually denying coverage), specifically the issue of when the City first discovered its loss.

53.     AIG took the unreasonable position that the City either first discovered its claim sometime between 1993 and 2011—during the time the Kapanicas administration committed these fraudulent acts, or alternatively, sometime before the expiration of the 2014 Policy Period.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

- 9 -

54.     To date, nearly four years after the City's submission of the claim, AIG has still not issued a coverage opinion on this matter. In each and every communication, AIG has unreasonably delayed and refused to issue coverage to the City, taking untenable interim coverage positions, despite the City's best efforts to offer additional information and documents supporting its claim. Even when the City has offered irrefutable evidence that one of the basis for potentially denying coverage is meritless, AIG has not indicated its agreement that it will not deny coverage on that basis, but has simply ignored the City's response, shifted tack, and provided yet another potential basis to deny coverage.

55.     In other words, when the City had provided sufficient information to show that one potential ground for denying coverage is meritless (e.g., whether Kapanicas, the City Manager, was an employee) AIG has inevitably responded with yet another potential basis to deny coverage. Indisputably, AIG has not spent the last four years investigating potential basis for coverage; it has spent the last four years attempting to manufacture any basis to deny coverage for the millions of dollars of losses suffered by the City.

56.     The Policy expressly provides coverage for millions of dollars in losses that the City has and will incur in connection with the fraudulent scheme of the Kapanicas administration, and yet AIG has refused to agree that there is coverage for any loss.

57.     In each and every communication, AIG has wrongfully interpreted language in insuring clauses and exclusions to avoid coverage, and has focused on irrelevant facts while ignoring pertinent facts and insuring provisions in order to deny coverage, all to benefit AIG to the detriment of the City.

58.     Most recently, on January 28, 2020, AIG effectively admitted that the City's losses were covered by the Policy, but still refused to issue a coverage opinion or pay a dollar of loss.

59.     On January 28, 2020, AIG, through its counsel, offered the City a tiny fraction of the losses it had suffered in exchange for a release and waiver of the City's rights under the insurance policy. This action – admitting the merits of the City's claim while refusing to pay an actual loss – is further evidence of bad faith on the part of AIG and AIG's pattern of acting for its own interest to the detriment of its insured. (See *White v. Western Title Ins. Co.* (1985) 40 Cal.3d

EXHIBIT 1
PAGE 18

870, 887 [unreasonable conduct in course of settlement discussions evidence of bad-faith, even after litigation commences].)

### FIRST CAUSE OF ACTION

**Breach of Contract**

**(Against all Defendants)**

60.     WRCOG re-alleges and incorporates herein by reference each previous paragraph of this Complaint as though set forth here in full.

61.     The City and National Union entered into the 2014 Policy, which provided that National Union would insure the City for losses related to employee theft and dishonesty, and losses or damages arising from an "employee's" failure to faithfully perform his or her duties.

62.     The City and National Union entered into the 2015 Policy, which provided that National Union would insure the City for losses related to employee theft and dishonesty, and losses or damages arising from an "employee's" failure to faithfully perform his or her duties.

63.     The City paid the premium for the coverage and has performed each and every obligation required of it under the 2014 and 2015 Policies, unless the acts were excused or the City was prevented from performance.

64.     The City has demanded and National Union has failed and refused to pay or indemnify the City for its losses incurred as a direct result of the members of the Kapanicas Administration's theft and failure to faithfully perform. These losses were covered by both the 2014 Policy and the 2015 Policy.

65.     As a direct and proximate result of National Union's actions, the City has incurred substantial damages in excess of this court's jurisdiction and in an amount to be proven at trial. WRCOG is the City's successor-in-interest under this cause of action and is therefore entitled to recover such losses.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

- 11 -

EXHIBIT 1
PAGE 19

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

### SECOND CAUSE OF ACTION

**Breach of the Covenant of Good Faith & Fair Dealing**

**(Against all Defendants)**

66.     WRCOG re-alleges and incorporates herein by reference each previous paragraph of this Complaint as though set forth here in full.

67.     National Union, at all times relevant herein, had a duty to act fairly and in good faith with the City in meeting its responsibilities under the Policy issued by National Union to the City.

68.     In refusing to fulfill its obligations under the Policy, and the other conduct alleged herein, National Union has acted in violation of the covenant of good faith and fair dealing that is implied by law in the above-referenced Policy.

69.     National Union was a substantial factor in causing the City's damages and harm, and WRCOG, as the City's successor-in-interest, has been damaged in an amount according to proof at the time of trial but which is in excess of this court's jurisdiction.

70.     Actions of National Union that were unreasonable and demonstrate that National Union acted out of malice, oppression, and in a manner intended to protect its own profits and self-interest rather than the interests of the City include, inter alia:

> a.     In the course of years of correspondence, National Union has never attempted to investigate whether there may *be* coverage under the policy. Rather, all correspondence, information requests, and documents requests have been designed to uncover potential basis to deny coverage. By way of example, despite the fact that the City has requested that National Union investigate whether there may be coverage under the faithful performance insuring provisions, National Union has myopically focused on the employee theft insuring provision, and in particular whether there may be basis for denying coverage under the employee theft insuring provision. To Plaintiff's knowledge, National Union has conducted *no* investigation as to whether there may be coverage under the faithful performance insuring provision;

- 12 -

EXHIBIT 1
PAGE 20

1

2       b.      National Union has taken unreasonable coverage positions in contravention

3       to controlling law, the plain terms of the Policy, and the reasonable expectations of

4       the City. National Union to date has refused to concede that any losses incurred by

5       the City in connection with the Kapanicas administration are covered losses;

6       c.      National Union has focused on facts that could support a denial of the

7       City's claim in order to protect its own interest at the expense of the City's

8       interests, and has conducted an inadequate investigation into potential grounds for

9       coverage;

10      d.      National Union has unreasonably delayed in responding to its Insured, and

11      in issuing its final determination on the City's claim for almost four years since the

12      City first tendered its claim, despite the City having produced all responsive

13      documents and additional information at AIG's multiple requests;

14      e.      National Union's ever evolving tentative coverage positions are indicative

15      of National Union's efforts to find any grounds to deny the City's claim;

16      f.      National Union attempted to coerce the City into accepting far less than it

17      is due under the policy through unreasonable, oppressive, and malicious

18      negotiation tactics;

19      g.      These are in violation of applicable insurance regulations and statutes,

20      including, *inter alia*, Cal. Code Regs., tit. 10, § 2695.7 and Cal. Ins. Code

21      § 790.03, as well as National Union's duty of good faith and fair dealing.

22      71.     The conduct of National Union constitutes despicable conduct that was willful,

23      fraudulent, malicious, and intended to cause the City great harm and to subject the City to an

24      unjust hardship. National Union's conduct justifies an award of punitive damages all in an

25      amount according to proof at the time of trial.

26      72.     WRCOG, as the City's successor-in-interest under this cause of action, is therefore

27      entitled to recover such damages from these defendants, and each of them.

28      73.     WRCOG has also been forced to retain the services of an attorney to commence

- 13 -

EXHIBIT 1
PAGE 21

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1    this action and is entitled to attorneys' fees and costs as allowed by law.

2    **THIRD CAUSE OF ACTION**

3    **Unfair Business Acts & Practices (Bus. & Prof. Code § 17200, et seq.)**

4    **(Against all Defendants)**

5    74.    WRCOG re-alleges and incorporates herein by reference each previous paragraph

6    of this Complaint as though set forth here in full.

7    75.    By reason of the foregoing misconduct, National Union has engaged in unlawful,

8    unfair, misleading, deceptive, and/or fraudulent practices prohibited by California Business and

9    Professions Code Sections 17200 et seq.

10    76.    National Union knowingly committed the acts as described in Paragraphs 61

11    through 65 and 67 through 73, above, which acts, in contravention of National Union's implied

12    covenant of good faith and fair dealing, were unlawful, unfair, misleading, deceptive, and/or

13    fraudulent.

14    77.    National Union failed to disclose that it would not pay losses that were covered

15    losses under the Policy, in violation of California  Insurance  Code sections 330 through 332.

16    78.    On information and belief, National Union has a pattern and practice of refusing to

17    timely pay covered losses and refusing to timely issue coverage determinations in order to cause

18    prejudice and harm to Insureds in order to coerce them into accepting less benefits than they are

19    due under policies issued by National Union.

20    79.    On information and belief, National Union has a pattern and practice of

21    misinterpreting and misapplying the terms of its Policies and threatening to take unreasonable

22    litigation positions when an Insured threatens to bring suit in order to coerce its Insured into

23    accepting less benefits than they are due under policies issued by National Union.

24    80.    On information and belief, National Union violated numerous provisions of the

25    California Insurance Code and the regulations promulgated thereunder, including:

26    a.    National Union knowingly failed to affirm or deny coverage of the City's

27    claim submitted under the Policy within a reasonable time after proof of loss

28    requirements were completed and submitted by the City, and on information and

- 14 -

**EXHIBIT 1**

**PAGE 22**

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

belief failed to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by other claimants holding similar policies with such frequency as to indicate a general business practice, in violation of California  Insurance Code section  790.03, subdivision (h)(4);

b.      National Union knowingly failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the City's claim under the Policy, and on information and belief, failed to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims submitted by other claimants holding similar policies after liability had become reasonably clear with such frequency as to indicate a general business practice, in violation of California Insurance  Code section  790.03, subdivision (h)(5);

c.      National Union knowingly failed to promptly provide a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for potential denial of the City's claim (and in particular offered an unreasonable explanation by mispresenting the terms of the Policy), and on information and belief failed to promptly provide a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial or potential denial of claims under similar policies with such frequency as to indicate a general business practice, in violation of Cal. Insurance  Code section  790.03,  subdivision  (h)(13)  and  California  Code  of  Regulations, Regulations., title 10,  section  2695.4.

81.      Under California Insurance Code Section 790.03, these acts are expressly unlawful and "unfair and deceptive acts or practices in the business of insurance," and these acts and practices constitute National Union's violation of its duty of good faith and fair dealing.

82.      The acts and practices described herein, in the individual and in the aggregate, are unfair, unlawful, fraudulent, immoral, unethical, oppressive, unscrupulous and/or substantially injurious to the City and other consumers.

- 15 -

EXHIBIT 1
PAGE 23

83.     National Union's actions or inactions as described herein are ongoing and continuous.

84.     These knowing and intentional acts and the continued pattern of practices of these acts are prohibited by Business and Professions Code Sections 17200, et seq.

85.     National Union knowingly committed the acts described in Paragraphs 75 through 84, above, which acts, in contravention of National Union's implied covenant of good faith and fair dealing, were unlawful, unfair, misleading, deceptive, and/or fraudulent. On information and belief, National Union has a pattern and practice of committing similar acts against Insureds in order to avoid paying losses and to protect its own interests to the detriment of the interests of its Insureds.

86.     As a direct and proximate result of National Union's unlawful business acts or practices, the City has lost money and property, including but not limited to loss of insurance premiums paid to National Union. The City would not have paid the premiums it did had it known that National Union would refuse to pay or settle claims that fell within the scope of the Policy.

87.     National Union should be enjoined from this unlawful activity and required to make restitution to WRCOG, as the City's successor-in-interest, including disgorgement of all revenues which have been unlawfully obtained as a result of the actions, inactions and practices described herein.

**FOURTH CAUSE OF ACTION**

**Declaratory Relief**

**(Against all Defendants)**

88.     WRCOG re-alleges and incorporates herein by reference each previous paragraph of this Complaint as though set forth here in full.

89.     An actual controversy has arisen and now exists between WRCOG, as the City's successor-in-interest, and National Union, in that WRCOG contends that, under the Policy, National Union is responsible for the damages, attorneys' fees, costs and/or expenses that the City has and will incur in connection with the fraudulent scheme of the Kapanicas

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

- 16 -

1   administration. WRCOG is informed and believes and thereon alleges that National Union, on

2   the other hand, denies having such a responsibility.

3       90.    WRCOG desires a judicial determination of the respective rights and duties of the

4   City and National Union with respect to the damages, attorneys' fees, costs and/or expenses the

5   City has and will incur in connection with the Kapanicas administration.

6       91.    Such a declaration is necessary and appropriate at this time in order for WRCOG,

7   as the City's successor-in-interest, to ascertain its rights and duties.

8                                   **PRAYER**

9   **WHEREFORE**, WRCOG prays judgment against Defendants, and each of them, as follows:

10      1.    On all causes of action, for general and special damages according to proof at trial;

11      2.    On the second cause of action, for an award of punitive damages;

12      3.    On the third cause of action, for an award of all remedies and penalties available

13  under the Unfair Competition Law;

14      4.    For declaratory relief in favor of the City in conformance with the City's

15  contentions herein;

16      5.    An award of pre-judgment and post-judgment interest, as provided by law;

17      6.    For attorneys' fees and costs, as allowed by contract, statute or law;

18      7.    For all other relief that this Court deems just and appropriate.

19

20  Dated: August 3, 2020                    BEST BEST & KRIEGER LLP

21

22                                           By:_____

23                                               JEFFREY V. DUNN
                                                 CHRISTOPHER E. DEAL
24                                               DANIEL L. RICHARDS
                                                 Attorneys for Plaintiff
25                                               WESTERN RIVERSIDE COUNCIL OF
                                                 GOVERNMENTS (WRCOG)

26
    20323.00057\32662093.3
27

28

                                    - 17 -

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

EXHIBIT 1
PAGE 25

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501
☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591

RI-CI032

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address):
Jeffrey V. Dunn, SBN 131926; Christopher E. Deal, SBN 186754
Best Best & Krieger LLP, 18101 Von Karman Avenue, Suite 1000
Irvine, California 92612

TELEPHONE NO: (949) 263-2600    FAX NO. (Optional): (949) 260-0972
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Western Riverside Council of Governments

*FOR COURT USE ONLY*

**FILED**
Superior Court of California
County of Riverside

**8/3/2020**
**L. Mercado-Burni**

**Electronically Filed**

PLAINTIFF/PETITIONER: Western Riverside Council of Governments

DEFENDANT/RESPONDENT: National Union Fire Insurance Company of Pittsburgh

CASE NUMBER:
**RIC2002983**

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of:  92223

☐ The action concerns real property located in the zip code of:  _____

☐ The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  August 3, 2020

Christopher E. Deal
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)    ▶    _____ (SIGNATURE)



Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 08/15/13]
(Reformatted 09/30/19)

**CERTIFICATE OF COUNSEL**

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localfrms/localfrms.shtml

EXHIBIT 1
PAGE 26

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jeffrey V. Dunn, SBN 131926; Christopher E. Deal; SBN 186754<br>Best Best & Krieger LLP<br>18101 Von Karman Avenue, Suite 1000<br>Irvine, California 92612 | **FILED**<br>Superior Court of California<br>County of Riverside<br>**8/3/2020**<br>L. Mercado-Burni<br>**Electronically Filed** |

TELEPHONE NO.: (949) 263-2600    FAX NO.: (949) 260-0972

ATTORNEY FOR *(Name)*: Plaintiff Western Riverside Council of Governments

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **RIVERSIDE**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, California 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>**RIC2002983** |
|---|---|---|
| ☒ Unlimited    ☐ Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☒ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action *(specify)*:
5. This case ☐ is   ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 3, 2020

Christopher E. Deal
_____     ►     _____
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

**EXHIBIT 1**
**PAGE 27**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

---

**CIVIL CASE COVER SHEET**

EXHIBIT 1
American LegalNet, Inc.
www.FormsWorkflow.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority

# FILED
Superior Court of California
County of Riverside

8/3/2020

L. Mercado-Burni

Electronically Filed

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* **RIC2002983** |
|---|---|

Riverside County Superior Court
4050 Main Street
Riverside, California  92501
Riverside Historic Courthouse

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey V. Dunn; Christopher E. Deal; Daniel L. Richards   (949) 263-2600
Best Best & Krieger LLP, 18101 Von Karman Avenue, Suite 1000
Irvine, California  92612

| DATE: *(Fecha)* **8/3/2020** | Clerk, by *(Secretario)* *Leticia Mercado* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT**
**PAGE 29**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

B'H

AUG 0 6 2020

R

## NOTICE OF DEPARTMENT ASSIGNMENT FOR ALL PURPOSES AND NOTICE OF CASE MANAGEMENT CONFERENCE

WESTERN RIVERSIDE COUNCIL VS NATIONAL UNION FIRE

CASE NO. RIC2002983

This case is assigned to the Honorable Judge Chad W. Firetag in Department 03 for all purposes, including trial.

The Case Management Conference is scheduled for 02/01/21 at 8:30 in Department 03.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section. The court follows California Rules of Court, Rule 3.1308(a) (1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the Internet by 3:00 pm on the court day immediately before the hearing at <http://www.riverside.courts.ca.gov/tentativerulings.shtml>. If you do not have internet access, you may obtain the tentative ruling by telephone at (760)904-5722.

To request oral argument, not later than 4:30 pm on the court day before the hearing you must (1) notify the judicial secretary at (760)904-5722 and (2) inform all other parties. If no request for oral argument is made by 4:30 pm, the tentative ruling will become the final ruling on the matter effective the date of the hearing.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 08/04/20                    by: _____
                                   LETICIA MERCADO-BURNI, Deputy Clerk

cdacmc
12/9/19

EXHIBIT 1
PAGE 30

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Jeffrey V. Dunn, SBN 131926; Christopher E. Deal; SBN 186754
Best Best & Krieger LLP
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612

TELEPHONE NO.: (949) 263-2600          FAX NO.: (949) 260-0972
ATTORNEY FOR (Name): Plaintiff Western Riverside Council of Governments

**FOR COURT USE ONLY**

**FILED**
Superior Court of California
County of Riverside

**8/7/2020**
C. Nakagawa
**Electronically Filed**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **RIVERSIDE**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, California 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME: Western Riverside Council of Governments vs. National Union Fire
Insurance Company of Pittsburgh

| **AMENDED CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☒ **Unlimited**    ☐ **Limited** | ☐ **Counter**    ☐ **Joinder** | RIC2002983 |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Chad W. Firetag     DEPT: 3 |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☒ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action (specify): (1) Breach of Contract; (2) Breach of Covenant of Good Faith and Fair Dealing; (3) Unfair Business Acts & Practices; (4) Declaratory Relief.
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 3, 2020

Christopher E. Deal
_____
(TYPE OR PRINT NAME)

▶ [signature]

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT 1**
**PAGE 31**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

EXHIBIT 1
www.FormsWorkflow.com
American LegalNet, Inc.
PAGE 32

1  JEFFREY V. DUNN, Bar No. 131926
   jeffrey.dunn@bbklaw.com
2  CHRISTOPHER E. DEAL, Bar No. 186754
   chris.deal@bbklaw.com
3  DANIEL L. RICHARDS, Bar No. 315552
   daniel.richards@bbklaw.com
4  BEST BEST & KRIEGER LLP
   18101 Von Karman Avenue
5  Suite 1000
   Irvine, California  92612
6  Telephone:    (949) 263-2600
   Facsimile:    (949) 260-0972
7
   Attorneys for Plaintiff
8  Western Riverside Council of Governments

**FILED**
Superior Court of California
County of Riverside

9/21/2020
C. Ortiz

Electronically Filed

EXEMPT FROM FILING FEES PURSUANT
TO GOVERNMENT CODE SECTION 6103

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF RIVERSIDE

11

12  WESTERN RIVERSIDE COUNCIL OF
    GOVERNMENTS, a California Joint Powers
13  Authority,

14              Plaintiff,

15       v.

16  NATIONAL UNION FIRE INSURANCE
    COMPANY OF PITTSBURGH, and DOES 1
17  through 50, inclusive,

18              Defendants.

19

Case No. RIC2002983
**PROOF OF SERVICE**

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

PROOF OF SERVICE

**EXHIBIT 1**
**PAGE 33**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Christopher E. Deal, Esq. \| SBN: 186754<br>BEST BEST & KRIEGER LLP<br>18101 Von Karman Avenue Suite 1000   Irvine, CA 92612<br><br>TELEPHONE NO.: (949) 263-2600 \| FAX NO.: \| E-MAIL ADDRESS chris.deal@bbklaw.com<br>ATTORNEY FOR (Name): Plaintiff: Western Riverside Council of Governments | FOR COURT USE ONLY |

**Superior Court of California, County of Riverside**

STREET ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a<br>California Joint Powers Authority<br>DEFENDANT/RESPONDENT: NATIONAL UNION FIRE INSURANCE COMPANY OF<br>PITTSBURGH, et al. | CASE NUMBER:<br>RIC2002983 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>20323.00057-JVD |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☐ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ other *(specify documents):* **Verified Complaint; Certificate of Counsel; Notice of Department Assignment for All Purposes and Notice of Case Management Conference**
3. a. Party served *(specify name of party as shown on documents served):*
   **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **CSC - Lawyers Incorporating Service, Agent for Service - By serving Koy Saechao, Customer Service Liaison**

   **Age: 31-35 \| Weight: 121-140 Lbs \| Hair: Black \| Sex: Female \| Height: 5'1 - 5'6 \| Eyes: Brown \| Race: Asian**
4. Address where the party was served:  **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **9/18/2020**   (2) at *(time):* **1:41 PM**
   b. ☐ **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*  **or** ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/OC36619 |

**EXHIBIT 1**
**PAGE 34**

PETITIONER: WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority

RESPONDENT: **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, et al.**

CASE NUMBER:

**RIC2002983**

---

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                    (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)               ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)
                                     ☐ other:

7. **Person who served papers**
    a. Name: **Deja Monae Jefferson - Nationwide Legal, LLC REG: 12-234648**
    b. Address: **200 West Santa Ana Blvd., Suite 300  Santa Ana, CA 92701**
    c. Telephone number: **(714) 558-2400**
    d. **The fee** for service was: **$ 168.30**
    e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
        (i) ☐ owner    ☐ employee    ☑ independent contractor.
        (ii) Registration No.: **2019-60**
        (iii) County: **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **9/21/2020**

**Nationwide Legal, LLC**
**200 West Santa Ana Blvd., Suite 300**
**Santa Ana, CA 92701**
**(714) 558-2400**
**www.nationwideasap.com**

_____    ▶
      **Deja Monae Jefferson**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

---

**EXHIBIT 1**
**PAGE 35**