Christina R. Spiezia, State Bar No. 315145
cspiezia@grsm.com
(949) 255-6968
Katherine A. Musbach, State Bar No. 318683
kmusbach@grsm.com
(312) 980-6798
Scott L. Schmookler, IL
sschmookler@grsm.com, *Pro Hac Vice*
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
5 Park Plaza Suite 1100
Irvine, CA 92614

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. and DOES 1 through 50, inclusive,<br><br>Defendant(s). | CASE NO. 5:20-cv-02164<br><br>Defendant's Motion to Dismiss and Memorandum in Support of Its Motion to Dismiss<br><br>Motion Hearing:<br>Judge George H. Wu |

**TABLE OF CONTENTS**

**TABLE OF CONTENTS**..................................................................................2

**TABLE OF AUTHORITIES** ...........................................................................3

**INTRODUCTION**...........................................................................................4

**ARGUMENT** ...................................................................................................6

**I.   CALIFORNIA SUPREME COURT PRECEDENT PROHIBITS PLAINTIFF'S PURSUIT OF PUNITIVE AND STATUTORY DAMAGES**..................................................................................................6

**II.  PLAINTIFF HAS NOT PLED THE FACTUAL PREDICATE FOR ADVERSE DOMINATION WITH THE REQUIRED PARTICULARITY.** ...............................................................................9

**CONCLUSION**..............................................................................................12

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614

# TABLE OF AUTHORITIES

**Cases**

*Admiralty Fund v. Peerless Ins. Co.*, 143 Cal. App. 3d 379 (Cal. Ct. App. 1983) .................... 10

*Amalgamated Transit Union, Local 1756, AFL-CIO et al. v. Superior Court of L.A. Cty*, 209 P.3d 937 (Cal. 2009) ........................................................................................................ 9

*Diehl v. Starbucks Corp.*, No. 12CV2432 AJB (BGS), 2014 WL 295468 (S.D. Cal. Jan. 27, 2014) ................................................................................................................................ 4, 7

*Dillon v. Cont'l Cas. Co.*, No. C 10-05238 JW, 2011 WL 13073334 (N.D. Cal. July 14, 2011) ................................................................................................................................ 5, 10

*Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co.*, 595 N.Y.S.2d 999 (1993) ................ 10

*EFG Bank AG v. Transamerica Life Ins. Co.*, No. 16-cv-08104-CAS(GJSx), 2020 U.S. WL 636907 (C.D. Cal. Feb. 10, 2020) ..................................................................................... 5, 8, 9

*Esposti v. Rivers Bro., Inc. et al.*, 207 Cal. 570 (1929) .................................................................. 9

*Essex Ins. Co. v. Five Star Dye House, Inc.*, 38 Cal. 4th 1252, 137 P.3d 192 (Cal. 2006) ...... 7, 8

*Great Am. Ins. Co. v. Vasquez Marshall Architects*, No. 19-CV-1173-CAB-NLS, 2019 WL 4242481 (S.D. Cal. Sept. 6, 2019) ........................................................................................... 8

*J2 Global Commc'ns, Inc. v. Protus IP Sols.*, No. CV 06-00566 DDP (AJWx), 2010 WL 9446806 (C.D. Cal. 2010) ..................................................................................................... 5, 8

*Jackson v. Rogers & Wells*, 210 Cal. App. 3d 336 (Cal. Ct. App. 1989) ..................................... 7

*Lane v. Vitek Real Estate Industries Group et al.*, 713 F. Supp. 2d 1092 (E.D. Cal. 2010). ..... 11

*McGuire v. Reconstrust Co., N.A.*, No. CIV S-11-2787 KJM-CKD, 2012 WL 4510675 (E.D. Cal. Sept. 30, 2012) ................................................................................................................ 12

*Mills v. Forestex Co.*, 180 Cal. App. 4th 625 (Cal. Ct. App. 2003) ........................................... 11

*Murphy v. Allstate*, 553 P.2d 584 (Cal. 1976) .................................................................. passim

*Ohlendorf v. Am. Brokers Conduit*, No. CIV. S-11-293 LKK/EFB, 2012 WL 718682 (E.D. Cal. Mar. 5, 2012) ............................................................................................................. 11, 12

*Pan Asian Com. Consulting Grp. v. Montage Int'l Importing, Inc.*, No. CV 14-04905 SJO (SSx), 2014 WL 12688420 (C.D. Cal. Nov. 10, 2014) ............................................................ 7

*Schlauch v. Hartford Accident & Indem. Co.*, 146 Cal. App. 3d 926 (Cal. Ct. App. 1983) ........ 7

*Seiden v. Frazer Frost LLP*, No. SACV 18-00588-CJC(KESx), 2018 WL 6137618 (C.D. Cal. July 31, 2018) .................................................................................................................. 5, 10, 11

*Wall St. Disc. Corp. v. Hartford Fire Ins. Co.*, No. 03 Civ. 4936PKC, 2004 WL 951074 (S.D.N.Y. May 4, 2004) ........................................................................................................... 10

**Statutes**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 4, 5, 9
Federal Rule of Civil Procedure 12(f) ................................................................................... 4, 5, 9
Local Rule 7.3 ................................................................................................................................ 4

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

On November 6, 2020, counsel for Defendant and counsel for Plaintiff telephonically met and conferred pursuant to Local Rule 7.3 and discussed the substance of Defendant's contemplated motion and potential resolution that would obviate the need for the motion. During that discussion, counsel for Plaintiff agreed to file an amended complaint. Plaintiff intends to file an amended complaint promptly, but was unable to do so in advance of Defendant's current responsive pleading deadline.

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") submits the following motion and brief in support thereof in the event that Plaintiff does not file an amended complaint and to preserve all of its rights and objections pending the filing of an amendment. Absent an amendment, this Honorable Court should to dismiss Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) and strike its requests for punitive and statutory damages Federal Rule of Civil Procedure 12(f).

## INTRODUCTION

Western Riverside Council of Governments ("Plaintiff"), as assignee of the City of Beaumont, filed suit against National Union seeking compensatory damages, punitive damages, statutory damages, and declaratory relief. National Union moves to dismiss any claims for punitive and statutory damages because such claims may not be assigned as a matter of law, and to dismiss or strike Plaintiff's contract claims for failure to plead such claims with the requisite specificity under FRCP 9(b).

First, Plaintiff asserts a right to pursue claims for punitive damages and statutory damages pursuant to City of Beaumont's assignment, but the California Supreme Court conclusively held that such claims are not assignable in *Murphy v. Allstate*, 553 P.2d 584, 587 (Cal. 1976); *see, e.g.*, *Diehl v. Starbucks Corp.*, No. 12CV2432 AJB (BGS), 2014 WL 295468, at *12 (S.D. Cal. Jan. 27, 2014). The United States District Court for the Central District of California earlier this year

-4-

Motion to Dismiss and Memorandum of Law in Support

addressed the issue, holding that a claim for punitive damages arising from an alleged breach of the covenant of good faith and fair dealing cannot be assigned. *EFG Bank AG v. Transamerica Life Ins. Co.*, No. 16-cv-08104-CAS(GJSx), 2020 U.S. WL 636907 (C.D. Cal. Feb. 10, 2020); *see, e.g.*, *J2 Global Commc'ns, Inc. v. Protus IP Sols.*, No. CV 06-00566 DDP (AJWx), 2010 WL 9446806, at *8 (C.D. Cal. 2010) (claims for statutory damages cannot be assigned). Accordingly, this Court should dismiss Counts II and II pursuant to FRCP 12(b)(6) and strike all requests for punitive and statutory damages from the prayer for relief pursuant to FRCP 12(f).

Second, this Court should also dismiss Plaintiff's complaint because it has not been pled with the required particularity. Although Plaintiff alleges that it discovered the dishonesty underlying its claim during the term of a 2015 policy term, it seeks to stack coverage and pursue a claim under a 2014 policy term by asserting equitably tolling. (Complaint, Docket No. 1-1 at 15, ¶ 33.) While National Union disagrees with Plaintiff's attempt to recover under multiple policies and with the application of the doctrine of adverse domination, it is premature to address this issue because Plaintiff failed to plead tolling with the particularity required by FRPC 9(b). *Dillon v. Cont'l Cas. Co.*, No. C 10-05238 JW, 2011 WL 13073334, at *6 (N.D. Cal. July 14, 2011). Plaintiff makes no attempt to plead that discovery was impossible and thus, fails to plead its claim with the requisite specificity. *Seiden v. Frazer Frost LLP*, No. SACV 18-00588-CJC(KESx), 2018 WL 6137618, at *5 (C.D. Cal. July 31, 2018). Given that the complaint did not adequately plead adverse domination, this Court should dismiss the complaint pursuant to FRPC 12(b)(6).

# ARGUMENT

## I. CALIFORNIA SUPREME COURT PRECEDENT PROHIBITS PLAINTIFF'S PURSUIT OF PUNITIVE AND STATUTORY DAMAGES.

Asserting its rights as assignee of the City of Beaumont, Plaintiff seeks to recover compensatory damages, punitive damages, and statutory damages. (Complaint, Docket No. 1-1, at 9 ¶ 2). While California law permits assignment of claims for compensatory damages, it does not permit the assignment of claims for either punitive damages or statutory damages. Therefore, even if the Plaintiff received a valid assignment of the City of Beaumont's rights against National Union, that assignment could not, as a matter of law, convey any claim for punitive or statutory damages and any such claim for such relief must be dismissed pursuant to Rule 12(b)(6) and the prayer for such damages should be stricken pursuant to Rule 12(f). *Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 942, 553 P.2d 584, 587, 587 (Cal. 1976).[1]

The California Supreme Court conclusively addressed the assignability of punitive damages in the bad faith insurance context in *Murphy*. In that case, an injured party brought suit against the insurer, alleging the insurer breached its duty of good faith and fair dealing. *Murphy*, 553 P.2d at 586-87. The California Supreme Court held that the claimant could not seek or recover punitive damages because any claim for punitive damages cannot be assigned as a matter of law:

> The insured may assign his cause of action for breach of the duty to settle without consent of the insurance carrier, even when the policy provisions provide the contrary. However, part of the damage arises

---

[1] Because there is no allegation that the City of Beaumont explicitly reserved in the assignment any right to recover "purely personal damages" arising out of the breach of the covenant of good faith and fair dealing, the City of Beaumont has waived any right to recover these damages. *Purcell v. Colonial Ins. Co.*, 20 Cal. App. 3d 807, 814 (1971).

from the personal tort aspect of the bad faith cause of action. And because a purely personal tort cause of action is not assignable in California, it must be concluded that damage for emotional distress is not assignable. The same is true of a claim for punitive damage.

553 P.2d at 587, 590 (internal citations omitted).

Applying *Murphy*, subsequent courts uniformly invalidate alleged assignment of claims for punitive damages. *Diehl v. Starbucks Corp.*, No. 12CV2432 AJB (BGS), 2014 WL 295468, at *12 (S.D. Cal. Jan. 27, 2014) ("[t]he *Murphy* Court took note that part of the damages recoverable from a breach of the duty to settle arises from the '*personal tort aspect* of the bad faith cause of action'"); *Schlauch v. Hartford Accident & Indem. Co.*, 146 Cal. App. 3d 926, 931 (Cal. Ct. App. 1983) ("Consequently, to the extent that plaintiff seeks damages against Hartford for emotional distress and punitive damage those damages could not have been predicated upon an assignment by the insureds."); *Essex Ins. Co. v. Five Star Dye House, Inc.*, 38 Cal. 4th 1252, 1263, 137 P.3d 192, 197 (Cal. 2006) ("Under the particular facts at issue [in *Murphy*], we concluded that although the cause of action itself was assignable, it potentially included damages that were not assignable and therefore not recoverable in an action under former section 720 of the Code of Civil Procedure.")

The prohibition against such assignment does not depend upon the nature of the claim: "whether punitive damages may be assigned does not rely on the nature of the relief, instead it relies on the nature of the cause of action it is brought under." *Diehl*, 2014 WL 295468, at *12. Claims for punitive damages are not assignable, regardless of the theory of relief, because such claims are personal in nature. *Jackson v. Rogers & Wells*, 210 Cal. App. 3d 336, 349 (Cal. Ct. App. 1989) ("punitive damages claims, because personal to the one injured, are not assignable"); *Pan Asian Com. Consulting Grp. v. Montage Int'l Importing, Inc.*, No. CV 14-04905 SJO (SSx), 2014 WL 12688420, at *4 (C.D. Cal. Nov. 10, 2014)

(punitive damages sought under claims for intentional misrepresentation, concealment and conversion are assignable); *Great Am. Ins. Co. v. Vasquez Marshall Architects*, No. 19-CV-1173-CAB-NLS, 2019 WL 4242481, at *4 (S.D. Cal. Sept. 6, 2019) (punitive damages sought under claims for breach of professional duty / negligence / gross negligence are assignable because "Plaintiff is not attempting to recover punitive damages for a purely personal tort action").

The United States District Court for the Central District of California addressed the assignability of punitive damages related to an analogous claim earlier this year in *EFG Bank AG v. Transamerica Life Ins. Co.*, No. 16-cv-08104-CAS(GJSx), 2020 U.S. WL 636907, at *10 (C.D. Cal. Feb. 10, 2020). Applying *Murphy*, the court held that it "oversimplifies the law" to simply assert a claim for breach of the implied covenant of good faith and fair dealing is assignable because "[t]he California Supreme Court has 'described the bad faith cause of action against the insurer as a "hybrid cause of action," one comprised of both assignable and nonassignable components.'" *Id.* (*quoting Essex Ins. Co. v. Five Star Dye House, Inc.*, 137 P.3d at 197). The court nonetheless acknowledged the limits *Murphy* imposed on assignments:

> Accordingly, while the *cause of action* is assignable, "part of the damage arises from the personal tort aspect of the bad faith cause of action. And because a purely personal tort cause of action is not assignable in California, it must be concluded that damage for emotional distress is not assignable. The same is true of a claim for punitive damage."

*Id.* (*quoting Murphy*, 17 Cal. 3d at 942). The court therefore held that the assignee could not pursue a claim for punitive damages, despite an assignment.

Similarly, Plaintiff cannot pursue claims for statutory damages either. California law unambiguously prohibits the assignment of claims for statutory damages. *J2 Global Commc'ns, Inc. v. Protus IP Sols.*, No. CV 06-00566 DDP

-8-

(AJWx), 2010 WL 9446806, at *8 (C.D. Cal. 2010); *Amalgamated Transit Union, Local 1756, AFL-CIO et al. v. Superior Court of L.A. Cty.*, 209 P.3d 937, 943 (Cal. 2009); *Peterson et al. v. Ball et al.*, 296 P. 291, 293-95 (Cal. 1931); *Esposti v. Rivers Bro., Inc. et al.*, 207 Cal. 570, 573 (1929). Therefore, any request for such relief should be stricken pursuant to FRCP 12(f).

As in *Murphy* and *EFG Bank AG*, Plaintiff seeks relief based upon a purported assignment. Regardless of the scope of that assignment and its validity, the "personal tort aspect" of any purported bad faith claim – including any claim for punitive damages or statutory – cannot be assigned. As required by *Murphy*, Plaintiff fails to state a claim upon which relief may be granted pursuant to FRCP 12(b)(6). Therefore, this Court should dismiss Count II and Count III of the Complaint, and strike any prayer to recovery punitive or statutory damages pursuant to FRCP 12(f).

## II. PLAINTIFF HAS NOT PLED THE FACTUAL PREDICATE FOR ADVERSE DOMINATION WITH THE REQUIRED PARTICULARITY.

Plaintiff alleges that National Union issued two consecutive policies to the City of Beaumont.[2] As explained therein, those policies are issued on a discovery basis – meaning that they apply to "loss … 'discovered' by you during the Policy Period shown in the Declarations or during the period of time provided in the Extended Period To Discover Loss Condition.…" Discovery, therefore, can only happen once and Plaintiff can only seek to recover under the policy in effect at the time of discovery:

---

[2] The two National Union polices at issue are written on a discovery basis. Policy No. 01-309-61-64 was effective from June 30, 2014 through June 30, 2015 ("2014 Policy"), and Policy 01-425-57-41 was effective from June 30, 2015 through June 30, 2017 ("2015 Policy"). (Complaint, Docket No. 1-1 at 13, ¶ 26.)

-9-

Motion to Dismiss and Memorandum of Law in Support

> The fact of discovery, which had to be known to plaintiff, had to occur in a given year. Discovery is not a gradual awakening of consciousness. It did or it did not occur. It does not take years for the dawn to break. Before discovery there is, presumably, blissful ignorance, but once that ignorance, that lack of knowledge, is dispelled, then, like virginity, it is gone forever.

*Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co.*, 595 N.Y.S.2d 999, 1006 (1993); *Wall St. Disc. Corp. v. Hartford Fire Ins. Co.*, No. 03 Civ. 4936PKC, 2004 WL 951074, at *7 (S.D.N.Y. May 4, 2004).

Despite the plain terms of the policies and cases recognizing that discovery can only occur once, Plaintiff seeks to recover on the theory that it discovered the alleged losses during the term of the 2015 Policy (Complaint, Docket No. 1-1 at 15, ¶ 33) and that the time to discover under the 2014 Policy was tolled under the theory of adverse domination. While National Union disagrees that Plaintiff can recover under multiple policies and the application of adverse domination, it is premature to address the legal theory underlying Plaintiff's claim because Plaintiff fails to adequately allege adverse domination as required by Rule 9(b).

Ninth Circuit precedent addressing adverse domination imposes a high burden on Plaintiff. Plaintiff cannot claim adverse domination solely because the alleged wrongdoers impeded discovery of a fraud. In fact, the Ninth Circuit refused to apply tolling "where discovery of the alleged bad acts is *possible*, notwithstanding complete control by wrongdoers." *Seiden v. Frazer Frost LLP*, 796 Fed. App'x 381, 382 (9th Cir. 2020) (emphasis added). Even in the limited instances in which the court applies adverse domination, it only does so where "a claim arises from a director's or employee's defalcation and the wrongdoers' control makes discovery impossible…."' *Dillon v. Cont'l Cas. Co.*, No. C 10-05238 JW, 2011 WL 13073334, at *6 (N.D. Cal. July 14, 2011); *Admiralty Fund v. Peerless Ins. Co.*, 143 Cal. App. 3d 379, 387 (Cal. Ct. App. 1983).

Plaintiff fails to plead that discovery during the term of the 2014 Policy was impossible. Instead, Plaintiff merely alleges that "[d]uring the time period the Kapanicas administration worked for the City, they exercised pervasive control over all or nearly all of the City's critical functions, preventing the City Council from discovering their schemes and wrongdoing." (Complaint, Docket No. 1-1 at 12, ¶ 17). But exercising "pervasive control" does not necessarily mean that discovery of their acts is *impossible*. Plaintiff must plead facts, with particularity, demonstrating that it was impossible for discovery to occur during the 2014 Policy.

Plaintiff relies upon bald allegations that never address the operative standard – impossibility. While FRCP 8 allows notice pleading, the complaint itself admits that the coverage dispute is premised on fraudulent activities. (Complaint, Docket No. 1-1, at 13, ¶ 25). Accordingly, Plaintiff must plead its claim with particularity: "When a plaintiff relies on a theory of fraudulent concealment, delayed accrual, equitable tolling, or estoppel to save a cause of action that otherwise appears on its face to be time-barred, he or she must specifically plead facts which, if proved, would support the theory." *Seiden*, 2018 WL 6137618, at *5 (*quoting Mills v. Forestex Co.*, 180 Cal. App. 4th 625, 641 (Cal. Ct. App. 2003)). Therefore, "dismissal may be appropriate when a plaintiff fails to allege facts suggesting that he did not have a reasonable opportunity to discover the violation." *Ohlendorf v. Am. Brokers Conduit*, No. CIV. S-11-293 LKK/EFB, 2012 WL 718682, at *7 (E.D. Cal. Mar. 5, 2012).

In *Lane v. Vitek Real Estate Industries Group et al.*, the United States District Court for the Eastern District of California dismissed a complaint because the plaintiffs failed to plead equitable tolling with particularity pursuant to Rule 9(b). 713 F. Supp. 2d 1092, 1100 (E.D. Cal. 2010). The court explained:

> Even if plaintiffs were entitled to equitable tolling of their claim, plaintiffs have not alleged any facts in the Complaint that would warrant tolling the statute of limitations. Plaintiffs simply assert that

> they were unable to discover defendants' TILA [Truth in Lending Act] violations until two weeks before the filing of the FAC [First Amended Complaint] because defendants "fraudulently concealed those violations…." (FAC P 34.) This conclusory allegation is insufficient to establish the necessity for equitable tolling under even the pleading standards of Federal Rule of Civil Procedure 8(a).

*Id.*

Other courts dismiss claims dependent upon equitable tolling where, as here, the plaintiff fails to allege facts demonstrating a basis for claiming tolling. *Ohlendorf*, 2012 WL 718682, at *7 (denying plaintiff's request for equitable tolling of its statutory claim because "Plaintiff has still failed to allege any facts either (1) explaining why he had no reasonable opportunity to discover the facts underlying the alleged violations within the statutory period, when he was apparently able to discover the violations thereafter; or (2) showing diligence on his part in attempting to discover the facts underlying the alleged violations."); *McGuire v. Reconstrust Co., N.A.*, No. CIV S-11-2787 KJM-CKD, 2012 WL 4510675, at *6 (E.D. Cal. Sept. 30, 2012) ("This court has previously followed *Lane* by holding that an unsupported assertion that defendants' alleged fraud prevented a plaintiff from being able to discover a TILA violation did not justify equitable tolling.").

As in *Lane*, *Ohlendorf*, and *McGuire*, Plaintiff relies upon conclusory allegations. It fails to allege any facts demonstrating why discovery was impossible, rather than merely difficult. Plaintiff has therefore failed to allege the mandatory factual support with particularity. Accordingly, Plaintiff's contract claims should be dismissed pursuant to FRCP 12(b)(6).

## CONCLUSION

For the foregoing reasons, National Union respectfully requests that this Honorable Court dismiss Plaintiff's claims against National Union pursuant to

Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 12(f), and for any other relief the Court deems necessary and appropriate.

Dated:                              GORDON REES SCULLY MANSUKHANI LLP

By:   */s/ Katherine A. Musbach*
      Katherine A. Musbach (318683)
      Telephone: (312) 980-6798
      kmusbach@grsm.com
      5 Park Plaza
      Suite 1100
      Irvine, CA 92614
      *Attorneys for Defendant*
      *National Union Fire Insurance*
      *Company of Pittsburgh, Pa.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 13, 2020, she served a copy of the foregoing upon the following counsel by ECF and sending it via e-mail to the following addresses:

> Jeffrey V. Dunn, State Bar No. 131926
> jeffrey.dunn@bbklaw.com
> Christopher E. Deal, State Bar No. 186754
> chris.deal@bbklaw.com
> Daniel L. Richards, State Bar No. 315552
> daniel.richards@bbklaw.com
> BEST BEST & KRIEGER LLP
> 18101 Von Karman Avenue, Suite 1000
> Irvine, California 92612
> Telephone: 949-263-2600
> Facsimile: 949-260-0972
>
> *Attorneys for Plaintiff*
> *Western Riverside Council of Governments*

>                   GORDON REES SCULLY
>                   MANSUKHANI LLP
>
> By:    */s/ Katherine A. Musbach*
>        Katherine A. Musbach (318683)
>        Telephone: (312) 980-6798
>        kmusbach@grsm.com
>        5 Park Plaza
>        Suite 1100
>        Irvine, CA 92614
>        *Attorneys for Defendant*
>        *National Union Fire Insurance*
>        *Company of Pittsburgh, Pa.*

-14-
Motion to Dismiss and Memorandum of Law in Support