JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972
Attorneys for Plaintiff
Western Riverside Council of Governments

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**JOINT RULE 26(f) REPORT** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff Western Riverside Council of Governments ("WRCOG") and counsel for Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") hereby submit the following Joint Rule 26(f) Report:

**A.     Initial Disclosures**

The Parties will make their initial disclosures by December 23, 2020.

**B.     Discovery**

   1.     Subjects of Discovery

WRCOG and the City of Beaumont have already identified and produced hundreds of thousands of pages over the course of years to National Union in connection with National Union's claim investigation requests, and anticipates that it has few additional documents that could be the subject of discovery. WRCOG therefore anticipates that the majority of discovery in this matter will relate to its claims for Breach of Covenant of Good Faith and Fair Dealing and Unfair Business Acts & Practices Claims, and in particular National Union's handling of this and similar claims.

WRCOG intends to seek at least the following categories of documents, to the extent they are not included in National Union's initial disclosures:

- National Union's entire claims file concerning WRCOG's claim;
- Other categories of documents related to or evidencing National Union's handling and processing of WRCOG's claim, including internal communications, claims handling manuals and guidelines, internal logs related to tracking the progress of the claim, and similar;
- Document evidencing National Union's handling of similar claims;
- Document related to or evidencing reserves set by National Union concerning WRCOG's claim;
- Other categories of documents related to National Union's investigation of WRCOG's claim, including any forensic analysis

BEST BEST & KRIEGER LLP

performed.

WRCOG may take depositions of at least the following individuals:

- An individual(s) designated by National Union to testify on its behalf on topics related to National Unions handling and investigation of WRCOG's claim and similar claims, pursuant to Federal Rule of Civil Procedure 30(b)(6);
- Individuals involved with National Union's handling and investigation of WRCOG's claim and similar claims, including any individual(s) that conducted or assisted with any forensic analysis.

WRCOG also intends to propound interrogatories requesting information concerning National Union's investigation and handling of WRCOG's claim and similar claims.

While WRCOG produced some information prior to litigation, National Unions contends that it did not establish coverage and document its claimed loss. National Union intends to serve discovery on WRCOG and the City of Beaumont and request information and documentation relating to: the conduct alleged in the complaint; the payment of restitution and calculation of the claimed loss; the basis for asserting a loss covered under the policy at issue in this case; discovery of the alleged misconduct and reporting of this claim; WRCOG's claim against the City of Beaumont, the loss alleged therein, and the assignment of any claims against National Union; disclosures in and knowledge about civil actions against and other public disclosures relating to the conduct alleged in the complaint, the retention and supervision of Urban Logic Consultants, and proceedings against and involving Urban Logic Consultants. National Union anticipates that the majority of discovery in this matter will relate to WRCOG's allegations and its ability to prove a covered loss.

National Union intends to seek at least the following categories of documents, to the extent they are not included in WRCOG's initial disclosures:

- The City of Beaumont's hiring, retention, supervision and communications with the individuals accused of dishonesty;
- The City of Beaumont's knowledge that the individuals accused of dishonesty owned or controlled Urban Logic Consultants;
- Documents evidencing the basis for WRCOG's claim and allegation of dishonesty;
- Documents evidencing the basis for WRCOG's claimed loss;
- WRCOG's civil action against the City of Beaumont, the loss alleged therein, and the assignment of any claims against National Union;
- Document relating to criminal charges against the individuals accused of dishonesty and any restitution paid in that criminal action;
- Civil actions and other public disclosures relating to the conduct alleged in the complaint, the retention and supervision of Urban Logic Consultants, and proceedings against and involving Urban Logic Consultants;
- Other categories of documents related to WRCOG or the City of Beaumont's investigation of the conduct alleged in the claim, including any forensic analysis performed.

National Union may take depositions of at least the following individuals:

- An individual(s) designated by WRCOG to testify on its behalf on topics related to the claim, allegations therein and claimed loss pursuant to Federal Rule of Civil Procedure 30(b)(6);
- An individual(s) designated by the City of Beaumont to testify on its behalf on topics related to the claim, allegations therein and claimed loss pursuant to Federal Rule of Civil Procedure 30(b)(6);
- Current and former officials associated with the City of Beaumont and WRCOG;
- Current and/or former residents of and vendors of City to Beaumont.

- Any individuals accused of dishonesty;
- Officials of the City of Beaumont relating to their retention, hiring, supervision and communications with any individuals accused of dishonesty and Urban Logic Consultants.

2. <u>Completion of Discovery</u>

It is difficult to estimate when discovery will be complete at this time, in light of several factors.

First, WRCOG's position is that while WRCOG has identified and produced hundreds of thousands of pages to National Union and responded to numerous inquiries, to date this flow of information has been one-way, and WRCOG has had no opportunity to make any inquiries or seeks any documentation. National Union disagrees that WRCOG's production is complete or addresses all relevant areas of discovery, or that production of its file impacts whether WRCOG can prove a covered loss.

Second, the continued COVID-19 pandemic and recent increases in rates of infection make it difficult to determine whether and to what extent the COVID-19 pandemic will affect the Parties and the course of discovery. This is particularly true in that lead counsel for National Union resides in Chicago, and may be required to attempt to travel for certain depositions.

Preliminary discovery may lead to further areas of inquiry that will need to be explored. Despite the uncertainties noted above, the Parties anticipate that discovery will be completed by November 25, 2021.

3. <u>Conducting Discovery in Phases or Limiting Issues</u>

Once WRCOG amends its complaint, National Union may file a motion to dismiss. National Union will ask the Court to stay any discovery relating to WRCOG's claims for Breach of Covenant of Good Faith and Fair Dealing and under the Unfair Business Acts & Practices Claims until the court determines whether WRCOG can pursue those claims.

WRCOG opposes any request for a stay of discovery pending resolution of any pleadings challenge.

Otherwise, the Parties do not currently believe that the Court should order discovery to be conducted in phases or limited to particular issues.

### C.     Disclosure or Discovery of Electronically Stored Information

The Parties anticipates no or few issues with electronically stored information ("ESI"). National Union and WRCOG intend to request electronic documents, including emails, in "native" form with metadata intact.

### D.     Claims of Privilege or Protection

National Union and WRCOG will assert attorney client and attorney work product privilege over appropriate documents if such documents are requested. The Parties will meet and confer to the extent there are any disputes concerning privilege or other protections.

### E.     Limitations on Discovery

The Parties do not at this time foresee any need for limitations on discovery beyond those imposed by the Federal Rules of Civil Procedure.

### F.     Other Orders Under Fed. R. Civ. Proc. Rules 26(c), 16(b), (c)

WRCOG suggests it may seek information about other claims by other insureds.  National Union may contest any such requests and depending upon the scope of the requests and resolution of any objections, National Union may seek a protective order and other orders under the Federal Rules of Civil Procedure Rules 26(c), 16(b), or 16(c).

### G.     Complex Cases

The Parties do not believe the procedures in the manual for complex litigation are necessary at this time.

### H.     Motion Schedule

Once WRCOG amends its complaint, National Union may file a motion to dismiss.  Both WRCOG and National Union anticipate filing a motion for partial

summary judgment under Federal Rule of Civil Procedure 56 on the issue of liability for breach of contract. WRCOG anticipates filing a motion for summary judgment under Federal Rule of Civil Procedure 56 on its claims for breach of the covenant of good faith and fair dealing, and unfair business acts & practices.

The Parties believe the appropriate cut-off date by when all such motions shall be made is November 22, 2021.

### I.   Alternative Dispute Resolution ("ADR")

The Parties believes ADR Procedure No. 3 (Private dispute resolution proceeding) is most appropriate for this action. National Union is prepared to discuss settlement now. WRCOG advised that it believes that mediation would be more productive after resolution of any motions to dismiss and the response to the complaint.

### J.   Trial Estimate

The City anticipates that trial will take 15 days, and will be a jury trial.

### K.   Expert Disclosures

Rule 26(d) provides that a party must make exert disclosures "at the times and in the sequence that the court orders." National Union requests that the court ordered a staggered expert disclosure to ensure that it can review to WRCOG's disclosure and provide responsive disclosures. Given that WRCOG bears the burden of proving coverage and proving its allegations of bad faith, National Union cannot fully evaluate the need for an expert until it can evaluate the subject and scope of WRCOG's disclosure. National Union suggests that WRCOG disclose its experts by January 7, 2022. National Union proposes that it thereafter disclose its experts by February 15, 2022. This approach promotes efficiency by allowing WRCOG the ability to disclose any experts it deems necessary and appropriate, while allowing National Union the ability to tailor its disclosure to the subjects addressed in WRCOG's disclosure and address any additional issues not addressed

in WRCOG's disclosure.[1]

WRCOG strongly opposes any staggered expert disclosure. National Union has indicated that it believes staggered disclosure is appropriate because WRCOG "as plaintiff, ha[s] the burden of proof" and that National Union "as the defendant, must be provided an opportunity to respond." WRCOG's position is that the fact that one party has the burden of proof is not an unusual circumstance that provides good cause to differ from the typical simultaneous disclosure contemplated by Federal Rule of Civil Procedure 26(2)(D). WRCOG notes that, pursuant to Federal Rule of Civil Procedure 26(2)(D)(ii), National Union may disclose a rebuttal expert within 30 days of WRCOG's initial expert disclosure.

WRCOG proposes that both parties make their initial expert disclosures on before January 7, 2022. WRCOG requests that no Party be ordered to make a disclose on or before January 1, 2022, which is New Year's day and a Saturday.

The Parties believe that expert disclosures and depositions will be completed by March 1, 2022.

### L. Additional Parties

WRCOG anticipates filing an amended complaint joining the City of Beaumont as an additional Plaintiff.

---

[1] *See Hynix Semiconductor v. Rambus,* Nos. CV-00-20905 RMW, 2008 WL 350647, at *5 (N.D. Cal. Feb. 3, 2008); *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems,* No. C 01-20418 JW, 2005 WL 1459572, at *2-3 (N.D. Ca., June 21, 2005).

BEST BEST & KRIEGER LLP

| | | |
|---|---|---|
| 1 | Dated: November 20, 2020 | BEST BEST & KRIEGER LLP |
| 2 | | |
| 3 | | By: */s/ Jeffrey V. Dunn* |
| 4 | | JEFFREY V. DUNN<br>CHRISTOPHER E. DEAL<br>DANIEL L. RICHARDS |
| 5 | | |
| 6 | | Attorneys for Plaintiff<br>Western Riverside Council of Governments |
| 7 | | |
| 8 | Dated: November 20, 2020 | GORDON REES SCULLY MANSUKHANI, LLP |
| 9 | | |
| 10 | | |
| 11 | | By: */s/ Scott S. Schmookler* |
| 12 | | SCOTT S. SCHMOOKLER<br>CHRISTINA R. SPIEZIA<br>KATHERINE A. MUSBACH |
| 13 | | |
| 14 | | Attorneys for Defendant<br>National Union Fire Insurance Company of Pittsburgh, PA |

## SIGNATURE ATTESTATION

I hereby attest that all signatories listed above, on whose behalf this Joint Report is submitted, concur in the filing's content and have authorized the filing.

| | | |
|---|---|---|
| | Dated: November 20, 2020 | BEST BEST & KRIEGER LLP |
| | | By: */s/ Jeffrey V. Dunn* |
| | | JEFFREY V. DUNN<br>CHRISTOPHER E. DEAL<br>DANIEL L. RICHARDS |
| | | Attorneys for Plaintiff<br>Western Riverside Council of Governments |