JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**STIPULATION TO MODIFY SCHEDULING ORDER** |
|---|---|

1    Plaintiffs Western Riverside Council of Governments ("WRCOG") and the
2  City of Beaumont (together "Plaintiffs"), by and through their undersigned counsel,
3  and Defendant National Union Fire Insurance Company of Pittsburgh, PA
4  ("National Union"), by and through its undersigned counsel, hereby stipulate and
5  agree as follows:
6    WHEREAS, WRCOG, as an alleged assignee of the City of Beaumont, seeks
7  to recover under government crime policies National Union issued to the City of
8  Beaumont (the "Policies") for the actions of certain alleged former employees
9  and/or officials of the City of Beaumont who were engaged by the City of
10 Beaumont from approximately July 1993 to October 2015 (See Dkt. 20);
11   WHEREAS, National Union disputes that Plaintiffs are entitled to recover
12 under the terms and conditions of the Policies, and has asserted affirmative defenses
13 in support of its position (Dkt. 24);
14   WHEREAS, following the Parties' submission of their Rule 26(f) Report
15 (Dkt. 16) this Court entered a Scheduling Order (Dkt. 19) with the following
16 deadlines:
17     a.   Post-mediation status conference on July 29, 2021 and mediation to be
18 completed by July 27, 2021;
19     b.   Regular discovery to be completed by August 6, 2021;
20     c.   Expert discovery to be completed by September 10, 2021;
21     d.   Last day for the Court to hear motions is October 14, 2021;
22     e.   Pre-trial conference on November 18, 2021; and
23     f.   Jury trial to begin on November 30, 2021;
24   WHEREAS, on December 2, 2020, two days after this Court entered the
25 Scheduling Order, National Union served its First Set of Interrogatories and
26 Requests for Production on Plaintiffs. Plaintiffs provided their responses to this
27 written discovery on January 25, 2021, and following a meet and confer, provided
28 amended responses to certain interrogatories on March 8, 2021;

BEST BEST & KRIEGER LLP

WHEREAS, Plaintiffs began producing documents in response to National Union's Requests for Production on March 5, 2021. Plaintiffs continued producing documents on a rolling basis through May 17, 2021, when Plaintiffs represented that they had completed their initial production and provided a privilege log;

WHEREAS, Plaintiffs served their First Set of Interrogatories and Requests for Production on National Union on December 31, 2020. National Union provided written responses on February 24, 2021 and its document production and privilege log on March 8, 2021;

WHEREAS, from March 2021 to present, the Parties have met and conferred and exchanged numerous phone calls and emails on outstanding discovery issues regarding additional responsive documents that have not yet been produced, ESI search terms and custodians, and the level of detail provided by Plaintiffs' privilege log;

WHEREAS, the Parties are continuing to review the responsive documents produced to date, identify and produce additional responsive documents for the approximately twenty years during which the alleged employees/officers were engaged by the City of Beaumont, informally resolve their dispute regarding Plaintiffs' privilege log, and determine whether they can fully resolve their outstanding discovery disputes through the meet and confer process;

WHEREAS, the Parties wish to resolve their outstanding discovery disputes and review the anticipated supplemental productions prior to conducting depositions;

WHEREAS, the Parties have diligently and cooperatively worked to complete discovery within the time period allocated by this Court, but contemplate needing additional time to resolve their outstanding disputes and additional time to produce their supplemental document productions;

WHEREAS, the Parties appreciate that the Court will not allow a further extension of the trial date, and do not seek to extend the trial date. Instead, the

parties seek to modify interim deadlines that will not alter the trial date or otherwise extend the length of this case.

WHEREAS, the Parties request that this Court enter a scheduling order modifying the below deadlines, with adjustments made to accommodate the holidays and the Parties' existing commitments, including trials scheduled in other matters;

WHEREAS, the Parties submit that there is good cause for such an order based on the recitals above, and that such an order would be in the interest of justice and would cause no Party any prejudice and without extending the trial date or otherwise extending the length of the case as the parties only seek to modify interim dates while maintaining the trial date and motion deadline;

WHEREAS, the Parties have previously stipulated to extend the deadline to respond to pleadings and an extension of the Scheduling Order with the following deadlines:

    a.    Post-mediation status conference on December 9, 2021, and mediation to be completed by December 7, 2021;

    b.    All regular discovery to be completed by December 17, 2021;

    c.    All expert discovery to be completed by February 18, 2022;

    d.    Last day for the Court to hear motions is May 3, 2022;

    e.    Pre-trial conference on June 2, 2022; and

    f.    Jury trial to begin on June 21, 2022;

WHEREFORE, the Parties hereby stipulate and request that this Court enter a modified scheduling order with the following deadlines:

    1.    Post-mediation status conference will be held on January 31, 2022, with mediation to be completed by January 15, 2022;

    2.    All regular discovery will be completed by February 18, 2022;

    3.    Initial expert disclosure due on March 1, 2022;

    4.    Rebuttal expert disclosure due on April 1, 2022;

5. All expert discovery will be completed by April 29 2022;

6. The last day for the Court to hear any motions (other than motions in limine which will be heard at the pre-trial conference) is May 3, 2022;

7. The pre-trial conference will be held on June 2, 2022; and

8. Jury Trial will begin on June 21, 2022.

**IT IS SO STIPULATED.**

Dated:  October 8, 2021                      BEST BEST & KRIEGER LLP


By:/s/ *Daniel L. Richards*
     JEFFREY V. DUNN
     CHRISTOPHER E. DEAL
     DANIEL L. RICHARDS

Attorneys for Plaintiffs
Western Riverside Council of
Governments and City of Beaumont

Dated:  October 8, 2021                      GORDON REES SCULLY
                                             MANSUKHANI LLP


By: */s/ Scott L. Schmookler*
     KATHERINE A. MUSBACH
     CHRISTINA R. SPIEZIA
     SCOTT L. SCHMOOKLER
     IGA W. TODD

Attorneys for Defendant
National Union Fire Insurance
Company of Pittsburgh, Pa.

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4, I hereby attest that all signatories listed above, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.

Dated: October 8, 2021        BEST BEST & KRIEGER LLP

By:/s/ *Daniel L. Richards*
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS

Attorneys for Plaintiffs
Western Riverside Council of Governments and City of Beaumont