Christina R. Spiezia, State Bar No. 315145
cspiezia@grsm.com
(949) 255-6968
Scott L. Schmookler, *Pro Hac Vice*
sschmookler@grsm.com
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
5 Park Plaza Suite 1100
Irvine, CA 92614

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**MOTION TO MODIFY SCHEDULING ORDER**<br><br>*Pursuant to* Fed.R.Civ.P. 16(b)(4) and L.R. 16-14<br><br>Judge: Honorable George H. Wu |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16-14, and Western Riverside Council of Governments ("WRCOG"), the City of Beaumont (the "City"), together ("Plaintiffs"), and National Union Fire Insurance of Pittsburgh, Pa. ("National Union"), jointly move this Court to amend the scheduling order and extend all deadlines therein by 90 days. In support thereof, the parties state as follows:

    1.    WRCOG, as assignee of the City, filed an insurance coverage action alleging that the former owners of Urban Logic Consultants (Ernest Egger, David

1. Dillion and Deepak Moorjani) embezzled more than $25 million from the City and the Beaumont Financing Authority. Given their tenure and the basis for the Plaintiffs' claim, the alleged loss occurred over a 22-year period (1993 through 2015) and involves more than $88 million in invoices.

2. On May 17, 2016, the County of Riverside District Attorney's Office filed a felony complaint against Mr. Egger, Mr. Dillion and Mr. Moorjani, and alleged therein a criminal conflict of interest, and embezzlement. Mr. Egger, Mr. Dillion and Mr. Moorjani pled guilty to violating California Government Code 1090.

3. At the outset of this litigation, Plaintiffs served initial disclosures disclosing an intent to rely upon "City staff" with knowledge of "losses incurred by the City." (Exhibit A). While the initial disclosures did not identify all of the individuals with knowledge of the City's retention of ULC or knowledge that Mr. Egger, Mr. Dillion and Mr. Moorjani had a financial interest in ULC, National Union identified specific members of the City Council and others associated with the City that knew of those facts. Those individuals include James Gregg, Brian DeForge, Larry Dressel, Roger Berg, Jeffrey Fox, Martie Killough, Nancy Gall, David Castaldo, Brenda Knight, Michael Lara, Mark Orozco, Lloyd White, Nancy Carroll, Paul St. Martin, Elizabeth Gibbs-Urtiaga, and Della Condon ("City Witnesses").

4. In an effort to probe the knowledge of the City Witnesses, National Union issued requests for production on December 2, 2020. National Union contends that those requests included specific requests for documents and communications reflecting knowledge of the City's retention of ULC; knowledge that Mr. Egger, Mr. Dillion and Mr. Moorjani had a financial interest in ULC; and knowledge that Mr. Egger, Mr. Dillion and Mr. Moorjani participated in negotiations over work awarded to ULC.

5. Thereafter, Plaintiffs made a rolling production of a substantial amount of ESI. Given the volume of the production, National Union needed substantial time to review the production and determine its completeness. National Union contends

that Plaintiffs did not fully produce ESI relating to two of the City Witnesses - Elizabeth Gibbs-Urtiaga ("Urtiaga") and James Gregg ("Gregg"). National Union contends that it needs that ESI because per the Plaintiffs, Mr. Gregg provided risk management services and Ms. Urtiaga may have had a role on insurance related matters.

5. National Union sought to meet and confer with Plaintiffs about the production and its completeness. After issuing a meet and confer letter pursuant to Local Rule 37-1, National Union offered a compromise and agreed to defer ESI if the Plaintiffs entered into a stipulation confirming the knowledge of the City Witnesses. On August 20, 2021, Plaintiffs' counsel said that they would confer with their clients about a "stipulation (or potentially interrogatory response, or whatever would make the most sense to make the agreed facts admissible) establishing the knowledge concerning Kapanicas / GGMS and Egger, Dillon, Moorjani and ULC."

6. Believing a stipulation would avoid the cost of additional document production and potentially limit the scope of depositions, National Union circulated to Plaintiffs a stipulation detailing the City Witnesses' knowledge of the retention of ULC; the owners of ULC and involvement of Mr. Egger; Mr. Moorjani and Mr. Dillion in the City's alleged award of work to ULC. Since November 8, 2021, the parties have worked in good faith to negotiate a stipulation. Those negotiations included exchanging five different versions, exchanging source documents to substantiate the contents of the stipulation, and at least five telephone discussions about the contents and phrasing of the stipulation.

7. During these discussions, National Union advised Plaintiffs' counsel that it would need to conduct extensive depositions if the parties could not agree to the proposed stipulation. On January 19, 2022, Plaintiffs' counsel advised National Union that the City was reluctant to proceed with the proposed compromise to resolve National Union's concerns about the City's document production absent substantial changes to the stipulation.

National Union immediately sought to conduct additional discovery, but National Union now has less than 30 days to secure the remaining document production and then conduct individual depositions of the City Witnesses.

8. The parties worked in good faith to conduct discovery in an efficient manner and agree to a stipulation to avoid unnecessary discovery. While counsel has exchanged five drafts and worked to craft accurate and acceptable language, the City has ongoing questions and concerns about the stipulation and has not approved the stipulation. Counsel intend to continue discussions, but lack of a confirmed compromise leaves less than 30 days for National Union to confirm a complete document production and potentially conduct 10 depositions. Because the parties sought a compromise to avoid unnecessary costs and worked cooperatively and in good faith, they jointly agree that good cause exists to grant an extension of time to permit such fact discovery. While the product of ongoing negotiations, the possible inability to finalize the compromise with less than 30 days remaining in fact discovery potentially prejudices National Union and forces National Union to secure the remaining document production and conduct at least 10 depositions in 30 days.

9. As for this filing, the City contends that it completed its document production, but National Union disagrees that the City produced a complete production of all relevant ESI. For example, National Union believes the City may have in its possession, custody or control additional responsive, non-privileged ESI for which Mr. Gregg or Ms. Urtiaga were the custodian. National Union may, therefore, have to conduct additional meet and confers with counsel about the ESI production process and whether the City preserved all of the relevant ESI.

10. The parties are going to mediate this case with Bruce Friedman on February 28, 2022 and are hopeful that they can settle. This extension will allow the parties to focus on the mediation process and defer unnecessary costs pending that mediation. Deferring such costs will hopefully facilitate a settlement and allow the parties to apply their financial resources toward a settlement.

11. The Scheduling Order sets the following dates:
- Post-mediation status conference will be held on January 31, 2022, with mediation to be completed by January 15, 2022;
- All regular discovery will be completed by February 18, 2022;
- Initial expert disclosure due on March 1, 2022;
- Rebuttal expert disclosure due on April 1, 2022;
- All expert discovery will be completed by April 29, 2022;
- The last day for the Court to hear any motions (other than motions in limine which will be heard at the pre-trial conference) is May 3, 2022;
- The pre-trial conference will be held on June 2, 2022; and
- Jury Trial will begin on June 21, 2022.

12. The parties diligently worked in good faith to streamline discovery and negotiate a stipulation – a process that has taken an extensive amount of time due to a mutual evaluation of the allegations that span over a twenty-two year period. Those discussions did not produce an agreement and thus, National Union must now potentially proceed with extensive depositions. The parties have diligently and cooperatively worked to complete discovery within the time period allocated by this Court, but contemplate needing additional time to resolve their outstanding disputes and to conduct depositions.

13. The parties agree there is good cause for such an order based on the recitals above, and that such an order would be in the interest of justice and would cause no party any prejudice. The parties have previously stipulated to two extensions of time regarding the pleadings (Dkts. 9 and 12), and two extensions of time regarding discovery (Dkts. 27 and 30). The parties stipulate and request that this Court enter a modified scheduling order with the following deadlines:

- Post-mediation status conference will be held on January 31, 2022, with mediation to be completed by April 15, 2022;
- All regular discovery will be completed by May 19, 2022;

- Initial expert disclosure due on May 30, 2022;
- Rebuttal expert disclosure due on June 30, 2022;
- All expert discovery will be completed by July 28, 2022;
- The last day for the Court to hear any motions (other than motions in limine which will be heard at the pre-trial conference) is August 1, 2022;
- The pre-trial conference will be held on August 31, 2022; and

Jury Trial will begin on September 19, 2022.

14. The parties acknowledge that the proposed amendment requires the extension of the trial date. In light of the increasing spike in COVID, this Court recent suspended jury trials through February 28, 2022. A jury trial in this matter will require witnesses to travel, as National Unions' witnesses all reside in California and lead counsel resides in Illinois. An extension of the trial will therefore allow the parties to conduct the trial during a period where (hopefully) COVID cases will have decreased and the witnesses can more safely attend the trial.

| | | |
|---|---|---|
| Dated: January 25, 2022 | | BEST BEST & KRIEGER LLP |

By: */s/ Christopher E. Deal*
    JEFFREY V. DUNN
    CHRISTOPHER E. DEAL
    DANIEL L. RICHARDS

Attorneys for Plaintiffs Western Riverside Council of Governments and the City of Beaumont

Dated: January 25, 2022    GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
    KATHERINE A. MUSBACH
    CHRISTINA R. SPIEZIA
    SCOTT L. SCHMOOKLER
    IGA W. TODD

Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa.

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4, I hereby attest that all signatories listed above, on whose behalf this motion is submitted, concur in the filing's content and have authorized the filing.

Dated:  January 25, 2022

GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
    KATHERINE A. MUSBACH
    CHRISTINA R. SPIEZIA
    SCOTT L. SCHMOOKLER
    IGA W. TODD

Attorneys for Defendant
National Union Fire Insurance
Company of Pittsburgh, Pa.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 25, 2022, a true and correct copy of the foregoing **Motion to Modify Scheduling Order** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

> GORDON REES SCULLY
> MANSUKHANI LLP
>
> By:  */s/ Scott L. Schmookler*
>       Katherine A. Musbach
>       Christina R. Spiezia
>       Scott L. Schmookler
>       Iga. W. Todd
>       5 Park Plaza
>       Suite 1100
>       Irvine, CA 92614
>       *Attorneys for Defendant*
>       *National Union Fire Insurance*
>       *Company of Pittsburgh, Pa.*