JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
WESTERN RIVERSIDE COUNCIL OF
GOVERNMENTS; CITY OF BEAUMONT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164 GW (KKx)<br><br>**OPPOSED**<br><br>**NOTICE OF EX PARTE APPLICATION AND FIRST EX PARTE APPLICATION FOR AN ORDER TO TAKE ADDITIONAL DEPOSITIONS AND RE-DEPOSE DEPONENTS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30(a)(2)(A)(i) & (ii); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed Concurrently with:*<br>*1. Declaration of Christopher E. Deal;*<br>*2. [Proposed] Order.]*<br><br>**Motion Hearing:**<br>Date: TBD<br>Time: TBD<br>Courtroom: 3 or 4<br>Judge: Kenly Kiya Kato<br><br>Action Filed: August 3, 2020<br>Trial Date: September 13, 2022 |

**NOTICE OF EX PARTE APPLICATION AND APPLICATION TO**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT this matter may be heard by the Honorable Kenly Kiya Kato in Courtroom 3/4 of the United State District Court for the Central District of California, 3470 12th St, 3rd Floor, Riverside, CA 92501, Plaintiffs WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS and CITY OF BEAUMONT (collectively, "Plaintiffs") will and hereby does apply *ex parte* for an order to allow Plaintiffs to take more than ten depositions and re-depose deponents pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 30(a)(2)(A)(i) & (ii). Per the Court's procedure, the Court will notify the parties if it wishes to have a hearing.

This *Ex Parte* Application ("Application") is brought on the grounds that Plaintiffs may seek leave from the Court pursuant to FRCP Rules 30(a)(2)(A)(i) & (ii) to take more than ten depositions and to re-depose deponents. There have been no prior *ex parte* requests in this matter by any party.

Pursuant to Local Rule 7-19.1, Plaintiffs have, with a good faith effort, attempted to provide oral notice to Defendants of this Application to counsel for Defendant National Union Fire Insurance Company of Pittsburgh, PA who have the following contact information:

Scott L. Schmookler (Pro Hac Vice)

sschmookler@grsm.com

(312) 980-6779

Gordon Rees Scully Mansukhani, LLP

5 Park Plaza Suite 1100

Irvine, CA 92614

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

20323.00057\40285172.4

- 2 -

5:20-CV-02164 GW (KKX)
PLAINTIFFS' NOTICE OF EX PARTE
APPLICATION AND APPLICATION FOR
LEAVE FROM COURT RE DEPOSITIONS

1  Meagan P. Vanderweele
2  mvanderweele@grsm.com
3  Gordon Rees Scully Mansukhani, LLP
4  One North Franklin, Suite 800
5  Chicago, IL 60606

6  On July 1, 2022 at approximately 3:00 PM PDT, Plaintiffs' counsel attempted to call both Mr. Schmookler and Ms. Vanderweele. Neither answered their phones. Plaintiffs' counsel left voicemails apprising Defendant's counsel of Plaintiffs' intent to bring this Ex Parte Application and the grounds therewith. Following the voicemails, Plaintiffs' counsel sent an e-mail to both Mr. Schmookler and Ms. Vanderweele memorializing the same. A true and correct copy of this e-mail is attached herewith at **Exhibit C**.

The *ex parte* notice to Defendant's counsel specified the nature of the requested relief, and the date, time, and place for the presentation of this ex parte application. Plaintiffs believe Defendant will oppose this ex parte application.

This Application is based on the Memorandum of Points and Authorities, the Declaration of Christopher E. Deal, the pleadings, records, and papers on file in this action, and upon such other oral and documentary evidence as may be presented at or before the hearing of this matter.

Dated: July 1, 2022                              BEST BEST & KRIEGER LLP

                                                 By: */s/ Jeffrey V. Dunn*
                                                     JEFFREY V. DUNN
                                                     CHRISTOPHER E. DEAL
                                                     DANIEL L. RICHARDS
                                                     Attorneys for Plaintiffs
                                                     WESTERN RIVERSIDE COUNCIL
                                                     OF GOVERNMENTS; CITY OF
                                                     BEAUMONT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 30(a)(2)(A)(i) & (ii), each party is limited to ten depositions and must seek leave of Court to take additional depositions or re-depose deponents. Prior to Defendant National Union Fire Insurance Company of Pittsburgh, Pa ("Defendant") serving its expert disclosures, Plaintiffs Western Riverside Council of Governments ("WRCOG") and the City of Beaumont (the "City") (collectively, "Plaintiffs") deposed a total of eight deponents.

On May 31, 2022, however, Defendant National Union Fire Insurance Company of Pittsburgh, Pa ("Defendant") served its expert disclosure and identified *12 non-retained experts* who would offer expert opinions at trial. These "experts" included Defendant's prior forensic accounting expert, former City of Beaumont officials and even citizen "gadflies," who previously attended City meetings and criticized the City's operations at City council meetings and on social media. The range of proffered opinions range from testimony on the reasonableness of a contractor's invoices, customs and practices in the construction industry, the interpretation of specific contract provisions and the reasonableness of Defendant's claims handling practices.[1] Incredibly, despite its designation of 12 non-retained experts, Defendant now flatly refuses to permit Plaintiff to depose all but one of these non-retained experts witness, Peter Fogarty, the forensic accountant.[2] This is patently unfair. By this motion, Defendants seeks leave to take more than 10 depositions and re-depose the witnesses who have now been identified as "experts." If Defendant intends to primarily present its case through non-retained experts, then

---

[1] Surprisingly, despite being sued for its poor claims handling practices, Defendant did not retain an expert to opine on Defendant's claims handling practices. It apparently intends to fill this void by using its claims handlers as experts.

[2] It appears that Defendant would allow one more deposition unless that witness had already been deposed.

Plaintiffs should be allowed to depose these purported experts, determine if they are qualified to testify as experts and find out what opinions they intend to express at trial. Under the circumstances, Plaintiffs request extraordinary relief from the ten deposition limit and be allowed to re-depose eight deponents, all of whom were identified as non-retained experts. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).

## II. STATEMENT OF FACTS

Pursuant to the Scheduling Order, Defendant served its initial expert disclosures, which included one expert report for Richard E. Tasker and an additional set of disclosures for twelve non-retained experts. *See* Declaration of Christopher E. Deal ("Deal Decl."), Exhibits A & B. Of these twelve non-retained experts, four were neither deposed by Plaintiffs nor Defendant (Lawrence Dressel, Peter Fogarty, Nancy Hall, and Judith Bingham). Within Defendant's initial expert disclosure, it states "[t]he scope and subject matter of their knowledge and anticipated testimony at trial was disclosed therein and may be introduced at trial. Defendant does not concede that any testimony offered by the following witnesses is subject to disclosure under Rule 26(a)(2)(C), but in an abundance of caution, discloses them herein to the extent that any of their testimony is subject to Federal Rules of Evidence 702, 703, or 705. In that event, Defendant discloses that it may call the following witnesses at trial[.]" Deal Decl., Exhibit B, 2:15–21.

Prior to the serving of Defendant's initial expert disclosures, Plaintiffs took the depositions of the following third-party and party witnesses: Roger Berg, Judith Blake, David Castaldo, Brian DeForge, Nancy Gall, James Gregg, Barbara Leone, and Jennifer Rocha. (Deal Decl., ¶ 5.) However, since Plaintiffs were not aware that these deponents would be designated as experts, Plaintiffs did not ask these witnesses to disclose expert opinions, fully explore the basis for their opinions or fully explore their qualifications to opine as experts. Indeed, had Plaintiffs been

aware that apparent percipient witnesses would later be identified as experts, their depositions would have been conducted far differently. (Deal Decl., ¶ 6.) Given that Defendant indicated that it intends to offer opinion testimony at trial, while simultaneously allowing Plaintiffs no reasonable opportunity to explore the basis for their opinions and qualifications, Plaintiffs will be irreparably prejudiced unless relief is granted.

### III.  LEGAL ARGUMENT

Given the impeding deadline to complete expert discovery by July 28, 2022, Plaintiffs must act quickly to not only receive relief, but also to schedule and conduct a total of twelve additional depositions. Further, given the summer holidays, it will be difficult to work around potential vacations and holidays. Accordingly, Plaintiffs have no alternative but to seek extraordinary relief through this ex parte application. There simply is not enough time to bring a noticed motion.

Ex parte relief is justified where that the moving party's cause will be irreparably prejudiced if the underlying motion is heard per regular noticed motion procedures, and the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.Supp. 488 (C.D. Cal. 1995).

### A.  THE COURT MY GRANT PLAINTIFF LEAVE TO TAKE ADDITIONAL DEPOSITIONS AND REDEPOSE CERTAIN WITNESSES

Pursuant to FRCP 30(a)(2)(A),

> With Leave. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
>
> (A) if the parties have not stipulated to the deposition and:
>
> (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31

    by the plaintiffs, or by the defendants, or by the third-party defendants;

    (ii) the deponent has already been deposed in the case[.]

Accordingly, a party may seek leave from the Court to conduct additional depositions beyond the limit imposed by the FRCP Rule 30(a)(2)(A)(i). *See Laryngeal Mask Co. Ltd. v. Ambu A/S*, No. 307CV01988DMSNLS, 2009 WL 10672436, at *2 (S.D. Cal. July 17, 2009) ("If parties do not stipulate to more depositions than the presumptive limit allows, a party must obtain leave of court and the court "must grant leave to the extent consistent with Rule 26(b)(2)."). Further, parties may also re-depose a deponent by seeking leave from Court. *Cedars-Sinai Med. Ctr. v. Quest Diagnostics Inc.*, No. CV 17-5169 GW (FFMX), 2019 WL 12520126, at *1 (C.D. Cal. Apr. 1, 2019) ("Rule 30(a)(2)(A)(ii) provides that, absent the parties' stipulation, a party must obtain leave of court to depose a person if the deponent has already been deposed in the case.")

Notably, with respect to the 10 deposition limit, Plaintiffs do not need to demonstrate a "particularized showing" as to why it needs additional depositions. *Laryngeal Mask Co. Ltd. v. Ambu A/S*, No. 307CV01988DMSNLS, 2009 WL 10672436, at *4 (S.D. Cal. July 17, 2009) ("This Court declines to adopt a requirement that a party seeking leave of court to take additional depositions is required to make a "particularized showing." The plain language of the Rules and the Advisory Committee Notes do not require a particularized showing. Rule 30(a) only requires that the court "must grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2)(A)(i).").

As stated above, Plaintiffs will be irreparably prejudiced if they cannot move forward with deposing the additional twelve non-retained experts, including the experts who have already been deposed. Plaintiffs should not be blindsided when

1 they enter the courtroom. Defendant's twelve non-retained experts have not been
2 deposed based on their qualifications and opinions. It would be prejudicial to
3 Plaintiffs if they are not afforded the opportunity to take these depositions (which
4 would exceed the ten deposition limit pursuant to FRCP Rule 30(a)(2)(A)(i)) of
5 Defendant's non-retained experts.

### B. GOOD CAUSE EXISTS BECAUSE DEFENDANT ONLY DISCLOSED THE NON-RETAINED EXPERTS AFTER THE DISCOVERY CUT-OFF DATE

Ex parte applications are proper where the crisis prompting the request occurred absent the fault of the party in creating the crisis that requires ex parte relief. Even if the crisis is caused by the party seeking relief, that party can still obtain relief if it shows the crisis resulted from excusable neglect. *Mission Power Eng'g Co.*, *supra*, 883 F.Supp. at 492.

In this case, Plaintiffs did not cause the crisis requiring this motion. Defendants caused the crisis by designating 12 non-retained experts. Even if Defendant could demonstrate fault by Plaintiffs, which is disputed, they cannot reasonably argue that this fault was caused by something other than excusable neglect.

Further, good cause exists to grant the application. Plaintiffs' discovery should not be so limited so that Defendant can essentially ambush them at trial. *See Hickman v Taylor* (1947) 329 US 495, 507 (Discovery rules are to be accorded broad and liberal treatment, to end that either party may obtain in advance of trial knowledge of all relevant facts in possession of other party.). And district courts have considerable discretion in handling discovery matters. *See, e.g.*, *Brune v. IRS*, 861 F.2d 1284, 1288 (D.C. Cir. 1988); *Laborers' Int'l Union of N. Am. v. Department of Justice*, 772 F.2d 919, 921 (D.C. Cir. 1984) ("Control of discovery is a matter entrusted to the sound discretion of the trial courts.").

Here, by identifying and disclosing an inordinately large number of non-

retained experts in its initial experts disclosure, and then insisting on the 10-deposition limit, Defendant has placed Plaintiffs in an untenable position. Plaintiffs were only made aware of Defendant's intent to call on the twelve non-retained experts to testify at trial when Defendant served its initial expert disclosures on May 31, 2022, a day after the discovery cut-off. Further, Plaintiffs were never made aware that the twelve witnesses would be designated as non-retained experts. Thus, Plaintiffs would not be able to conduct additional depositions to inquire into the non-retained expert's qualifications and opinions prior to trial.

The Federal Rules of Civil Procedure, and basic notions of fairness, both call for some relief from the 10-deposition limit of FRCP, Rule 30(a)(2)(A)(i). Plaintiffs should also be granted leave from this Court to re-depose the additional eight non-retained experts (Roger Berg, Judith Blake, David Castaldo, Brian DeForge, Nancy Gall, James Gregg, Barbara Leone, and Jennifer Rocha).

First, with respect to the 10 deposition limit, as noted above, a party may seek leave from the Court to conduct additional depositions beyond the limit imposed by the FRCP Rule 30(a)(2)(A)(i). *See Laryngeal Mask Co. Ltd., supra*, 2009 WL 10672436, at *2 (S.D. Cal. July 17, 2009). In fact, the Court in *Laryngeal Mask Co.*, specifically declined to adopt a requirement that a party seeking leave of court to take additional depositions would be required to make a "particularized showing;" further noting that the Rules and the Advisory Committee Notes do not require a particularized showing. *Id*.

Despite not needing a "particularized showing," Plaintiffs legitimately *have* a particularized and good faith basis for requiring additional depositions, thereby surpassing the minimum threshold. FRCP 26(b)(2)(A) allows this Court to alter the limits on depositions. Defendants would not be prejudiced in any way. To the contrary, Defendants would have an equal opportunity to explore the purported expert testimony that these witnesses intend to offer. As it stands, Plaintiffs are in

the dark. Plaintiffs should not be forced to incur an ambush of unbeknownst expert testimony at the time of trial.

Second, with respect to Defendant's refusal to permit Plaintiffs to re-depose non-retained experts, this position is also untenable.  Once a party identifies a potential witness as an expert under FRCP Rule 26(a)(2)(A), that witness is subject to being deposed as an expert. *Indemnity Ins. Co. of North America v. American Eurocopter LLC* (M.D.N.C. 2005) 227 F.R.D. 421, 425 is squarely on point.  While there is no rule requiring a party to specifically identify the opinions that these witnesses will give nor require expert reports from them, they are subject to being deposed, and these witnesses must be prepared to identify the opinions they will give at trial. *Id*.  Moreover, the Court in *Indemnity Ins.* held that witnesses who were initially deposed as fact witnesses but then identified as experts are subject to being re-deposed insofar as determining what opinions, if any, they will be offering at the time of trial. *See id*; *see also Mahavisno v. Compendia Bioscience, Inc.* (E.D. Mich., Sept. 29, 2015 No. 213CV12207SFCMAR) 2015 WL 5698519 (holding a deposition of a fact witness is very different from the deposition of an expert witness and that a party must be given the opportunity to question an expert witness in his/her expert capacity if so identified.)

Here, the present scenario is similar if not identical to those in *Indemnity Ins.* and *Mahavisno*.  Plaintiffs have not had the opportunity to depose Defendant's non-retained experts in their expert capacities.  Defendant cannot introduce expert testimony without first giving Plaintiffs an opportunity to explore these opinions in a deposition.[3]  Thus, it follows that Plaintiffs must be given an opportunity to re-depose Defendant's non-retained experts in order to determine the expert opinions being offered, whether they are relying on any scientific, technical, or other

---

[3] Courts have had to be alert to efforts to smuggle expert testimony into the case without complying with [expert designation] requirements by characterizing it as lay testimony. *See Indemnity Ins. Co., supra,* 227 F.R.D. at fn. 3.

specialized knowledge, and any other information that would qualify them as an expert.

### IV. CONCLUSION

Plaintiffs request extraordinary relief from the Court to grant leave to depose an additional twelve depositions beyond the ten deposition limit and re-depose the eight non-retained expert deponents.

Dated: July 1, 2022

BEST BEST & KRIEGER LLP

By: */s/ Jeffrey V. Dunn*
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS
Attorneys for Plaintiffs
WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS; CITY OF BEAUMONT