Christina R. Spiezia, State Bar No. 315145
cspiezia@grsm.com
(949) 255-6968
Scott L. Schmookler, IL
sschmookler@grsm.com, *Pro Hac Vice*
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
5 Park Plaza Suite 1100
Irvine, CA 92614

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION**<br><br>Judge:      Hon. George H. Wu<br>Magistrate: Kenly Kiya Kato<br>Date:       TBD<br>Time:       TBD<br>Room:       3 or 4 |

## I. INTRODUCTION

Plaintiffs' ex-parte application for additional depositions and leave to re-depose witnesses rests upon the false notion that Defendant recently disclosed new witnesses on new subjects. Other than retained experts, Defendant did not disclose a single new witness and did not disclose a single new subject for discovery. As detailed in Defendant's Rule 26 disclosure, Defendant solely confirmed its intent to elicit testimony from previously disclosed witnesses on topics fully disclosed in prior depositions and previously served declarations. Nonetheless, Plaintiffs resort to casting blame on Defendant – as a means of creating grounds to re-depose virtually every witness (even though they already had a full and fair opportunity to question those witnesses).

Plaintiffs focus on Defendant's expert disclosure, but ignore the content of the disclosure. Pursuant to the Scheduling Order, Defendant timely served its expert disclosure on May 31, 2022[1] and therein disclosed its retained experts and any non-retained experts that may offer testimony under Federal Rules of Evidence ("FRE") 701, 702 or 703. (See Declaration of Scott Schmookler ("Schmookler Decl."), ¶ 14 and Exhibit 6.) As reflected therein, Defendant expressly advised Plaintiff that it was re-disclosing fact witnesses solely in the event that any of their previously disclosed testimony was deemed opinion testimony under FRE 701, 702 or 703. Defendant did not perceive that these witnesses required further disclosure or that their testimony was under FRE 701, 702 or 703, but nonetheless provided the disclosure in an abundance of caution to avoid any objections at trial. (Schmookler

---

[1] On January 26, 2022, Judge George H. Wu ordered the parties to disclose experts on May 30, 2022. (ECF No. 34). Because the expert disclosure deadline fell on a Federal holiday (Memorial Day), on May 25, 2022, counsel for Plaintiffs, Daniel Richards, agreed to disclose experts on May 31, 2022. (See Schmookler Declaration, ¶ 4 and Exhibit 3.)

-1-

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' EX PARTE APPLICATION

*Gordon Rees Scully Mansukhani, LLP*
*5 Park Plaza, Suite 1100*
*Irvine, CA 92614*

Decl., ¶¶ 15-17.)

In an effort to avoid unnecessary depositions, Defendant offered to withdraw its Rule (a)(2)(C) disclosure of previously disclosed fact witnesses if Plaintiffs confirmed that they agreed that the disclosed testimony was not subject to FRE 701, 702 or 703. (Schmookler Decl., ¶ 20.) While Plaintiffs' counsel advised that he would consider the proposal (Schmookler Decl., ¶ 20), Plaintiffs' counsel never completed the meet and confer process and instead filed this *ex parte* application on the eve of a holiday weekend – without any prior notice or any attempt to comply with Local Rule 37-2. (Schmookler Decl., ¶ 21.)  Because Plaintiffs possessed the disclosure for more than 30 days prior to filing this application and had ample time to seek relief under Local Rule 37-2, this application is not an emergency and does not qualify for *ex parte* relief under Local Rule 37-3 ("… no discovery motions may be filed … on an *ex parte* basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party…").

Nor should any motion practice in fact be required.  Defendant already agreed to produce one witness (Peter Fogarty) for deposition and agreed to allow Plaintiffs to depose him and its retained experts.  (Schmookler Decl., ¶ 20.) Consistent with its prior offer, Defendant agreed to withdraw the Rule 26(a)(2)(C) disclosure for eight of the witnesses[2] - thereby negating any need or cause to depose these witnesses. (Schmookler Decl., ¶ 20.) The remaining two witnesses (Roger Berg and Brian DeForge) were already deposed and, in their depositions, disclosed their opinions. (Schmookler Decl., ¶ 20.)  Accordingly, Plaintiffs seek to exceed the ten deposition limit so they can conduct a second deposition of witnesses on topics covered during the first deposition.

---

[2] James Gregg, Lawrence Dressel, Nancy Gall, Judith Bingham Nancy Hall, Barbara Leone, Jen Rocha and Judith Blake.

-2-

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' EX PARTE APPLICATION

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

This is not an instance in which Plaintiffs were deprived of an opportunity to question witnesses or where Defendant seeks to surprise Plaintiffs. Plaintiffs' claim of surprise ignores Defendant questioning of Mr. Berg and Mr. DeForge. Defendant elicited opinions from these witnesses during their depositions. ***Plaintiffs' counsel acknowledged those opinions during the depositions and objected to Defendant's questioning as eliciting opinion testimony***. Having raised objections based upon the expression of an opinion, Plaintiffs were aware of Mr. Berg's and Mr. DeForge's opinions and Defendant's intent to rely upon such opinions.

Simply put, Plaintiffs seek a second bite at the apple based upon false accusations. National Union objects because (1) Plaintiffs already had an opportunity to depose Mr. Berg (on March 31, 2022) and Mr. DeForge (on April 28, 2022) – including about their opinions; (2) a second deposition would inconvenience the witnesses and force National Union to incur unnecessary cost to conduct a second deposition; and (3) the cost and burden is disproportionate to any alleged prejudice given the prior disclosure.

## II.    BACKGROUND

### A.    OVERVIEW OF NATIONAL UNION'S DEFENSE

Western Riverside Council of Governments ("WRCOG"), as assignee of the City of Beaumont ("Beaumont"), seeks insurance coverage under two Government Crime Policies issued by National Union on the theory that three former Beaumont officials (David Dillon, Ernest Egger and Deepak Moorjani – collectively "Former Officials") stole more than $50 million through their company, Urban Logic Consultants, Inc. ("ULC"). Beaumont received services from ULC, but Plaintiffs nonetheless accuse the Former Officials of theft because they violated California Government Code 1090 by recommending, in an official capacity, projects that yielded fees for their company (ULC).

Even though it is unlawful for public officials to be involved in the making of any contract in which they have any financial interest,[3] Beaumont knew of and permitted the Former Officials to engage in such unlawful conduct before it purchased insurance from National Union. Beaumont's former Risk Manager and City Council members admit in sworn declarations that they knew that the Former Officials: (1) recommended work for ULC while acting in an official capacity; (2) owned ULC at the time of those recommendations; and (3) financially benefited from their recommendations. (ECF No. 49.) These admissions preclude coverage as both the Ninth Circuit and California Appellate Court agree that fidelity bonds do not cover conduct approved by the insured. *Bass v. American Ins. Co.*, 493 F.2d 590, 593 (9th Cir. 1974); *USLIFE Sav. Loan v. Nat'l Sur.*, 115 Cal. App. 3d 336, 345 (Cal. App. 1981). The parties are currently briefing summary judgment – with the hearing set for August 1, 2022.

### B. NATIONAL UNION'S REPEATED WITNESS DISCLOSURE

From the outset, National Union openly disclosed its intent to call Beaumont's former risk manager (James Gregg), Beaumont's former City Council members (Brian DeForge, Lawrence Dressel, Nancy Gall and Roger Berg), concerned citizens (Judith Bingham and Nancy Hall) and its claim representatives (Barbara Leone, Jen Rocha and Judith Blake) to support its defenses. On January 8, 2021, National Union disclosed these witnesses in its Rule 26 initial disclosures (Schmookler Decl., ¶ 2 and Exhibit 1, at p. 4) and thereafter (on February 24, 2021) re-disclosed the same witnesses in its answers to interrogatories. (Schmookler Decl., ¶ 3 and Exhibit 2.) ***Plaintiffs therefore had timely notice of these potential witnesses and had ample opportunity to depose them for at least 18 months.***

Plaintiffs in fact have full disclosure of their knowledge. National Union

---

[3] *Stigall v. City of Taft*, 375 P.2d 289, 292 (Cal. App. 1962).

-4-

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' EX PARTE APPLICATION

secured and produced declarations from six of these witnesses (Judith Bingham, Nancy Hall, Nancy Gall, Lawrence Dressel and Brian DeForge) and they deposed six of the witnesses (Brian DeForge, Nancy Gall, Roger Berg, Barbara Leone, Jen Rocha and Judith Blake). (Schmookler Dec., ¶¶ 5-13.) Plaintiffs did not seek to depose or seek leave to depose the remaining witnesses (Lawrence Dressel, Judith Bingham or Nancy Hall) despite their disclosure as witnesses and National Union's production of declarations.

### C. DEFENDANTS' EXPERT DISCLOSURE

On May 31, Defendant served its expert disclosure. (Schmookler Decl., ¶ 14 and Exhibit 6). While that disclosure principally served to disclose Defendant's retained experts, Defendant also included a disclosure pursuant to Rule 26(a)(2)(C). (Schmookler Decl., ¶ 15.) With the exception of Mr. Fogarty, Defendant included a Rule 26(a)(2)(C) disclosure for Brian DeForge, Nancy Hall, Judith Bingham, James Gregg, Nancy Gall, and Lawrence Dressel "in an abundance of caution" and solely to avoid the incorrect assertion that prior testimony elicited during depositions or in declarations could be interpreted as eliciting opinion testimony. (Schmookler Decl., ¶ 15.) Defendant did not believe that it had to disclose its intent to use that testimony at trial, but in an abundance of caution, disclosed that intent. (*Id.*)

To that end, Defendant's disclosure made clear that Defendant intended to elicit testimony on the same subjects Plaintiffs' explored during the prior deposition(s). To that end, the disclosure stated as follows:

> The following witnesses were previously disclosed pursuant to Rule 26(a)(1), in answers to interrogatories, in document production, in depositions and/or in declarations. The scope and subject matter of their knowledge and anticipated testimony at trial was disclosed therein and may be introduced at trial. Defendant does not concede that any

*Gordon Rees Scully Mansukhani, LLP*
*5 Park Plaza, Suite 1100*
*Irvine, CA 92614*

> testimony offered by the following witnesses is subject to disclosure under Rule 26(a)(2)(C), but in an abundance of caution, discloses them herein to the extent that any of their testimony is subject to Federal Rules of Evidence 702, 703, or 705. In that event, Defendant discloses that it may call the following witnesses at trial: . . .

(Schmookler Decl, ¶ 16.)

Defendant then explained – for the witnesses that had been deposed – that the subjects of their testimony were in their depositions. For example, Defendant disclosed as follows for Mr. Berg:

> The scope and subject matter of Mr. Berg's anticipated testimony at trial was disclosed during fact discovery at his deposition taken March 31, 2022 and therefore may be introduced at trial. Defendant does not concede that any testimony offered by Mr. Berg is subject to disclosure under Rule 26(a)(2)(C); however, in an abundance of caution, and to the extent that his previously disclosed testimony is subject to Federal Rules of Evidence 702, 703, or 705, Defendant hereby discloses that it may call Mr. Berg at trial, as follows: . . .

(Schmookler Decl., ¶ 17.) Plaintiff therefore had an opportunity to depose the witnesses and, in fact, question them about their testimony.

### D. PLAINTIFFS FAILED TO COMPLETE THE MEET AND CONFER PROCESS.

On June 22, 2022, Plaintiffs unilaterally issued subpoenas and notice to re-depose witnesses (Roger Berg, James Gregg, Nancy Gall, Brian DeForge and Jennifer Rocha) without seeking consent of Defendant or a court order (as required by FRCP 30). (Schmookler Decl., ¶ 18.) Defendant immediately notified Plaintiffs of their violation of FRCP 30 and, pursuant to Local Rule 37-1, requested a conference to discuss its objections to the re-deposition of any witness without

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' EX PARTE APPLICATION

compliance with the FRCP 30. (Schmookler Decl., ¶ 19.)

At that conference, Defendant explained that it did not perceive that it was required to disclose witnesses pursuant to Rule 26(a)(2)(C) and that it only intended to offer testimony from facts witnesses on the subjects previously disclosed during discovery. (Schmookler Decl., ¶ 20.) To that end, Defendant's counsel asked Plaintiffs' counsel whether Plaintiffs agreed that previously disclosed subjects were outside Rule 26(a)(2)(C). (*Id.*) If so, Defendant offered to withdraw its Rule 26(a)(2)(C) disclosure of those witnesses – thereby avoiding any alleged need to re-depose these witnesses. (*Id.*) Plaintiffs' counsel agreed to evaluate the proposal after reviewing the prior depositions and declarations. (*Id.*) Plaintiffs did not, however, complete the meet and confer process and filed the instant *ex parte* application without any prior notice or warning. (Schmookler Decl., ¶ 21.)

Defendant was not notified of the instant *ex parte* application until 4:49 (CST)[4] on July 1, 2022. (Schmookler Decl., ¶ 22.) Given that it did not receive notice until the eve of a holiday weekend, Defendant was unable to complete the meet and confer process. Despite the holiday weekend, Defendant responded on July 2, 2022 and therein advised that it concluded that testimony from Mr. Gregg, Mr. Dressel, Ms. Gall, Ms. Bingham, Mr. Hall, Ms. Leone, Ms. Rocha and Ms. Blake did not implicate FRE 701, 702 or 703 and that it would withdraw the Rule 26(2)(C) disclosure for those witnesses - thereby negating any need or cause to depose these witnesses as they were either previously deposed or Plaintiffs chose not to depose them during fact discovery. (Schmookler Decl., ¶ 23.) As of the filing of this response, Plaintiffs have not responded. (Schmookler Decl., ¶ 24.)

### III. LEGAL ARGUMENT

Plaintiffs' motion teeters upon the flawed notion that Plaintiffs did not

---

[4] Defendant's lead counsel is located in the Central time zone.

-7-

1 question Mr. Berg and Mr. DeForge about their opinions because it lacked prior
2 notice that Defendant intended to elicit opinion testimony from Mr. Berg and Mr.
3 DeForge. The depositions of Mr. Berg and Mr. DeForge debunk that notion and
4 demonstrate that Plaintiffs lack cause to seek a second deposition of either witness.
5 Defendant will first detail how Mr. Berg's and Mr. DeForge's deposition amply
6 notified Plaintiffs of Defendant's intent to elicit opinion testimony and then detail
7 the legal flaws in their motion.

      **A. PLAINTIFFS HAD NOTICE OF DEFENDANT'S INTENT TO ELICIT OPINION TESTIMONY.**

10 Plaintiffs falsely claim that Defendant never disclosed its intent to elicit
11 opinion testimony from Mr. Berg and Mr. DeForge and that they were denied an
12 opportunity to question them about their opinions and bases for those opinions. In
13 fact, Defendant affirmatively elicited opinion testimony from Mr. Berg and Mr.
14 DeForge and documented their credentials in their depositions. Plaintiffs attended
15 those depositions and had ample opportunity to cross-examine Mr. Berg and Mr.
16 DeForge about their opinions, bases for their opinions and credentials.

17 ***Mr. Berg***: Defendant expressly questioned Mr. Berg about his experience in
18 construction. Mr. Berg prepared a written explanation of his experience.
19 (Schmookler Decl., Exhibit 4, at 9:20-10:02) and was asked to explain his
20 construction experience at his deposition. Mr. Berg explained his education and
21 work as an engineer, his continuing education, his experience with construction
22 management, and experience with public works projects. (*Id.* at pp. 9-14).

23 Based upon his documented experience and background, Defendant asked Mr.
24 Berg opinion questions – including whether ULC's rates were reasonable and
25 appropriate, and whether it would make sense for ULC to cap fees (as Plaintiffs
26 suggest):

27
-8-
28 DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' EX PARTE APPLICATION

*Gordon Rees Scully Mansukhani, LLP*
*5 Park Plaza, Suite 1100*
*Irvine, CA 92614*

| | |
|---|---|
| Q. | The rates that are listed here, given your experience in construction management and your expertise, would you -- do you believe that this hourly rate schedule is reasonable and appropriate? |

MR. DUNN: Objection; lacks foundation.

| | |
|---|---|
| Q. | You can still answer. |
| A. | Yeah, it's appropriate for the year there.  Costs go up each year.  Prices go up. During the time a lot of this construction was going, it was very competitive.  So prices went up, it's hard to get people to do the work, and there were some new professional services that needed to be in there such as people that worked with GIS.  Some of them didn't go anymore, we had secretaries, we had laptops, they had to be -- they did a lot of work themselves so yes, they went up. |

***

| | |
|---|---|
| Q. | Would it make any sense to you given your construction management experience and expertise to cap engineering services for a Public Works project at four and a half percent? |
| A. | No. |

(*Id.*, pg. 40:06-50:25; 176:09-176:13).

Prior to his deposition, Mr. Berg reviewed the accounting report prepared by Plaintiffs' accountant, Mr. Ray.  He disagreed with Mr. Ray's report and explained that disagreement in his deposition and explained that his disagreement was based upon his "professional opinion":

| | |
|---|---|
| Q: | Fair to say based on your review of Mr. Ray's report, you disagree with his calculations here? |

-9-

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' EX PARTE APPLICATION


| | |
|---|---|
| 1 | A. Yes. |
| 2 | Q. Do you believe that they are based on faulty assumptions? |
| 3 | A. Yes. |
| 4 | MR. DUNN: Objection; move to strike, lacks foundation. |
| 5 | Q. And why do you believe that? |
| 6-17 | A. Because in my own -- in my professional opinion, I have the same education as Mr. Ray, I have done some of the same work, same accounting class elective in college, and I use to do the same work and I have a construction experience on here that Mr. Ray doesn't -- doesn't show any of that that he has ever actually audited or looked through construction contracts and engineering contract to see what the costs were and how you apply them. So I think there is some fault there. He should have got more information, maybe spoke to some other individuals, maybe the Council members that worked on it. But there was no indication from that in this report. It's basically based on numbers that he got from a different source. |

(*Id.* at 195:03-196:05). Mr. Berg expressly disclosed that he had offered an opinion based upon his experience:

Q. And your basis for the opinion that -- that you disagree with Mr. Ray's report, that's **based on your decades of experience in construction management** and reviewing all the work that Urban Logic did; correct?

A. Yes.

(*Id.* at 196:10-196:16) (emphasis added).

Plaintiffs' counsel appreciated at the time of the deposition that Mr. Berg had

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' EX PARTE APPLICATION

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

offered an opinion based upon his professional experience. ***Plaintiffs' counsel affirmatively objected to that testimony as "improper layperson opinion."*** (*Id.* at 195:07-09; 195:17-19). Plaintiffs therefore acknowledge notice of Mr. Berg's opinions and had ample opportunity to question him about those opinions. Plaintiffs controlled the scope and extent of their cross-examination and cannot now deny notice of Mr. Berg's intent to offer opinion testimony or an opportunity to question him on those opinions.

*Mr. DeForge*: While Defendant sought the deposition of Mr. Berg, Plaintiffs sought the deposition of Mr. DeForge and controlled its questioning of the witness. Following Plaintiffs' cross-examination, Defendant elicited testimony from Mr. DeForge about his construction experience. Like Mr. Berg, Mr. DeForge testified that he has a degree in facilities planning and construction management, owns his own construction management firm, and has worked in construction since 1977. (Schmookler Decl., Exhibit 5, at pp. 95-97).

Based upon that documented experience, Defendant sought opinion testimony from Mr. DeForge – including on whether he believed that ULC submitted inflated invoices or invoices for phantom work:

> Q    All right. Now when you were on city council did you ever believe that Urban Logic was submitting inflated invoices?
>
> A    No, I did not feel that.
>
> Q    Did you ever believe that Urban Logic was submitting invoices for phantom work, work that had not been actually done?
>
> A    No.
>
> Q    And I take it *given your construction experience* do you believe that you would have been able to determine whether Urban Logic while you were on city council was submitting false, inflated or

-11-
DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' EX PARTE APPLICATION

          phantom invoices.

          MR. DUNN: Objection. Lacks foundations.

          A:    I on occasion reviewed their work and their invoices together. And from my personal public contract code having used it as well in my position at school districts I found that their prices and everything that they do was in line with their contracts as well as in line with what was going to be provided.

(*Id.* at 101:09-102:04) (emphasis added). Mr. DeForge, like Mr. Berg, affirmatively disclosed that he was offering opinion testimony. Plaintiffs therefore had ample opportunity to question Mr. DeForge about his opinions and the basis for those opinions. To the extent that Plaintiffs consciously chose not to ask such questions, they cannot now use that conscious choice as the basis for a second deposition.

      **B.**    **PLAINTIFFS LACK CAUSE FOR A SECOND DEPOSITION.**

Plaintiffs do not challenge the sufficiency of Defendant's disclosure or that the disclosure encompasses a topic not previously addressed during depositions. Instead, Plaintiffs' request for relief rests upon the flawed notion that they lacked notice of Defendant's intent to elicit opinion testimony from Mr. Berg and Mr. DeForge and an opportunity to question them about their opinions. As detailed above, Plaintiffs in fact had notice of these witnesses' opinions and ample opportunity to question these witnesses. Where, as here, a party had an opportunity to depose a witness, courts routinely deny a second deposition – even where the witness offers new opinions. *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 2009 WL 861733 (S.D. Cal., Mar. 25, 2009); *see also Luminara Worldwide v. Liown Elec.*, 2016 WL 6920516 (D. Minn., Feb. 25, 2016); *Flonnes v. Property & Cas. Ins. Co. of Hartford*, No. 12-cv-1065, 2013 WL 2285224 (D. Nev., May 22, 2013).

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

The decision in *Presidio Components* illustrates this point. In that case, the plaintiff disclosed an expert and thereafter provided a supplemental report. Even though the plaintiff's expert provided a supplemental report, the court nonetheless held that the defendant could not depose the expert for a second time:

> In seeking leave from the Court to depose Dr. Ewell again, ATC has not demonstrated that the benefit of subjecting Dr. Ewell to a second deposition would outweigh the burden and expense. Further, ATC has failed to show it will be prejudiced at trial, having already deposed Dr. Ewell in connection with a summary judgment motion. Accordingly, ATC's Motion for Leave to allow a second deposition of Dr. Ewell is denied.

*Id.* at *5. The court denied relief because the rebuttal report "addresses the '356 patent-the same subject about which he gave a declaration and deposition previously…." *Id.*

*Luminara* addressed this issue in a factually analogous context. In that case, the defendant deposed a percipient witness and thereafter sought a second deposition on the basis that plaintiff disclosed an intent to elicit opinion testimony from that witness. The district court rejected that request because defendant already deposed the witness on the subject of his opinion testimony: "During his deposition, he provided extensive testimony on the design of the licensed patents as well as testimony on how one might hypothetically design around certain claim limitations." *Id.*, 2016 WL 6920516 at *3.

*Flonnes* reached the same conclusion. In that case, the defendant deposed the plaintiff's treating physician during discovery and thereafter sought a second deposition after the plaintiff disclosed the physician as a non-retained opinion witness. Despite criticizing plaintiff's disclosure as inadequate, the district court

-13-

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' EX PARTE APPLICATION

nonetheless refused to order a second deposition because the physician sought to opinion on the same subjects as explored in his first deposition: "where the undersigned limited the proposed expert testimony to opinions formed in the course of treatment, depositions do not need to be conducted for a second time nor does discovery need to be reopened." 2013 WL 2285224 at *6.

As in *Presidio Components*, Defendant did not disclose Mr. Berg or Mr. DeForge as "experts." As explained in the disclosure itself, the prior questioning of these witnesses could be interpreted as eliciting opinion testimony. To avoid objections at trial, Defendant - in an abundance of caution - disclosed its intent to rely upon opinions on subjects disclosed during those depositions. That disclosure makes clear that Defendant intends to elicit testimony on the same subjects Plaintiffs already explored during the prior deposition(s). Plaintiffs already had an opportunity to explore those subjects.

Because Plaintiffs already had an opportunity to depose Mr. Berg and Mr. DeForge, they should not be allowed (1) to force third-party witnesses to appear for a second deposition; (2) to force Defendant to incur the cost of a second deposition; and (3) distract from briefing on summary judgment (which is set for oral argument on August 1, 2022). Any alleged need for a second deposition is outweighed by the burden on the witnesses and cost to Defendant.

## IV. CONCLUSION

For the foregoing reasons, National Union respectfully requests this Honorable Court deny Plaintiffs' *ex parte* application and grant all other relief the court deems appropriate.

Dated: July 5, 2022                       GORDON REES SCULLY
                                           MANSUKHANI LLP

-14-

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' EX PARTE APPLICATION

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614

|   |   |
|---|---|
| By: | */s/ Scott L. Schmookler* |
|   | Scott L. Schmookler (PHV) |
|   | sschmookler@grsm.com |
|   | (312) 980-6779 |
|   | Christina R. Spiezia, (SBN: 315145) |
|   | cspiezia@grsm.com |
|   | (949) 255-6968 |
|   | 5 Park Plaza |
|   | Suite 1100 |
|   | Irvine, CA 92614 |
|   | |
|   | *Attorneys for Defendant* |
|   | *National Union Fire Insurance* |
|   | *Company of Pittsburgh, Pa.* |

-15-
DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' EX PARTE APPLICATION

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 5, 2022, he served a copy of the foregoing upon the following counsel by ECF and sending it via e-mail to the following addresses:

> Jeffrey V. Dunn, State Bar No. 131926
> jeffrey.dunn@bbklaw.com
> Christopher E. Deal, State Bar No. 186754
> chris.deal@bbklaw.com
> Daniel L. Richards, State Bar No. 315552
> daniel.richards@bbklaw.com
> BEST & KRIEGER LLP
> 18101 Von Karman Avenue, Suite 1000
> Irvine, California 92612
> Telephone: 949-263-2600
> Facsimile: 949-260-0972
>
> *Attorneys for Plaintiff*
> *Western Riverside Council of Governments*

>                                   GORDON REES SCULLY
>                                   MANSUKHANI LLP
>
>                             By:   */s/ Scott L. Schmookler*
>                                   Scott L. Schmookler
>
>                                   *Attorneys for Defendant*
>                                   *National Union Fire Insurance*
>                                   *Company of Pittsburgh, Pa.*

-16-

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION