# EXHIBIT 2

Scott L. Schmookler, *Pro Hac Vice*
sschmookler@grsm.com,
Gordon Rees Scully Mansukhani, LLP
5 Park Plaza Suite 1100
Irvine, CA 92614

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

|  |  |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. and DOES 1 through 50, inclusive, | ) ) ) ) ) |
| Defendant(s). | ) ) |

CASE NO.   5:20-cv-02164

Defendant's Answers and Objections to Plaintiffs' First Set of Interrogatories

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, National Union Fire Insurance Company of Pittsburgh, Pa. responds and objects to Plaintiffs' First Set of Interrogatories as follows:

**INTERROGATORIES**

**Interrogatory No. 1.:** IDENTIFY all PERSONS who handled the CLAIM in any way, including but not limited to all PERSONS YOU directly assigned to handle the CLAIM, all persons who assisted all PERSONS YOU assigned to handle the CLAIM, and all PERSONS who supervised all PERSONS YOU assigned to handle the CLAIM.

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA  92614

**Answer to No.. 1.:** Objection.  This interrogatory is vague in that it does not define the word "handled."  Further responding, without waiving any objection, AIG Claims, Inc, as authorized representative of National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), reviewed and analyzed the City of Beaumont's claim based upon the information and documentation provided in support of that claim.  The AIG Claims personnel involved in the claim included Jennifer Rocha, Judith Blake and Barbara Leone.  Any additional AIG Claims personnel involved in the review and analysis of the claim, along with the individual who assigned and supervised the analysis of the City of Beaumont's claim, can be ascertained by reviewing the non-privileged portions of the claim file.  Because the answer to this interrogatory may be determined by examining those records and the burden of deriving or ascertaining the answer will be substantially the same for either party, National Union elects to produce those records in lieu of providing a narrative response.

**Interrogatory No. 2.:** IDENTIFY all PERSONS at NATIONAL UNION who communicated with any OUTSIDE COUNSEL regarding the CLAIM.

**Answer to No.. 2.:** Objection.  This interrogatory is overbroad in that it does not provide a timeframe and references "any" outside counsel, suggesting that it seeks to probe information about the defense of this litigation.  To the extent that it inquires about communications relating to this litigation, it seeks information protected by the attorney-client privilege and work product doctrine.  Further responding, without waiving any objection, AIG Claims, Inc, as authorized representative of National Union, reviewed and analyzed City of Beaumont's claim prior to the filing of this litigation.  The identity of AIG Claims

-2-

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA  92614

personnel who communicated with outside counsel hired prior to this litigation may be ascertained by reviewing the non-privileged portions of the claim file and National Union's privilege log.  Because the answer to this interrogatory may be determined by examining those records and the burden of deriving or ascertaining the answer will be substantially the same for either party, National Union elects to produce those records in lieu of providing a narrative response.

**Interrogatory No. 3.:** Describe in detail any investigation of the CLAIM you conducted.

**Answer to No.. 3.:** Objection.  This interrogatory is overbroad in that it does not provide a timeframe and references "any" investigation of the claim, suggesting that it seeks to probe information about the defense of this litigation and investigation undertaken to defend this litigation.  To the extent that it inquires about this litigation, it seeks information protected by the attorney-client privilege and work product doctrine.  Furthermore, this interrogatory is overly burdensome in that it seeks a narrative explanation of each act taken in connection with this claim over the course of multiple years.

Further responding, without waiving any objection, AIG Claims, Inc, as authorized representative of National Union, reviewed and analyzed the City of Beaumont's claim prior to the filing of this litigation.  To the extent memorialized in writing, the scope, timing and substance of the pre-suit investigation and analysis may be ascertained by reviewing the non-privileged portions of the claim file.  Because that information may be determined by examining those records and the burden of deriving or ascertaining the answer will be substantially the same for

-3-

either party, National Union elects to produce those records in lieu of providing a narrative response.

**Interrogatory No. 4.:** IDENTIFY all PERSONS who have or may have any knowledge of any investigation of the CLAIM YOU conducted.

**Answer to No.. 4.:** Objection. This interrogatory is overbroad in that it does not provide a timeframe and may be read to to probe information about the handling of this litigation. To the extent that it inquires about this litigation, it seeks information protected by the attorney-client privilege and work product doctrine. Further responding, without waiving any objection, the following individuals may have non-privileged information about Defendant's investigation of the City of Beaumont's insurance claim:

1.     AIG Claims, Inc, as authorized representative of National Union, reviewed and analyzed the City of Beaumont's claim prior to the filing of this litigation. The AIG Claims personnel involved in the claim included Jennifer Rocha, Judith Blake and Barbara Leone. Any additional AIG Claims personnel involved in the review and analysis of the claim, along with the individual who assigned and supervised the analysis of the City of Beaumont's claim, can be ascertained by reviewing the non-privileged portions of the claim file. Because the answer to this interrogatory may be determined by examining those records and the burden of deriving or ascertaining the answer will be substantially the same for either party, National Union elects to produce those records in lieu of providing a narrative response.

2.     Current and former employees, officers, city council members, representatives and agents of the City of Beaumont (including, but not limited to, John O. Pinkney) may have information about the City of

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

Beaumont's notice of claim, proof of loss and submission of support for the claim; correspondence about the City of Beaumont's claim; Defendant's requests for information about and investigation into the claim; and responses to Defendant's requests for information.

3.      Current and former employees, officers, attorneys, accountants, representatives and agents of Western Riverside Council of Governments (including, but not limited to, Ruthanne Taylor-Berger; Rick Bishop; and William Zimmerman) may have information about the City of Beaumont's notice of claim, proof of loss and submission of support for the claim; correspondence about the City of Beaumont's claim; Defendant's requests for information about and investigation into the claim; and responses to Defendant's requests for information.

4.      Current and former employees, officers, representatives and agents of Hemming Morse, LLP (including, but not limited to, Daniel W. Ray) may have information about the City of Beaumont's notice of claim, proof of loss and submission of support for the claim; correspondence about the City of Beaumont's claim; Defendant's requests for information about and investigation into the claim; and responses to Defendant's requests for information.

5.      Current and former employees, officers, representatives, and agents of Best, Best & Krieger LLP (including, but not limited to, Robert Abiri; Christopher Deal; Steven C. Debaun; Jeffrey V. Dunn; Brant H. Dveirin; Thomas J. Eastmond; Christopher M. Pisano; and Seena Samimi) may have information about the City of Beaumont's notice of claim, proof of loss and submission of support for the claim; correspondence about the City of Beaumont's claim; Defendant's requests for information about and investigation into the claim; and responses to Defendant's requests for information.

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

6.      Current and former employees, officers, representatives, and agents of Stradling, Yocca, Carlson & Rauth (including, but not limited to, John Cannon) may have information about the City of Beaumont's notice of claim, proof of loss and submission of support for the claim; correspondence about the City of Beaumont's claim; Defendant's requests for information about and investigation into the claim; and responses to Defendant's requests for information.

7.      Current and former employees, officers, representatives, and agents of Alliant Insurance Services (including, but not limited to, Elaine Kim and Tom Corbett) may have information about the City of Beaumont's notice of claim, proof of loss and submission of support for the claim; correspondence about the City of Beaumont's claim; Defendant's requests for information about and investigation into the claim; and responses to Defendant's requests for information.

8.      Current and former employees, officers, representatives, and agents of Exclusive Risk Management Authority of California (including, but not limited to, James Gregg) may have information about the City of Beaumont's notice of claim, proof of loss and submission of support for the claim; correspondence about the City of Beaumont's claim; Defendant's requests for information about and investigation into the claim; and responses to Defendant's requests for information.

9.      Current and former employees, officers, representatives, and agents of Hagen, Streiff, Newton & Oshiro, Accountants, P.C. (including, but not limited to, Peter Fogarty and David Gardiner) may have information about the City of Beaumont's notice of claim, proof of loss and submission of support for the claim; correspondence about the City of Beaumont's claim; Defendant's requests for information

-6-

about and investigation into the claim; and responses to Defendant's requests for information.

Defendant cannot presently identify every witness with knowledge responsive to this interrogatory and reserves the right to call as a witness any individual identified by documents produced by either party in discovery and to identify additional individuals.

**Interrogatory No. 5.:** Identify, by court and by case number, all lawsuits filed against YOU in the United States within the past six years in which a PERSON who may have been entitled to recover under a Government Crime Policy alleged that YOU breached the implied covenant of good faith and fair dealing.

**Answer to No.. 5.:** Objection.  This interrogatory is overbroad in that it seeks information about all lawsuits under any Government Crime Policy without regard to the nature of the claim, terms of the policy or nature of the dispute.  Requesting information about all lawsuits under any Government Crime Policy without regard to the nature of the claim, terms of the policy or nature of the dispute is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**Interrogatory No. 6.:** Identify all PERSONS YOU retained, hired, or relied upon to assist YOU in YOUR investigation of the CLAIM, including but not limited to any forensic accountancy firms or employees of any forensic accountancy firm.

Defendant's Answers and Objections to Plaintiffs' First Set of Interrogatories

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

**Answer to No.. 6.:** Objection.  This interrogatory is vague in that it does not define the word "assist" or "relied upon."  Further responding, without waiving any objection, AIG Claims, Inc, as authorized representative of National Union, investigated and analyzed this claim. Defendant retained Anderson, McPharlin & Conners LLP as outside counsel to provide legal advice, and retained HSNO, a forensic accounting firm.

**Interrogatory No. 7.:** State all facts and reasoning upon which YOU relied in making the decision to offer the City $1,000,000 in satisfaction of the City's CLAIM.

**Answer to No.. 7.:** Objection.  This interrogatory seeks information protected by the attorney-client privilege to the extent that it seeks to probe legal advice.  Further responding, without waiving this objection, National Union denies that it offered $1 million in satisfaction of the City of Beaumont's insurance claim.

**Interrogatory No. 8.:** If YOU contend that the facts alleged in the CLAIM do not describe conduct falling within an insuring provision of a Government Crime Policy YOU issued to the City, state all facts and reasoning supporting this contention.

**Answer to No.. 8.:** Objection. This interrogatory is vague in that it does not define the word "conduct" and does not limit the phrase "facts alleged in the CLAIM." It also seeks analysis protected by the attorney-client privilege and work product doctrine.  This interrogatory seeks to shift the burden of proof to National Union by requiring National Union to disprove conduct falling within each and every insuring clause and therefore is not proportional to the needs of the case, considering the

-8-

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit; and is a premature contention interrogatory served prior to the conclusion of discovery. Further responding, without waiving this objection, National Union states as follows:

The City of Beaumont provided notice of a claim under a Government Crime Policy effective from June 30, 2014 through June 30, 2015 ("2014-2015 Policy") and a Government Crime Policy effective from June 30, 2015 through June 30, 2017 ("2015-2017 Policy"). After the City of Beaumont provided its notice of claim and proof of loss, National Union provided the City of Beaumont a written analysis of the claim on April 4, 2018, explaining why the proof of loss and supporting documents provided at that time did not establish a loss covered under either the 2014-2015 Policy or the 2015-2017 Policy. The substance of the explanation can be ascertained by reviewing National Union's April 4, 2018 letter. Because that portion of the answer to this interrogatory may be determined by examining the letter and the burden of deriving or ascertaining the answer will be substantially the same for either party, National Union elects to produce that letter in lieu of providing a narrative response.

Because the City of Beaumont's proof of loss and supporting documents did not establish a loss under either the 2014-2015 Policy or the 2015-2017 Policy, National Union's April 4, 2018 letter requested additional information and documentation about the claimed loss. After the City of Beaumont provided voluminous production of unorganized documents, National Union requested supplemental

Defendant's Answers and Objections to Plaintiffs' First Set of Interrogatories

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA  92614

information omitted from the City of Beaumont's production, conducted a review of the City of Beaumont's production and loss computation, and provided the City of Beaumont a second written analysis of the claim on November 4, 2019.  Because this portion of the answer to this interrogatory may be determined by examining the letter and the burden of deriving or ascertaining the answer will be substantially the same for either party, National Union elects to produce that letter in lieu of providing a narrative response.

National Union reserves the right to rely upon all of the terms, conditions, exclusions and provisions of the 2014-2015 Policy and 2015-2017 Policy in this litigation, and any facts developed in or disclosed during this litigation (whether in pleadings, initial disclosures, discovery responses, subpoena responses or depositions) to support its defenses and oppose Plaintiffs' claims.

**Interrogatory No. 9.:** If YOU contend that the facts alleged in the CLAIM describe conduct subject to one or more exclusions in a Government Crime Policy YOU issued to the CITY, state all facts and reasoning supporting this contention.

**Answer to No.. 9.:** Objection.   This interrogatory seeks analysis protected by the attorney-client privilege and work product doctrine in that it seeks the "reasoning" for asserting exclusions as a defense. Furthermore, this interrogatory is a premature contention interrogatory served prior to the conclusion of discovery.   Further responding, without waiving this defense, National Union states that it identified the following "exclusions" as affirmative defenses based upon the following facts known at this time:

***Affirmative Defense No. 2***: To the extent Plaintiffs have standing to pursue a claim under the 2014-2015 Policy or 2015-2017 Policy,

neither the 2014-2015 Policy nor the 2015-2017 Policy cover, pursuant to Exclusion 1.a, "Loss resulting from 'theft' or any other dishonest act committed by you, whether acting alone or in collusion with other persons." Plaintiffs' complaint alleges that the City of Beaumont collected over $13 million in TUMF, but failed to remit those funds to WRCOG. To the extent that the City of Beaumont received any benefit from those funds or failed to remit the funds despite WRCOG's claim to the funds, the alleged theft was a taking by the City of Beaumont and is not covered under the 2014-2015 Policy or 2015-2017 Policy.

***Affirmative Defense No. 3***: To the extent Plaintiffs have standing to pursue a claim under the 2014-2015 Policy or 2015-2017 Policy, neither the 2014-2015 Policy nor the 2015-2017 Policy cover, pursuant to Exclusion 1.c, "Loss resulting from 'theft' or any other dishonest act committed by any of your officials, 'employees' or authorized representatives: (1) Whether acting alone or in collusion with other persons; or (2) While performing services for you or otherwise; except when covered under Insuring Agreement A.1. or A.2." Because Plaintiffs allege that the "Kapanicas administration" qualify as officials, employees and authorized representatives, their claim can only be covered, if at all, under Insuring Agreement A.1 or A.2. Accepting Plaintiffs' allegations as true, Plaintiffs' claim cannot be covered under any other insuring agreement.

***Affirmative Defense No. 4***: To the extent Plaintiffs have standing to pursue a claim under the 2014-2015 Policy or 2015-2017 Policy, neither the 2014-2015 Policy nor the 2015-2017 Policy cover, pursuant to Exclusion 1.f (as amended by Endorsement 6), "Loss that is an indirect result of an 'occurrence' covered by this policy including, but not limited to, loss resulting from: (1) Your inability to realize income

-11-

Defendant's Answers and Objections to Plaintiffs' First Set of Interrogatories

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

that you would have realized had there been no loss of or damage to 'money', 'securities' or 'other property'. (2) Payment of damages of any type for which you are legally liable. But, we will pay compensatory damages arising directly from a loss covered under this policy. (3) Payment of costs, fees or other expenses you incur in establishing either the existence of loss under this policy." Plaintiffs' complaint references litigation between WRCOG and the City of Beaumont. Neither the 2014-2015 Policy nor the 2015-2017 Policy cover any fees, costs or other expenses incurred in the context of that litigation, any damages awarded in that litigation or fees or expenses incurred establishing a loss covered under the 2014-2015 Policy nor the 2015-2017 Policy.

***Affirmative Defense No. 5***:  To the extent Plaintiffs have standing to pursue a claim under the 2014-2015 Policy or 2015-2017 Policy, neither the 2014-2015 Policy nor the 2015-2017 Policy cover, pursuant to Exclusion 1.g, "Fees, costs and expenses incurred by you which are related to any legal action, except when covered under Insuring Agreement A.3." Plaintiffs' complaint references litigation between WRCOG and the City of Beaumont.  Neither the 2014-2015 Policy nor the 2015-2017 Policy cover any fees, costs or other expenses incurred in the context of that litigation, unless covered under Insuring Agreement A.3.

***Affirmative Defense No. 6***: To the extent Plaintiffs have standing to pursue a claim under the 2014-2015 Policy or 2015-2017 Policy, neither the 2014-2015 Policy nor the 2015-2017 Policy cover, pursuant to Endorsement 4, "Damages for which you are legally liable as a result of … [t]he tortious conduct of an 'employee', except the conversion of property of other parties held by you in any capacity." Plaintiffs'

Defendant's Answers and Objections to Plaintiffs' First Set of Interrogatories

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA  92614

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

complaint references litigation between WRCOG and the City of Beaumont.  Neither the 2014-2015 Policy nor the 2015-2017 Policy cover damages awarded in that litigation absent conversion of property of other parties held by City of Beaumont in any capacity.

National Union reserves the right to rely upon all of the terms, conditions, exclusions and provisions of the 2014-2015 Policy and 2015-2017 Policy in this litigation, and any facts developed in or disclosed during this litigation (whether in pleadings, initial disclosures, discovery responses, subpoena responses or depositions) to support its defenses and oppose Plaintiffs' claims.

**Interrogatory No. 10.:** If YOU contend that City is estopped or otherwise equitably barred from pursuing its CLAIM under a Government Crime Policy YOU issued to the City, state all facts and reasoning supporting this contention.

**Answer to No.. 10.:** Objection.   This interrogatory seeks analysis protected by the attorney-client privilege and work product doctrine; seeks to shift the burden of proof to National Union and therefore is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit; and is a premature contention interrogatory served prior to the conclusion of discovery. Further responding, without waiving this objection, National Union states as follows:

Defendant's Answers and Objections to Plaintiffs' First Set of Interrogatories

The City of Beaumont submitted a proof of loss on November 3, 2016, executed by and sworn to by Melana Taylor.  That proof of loss alleged as follows:

> "[a]s detailed in the Proof of Loss the City contends that over $86,000,000 in payments to Urban Logic Consultants ("ULC") resulted from improper self-dealing by the members of the Kapanicas Administration, and that GGMS improperly received $1,364,542. As you are aware, since the submission of the Proof of Loss, members of the Kapanicas Administration (Moorjani, Dillon, Kapanicas, Egger and Aylward) entered into plea agreements with the District Attorney and signed factual bases in connection with their plea agreements. These factual bases prove that these individuals, ULC, and/or the members of the Kapanicas Administration engaged in unlawful self-dealing in violation of Government Code section 1090. Therefore, all payments received by GGMS and ULC were made pursuant to void and unlawful contracts and constitute recoverable losses under the employee theft and faithful performance coverages under the policies."

National Union first issued a Government Crime Policy naming the City of Beaumont as an additional insured in 2011.  Prior to City of Beaumont being named as an insured under a Government Crime Policy issued by National Union, the City of Beaumont knew about the conduct it now characterizes as triggering "employee theft" and "faithful performance" coverages. The factual basis for this conclusion can be ascertained by reviewing the City of Beaumont's records, the pleadings filed in *Urban Logic Consultants, Inc. v. Beaumont Citizens for Responsible Growth* (Case. No. RIC 10019763), materials published on bcrg.org, and public reports and commentary on *Urban Logic Consultants, Inc. v. Beaumont Citizens for Responsible Growth* (Case. No. RIC 10019763).  Because the answer to this interrogatory may be determined by examining those materials and the burden of deriving or ascertaining the answer will be substantially the same for either party, National Union elects to produce them in lieu of providing a narrative response.  The following are examples demonstrating the

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

City of Beaumont's knowledge of conduct it now characterizes as triggering "employee theft" and "faithful performance" coverages prior to being named as an insured on a Government Crime Policy issued by National Union:

1.　　Judith Bingham signed an affidavit dated January 10, 2011 detailing her disclosure of the conflict of interest cited in the City of Beaumont's proof of loss.  Per that affidavit, Ms. Bingham submitted a public records request to the City of Beaumont and based upon that records request identified the conflict of interest the City of Beaumont now characterizes as triggering "employee theft" and "faithful performance" coverages.  She raised conflict of interest during a City Council meeting on November 6, 2007, during which she asked the City of Beaumont's council to consider that a conflict of interest existed under the Urban Logic contracts that allowed Urban Logic to hire itself for City projects and supervise its own work.

2.　　Beaumont Citizens for Responsible Growth published a website detailing its investigation into the conflict of interest cited in the City of Beaumont's proof of loss. Per historic records, that website disclosed, prior to February 2011, as follows:

- "The City of Beaumont's contract with Urban Logic presents a **significant conflict of interest** and therefore must be terminated."

- "The City of Beaumont, under Urban Logic and City Manager Alan Kapanicas, has **consistently demonstrated favoritism and cronyism** in the awarding of pubic contracts."

- "Urban Logic's contract with The City of Beaumont which **allows it to profit** from each approved development, along with their on-going practice of **awarding high-dollar public contracts to a small group of friends and associates** instead of to the lowest bidder, have cost Beaumont taxpayers millions."

Defendant's Answers and Objections to Plaintiffs' First Set of Interrogatories

- "Urban Logic protects its ability to extract money from the City of Beaumont at all costs, **resorting to intimidation and threats when necessary**."

- **"Urban Logic as [sic] made millions by personally profiting from the advice they give to the City Council. <u>This conflict of interest must end</u>."**

- "BeaumontGate.org goes live, exposing the City's lack of transparency, blatant conflicts of interest and illegal contracting practices."

- "**Because Urban Logic's contracts create a clear conflict of interest and are in violation of Government Code Section 1090**."

A press release dated February 15, 2011 announcing that the results of a defamation lawsuit against Urban Logic Consultants quoted a Beaumont Councilwoman, the BCRG President, and a Beaumont resident.        http://bcrg.org/firstscene/Press-Release%20-%20Anti-SLAPP%202-15-11.pdf. That press release quoted Councilwoman Gall as follows:  "I'm happy that the Court has affirmed the rights of citizens to speak out and ask the government for a redress of grievances. **I know that the information on BeaumontGate is true** and that this lawsuit has been a terrible waste of time, money, and emotions."

National Union reserves the right to rely upon all of the terms, conditions, exclusions and provisions of the 2014-2015 Policy and 2015-2017 Policy in this litigation, and any facts developed in or disclosed during this litigation (whether in pleadings, initial disclosures, discovery responses, subpoena responses or depositions) to support its defenses and oppose Plaintiffs' claims.

**Interrogatory No. 11.:** Explain in detail why have YOU not rendered a coverage determination as to the City's CLAIM.

**Answer to No.. 11.:** Objection.  This interrogatory is vague in that it does not define the term "coverage determination."        Further

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

responding, without waiving this objection, National Union states as follows: National Union denies that it failed to provide an analysis of its claim and failed to explain why the materials provided by the City of Beaumont did not establish a covered loss.  A full explanation of National Union's discussions with the City of Beaumont can be ascertained by reviewing the claim file and correspondence between the City of Beaumont and National Union. The substance of the explanation can be ascertained by reviewing those materials.  Because the answer to this interrogatory may be determined by examining those documents and the burden of deriving or ascertaining the answer will be substantially the same for either party, National Union elects to produce them in lieu of providing a narrative response.

Further responding, National Union provided the City of Beaumont a written analysis of the claim on April 4, 2018, explaining why the proof of loss and supporting documents provided at that time did not establish a loss covered under either the 2014-2015 Policy or the 2015-2017 Policy. The substance of the explanation can be ascertained by reviewing National Union's April 4, 2018 letter. Because this portion of the answer to this interrogatory may be determined by examining the letter and the burden of deriving or ascertaining the answer will be substantially the same for either party, National Union elects to produce that letter in lieu of providing a narrative response.

Because City of Beaumont's proof of loss and supporting documents did not establish a covered loss under either the 2014-2015 Policy or the 2015-2017 Policy, National Union's April 4, 2018 letter requested additional information and documentation about the claimed loss.  After the City of Beaumont provided voluminous production of

-17-

unorganized documents, National Union requested supplemental information omitted from the City of Beaumont's production, conducted a review of the City of Beaumont's production and loss computation, and provided the City of Beaumont a second written analysis of the claim on November 4, 2019.  Because this portion of the answer to this interrogatory may be determined by examining the letter and the burden of deriving or ascertaining the answer will be substantially the same for either party, National Union elects to produce that letter in lieu of providing a narrative response.

**Interrogatory No. 12.:** IDENTIFY all DOCUMENTS RELATED TO, describing, or evidencing any investigation of the CLAIM YOU conducted.

**Answer to No.. 12.:** Objection.   This interrogatory is overbroad because it is not limited to a specific timeframe and seeks documents with counsel.   To the extent that it inquires about communications relating to this litigation or discussions with counsel, it seeks information protected by the attorney-client privilege and work product doctrine.   Further responding, without waiving this objection, AIG Claims, Inc, as authorized representative of National Union, reviewed and analyzed the City of Beaumont's claim prior to the filing of this litigation.  The scope, timing and substance of the pre-suit investigation and analysis (to the extent memorialized in writing) may be ascertained by reviewing the non-privileged portions of the claim file.  Because the answer to this interrogatory may be determined by examining those records and the burden of deriving or ascertaining the answer will be substantially the same for either party, National Union elects to produce those records in lieu of providing a narrative response.

Dated:  February 24, 2021

GORDON REES SCULLY
MANSUKHANI LLP

By:    */s/ Scott L. Schmookler*
      Scott L. Schmookler (*pro hac vice*)
      Telephone: (312) 980-6798
      sschmookler@grsm.com
      5 Park Plaza
      Suite 1100
      Irvine, CA 92614
      *Attorney for Defendant*
      *National Union Fire Insurance*
      *Company of Pittsburgh, Pa.*

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614

Defendant's Answers and Objections to Plaintiffs' First Set of Interrogatories

1

2
**VERIFICATION**

3
    On behalf of National Union Fire Insurance Company of Pittsburgh, Pa., I

4
have read the foregoing Defendant's Answers and Objections to Plaintiffs'

5
Interrogatories.   Based upon reasonable inquiry, I believe that the foregoing

6
answers are true and correct to the best of my knowledge, information and belief.

7
Under penalties of perjury, I certify that the foregoing is true and correct.

8

9
    DATED: 2/24/2021         BY:   */s/ Judith Blake*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA  92614

Defendant's Answers and Objections to Plaintiffs' First Set of Interrogatories

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 24, 2021, he served a copy of the foregoing upon the following counsel by sending it via e-mail to the following addresses:

> Jeffrey V. Dunn, State Bar No. 131926
> jeffrey.dunn@bbklaw.com
> Christopher E. Deal, State Bar No. 186754
> chris.deal@bbklaw.com
> Daniel L. Richards, State Bar No. 315552
> daniel.richards@bbklaw.com
> BEST BEST & KRIEGER LLP
> 18101 Von Karman Avenue, Suite 1000
> Irvine, California 92612
> Telephone: 949-263-2600
> Facsimile: 949-260-0972
> *Attorneys for Plaintiffs*

> GORDON REES SCULLY
> MANSUKHANI LLP
>
> By:    */s/ Scott L. Schmookler*
> Scott L. Schmookler (*pro hac vice*)
> Telephone: (312) 980-6798
> sschmookler@grsm.com
> 5 Park Plaza
> Suite 1100
> Irvine, CA 92614
> *Attorney for Defendant*
> *National Union Fire Insurance*
> *Company of Pittsburgh, Pa.*

Defendant's Answers and Objections to Plaintiffs' First Set of Interrogatories

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA  92614