JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**PLAINTIFFS WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS AND CITY OF BEAUMONT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF BRIAN DeFORGE**<br><br>Date: August 1, 2022<br>Time: 8:30 a.m.<br>Courtroom: 9D |

# EVIDENTIARY OBJECTIONS TO THE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiffs WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS and CITY OF BEAUMONT ("Plaintiffs") hereby submit the following evidentiary objections to the Declaration of Brian DeForge (ECF NO. 49-5) filed in Support of the Motion for Summary Judgment brought by Defendant National Union Fire Insurance Company of Pittsburgh, PA ("Defendant").

## GENERAL AND PRELIMINARY OBJECTIONS

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| 1 | Declaration of Brian DeForge (hereinafter "DeForge Decl.") ECF NO. 49-5:<br><br>"The City of Beaumont paid ULC to provide planning, economic development and engineering services. As city officers, Mr. Egger, Mr. Dillon and Mr. Moorjani participated in the making of contracts between the City of Beaumont and ULC, and supervision of work by ULC. As owners of ULC, I understood that Mr. Egger, Mr. Dillion and Mr. Moorjani received a financial benefit from ULC's contracts with the City of Beaumont." | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Speculative Lay Testimony** (FRE 701; *see United States v. Freemand*, 498 F.3d 893, 905 (9th Cir. 2007))<br><br>**Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Irrelevant** (FRE 401-402). | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | (DeForge Decl. ECF NO. 49-5, at ECF 49-5 p. 204 lines 18-23 (¶7)). | | |
| 2 | DeForge Decl., ECF NO. 49-5:<br><br>"The ULC Principals, in their official capacity for the City, participated in the making of revenue bonds, including the drafting and negotiation of the bond offering documents. The ULC Principals, in their official capacity for the City, worked with bond counsel and financial analysts in preparation of the bonds. Official statements in the bond documents identified ULC as the "Project Engineer," disclosed that ULC was responsible for (among other things) engineering services, and disclosed that fees paid to ULC were contingent upon the sale and delivery of the bonds."<br><br>(DeForge Decl. ECF NO. 49-5, at ECF 49-5 p. 205 lines 3-10 (¶9)). | **Incomplete Evidence** (FRE 106);<br><br>**Irrelevant** (FRE 401-402);<br><br>**Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | Sustained:_____<br><br>Overruled:_____ |
| 3 | DeForge Decl., ECF NO. 49-5:<br><br>"At the time the ULC Principals participated in the making of these bonds, | **Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009); | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | the ULC Principals had a financial interest in the bonds, because ULC received money from bond proceeds. Mr. Dillon, Mr. Egger and Mr. Moorjani each received a financial benefit (in the form of payments to ULC from bond proceeds) in excess of $25,000 while serving in an official capacity for the City of Beaumont."<br><br>(DeForge Decl. ECF NO. 49-5, at ECF 49-5 p. 205 lines 11-16 (¶10)). | **Irrelevant** (FRE 401-402). | |
| 4 | DeForge Decl., ECF NO. 49-5:<br><br>"Prior to Beaumont Finance Authority's issuance of the revenue bonds, Mr. Egger, Mr. Dillon and Mr. Moorjani (in their official capacity for the City of Beaumont) consulted with Beaumont Financing Authority on the revenue bonds and the infrastructure being developed through the bond offering. As reflected in official statements, I understood that the revenue bonds would generate funds for the development of infrastructure and that | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Lack of Foundation** (FRE 901);<br><br>**Speculative Lay Testimony** (FRE 701; *see United States v. Freemand*, 498 F.3d 893, 905 (9th Cir. 2007))<br><br>**Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Hearsay** (FRE 805, 801-802);<br><br>**Irrelevant** (FRE 401-402). | Sustained:_____<br><br>Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | those funds would be used, in part, to pay ULC for planning and engineering services. At that time, I understood that Mr. Egger, Mr. Dillon and Mr. Moorjani owned ULC and would therefore receive financial benefit from fees generated by the revenue bonds." (DeForge Decl. ECF NO. 49-5, at ECF 49-5 p. 205 lines 17-26 (¶11)). | | |
| 5 | DeForge Decl., ECF NO. 49-5: "Each bond was approved and issued by the Beaumont Financing Authority. Once approved and issued by the Financing Authority, the bonds were sold to and purchased by investors. The funds created by these bonds sales were then placed with the trustee, Union Bank of California. Bond money could be accessed by sending a requisition to the bond trustee. The bond trustee would pay the requisition. Typically, City Manager Alan Kapanicas would send requisition forms to Union Bank. The invoice | **Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009); **Irrelevant** (FRE 401-402). | Sustained:_____ Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | for payment would be signed by Dillon, Egger, Moorjani or Kapanicas as department heads."<br><br>(DeForge Decl. ECF NO. 49-5, at ECF 49-5 p. 206 lines 1-8 (¶12)). | | |
| 6 | DeForge Decl., ECF NO. 49-5:<br><br>"Prior to 2011, at least one member of the public (Judith Bingham) appeared during at least one City Council meeting and publicly stated that the retention of ULC created a conflict of interest that violated California law. I understood that California law provided that city officers shall not be financially interested in any contract made by them in their official capacity, or by any body or board of which they are members."<br><br>(DeForge Decl. ECF NO. 49-5, at ECF 49-5 p. 206 lines 9-14 (¶13)). | **Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Hearsay** (FRE 805, 801-802);<br><br>**Irrelevant** (FRE 401-402). | Sustained:_____<br><br>Overruled:_____ |
| 7 | DeForge Decl., ECF NO. 49-5:<br><br>"The City Council considered whether to continue retaining Mr. Egger, Mr. Moorjani and | **Privilege in General** (FRE 501 – deliberative process privilege implication)<br><br>**Irrelevant** (FRE 401-402). | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | Mr. Dillon in an official capacity. Although Mr. Egger, Mr. Moorjani and Mr. Dillon had a financial interest in the bonds issued by the City in which ULC was the Project Engineer and participated in the making of the bond, the City Council decided to continue retaining ULC and did not remove Mr. Egger, Mr. Moorjani and Mr. Dillon from their official positions with the City of Beaumont." (DeForge Decl. ECF NO. 49-5, at ECF 49-5 p. 206 lines 15-21 (¶14)). | | |
| 8 | DeForge Decl., ECF NO. 49-5:<br><br>"As a City Councilmember, I was informed on or after March 29, 2010 that Western Riverside Council of Governments ("WRCOG") filed suit against the City of Beaumont. I was informed that on or after May 22, 2014, the judge issued a finding in this case that the City of Beaumont had not remitted TUMF funds. I am aware that during the public comment period of the June 3, 2014 | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Lack of Foundation** (FRE 901);<br><br>**Speculative Lay Testimony** (FRE 701; *see United States v. Freemand*, 498 F.3d 893, 905 (9th Cir. 2007))<br><br>**Hearsay** (FRE 805, 801-802);<br><br>**Irrelevant** (FRE 401-402); | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
|  | Beaumont City Council meeting, a citizen read from portion of the decision as follows: "evidence and testimony reveals that City management and staff engaged in a pattern and practice of deception that transcends the typical give and take of dispute negotiation", and that "[h]ad this been a typical civil trial containing allegations of fraud, I would have found fraud by clear and convincing evidence as against the City."<br><br>(DeForge Decl. ECF NO. 49-5, at ECF 49-5 pp. 206-207 lines 15-27 and 1-5 (¶15)). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). |  |

Dated: July 11, 2022

BEST BEST & KRIEGER LLP

By: */s/ Jeffrey v. Dunn*
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS

Attorneys for Plaintiffs
Western Riverside Council of Governments and City of Beaumont

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612