JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>  Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**PLAINTIFFS WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS AND CITY OF BEAUMONT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF LAWRENCE DRESSEL**<br><br>Date: August 1, 2022<br>Time: 8:30 a.m.<br>Courtroom: 9D |
|---|---|

# EVIDENTIARY OBJECTIONS TO THE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiffs WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS and CITY OF BEAUMONT ("Plaintiffs") hereby submit the following evidentiary objections to the Declaration of Lawrence Dressel (ECF NO. 49-5) filed in Support of the Motion for Summary Judgment brought by Defendant National Union Fire Insurance Company of Pittsburgh, PA ("Defendant").

## GENERAL AND PRELIMINARY OBJECTIONS

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| 1 | Declaration of Lawrence Dressel (hereinafter "Dressel Decl."), ECF NO. 49-5:<br><br>"On an annual basis, the City Council reviewed and approved Capital Improvement Plans. Capital Improvement Plans were a component of the budgeting process and identified the capital improvement projects that the City (either itself or through the Beaumont Utility Authority) would undertake. Capital Improvement Plans were prepared by the Public Works Department in conjunction with input from other agencies as needed for various projects. The Capital Improvement Plans included a preliminary engineer's estimate of the cost for each project, an allocation of funds and a budget summary | **Incomplete Evidence** (FRE 106);<br><br>**Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | Sustained:_____<br><br>Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | that categorized the costs associated with each project. The Capital Improvement Plans also included a list of professional services contractors that were approved to perform the work for the projects identified in the plans." (Dressel Decl. ECF NO. 49-5, at ECF 49-5 pp. 214-215 lines 26-27 and 1-9 (¶3)). | | |
| 2 | Dressel Decl., ECF NO. 49-5:<br><br>"While I was on City Council from 2001 through 2010, the City Council reviewed and approved the Capital Improvement Plans. As a member of the City Council, I personally reviewed the Capital Improvement Plans for fiscal year 2001 through fiscal year 2010. Those Capital Improvement Plans included a budget summary that categorized the costs associated with each project, and the cost for the services associated with each project identified in the Capital Improvement Plans."<br><br>(Dressel Decl. ECF NO. 49-5, at ECF 49-5 p. 215 lines 10-16 (¶4)). | **Incomplete Evidence** (FRE 106);<br><br>**Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing ... the original writing ... is required, except as provided in these rules or by Act of Congress."). | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| 3 | Dressel Decl., ECF NO. 49-5:<br><br>"While I served on the City Council, the City of Beaumont contracted with Urban Logic Consultants ("ULC") and paid ULC to provide planning, economic development, construction management and engineering services. While I served on the City Council, Ernest Egger, David Dillon, and Deepak Moorjani ("ULC Principals") owned ULC. ULC was a qualified professional services contractor approved by the City Council during my tenure on the council."<br><br>(Dressel Decl. ECF NO. 49-5, at ECF 49-5 pp. 215-216 lines 26-27 and 1-4 (¶6)). | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Irrelevant** (FRE 401-402). | Sustained:_____<br><br>Overruled:_____ |
| 4 | Dreseel Decl., ECF NO. 49-5:<br><br>"The 4.5% cap on fees for services set forth in Section V and V.1 generally applied to day-to-day services that ULC provided on public works projects relating to plan checking; construction inspection; and construction management ("Section V and Section V.1 services")." | **Lack of Foundation** (FRE 901);<br><br>**Incomplete Evidence** (FRE 106); | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | (Dressel Decl. ECF NO. 49-5, at ECF 49-5 p. 217 lines 6-9 (¶10)). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 5 | Dressel Decl., ECF NO. 49-5:<br><br>"ULC performed or outsourced engineering; surveying; and/or other contractor services that were billed on an hourly rate schedule and not subject to the 4.5% fee cap."<br><br>(Dressel Decl. ECF NO. 49-5, at ECF 49-5 p. 217 lines 10-12 (¶11)). | **Lack of Foundation** (FRE 901);<br><br>**Incomplete Evidence** (FRE 106); | Sustained:_____<br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 6 | Dressel Decl., ECF NO. 49-5:<br><br>"ULC also performed services for private development projects that were outside of its agreement with the City. Services for private development projects were billed on an hourly rate schedule and not subject to a 4.5% fee cap."<br><br>(Dressel Decl. ECF NO. 49-5, at ECF 49-5 p. 217 lines 13-15 (¶12)). | **Lack of Foundation** (FRE 901);<br><br>**Incomplete Evidence** (FRE 106); | Sustained:_____<br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 7 | Dressel Decl., ECF NO. 49-5:<br><br>"The Capital Improvement Plans provided a budget for services ULC performed on a yearly, as-needed basis, including a budget for Section V and Section V.1 services. The budget summary incorporated into each Capital Improvement Plan set forth the estimated cost for the services associated with each project identified in the Capital Improvement Plan, including | **Incomplete Evidence** (FRE 106); | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | the Section V and Section V.1 services that ULC provided." (Dressel Decl. ECF NO. 49-5, at ECF 49-5 p. 217 lines 16-21 (¶13)). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing ... the original writing ... is required, except as provided in these rules or by Act of Congress."). | |
| 8 | Dressel Decl., ECF NO. 49-5: "As reflected in the Capital Improvement Plans and as approved by the City Council, the fees that ULC charged for Section V and Section V.1 services exceeded 4.5% of the total project budget/bid price/cost. The fees that ULC charged for Section V and Section V.1 services exceeded the 4.5% fee cap because of the nature and scope of the City's public works projects | **Incomplete Evidence** (FRE 106); | Sustained:_____ Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | as the City expanded and grew." (Dressel Decl. ECF NO. 49-5, at ECF 49-5 p. 217 lines 22-27 (¶14)). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 9 | Dressel Decl., ECF NO. 49-5: "As a member of City Council, I knew that the fees ULC charged for Section V and Section V.1 services exceeded 4.5% of the total project budget/bid price/cost. The amount of ULC's fees for Section V and V.1 services, and the fact that those fees exceeded the 4.5% fee cap, were disclosed to and approved by the City Council." | **Incomplete Evidence** (FRE 106); | Sustained:_____ Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
|  | (Dressel Decl. ECF NO. 49-5, at ECF 49-5 p. 218 lines 1-5 (¶15)). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). |  |
| 10 | Dressel Decl., ECF NO. 49-5:<br><br>"I understood that Mr. Egger, Mr. Dillon and Mr. Moorjani, as owners of ULC, received a financial benefit from the construction projects and work awarded by the City of Beaumont to ULC and from the contracts and work awarded to other contractors in which ULC provided planning, engineering, inspection and construction management services for a fee. The total | **Lack of Foundation** (FRE 901);<br><br>**Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Irrelevant** (FRE 401-402). | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | work awarded to ULC during my time on the City Council exceeded $25,000. I therefore understood that Mr. Dillon, Mr. Egger and Mr. Moorjani received a financial benefit from the construction projects and work awarded by the City of Beaumont to ULC in excess of $25,000."<br><br>(Dressel Decl. ECF NO. 49-5, at ECF 49-5 p. 219 lines 3-11 (¶18)). | | |
| 11 | Dressel Decl., ECF NO. 49-5:<br><br>"Prior to 2011, members of the public, including Judith Bingham and Nancy Hall, appeared during city council meetings and publicly stated that in their opinion the retention of ULC created a conflict of interest that violated California law. Members of the public advised City Council that the ULC Principals' participation, as city officials, in planning, negotiating, recommending and awarding work to ULC; the ULC Principals' supervision, as city officials, of the work ULC performed; and the ULC Principals' financial interest in the | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Hearsay** (FRE 805, 801-802);<br><br>**Irrelevant** (FRE 401-402). | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | construction projects and work awarded to ULC was a conflict of interest that violated California law." (Dressel Decl. ECF NO. 49-5, at ECF 49-5 pp. 219-220 lines 25-27 and 1-6 (¶22)). | | |
| 12 | Dressel Decl., ECF NO. 49-5: "The City Council considered whether to continue retaining Mr. Egger, Mr. Moorjani and Mr. Dillon in an official capacity. The City Council knew that Mr. Egger, Mr. Moorjani and Mr. Dillon had a financial interest in construction projects and work awarded by the City to ULC, participated (as city officers) in planning, negotiating, recommending and awarding projects and work to ULC, and supervised (as city officers) the work performed by ULC. The City Council decided to continue retaining ULC and did not remove Mr. Egger, Mr. Moorjani and Mr. Dillon from their official positions with the City of Beaumont." (Dressel Decl. ECF NO. 49-5, at ECF 49-5 p. 220 lines 7-14 (¶23)). | **Privilege in General** (FRE 501 – deliberative process privilege implication); **Irrelevant** (FRE 401-402). | Sustained:_____ Overruled:_____ |

Dated: July 11, 2022

BEST BEST & KRIEGER LLP

By: */s/ Jeffrey v. Dunn*
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS

Attorneys for Plaintiffs
Western Riverside Council of Governments and City of Beaumont