JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**PLAINTIFFS WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS AND CITY OF BEAUMONT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF NANCY C. GALL**<br><br>Date:　　　　August 1, 2022<br>Time:　　　　8:30 a.m.<br>Courtroom:　9D |

# EVIDENTIARY OBJECTIONS TO THE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiffs WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS and CITY OF BEAUMONT ("Plaintiffs") hereby submit the following evidentiary objections to the Declaration of Nancy C. Gall (ECF NO. 49-5) filed in Support of the Motion for Summary Judgment brought by Defendant National Union Fire Insurance Company of Pittsburgh, PA ("Defendant").

## GENERAL AND PRELIMINARY OBJECTIONS

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| 1 | Declaration of Nancy C. Gall (hereinafter "Gall Decl."), ECF NO. 49-5:<br><br>"On an annual basis, the City Council reviewed and approved Capital Improvement Plans. Capital Improvement Plans were a component of the budgeting process and identified the capital improvement projects that the City (either itself or through the Beaumont Utility Authority) would undertake. The Capital Improvement Plans included a preliminary engineer's estimate of the cost for each project, an allocation of funds and a budget summary that categorized the costs associated with each project.  The Capital Improvement Plans also | **Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Incomplete Evidence** (FRE 106);<br><br>**Irrelevant** (FRE 401-402); | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | included a list of professional services contractors that were approved to perform the work for the projects identified in the plans." (Gall Decl, ECF NO. 49-5, at ECF 49-5 p. 257 lines 5-13 (¶4)). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 2 | Gall Decl., ECF NO. 49-5: "Those Capital Improvement Plans included a budget summary that categorized the costs associated with each project, and the cost for the services associated with each project identified in the Capital Improvement Plans." (Gall Decl, ECF NO. 49-5, at ECF 49-5 p. 257 lines 17-20 (¶5)). | **Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009); **Incomplete Evidence** (FRE 106); **Irrelevant** (FRE 401-402); | Sustained:_____ Overruled:_____ |

5:20-CV-02164- GW (KKX)
REQUEST FOR EVIDENTIARY RULING

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 3 | Gall Decl., ECF NO. 49-5: "The Capital Improvement Plans were treated as the governing agreement for each project. The City Council could amend and adopt the Capital Improvement Plans through a Resolution. After reviewing the Capital Improvement Plans for fiscal years 2008 through 2012, the City Council voted to approve each plan. Through that approval, the City Council authorized the City Manager, staff, financing team, and | **Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009); **Incomplete Evidence** (FRE 106); **Irrelevant** (FRE 401-402); | Sustained:_____ Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
|  | qualified professional services contractors identified in the plans to take all necessary actions and expend funds as directed and authorized to complete the projects as set forth in the Capital Improvement Plans." <br><br> (Gall Decl, ECF NO. 49-5, at ECF 49-5 pp. 257-258 lines 21-27 and 1-2 (¶6)). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). |  |
| 4 | Gall Decl., ECF NO. 49-5: <br><br> "I understood that Mr. Egger, Mr. Dillon and Mr. Moorjani, as owners of ULC, received a financial benefit from the contracts and work awarded by the City of Beaumont to ULC and from the contracts and work awarded to other contractors in which ULC provided planning, engineering, inspection and construction management services for a fee. The total work awarded to ULC during my time on the City Council exceeded $25,000. | **Improper Opinion Testimony** (FRE 701-703); <br><br> **Lack of Foundation** (FRE 901); <br><br> **Irrelevant** (FRE 401-402); <br><br> **Hearsay** (FRE 805, 801-802). | Sustained:_____ <br><br> Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | I therefore understood that Mr. Dillon, Mr. Egger and Mr. Moorjani received a financial benefit from the work awarded by the City of Beaumont in excess of $25,000."<br><br>(Gall Decl, ECF NO. 49-5, at ECF 49-5 p. 259 lines 15-22(¶10)). | | |
| 5 | Gall Decl., ECF NO. 49-5:<br><br>"On or about October 7, 2010, Urban Logic Consultants, Mr. Moorjani, Mr. Egger, and Mr. Dillon filed a lawsuit against the Beaumont Citizens for Responsible Growth, Judith Bingham, Mary Daniel and Nancy Hall ('the BCRG lawsuit'), alleging trade libel and defamation relating to statements posted on the website BeaumontGate.org ('BeaumontGate'). I was aware of the lawsuit at the time of its filing. I was quoted in a press release on February 15, 2011 stating, 'I know that the information on BeaumontGate is true and that this lawsuit has been a terrible waste of time, money, and emotions.'" | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Lack of Foundation** (FRE 901);<br><br>**Constitutes a Legal Conclusion.** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Hearsay** (FRE 805, 801-802);<br><br>**Incomplete Evidence** (FRE 106);<br><br>**Irrelevant** (FRE 401-402); | Sustained:_____<br><br>Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

5:20-CV-02164- GW (KKX)
REQUEST FOR EVIDENTIARY RULING

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | (Gall Decl, ECF NO. 49-5, at ECF 49-5 pp. 259-260 lines 23-27 and 1-3 (¶11)). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 6 | Gall Decl., ECF NO. 49-5:<br><br>"I was aware of and had knowledge of the contents on BeaumontGate prior to 2011. For example, in September 2010, the BeamontGate website contained the following information: [screenshot omitted] (See printout of Beaumontgate.org website, dated September 10, 2010, attached here as Exhibit A.)"<br><br>(Gall Decl, ECF NO. 49-5, at ECF 49-5 p. 260 lines 4-16 (¶12). | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Hearsay** (FRE 805, 801-802);<br><br>**Incomplete Evidence** (FRE 106);<br><br>**Irrelevant** (FRE 401-402); | Sustained:_____<br><br>Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 7 | Gall Decl., ECF NO, 49-5: "The BeaumontGate website also contained the following information in 2010: [screenshot omitted] (See <u>Exhibit A</u>.)" (Gall Decl, ECF NO. 49-5, at ECF 49-5 pp. 260-261 lines 17-22 and 1-15 (¶13). | **Improper Opinion Testimony** (FRE 701-703); **Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009); **Hearsay** (FRE 805, 801-802); **Incomplete Evidence** (FRE 106); **Irrelevant** (FRE 401-402); | Sustained:_____ Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 8 | Gall Decl., ECF NO. 49-5: "I have reviewed printouts of the BeaumontGate.org website, dated September 10, 2010, attached here as Exhibit A. I am familiar with the BeaumontGate.org website and based on my knowledge and memory of the BeaumontGate.org website, the printouts contained in Exhibit A are a fair and accurate representation of the BeaumontGate.org website in September 2010." | **Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009); **Hearsay** (FRE 805, 801-802); **Incomplete Evidence** (FRE 106); **Irrelevant** (FRE 401-402); | Sustained:_____ Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
|  | (Gall Decl, ECF NO. 49-5, at ECF 49-5 p. 261 lines 16-20 (¶14). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). |  |
| 9 | Gall Decl., ECF NO. 49-5: "I was aware of the contents of BeaumontGate.org website in 2010 and 2011, and was aware that Mr. Egger, Mr. Dillon and Mr. Moorjani, as owners of ULC, received a financial benefit from the contracts and work awarded by the City of Beaumont to ULC. I was also aware by September 2010 that Mr. Egger, Mr. Dillon and Mr. Moorjani, in their official capacity for the City of Beaumont, participated in | **Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009); **Hearsay** (FRE 805, 801-802); **Incomplete Evidence** (FRE 106); **Irrelevant** (FRE 401-402); | Sustained:_____ Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
|  | the planning, negotiations and recommendations of contracts and work awarded to ULC and the supervision of work performed by ULC."<br><br>(Gall Decl, ECF NO. 49-5, at ECF 49-5 p. 261 lines 21-27 (¶15). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). |  |
| 10 | Gall Decl., ECF NO. 49-5:<br><br>"Prior to 2011, members of the public, including Judith Bingham and Nancy Hall, appeared during multiple city council meetings and publicly stated that the retention of ULC created a conflict of interest that violated California law. Based upon those comments, I understood that California law provided that city officers shall not be financially interested in any contract made by them in their official capacity, or by any | **Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Hearsay** (FRE 805, 801-802);<br><br>**Irrelevant** (FRE 401-402). | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | body or board of which they are members."<br><br>(Gall Decl, ECF NO. 49-5, at ECF 49-5 p. 262 lines 1-6 (¶16). | | |
| 11 | Gall Decl., ECF NO. 49-5:<br><br>"I understood and advised members of City Council and other city officials, including but not limited to City Manager Alan Kapanicas, that the ULC Principals' participation, as city officials, in planning, negotiating, recommending and awarding work to ULC; the ULC Principals' supervision, as city officials, of the work ULC performed; and the ULC Principals' financial interest in the contracts and work awarded to ULC was dishonest, a conflict of interest, and violated California law."<br><br>(Gall Decl, ECF NO. 49-5, at ECF 49-5 p. 262 lines 7-13 (¶17). | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Hearsay** (FRE 805, 801-802);<br><br>**Irrelevant** (FRE 401-402). | Sustained:_____<br><br>Overruled:_____ |
| 12 | Gall Decl., ECF NO. 49-5:<br><br>"I urged City Council to review ULC's contract because of their conflict of interest. For example, on February 14, 2011, I sent | **Improper Opinion Testimony** (FRE 701-703); | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | an email to City Manager Alan Kapanicas and copied two City Council members, Brian DeForge and David Castaldo, advising of my request that the council consider ULC's contract at the City Council meeting the following evening: [screenshot omitted] (See printout of February 14, 2011 emails, attached as Exhibit B.)"<br><br>(Gall Decl, ECF NO. 49-5, at ECF 49-5 p. 262 lines 14-25 (¶18). | **Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Hearsay** (FRE 805, 801-802);<br><br>**Incomplete Evidence** (FRE 106);<br><br>**Irrelevant** (FRE 401-402);<br><br>**Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 13 | Gall Decl., ECF NO. 49-5:<br><br>"The City Council considered whether to continue retaining Mr. Egger, Mr. Moorjani and Mr. Dillon in an official capacity in light of their | **Irrelevant** (FRE 401-402);<br><br>**Privilege in General** (FRE 501 – deliberative process privilege implication). | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | dishonest conduct and conflict of interest. Although City Council knew that Mr. Egger, Mr. Moorjani and Mr. Dillon had a financial interest in contracts and work awarded by the City to ULC, participated (as city officers) in planning, negotiating, recommending and awarding contracts and work to ULC, and supervised (as city officers) the work performed by ULC, the City Council decided to continue retaining ULC and did not remove Mr. Egger, Mr. Moorjani and Mr. Dillon from their official positions with the City of Beaumont." <br><br>(Gall Decl, ECF NO. 49-5, at ECF 49-5 pp. 262-263 lines 26-27 and 1-7 (¶19). | | |

Dated: July 11, 2022

BEST BEST & KRIEGER LLP

By: /s/ Jeffrey v. Dunn
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS

Attorneys for Plaintiffs
Western Riverside Council of Governments and City of Beaumont

5:20-CV-02164- GW (KKX)
REQUEST FOR EVIDENTIARY RULING