JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**PLAINTIFFS WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS AND CITY OF BEAUMONT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF NANCY HALL**<br><br>Date: August 1, 2022<br>Time: 8:30 a.m.<br>Courtroom: 9D |

# EVIDENTIARY OBJECTIONS TO THE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiffs WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS and CITY OF BEAUMONT ("Plaintiffs") hereby submit the following evidentiary objections to the Declaration of Nancy Hall (ECF NO. 49-5) filed in Support of the Motion for Summary Judgment brought by Defendant National Union Fire Insurance Company of Pittsburgh, PA ("Defendant").

## GENERAL AND PRELIMINARY OBJECTIONS

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| 1 | Declaration of Nancy Hall (hereinafter "Hall Decl.") , ECF NO 49-5:<br><br>"Beginning in or about 2004 and through 2011, and later, I attended Beaumont City Council and Planning Commission meetings. During City Council meetings, I voiced my concerns to City Council regarding the ULC Principals' conflict of interest, both in writing and orally. Prior to 2011, I told the City Council that the retention of ULC and the ULC Principals' actions as city officials violated Government Code Section 1090 because the ULC Principals were financially interested in contracts in which they were involved or participated in forming. | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Lack of Foundation** (FRE 901);<br><br>**Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Irrelevant** (FRE 401-402);<br><br>**Hearsay** (FRE 805, 801-802). | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
|  | The ULC Principals, in their role as city officials, made recommendations to the City Council to approve projects that awarded work to ULC in which ULC supervised projects on behalf of the City for a fee. The City Council awarded work to ULC and paid ULC based on recommendations that the ULC Principals made to City Council in their official capacity."<br><br>(Hall Decl. ECF NO. 49-5, at ECF 49-5 pp. 158-159 lines 26-27 and 1-10 (¶5)). |  |  |
| 2 | Hall Decl., ECF NO. 49-5:<br><br>"On December 8, 2004, I sent a letter to Beaumont City Councilman Jeff Fox following a telephone with Mr. Fox on that same day. (See December 8, 2004 letter, attached here as Exhibit A.) I informed Mr. Fox that the ULC Principals contacted me within days of me submitting a public records request on June 25, 2004 for ULC's contract with the City. (Id., pg. 1.) I explained to Mr. Fox that after | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Lack of Foundation** (FRE 901);<br><br>**Hearsay** (FRE 805, 801-802);<br><br>**Incomplete Evidence** (FRE 106);<br><br>**Irrelevant** (FRE 401-402); | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | canceling an appointment that I had scheduled in the morning with ULC, they continued to be persistent that day in my coming to their office to discuss my concerns regarding their contract. (Id.) I called the City Staff who arranged a time frame, so that I could review their contracts without their persistence. (Id.)"  (Hall Decl. ECF NO. 49-5, at ECF 49-5 p. 159 lines 11-19 (¶6)). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 3 | Hall Decl., ECF NO. 49-5:  "In my letter to Mr. Fox, I expressed my concerns regarding the ULC Principals' conflict of interest. (Id., at pg. 3.) I advised Mr. Fox that "they are recommending projects for [city] council to approve that they are making money on both ends, *which I believe is a conflict*." (Id.) (emphasis in original). For example, I told Mr. Fox that one of the City's contracts with | **Improper Opinion Testimony** (FRE 701-703);  **Lack of Foundation** (FRE 901);  **Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);  **Hearsay** (FRE 805, 801-802);  **Incomplete Evidence** (FRE 106);  **Irrelevant** (FRE 401-402); | Sustained:_____  Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | another contractor "reads that the City will pay for the engineering costs.... In recommending to [city] council to approve the contract, you also approved that the city pay for engineering, which is UL[C]. *Is that not a conflict?* (Id.) (emphasis in original). As stated in my letter to Mr. Fox, "my other concern is that there may be a conflict if they [the ULC Principals] are recommending work to the [city] council that they are being paid on as a commission." (Id., pg. 4.)<br><br>(Hall Decl. ECF NO. 49-5, at ECF 49-5 pp. 159-160 lines 20-27 and 1-3 (¶7)). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 4 | Hall Decl., ECF NO. 49-5:<br><br>"Thereafter, I received a letter from Mr. Fox, dated January 5, 2005, responding to my December 8, 2004 letter. (See January 5, 2005 letter, attached as <u>Exhibit B</u>.) In this letter, Mr. Fox acknowledged that he was aware of the concerns I raised in my letter: "I want to assure you that I was previously aware of | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Lack of Foundation** (FRE 901);<br><br>**Irrelevant** (FRE 401-402);<br><br>**Hearsay** (FRE 805, 801-802);<br><br>**Incomplete Evidence** (FRE 106); | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | many of the charges that you make in your letter and, as a member of the City Council, I am satisfied that the Council is likewise well informed." (Id.)"<br><br>(Hall Decl. ECF NO. 49-5, at ECF 49-5 p. 160 lines 4-9 (¶8)). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 5 | Hall Decl., ECF NO 49-5:<br><br>"On September 4, 2007, I sent a letter to the Beaumont City Council, Mayor Jeff Fox, Councilman Pro-Tem Brian DeForge, Councilman Lawrence Dressel, Councilman Roger Berg and Councilwoman Martie Killough expressing my concern regarding the ULC Principals' Conflict of Interest. (See September 4, 2007 letter, | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Constitutes a Legal Conclusion.** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Hearsay** (FRE 805, 801-802);<br><br>**Incomplete Evidence** (FRE 106);<br><br>**Irrelevant** (FRE 401-402); | Sustained:_____<br><br>Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

5:20-CV-02164- GW (KKX)
REQUEST FOR EVIDENTIARY RULING

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
|  | attached as Exhibit C.) In that letter, I enclosed a copy of Government Code Section 1090. (Id.) As I stated in the letter, I "sent numerous letters over the past 3 years to the City Attorney, the City Manager and several Council members, regarding [the ULC Principals'] conflict." (Id.)"<br><br>(Hall Decl. ECF NO. 49-5, at ECF 49-5 p. 160 lines 10-17 (¶9)). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). |  |
| 6 | Hall Decl., ECF NO 49-5:<br><br>"Following one of these Committee meetings, I spoke with City Councilman Brian DeForge in the parking lot outside the Pass Water Agency about the ULC Principals' conflict of interest and violation of Government Code Section 1090. I told Mr. DeForge that the retention of ULC and the ULC Principals' actions as city officials violated Government | **Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Irrelevant** (FRE 401-402);<br><br>**Hearsay** (FRE 805, 801-802). | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
|  | Code Section 1090 because the ULC Principals were financially interested in contracts in which they were involved or participated in forming by making recommendations to the City Council to award work to ULC that the ULC Principals profited from." <br><br>(Hall Decl. ECF NO. 49-5, at ECF 49-5 p. 160-161 lines 26-27 and 1-7 (¶11)). |  |  |
| 7 | Hall Decl., ECF NO. 49-5:<br><br>"In or about September 2010, BCRG launched the website at wwww.beaumontgate.org ("BeaumontGate website"). In September 2010 the BeaumontGate website contained the following information: [screenshot omitted], (See printout of BeaumontGate website, dated September 10, 2010, attached here as Exhibit D.) The BeaumontGate website also contained the following information in 2010: [screenshot omitted] (See Exhibit D.)" | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Lack of Foundation** (FRE 901);<br><br>**Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Hearsay** (FRE 805, 801-802);<br><br>**Incomplete Evidence** (FRE 106);<br><br>**Irrelevant** (FRE 401-402); | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
|  | (Hall Decl. ECF NO. 49-5, at ECF 49-5 p. 161-162 lines 8-25 and 1-14 (¶12)). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). |  |
| 8 | Hall Decl., ECF NO. 49-5: "I have reviewed printouts of the BeaumontGate website, dated September 10, 2010, attached here as <u>Exhibit D</u>. I am familiar with BeaumontGate website. Based on my knowledge and memory of the BeaumontGate website, the printouts contained in <u>Exhibit D</u> are a fair and accurate representation of the BeaumontGate website in September 2010." | **Improper Opinion Testimony** (FRE 701-703); **Lack of Foundation** (FRE 901); **Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009); **Hearsay** (FRE 805, 801-802); **Incomplete Evidence** (FRE 106); **Irrelevant** (FRE 401-402); | Sustained:_____ Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | (Hall Decl. ECF NO. 49-5, at ECF 49-5 p. 162 lines 15-19 (¶13)). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 9 | Hall Decl., ECF NO. 49-5: "On or about October 7, 2010, Urban Logic Consultants, Deepak Moorjani, Ernest Egger, and David Dillon filed a lawsuit against BCRG, Judith Bingham, Mary Daniel, and me ("the BCRG lawsuit"), alleging trade libel and defamation related to statements posted on the website BeaumontGate.org ('BeaumontGate')." | **Irrelevant** (FRE 401-402); **Hearsay** (FRE 805, 801-802). | Sustained:_____ Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | (Hall Decl. ECF NO. 49-5, at ECF 49-5 p. 162 lines 20-24 (¶14)). | | |
| 10 | Hall Decl., ECF NO. 49-5:<br><br>"On February 15, 2011, the court granted defendants' motion to strike the ULC Plaintiffs' complaint in the BCRG lawsuit. On March 8, 2011, the court entered an order striking the complaint without leave to amend and entered judgment in favor of defendants and against the ULC Plaintiffs, with defendants to recover their attorneys' fees, expenses and costs."<br><br>(Hall Decl. ECF NO. 49-5, at ECF 49-5 p. 162-163 lines 25-27 and 1-2 (¶15)). | **Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Irrelevant** (FRE 401-402);<br><br>**Hearsay** (FRE 805, 801-802);<br><br>**Incomplete Evidence** (FRE 106);<br><br>**Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | Sustained:_____<br><br>Overruled:_____ |
| 11 | Hall Decl., ECF NO. 49-5: | **Improper Opinion Testimony** (FRE 701-703); | Sustained:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | In March 2011, the BeaumontGate website contained the following information regarding the ULC Principals' conflict of interest and violation of Government Code Section 1090: [screenshot omitted] (See printout of BeaumontGate website, dated March 19, 2011, attached as Exhibit E.)" <br><br> (Hall Decl. ECF NO. 49-5, at ECF 49-5 p. 163 lines 3-27 (¶16)). | **Lack of Foundation** (FRE 901); <br><br> **Constitutes a Legal Conclusion** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009); <br><br> **Hearsay** (FRE 805, 801-802); <br><br> **Incomplete Evidence** (FRE 106); <br><br> **Irrelevant** (FRE 401-402); <br><br> **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | Overruled:_____ |
| 12 | Hall Decl., ECF NO. 49-5: <br><br> "I have reviewed printout of the BeaumontGate | **Improper Opinion Testimony** (FRE 701-703); | Sustained:_____ <br><br> Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | website, dated March 19, 2011 attached here as Exhibit E. I am familiar with the BeaumontGate website. Based on my knowledge and memory of the BeaumontGate website, the printout contained in Exhibit E is a fair and accurate representation of the BeaumontGate website in March 2011."<br><br>(Hall Decl. ECF NO. 49-5, at ECF 49-5 p. 164 lines 1-5 (¶17)). | **Lack of Foundation** (FRE 901);<br><br>**Constitutes a Legal Conclusion.** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Incomplete Evidence** (FRE 106);<br><br>**Irrelevant** (FRE 401-402);<br><br>**Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |

| | |
|---|---|
| Dated: July 11, 2022 | BEST BEST & KRIEGER LLP |
| | By: */s/ Jeffrey v. Dunn*<br>JEFFREY V. DUNN<br>CHRISTOPHER E. DEAL<br>DANIEL L. RICHARDS |
| | Attorneys for Plaintiffs<br>Western Riverside Council of Governments and City of Beaumont |