JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**PLAINTIFFS WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS AND CITY OF BEAUMONT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DEPOSITION TESTIMONY OF ROGER BERG**<br><br>Date:　　　August 1, 2022<br>Time:　　　8:30 a.m.<br>Courtroom:　9D |

# EVIDENTIARY OBJECTIONS TO THE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiffs WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS and CITY OF BEAUMONT ("Plaintiffs") hereby submit the following evidentiary objections to the Deposition Testimony of Roger Berg (ECF 49-5) filed in Support of the Motion for Summary Judgment brought by Defendant National Union Fire Insurance Company of Pittsburgh, PA ("Defendant").

## GENERAL AND PRELIMINARY OBJECTIONS

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| 1 | Deposition of Roger Berg (hereinafter "Berg Deposition") ECF 49-5:<br><br>"Q: Would the ULC principals in their role as city officials make recommendations to City Council about capital improvement plans?<br>A: Yes.<br>Q: Did the ULC principals in their role as city officials recommend that the city adopt resolutions approving these plans that would provide funding for projects on which ULC was listed as a qualified services contractor?<br>A: Yes.<br>Q: And so ULC, would it be fair to say that the principals were making recommendations to City Council about Public Works projects in the | **Lack of Personal Knowledge/Foundation** (FRE 602, 901);<br><br>**Speculative Lay Testimony** (FRE 701; *see United States v. Freemand*, 498 F.3d 893, 905 (9th Cir. 2007))<br><br>**Constitutes a Legal Conclusion.** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Leading Question** (FRE 611); (*see Green v. U.S.*, 348 F. 2d 340 (D.C. Cir. 1965); | Sustained:_____<br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | capital improvement plans that Urban Logic would be providing services for a fee?<br>A: Yes."<br><br>(Berg Deposition at 130:18-131:09; ECF NO. 49-5, at ECF 49-5 p. 28). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 2 | Berg Deposition, ECF 49-5:<br><br>"Q: What is a capital improvement plan?<br>A: Capital improvement plan is consistent with a variety of things. It consisted of facilities, streets, wastewater treatment plant, the wastewater facilities, curbs and gutters, just about anything the city would have. Roads and bridges. | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Lack of Personal Knowledge/Foundation** (FRE 602, 901);<br><br>**Speculative Lay Testimony** (FRE 701; *see United States v. Freemand*, 498 F.3d 893, 905 (9th Cir. 2007))<br><br>**Constitutes a Legal Conclusion.** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009); | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
|  | Q: Would you agree that a capital improvement plan is an integral component of the City of Beaumont's budget process?<br>A: Yes.<br>Q: Would you agree that a capital improvement plan is an ongoing implementation of the comprehensive public facilities financing program?<br>A: Yes."<br><br>(Berg Deposition at 118:23-119:13; ECF NO. 49-5, at ECF 49-5 p. 25). | **Leading Question** (FRE 611); (*see Green v. U.S.*, 348 F. 2d 340 (D.C. Cir. 1965).<br><br>**Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). |  |
| 3 | Berg Deposition, ECF 49-5:<br><br>"Q: And I guess, tell me what is your role as a City Council member with respect to the city's capital improvement plan?<br>A: This is an integral part of the city budget. IT's something we are going to use as a tool to help us decide what work we are | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Lack of Personal Knowledge/Foundation** (FRE 602, 901);<br><br>**Speculative Lay Testimony** (FRE 701; *see United States v. Freemand*, 498 F.3d 893, 905 (9th Cir. 2007)) | Sustained:_____<br><br>Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | going to do that year or out in the future." <br><br> (Berg Deposition at 121:08-121:14; ECF NO. 49-5, at ECF 49-5 p. 25). | **Constitutes a Legal Conclusion.** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009). | |
| 4 | Berg Deposition, ECF 49-5: <br><br> "Q: And yes we will get into the contracts, but Urban Logic pursuant to the contracts that were entered into with the city was the contractor for the city on all of its Public Works projects; correct? <br> A: Yes. <br> Q: And that was providing the plan check/inspection, and construction management services? <br> A: Yes. <br><br> (Berg Deposition at 37:20-38:04; ECF NO. 49-5, at ECF 49-5 pp. 8-9). | **Lack of Personal Knowledge/Foundation** (FRE 602, 901); <br><br> **Leading Question** (FRE 611); (*see Green v. U.S.*, 348 F. 2d 340 (D.C. Cir. 1965); <br><br> **Irrelevant** (FRE 401-402). | Sustained:_____ <br><br> Overruled:_____ |
| 5 | Berg Deposition, ECF 49-5: <br><br> "Q: And I take it you understood that as the owners of Urban Logic, Mr. Egger, Mr. Dillon, and Mr. Moorjani themselves received a financial benefit from the services that ULC performed for the city? | **Leading Question** (FRE 611); (*see Green v. U.S.*, 348 F. 2d 340 (D.C. Cir. 1965); <br><br> **Irrelevant** (FRE 401-402). | Sustained:_____ <br><br> Overruled:_____ |

- 5 -

5:20-CV-02164- GW (KKX)
REQUEST FOR EVIDENTIARY RULING

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
|  | A: Yes.<br>Q: I take it you understood when you served on City Council that that financial benefit that Mr. Egger, Mr. Dillon, and Mr. Moorjani received would have been certainly exceeded $25,000?<br>A: Yes."<br><br>(Berg Deposition at 103:16-104:1; ECF NO. 49-5, at ECF 49-5 p. 22). |  |  |
| 6 | Berg Deposition, ECF 49-5:<br><br>"Q: And the fact that these services were going to exceed 4.5 percent is fully disclosed here in this Budget Summary; right?<br>A: Yes."<br><br>(Berg Deposition at 143:25-144:3; ECF NO. 49-5, at ECF 49-5 p. 31). | **Leading Question** (FRE 611); (*see Green v. U.S.*, 348 F. 2d 340 (D.C. Cir. 1965);<br><br>**Hearsay** (FRE 805, 801-802); | Sustained:_____<br><br>Overruled:_____ |

- 6 -

5:20-CV-02164- GW (KKX)
REQUEST FOR EVIDENTIARY RULING

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 7 | Berg Deposition, ECF 49-5:<br><br>"Q: And here we see that for the Budget Summary for the projects for the plan check/inspection and construction management services was going to exceed the four and a half percent fee cap; right?<br>A: Yes.<br>Q: And that's fully disclosed here in this Budget Summary provided to City Council; true?" | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Constitutes a Legal Conclusion.** (FRE 704; *see United States v. Boulware*, 558 F.3d 971 (9th Cir. 2009);<br><br>**Leading Question** (FRE 611); (*see Green v. U.S.*, 348 F. 2d 340 (D.C. Cir. 1965);<br><br>**Hearsay** (FRE 805, 801-802); | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | (Berg Deposition at 151:5-14; ECF NO. 49-5, at ECF 49-5 p. 33). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 8 | Berg Deposition, ECF 49-5:<br><br>"Q: So here in this Budget Summary it's disclosed that Urban Logic was going to be providing plan check/inspection and construction management services that would necessarily exceed four and a half percent of the total project cost; right? A: Yes." | **Leading Question** (FRE 611); (*see Green v. U.S.*, 348 F. 2d 340 (D.C. Cir. 1965);<br><br>**Hearsay** (FRE 805, 801-802); | Sustained:_____<br><br>Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | (Berg Deposition at 160:19-25; ECF NO. 49-5, at ECF 49-5 p. 35). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 9 | Berg Deposition, ECF 49-5:<br><br>"Q: And the fact that Urban Logic would be providing these services in excess of the four and a half percent fee cap, that was disclosed to you and City Council; correct?<br>A: Yes."<br><br>(Berg Deposition at 170:3-7; ECF NO. 49-5, at ECF 49-5 p. 38). | **Lack of Personal Knowledge/Foundation** (FRE 602, 901);<br><br>**Leading Question** (FRE 611); (*see Green v. U.S.*, 348 F. 2d 340 (D.C. Cir. 1965);<br><br>**Hearsay** (FRE 805, 801-802); | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 10 | Berg Deposition, ECF 49-5:<br><br>"Q: And given the nature and scope of these projects, does it make sense to you that the fees that Urban Logic charged for plan check/inspection and construction management would have to exceed four and half percent of the total project amount?<br>A: Yes.<br>Q: And the fact that those fees would exceed four | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Lack of Personal Knowledge/Foundation** (FRE 602, 901);<br><br>**Leading Question** (FRE 611); (*see Green v. U.S.*, 348 F. 2d 340 (D.C. Cir. 1965);<br><br>**Speculative Lay Testimony** (FRE 701; *see United States v. Freemand*, 498 F.3d 893, 905 (9th Cir. 2007))<br><br>**Hearsay** (FRE 805, 801-802); | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
|  | and a half percent fee was fully disclosed to you and City Council; correct? A: Yes."<br><br>(Berg Deposition at 172:18-173:3; ECF NO. 49-5, at ECF 49-5 p. 38). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). |  |
| 11 | Berg Deposition, ECF 49-5:<br><br>"Q: …The fact that Urban Logic was going to be charging fees for plan check…services that would necessarily exceed four and a half percent is set forth in here right in this budget; correct? A: Yes. Q: Fully disclosed to you and City Council? A:Yes." | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Lack of Personal Knowledge/Foundation** (FRE 602, 901);<br><br>**Leading Question** (FRE 611); (*see Green v. U.S.*, 348 F. 2d 340 (D.C. Cir. 1965);<br><br>**Speculative Lay Testimony** (FRE 701; *see United States v. Freemand*, 498 F.3d 893, 905 (9th Cir. 2007))<br><br>**Hearsay** (FRE 805, 801-802); | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | (Berg Deposition at 174:17-175:1; ECF NO. 49-5, at ECF 49-5 p. 39). | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 12 | Berg Deposition, ECF 49-5:<br><br>"Q: I take it the City Council understood that given the nature and scope for the work that Urban Logic was providing for these projects necessarily had to exceed four and a half percent of the total project costs?<br>A: Yes."<br><br>(Berg Deposition at 138:21-139:1; ECF NO. 49-5, at ECF 49-5 p. 38). | **Improper Opinion Testimony** (FRE 701-703);<br><br>**Lack of Personal Knowledge/Foundation** (FRE 602, 901);<br><br>**Leading Question** (FRE 611); (*see Green v. U.S.*, 348 F. 2d 340 (D.C. Cir. 1965);<br><br>**Speculative Lay Testimony** (FRE 701; *see United States v. Freemand*, 498 F.3d 893, 905 (9th Cir. 2007))<br><br>**Hearsay** (FRE 805, 801-802); | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | | **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); *see also U.S. v. Rivera-Carrizosa*, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing … the original writing … is required, except as provided in these rules or by Act of Congress."). | |
| 13 | Berg Deposition, ECF 49-5:<br><br>"Q: While you served on the City Council, having reviewed the plans and specifications for work that Urban Logic provided services on, would it be fair to say that you were generally satisfied with the work performed by Urban Logic on behalf of the city?<br>A: Yes." | **Irrelevant** (FRE 401-402);<br><br>**Leading Question** (FRE 611); (*see Green v. U.S.*, 348 F. 2d 340 (D.C. Cir. 1965). | Sustained:_____<br><br>Overruled:_____ |

| Obj. No. | Material Objected To | Grounds for Objection | Ruling on the Objection |
|---|---|---|---|
| | (Berg Deposition at 75:23-76:4; ECF NO. 49-5, at ECF 49-5 p. 16). | | |

Dated: July 11, 2022

BEST BEST & KRIEGER LLP

By: */s/ Jeffrey v. Dunn*
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS

Attorneys for Plaintiffs
Western Riverside Council of Governments and City of Beaumont