JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: August 1, 2022<br>Time: 8:30 a.m.<br>Courtroom: 9D |

# REQUEST FOR JUDICIAL NOTICE

Plaintiffs Western Riverside Council of Governments and City of Beaumont (together, "Plaintiffs") hereby submits the following opposition to Defendant National Union Fire Insurance Company of Pittsburgh, Pa's ("NUFIC") Request for Judicial Notice in support of its Motion for Summary Judgment.

## I. INTRODUCTION

NUFIC seeks judicial notice of the following documents: (1) felony complaint in *People of the State of California v. Alan Kapanicas, et al.*, Case No. RIF1602262 (Exhibit 14); (2) felony plea forms of Defendants Deepak Moorjani, David Dillon, and Ernest Egger in *People of the State of California v. Alan Kapanicas, et al.*, Case No. RIF1602262 (Exhibit 15); (3) factual basis of Deepak Moorjani in *People of the State of California v. Alan Kapanicas, et al.*, Case No. RIF1602262 (Exhibit 16); (4) factual basis of David Dillon in *People of the State of California v. Alan Kapanicas, et al.*, Case No. RIF1602262 (Exhibit 17); (5) factual basis of Ernest Egger in *People of the State of California v. Alan Kapanicas, et al.*, Case No. RIF1602262 (Exhibit 18); (6) Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief in *Western Riverside Council of Governments v. The City of Beaumont, et al.*, Case No. RIC 536164 (Exhibit 23); and (7) statement of decision in *Western Riverside Council of Governments v. The City of Beaumont, et al.*, Case No. 30-2010-00357976 (Exhibit 24). NUFIC's request for judicial notice of these documents is improper. First, NUFIC fails to properly authenticate any of the documents. Second, NUFIC attempts to seek judicial review of the documents to assert the truth of the matter from the felony complaint, felony pleas, and factual bases of Dillon, Egger and Moorjani. These are grounds for denial of NUFIC's request for judicial notice of these documents.

## II. ARGUMENT

### A. Legal Standard

Judicial notice is the court's recognition of the existence of a fact without the necessity of formal proof. *See Castillo-Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir. 1992). The Federal Rules of Evidence only govern judicial notice of an adjudicative fact, and not a legislative fact. Fed. R. Evid. 201(a). A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added); *United States v. Mariscal*, 285 F.3d 1127, 1131 (9th Cir. 2002). The court may not take judicial notice of any matter that is subject to dispute. *In re Mora*, 199 F.3d 1024, 1026, fn. 3 (9th Cir. 1999).

Evidence submitted pursuant to a request for judicial notice must meet the requirements for admissibility of evidence at the time of trial. *Travelers Casualty & Surety Co. of America v. Telstar Constr. Co., Inc.,* 252 F.Supp.2d 917, 922 (D. AZ 2003). As with evidence generally, the matters to be judicially notice must be (1) relevant to the issues presented (Fed. R. Evid. 401); (2) documentary evidence must be properly authenticated (Fed. R. Evid. 901; *Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 639 (9th Cir. 2002)); (3) state evidentiary facts, not conclusions; and (4) not contain inadmissible hearsay or opinions. Fed. R. Evid. 701, 802.

### B. NUFIC Failed to Authenticate the Exhibits

NUFIC fails to authenticate any of its documents to which it seeks judicial notice of. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment."). Self-authenticating documents, such as public records, do not require extrinsic evidence. Fed. R. Evid. 902. H

Here, NUFIC fails to assert that the exhibits attached are self-authenticating pursuant to Federal Rules of Evidence 902. NUFIC introduces no evidence that the attached Exhibits 14 through 18 were accepted, that the court found that the documents had a factual basis, or that judgment was entered on the documents. In fact, NUFIC fails to provide any basis for the exhibits that are sought to be judicially noticed as to all Exhibits. Rather, NUFIC merely lists the documents attached to the Appendix of Evidence.

### C. Defendant Cannot Seek Judicial Notice To Assert The Truth of the Matter Asserted in the Document

"[A] court cannot take judicial notice of the factual findings of another court. This is so because (1) such findings do not constitute facts "not subject to reasonable dispute" within the meaning of Rule 201; and (2) 'were [it] permissible for a court to take judicial notice of a fact merely because it had been found to be true in some other action, the doctrine of collateral estoppel would be superfluous.'" *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998). Therefore, while the existence of the contents of the documents may be judicially noticed, the truth of the matters asserted in them cannot be. *See Wyatt v. Terhune, 315 F.3d 1108, 1114* (9th Cir. 2003), abrogated on other grounds (holding that taking judicial notice of findings of fact from another case exceeds the limits of Rule 201); *M/V Am. Queen v. San Diego Marin Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) ("As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it.").

To the extent NUFIC requests judicial notice of the contents of these documents for the truth of the matter asserted in them, Plaintiffs object on the ground that judicial notice may be taken only as to the existence of the contents of the documents. In particular, Plaintiffs object to judicial notice being taken of the truth of matters contained in Exhibits 14 through 18, namely, that it is intended as

proof the conduct occurred.

Though the Court may take judicial notice of these exhibits, the Court cannot take judicial notice of the truth of the felony complaint, felony pleas, and factual bases of Dillon, Egger, and Moorjani as to support NUFIC's claim that the Defendants in *People of the State of California v. Alan Kapanicas, et al.*, Case No. RIF1602262, actually committed wrongdoings. See Motion, 9:12-14 ("Following a 2016 criminal indictment, the Former Officials pled guilty to a violation of Section 1090. (UF 109-110) In their 2016 plea agreements, each of the Former Officials admitted to an unlawful conflict of interest."); *See, e.g.*, *Swartz v. Deutsche Bank*, at *6 (W.D. Wash. May 2, 2008) ("In [*Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001)], the Ninth Circuit reversed the trial court, not for taking judicial notice of the existence of a particular hearing, but for taking judicial notice of the facts contained in those noticeable matters of public record. . . . [W]hile the existence of the plea is properly subject to judicial notice, the contents of the documents Plaintiff submitted are not judicially noticeable for the purpose for which Plaintiff introduces them; i.e., the truth of the matters contained therein."); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) (concluding that taking judicial notice of the findings of fact from another case exceeds scope of FRE 201). Accordingly, NUFIC's Request for Judicial Notice as to Exhibits 14 through 18 should be denied.

### III. CONCLUSION

Based on the foregoing, Plaintiffs request that the Court deny NUFIC's Request for Judicial Notice in its entirety for failing to properly authenticate the documents sought to be judicially noticed. Further, Plaintiffs request that the Court deny NUFIC's Request for Judicial Notice to the extent it seeks judicial notice of the truth of the matters asserted in the felony complaint, the felony plea forms of Dillon, Egger, and Moorjani, and the factual bases of Dillon, Egger, and Moorjani.

| | |
|---|---|
| Dated: July 11, 2022 | BEST BEST & KRIEGER LLP |
| | By: */s/ Jeffrey v. Dunn* <br> JEFFREY V. DUNN <br> CHRISTOPHER E. DEAL <br> DANIEL L. RICHARDS |
| | Attorneys for Plaintiffs <br> Western Riverside Council of Governments and City of Beaumont |