# EXHIBIT 3

Page 1

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

WESTERN RIVERSIDE COUNCIL      )
OF GOVERNMENTS, a California   )
Joint Powers Authority; CITY   )
OF BEAUMONT, a public entity   )
in the State of California,    )
                               )
            Plaintiffs,        )
                               )
      v.                       )  Case No. 5:20-cv-02164
                               )          GW (KKx)
NATIONAL UNION FIRE INSURANCE  )
COMPANY OF PITTSBURGH, PA.     )
and DOES 1 through 50,         )
inclusive,                     )
                               )
            Defendant(s).      )
_____ )


VIDEOTAPED DEPOSITION OF DAVID CASTALDO, taken on
behalf of National Union Insurance Company of
Pittsburgh, at 5 Park Plaza, Suite 1100, Irvine,
California, beginning at 9:08 a.m., and ending at
12:47 p.m., on Friday, April 22, 2022, before
Marceline F. Noble, RPR, CRR, Certified Shorthand
Reporter No. 3024.


Magna Legal Services
866-624-6221
www.MagnaLS.com


Reported by:
Marceline F. Noble
CSR No. 3024

Job No. 818506

Exhibit 3
Page 1 of 8



Page 5

```
 1                      IRVINE, CALIFORNIA

 2                  FRIDAY, APRIL 22, 2022

 3                  9:08 a.m. - 12:47 p.m.

 4

 5              MS. VANDERWEELE:  I'm ready if everyone else

 6      is.

 7              THE VIDEOGRAPHER:  Good morning.  We are on

 8      the record.

 9              This begins video No. 1 in the deposition of

10      David Castaldo in the matter of Western Riverside

11      Council of Governments, et al., versus National Union

12      Fire Insurance, et al., in the United States District

13      Court, of the Central District of California, Eastern

14      Division, case No. 520-cv-02164.

15              Today's date is April 22nd, 2022, and the

16      time is 9:08 a.m.

17              This deposition is being taken at

18      5 Park Plaza, 11th Floor, in Irvine, California, at

19      the request of Gordon Reese.

20              I'm Sergio Esparza, the videographer, of

21      Magna Legal Services.

22              And the court reporter is Marceline Noble of

23      Magna Legal Services.

24              Will counsel and all parties present state

25      their appearances and whom they represent.
```

Exhibit 3
Page 2 of 8



Page 6

1          MS. VANDERWEELE:   Meagan VanderWeele for

2     National Union Fire Insurance Company of Pittsburgh.

3          MR. DUNN:   Jeffrey Dunn on behalf of the

4     plaintiffs, and also representing Mr. Castaldo this

5     morning.

6

7                    DAVID CASTALDO,

8     having been first duly sworn, was examined and

9     testified as follows:

10

11                    EXAMINATION

12     BY MS. VANDERWEELE:

13        Q.  Sir, could you please state your full name

14     and spell your last name for the record.

15        A.  David Castaldo.  C-a-s-t-a-l-d-o.

16        Q.  Good morning, Mr. Castaldo.

17        A.  Morning.

18        Q.  My name's Megan VanderWeele, and I'm one of

19     the attorneys for the defendant in this lawsuit,

20     National Union Fire Insurance Company of Pittsburgh.

21     And it's in a lawsuit that has been filed by Western

22     Riverside Council of Governments in the City of

23     Beaumont.

24          Do you understand that?

25        A.  Yes.

Exhibit 3
Page 3 of 8



Page 51

1     Q.  And ERMAC, that's Exclusive Risk Management
2  Authority of California; right?
3     A.  I assume so, yes.
4     Q.  The City of Beaumont, when you were on the
5  City Council, do you recall a gentleman by the name
6  of James Gregg, G-r-e-g-g?
7     A.  Yes.
8     Q.  And Mr. Gregg served as a risk manager when
9  you were on the City Council?
10    A.  Yes.
11        I first met him probably about a year after
12  I was on the Council.  Might have been two years.
13    Q.  And am I correct that Mr. Gregg provided
14  management services to the City's -- or strike that.
15        Let me back up.
16        When you were on the City Council for the
17  City of Beaumont, am I correct, the City did not have
18  a separate risk management department?
19        Is that true?
20    A.  Not that I know of.
21    Q.  Okay.  'Cause when you -- like, do you
22  remember, was there a separate department, risk
23  management department for the City of Beaumont when
24  you were on Council?
25    A.  I wasn't aware of one.

Exhibit 3
Page 4 of 8



Page 116

1    and which he was ultimately charged with, you had no

2    role or involvement in that activity.

3        A.  That is definitely correct.

4        Q.  And when you were on City Council, did

5    Mr. Kapanicas impede or prevent you from exercising

6    your own judgment in evaluating the performance of

7    City officials?

8        A.  Yes.

9        Q.  In what way?

10       A.  That was discussed in closed session.

11           MS. VANDERWEELE:  Okay.

12           And as I understand it, the City is

13   asserting the privilege over what was discussed in

14   closed session; correct?

15           MR. DUNN:  That's correct.

16   BY MS. VANDERWEELE:

17       Q.  And to the extent that privilege is ever

18   waived, I will reserve my right to redepose you on

19   what was discussed in closed session.

20       A.  Sure.

21           MS. VANDERWEELE:  Turn to Exhibit 8, please,

22   for me.

23           And for the record, Exhibit 8 are meeting

24   minutes from December 17, 2013.

25   ///

Exhibit 3
Page 5 of 8



MAGNA ▶
LEGAL SERVICES

Page 145

1     A.  Correct.

2     Q.  How long had you lived in the city of

3  Beaumont before you were elected?

4     A.  We had a business in Beaumont since 1985.

5  And I guess I lived in the -- actually lived in the

6  city since 2004.  But I lived in the area since 1998.

7     Q.  And when you were elected by the citizens of

8  Beaumont, I take it you personally wanted to serve

9  the citizens as best you could.

10    A.  Correct.

11    Q.  And when you learned that a judge had found

12 that Mr. Kapanicas had committed fraud by clear and

13 convincing evidence, you urged the City Council to

14 conduct closed-session meetings to investigate that

15 allegation.

16    A.  Yes.

17    Q.  And that was done; correct?

18    A.  They met concerning that, yes.

19    Q.  And was there anything that Mr. Kapanicas

20 did to impede the City Council's own evaluation of

21 his conduct?

22    A.  Yes.

23    Q.  Okay.  Can you tell me what you mean by

24 that?

25    A.  No.

Exhibit 3
Page 6 of 8



Page 156

1    hold onto the original.  And then if -- if, for

2    whatever reason, the --

3            And I agree to produce it at trial or any

4    other proceeding that it's needed.

5            But a certified copy can be used in lieu of

6    the -- of the original.

7            MS. VANDERWEELE:  Okay.

8            MR. DUNN:  Okay.  Is that okay?

9            MS. VANDERWEELE:  Yes.  Fine.

10           THE REPORTER:  Okay.  And we have Exhibits 1

11   through 15?

12           MS. VANDERWEELE:  Yes.  1 through 15.

13           I will mail those to you electronically.

14           And I can send you an electronic copy as

15   well.

16           MR. DUNN:  Yes.  Thank you.

17           It would be nice to have an electronic copy.

18

19

20

21

22

23

24

25

Exhibit 3
Page 7 of 8



Page 158

1

2                       REPORTER'S CERTIFICATION

3

4        I, Marceline F. Noble, a Certified Shorthand

5   Reporter in and for the State of California, do hereby

6   certify:

7

8        That the foregoing witness was by me duly sworn;

9   that the deposition was then taken before me at the

10  time and place herein set forth; that the testimony

11  and proceedings were reported stenographically by me

12  and later transcribed into typewriting under my

13  direction; that the foregoing is a true record of the

14  testimony and proceedings taken at that time.

15

16       IN WITNESS WHEREOF, I have subscribed my name

17  this 2nd of May, 2022.

18

19

20                        *Marceline F. Noble*

21                        Marceline F. Noble, CSR No. 3024

22

23

24

25

Exhibit 3
Page 8 of 8

