# EXHIBIT 13

Exhibit 13
Page 1 of 5

JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**DECLARATION OF STEVEN C. DEBAUN IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: August 1, 2022<br>Time: 8:30 a.m.<br>Courtroom: 9D |

## DECLARATION OF STEVEN C. DEBAUN

I, Steven C. DeBaun, declare as follows:

1. I am general counsel for Plaintiff Western Riverside Council of Governments ("WRCOG"), a joint powers agency comprised of the eighteen cities in western Riverside County and the County of Riverside. I submit this declaration in support of WRCOG's and the City of Beaumont's (the "City") opposition to Defendant National Union Fire Insurance Company Of Pittsburgh, Pa's Motion for Summary Judgment. I have personal knowledge of the matters set forth below, and if called as a witness, I could and would competently testify to those matters.

2. Given my role as general counsel, I have also personal knowledge of the *Western Riverside Council of Governments v. National Union Fire Insurance Company Of Pittsburgh, Pa.* (Case No. 5:20-cv-02164-GW (KKx)).

### *Western Riverside Council of Governments v. City of Beaumont*

3. I am General Counsel for WRCOG and was the same during the time frame the *Western Riverside Council of Governments v. City of Beaumont* (Case No. 30-2010-00357976), Orange County Superior Court was pending (the "Underlying Action").

4. The Underlying Action revolves around the City's failure to remit Transportation Uniform Mitigation Fees ("TUMF") to WRCOG, as required by WRCOG's TUMF program.

5. Under the TUMF program, each WRCOG member agency adopted a TUMF ordinance approved by the WRCOG Executive Committee. Each city was then required to imposed, collected and remitted all TUMF revenues to WRCOG on a periodic basis. Participation in the TUMF program was a requirement to receive Local Streets and Road funding distributed by Riverside County Transportation Commission as part of the Measure A transportation sales tax.

6. However, early in the program, WRCOG staff noticed some peculiarities with remittance reports submitted by the City of Beaumont. After a

number of years of on-and-off negotiations between WRCOG and the City and subsequent audits, WRCOG staff determined that the City was retaining virtually all TUMF revenue collected within the City of Beaumont rather than remitting revenues to WRCOG as required under the TUMF ordinance adopted by the City and all the other member agencies.

7. In 1993, the City established the City of Beaumont Community Facilities District 93-1 ("CFD") to finance the acquisition or construction of public facilities by issuing local obligations primarily secured and paid by special taxes levied on homes within the boundaries of the CFD.

8. As a result of WRCOG's audit, it was discovered that some City officials allowed developers to use the CFD to bond for the TUMF Fees rather than paying in cash. The City then used the bond revenues to fund the construction of transportation facilities in the City and only a very small percentage of TUMF revenues were actually remitted to WRCOG as required by each member agency, including the City of Beaumont, by the TUMF ordinance.

9. The judge awarded approximate $43 million (plus interest) to WRCOG and later an additional $2 million in litigation costs. Specifically, the Court found that the City had an obligation to remit the TUMF fees collected from local development to WRCOG for purposes of the WRCOG TUMF program.

10. The City appealed the civil judgment. Soon after the judgment was rendered there was a turnover in City staff and political leadership and WRCOG and the City were able to negotiate a settlement agreement.

11. The settlement agreement was approved by the WRCOG Executive Committee and the City Council (the "Settlement Agreement").

12. As part of the Settlement Agreement the City assigned to WRCOG a portion of the City's rights to existing claims the City had against third parties such as companies, banks, and private individuals.

**Urban Logic Consultants Scheme**

- 3 -

Exhibit 13
Page 4 of 5
5:20-CV-02164- GW (KKX)
DECLARATION

13. Based on evidence developed during the trial in the underlying action and thereafter, it was also revealed that the scheme enriched the firm of Urban Logic Consultants ("ULC") to the detriment of, among others, WRCOG.

14. The Riverside County District Attorney's Office filed criminal complaint against the then principles of ULC and other city employees.[1] The defendants later pled guilty to certain crimes. These pleas required, among others, Egger, Dillon, Moorjani, and Kapanicas, to pay restitution. All of this restitution was paid directly to WRCOG, *not* to the City of Beaumont.

16. Due to the Settlement Agreement, the City will receive at least 35 percent and up to 50 percent (depending upon the total amount recovered) of any damages recovered with Plaintiffs in this lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of July, 2022, at Riverside, California.

                                                                                Steven C. DeBaun

20323.00057\40295904.1

---

[1] City staff included Alan Charles Kapanicas, City Manager; William Aylward, Director of Finance and later Assistant City Manager; Joseph Aklufi, City Attorney; and Dave Wysocki, Assistant City Attorney.