UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-2164-GW (KKx)** | Date: | July 12, 2022 |
|---|---|---|---|
| Title: | *Western Riverside Council of Governments v. National Union Fire Insurance Company of Pittsburgh, Pa., et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DONNISHA BROWN | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order Granting in Part and Denying in Part Plaintiffs' Ex Parte Application for Order to Take Additional Depositions and Re-Depose Deponents [Dkt. 51]

On July 1, 2022, plaintiffs Western Riverside Council of Governments and City of Beaumont ("Plaintiffs") filed an Ex Parte Application for an Order to Take Additional Depositions and Re-Depose Deponents ("Application"). Dkt. 51. Plaintiffs seek an order pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i) and (ii) permitting them to take depositions in excess of ten depositions and to re-depose deponents who were previously deposed as fact witnesses, but have now been identified by defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("Defendant") as non-retained expert witnesses. Id. On July 5, 2022, Defendant filed an Opposition. Dkt. 53. For the reasons set forth below, Plaintiffs' Application is GRANTED IN PART and DENIED IN PART.

I.
**BACKGROUND**

On August 3, 2020, plaintiff Western Riverside Council of Governments, as assignee of the City of Beaumont, filed a Complaint in the Superior Court of California, County of Riverside against Defendant and Doe Defendants 1 through 50. Dkt. 1-1. Plaintiff Western Riverside Council of Governments alleged the City of Beaumont incurred a loss of nearly $60 million and seeks to recover that loss under an insurance policy issued by National Union. Id., ¶¶ 14, 15, 26, 43, 60-65.

On October 16, 2020, Defendant removed the action to this Court. Dkt. 1.

On November 30, 2020, the Court issued a Scheduling Order setting a fact discovery cut-off of August 6, 2021, an expert discovery cut-off of September 10, 2021, and a jury trial for November 30, 2021.  Dkt. 19.

On November 30, 2020, Plaintiffs filed a First Amended Complaint ("FAC") for breach of contract, breach of the covenant of good faith and fair dealing, unfair business acts and practices, and declaratory relief.  Dkt. 20.

On December 21, 2020, Defendant filed an Answer to the FAC.  Dkt. 24.

On January 26, 2022, after numerous modifications to the Scheduling Order, the Court continued the fact discovery cut-off to May 19, 2022, the initial expert disclosure deadline to May 30, 2022, expert discovery cut-off to July 28, 2022, and the jury trial to September 13, 2022.  Dkt. 34.

On April 28, 2022, the Court continued the fact discovery cut off to May 30, 2022, but denied the parties' stipulation to continue any other pre-trial dates.  Dkt. 44.

On May 31, 2022,[1] Defendant served its initial expert disclosures.  Dkt. 52, Declaration of Christopher E. Deal ("Deal Decl."), ¶ 3.  Defendant disclosed one retained expert, Richard E. Tasker, and an additional twelve non-retained experts: Roger Berg, Judith Bingham, Judith Blake, David Castaldo, Brian DeForge, Lawrence Dressel, Peter Fogarty, Nancy Gall, James Gregg, Nancy Hall, Barbara Leone, and Jennifer Rocha.  Id.  Plaintiffs had already deposed the following eight of the twelve non-retained experts as fact witnesses: Roger Berg, Judith Blake, David Castaldo, Brian DeForge, Nancy Gall, James Gregg, Barbara Leone, and Jennifer Rocha.  Id.

On June 22, 2022, Plaintiffs served notices of deposition or subpoenas, as applicable, on each of the twelve non-retained experts.  Id., ¶ 5; Dkt. 53-1, Declaration of Scott L. Schmookler ("Schmookler Decl."), ¶ 18.  That same day, defense counsel emailed Plaintiffs' counsel objecting to the notices of deposition and subpoenas for noticing depositions in violation of Federal Rule of Civil Procedure 30 since eight of the proposed deponents had already been deposed and Plaintiffs would necessarily exceed ten depositions.  Schmookler Decl., ¶ 19.

On June 27, 2022, counsel for both parties met and conferred.  Schmookler Decl., ¶ 20.  Defendant agreed to produce Peter Fogarty for deposition since he had not yet been deposed.  Id.

On July 1, 2022, Plaintiffs filed the instant Application.  Dkt. 51.  On July 2, 2022, defense counsel informed Plaintiffs they would withdraw the expert designations as to the following eight witnesses: Gregg, Dressel, Gall, Bingham, Hall, Leone, Rocha, and Blake.  Schmookler Decl., ¶ 23.  On July 5, 2022, Defendant filed an Opposition to the Application.  Dkt. 53.

The matter thus stands submitted.

///
///

---

[1] Because May 30, 2022 fell on a holiday, the parties agreed to exchange expert disclosures on May 31, 2022.

## II.
## DISCUSSION

### A.    EX PARTE RELIEF IS APPROPRIATE

#### 1.    Applicable Law

Unlike regularly noticed motions, applications for ex parte relief are "inherently unfair" and "pose a threat to the administration of justice" because "the parties' opportunities to prepare are grossly unbalanced." Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995). The opposing party "can rarely make its best presentation" on the short notice accompanying an ex parte application. Id. at 491. Hence, to justify use of ex parte procedures, a party seeking ex parte relief must show: (1) "the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. at 492.

#### 2.    Analysis

While there is a brief unexplained delay between Plaintiffs' receipt of Defendant's initial expert disclosure and Plaintiffs' issuance of subpoenas and notices of deposition, in light of the July 28, 2022 expert discovery cut off and the obvious difficulty of coordinating twelve depositions, the Court finds Plaintiffs are without fault in creating the crisis that requires ex parte relief. Similarly, Plaintiffs' case would be irreparably prejudiced if the underlying motion for permission to take additional depositions and re-depose witnesses is heard according to regular noticed motion procedures. The Court also notes Defendant's initial designation of twelve witnesses, including all eight of the witnesses who had previously been deposed, as non-retained experts is not well taken where they later admit there was no basis for designating eight of those twelve witnesses.

Accordingly, the Court will consider Plaintiffs' Application on the merits.

### B.    PLAINTIFFS MAY EXCEED TEN DEPOSITIONS TO RE-DEPOSE CASTALDO, BERG, AND DEFORGE

#### 1.    Applicable Law

Federal Rule of Civil Procedure 30 ("Rule 30") governs depositions by oral examination. See FED. R. CIV. P. 30. Rule 30(a)(1) provides that, subject to certain limitations, "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ." FED. R. CIV. P. 30(a)(1). However, a party must obtain leave of court if the deposition would result in more than ten depositions being taken or to re-depose a witness already deposed in the case. FED. R. CIV. P. 30(a)(2)(A)(i), (ii). "Good need" is generally required to reopen a deposition. Bookhamer v. Sunbeam Prods. Inc., No. C 09-6023 EMC (DMR), 2012 WL 5188302, at *2 (N.D. Cal. Oct. 19, 2012). Courts will not find good need if: (i) the additional deposition is unreasonably cumulative or the information can be obtained from some other source that is less burdensome; (ii) the party had ample time to obtain the information through discovery; or (iii) the burden outweighs the likely benefit. Id. (citing FED. R. CIV. P. 26(b)(2)(C)).

**2.     Analysis**

First, Plaintiff's Application for permission to depose or re-depose the eight witnesses who are no longer designated as non-retained experts is DENIED as MOOT. Therefore, the sole remaining issue is whether Plaintiffs should be permitted to exceed ten depositions in order to re-depose Castaldo, Berg, and DeForge.

Plaintiffs previously deposed Castaldo, Berg, and DeForge as percipient fact witnesses. Plaintiffs now seek leave to re-depose them because Defendant has since designated them as non-retained experts. Dkt. 51 at 4. Plaintiff seeks to depose these witnesses to "determine if they are qualified to testify as experts and find out what opinions they intend to express at trial." Id. at 5. Defendant argues Plaintiff had notice of Defendant's intent to have Berg and DeForge testify regarding their expert opinions based on defense counsel's questioning of Berg and DeForge at their depositions. Dkt. 53 at 8-12. However, counsel would necessarily prepare differently to depose a percipient witness as opposed to an expert witness. In fact, Plaintiffs' counsel objected to defense counsel's questioning at the deposition as lacking foundation and attempting to elicit improper lay person opinion testimony. Id. Therefore, the Court finds (a) brief depositions limited to eliciting any proposed expert opinions from Castaldo, Berg, and DeForge would not be unreasonably cumulative or burdensome, (b) Plaintiff did not have sufficient opportunity to obtain the information during fact discovery, and (c) the likely benefit outweighs the burden. See FED. R. CIV. P. 26(b)(2)(C).

Accordingly, Plaintiffs may re-depose Castaldo, Berg, and DeForge. The depositions shall be limited to three hours each and may not go beyond the scope of the witness's proposed expert opinions and their qualifications to give such opinions.[2]

### IV.
### CONCLUSION

For the reasons set forth above, Plaintiffs' Application is GRANTED IN PART and DENIED IN PART. Plaintiffs may take in excess of ten depositions in order to re-depose Castaldo, Berg, and DeForge as limited above.[3]

**IT IS SO ORDERED.**

---

[2] Plaintiffs are advised the Court is not inclined to shift the cost of these additional depositions to Defendant. Plaintiffs should, therefore, consider the financial cost they will incur in determining whether the additional depositions are necessary.

[3] The Court assumes the ten-deposition limitation of Federal Rule Civil Procedure 30(a)(2)(A)(i) will be exceeded by these depositions because Plaintiffs have already deposed eight witnesses and have expressed an intention to depose Defendant's retained expert Tasker and non-retained expert Fogarty.