Christina R. Spiezia, State Bar No. 315145
cspiezia@grsm.com
(949) 255-6968
Scott L. Schmookler
sschmookler@grsm.com, *Pro Hac Vice*
(312) 980-6779
Meagan P. VanderWeele
mvanderweele@grsm.com, *Pro Hac Vice*
(312) 619-4931
Gordon Rees Scully Mansukhani, LLP
5 Park Plaza Suite 1100
Irvine, CA 92614

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**DECLARATION OF MEAGAN P. VANDERWEELE IN SUPPORT OF REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT PURSUANT TO FRCP 56**<br><br>Judge:     Hon. George H. Wu<br>Date:      8/1/2022<br>Time:      8:30 a.m.<br>Room:      9D |

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

I, Meagan P. VanderWeele, declare as follows:

1.    I am a Senior Counsel at the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys of record for National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") in the above-captioned matter. I am licensed to practice law in the State of Illinois and am admitted *pro hac vice* before this Court. I submit this declaration in support of National Union's Reply in Support of Motion for Summary Judgment or in the Alternative Partial Summary Judgment. I have personal knowledge of all matters set forth in this Declaration and, if called as a witness, I could and would competently testify to them.

2.    In footnote 7 and footnote 8 of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, Plaintiffs' suggest that counsel for National Union did not disclose their representation to two witnesses, Nancy Gall and Brian DeForge. (Dkt. 54, p. 19.)

3.    On June 17, 2022, Plaintiffs' counsel, Daniel Richards and Aryan Vahedy, questioned whether I clearly disclosed to witnesses my representation of National Union during conversations with Ms. Gall and Mr. DeForge. At that time, I explained to Mr. Richards and Mr. Vahedy that I clearly disclosed that my firm represented National Union to Ms. Gall and Mr. DeForge

4.    On June 17, 2022, Scott Schmookler, the lead attorney for National Union, sent an email and letter to Plaintiffs' counsel setting forth evidence establishing that our firm fully, clearly and honestly disclosed our representation of National Union to each and every witness. Attached hereto as Exhibit 1 is a true and correct copy of the June 17, 2022 correspondence.

5.    During each and every telephone call, video conference or in-person interaction with witnesses in this lawsuit, including Ms. Gall and Mr. DeForge, I fully and clearly disclosed my representation of National Union and explained to

DECLARATION OF MEAGAN P. VANDERWEELE IN SUPPORT OF REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

these witnesses that National Union was an insurance company being sued by City of Beaumont and Western Riverside Council of Governments.

6.     To the extent witnesses displayed confusion regarding my representation of National Union or this lawsuit, I made every effort to clarify that confusion. I never told or insinuated to any witness, including Ms. Gall and Mr. DeForge, that I represented City of Beaumont or Western Riverside Council of Governments.

7.     Mr. DeForge clearly understood that I represented National Union. While Plaintiffs insinuate otherwise, they fail to disclose to this Court the following testimony from Mr. DeForge:

Q.     Mr. DeForge, I have just a few follow-up questions based on Counsel's questioning. I'm Meagan Vanderweele you and I have spoken before; correct?

A.     Yes. Correct.

Q.     And you understand that I represent National Union Fire Insurance Company?

A. That is correct.

                              ***

Q.     And at any time did I ever tell you that I represented the City of Beaumont?

A.     Not that I recall.

Q.     At all times I told you that I represented the defendant in this case National Union Fire Insurance; is that correct?

A.     That is correct.

-3-

DECLARATION OF MEAGAN P. VANDERWEELE IN SUPPORT OF REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

1   (DeForge Depo, 74:12-74:18, 75:2-75:8.) Mr. DeForge was deposed in this matter

2   on April 28, 2022. A true and correct copy of excerpts from the transcript of Mr.

3   DeForge's deposition are attached hereto as Exhibit 2.

4

5       I declare under penalty of perjury that the foregoing is true and correct.

6   Executed this 18th day of July, 2022, at Chicago, Illinois.

7

8                                  By:   */s/ Meagan P. VanderWeele*
                                          Meagan P. VanderWeele

9

10

11

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                              -4-

28   DECLARATION OF MEAGAN P. VANDERWEELE IN SUPPORT OF REPLY
     IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
     OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT

# EXHIBIT 1

EXHIBIT 1
PAGE 5

**Kelly Collins**

| | |
|---|---|
| **From:** | Scott Schmookler |
| **Sent:** | Friday, June 17, 2022 4:10 PM |
| **To:** | Daniel Richards; Aryan.Vahedy@bbklaw.com |
| **Cc:** | Meagan VanderWeele; eric.garner@bbklaw.com; Christopher E. Deal; Jeffrey Dunn |
| **Subject:** | Beaumont v. National Union |
| **Attachments:** | Email with Brian Ross.pdf; 2022.02.08 Email to Roger Berg.pdf; Emails with Brian DeForge.pdf; 2022.01.21 Email to Nancy Gall.pdf; Emails with Larry Dressel.pdf; 2022-03-03 Ltr to Lawrence Dressel encl Subpoena for Dep(65193765.1).pdf; 2022-03-03 Letter to Roger Berg encl Suboena for Dep(65247968.1).pdf; 6-17 Letter on Declarations.pdf |

On June 17, 2022, we scheduled a conference pursuant to Local Rule 7-3 to meet and confer about our forthcoming motion for summary judgment. While I did not personally participate in that conference because I was in flight from Dallas to Chicago, I understand that you threatened to file a motion to disqualify my firm from this case on the false accusation that we did not clearly disclose to Mr. Berg, Mr. Gregg, Ms. Gall, Mr. Dressel and Mr. DeForge that we represented National Union in this matter and did not clarify any confusion about our representation of National Union.

I am stunned by your willingness to overlook objective facts and volley such a demonstrably false accusation. To that end, please find attached our June 17, 2022 letter providing objective documentation debunking your false allegations. I provide this letter in hopes of avoiding unnecessary motion practice, but to the extent that you persist, we will pursue Rule 11 relief and consider all other remedies. To that end, I am copying your firm's managing partner on this email because we reserve the right to hold the firm responsible for your false allegations.

To the extent that you are willing to acknowledge the error of your allegations, I expect you to each provide Meagan a written apology.

Scott

---

**SCOTT L. SCHMOOKLER** | Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

One North Franklin, Suite 800
Chicago, IL 60606
D: 312-980-6779 | sschmookler@grsm.com

www.grsm.com
vCard

EXHIBIT 1
PAGE 6

**SCOTT L. SCHMOOKLER**
Direct Dial: (312) 980-6779
Email: sschmookler@grsm.com



ATTORNEYS AT LAW
ONE NORTH FRANKLIN, SUITE 800
CHICAGO, IL 60606
WWW.GRSM.COM

June 17, 2022

<u>**VIA EMAIL**</u>

Daniel Richards
Daniel.Richards@bbklaw.com
Aryan Vahedy
Aryan.Vahedy@bbklaw.com
Best Best & Krieger LLP

        Re:    *WRCOG v. National Union Fire Insurance Company of Pittsburgh, Pa.*
                     Case No. 5:20-cv-02164- GW

Dear Mr. Richards and Mr. Vahedy:

On June 17, 2022, we scheduled a conference pursuant to Local Rule 7-3 to meet and confer about our forthcoming motion for summary judgment. While I did not personally participate in that conference because I was in flight from Dallas to Chicago, I understand that you threatened to file a motion to disqualify my firm from this case on the false accusation that we did not clearly disclose to Mr. Berg, Mr. Gregg, Ms. Gall, Mr. Dressel and Mr. DeForge that we represented National Union in this matter and did not clarify any confusion about our representation of National Union. I am stunned by your willingness to overlook objective facts and volley such a demonstrably false accusation. While the declarations and testimony we secured from these witnesses obliterates your clients' case, the intentional manufacturing of non-existent ethical violations will not assist your clients and will not distract from the reality that your clients cannot prove a covered loss.

I write to debunk any notion that we failed to fully, clearly and honestly disclose our representation of National Union to Mr. Berg, Mr. Gregg, Ms. Gall, Mr. Dressel and Mr. DeForge. If you honor your obligations under Rule 11 of the Federal Rules of Civil Procedure, this letter and the attachments will resolve any question on our disclosures. However, to the extent that you persist with such a frivolous allegation, we expect you to honor your ethical obligations to act with candor and disclose the objective evidence cited in and attached to this letter and affirmatively disclose all evidence in any filing with the court.

With that background, we will detail our disclosures to Mr. Berg, Mr. Gregg, Ms. Gall, Mr. Dressel and Mr. DeForge. I am enclosing the highlighted correspondence, but am not enclosing the declarations and subpoenas because they were already produced and are in your possession. Nonetheless, if you need another copy, please let us know.

**EXHIBIT 1**
**PAGE 7**

June 17, 2022
Page 2

First, we secured a February 7, 2022 declaration from Ms. Gall.  Prior to the execution of that declaration, we communicated with Ms. Gall via telephone and email, and disclosed therein that we represented National Union in an action filed by the City of Beaumont.  That email clearly identified the City of Beaumont as the plaintiff and National Union as the defendant:



Thereafter, we obviously did not conceal our representation of National Union from Ms. Gall because the declaration itself identifies GRSM as counsel for National Union and identifies National Union as a defendant in an action filed by the City of Beaumont.  To leave no doubt, attached is a highlighted version of the declaration identifying GRSM as counsel for National Union and identifying National Union as a defendant in an action filed by the City of Beaumont:

Our email communication and declaration confirm the timely and correct disclosure of our representation of National Union and its adversity to City of Beaumont.

Second, we secured a January 24, 2022 declaration from Mr. DeForge.  As with Ms. Gall, we communicated with Mr. DeForge via telephone and email, and disclosed disclosed therein that we represented National Union in an action filed by the City of Beaumont.  That email clearly identified the City of Beaumont as the plaintiff and National Union as the defendant:

EXHIBIT 1
PAGE 8

June 17, 2022
Page 3



On Mon, Jan 24, 2022, 8:43 AM Meagan VanderWeele <mvanderweele@grsm.com> wrote:

WRCOG and City of Beaumont are suing National Union Fire Insurance Company of Pittsburgh, Pa.

MEAGAN P. VANDERWEELE (She/Her/Hers) | Senior Counsel

GORDON REES SCULLY MANSUKHANI
YOUR 50 STATE PARTNER®

One North Franklin, Suite 800
Chicago, IL 60606
D: 312-619-4931 | mvanderweele@grsm.com

www.grsm.com
vCard

Mr. DeForge then asked us to identify our client and we disclosed that we represent National Union and that National Union was the city's insurer:

**Meagan VanderWeele**

From:       Meagan VanderWeele
Sent:       Monday, January 24, 2022 11:17 AM
To:         Brian De Forge
Subject:    RE: City of Beaumont Lawsuit - Declaration

National Union, the City's insurer.

MEAGAN P. VANDERWEELE (She/Her/Hers) | Senior Counsel

GORDON REES SCULLY MANSUKHANI
YOUR 50 STATE PARTNER®

One North Franklin, Suite 800
Chicago, IL 60606
D: 312-619-4931 | mvanderweele@grsm.com

www.grsm.com
vCard

From: Brian De Forge <de4gecon1.bed@gmail.com>
Sent: Monday, January 24, 2022 11:15 AM
To: Meagan VanderWeele <mvanderweele@grsm.com>
Subject: Re: City of Beaumont Lawsuit - Declaration

Whom are you representing?

Thereafter, we obviously did not conceal our representation of National Union from Mr. DeForge because the declaration itself identifies GRSM as counsel for National Union and identifies National Union as a defendant in an action filed by the City of Beaumont.  To leave no doubt, attached is a highlighted version of the declaration identifying GRSM as counsel for National Union and identifying National Union as a defendant in an action filed by the City of Beaumont:

EXHIBIT 1
PAGE 9

June 17, 2022
Page 4



Our email communication and declaration confirm the timely and correct disclosure of our representation of National Union and its adversity to City of Beaumont.

Third, we interviewed Mr. Berg prior to his deposition.  As with Ms. Gall and Mr. DeForge, we communicated with Mr. Berg via telephone and email, and disclosed that we represented National Union in an action filed by the City of Beaumont.  That email clearly identified the City of Beaumont as the plaintiff and National Union as the defendant:

**Meagan VanderWeele**

| | |
|---|---|
| From: | Meagan VanderWeele |
| Sent: | Tuesday, February 8, 2022 2:34 PM |
| To: | 'rogernberg@msn.com' |
| Subject: | Lawsuit Filed by City of Beaumont and WRCOG v. National Union Fire Ins. Co. |

Hi Roger,

Thank you for speaking with me today. As I stated during our call, I represent National Union Fire Insurance Company in a lawsuit filed by the City of Beaumont and WRCOG in the Central District of California, Case No. 5:20-cv-02164- GW (KKx). I will prepare a declaration based on our discussion and send to you in the next few days. We can then arrange another telephone call to go other the declaration together and make changes if needed. In the meantime, please do not hesitate to contact me: 989-274-9229 (mobile) or 312-619-4931 (office).

Best regards,

Meagan

We issued a subpoena for Mr. Berg's deposition.  We enclosed a letter with that subpoena disclosing our representation of National Union in an action filed by the City of Beaumont:

EXHIBIT 1
PAGE 10

June 17, 2022
Page 5



This communication confirms the timely and correct disclosure of our representation of National Union and its adversity to City of Beaumont.

Fourth, we secured a February 7, 2022 declaration from Mr. Dressel.  Prior to the execution of that declaration, we issued a subpoena to Mr. Dressel and in that subpoena, we disclosed that we represented National Union in an action filed by the City of Beaumont.  Although that subpoena clearly identified the City of Beaumont as the plaintiff and National Union as the defendant, we sent a letter with the subpoena disclosing our representation of National Union:



Thereafter, we obviously did not conceal our representation of National Union from Mr. Dressel because the declaration signed by Mr. Dressel identifies GRSM as counsel for National Union and identifies National Union as a defendant in an action filed by the City of Beaumont.  To leave no doubt, attached is a highlighted version of the declaration identifying GRSM as counsel for National Union and identifying National Union as a defendant in an action filed by the City of Beaumont:

EXHIBIT 1
PAGE 11

June 17, 2022
Page 6



Our communication with Mr. Dressel and declaration confirm the timely and correct disclosure of our representation of National Union and its adversity to City of Beaumont.

Finally, we secured a declaration from Mr. Gregg dated February 7, 2022. Prior to the execution of that declaration, we issued a subpoena to Mr. Gregg and in that subpoena, we disclosed that we represented National Union in an action filed by the City of Beaumont:



Although that subpoena clearly identified the City of Beaumont as the plaintiff and National Union as the defendant, we sent an email to Mr. Gregg's attorney, Brian Ross, disclosing our representation of National Union in a coverage action involving the City of Beaumont:

> **From:** Scott Schmookler
> **Sent:** Thursday, April 15, 2021 11:48 AM
> **To:** 'BRoss@RLSLawyers.com'
> **Cc:** Katherine Musbach
> **Subject:** City of Beaumont/James Gregg
>
> Mr. Ross
>
> Per my voicemail, I represent National Union Fire Insurance Company of Pittsburgh, Pa. in an insurance coverage action involving the City of Beaumont. The City of Beaumont identified James Gregg as potential witness. We contacted Mr. Gregg and he referred us to you. Please contact me to discuss this matter as we would like to determine the scope of Mr. Gregg's knowledge and whether we need to serve a subpoena.
>
> Thank you.
>
> Scott
>
> _____
>
> **SCOTT L. SCHMOOKLER** | Partner

EXHIBIT 1
PAGE 12

June 17, 2022
Page 7

      Thereafter, we obviously did not conceal our representation of National Union from Mr. Gregg (or his attorney) because the declaration itself identifies GRSM as counsel for National Union and identifies National Union as a defendant in an action filed by the City of Beaumont. To leave no doubt, attached is a highlighted version of the declaration identifying GRSM as counsel for National Union and identifying National Union as a defendant in an action filed by the City of Beaumont:



Our email communication and declaration confirm the timely and correct disclosure of our representation of National Union and its adversity to City of Beaumont.

      To the extent that you wish to discuss this matter, please let me know; however, I trust that the disclosures in this letter conclusively resolve the issue. In any event, ***I expect an apology*** and written confirmation that you have no intention of falsely accusing my firm and any member of firm of ethics violations. If you elect to pursue this threatened motion, please be advised that we will pursue Rule 11 sanctions against each of you and your firm. I appreciate an attorney's desire to vigorously represent a client, but your baseless allegations cross the line and reflect poorly on you and your firm.

                    Sincerely,

                    Scott Schmookler

**EXHIBIT 1**
**PAGE 13**

## Scott Schmookler

| | |
|---|---|
| **From:** | Scott Schmookler |
| **Sent:** | Tuesday, April 20, 2021 11:36 AM |
| **To:** | BRoss@RLSLawyers.com |
| **Cc:** | Katherine Musbach |
| **Subject:** | RE: City of Beaumont/James Gregg |
| **Attachments:** | 2021.04.16 Notice of Subpoena (James Gregg).pdf; 2021.04.15 Subpoena for Documents (James Gregg).pdf; SF42961.pdf |

Mr. Ross

We served Mr. Gregg with the attached subpoena. Please let me know if you will be representing him or wish to discuss.

Scott

---

**From:** Scott Schmookler
**Sent:** Thursday, April 15, 2021 11:48 AM
**To:** 'BRoss@RLSLawyers.com'
**Cc:** Katherine Musbach
**Subject:** City of Beaumont/James Gregg

Mr. Ross

Per my voicemail, I represent National Union Fire Insurance Company of Pittsburgh, Pa. in an insurance coverage action involving the City of Beaumont. The City of Beaumont identified James Gregg as potential witness. We contacted Mr. Gregg and he referred us to you. Please contact me to discuss this matter as we would like to determine the scope of Mr. Gregg's knowledge and whether we need to serve a subpoena.

Thank you.

Scott

---

**SCOTT L. SCHMOOKLER** | Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

One North Franklin, Suite 800
Chicago, IL 60606
D: 312-980-6779 | sschmookler@grsm.com

www.grsm.com
vCard

**EXHIBIT 1**
**PAGE 14**

## Meagan VanderWeele

**From:** Meagan VanderWeele
**Sent:** Tuesday, February 8, 2022 2:34 PM
**To:** 'rogernberg@msn.com'
**Subject:**  Lawsuit Filed by City of Beaumont and WRCOG v. National Union Fire Ins. Co.

Hi Roger,

Thank you for speaking with me today. As I stated during our call, I represent National Union Fire Insurance Company in a lawsuit filed by the City of Beaumont and WRCOG in the Central District of California, Case No. 5:20-cv-02164- GW (KKx). I will prepare a declaration based on our discussion and send to you in the next few days. We can then arrange another telephone call to go other the declaration together and make changes if needed. In the meantime, please do not hesitate to contact me: 989-274-9229 (mobile) or 312-619-4931 (office).

Best regards,

Meagan

---

**MEAGAN P. VANDERWEELE** (She/Her/Hers)  |  Senior Counsel

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

One North Franklin, Suite 800
Chicago, IL 60606
D: 312-619-4931  |  mvanderweele@grsm.com

www.grsm.com
vCard

EXHIBIT 1
PAGE 15

MEAGAN P. VANDERWEELE
MVANDERWEELE@GRSM.COM
DIRECT DIAL: (312) 619-4931



ATTORNEYS AT LAW
ONE NORTH FRANKLIN, SUITE 800
CHICAGO, IL 60606
WWW.GRSM.COM

March 3, 2022

**VIA U.S. MAIL**

Roger Berg
1169 Euclid Avenue
Beaumont, CA 92223

     Re:    *Western Riverside Council of Governments, et al. v. National Union Fire Insurance Company of Pittsburgh, Pa., et al.;* Case No.: 5:20-cv-02164

Dear Mr. Berg,

As you know, I represent Defendant National Union Fire Insurance Company of Pittsburgh, Pa. in the above-referenced case, pending in U.S. District Court for the Central District of California. Enclosed, please find a subpoena for your deposition in this case. We have scheduled your deposition on March 31, 2022, beginning at 9:00 am PDT. We will provide a check in the amount of $40.00 as a witness fee pursuant to 28 U.S. Code § 1821 prior to your deposition.

Please contact me upon receipt of this letter. I can be reached at 312-619-4931 (office), 989-274-9229 (mobile), or by email at mvanderweele@grsm.com. Thank you, and I look forward to hearing from you soon.

     Sincerely,

     GORDON & REES LLP

     By: *Meagan VanderWeele*

     Meagan P. VanderWeele

Enclosures

EXHIBIT 1
PAGE 16

## Meagan VanderWeele

| | |
|---|---|
| **From:** | Meagan VanderWeele |
| **Sent:** | Monday, January 24, 2022 11:17 AM |
| **To:** | Brian De Forge |
| **Subject:** | RE: City of Beaumont Lawsuit - Declaration |

National Union, the City's insurer.

---

**MEAGAN P. VANDERWEELE** (She/Her/Hers) | Senior Counsel

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

One North Franklin, Suite 800
Chicago, IL 60606
D: 312-619-4931 | mvanderweele@grsm.com

www.grsm.com
vCard

> **From:** Brian De Forge <de4gecon1.bed@gmail.com>
> **Sent:** Monday, January 24, 2022 11:15 AM
> **To:** Meagan VanderWeele <mvanderweele@grsm.com>
> **Subject:** Re: City of Beaumont Lawsuit - Declaration
>
> Whom are you representing?
>
> What you leave behind is not what is engraved in stone monuments, but what is woven into the lives of others.
> Pericules
>
> On Mon, Jan 24, 2022, 8:43 AM Meagan VanderWeele <mvanderweele@grsm.com> wrote:
>
>> WRCOG and City of Beaumont are suing National Union Fire Insurance Company of Pittsburgh, Pa.
>>
>> ---
>>
>> **MEAGAN P. VANDERWEELE** (She/Her/Hers) | Senior Counsel
>>
>> **GORDON REES SCULLY MANSUKHANI**
>> **YOUR 50 STATE PARTNER®**
>>
>> One North Franklin, Suite 800
>> Chicago, IL 60606
>> D: 312-619-4931 | mvanderweele@grsm.com
>>
>> www.grsm.com
>> vCard

1

EXHIBIT 1
PAGE 17

**From:** Brian De Forge <de4gecon1.bed@gmail.com>
**Sent:** Monday, January 24, 2022 10:40 AM
**To:** Meagan VanderWeele <mvanderweele@grsm.com>
**Subject:** Re: City of Beaumont Lawsuit - Declaration

Who is suing whom? I am extremely bias in regards to what happened.

What you leave behind is not what is engraved in stone monuments, but what is woven into the lives of others.
Pericules

On Fri, Jan 21, 2022, 12:37 PM Meagan VanderWeele <mvanderweele@grsm.com> wrote:

Hi Brian,

Thank you for speaking with my colleague Hanna Monson earlier this week. Our firm represents the City's insurer in a lawsuit filed in the Central District of California, Case No. 5:20-cv-02164- GW (KKx). I would greatly appreciate if we could schedule a video conference early next week. In lieu of serving you with a subpoena to provide deposition testimony, we are preparing a declaration for you to sign. I'd like to review the declaration with you via video. **Please let me know your availability for a video call and I will send a calendar invite with the details**. We have to issue deposition subpoenas by end of this month per the court's discovery orders, so the sooner we can finalize the declaration the better. Please do not hesitate to contact me at any time: 989-274-9229 (mobile) or 312-619-4931 (office)

Thank you, and I look forward to hearing from you.

Best regards,

Meagan

---

**MEAGAN P. VANDERWEELE** (She/Her/Hers) | Senior Counsel

**GORDON REES SCULLY MANSUKHANI**

2

EXHIBIT 1
PAGE 18

**YOUR 50 STATE PARTNER®**

One North Franklin, Suite 800
Chicago, IL 60606
D: 312-619-4931 | mvanderweele@grsm.com

www.grsm.com
vCard

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**

**YOUR 50 STATE PARTNER®**

http://www.grsm.com

EXHIBIT 1
PAGE 19

MEAGAN P. VANDERWEELE
MVANDERWEELE@GRSM.COM
DIRECT DIAL: (312) 619-4931



ATTORNEYS AT LAW
ONE NORTH FRANKLIN, SUITE 800
CHICAGO, IL 60606
WWW.GRSM.COM

March 3, 2022

**VIA PERSONAL DELIVERY**

Lawrence Dressel
1390 Tourmaline Avenue
Mentone, CA 92359

Re:     *Western Riverside Council of Governments, et al. v. National Union Fire Insurance Company of Pittsburgh, Pa., et al.;* Case No.: 5:20-cv-02164

Dear Mr. Dressel,

I represent Defendant National Union Fire Insurance Company of Pittsburgh, Pa. in the above-referenced case, pending in U.S. District Court for the Central District of California. Enclosed, please find a subpoena for your deposition in this case. I have also enclosed a check in the amount of $40.00 as a witness fee pursuant to 28 U.S. Code § 1821. We have tentatively scheduled your deposition on April 21, 2022, beginning at 8:30 am PST. We are amenable to changing the date and time of the deposition.

Please contact me upon receipt of this letter. I can be reached at 312-619-4931 (office), 989-274-9229 (mobile), or by email at mvanderweele@grsm.com.  Thank you, and I look forward to hearing from you soon.

Sincerely,

GORDON & REES LLP

By:     *Meagan VanderWeele*

Meagan P. VanderWeele

Enclosures

EXHIBIT 1
PAGE 20

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Western Riverside Council of Gov'ts, et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| National Union Fire Insurance Company of | ) |
| Pittsburgh, Pa. | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.   5:20-cv-02164

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Lawrence Dressel
        1390 Tourmaline Avenue, Mentone, CA 92359-1239

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: TBD | Date and Time: |
|---|---|
| | 04/21/2022 9:00 am |

The deposition will be recorded by this method:    Stenographer and videographer

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/03/2022

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Scott L. Schmookler |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
National Union Fire Insurance Company of Pittsburgh, Pa. _____, who issues or requests this subpoena, are:

Scott L. Schmookler; One North Franklin, Suite 800, Chicago, IL 60606; sschmookler@grsm.com; 312-980-6779

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 1**
**PAGE 21**

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   5:20-cv-02164

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT 1**
**PAGE 22**

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
　(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or
　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1**
**PAGE 23**

**Meagan VanderWeele**

| | |
|---|---|
| **From:** | Meagan VanderWeele |
| **Sent:** | Friday, January 21, 2022 8:14 AM |
| **To:** | nancygall43@gmail.com |
| **Subject:** | Request for Telephone Call re BeaumontGate |

Good morning Nancy,

I'm a lawyer involved in an insurance coverage case filed by the City of Beaumont. The case is pending in the Central District of California, case no. 5:20-cv-02164- GW (KKx). I represent Defendant National Union Fire Insurance Company of Pittsburgh, Pa. The Plaintiffs are Beaumont and Western Riverside Council of Governments. I am very interested in speaking with you about Urban Logistics Consultants and "BeaumontGate." Are you available this afternoon?
I look forward to hearing from you.

Best regards,
Meagan

---

**MEAGAN P. VANDERWEELE** (She/Her/Hers) | Senior Counsel

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

One North Franklin, Suite 800
Chicago, IL 60606
D: 312-619-4931 | mvanderweele@grsm.com

www.grsm.com
vCard

1

EXHIBIT 1
PAGE 24

## Meagan VanderWeele

| | |
|---|---|
| **From:** | Meagan VanderWeele |
| **Sent:** | Friday, March 25, 2022 3:24 PM |
| **To:** | 'lawrence dressel' |
| **Subject:** | RE: Western Riverside/City of Beaumont v. National Union - Draft Declaration |
| **Attachments:** | DRAFT Declaration of Larry Dressel (revised)(65734978.1).docx |

Hi Larry,

Thank you for our call today. Attached is the revised declaration based on discussion. Please let me know if this looks good to you and then I will mail a hardcopy for you to sign. Please confirm that I should send the declaration to the following address: 1390 Tourmaline Avenue, Mentone, CA 92359-1239.

Thank you,
Meagan

---

**MEAGAN P. VANDERWEELE** (She/Her/Hers)  |  Senior Counsel

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

One North Franklin, Suite 800
Chicago, IL 60606
D: 312-619-4931  |  mvanderweele@grsm.com

www.grsm.com
vCard

---

**From:** lawrence dressel <dresselman@hotmail.com>
**Sent:** Friday, March 25, 2022 9:32 AM
**To:** Meagan VanderWeele <mvanderweele@grsm.com>
**Subject:** Re: Western Riverside/City of Beaumont v. National Union - Draft Declaration

Yes, I am available. Today

Get Outlook for iOS

---

**From:** Meagan VanderWeele <mvanderweele@grsm.com>
**Sent:** Friday, March 25, 2022 7:20:18 AM
**To:** 'dresselman@hotmail.com' <dresselman@hotmail.com>
**Subject:** RE: Western Riverside/City of Beaumont v. National Union - Draft Declaration

Larry – I'm following-up on the declaration I sent you last week. Are you available today or Monday for a call to discuss?

---

1

EXHIBIT 1
PAGE 25

**MEAGAN P. VANDERWEELE** (She/Her/Hers)  |  Senior Counsel

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

One North Franklin, Suite 800
Chicago, IL 60606
D: 312-619-4931  |  mvanderweele@grsm.com

www.grsm.com
vCard

---

**From:** Meagan VanderWeele
**Sent:** Wednesday, March 16, 2022 1:17 PM
**To:** 'dresselman@hotmail.com' <dresselman@hotmail.com>
**Subject:** RE: Western Riverside/City of Beaumont v. National Union - Draft Declaration

Hi Larry,

Attached is the declaration I prepared. Please review and let me know when you are available to discuss.

Thank you,
Meagan

---

**MEAGAN P. VANDERWEELE** (She/Her/Hers)  |  Senior Counsel

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

One North Franklin, Suite 800
Chicago, IL 60606
D: 312-619-4931  |  mvanderweele@grsm.com

www.grsm.com
vCard

---

**From:** Meagan VanderWeele
**Sent:** Thursday, March 10, 2022 12:55 PM
**To:** dresselman@hotmail.com
**Subject:** Western Riverside/City of Beaumont v. National Union

Larry,

Thank you for speaking with me today about the deposition subpoena. As we discussed, I have agreed to postpone your deposition for now. I will prepare a declaration based on our conversation and send a draft to you early next week. In the meantime, please do not hesitate to contact me with any questions or concerns.

Best regards,
Meagan
989-274-9229 (cell)

EXHIBIT 1
PAGE 26

**MEAGAN P. VANDERWEELE** (She/Her/Hers)  |  Senior Counsel

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

One North Franklin, Suite 800
Chicago, IL 60606
D: 312-619-4931  |  mvanderweele@grsm.com

www.grsm.com
vCard

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE PARTNER®**
[http://www.grsm.com](http://www.grsm.com)

EXHIBIT 1
PAGE 27

# EXHIBIT 2

EXHIBIT 2
PAGE 28

UNITED STATES DISTRICT COURT

CENTRAL DIESTRICT OF CALIFORNIA


WESTERN RIVERSIDE COUNCIL OF  )
GOVERNMENTS, a California     )
Joint Powers Authority,       )
                              )
             Plaintiff,       )
                              )
          -vs-                )   Case No.: 5:20-cv-02164
                              )   -GW(KKx)
NATIONAL UNION FIRE           )
INSURANCE COMPANY OF          )
PITTSBURGH, PA, and DOES      )
 through 50, inclusive,       )
                              )
             Defendants.      )
_____)



DEPOSITION OF BRIAN DE FORGE

Thursday, April 28, 2022

Riverside, California

Reported By: Tracey R. Boyer

CSR No. 12346



EXHIBIT 2
PAGE 29

70

1    was the only -- so again three different times being
2    mayor during those two-year periods I would have been
3    the chair person of whatever redevelopment financing
4    authority.  And I think we had another one too.  But
5    that would have been the only time I was chairman.
6    Again I believe that was a very minor point.  I just,
7    you know...
8         **Q    And then when you saw something that you wanted**
9    **to make that clarification on did you pick up the phone**
10   **and call the insurance company attorneys?  How did you**
11   **convey that edit or change to them?**
12        A    After receiving the initial email and getting
13   the opportunity to read over the email we set up a
14   meeting to go over the declaration to make sure if there
15   were any changes I needed to make.  Very short phone
16   call, I believe.  Yeah, I believe it was a phone call.
17             It might have been a Zoom now just to go over
18   it and to make any changes that we needed and it was
19   probably less than 15 minutes.  And just I signed the
20   back page scanned and then send it over.  I don't
21   believe I emailed it.  I think I scanned it.
22        **Q    Did any one of the insurance company attorneys**
23   **tell you then what was going to happen with this**
24   **declaration?  In other words where it was going to go or**
25   **how it was going to be used, something to that effect?**

71

1        A    No --
2        **Q    I'm sorry.**
3        A    They did not.  I knew where it would go.  Again
4    having going through these situations previously whether
5    it was a declaration or a deposition.  I know once I
6    give a deposition then it's a free for all whoever is
7    involved in the case to get their lawyers to depose me
8    or try to get their own clarification of what I was
9    saying.
10        **Q    Okay.  So in that second phone call maybe was a**
11   **Zoom, lasted approximately 15 minutes, did you say,**
12   **"I'll sign it and send it back," the declaration is that**
13   **what happened?**
14        A    The instructions were if everything is approved
15   by me, if I would please sign that and either email it
16   or scan it back.  I believe I chose scan.  Because it
17   was -- I mean I have a fax in my office.  But I think it
18   was...
19        **Q    And there was another version that came with**
20   **some minor edits or corrections you said?**
21        A    No, we didn't -- we didn't make any.  I brought
22   up points that I felt were.  But I don't think we made
23   any changes to it.  Because it was very minor.  Again
24   that was the idea that I was chair person at all time I
25   don't think it needed to be, you know, clarified while I

72

1    was mayor I was chair person.  So that's why that was
2    never put in.
3        **Q    So you signed it, it's emailed back to the**
4    **insurance company attorneys, it's on January 24th of**
5    **2022.**
6             **When was the next time you had any further**
7    **contact with them after that?**
8        A    Just prior to coming into here.
9        **Q    When was that?**
10        A    I think this week.
11        **Q    And how did that contact occur?  Did they call**
12   **you or you call them?**
13        A    No, Meagan called me and let me know that I
14   asked if it was true that I was going to be deposed, if
15   I was going to be deposed and I said, "Yes," and the
16   day.  She said she would be here as well.
17        **Q    What else was discussed?**
18        A    That was it.  Did we need to meet?  And I said,
19   "No, I don't believe so."  So we never met until I saw
20   her in here this morning.  I didn't even now that was
21   Meagan because I only saw her on a Zoom call.
22        **Q    All right.  Before this deposition today did**
23   **you ever talk with anyone else about this deposition?**
24   **In other words, you talked for example with your**
25   **business friend and partner who was waiting for you at**

73

1    the Home Depot.
2             **Have you ever talked with Mr. Burg or**
3    **Mr. Castaldo or any other former members of the city**
4    **council about this matter?**
5        A    No, I have not, no.
6        **Q    Okay.  All right.  Have any of them reached out**
7    **to you?**
8        A    No.
9             MR. DUNN:  Okay.  I think that's all the
10   questions I have.  So thank you.  I need to get you an
11   address.
12             MS. VANDERWEELE:  I have follow-up questions as
13   well.
14             MR. DUNN:  Sure.  Yeah.  Counsel will ask you
15   questions.  Did you want to take a break or do you want
16   to just go right into it?
17             MS. VANDERWEELE:  I'm fine to keep going unless
18   Mr. DeForge you'd like to take a break before my
19   questions?
20             MR. DUNN:  Would you like to trade spots?
21             MS. VANDERWEELE:  I'm fine.  Except will that
22   make the video difficult?
23             THE VIDEOGRAPHER:  He's going to be facing
24   towards you.
25             MS. VANDERWEELE:  Do you want me to just come



EXHIBIT 2
PAGE 30

74

1  over to this other side?
2      THE VIDEOGRAPHER:  That will work.
3      MS. VANDERWEELE:  Sure.  Why don't we take a
4  quick break to refigure.
5      THE VIDEOGRAPHER:  Off the record.  The time is
6  11:26 a.m.
7      (Recess taken.)
8      THE VIDEOGRAPHER:  On the record the time is
9  11:30 a.m.
10         CROSS EXAMINATION
11 BY MS. VANDERWEELE:
12     Q  Mr. DeForge, I have just a few follow-up
13 questions based on Counsel's questioning.  I'm Meagan
14 Vanderweele you and I have spoken before; correct?
15     A  Yes.  Correct.
16     Q  And you understand that I represent National
17 Union Fire Insurance Company?
18     A  That is correct.
19     Q  And when we spoke on the phone before you
20 signed the declaration do you recall exchanging emails
21 with me with some questions about who the parties were
22 in the lawsuit?
23     A  I don't recall.
24     Q  Do you at least recall exchanging emails with
25 me?

75

1      A  Yes, I do recall exchanging them.
2      Q  And at any time did I ever tell you that I
3  represented the City of Beaumont?
4      A  Not that I recall.
5      Q  At all times I told you I represented the
6  defendant in this case National Union Fire Insurance; is
7  that correct?
8      A  That is correct.
9      Q  And if you look at actually the declaration
10 that you signed.  I don't know if you got it in front of
11 you?
12     A  Yes, I do.
13     Q  It's got the case caption on there at the top.
14 Do you see that?
15     A  Yes, I do.
16     Q  And it's Western Riverside Council of
17 Governments is one of the plaintiffs; correct?
18     A  That's correct.
19     Q  The other plaintiff is City of Beaumont;
20 correct?
21     A  Yes.
22     Q  And then National Union Fire Insurance Company
23 of Pittsburgh is the defendant; correct?
24     A  That is correct.
25     Q  And do you recall before I even sent you a

76

1  draft declaration to review I informed you that WRCOG
2  and the City of Beaumont were suing my client National
3  Union Fire Insurance Company?
4      A  I don't recall.  I don't recall.
5      Q  Okay.  Do you recall receiving a series of
6  emails to that effect?
7      A  I don't recall.  But I would have to go back
8  and again look at my email archives.
9      Q  Fair enough.  All of the information that's in
10 the declaration that you signed as you sit here today to
11 the best of your knowledge and belief everything in here
12 is true and correct?
13     A  That is correct.
14     Q  Are there any changes, additions or revisions
15 that you would like to make to this declaration?
16     A  No, I do not.
17     Q  And the information, in all fairness to you as
18 Counsel's asked you, I was the one who physically or my
19 office drafted this document; correct?
20     A  That's correct.
21     Q  And did we provide you a draft of this
22 declaration to review before signing it?
23     A  Yes, you did.
24     Q  And in fact we had a Zoom meeting to review
25 this declaration line by line; correct?

77

1      A  That's correct.
2      Q  And during that Zoom session I believe you made
3  some changes which we've already talked about today?
4      A  Yes.
5      Q  And then we sent you an updated declaration
6  based on our Zoom meeting; is that correct?
7      A  That would be correct, yes.
8      Q  And did you again have an opportunity to review
9  this declaration before signing it?
10     A  Yes.
11     Q  And did you do that?  Did you review the
12 updated declaration, review it, confirm that it was
13 accurate before you signed it?
14     A  Yes, I did.
15     Q  Counsel was asking you questions about
16 paragraph three of the declaration regarding insurance.
17 And I believe you told us that the city council had to
18 vote and approve matters concerning the claims that were
19 brought against the city.
20         Do I understand that correctly?
21     A  That is correct.
22     Q  Now if the city -- or strike that.  When you
23 were on city council are you aware that the city had
24 insurance policies that were issued to the city?
25     A  Yes, I did.  Yes, I was.

**MAGNA** ▶
**Legal Services**

EXHIBIT 2
PAGE 31

78

1    Q  All right.  Now if the city believed it had a
2   loss, that it was a loss that was covered by a policy,
3   okay?  Would the city council have to vote and approve
4   whether the city was going to pursue a claim against one
5   of the insurance companies that had issued the city a
6   policy?  Is that something that the city council would
7   have to vote on and approve?
8        MR. DUNN:  Objection.  Incomplete hypothetical.
9   Calls for speculation and legal conclusion.  You can
10  answer.
11       MS. VANDERWEELE:  I'm happy to rephrase it if
12  you don't understand.
13       THE WITNESS:  Please maybe clarify what you're
14  saying.
15  BY MS. VANDERWEELE:
16       Q  Sure.  So if the city -- the city has insurance
17  policies; correct?
18       A  Yes.
19       Q  When you were on city council?
20       A  Yes.
21       Q  And the city had a contracted risk manager when
22  you were on city council?
23       A  Correct.
24       Q  And would he -- who was that person?
25       A  I believe, I'm not a 100 percent sure, that it

79

1   was Keenon and Associates would have been our risk
2   management company, I believe.
3        Q  Do you recall a gentleman named James Gregg?
4        A  Yes, I do.
5        Q  And was Mr. Gregg did he work with ERMAC,
6   E-r-m-a-c?
7        A  I don't recall that company.  But I do remember
8   the name.
9        Q  Did Mr. Gregg -- do you recall any
10  conversations that you ever had with Mr. Gregg?
11       A  No, I do not in an official capacity.
12       Q  As you sit here today do you have any
13  understanding of what Mr. Gregg's role was for the city
14  of Beaumont?
15       A  Just off my head trying to understand that I
16  was -- thought he had to do with the bond sales.  But
17  that might be someone else.
18       Q  Okay.  Back to my original question about
19  insurance claims that the city would make.  So the city
20  had insurance policies.
21          Were there times when you were on city council
22  that the city would try to recover money from the
23  insurance companies?
24       A  I don't remember us ever going after an
25  insurance company to recover any money.

80

1        Q  If hypothetically speaking while you were on
2   city council, the city believed that it had a loss that
3   was covered under a policy, is that the type of thing
4   based on your knowledge and experience having been on
5   city council for 15 years, is that something that the
6   city council would have to vote on and approve?  That
7   being whether to pursue a claim against one of the
8   city's insurer's?
9        MR. DUNN:  Objection.  Incomplete hypothetical.
10  Lacks foundation.  Calls for a legal opinion or
11  conclusion.
12       THE WITNESS:  I'm just waffling a little
13  because in our closed sessions when claims were
14  discussed we had legal counsel with us.  Legal counsel
15  would advise whether we should pay the claim out if it
16  was small enough from the city or we should deny the
17  claim and pursue it through a different way.
18       Whether it was JPA -- funding we had through
19  the JPA, however that might have looked.  We were not --
20  city council would have approved, if it came we suggest
21  you approve this.  And council would approve and then
22  come out of closed session and make an announcement that
23  we approve settlement on case XYZ whatever it might have
24  been.
25  BY MS. VANDERWEELE:

81

1        Q  And with respect to the settlements that city
2   council approved, before the city's lawyer would
3   announce in public session the approval of a settlement
4   that approval had to come from city council; correct?
5        A  Yes.
6        Q  That's okay.  Let me just reask that question
7   so we got a clean question and answer.  Before -- so you
8   just explained to me in closed session and again I don't
9   want to know anything about any specific closed session
10  discussion, that's privileged.
11       But generally speaking if a claim is made
12  against the city that claim would be discussed in closed
13  session; correct?
14       A  Correct.
15       Q  And then the city's lawyer would make a
16  recommendation to city's counsel about whether to settle
17  the claim?
18       A  That's correct.
19       Q  And then would the city council have to approve
20  of that settlement before the city's lawyer could
21  announce that settlement in public session?
22       A  That is correct.
23       Q  And the purchase of insurance on behalf of the
24  city, it's my understanding although city staff whether
25  it be the city manager or legal counsel, city staff

