Christina R. Spiezia, State Bar No. 315145
cspiezia@grsm.com
(949) 255-6968 --
Scott L. Schmookler, IL
sschmookler@grsm.com, *Pro Hac Vice*
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
5 Park Plaza Suite 1100
Irvine, CA 92614

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO DOCUMENTS ATTACHED TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br>**(DKT. 54-3)**<br><br>Judge: Hon. George H. Wu<br>Date: 8/1/2022<br>Time: 8:30 a.m.<br>Room: 9D |

-1-
DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO DOCUMENTS ATTACHED TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (DKT. 54-3)

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614

Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union"), hereby submits the following responses to Plaintiffs' evidentiary objections to the documents attached to National Union's Request for Judicial Notice filed in support of its Motion for Summary Judgment:

| **Objection No. 1** | | |
|---|---|---|
| Material Objected To: Felony Plea Forms, *People of the State of California v. Alan Kapanicas, et al.*, Case No. RIF 1602262 (Dkt. 49-5 at pp. 305-310) | | |
| **Plaintiffs' Objection:** | **Defendant's Response:** | **Ruling:** |
| **Hearsay** (FRE 805, 801-802); (*see Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (holding "[W]hile the existence of the plea is properly subject to judicial notice, the contents of the documents Plaintiff submitted are not judicially noticeable for the purpose for which Plaintiff introduces them; i.e., the truth of the matters contained therein."); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir.2003) (concluding that taking judicial notice of the findings of fact from another case exceeds scope of FRE 201); **Requirement of the Original** (FRE 1002); (*see United States v. Bennett*, 363 F.3d 947, 953-54 (9th | 1.  The plea agreements are not offered for the truth of the factual statements in the pleas, but instead are offered to prove the existence of the plea agreements and absence of admission that Mr. Kapanicas admitted to collusion with Mr. Dillon, Mr. Egger or Mr. Moorjani.<br><br>2.  The plea agreements are admissible under Federal Rule of Evidence 807 because they are offered as evidence of a material fact, probative on the point for which they are offered and the interest of justice will be best served by admission of the statements. *In re Slatkin*, 525 F.3d 805 (9th Cir. 2008) (admitting plea under FRE 807); *U.S. v. Proceeds from the Sale of a Condo.*, 2022 WL 1193264 (C.D. Cal., | Sustained: _____<br><br>Overruled: _____ |

-2-
DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO DOCUMENTS ATTACHED TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (DKT. 54-3)

| | |  |
|---|---|---|
| Cir. 2004)(holding that testimony offered to prove the content of data—or a printout or other representations of such data—is barred by the best evidence rule.); see also U.S. v. Rivera-Carrizosa, 35 F.3d 573, 2 (9th Cir. 1994) (holding that an agent's testimony regarding the content of a birth certificate violated the "best evidence" rule [Fed.R.Evid. 1002], which states that "[t]o prove the content of a writing ... the original writing ... is required, except as provided in these rules or by Act of Congress."). | Mar. 4, 2022) (admitting plea agreement under FRE 807). <br><br> 3.  Because the evidence is admissible, *Hughes v. U.S.*, 953 F.2d 531, 543 (9th Cir. 1992), the best evidence rule does not preclude admission on a motion for summary judgment. *S.S. by & through Stern v. Peloton Interactive, Inc.*, 566 F. Supp. 3d 1019, 1046 (S.D. Cal. 2021). | |

**Objection No. 2**

Material Objected To:  Factual Basis of Deepak Moorjani, *People of the State of California v. Deepak Moorjani*, Case No. RIF 1602262 (Dkt. 49-5 at pp. 312-313)

| **Plaintiffs' Objection:** | **Defendant's Response:** | **Ruling:** |
|---|---|---|
| **Hearsay** (FRE 805, 801-802); (see *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (holding "[W]hile the existence of the plea is properly subject to judicial notice, the contents of the documents Plaintiff | 1.  The plea agreement is not offered for the truth of the factual statements in the pleas, but instead is offered to prove the existence of the plea agreement and knowledge surrounding the existence of the plea agreement. | Sustained: _____ <br><br> Overruled: _____ |

-3-
DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO DOCUMENTS ATTACHED TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (DKT. 54-3)

| | | |
|---|---|---|
| submitted are not judicially noticeable for the purpose for which Plaintiff introduces them; i.e., the truth of the matters contained therein."); see also *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir.2003) (concluding that taking judicial notice of the findings of fact from another case exceeds scope of FRE 201); While the plea related documents may be judicially noticeable, the truth of the conduct reflected in the plea and factual proffers is not. *See, e.g., Swartz v. Deutsche Bank*, at *6 (W.D. Wash. May 2, 2008)). | 2. The plea agreement is admissible under Federal Rule of Evidence 807 because it is offered as evidence of a material fact, probative on the point for which it is offered and the interest of justice will be best served by admission of the statement. *In re Slatkin*, 525 F.3d 805 (9th Cir. 2008) (admitting plea under FRE 807); *U.S. v. Proceeds from the Sale of a Condo.*, 2022 WL 1193264 (C.D. Cal., Mar. 4, 2022) (admitting plea agreement under FRE 807). 3. Because the evidence is admissible, *Hughes v. U.S.*, 953 F.2d 531, 543 (9th Cir. 1992), the best evidence rule does not preclude admission on a motion for summary judgment. *S.S. by & through Stern v. Peloton Interactive, Inc.*, 566 F. Supp. 3d 1019, 1046 (S.D. Cal. 2021). | |

**Objection No. 3**

Material Objected To:  Factual Basis of David Dillon, People of the State of California v. David Dillon, Case No. RIF 1602262,
(Dkt. 49-5 at pp. 315-316.

| **Plaintiffs' Objection:** | **Defendant's Response:** | **Ruling:** |
|---|---|---|
| **Hearsay** (FRE 805, 801-802); (*see Lee v. City of Los Angeles*, 250 F.3d 668, | 1. The plea agreement is not offered for the truth of the factual statements in the | Sustained: _____ |

-4-
DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO DOCUMENTS ATTACHED TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (DKT. 54-3)

| | | |
|---|---|---|
| 688-89 (9th Cir. 2001) (holding "[W]hile the existence of the plea is properly subject to judicial notice, the contents of the documents Plaintiff submitted are not judicially noticeable for the purpose for which Plaintiff introduces them; i.e., the truth of the matters contained therein."); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir.2003) (concluding that taking judicial notice of the findings of fact from another case exceeds scope of FRE 201); While the plea related documents may be judicially noticeable, the truth of the conduct reflected in the plea and factual proffers is not. *See, e.g., Swartz v. Deutsche Bank*, at *6 (W.D. Wash. May 2, 2008)). | pleas, but instead is offered to prove the existence of the plea agreement and knowledge surrounding the existence of the plea agreement.<br><br>2. The plea agreement is admissible under Federal Rule of Evidence 807 because it is offered as evidence of a material fact, probative on the point for which it is offered and the interest of justice will be best served by admission of the statement. *In re Slatkin*, 525 F.3d 805 (9th Cir. 2008) (admitting plea under FRE 807); *U.S. v. Proceeds from the Sale of a Condo.*, 2022 WL 1193264 (C.D. Cal., Mar. 4, 2022) (admitting plea agreement under FRE 807).<br><br>3. Because the evidence is admissible, *Hughes v. U.S.*, 953 F.2d 531, 543 (9th Cir. 1992), the best evidence rule does not preclude admission on a motion for summary judgment. *S.S. by & through Stern v. Peloton Interactive, Inc.*, 566 F. Supp. 3d 1019, 1046 (S.D. Cal. 2021). | Overruled: _____ |

**Objection No. 4**

Material Objected To: Factual Basis of Ernest Egger, *People of the State of California v. Ernest Egger*, Case No. RIF 1602262 (Dkt. 49-5 at pp. 318-319)

| Plaintiffs' Objection: | Defendant's Response: | Ruling: |
|---|---|---|
| **Hearsay** (FRE 805, 801-802); (*see Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (holding "[W]hile the existence of the plea is properly subject to judicial notice, the contents of the documents Plaintiff submitted are not judicially noticeable for the purpose for which Plaintiff introduces them; i.e., the truth of the matters contained therein."); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir.2003) (concluding that taking judicial notice of the findings of fact from another case exceeds scope of FRE 201); While the plea related documents may be judicially noticeable, the truth of the conduct reflected in the plea and factual proffers is not. *See, e.g., Swartz v. Deutsche Bank*, at *6 (W.D. Wash. May 2, 2008)). | 1. The plea agreement is not offered for the truth of the factual statements in the pleas, but instead is offered to prove the existence of the plea agreement and knowledge surrounding the existence of the plea agreement.<br><br>2. The plea agreement is admissible under Federal Rule of Evidence 807 because it is offered as evidence of a material fact, probative on the point for which it is offered and the interest of justice will be best served by admission of the statement. *In re Slatkin*, 525 F.3d 805 (9th Cir. 2008) (admitting plea under FRE 807); *U.S. v. Proceeds from the Sale of a Condo.*, 2022 WL 1193264 (C.D. Cal., Mar. 4, 2022) (admitting plea agreement under FRE 807).<br><br>3. Because the evidence is admissible, *Hughes v. U.S.*, 953 F.2d 531, 543 (9th Cir. 1992), the best evidence rule does not preclude admission on a motion for summary judgment. *S.S. by & through Stern v. Peloton Interactive, Inc.*, 566 F. Supp. 3d 1019, 1046 (S.D. Cal. 2021). | Sustained: _____<br><br>Overruled: _____ |

-6-

DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO DOCUMENTS ATTACHED TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (DKT. 54-3)

| | | |
|---|---|---|
| Dated: July 18, 2022 | | GORDON REES SCULLY MANSUKHANI LLP |
| | By: | */s/ Scott L. Schmookler* |
| | | Scott L. Schmookler (PHV) |
| | | sschmookler@grsm.com |
| | | (312) 980-6779 |
| | | Christina R. Spiezia, (SBN: 315145) |
| | | cspiezia@grsm.com |
| | | (949) 255-6968 |
| | | 5 Park Plaza |
| | | Suite 1100 |
| | | Irvine, CA 92614 |
| | | |
| | | *Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa.* |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 18, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

> Jeffrey V. Dunn, State Bar No. 131926
> jeffrey.dunn@bbklaw.com
> Christopher E. Deal, State Bar No. 186754
> chris.deal@bbklaw.com
> Daniel L. Richards, State Bar No. 315552
> daniel.richards@bbklaw.com
> BEST BEST & KRIEGER LLP
> 18101 Von Karman Avenue, Suite 1000
> Irvine, California 92612
> Telephone: 949-263-2600
> Facsimile: 949-260-0972
>
> *Attorneys for Plaintiffs*

>                GORDON REES SCULLY
>                MANSUKHANI LLP
>
> By:   */s/ Scott L. Schmookler*
>          Scott L. Schmookler
>
>       *Attorneys for Defendant
>       National Union Fire Insurance
>       Company of Pittsburgh, Pa.*

-8-
DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO DOCUMENTS ATTACHED TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (DKT. 54-3)