Christina R. Spiezia, State Bar No. 315145
cspiezia@grsm.com
(949) 255-6968
Scott L. Schmookler
sschmookler@grsm.com, *Pro Hac Vice*
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
5 Park Plaza Suite 1100
Irvine, CA 92614

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF JUDITH BINGHAM**<br>**(DKT. 54-6)**<br><br>Judge: Hon. George H. Wu<br>Date: 8/1/2022<br>Time: 8:30 a.m.<br>Room: 9D |

Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union"), hereby submits the following responses to Plaintiffs' evidentiary objections to the Declaration of Judith Bingham ("Bingham Decl.") filed in support of National Union's Motion for Summary Judgment:

-1-
DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF JUDITH BINGHAM
(DKT. 54-6)

Plaintiffs assert a series of repetitive evidentiary objections to virtually every paragraph of this declaration without regard to whether National Union cited or relied upon that paragraph in support of its motion for summary judgment. Because of the repetitive nature of the objections, National Union will provide a single set of responses – which applies to all of Plaintiffs' objections:

**Objection No. 1: Lack of Foundation (FRE 901):**

Response: The declarant testified to her personal discussions, recommendations, and publications based upon her personal knowledge – as confirmed in Paragraphs 1-2 of her declaration. That explanation provides proper foundation for her testimony. Plaintiffs do not identify any statement, communication or publication that the declarant did not personally communicate, witness, or publish. *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) ("[Witness's] personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters").

**Objection No. 2: Improper Opinion Testimony (FRE 701-703):**

Response: The declarant did not offer any opinions, but instead testified to her personal communications, understandings, observations and publications. Such percipient testimony is not opinion testimony under FRE 704. Moreover, a witness may offer an opinion. FRE Rule 701 "allows a lay witness to offer opinions that are rationally based on the witness's perception." Fed. R. Evid. 803(22); *See U.S. v. Freeman*, 498 F.3d 893, 904-905 (9th Cir. 2007) (holding that the officer could testify based on his personal knowledge of the investigation even though he had not directly participated in the conversations at issue).

-2-
DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF JUDITH BINGHAM (DKT. 54-6)

**Objection No. 3: Constitutes a Legal Conclusion (FRE 704):**

Response: The declarant does not offer any opinions about the law, but instead testified about her own personal communications, communications, understandings, observations and publications.

**Objection No. 4: Irrelevant (FRE 401-402):**

Response: The declarant's testimony involves her observations about the conduct of Mr. Egger, Mr. Dillon, Mr. Moorjani and Urban Logic Consultants ("Former Officials"), and her communications to the members of the Beaumont City Council about their conduct. The knowledge of the Beaumont City Council is relevant to Plaintiffs' ability to prove a covered loss and National Union's discovery and termination of coverage defenses for the reasons set forth in National Union's motion for summary judgment.

**Objection No. 5: Hearsay (FRE 805, 801-802):**

Response: The declarant's testimony about the conduct of Former Officials, her knowledge of that conduct and communications with the Beaumont City Council were not offered for the truth of the matter asserted, but instead for purposes of establishing notice of and knowledge of the Beaumont City Council and/or Beaumont's Risk Manager. Because her communications were offered for purposes of establishing knowledge and notice, her statements are not hearsay.

**Objection No. 6: Requirement of the Original (FRE 1002):**

Response: The declarant testifies to admissible evidence. Because the facts underlying this piece of evidence are admissible, *Hughes v. U.S.*, 953 F.2d 531, 543 (9th Cir. 1992), the best evidence rule does not preclude admission of these facts for purposes of summary judgment. *S.S. by & through Stern v. Peloton Interactive, Inc.*, 566

-3-
DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF JUDITH BINGHAM (DKT. 54-6)

F. Supp. 3d 1019, 1046 (S.D. Cal. 2021). The rule "is not applicable when a witness testifies from [p]ersonal knowledge of the matter, even though the same information is contained in a writing.' " *Vyas v. Vyas*, No. CV1502152RSWLDFMX, 2017 WL 3841809, at *5 (C.D. Cal. Sept. 1, 2017).

**Objection No. 7: Incomplete Evidence (FRE 106):**

Response: FRE 106 only applies to the extent that a party introduces a writing or a recorded statement. All exhibits referenced in the declaration were provided in full and thus, FRE 106 does not apply.

**Objection No. 8: Lack of Personal Knowledge/Foundation (FRE 602, 901):**

Response: The declarant testified to her personal discussions, understandings, observations, and publications based upon her personal knowledge – as confirmed in Paragraph 1 of her declaration. That explanation provides proper foundation for her testimony. Plaintiffs do not identify any statement, communication or publication that the declarant did not personally communicate, witness, or publish. *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) ("[Witness's] personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters").

**Objection No. 9: Speculative Lay Testimony (FRE 701):**

Response: The declarant testified to personal discussions, recommendations, understandings, publications and observations based upon percipient knowledge – as confirmed in the declaration. That explanation provides proper foundation for the declarant's

testimony.  None of the testimony is speculative, but instead based upon percipient knowledge. *Bathelemy,* 897 F.2d at 1018.

Dated: June 18, 2022

GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Christina R. Spiezia, (SBN: 315145)
cspiezia@grsm.com
(949) 255-6968
5 Park Plaza
Suite 1100
Irvine, CA 92614

*Attorneys for Defendant*
*National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF JUDITH BINGHAM
(DKT. 54-6)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 18, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

> Jeffrey V. Dunn, State Bar No. 131926
> jeffrey.dunn@bbklaw.com
> Christopher E. Deal, State Bar No. 186754
> chris.deal@bbklaw.com
> Daniel L. Richards, State Bar No. 315552
> daniel.richards@bbklaw.com
> BEST BEST & KRIEGER LLP
> 18101 Von Karman Avenue, Suite 1000
> Irvine, California 92612
> Telephone: 949-263-2600
> Facsimile: 949-260-0972
>
> *Attorneys for Plaintiffs*

GORDON REES SCULLY
MANSUKHANI LLP

By:  */s/ Scott L. Schmookler*
     Scott L. Schmookler

*Attorneys for Defendant*
*National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614

-6-
DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF JUDITH BINGHAM
(DKT. 54-6)