Christina R. Spiezia, State Bar No. 315145
cspiezia@grsm.com
(949) 255-6968
Scott L. Schmookler, IL
sschmookler@grsm.com, *Pro Hac Vice*
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
5 Park Plaza Suite 1100
Irvine, CA 92614

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF LAWRENCE DRESSEL (DKT. 54-7)**<br><br>Judge: Hon. George H. Wu<br>Date: 8/1/2022<br>Time: 8:30 a.m.<br>Room: 9D |

Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union"), hereby submits the following responses to Plaintiffs' evidentiary objections to the Declaration of Lawrence Dressel filed in support of National Union's Motion for Summary Judgment:

Plaintiffs assert a series of repetitive evidentiary objections to virtually every paragraph of this declaration without regard to whether National Union cited

-1-

or relied upon that paragraph in support of its motion for summary judgment. Because of the repetitive nature of the objections, National Union will provide a single set of responses – which applies to all of Plaintiff's objections:

**Objection No. 1: Lack of Foundation (FRE 901):**

Response: The declarant testified to personal discussions, recommendations, understandings, publications and observations based upon percipient knowledge – as confirmed in paragraphs 1-2 of his declaration. That explanation provides proper foundation for the declarant's testimony. Plaintiffs do not identify any statement or communication that the declarant did not personally communicate or witness. *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) ("[Witness's] personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters").

**Objection No. 2: Improper Opinion Testimony (FRE 701-703):**

Response: The declarant did not offer any opinions, but instead testified to percipient communications, understandings, observations and publications. Such percipient testimony is not opinion testimony. Moreover, a witness may offer an opinion. FRE Rule 701 "allows a lay witness to offer opinions that are rationally based on the witness's perception." Fed. R. Evid. 803(22); *See U.S. v. Freeman*, 498 F.3d 893, 904-905 (9th Cir. 2007) (holding that the officer could testify based on his personal knowledge of the investigation even though he had not directly participated in the conversations at issue).

1 **Objection No. 3: Constitutes a Legal Conclusion (FRE 704):**

2 Response: The declarant does not offer any opinions about the law,
3 but instead testified about personal communications,
4 communications, understandings, observations and publications.

5 **Objection No. 4: Irrelevant (FRE 401-402):**

6 Response: The declarant's testimony involved observations about the
7 conduct of Mr. Egger, Mr. Dillon, Mr. Moojani and Urban Logic
8 Consultant ("Former Officials"), and communications to/with the
9 members of the Beaumont City Council about their conduct. The
10 knowledge of the Beaumont City Council and approval of the ULC's
11 allegedly fraudulent invoices is relevant to Plaintiffs' ability to prove
12 a covered loss and National Union's discovery and termination of
13 coverage defenses for the reasons set forth in National Union's motion
14 for summary judgment.

15 **Objection No. 5: Hearsay (FRE 805, 801-802):**

16 Response: The declarant's testimony about the conduct of Former
17 Officials, knowledge of that conduct and communications to/with the
18 Beaumont City Council was not offered for the truth of the matter
19 asserted, but instead for purposes of establishing notice of and
20 knowledge of the Beaumont City Council and/or Beaumont's Risk
21 Manager. Because the communications were offered for purposes of
22 establishing knowledge and notice, the statements are not hearsay.

23 **Objection No. 6: Requirement of the Original (FRE 1002):**

24 Response: The declarant testifies to admissible evidence. Because
25 the facts underlying this piece of evidence are admissible, *Hughes v.*
26 *U.S.*, 953 F.2d 531, 543 (9th Cir. 1992), the best evidence rule does
27 not preclude admission of these facts for purposes of summary

28

-3-
DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING
ON SPECIFIED OBJECTIONS TO THE DECLARATION OF LAWRENCE DRESSEL
(DKT. 54-7)

judgment. *S.S. by & through Stern v. Peloton Interactive, Inc.*, 566 F. Supp. 3d 1019, 1046 (S.D. Cal. 2021). The rule "is not applicable when a witness testifies from [p]ersonal knowledge of the matter, even though the same information is contained in a writing.' " *Vyas v. Vyas*, No. CV1502152RSWLDFMX, 2017 WL 3841809, at *5 (C.D. Cal. Sept. 1, 2017).

**Objection No. 7: Incomplete Evidence (FRE 106):**

Response: FRE 106 only applies to the extent that a party introduces a writing or a recorded statement. All exhibits referenced in the declaration were provided in full and thus, FRE 106 does not apply.

**Objection No. 8: Privilege in General (FRE 501 – deliberative process privilege implication):**

Response: Plaintiffs have the burden of asserting deliberative process privilege. Plaintiffs have not properly invoked its application to which it has the burden of showing: "(1) a formal claim of privilege by the "head of the department" having control over the requested information; (2) assertion of the privilege based on actual personal consideration by that office; and (3) a detailed specification of information for which the privilege is claimed, with an explanation why it properly falls within the scope of the privilege." *Landry v. F.D.I.C.,* 204 F.3d 1125, 1135 (D.C. Cir. 2000).

Dated: July 18, 2022

GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Christina R. Spiezia, (SBN: 315145)
cspiezia@grsm.com
(949) 255-6968
5 Park Plaza
Suite 1100
Irvine, CA 92614

*Attorneys for Defendant*
*National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF LAWRENCE DRESSEL (DKT. 54-7)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 18, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

> Jeffrey V. Dunn, State Bar No. 131926
> jeffrey.dunn@bbklaw.com
> Christopher E. Deal, State Bar No. 186754
> chris.deal@bbklaw.com
> Daniel L. Richards, State Bar No. 315552
> daniel.richards@bbklaw.com
> BEST BEST & KRIEGER LLP
> 18101 Von Karman Avenue, Suite 1000
> Irvine, California 92612
> Telephone: 949-263-2600
> Facsimile: 949-260-0972
>
> *Attorneys for Plaintiffs*

>                    GORDON REES SCULLY
>                    MANSUKHANI LLP
>
> By:    */s/ Scott L. Schmookler*
>            Scott L. Schmookler
>
>        *Attorneys for Defendant*
>        *National Union Fire Insurance*
>        *Company of Pittsburgh, Pa.*

-6-

DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF LAWRENCE DRESSEL (DKT. 54-7)

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614