Christina R. Spiezia, State Bar No. 315145
cspiezia@grsm.com
(949) 255-6968
Scott L. Schmookler
sschmookler@grsm.com, *Pro Hac Vice*
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
5 Park Plaza Suite 1100
Irvine, CA 92614

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DEPOSITION OF JOHN PINKNEY**<br>**(DKT. 54-11)**<br><br>Judge: Hon. George H. Wu<br>Date: 8/1/2022<br>Time: 8:30 a.m.<br>Room: 9D |

Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union"), hereby submits the following response to Plaintiffs' evidentiary objection to the Deposition Testimony of John Pinkney ("Pinkney Dep.") filed in support of National Union's Motion for Summary Judgment:

-1-
DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING
ON SPECIFIED OBJECTIONS TO THE DEPOSITION OF JOHN PINKNEY (DKT. 54-11)

**Objection No. 1**

Material Objected To:

"Q: And so is it true that between April 28, 2015 and June 30th of 2015, your firm, in fact, evaluated Mr. Kapanicas' performance as City Manager?
A: I think that's fair."

(Pinkney Dep. at 33:06-33:09; Dkt. 49-5, p. 285).

| **Plaintiffs' Objection:** | **Defendant's Response:** | **Ruling:** |
|---|---|---|
| **Irrelevant** (FRE 401-402). | This testimony is relevant because it shows the City Attorney for Beaumont had reason to evaluate the performance of the City Manager prior to the inception date of Beaumont's 2015-2017 policy with National Union. (Policy Number 01-425-57-41, effective June 30, 2015 to June 30, 2017, ECF No. 49-4 at 284-580, AOE Exhibit 2). | Sustained: _____  Overruled: _____ |

**Objection No. 2**

Material Objected To:

"Q: And your firm spent a considerable amount of time on that effort, did it not?
A: We spent a fair amount of time on that effort, we did. And it was--"

(Pinkney Dep. at 33:10-33:13; Dkt. 49-5, p. 285).

| **Plaintiffs' Objection:** | **Defendant's Response:** | **Ruling:** |
|---|---|---|
| **Irrelevant** (FRE 401-402). | This testimony is relevant because it shows the City Attorney for Beaumont had reason to evaluate the performance of the City Manager prior to the | Sustained: _____  Overruled: _____ |

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

-2-

DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DEPOSITION OF JOHN PINKNEY (DKT. 54-11)

| | | |
|---|---|---|
| | inception date of Beaumont's 2015-2017 policy with National Union. (Policy Number 01-425-57-41, effective June 30, 2015 to June 30, 2017, ECF No. 49-4 at 284-580, AOE Exhibit 2). | |

**Objection No. 3**

Material Objected To:

"Q: Can you recall a single instance in which Mr. Kapanicas actively impeded you're your evaluation of his conduct?
A: You know, I don't know if he was doing something, but I'm not aware of it. And had I been aware of it, we would have – you know, we would have worked to work around that. We wouldn't have allowed him to do it. So we – so I'm not aware of anything that he did.
I will say this though. I concerned – I was concerned that while he was there – but it was just a concern. I had no evidence to back it up, you know, as long as he was there was City Manager, that, you know, he had the ability to remove documents from the server, you know, there was always that risk..."

(Pinkney Dep. at 34:10-34:24; Dkt. 49-5, p. 286).

| **Plaintiffs' Objection:** **Irrelevant** (FRE 401-402). | This testimony is relevant to rebut Plaintiffs' assertion of adverse domination, as adverse domination does not apply where, as here, an insured can investigate the propriety of an employee's conduct. *Karen Kane v. Reliance Ins. Co.,* 202 F.3d 1180, 1190. | **Ruling:** Sustained: _____ Overruled: _____ |

**Objection No. 4**

Material Objected To:

-3-
DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DEPOSITION OF JOHN PINKNEY (DKT. 54-11)

"Q: Mr. Kapanicas, as City Manager, could prevent the City from issuing subpoenas in further of an investigation, could he?
A: He did not have authority to do that..."

(Pinkney Dep. at 40:24-41:05; Dkt. 49-5, p. 287).

| **Plaintiffs' Objection:** | **Defendant's Response:** | **Ruling:** |
|---|---|---|
| **Irrelevant** (FRE 401-402). | This testimony is relevant to rebut Plaintiffs' assertion of adverse domination, as adverse domination does not apply where, as here, an insured can investigate the propriety of an employee's conduct. *Karen Kane v. Reliance Ins. Co.,* 202 F.3d 1180, 1190. | Sustained: _____ Overruled: _____ |

**Objection No. 5**

Material Objected To:

"Q: And I understand that, sir, and I want to separate, you know, the challenges of an investigation from what makes it impossible. I'm just wondering, was there any conduct by Mr. Dillon that rendered it impossible for you to conduct an investigation into Mr. Kapanicas and his performance in April/May/June time frame of 2015?...
A: Okay. I'm not aware of anything. He may have been – you know, he may have hid things or carted things off, but I'm not aware of that. And I'm not aware...that he interfered with or impeded our work."

(Pinkney Dep. at 42:19-43:05; Dkt. 49-5, p. 288).

| **Plaintiffs' Objection:** | **Defendant's Response:** | **Ruling:** |
|---|---|---|
| **Irrelevant** (FRE 401-402). | This testimony is relevant to rebut Plaintiffs' assertion of adverse domination, as adverse domination does not apply where, as here, an insured can investigate the | Sustained: _____ Overruled: _____ |

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

| | | |
|---|---|---|
| | propriety of an employee's conduct. *Karen Kane v. Reliance Ins. Co.,* 202 F.3d 1180, 1190. | |

**Objection No. 6**

Material Objected To:

"Q: How about Mr. Moorjani? Are you aware of anything he did that impeded or prevented the investigation into Mr. Kapanicas and his performance?
A: I'm not aware of anything. They – you know, Moorjani was, I believe, the head of public works. Dillon was the head of economic development. And Egger – those are the three individuals that were affiliated with Urban Logic – Egger was the head of planning. And they were all gone at or about or shortly after the time that we come on. And then Aylward, the former finance director, left. So other than they weren't around, they weren't available, you know, to speak with."

(Pinkney Dep. at 43:06-43:18; Dkt. 49-5, p. 288).

| **Plaintiffs' Objection:** **Irrelevant** (FRE 401-402). | This testimony is relevant to rebut Plaintiffs' assertion of adverse domination, as adverse domination does not apply where, as here, an insured can investigate the propriety of an employee's conduct. *Karen Kane v. Reliance Ins. Co.,* 202 F.3d 1180, 1190. | **Ruling:** Sustained: _____ Overruled: _____ |
|---|---|---|

**Objection No. 7**

Material Objected To:

"Q: I'm just wondering if Mr. Moorjani, if you can identify any conduct that he engaged in that rendered it impossible for you to do an investigation into Mr. Kapanicas' conduct?
A: Not that I'm aware of."

-5-

DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DEPOSITION OF JOHN PINKNEY (DKT. 54-11)

(Pinkney Dep. at 43:21-25; Dkt. 49-5, p. 288).

| Plaintiffs' Objection: | Defendant's Response: | Ruling: |
|---|---|---|
| **Irrelevant** (FRE 401-402). | This testimony is relevant to rebut Plaintiffs' assertion of adverse domination, as adverse domination does not apply where, as here, an insured can investigate the propriety of an employee's conduct. *Karen Kane v. Reliance Ins. Co.,* 202 F.3d 1180, 1190. | Sustained: _____  Overruled: _____ |

**Objection No. 8**

Material Objected To:

"Q: Did Mr. Egger engage in any conduct that made it impossible for you to investigate Mr. Kapanicas' conduct?
A: Not that I'm aware of. And we did investigative Kapanicas' – the activities at the City under his administration."

(Pinkney Dep. at 44:01-04; Dkt. 49-5, p. 288).

| Plaintiffs' Objection: | Defendant's Response: | Ruling: |
|---|---|---|
| **Irrelevant** (FRE 401-402). | This testimony is relevant to rebut Plaintiffs' assertion of adverse domination, as adverse domination does not apply where, as here, an insured can investigate the propriety of an employee's conduct. *Karen Kane v. Reliance Ins. Co.,* 202 F.3d 1180, 1190. | Sustained: _____  Overruled: _____ |

Dated: July 18, 2022

GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Christina R. Spiezia, (SBN: 315145)
cspiezia@grsm.com
(949) 255-6968
5 Park Plaza
Suite 1100
Irvine, CA 92614

*Attorneys for Defendant*
*National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 18, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

> Jeffrey V. Dunn, State Bar No. 131926
> jeffrey.dunn@bbklaw.com
> Christopher E. Deal, State Bar No. 186754
> chris.deal@bbklaw.com
> Daniel L. Richards, State Bar No. 315552
> daniel.richards@bbklaw.com
> BEST BEST & KRIEGER LLP
> 18101 Von Karman Avenue, Suite 1000
> Irvine, California 92612
> Telephone: 949-263-2600
> Facsimile: 949-260-0972
>
> *Attorneys for Plaintiffs*

GORDON REES SCULLY
MANSUKHANI LLP

By:  */s/ Scott L. Schmookler*
    Scott L. Schmookler

*Attorneys for Defendant
National Union Fire Insurance
Company of Pittsburgh, Pa.*

-8-
DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DEPOSITION OF JOHN PINKNEY (DKT. 54-11)