Christina R. Spiezia, State Bar No. 315145
cspiezia@grsm.com
(949) 255-6968
Scott L. Schmookler
sschmookler@grsm.com, *Pro Hac Vice*
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
5 Park Plaza Suite 1100
Irvine, CA 92614

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DEPOSITION OF ROGER BERG**<br>**(DKT. 54-12)**<br><br>Judge: Hon. George H. Wu<br>Date: 8/1/2022<br>Time: 8:30 a.m.<br>Room: 9D |

Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union"), hereby submits the following responses to Plaintiffs' evidentiary objections to the Deposition of Roger Berg filed in support of National Union's Motion for Summary Judgment:

-1-

Plaintiffs assert a series of repetitive evidentiary objections. Because of the repetitive nature of the objections, National Union will provide a single set of responses – which applies to all of Plaintiffs' objections:

**Objection No. 1: Lack of Personal Knowledge/Foundation (FRE 602, 901):**

Response: The witness testified to personal discussions, recommendations, understandings, publications and observations based upon percipient knowledge. The witness testified he was a member of the city council and in that capacity, worked directly with Urban Logic Consultants and personally observed their recommendations. That explanation provides proper foundation for the deponent's testimony. *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) ("[Witness's] personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters").

**Objection No. 2: Speculative Lay Testimony (FRE 701):**

Response: The witness testified to personal discussions, recommendations, understandings, publications and observations based upon percipient knowledge – as confirmed in his deposition. That explanation provides proper foundation for the witness's testimony. None of the testimony is speculative, but instead is based upon percipient knowledge. *Barthelemy*, 897 F.2d at 1018.

**Objection No. 3: Improper Opinion Testimony (FRE 701-703):**

Response: The witness did not offer any opinions, but instead testified to percipient facts, communications, understandings, observations and publications within his personal knowledge and based upon personal perceptions. Such percipient testimony is not opinion testimony.

DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DEPOSITION OF ROGER BERG (DKT. 54-12)

Moreover, a witness may offer an opinion. FRE Rule 701 "allows a lay witness to offer opinions that are rationally based on the witness's perception." Fed. R. Evid. 803(22); *See U.S. v. Freeman*, 498 F.3d 893, 904-905 (9th Cir. 2007) (holding that the officer could testify based on his personal knowledge of the investigation even though he had not directly participated in the conversations at issue).

**Objection No. 4: Constitutes a Legal Conclusion (FRE 704):**

Response: The witness does not offer any opinions about the law, but instead testifies about personal communications, communications, understandings, observations and publications.

**Objection No. 5: Leading Question (FRE 611):**

Response: Plaintiffs failed to object to these questions during the deposition and therefore waived any form objections. Fed. R. Civ. P. 32(d)(3)(B).

**Objection No. 6: Irrelevant (FRE 401-402):**

Response: The witness's testimony involves observations about the conduct of Mr. Egger, Mr. Dillon, Mr. Moojani ("Former Officials") and Urban Logic Consultants ("ULC"), and communications to/with the members of the Beaumont City Council about their conduct. The knowledge of the Beaumont City Council and approval of ULC's allegedly fraudulent invoices is relevant to Plaintiffs' ability to prove a covered loss and National Union's discovery and termination of coverage defenses for the reasons set forth in National Union's motion for summary judgment.

**Objection No. 7: Hearsay (FRE 805, 801-802):**

Response: The witness's testimony about the conduct of Former Officials, knowledge of that conduct and communications to/with the

Beaumont City Council was not offered for the truth of the matter asserted, but instead for purposes of establishing notice of and knowledge of the Beaumont City Council and/or Beaumont's Risk Manager. Because the communications were offered for purposes of establishing knowledge and notice, the statements are not hearsay.

**Objection No. 8: Requirement of the Original (FRE 1002):**

Response: The witness testified to admissible evidence. Because the facts underlying this piece of evidence are admissible, *Hughes v. U.S.*, 953 F.2d 531, 543 (9th Cir. 1992), the best evidence rule does not preclude admission of these facts for purposes of summary judgment. *S.S. by & through Stern v. Peloton Interactive, Inc.*, 566 F. Supp. 3d 1019, 1046 (S.D. Cal. 2021). The rule "is not applicable when a witness testifies from [p]ersonal knowledge of the matter, even though the same information is contained in a writing.'" *Vyas v. Vyas*, No. CV1502152RSWLDFMX, 2017 WL 3841809, at *5 (C.D. Cal. Sept. 1, 2017).

| | | |
|---|---|---|
| Dated: July 18, 2022 | | GORDON REES SCULLY MANSUKHANI LLP |
| | By: | */s/ Scott L. Schmookler* |
| | | Scott L. Schmookler (PHV) |
| | | sschmookler@grsm.com |
| | | (312) 980-6779 |
| | | Christina R. Spiezia, (SBN: 315145) |
| | | cspiezia@grsm.com |
| | | (949) 255-6968 |
| | | 5 Park Plaza |
| | | Suite 1100 |
| | | Irvine, CA 92614 |
| | | *Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa.* |

-5-

DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DEPOSITION OF ROGER BERG (DKT. 54-12)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 18, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

>Jeffrey V. Dunn, State Bar No. 131926
>jeffrey.dunn@bbklaw.com
>Christopher E. Deal, State Bar No. 186754
>chris.deal@bbklaw.com
>Daniel L. Richards, State Bar No. 315552
>daniel.richards@bbklaw.com
>BEST BEST & KRIEGER LLP
>18101 Von Karman Avenue, Suite 1000
>Irvine, California 92612
>Telephone: 949-263-2600
>Facsimile: 949-260-0972
>
>*Attorneys for Plaintiffs*

GORDON REES SCULLY
MANSUKHANI LLP

By:  */s/ Scott L. Schmookler*
     Scott L. Schmookler

*Attorneys for Defendant
National Union Fire Insurance
Company of Pittsburgh, Pa.*