Christina R. Spiezia, State Bar No. 315145
cspiezia@grsm.com
(949) 255-6968
Scott L. Schmookler
sschmookler@grsm.com, *Pro Hac Vice*
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
5 Park Plaza Suite 1100
Irvine, CA 92614

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (DKT. 54-13)**<br><br>Judge: Hon. George H. Wu<br>Date: 8/1/2022<br>Time: 8:30 a.m.<br>Room: 9D |

Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union"), hereby submits the following response to Plaintiffs' Opposition to National Union's Request for Judicial Notice filed in support of its Motion for Summary Judgment:

-1-
DEFENDANT'S RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S
REQUEST FOR JUDICIAL NOTICE (DKT. 54-13)

Pursuant to Federal Rule of Evidence 201, National Union requested that this Honorable Court take judicial notice of the following documents in support of its Motion for Summary Judgment:

1. Felony Complaint in *People of the State of California v. Alan Kapanicas, et al.,* Case No. RIF1602262 (filed as Exhibit 14 at Dkt. 49-5, pp. 290-303);

2. Felony Plea Forms of Defendants Deepak Moorjani, David Dillon, and Ernest Egger in *People of the State of California v. Alan Kapanicas, et al.,* Case No. RIF1602262 (filed as Exhibit 15 at Dkt. 49-5, pp. 304-10);

3. Factual Basis of Deepak Moorjani in *People of the State of California v. Alan Kapanicas, et al.,* Case No. RIF1602262 (filed as Exhibit 16 at Dkt. 49-5, pp. 311-13);

4. Factual Basis of David Dillon in *People of the State of California v. Alan Kapanicas, et al.,* Case No. RIF1602262 (filed as Exhibit 17 at Dkt. 49-5, pp. 314-16);

5. Factual Basis of Ernest Egger in *People of the State of California v. Alan Kapanicas, et al.,* Case No. RIF1602262 (filed as Exhibit 18 at Dkt. 49-5, pp. 317-19);

6. Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief in *Western Riverside Council of Governments v. The City of Beaumont, et al.,* Case No. RIC 536164 (filed as Exhibit 23 at Dkt. 49-7, pp. 16-78); and

7. Statement of Decision in Western Riverside Council of Governments v. The City of Beaumont, et al., Case No. 30-2010-00357976 (filed as Exhibit 24 at Dkt. 49-8, pp. 1-48).

(Dkt. 49-2, pp. 2-3).

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614

1  Plaintiffs object to the court taking notice of uncontested court records without citing any cases supporting their position. They cite no such authority because the Ninth Circuit has repeatedly held courts can and should take judicial notice of court transcripts and records. *DeGroot v. U.S.*, 786 F. App'x 638, 642 (9th Cir. 2019) (taking judicial notice of a court transcript); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters of public record"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746, n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings).

Plaintiffs nonetheless oppose National Union's submission and object to the admission of public records on the flawed theory that the documents were not properly authenticated and constitute hearsay. Both arguments fail.

First, the public court records are self-authenticating because they are public filings. *Lyles v. Ford Motor Credit Co.*, 2012 WL 7687772, at *1 (C.D. Cal. Dec. 17, 2012). National Union produced these records in discovery – further providing grounds for its request for judicial notice. *U.S. v. Ass'n of Behav. Consultants*, 2019 WL 12517049, at *11 (N.D. Cal. May 9, 2019).

Second, the public pleadings are not hearsay because they are not offered for the truth of the matter asserted therein. National Union offers the public records to establish the existence of a criminal prosecution and guilty pleas, and Judge Chaffee's affirmative finding of fraud, not for the truth of the matters asserted therein. It did so in order to establish Beaumont's prior knowledge of a fraud finding and knowledge of the conduct it characterizes as theft. Because the materials were admitted to prove knowledge (not the truth of the matters asserted in the document), they are not hearsay and are admissible.

For the foregoing reasons and the reasons set forth in its original request, National Union asks this Court to overrule Plaintiffs' objections and take judicial

notice of the pleadings from the criminal action against the Former Officials and decision from Western Riverside's civil action against City of Beaumont.

## I. PUBLIC RECORDS PRODUCED IN DISCOVERY ARE PROPERLY AUTHENTICATED.

Plaintiffs are not contesting the authenticity of the documents National Unions submitted for judicial notice or otherwise denying that they are legitimate public filings. Nonetheless, they challenge whether National Union properly authenticated public filings – the authenticity of which is uncontested. That challenge fails for two reasons.

First, public filings are self-authenticating. "Courts 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Lyles*, 2012 WL 7687772, at *1 (quoting *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)). And "[c]ourts can also take judicial notice of pleadings and court orders that are matters of public record." *Id. See also Curry v. Baca*, 2005 WL 8157004, at *2 n.2 (C.D. Cal. Feb. 10, 2005) ("The certified copy of the felony complaint is self-authenticating."); Fed. R. Evid. 902(4). All of the documents National Union seeks this court to take judicial notice of are from related proceedings – either the criminal action against the Urban Logic Consultants Principals Deepak Moorjani, Ernest Egger, and David Dillon or the civil action between Western Riverside Council of Governments and City of Beaumont.

Second, courts agree that "[a] document can be authenticated if it is produced by a party in discovery." *Ass'n of Behav. Consultants*, 2019 WL 12517049, at *11; 31 Fed. Prac. & Proc. Evid. § 7105 at 39 ("Authentication also can be accomplished through judicial admissions such as stipulations, pleadings, and production of items in response to subpoena or other discovery request.").

-4-

DEFENDANT'S RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (DKT. 54-13)

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614

1 Plaintiffs produced all of the documents to National Union during discovery and
2 thus, the public filings were properly authenticated.

## II. PUBLIC RECORDS ARE NOT INADMISSIBLE HEARSAY

Because the felony complaint, plea agreements and statement of Judge Chaffee's decision mandate summary judgment for National Union, Plaintiffs attempt to avoid adverse evidence with meritless hearsay objections. The documents are not hearsay for two reasons.

First, National Union does not offer the documents for the truth of the matter asserted therein. Instead, National Union offers the documents to provide knowledge and notice to Beaumont. National Union does not, for example, offer Judge Chaffee's ruling to prove that the Former Officials in fact engaged in a fraud in those proceedings, but instead to prove the existence of the ruling – because knowledge of that ruling (regardless of its merits) triggers two contractual defenses. Because the documents are not offered for the truth of the matter asserted but instead offered to prove knowledge, they are not hearsay. *See Hung v. Tribal Techs.*, 2014 WL 6065620, at *2 (N.D. Cal. Nov. 12, 2014), *aff'd,* 682 F. App'x 602 (9th Cir. 2017) ("Glenborough seeks judicial notice of the court filings, not to use those filings to prove the truth of the matter asserted therein, but to show the causes of actions and rulings involved there, a perfectly permissible use of judicial notice."); *Myers v. Small*, 2013 WL 12184138, at *3 (S.D. Cal. Oct. 17, 2013), *aff'd sub nom. Myers v. Smalls*, 644 F. App'x 752 (9th Cir. 2016) ("In addition, the Court grants Myers's request for judicial notice of *Brown v. Plata, supra*, because Myers relies on *Brown v. Plata* to show Defendant Schwarzenegger knew of the potential ramifications of prison overcrowding in California prisons.").

Second, even if the documents were offered for the truth of the matter asserted, they would nonetheless be admissible under Federal Rule of Evidence

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614

807 because they are offered as evidence of a material fact, probative on the point for which they are offered and the interest of justice will be best served by admission of the statements. *In re Slatkin*, 525 F.3d 805, 812 (9th Cir. 2008) (admitting plea under FRE 807); *U.S. v. Proceeds from the Sale of a Condo.*, 2022 WL 1193264 (C.D. Cal. Mar. 4, 2022) (admitting plea agreement under FRE 807).

The Ninth Circuit rejected the predicate for Plaintiffs' objection in *Slatkin*. As here, the defendant objected to the admission of a plea agreement to prove the existence of a fraud. While acknowledging that the trustee sought to introduce the plea for the truth of the matter asserted, the Ninth Circuit held that the plea was admissible for that purpose: "We hold that the plea agreement is admissible under Federal Rule of Evidence 807, and that the bankruptcy court did not, therefore, abuse its discretion when it considered the plea agreement in granting summary judgment." *In re Slatkin*, 525 F.3d at 811-12.

Under Rule 807, a statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. Fed. R. Evid. 807.

In this case, the criminal pleadings and transcript satisfy this standard. First, as detailed in National Union's motion, the documents are offered to prove material facts – namely the basis for the criminal case against the Former Officials, the scope of their plea and Judge Chaffee's fraud finding. Second, National Union cannot secure the evidence through another reasonable means because it would be burdensome to produce Judge Chaffee as a witness to testify to his public decision.

Third, the interest of justice are best served by admitting public filings given that Plaintiffs do not challenge their substance or otherwise suggest that the substance is inaccurate, misleading or otherwise invalid.

## III. CONCLUSION

Because National Union properly produced self-authenticating public records and relies upon those records to prove notice National Union respectfully requests that this Honorable Court take judicial notice of the documents listed in its request (Dkt. 49-2) and to overrule Plaintiffs' objections to its request (Dkt. 54-13).

Dated: July 18, 2022

GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Christina R. Spiezia, (SBN: 315145)
cspiezia@grsm.com
(949) 255-6968
5 Park Plaza
Suite 1100
Irvine, CA 92614

*Attorneys for Defendant*
*National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

-7-
DEFENDANT'S RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (DKT. 54-13)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 18, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

Jeffrey V. Dunn, State Bar No. 131926
jeffrey.dunn@bbklaw.com
Christopher E. Deal, State Bar No. 186754
chris.deal@bbklaw.com
Daniel L. Richards, State Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612
Telephone: 949-263-2600
Facsimile: 949-260-0972

*Attorneys for Plaintiffs*

                            GORDON REES SCULLY
                            MANSUKHANI LLP

By:  */s/ Scott L. Schmookler*
      Scott L. Schmookler

*Attorney for Defendant*
*National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

-8-
DEFENDANT'S RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (DKT. 54-13)