Christina R. Spiezia, State Bar No. 315145
cspiezia@grsm.com
(949) 255-6968
Scott L. Schmookler, IL
sschmookler@grsm.com, *Pro Hac Vice*
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
5 Park Plaza Suite 1100
Irvine, CA 92614

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF ELIZABETH GIBBS (DKT. 54-25)**<br><br>Judge:   Hon. George H. Wu<br>Date:    8/1/2022<br>Time:    8:30 a.m.<br>Room:    9D |

Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union"), hereby submits the following request for evidentiary ruling on specified objections to the declaration of Elizabeth Gibbs filed at Dkt. 54-25 ("Gibbs Decl."):

-1-

| Obj. No. | Material Objected To | Grounds for Objection | Ruling |
|---|---|---|---|
| 1 | Declaration of Elizabeth Gibbs (hereinafter Gibbs Decl.), Dkt. 54-25:<br><br>"While the ULC principals signed staff reports concerning projects that their respective departments were responsible for, the ULC principals never recommended or discussed the formation of any new contract in which they or ULC were financially interested."<br><br>(Gibbs Decl., Dkt. 54-25, p. 5, ¶ 11.) | **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Ms. Gibbs fails to explain how she knows that the ULC Principals never recommended or discussed the formation of any new contracts I which they or ULC was financially interested. Ms. Gibbs has never served on City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (Supplemental Appendix of Evidence ("SAOE"), Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.)<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. | Sustained: _____<br><br>Overruled: _____ |

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

| | | | | |
|---|---|---|---|---|
| | | | 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | |
| 2 | | "In my time with the City, Gregg was not required to and did not seek approval of the City Council before tendering a claim to an insurance company under an insurance policy. Consistent with this history, the City's Risk Manager, does not currently require the approval of the City Council to submit an insurance claim. In regards to this lawsuit, the City Council was not required to and did not approve the submittal of the City's insurance claim to National Union."<br><br>(Gibbs Decl., Dkt. 54-25, p. 5, ¶ 13.) | **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Ms. Gibbs fails to explain how she knows that the City Council was not required to and did not approve the submittal of the City's insurance claim to National Union. Ms. Gibbs has never served on Beaumont's City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (SAOE, Exhibit 28, Gibbs Dep., | Sustained: _____<br><br>Overruled: _____ |

-3-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS
TO THE DECLARATION OF ELIZABETH GIBBS (DKT. 54-25)

| | | | |
|---|---|---|---|
| | | 21:10-21:16, 38:4-38:11.) **Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | |
| 3 | "To the extent 'claims' were brought before the City Council for consideration by the City Council, they were not insurance claims, but claims under California's Government Claims Act. Under this statute, when a person is harmed and believes the City is responsible, they must present a written "claim" to the City to provide the City an opportunity to investigate the claim and potentially settle the claim before filing a lawsuit against the City." | **Lack of Foundation** (Federal Rule of Evidence 602) Ms. Gibbs fails to explain her knowledge of the claims brought before City Council. Ms. Gibbs has never served on Beaumont's City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council | Sustained: \_\_\_\_\_ Overruled: \_\_\_\_\_ |

-4-

DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS
TO THE DECLARATION OF ELIZABETH GIBBS (DKT. 54-25)

| | | | |
|---|---|---|---|
| | (Gibbs Decl., Dkt. 54-25, p. 5, ¶ 14.) | members knew between 1993 and 2016. (SAOE, Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.) **Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | |
| 4 | "I had no knowledge of any overcharging by ULC or the principals of ULC, and in my discussion with other employees and officials of the City of Beaumont I understood that no employees or officials of the City of Beaumont not in league with Kapanicas and the ULC principals had any knowledge of overbilling on the part of ULC or the principals of ULC before this overbilling | **Lack of Foundation** (Federal Rule of Evidence 602) Ms. Gibbs fails to explain how she knows that "no employees or officials of the City of Beaumont not in league with Kapanicas and the ULC principals had any knowledge of overbilling on the part of ULC or the principals of ULC before this overbilling was discovered by Dan Ray." Ms. Gibbs has never served on City | Sustained: _____ Overruled: _____ |

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

| | | | |
|---|---|---|---|
| | was discovered by Dan Ray." (Gibbs Decl., Dkt. 54-25, p. 6, ¶ 16.) | Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (SAOE, Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.) **Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | |
| 5 | "The City Council did not (and does not) review and approve detailed invoices submitted by ULC or other contractors. Rather, the City | **Lack of Foundation** (Federal Rule of Evidence 602) Ms. Gibbs fails to explain how she knows that the City Council | Sustained: _____ Overruled: _____ |

| | | | |
|---|---|---|---|
| | Council approves "warrant lists" which identify overall payments to specific vendors."<br><br>(Gibbs Decl., Dkt. 54-25, p. 5, ¶ 17.) | did not review and approve invoices submitted by ULC. Ms. Gibbs has never served on City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (SAOE, Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.)<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | |

-7-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS
TO THE DECLARATION OF ELIZABETH GIBBS (DKT. 54-25)

| | | | |
|---|---|---|---|
| 6 | "I understood and understand that ULC's contract with the City imposed a "cap" of payment to ULC of 4.5 percent of the construction cost for public improvement for certain services provided by ULC and the ULC principals. In my review of all relevant City files and records, I was unable to locate any document, communications, or legislative act on the part of the City authorizing ULC to ever exceed this 4.5 percent cap for any project. In my time as Resources Director and Interim City Manager, to my knowledge no person at the City, not in league with Alan Kapanicas and the ULC principals. [sic] had any knowledge that ULC exceeded the 4.5 percent cap.To my knowledge, no person, not in league with Alan Kapanicas and the ULC principals, authorized ULC to | **Lack of Foundation** (Federal Rule of Evidence 602) Ms. Gibbs fails to explain how she knows that "no person at the City, not in league with Alana Kapanicas and the ULC principals, had any knowledge that ULC exceeded the 4.5% cap." Ms. Gibbs has never served on City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (SAOE, Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.) **Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth | Sustained: _____ Overruled: _____ |

-8-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS
TO THE DECLARATION OF ELIZABETH GIBBS (DKT. 54-25)

| | | | |
|---|---|---|---|
| | exceed this 4.5 percent cap."<br><br>(Gibbs Decl., Dkt. 54-25, p. 7, ¶ 21.) | specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | |
| 7 | "Based on my review of dozens of Capital Improvement Plans, warrants, and other documents submitted to the City Council, no documents that were before the City Council would have provided adequate information to determine that ULCs services would exceed the 4.5 percent cap."<br><br>(Gibbs Decl., Dkt. 54-25, p. 7, ¶ 22.) | **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Ms. Gibbs has never served on City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (SAOE, Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.) Therefore, Ms. Gibbs lacks foundation to offer testimony regarding whether documents provided to City Council provided adequate information to determine that ULC's services would exceed the 4.5 percent cap.<br><br>**Conclusory and Speculative**. *Thornhill* | Sustained: _____<br><br>Overruled: _____ |

-9-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS
TO THE DECLARATION OF ELIZABETH GIBBS (DKT. 54-25)

| | | | |
|---|---|---|---|
| | | *Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | |
| | "Detailed invoices of contractors, listing hours worked and who performed what work at what rate, are not presented to or reviewed by the City Council. Rather, warrants, Capital Improvement Plans, and other documents presented to and reviewed by the City Council contain only total dollar amounts and budgets." <br><br> (Gibbs Decl., Dkt. 54-25, p. 7, ¶ 23.) | **Lack of Foundation** (Federal Rule of Evidence 602) <br><br> Ms. Gibbs has never served on City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (SAOE, Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.) Therefore, Ms. Gibbs lacks foundation to offer testimony regarding what documents were presented to and | |

| | | | |
|---|---|---|---|
| | | reviewed by City Council.<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | |
| 8 | "Alan Kapanicas, when he was City Manager for the City of Beaumont, exercised an extraordinary degree of control over the City Council and City staff and officials. As is discussed above, the City Manager is the administrative head of the City and has the power to direct and control all City staff and most City officials. In addition, Kapanicas exercised almost total control over City finance and operation information provided to and received by the | **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Ms. Gibbs has never served on City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (SAOE, Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.) Therefore, Ms. | Sustained: \_\_\_\_\_<br><br>Overruled: \_\_\_\_\_ |

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

-11-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS
TO THE DECLARATION OF ELIZABETH GIBBS (DKT. 54-25)

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

| | | | |
|---|---|---|---|
| | City Council. For example, Kapanicas on occasion refused to provide relevant information to the City Council and refused to provide staff reports that City staff had prepared." (Gibbs Decl., Dkt. 54-25, p. 8, ¶ 24.) | Gibbs lacks foundation to offer testimony Mr. Kapanicas' alleged control over City Council and staff. **Conclusory and Speculative**. Ms. Gibbs' declaration fails to set forth any specific facts within her personal knowledge of Mr. Kapanicas' alleged "control" over City staff, finance and operation and City Council. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | |
| 9 | "Prior to this raid, neither I know (to my knowledge) any employee or official with the City of Beaumont not in league with Kapanicas and the ULC principal had any knowledge of the criminal conduct of the ULC principal and | **Lack of Foundation** (Federal Rule of Evidence 602) Ms. Gibbs has never served on City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former | Sustained: _____ Overruled: _____ |

-12-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS
TO THE DECLARATION OF ELIZABETH GIBBS (DKT. 54-25)

| | | | |
|---|---|---|---|
| | Kapanicas. The belief that no other employee or official had knowledge of this criminal conduct is informed by two facts: First, no City employee or official expressed to me prior to the raid any belief or suspicion as to the criminal conduct of ULC or Kapanicas. Second, after the raid, employees and officials of the City of Beaumont not in league with Kapanicas and the ULC principals expressed their surprise, concern, and shock at the raid. I perceived this shock, concern, and surprise to be genuine. These employees and officials include: Kari Mendoza, Kyle Warsinski, Shelby Hanvey, Karee Keyser, Shay Norville, Nicole Wheelwright, Laurie Miller, Rebecca Deming, Kelsey Gormley, Shaina Harwood, Laura Vermillion, Eileen Rodriguez, Robert Sherwood, Ashley Starr, Christina | employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (SAOE, Exhibit 28 Gibbs Dep., 21:10-21:16, 38:4-38:11.) Therefore, Ms. Gibbs lacks foundation to offer testimony regarding whether other city employees or officials knew of the ULC Principals' and Alan Kapanicas' criminal conduct. | |

| | | | |
|---|---|---|---|
| | Bowser, Kelly McCarthy, Keith Hightower, Jose Perez, Cynthia Overby, Michael Almandinger, Celina Cabrera, and Patricia Foster." (Gibbs Decl., Dkt. 54-25, p. 8, ¶ 26.) | | |

Dated: July 18, 2022

GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Christina R. Spiezia, (SBN: 315145)
cspiezia@grsm.com
(949) 255-6968
5 Park Plaza
Suite 1100
Irvine, CA 92614

*Attorneys for Defendant
National Union Fire Insurance
Company of Pittsburgh, Pa.*

-15-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS
TO THE DECLARATION OF ELIZABETH GIBBS (DKT. 54-25)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 18, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

> Jeffrey V. Dunn, State Bar No. 131926
> jeffrey.dunn@bbklaw.com
> Christopher E. Deal, State Bar No. 186754
> chris.deal@bbklaw.com
> Daniel L. Richards, State Bar No. 315552
> daniel.richards@bbklaw.com
> BEST BEST & KRIEGER LLP
> 18101 Von Karman Avenue, Suite 1000
> Irvine, California 92612
> Telephone: 949-263-2600
> Facsimile: 949-260-0972
>
> *Attorneys for Plaintiffs*

> GORDON REES SCULLY
> MANSUKHANI LLP
>
> By: */s/ Scott L. Schmookler*
>      Scott L. Schmookler
>
> *Attorneys for Defendant*
> *National Union Fire Insurance*
> *Company of Pittsburgh, Pa.*

-16-

DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF ELIZABETH GIBBS (DKT. 54-25)