Christina R. Spiezia, State Bar No. 315145
cspiezia@grsm.com
(949) 255-6968
Scott L. Schmookler
sschmookler@grsm.com, *Pro Hac Vice*
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
5 Park Plaza Suite 1100
Irvine, CA 92614

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF DAVID CASTALDO (DKT. 54-26)**<br><br>Judge: Hon. George H. Wu<br>Date: 8/1/2022<br>Time: 8:30 a.m.<br>Room: 9D |

Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union"), hereby submits the following request for evidentiary ruling on specified objections to the declaration of David Castaldo filed at Dkt. 54-26 ("Castaldo Decl."):

| Obj. No. | Material Objected To | Grounds for Objection | Ruling |
|---|---|---|---|
| 1 | Declaration of David Castaldo (hereinafter Castaldo Decl.), Dkt. No. 54-26:<br><br>"I learned while a City Council member that in 1993 and 1994, the City of Beaumont entered into several contracts with Urban Logic Consultants ("ULC") under which ULC would provide staff to perform certain general administrative functions, construction management, design, inspection and other work for the City of Beaumont. All of the work performed by ULC and the ULC Principals was within the scope of these original contracts."<br><br>(Castaldo Decl., Dkt. 54-26, p. 4, ¶ 7.) | **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo lacks foundation to testify regarding "**All** of the work performed by ULC" and whether that work was performed within the scope of the 1993 and 1994 contracts because Mr. Castaldo did not serve on City Council during the entire time that ULC performed work for Beaumont. Mr. Castaldo's knowledge is limited to the four years (2010-2014) that he served on City Council.<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are | Sustained: \_\_\_\_\_<br><br>Overruled: \_\_\_\_\_ |

| # | | | | |
|---|---|---|---|---|
| | | insufficient to avoid summary judgment). | | |
| 2 | Castaldo Decl., Dkt. 54-26:<br><br>"Because no further contracts were entered into between Beaumont and ULC, I knew that all work performed by ULC was performed pursuant to the original contracts entered into with ULC before the ULC principals became City Officials. Based on this fact, I understood at all times that ULC's work for the City did not violate California Government Code Section 1090 ("Section 1090") because the ULC principals were not financially interested in any contract made by them *in their official capacity*. This understanding was informed by explanations I received from former City Mayors Deforge and Fox, City Manager Alan Kapanicas, and | **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's knowledge regarding work performed by ULC is limited to the four years (2010-2014) that he served on City Council. The declaration fails to explain how Mr. Castaldo knows about work performed by ULC during the four years he served on council.<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | Sustained: _____<br><br>Overruled: _____ |

-3-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS
TO THE DECLARATION OF DAVID CASTALDO (DKT. 54-26)

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

| | | | |
|---|---|---|---|
| | | other City staff and officials."<br><br>(Castaldo Decl., Dkt. 54-26, p. 4, ¶ 9.) | | |
| 3 | Castaldo Decl., Dkt. 54-26:<br><br>"Based on my conversations with other City Council Members and Mayor DeForge, I know that this understanding was shared by the other members of the Beaumont City Council. At no time did the City Council know or believe that ULC or the ULC principals were financially interested in any contract made by them in their official capacity."<br><br>(Castaldo Decl., Dkt. 54-26, p. 4, ¶ 10.) | **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's purported knowledge regarding the City Council's understanding, knowledge or belief regarding work performed by ULC and whether ULC or ULC Principals were financially interested in any contract made by them in their official capacity is limited, at best, to the four years (2010-2014) that he served on City Council. Mr. Castaldo's conclusory statement in his declaration regarding the City Council's knowledge and belief lacks the necessary foundation to offer this opinion.<br><br>**Conclusory and Speculative**. *Thornhill* | Sustained: _____<br><br>Overruled: _____ |

| | | | | |
|---|---|---|---|---|
| | | | *Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | |
| 4 | Castaldo Decl., Dkt. 54-26:<br><br>"To the best of my recollection, while the ULC principals signed staff reports concerning projects that their respective departments were responsible for, and minor amendments to the existing contracts were made in or around 2012 or 2013, the ULC principals never recommended or discussed the formation of any new contract in which they or ULC were financially interested."<br><br>(Castaldo Decl., Dkt. 54-26, p. 5, ¶ 11.) | **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's purported knowledge regarding whether ULC or ULC Principals recommended or discussed the formation of any new contract in which they or ULC was financially interested is limited, at best, to the four years (2010-2014) that he served on City Council.<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. | Sustained: _____<br><br>Overruled: _____ |

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

-5-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS
TO THE DECLARATION OF DAVID CASTALDO (DKT. 54-26)

| | | | 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | |
|---|---|---|---|---|
| | 5 | Castaldo Decl., Dkt. 52-26:<br><br>"While certain community members, most notably Nancy Hall and Judith Bingham, alleged that the ULC principals were involved in conflicts of interest, I understood that these lay citizens were mistaken and did not understand the relevant conflict of interest laws. In particular, I believed that these individuals were mistaken in their belief that the City's contracts with ULC were entered into in violation of section 1090, because the contracts were formed before the ULC principals were city officials. In fact, Alan | **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's knowledge regarding Kapanicas' and the District Attorney's response to the citizen complaints that the ULC principals were involved in a conflict of interest is limited to the four years (2010-2014) that he served on City Council. Mr. Castaldo's conclusory statement in his declaration regarding what information the City Council relied on lacks the necessary foundation to offer this opinion. | Sustained: _____<br><br>Overruled: _____ |

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

-6-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF DAVID CASTALDO (DKT. 54-26)

| | | | |
|---|---|---|---|
| | Kapanicas told me and other council members repeatedly and at length that the allegations of Hall and Bingham were false. Additionally, Alan Kapanicas told me and other council members that the District Attorney's Office had investigated the complaint of Nancy Hall and Judith Bingham, and had not uncovered any evidence of any crime or illegality. Kapanicas kept a voicemail he had received from the District Attorney's office confirming that the investigation had uncovered no crime or illegality, and he played this voicemail to me to demonstrate that the allegations had been investigated and no wrongdoing was found. I and the rest of the City Council relied upon the fact that the District Attorney had concluded there was no conflict of interest or other criminal wrongdoing for years." | **Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | |

-7-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS
TO THE DECLARATION OF DAVID CASTALDO (DKT. 54-26)

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

|  |  |  |  |
|---|---|---|---|
|  | (Castaldo Decl., Dkt. 54-26, p. 5, ¶ 12.) |  |  |
| 6 | Castaldo Decl., Dkt. 52-26:<br><br>"I had no knowledge of any overcharging by ULC or the principals of ULC. I understood, based on conversation with other City Council members, that no City Councilmember had any knowledge of any overcharging by ULC or the principals of ULC. This belief is supported by the fact that no investigation of overcharging was formally conducted by the City Council, because the City Council had no reason to believe overcharging was occurring."<br><br>(Castaldo Decl., Dkt. 54-26, p. 5, ¶ 13.) | **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's purported knowledge regarding overcharging, his purported knowledge of other City Councilmember's knowledge regarding overcharging, and his assertion that the City Council had no reason to believe overcharging was occurring is limited, at best, to the four years (2010-2014) that he served on City Council.<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are | Sustained: _____<br><br>Overruled: _____ |

| | | | |
|---|---|---|---|
| | | insufficient to avoid summary judgment). | |
| 7 | Castaldo Decl., Dkt. 52-26<br><br>"The City Council did not review and approve detailed invoices. Rather, the City Council approved 'warrant lists' which identified overall payments to specific vendors. Attached hereto as Exhibit 1 is a true and correct copy of an example of a warrant list. As shown on this document, the warrant list does not describe the specific work performed by a contractor, who performed the work, or the total hours spend on the work. Rather, the warrant list identifies total overall payment to vendors. Neither I nor any member of the City Council could have determined from the warrant list (or any other document presented to the City Council) that the ULC principals were | **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's knowledge regarding City Council's review or approval of invoices or warrant lists is limited to the four years (2010-2014) that he served on City Council.  Mr. Castaldo's conclusory statement in his declaration regarding other City Councilmember's ability to determine certain information from the warrant list lacks the necessary foundation to offer this opinion.<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth | Sustained: _____<br><br>Overruled: _____ |

| | | | | |
|---|---|---|---|---|
| | | submitting invoices for work that was not performed, seeking inflated payment for work performed by subcontractors, or exceeding the 4.5 percent cap, as is discussed below.<br><br>(Castaldo Decl., Dkt. 54-26, p. 6, ¶ 14.) | specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | |
| | 8 | Castaldo Decl., Dkt. 52-26:<br><br>"Neither ULC nor any other person presented sufficient information to the City Council to determine that the 4.5 percent cap would be exceeded, and the City Council never affirmatively approved of ULC exceeding the 4.5 percent cap.<br><br>(Castaldo Decl., Dkt. 54-26, p. 6, ¶ 17.) | **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's purported knowledge regarding the presentation by ULC or any other person of sufficient information and City Council's purported never having affirmatively approved of ULC exceeding the 4.5 percent cap is limited, at best, to the four years (2010-2014) that he served on City Council.<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 | Sustained: _____<br><br>Overruled: _____ |

-10-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF DAVID CASTALDO (DKT. 54-26)

| | | | | |
|---|---|---|---|---|
| | | | F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | |
| | 9 | Castaldo Decl., Dkt. 52-26:<br><br>"18. In particular, the Capital Improvement Plans that were submitted to the City Council did not disclose sufficient information for the City Council to determine that ULC would exceed the 4.5 percent cap, for a number of reasons.<br><br>19. First, the Capital Improvement Plans did not disclose what individuals or contractors would perform what type of work on any particular project. While some Capital Improvement Plans included a lengthy list of authorized contractors, | **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's purported knowledge regarding the Capital Improvement Plans is limited, at best, to the four years (2010-2014) that he served on City Council. | Sustained: _____<br><br>Overruled: _____ |

-11-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS
TO THE DECLARATION OF DAVID CASTALDO (DKT. 54-26)

| | | | | |
|---|---|---|---|---|
| | | the Capital Improvement Plan did not identify which specific contractors would perform what work.<br><br>20. Second, the Capital Improvement Plans set broad, forward looking budgets, and did not authorize any specific work or authorize any specific contractor to perform any specific work. Any work performed by any employee or contractor was required to be separately authorized by a contract or come within the scope of an employee's duties."<br><br>(Castaldo Decl., Dkt. 54-26, p. 7, ¶¶ 18-20.) | | |
| | 10 | Castaldo Decl., Dkt. 52-26<br><br>"ULC's detailed invoices, listing hours worked and who performed what work at what rate, were not presented to or reviewed by the City Council. Rather, as | **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's purported knowledge regarding the presentation of ULC's invoices; the | Sustained: \_\_\_\_\_<br><br>Overruled: \_\_\_\_\_ |

-12-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS
TO THE DECLARATION OF DAVID CASTALDO (DKT. 54-26)

| | | | |
|---|---|---|---|
| | described above, the warrants, Capital Improvement Plans, and other documents presented to and reviewed by the City Council contained only total dollar amounts and budgets. Thus, the City Council was never presented with sufficient information to discover any overbilling by ULC." <br><br>(Castaldo Decl., Dkt. 52-26, p. 8, ¶ 24) | contents of the warrants, Capital Improvement Plans, and other documents presented to and reviewed by City Council; and whether City Council was ever presented with sufficient information to discovery any overbilling by ULC is limited, at best, to the four years (2010-2014) that he served on City Council. <br><br>**Conclusory and Speculative**. Mr. Castaldo's conclusory statement that "City Council was never presented with sufficient information to discover any overbilling by ULC" lacks specific facts within Mr. Castaldo's knowledge. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | |

-13-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS
TO THE DECLARATION OF DAVID CASTALDO (DKT. 54-26)

| | | | |
|---|---|---|---|
| 11 | Castaldo Decl., Dkt. 52-26<br><br>"Because other City Council members had access to the same information I had, it is my understanding that no other City Council member could have known of any overcharging on the part of ULC."<br><br>(Castaldo Decl., Dkt. 52-26, p. 8, ¶ 25.) | **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's understanding regarding other City Councilmembers' knowledge is limited to the four years (2010-2014) that he served on City Council. Mr. Castaldo's conclusory statement in his declaration regarding other City Councilmembers' ability to know of overcharging on the part of ULC lacks the necessary foundation to offer this opinion.<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are | Sustained: _____<br><br>Overruled: _____ |

-14-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF DAVID CASTALDO (DKT. 54-26)

| | | | |
|---|---|---|---|
| | | insufficient to avoid summary judgment). | |
| 12 | Castaldo Decl., Dkt. 52-26<br><br>"Alan Kapanicas, as City Manager, exercised extraordinary control over the City Council and City Staff. As described above, Alan Kapanicas had essentially unfettered discretion to control, direct, and fire City staff and most officials. As City Manager, Alan Kapanicas also had control over staff reports and could control what information reached the City Council."<br><br>(Castaldo Decl., Dkt. 52-26, p. 9, ¶ 27.) | **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's knowledge of Alan Kapanicas' interaction with the City Council and City Staff and his purported control over information is limited to the four years (2010-2014) that he served on City Council.<br><br>**Conclusory and Speculative**. Mr. Castaldo's declaration fails to set forth any specific facts within his personal knowledge of Mr. Kapanicas' alleged "control." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fail to set forth specific facts within the affiant's personal knowledge are | Sustained: \_\_\_\_\_<br><br>Overruled: \_\_\_\_\_ |

-15-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS
TO THE DECLARATION OF DAVID CASTALDO (DKT. 54-26)

|  |  | insufficient to avoid summary judgment). |  |

-16-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS
TO THE DECLARATION OF DAVID CASTALDO (DKT. 54-26)

| | | |
|---|---|---|
| Dated: July 18, 2022 | | GORDON REES SCULLY MANSUKHANI LLP |
| | By: | */s/ Scott L. Schmookler* |
| | | Scott L. Schmookler (PHV) |
| | | sschmookler@grsm.com |
| | | (312) 980-6779 |
| | | Christina R. Spiezia, (SBN: 315145) |
| | | cspiezia@grsm.com |
| | | (949) 255-6968 |
| | | 5 Park Plaza |
| | | Suite 1100 |
| | | Irvine, CA 92614 |
| | | |
| | | *Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa.* |

-17-

DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF DAVID CASTALDO (DKT. 54-26)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 18, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

> Jeffrey V. Dunn, State Bar No. 131926
> jeffrey.dunn@bbklaw.com
> Christopher E. Deal, State Bar No. 186754
> chris.deal@bbklaw.com
> Daniel L. Richards, State Bar No. 315552
> daniel.richards@bbklaw.com
> BEST BEST & KRIEGER LLP
> 18101 Von Karman Avenue, Suite 1000
> Irvine, California 92612
> Telephone: 949-263-2600
> Facsimile: 949-260-0972
>
> *Attorneys for Plaintiffs*

GORDON REES SCULLY
MANSUKHANI LLP

By:  */s/ Scott L. Schmookler*
     Scott L. Schmookler

*Attorneys for Defendant*
*National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

-18-
DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS
TO THE DECLARATION OF DAVID CASTALDO (DKT. 54-26)