JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
ARYAN VAHEDY, Bar No. 323802
aryan.vahedy@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone:  (949) 263-2600
Facsimile:  (949) 260-0972

Attorneys for Plaintiffs
WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS; CITY OF BEAUMONT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164 GW (KKx)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF ELIZABETH GIBBS (DKT. 56-20)**<br><br>Action Filed: August 3, 2020<br>Pretrial Conference Date: September 1, 2022<br>Trial Date:  September 13, 2022 |

Plaintiffs, WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS and CITY OF BEAUMONT, hereby submit the following responses to Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA's, evidentiary objections to the Declaration of Elizabeth Gibbs filed in support of Defendant's Reply for Motion for Summary Judgment:

**OBJECTION NO 1**

Material Objected To: Declaration of Elizabeth Gibbs (DKT. 56-20)

"While the ULC principals signed staff reports concerning projects that their respective departments were responsible for, the ULC principals never recommended or discussed the formation of any new contract in which they or ULC were financially interested." (Gibbs Decl., Dkt. 54-25, p.5, ¶11.)

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602) Ms. Gibbs fails to explain how she knows that the ULC Principals never recommended or discussed the formation of any new contracts I which they or ULC was financially interested. Ms. Gibbs never served on City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (Supplemental Appendix of Evidence ("SAOE"), Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.) | Ms. Gibbs began working for the City of Beaumont in 1996 and has continued to do so to the present day. During her time with the City, she served as the interim City Manager from June 2015 to May 2016, and again from April 2022 to the present. In the course of this action, Ms. Gibbs was designated as the City's corporate representative and testified on the topics identified in the notice of deposition.

Ms. Gibbs submitted her declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of | Sustained: \_\_\_\_\_

Overruled: \_\_\_\_\_ |

| | |
|---|---|
| **Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore."))<br><br>With regard to the objection based on "Conclusory and Speculative," there is no merit. Ms. Gibbs' declaration sets forth specific facts that are well-within her sphere of personal knowledge. | |

**OBJECTION NO 2**

Material Objected To: Declaration of Elizabeth Gibbs (DKT. 56-20)

In my time with the City, Gregg was not required to and did not seek approval of the City Council before tendering a claim to an insurance company under an insurance policy. Consistent with this history, the City's Risk Manager does not currently require the approval of the City Council to submit an insurance claim. In regards to this lawsuit, the City Council was not required to and did not approve the submittal of the City's insurance claim to National Union. (Gibbs Decl., Dkt. 54-25, p. 5, ¶ 13.)

| **Defendants Objection:** | **Plaintiffs Response** | **Ruling** |
|---|---|---|

| **Lack of Foundation** (Federal Rule of Evidence 602) Ms. Gibbs fails to explain how she knows that the City Council was not required to and did not approve the submittal of the City's insurance claim to National Union. Ms. Gibbs never served on City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (SAOE, Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.) **Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | Ms. Gibbs began working for the City of Beaumont in 1996 and has continued to do so to the present day. During her time with the City, she served as the interim City Manager from June 2015 to May 2016, and again from April 2022 to the present. In the course of this action, Ms. Gibbs was designated as the City's corporate representative and testified on the topics identified in the notice of deposition. Moreover, Ms. Gibbs declaration states that "Mr. Gregg was not required to and did not seek approval of the City Council before tendering a claim…" Ms. Gibbs is not declaring to what the City Council did or did not do. Ms. Gibbs submitted her declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore.")) | Sustained: _____ Overruled: _____ |

BEST BEST & KRIEGER LLP ATTORNEYS AT LAW 18101 VON KARMAN AVENUE, SUITE 1000 IRVINE, CALIFORNIA 92612

| | | |
|---|---|---|
| | With regard to the objection based on "Conclusory and Speculative," there is no merit. Ms. Gibbs' declaration sets forth specific facts that are well-within her sphere of personal knowledge. | |

**OBJECTION NO 3**

Material Objected To: Declaration of Elizabeth Gibbs (DKT. 56-20)

To the extent "claims" were brought before the City Council for consideration by the City Council, they were not insurance claims, but claims under California's Government Claims Act. Under this statute, when a person is harmed and believes the City is responsible, they must present a written "claim" to the City to provide the City an opportunity to investigate the claim and potentially settle the claim before filing a lawsuit against the City. (Gibbs Decl., Dkt. 54-25, p. 5, ¶ 14.)

| **Defendants Objection:** | **Plaintiffs Response** | **Ruling** |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602) Ms. Gibbs fails to explain her knowledge of the claims brought before City Council. Ms. Gibbs never served on City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. | Ms. Gibbs began working for the City of Beaumont in 1996 and has continued to do so to the present day. During her time with the City, she served as the interim City Manager from June 2015 to May 2016, and again from April 2022 to the present. In the course of this action, Ms. Gibbs was designated as the City's corporate representative and testified on the topics identified in the notice of deposition. | Sustained: _____ Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

20323.00057\40409542.3

- 5 -

5:20-CV-02164 GW (KKX)
PLAINTIFFS' RESPONSE TO REQUEST
FOR EVIDENTIARY RULING

| | |
|---|---|
| (SAOE, Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.) **Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | Ms. Gibbs submitted her declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore.")) With regard to the objection based on "Conclusory and Speculative," there is no merit. Ms. Gibbs' declaration sets forth specific facts that are well-within her sphere of personal knowledge. | |

**OBJECTION NO 4**

Material Objected To: Declaration of Elizabeth Gibbs (Dkt. 52-25)

I had no knowledge of any overcharging by ULC or the principals of ULC, and in my discussion with other employees and officials of the City of Beaumont I understood that no employees or officials of the City of Beaumont not in league with Kapanicas and the ULC principals had any knowledge of overbilling on the

part of ULC or the principals of ULC before this overbilling was discovered by Dan Ray. (Gibbs Decl., Dkt. 52-25, p. 6, ¶ 16.)

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Ms. Gibbs fails to explain her knowledge of the claims brought before City Council. Ms. Gibbs never served on City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (SAOE, Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.)<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | Ms. Gibbs began working for the City of Beaumont in 1996 and has continued to do so to the present day. During her time with the City, she served as the interim City Manager from June 2015 to May 2016, and again from April 2022 to the present. In the course of this action, Ms. Gibbs was designated as the City's corporate representative and testified on the topics identified in the notice of deposition.<br><br>Ms. Gibbs submitted her declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore.")) Specifically, Ms. Gibbs referenced | Sustained: _____<br><br>Overruled:_____ |

| | |
|---|---|
| | discussions with other employees and officials of the City.

With regard to the objection based on "Conclusory and Speculative," there is no merit. Ms. Gibbs' declaration sets forth specific facts that are well-within her sphere of personal knowledge. | |

**OBJECTION NO 5**

Material Objected To: Declaration of Elizabeth Gibbs (Dkt. 52-25)

The City Council did not (and does not) review and approve detailed invoices submitted by ULC or other contractors. Rather, the City Council approves "warrant lists" which identify overall payments to specific vendors. (Gibbs Decl., Dkt. 54-25, p. 5, ¶ 17.)

| **Defendants Objection:** | **Plaintiffs Response** | **Ruling** |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602)

Ms. Gibbs fails to explain how she knows that the City Council did not review and approve invoices submitted by ULC. Ms. Gibbs never served on City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (SAOE, Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.) | Ms. Gibbs began working for the City of Beaumont in 1996 and has continued to do so to the present day. During her time with the City, she served as the interim City Manager from June 2015 to May 2016, and again from April 2022 to the present. In the course of this action, Ms. Gibbs was designated as the City's corporate representative and testified on the topics identified in the notice of deposition.

Ms. Gibbs submitted her declaration under the penalty of perjury and has declared that the facts set | Sustained: \_\_\_\_\_

Overruled: \_\_\_\_\_ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

20323.00057\40409542.3 - 8 - 5:20-CV-02164 GW (KKX)
PLAINTIFFS' RESPONSE TO REQUEST
FOR EVIDENTIARY RULING

| | | |
|---|---|---|
| **Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore.")) Ms. Gibbs has served (and is currently serving) as the interim City Manager.<br><br>With regard to the objection based on "Conclusory and Speculative," there is no merit. Ms. Gibbs' declaration sets forth specific facts that are well-within her sphere of personal knowledge. | |

**OBJECTION NO 6**

Material Objected To: Declaration of Elizabeth Gibbs (Dkt. 52-25)

I understood and understand that ULC's contract with the City imposed a "cap" of payment to ULC of 4.5 percent of the construction cost for public improvement for certain services provided by ULC and the ULC principals. In my review of all relevant City files and records, I was unable to locate any document, communications, or legislative act on the part of the City authorizing

ULC to ever exceed this 4.5 percent cap for any project. In my time as Resources Director and Interim City Manager, to my knowledge no person at the City, not in league with Alan Kapanicas and the ULC principals. had any knowledge that ULC exceeded the 4.5 percent cap.To my knowledge, no person, not in league with Alan Kapanicas and the ULC principals, authorized ULC to exceed this 4.5 percent cap. (Gibbs Decl., Dkt. 52-25, p. 7, ¶ 21.)

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Ms. Gibbs fails to explain how she knows that "no person at the City, not in league with Alana Kapanicas and the ULC principals, had any knowledge that ULC exceeded the 4.5% cap." Ms. Gibbs has never served on the City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (SAOE, Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.)<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | Ms. Gibbs began working for the City of Beaumont in 1996 and has continued to do so to the present day. During her time with the City, she served as the interim City Manager from June 2015 to May 2016, and again from April 2022 to the present. In the course of this action, Ms. Gibbs was designated as the City's corporate representative and testified on the topics identified in the notice of deposition.<br><br>Ms. Gibbs submitted her declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that | Sustained: \_\_\_\_\_<br><br>Overruled:\_\_\_\_\_ |

| | | |
|---|---|---|
| | witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore."]) Defendant is seeking an explanation for the "lack of knowing something." This is nonsensical. Ms. Gibbs is declaring that all relevant persons lacked knowledge of ULC's overcharging – there cannot be an explanation furthering absence of knowledge.<br><br>With regard to the objection based on "Conclusory and Speculative," there is no merit. Ms. Gibbs' declaration sets forth specific facts that are well-within her sphere of personal knowledge. | |

**OBJECTION NO 7**

Material Objected To: Declaration of Elizabeth Gibbs (Dkt. 52-25)

Based on my review of dozens of Capital Improvement Plans, warrants, and other documents submitted to the City Council, no documents that were before the City Council would have provided adequate information to determine that ULCs services would exceed the 4.5 percent cap. (Gibbs Decl., Dkt. 52-25 p. 7, ¶ 22.)

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|
| **Lack of Foundation**<br>(Federal Rule of Evidence 602)<br><br>Ms. Gibbs never served on City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council | Ms. Gibbs began working for the City of Beaumont in 1996 and has continued to do so to the present day. During her time with the City, she served as the interim City Manager from | Sustained: _____<br><br>Overruled: _____ |

| | |
|---|---|
| members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (SAOE, Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.) Therefore, Ms. Gibbs lacks foundation to offer testimony regarding whether documents provided to City Council provided adequate information to determine ULC's services would exceed the 4.5 percent cap.<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | June 2015 to May 2016, and again from April 2022 to the present. In the course of this action, Ms. Gibbs was designated as the City's corporate representative and testified on the topics identified in the notice of deposition.<br><br>Furthermore, Ms. Gibbs never testified that she did not review any documents in preparation for her deposition. This piece of her declaration specifically indicates that she "reviewed[ed] dozens of Capital Improvement Plans…" Thus, the documents she reviewed, were, in fact, the documents City Council reviewed.<br><br>Ms. Gibbs submitted her declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore.")) |

| | |
|---|---|
| | With regard to the objection based on "Conclusory and Speculative," there is no merit. Ms. Gibbs' declaration sets forth specific facts that are well-within her sphere of personal knowledge. |

**OBJECTION NO [Left Blank By Defendant]**

Material Objected To: Declaration of Elizabeth Gibbs (Dkt. 52-25)

Detailed invoices of contractors, listing hours worked and who performed what work at what rate, are not presented to or reviewed by the City Council. Rather, warrants, Capital Improvement Plans, and other documents presented to and reviewed by the City Council contain only total dollar amounts and budgets. (Gibbs Decl., Dkt. 52-25, p. 7, ¶ 23.)

| **Defendants Objection:** | **Plaintiffs Response** | **Ruling** |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602) Ms. Gibbs never served on City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (SAOE, Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.) Therefore, Ms. Gibbs lacks foundation to offer testimony regarding what documents were presented to and reviewed by City Council.<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen.* | Ms. Gibbs began working for the City of Beaumont in 1996 and has continued to do so to the present day. During her time with the City, she served as the interim City Manager from June 2015 to May 2016, and again from April 2022 to the present. In the course of this action, Ms. Gibbs was designated as the City's corporate representative and testified on the topics identified in the notice of deposition.<br><br>Furthermore, Ms. Gibbs never testified that she did not review any documents in preparation for her deposition. This piece of her declaration specifically | Sustained: _____<br><br>Overruled: _____ |

| | |
|---|---|
| *Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | indicates that she "reviewed[ed] dozens of Capital Improvement Plans…" Thus, the documents she reviewed, were, in fact, the documents City Council reviewed.<br><br>Ms. Gibbs submitted her declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore."))<br><br>With regard to the objection based on "Conclusory and Speculative," there is no merit. Ms. Gibbs' declaration sets forth specific facts that are well-within her sphere of personal knowledge. |

**OBJECTION NO 8**

Material Objected To: Declaration of Elizabeth Gibbs (Dkt. 52-25)

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

20323.00057\40409542.3

- 14 -

5:20-CV-02164 GW (KKX)
PLAINTIFFS' RESPONSE TO REQUEST FOR EVIDENTIARY RULING

> Alan Kapanicas, when he was City Manager for the City of Beaumont, exercised an extraordinary degree of control over the City Council and City staff and officials. As is discussed above, the City Manager is the administrative head of the City and has the power to direct and control all City staff and most City officials. In addition, Kapanicas exercised almost total control over City finance and operation information provided to and received by the City Council. For example, Kapanicas on occasion refused to provide relevant information to the City Council and refused to provide staff reports that City staff had prepared. (Gibbs Decl., Dkt. 52-25, p. 8, ¶ 24.)

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Ms. Gibbs fails to explain her knowledge of the claims brought before City Council. Ms. Gibbs never served on City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (SAOE, Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.) Therefore, Ms. Gibbs lacks foundation to offer testimony Mr. Kapanicas' alleged control over City Council and staff.<br><br>**Conclusory and Speculative.** Ms. Gibbs' declaration fails to set forth any specific facts within her personal knowledge of Mr. Kapanicas' alleged "control" over City staff, finance and operation and City Council *Thornhill Pub. Co.,* | Ms. Gibbs began working for the City of Beaumont in 1996 and has continued to do so to the present day. During her time with the City, she served as the interim City Manager from June 2015 to May 2016, and again from April 2022 to the present. In the course of this action, Ms. Gibbs was designated as the City's corporate representative and testified on the topics identified in the notice of deposition.<br><br>Ms. Gibbs submitted her declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see* | Sustained: _____<br><br>Overruled: _____ |

| | |
|---|---|
| *Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | *also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore.")) <br><br> With regard to the objection based on "Conclusory and Speculative," there is no merit. Ms. Gibbs' declaration sets forth specific facts that are well-within her sphere of personal knowledge. Ms. Gibbs longstanding tenure with the City provides a sufficient basis for her to be personally aware of Mr. Kapanicas' control. Similarly, Ms. Gibbs has referenced personal conversations/discussions with members of City Council. To suggest that she is devoid of any understanding of the inner-workings of City staff, or Mr. Kapanicas' degree of control is shortsighted. |

**OBJECTION NO 9**

Material Objected To: Declaration of Elizabeth Gibbs (Dkt. 52-25)

Prior to this raid, neither I know (to my knowledge) any employee or official with the City of Beaumont not in league with Kapanicas and the ULC principal had any knowledge of the criminal conduct of the ULC principal and Kapanicas. The belief that no other employee or official had knowledge of this criminal conduct is informed by two facts: First, no City employee or official expressed to me prior

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

20323.00057\40409542.3

- 16 -

5:20-CV-02164 GW (KKX)
PLAINTIFFS' RESPONSE TO REQUEST
FOR EVIDENTIARY RULING

to the raid any belief or suspicion as to the criminal conduct of ULC or Kapanicas. Second, after the raid, employees and officials of the City of Beaumont not in league with Kapanicas and the ULC principals expressed their surprise, concern, and shock at the raid. I perceived this shock, concern, and surprise to be genuine. These employees and officials include: Kari Mendoza, Kyle Warsinski, Shelby Hanvey, Karee Keyser, Shay Norville, Nicole Wheelwright, Laurie Miller, Rebecca Deming, Kelsey Gormley, Shaina Harwood, Laura Vermillion, Eileen Rodriguez, Robert Sherwood, Ashley Starr, Christina Bowser, Kelly McCarthy, Keith Hightower, Jose Perez, Cynthia Overby, Michael Almandinger, Celina Cabrera, and Patricia Foster. (Gibbs Decl. Dkt. 52-25, p. 8, ¶ 26.)

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602) Ms. Gibbs never served on City Council. At her deposition, Ms. Gibbs testified that she did not interview any City Council members or any current or former employees of Beaumont. Ms. Gibbs conceded that she is unable to provide any testimony regarding what City Council members knew between 1993 and 2016. (SAOE, Exhibit 28, Gibbs Dep., 21:10-21:16, 38:4-38:11.) Therefore, Ms. Gibbs lacks foundation to offer testimony regarding whether other city employees or officials knew of the ULC Principals' and Alan Kapanicas' criminal conduct. | Ms. Gibbs began working for the City of Beaumont in 1996 and has continued to do so to the present day. During her time with the City, she served as the interim City Manager from June 2015 to May 2016, and again from April 2022 to the present. In the course of this action, Ms. Gibbs was designated as the City's corporate representative and testified on the topics identified in the notice of deposition.<br><br>Ms. Gibbs submitted her declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred | Sustained: \_\_\_\_\_<br><br>Overruled: \_\_\_\_\_ |

from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore."))

Ms. Gibbs longstanding tenure with the City provides a sufficient basis for her to be personally aware of Mr. Kapanicas' control. Similarly, Ms. Gibbs has referenced personal conversations/discussions with members of City Council. To suggest that she is devoid of any understanding of the inner-workings of City staff, or Mr. Kapanicas' degree of control is shortsighted.

Dated: July 25, 2022

BEST BEST & KRIEGER LLP

By: */s/ Jeffrey V. Dunn*
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS
ARYAN VAHEDY
Attorneys for Plaintiffs
WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS; CITY OF BEAUMONT