JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
ARYAN VAHEDY, Bar No. 323802
aryan.vahedy@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California  92612
Telephone:   (949) 263-2600
Facsimile:    (949) 260-0972

Attorneys for Plaintiffs
WESTERN RIVERSIDE COUNCIL OF
GOVERNMENTS; CITY OF BEAUMONT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164 GW (KKx)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF DAVID CASTALDO**<br><br><br>Action Filed: August 3, 2020<br>Pretrial Conference Date: September 1, 2022<br>Trial Date:     September 13, 2022 |

Best Best & Krieger LLP
Attorneys at Law
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
1810 IOWA KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

Plaintiffs, WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS and CITY OF BEAUMONT, hereby submit the following responses to Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA's, evidentiary objections to the Declaration of Elizabeth Gibbs filed in support of Defendant's Reply for Motion for Summary Judgment:

| OBJECTION NO 1 |
|---|

| Material Objected To: Declaration of David Castaldo (Dkt. 54-26) |
|---|
| I learned while a City Council member that in 1993 and 1994, the City of Beaumont entered into several contracts with Urban Logic Consultants ("ULC") under which ULC would provide staff to perform certain general administrative functions, construction management, design, inspection, and other work for the City of Beaumont. These were the only contracts entered into between Beaumont and ULC, and no additional contracts were entered into while I was on the City Council. (Castaldo Decl., Dkt. 54-26, p. 4, ¶ 7.) |

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo lacks foundation to testing regarding "**All** of the work performed by ULC" and whether that work was performed within the scope of the 1993 and 1994 contracts because Mr. Castaldo did not serve on City Council during the entire time that ULC performed work for Beaumont. Mr. Castaldo's knowledge is limited to the four years (2010-2014) that he served on City Council. | Mr. Castaldo has been an employee of the City of Beaumont since 2004. Mr. Castaldo is intimately familiar with the inner-workings of the City and its staff. Mr. Castaldo submitted his declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see* | Sustained: _____<br><br>Overruled:_____ |

| | |
|---|---|
| **Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | *also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore."))<br><br>Mr. Castaldo's knowledge of City Council affairs is not limited to the four years in which he served. Mr. Castaldo was afforded the opportunity to consult with and learn of prior dealings. Specifically, although Mr. Castaldo had no direct involvement in negotiating or entering into the 1993 contract with ULC, he reviewed the contract on (at minimum) an annual basis. (*See* Deposition of David Castaldo (hereinafter Castaldo Depo.) at 77:17-78:15.)<br><br>With regard to the objection based on "Conclusory and Speculative," there is no merit. Mr. Castaldo's declaration sets forth specific facts that are well-within his sphere of personal knowledge. |

**OBJECTION NO 2**

Best Best & Krieger LLP
Attorneys at Law
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612

Material Objected To: Declaration of David Castaldo (Dkt. 54-26)

Because no further contracts were entered into between Beaumont and ULC,  I knew that all work performed by ULC was performed pursuant to the original contracts entered into with ULC before the ULC principals became City Officials. Based on this fact, I understood at all times that ULC's work for the City did not violate California Government Code Section 1090 ("Section 1090") because the ULC principals were not financially interested in any contract made by them *in their official capacity*. This understanding was informed by explanations I received from former City Mayors Deforge and Fox, City Manager Alan Kapanicas, and other City staff and officials. (Castaldo Decl., Dkt. 54-26, p. 4, ¶ 9.)

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602) Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo knowledge regarding work performed by ULC is limited to the four years (2010-2014) that he served on City Council. The declaration fails to explain how Mr. Castaldo knows about work performed by ULC during the four years he served on council. **Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | Mr. Castaldo has been an employee of the City of Beaumont since 2004. Mr. Castaldo is intimately familiar with the inner-workings of the City and its staff. Mr. Castaldo submitted his declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of | Sustained: _____ Overruled:_____ |

Best Best & Krieger LLP
Attorneys at Law
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612

| | | |
|---|---|---|
| | their participation in the matters to which they swore.")) | |
| | Mr. Castaldo's knowledge of City Council affairs is not limited to the four years in which he served. Mr. Castaldo was afforded the opportunity to consult with and learn of prior dealings. Specifically, Mr. Castaldo testified in deposition that he reviewed and was aware of the work being done by ULC by way of his position at the Planning Commission. (*See* Castaldo Depo. At 84:4-85:13.) | |
| | With regard to the objection based on "Conclusory and Speculative," there is no merit. Mr. Castaldo's declaration sets forth specific facts that are well-within his sphere of personal knowledge. | |

**OBJECTION NO 3**

Material Objected To: Declaration of David Castaldo (Dkt. 54-26)

Based on my conversations with other City Council members and Mayor DeForge, I know that this understanding was shared by the other members of the Beaumont City Council. At no time did the City Council know or believe that ULC or the ULC principals were financially interested in any contract made by them in their official capacity. (Castaldo Decl., Dkt. 54-26, p. 4, ¶10.)

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|

Best Best & Krieger LLP
Attorneys at Law
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612

| | | |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo purported knowledge regarding the City Council's understanding, knowledge or belief regarding work performed by ULC and whether ULC or ULC Principals were financially interested in any contract made by them in their official capacity is limited, at best, to the four years (2010-2014) that he served on City Council Mr. Castaldo's conclusory statement in his declaration regarding the City Council's knowledge and belief lacks the necessary foundation to offer this opinion.<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | Mr. Castaldo has been an employee of the City of Beaumont since 2004. Mr. Castaldo is intimately familiar with the inner-workings of the City and its staff. Mr. Castaldo submitted his declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore."))<br><br>Mr. Castaldo's knowledge of City Council affairs is not limited to the four years in which he served. Mr. Castaldo was afforded the opportunity to consult with and learn of prior dealings.<br><br>With regard to the objection based on "Conclusory and Speculative," there is no merit. Mr. Castaldo's declaration sets forth specific facts that are well-within his sphere of personal knowledge. | Sustained: _____<br><br><br>Overruled:_____ |

BEST BEST & KRIEGER LLP<br>ATTORNEYS AT LAW<br>18101 VON KARMAN AVENUE, SUITE 1000<br>IRVINE, CALIFORNIA 92612

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| **OBJECTION NO 4** |
|---|

Material Objected To: Declaration of David Castaldo (Dkt. 54-26)

While the ULC principals signed staff reports concerning projects that their respective departments were responsible for, the ULC principals never recommended or discussed the formation of any new contract in which they or ULC were financially interested. (Castaldo Decl., Dkt. 54-26, p. 5, ¶ 11.)

| **Defendants Objection:** | **Plaintiffs Response** | **Ruling** |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602) <br><br> Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo purported knowledge regarding whether ULC or ULC Principals recommended or discussed the formation of any new contract in which they or ULC was financially interested is limited, at best, to the four years (2010-2014) that he served on City Council Mr. Castaldo's conclusory statement in his declaration regarding the City Council's knowledge and belief lacks the necessary foundation to offer this opinion. <br><br> **Conclusory and Speculative.** *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | Mr. Castaldo has been an employee of the City of Beaumont since 2004. Mr. Castaldo is intimately familiar with the inner-workings of the City and its staff. Mr. Castaldo submitted his declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore.")) <br><br> Mr. Castaldo's knowledge of City Council affairs is not limited to the four years in which he served. Mr. | Sustained: _____ <br><br><br> Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| | Castaldo was afforded the opportunity to consult with and learn of prior dealings. Specifically, although Mr. Castaldo had no direct involvement in negotiating or entering into the 1993 contract with ULC, he reviewed the contract on (at minimum) an annual basis. (*See* Deposition of David Castaldo (hereinafter Castaldo Depo.) at 77:17-78:15.)<br><br>With regard to the objection based on "Conclusory and Speculative," there is no merit. Mr. Castaldo's declaration sets forth specific facts that are well-within his sphere of personal knowledge. | |
|---|---|---|

**OBJECTION NO 5**

Material Objected To: Declaration of David Castaldo (Dkt. 54-26)

While certain community members, most notably Nancy Hall and Judith Bingham, alleged that the ULC principals were involved in conflicts of interest, I understood that these lay citizens were mistaken and did not understand the relevant conflict of interest laws. In particular, I believed that these individuals were mistaken in their belief that the City's contracts with ULC were entered into in violation of section 1090, because the contracts were formed before the ULC principals were city officials. In fact, Alan Kapanicas told me and other council members repeatedly and at length that the allegations of Hall and Bingham were false. Additionally, Alan Kapanicas told me and other council members that the District Attorney's Office had investigated the complaint of Nancy Hall and Judith Bingham, and had not uncovered any evidence of any crime or illegality.

Kapanicas kept a voicemail he had received from the District Attorney's office confirming that the investigation had uncovered no crime or illegality, and he played this voicemail to me to demonstrate that the allegations had been investigated and no wrongdoing was found.  I and the rest of the City Council relied upon the fact that the District Attorney had concluded there was no conflict of interest or other criminal wrongdoing for years. (Castaldo Decl., Dkt. 54-26, p. 5, ¶ 12.)

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's knowledge regarding Kapanicas' and the District Attorney's response to the citizen complaints that the ULC principals were involved in a conflict of interest is limited to the four years (2010-2014) that he served on City Council. Mr. Castaldo's conclusory statement in his declaration regarding what information eh City Council relied on lacks the necessary foundation to offer this opinion.<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | Mr. Castaldo has been an employee of the City of Beaumont since 2004. Mr. Castaldo is intimately familiar with the inner-workings of the City and its staff. Mr. Castaldo submitted his declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore."))<br><br>Mr. Castaldo's knowledge of City Council affairs is not limited to the four years | Sustained: _____<br><br>Overruled:_____ |

BEST BEST & KRIEGER LLP<br>ATTORNEYS AT LAW<br>18101 VON KARMAN AVENUE, SUITE 1000<br>IRVINE, CALIFORNIA 92612

|  | in which he served. Mr. Castaldo was afforded the opportunity to consult with and learn of prior dealings.<br><br>With regard to the objection based on "Conclusory and Speculative," there is no merit. Mr. Castaldo's declaration sets forth specific facts that are well-within his sphere of personal knowledge. |  |

**OBJECTION NO 6**

Material Objected To: Declaration of David Castaldo (Dkt. 54-26)

I had no knowledge of any overcharging by ULC or the principals of ULC. I understood, based on conversation with other City Council members, that no City Councilmember had any knowledge of any overcharging by ULC or the principals of ULC. This belief is supported by the fact that no investigation of overcharging was formally conducted by the City Council, because the City Council had no reason to believe overcharging was occurring. (Castaldo Decl., Dkt. 54-26, p. 5, ¶ 13.)

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|
| **Lack of Foundation**<br>(Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's purported knowledge regarding overcharging, his purported knowledge of other City Councilmember's knowledge regarding overcharging, and his assertion that the City Council had no reason to believe | Mr. Castaldo has been an employee of the City of Beaumont since 2004. Mr. Castaldo is intimately familiar with the inner-workings of the City and its staff. Mr. Castaldo submitted his declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements | Sustained: _____<br><br><br>Overruled:_____ |

BEST BEST & KRIEGER LLP<br>ATTORNEYS AT LAW<br>18101 VON KARMAN AVENUE, SUITE 1000<br>IRVINE, CALIFORNIA 92612

Best Best & Krieger LLP
Attorneys at Law
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612

| overcharging was occurring is limited, at best, to the four years (2010-2014) that he served on City Council. | of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore.")) | |
| **Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | | |
| | Mr. Castaldo's knowledge of City Council affairs is not limited to the four years in which he served. Mr. Castaldo was afforded the opportunity to consult with and learn of prior dealings. Further, Mr. Castaldo served on the Finance Committee, wherein he reviewed invoices submitted by contractors, including ULC. (Castaldo Depo. At 87:10-88:14.) | |
| | With regard to the objection based on "Conclusory and Speculative," there is no merit. Mr. Castaldo's declaration sets forth specific facts that are well-within his sphere of personal knowledge. | |

## OBJECTION NO 7

Material Objected To: Declaration of David Castaldo (Dkt. 54-26)

The City Council did not review and approve detailed invoices. Rather, the City Council approved "warrant lists" which identified overall payments to specific vendors. Attached hereto as Exhibit 1 is a true and correct copy of an example of a warrant list. As shown on this document, the warrant list does not describe the specific work performed by a contractor, who performed the work, or the total hours spend on the work. Rather, the warrant list identifies total overall payment to vendors. Neither I nor any member of the City Council could have determined from the warrant list (or any other document presented to the City Council) that the ULC principals were submitting invoices for work that was not performed, seeking inflated payment for work performed by subcontractors, or exceeding the 4.5 percent cap, as is discussed below. (Castaldo Decl., Dkt. 54-26, p. 6, ¶ 14.)

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's knowledge regarding City Council's review or approval of invoices or warrant lists is limited to the four years (2010-2014) that he served on City Council. Mr. Castaldo's conclusory statement in his declaration regarding other City Councilmember's ability to determine certain information from the warrant list lacks the necessary foundation to offer this opinion.<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within | Mr. Castaldo has been an employee of the City of Beaumont since 2004. Mr. Castaldo is intimately familiar with the inner-workings of the City and its staff. Mr. Castaldo submitted his declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of | Sustained: _____<br><br><br>Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| | | |
|---|---|---|
| the affiant's personal knowledge are insufficient to avoid summary judgment). | their participation in the matters to which they swore.")) <br><br> Mr. Castaldo's knowledge of City Council affairs is not limited to the four years in which he served. Mr. Castaldo was afforded the opportunity to consult with and learn of prior dealings. Further, Mr. Castaldo served on the Finance Committee, wherein he reviewed invoices submitted by contractors, including ULC. (Castaldo Depo. at 87:10-88:14.) Moreover, defense counsel never clarified whether City Council procedures ever changed from pre-2010 to post-2010. Mr. Castaldo was well aware of the approval process. (Castaldo Depo. at 31:10-21.) <br><br> With regard to the objection based on "Conclusory and Speculative," there is no merit. Mr. Castaldo's declaration sets forth specific facts that are well-within his sphere of personal knowledge. | |

---

**OBJECTION NO 8**

Material Objected To: Declaration of David Castaldo (Dkt. 54-26)

Neither ULC nor any other person presented sufficient information to the City Council to determine that the 4.5 percent cap would be exceeded, and the City Council never affirmatively approved of ULC exceeding the 4.5 percent cap. (Castaldo Decl., Dkt. 54-26, p. 6, ¶ 17.)

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's purported knowledge regarding the presentation by ULC or any other person of sufficient information and City Council's purported never having affirmatively approved of ULC exceeding the 4.5 percent cap is limited, at best, to the four years (2010-2014) that he served on City Council.<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | Mr. Castaldo has been an employee of the City of Beaumont since 2004. Mr. Castaldo is intimately familiar with the inner-workings of the City and its staff. Mr. Castaldo submitted his declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore."))<br><br>Mr. Castaldo's knowledge of City Council affairs is not limited to the four years in which he served. Mr. Castaldo was afforded the opportunity to consult with and learn of prior dealings. Further, Mr. Castaldo served on the Finance Committee, wherein he reviewed invoices submitted by contractors, including ULC. (Castaldo Depo. at 87:10-88:14.) Moreover, Mr. Castaldo was well aware of the | Sustained: _____<br><br><br>Overruled:_____ |

BEST BEST & KRIEGER LLP<br>ATTORNEYS AT LAW<br>18101 VON KARMAN AVENUE, SUITE 1000<br>IRVINE, CALIFORNIA 92612

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

|  |  |  |
|---|---|---|
|  | approval process. (Castaldo Depo. at 31:10-21.)<br><br>With regard to the objection based on "Conclusory and Speculative," there is no merit. Mr. Castaldo's declaration sets forth specific facts that are well-within his sphere of personal knowledge. |  |

| OBJECTION NO 9 |
|---|
| Material Objected To: Declaration of David Castaldo (Dkt. 54-26)<br><br>18. In particular, the Capital Improvement Plans that were submitted to the City Council did not disclose sufficient information for the City Council to determine that ULC would exceed the 4.5 percent cap, for a number of reasons.<br><br>19. First, the Capital Improvement Plans did not disclose what individuals or contractors would perform what type of work on any particular project. While some Capital Improvement Plans included a lengthy list of authorized contractors, the Capital Improvement Plan did not identify which specific contactors would perform what work.<br><br>20. Second, the Capital Improvement Plans set broad, forward looking budgets, and did not authorize any specific work or authorize any specific contractor to perform any specific work. Any work performed by any employee or contractor was required to be separately authorized by a contract or come within the scope of an employee's duties.<br><br>(Castaldo Decl., Dkt. 52-26, p. 7, ¶¶ 18-20.) |

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on | Mr. Castaldo has been an employee of the City of Beaumont since 2004. Mr. Castaldo is intimately | Sustained: _____ |

| | | |
|---|---|---|
| Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's purported knowledge regarding the Capital Improvement Plans is limited, at best, to the four years (2010-2014) that he served on City Council. | familiar with the inner-workings of the City and its staff. Mr. Castaldo submitted his declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore."))<br><br>Mr. Castaldo's knowledge of City Council affairs is not limited to the four years in which he served. Mr. Castaldo was afforded the opportunity to consult with and learn of prior dealings.<br><br>Mr. Castaldo's declaration sets forth specific facts that are well-within his sphere of personal knowledge. | Overruled:_____ |

**OBJECTION NO 10**

Material Objected To: Declaration of David Castaldo (Dkt. 54-26)

ULC's detailed invoices, listing hours worked and who performed what work at what rate, were not presented to or reviewed by the City Council. Rather, as

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

described above, the warrants, Capital Improvement Plans, and other documents presented to and reviewed by the City Council contained only total dollar amounts and budgets. Thus, the City Council was never presented with sufficient information to discover any overbilling by ULC. (Castaldo Decl., Dkt. 54-26, p. 8, ¶ 24.)

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's purported knowledge regarding the presentation of ULC invoices; the contents of the warrants, Capital Improvement Plans, and other documents presented to and reviewed by the City Council; and whether City Council was ever presented with sufficient information to discovery any overbilling by ULC is limited, at best, to the four years (2010-2014) that he served on City Council.<br><br>**Conclusory and Speculative**. Mr. Castaldo's conclusory statement that "City Council was never presented with sufficient information to discover any overbilling by ULC" lacks specific facts within Mr. Castaldo's knowledge. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | Mr. Castaldo has been an employee of the City of Beaumont since 2004. Mr. Castaldo is intimately familiar with the inner-workings of the City and its staff. Mr. Castaldo submitted his declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore."))<br><br>Mr. Castaldo's knowledge of City Council affairs is not limited to the four years in which he served. Mr. Castaldo was afforded the opportunity to consult with and learn of prior dealings. | Sustained: _____<br><br><br>Overruled:_____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

Best Best & Krieger LLP
Attorneys at Law
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612

| | | |
|---|---|---|
| | Further, Mr. Castaldo served on the Finance Committee, wherein he reviewed invoices submitted by contractors, including ULC. (Castaldo Depo. at 87:10-88:14.)<br><br>With regard to the objection based on "Conclusory and Speculative," there is no merit. Mr. Castaldo's declaration sets forth specific facts that are well-within his sphere of personal knowledge. Defendants are seeking proof of a negative, i.e. to prove the City Council was never presented with sufficient information. This is a nonsensical position. | |

| OBJECTION NO 11 | | |
|---|---|---|
| Material Objected To: Declaration of David Castaldo (Dkt. 54-26) | | |
| Because other City Council members had access to the same information I had, it is my understanding that no other City Council member could have known of any overcharging on the part of ULC. (Castaldo Decl., Dkt. 54-26, p. 8, ¶ 25.) | | |
| **Defendants Objection:** | **Plaintiffs Response** | **Ruling** |
| **Lack of Foundation** (Federal Rule of Evidence 602)<br><br>Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's understanding regarding other City Councilmember's knowledge is limited to the four years (2010-2014) that he served on City Council. Mr. Castaldo's conclusory statement in his | Mr. Castaldo has been an employee of the City of Beaumont since 2004. Mr. Castaldo is intimately familiar with the inner-workings of the City and its staff. Mr. Castaldo submitted his declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that | Sustained: _____<br><br><br>Overruled:_____ |

| | |
|---|---|
| declaration regarding other City Councilmembers' ability to know of overcharging on the part of ULC lacks the necessary foundation to offer this opinion.<br><br>**Conclusory and Speculative**. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the affiant's personal knowledge are insufficient to avoid summary judgment). | FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be "inferred from their positions and the nature of their participation in the matters to which they swore."))<br><br>Mr. Castaldo's knowledge of City Council affairs is not limited to the four years in which he served. Mr. Castaldo was afforded the opportunity to consult with and learn of prior dealings. Further, Mr. Castaldo served on the Finance Committee, wherein he reviewed invoices submitted by contractors, including ULC. (Castaldo Depo. at 87:10-88:14.) Accordingly, Mr. Castaldo had access to all the submitted invoices, invoices which were considered by Councilmembers. Thus, all available information regarding billing was the same.<br><br>With regard to the objection based on "Conclusory and Speculative," there is no merit. Mr. Castaldo's declaration sets forth specific facts that are well-within his sphere of |

BEST BEST & KRIEGER LLP<br>ATTORNEYS AT LAW<br>18101 VON KARMAN AVENUE, SUITE 1000<br>IRVINE, CALIFORNIA 92612

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| | personal knowledge. | |
|---|---|---|
| | | |

**OBJECTION NO 12**

Material Objected To: Declaration of David Castaldo (Dkt. 54-26)

Alan Kapanicas, as City Manager, exercised extraordinary control over the City Council and City Staff. As described above, Alan Kapanicas had essentially unfettered discretion to control, direct, and fire City staff and most officials. As City Manager, Alan Kapanicas also had control over staff reports and could control what information reached the City Council. (Castaldo Decl. Dkt. 54-26, p. 9, ¶ 27.)

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|
| **Lack of Foundation** (Federal Rule of Evidence 602) Mr. Castaldo served on Beaumont City Council from 2010 to 2014. Therefore, Mr. Castaldo's knowledge of Alan Kapanicas' interaction with the City Council and City Staff and his purported control over information is limited to the four years (2010-2014) that he served on City Council. **Conclusory and Speculative**. Mr. Castaldo's declaration fails to set forth any specific facts within his personal knowledge of Mr. Kapanicas' alleged "control." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (holding that conclusory and speculative affidavits that fails to set forth specific facts within the | Mr. Castaldo has been an employee of the City of Beaumont since 2004. Mr. Castaldo is intimately familiar with the inner-workings of the City and its staff. Mr. Castaldo submitted his declaration under the penalty of perjury and has declared that the facts set forth therein are based upon her personal knowledge. Moreover, that FRCP 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the affidavits themselves. (*See Lockwood v. Wolf Corp.* 629 F.2d 603, 611 (9th Cir. 1980); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (holding that witnesses' personal knowledge may be | Sustained: _____ Overruled:_____ |

| | |
|---|---|
| affiant's personal knowledge are insufficient to avoid summary judgment). | "inferred from their positions and the nature of their participation in the matters to which they swore."))<br><br>Mr. Castaldo's knowledge of City Council affairs is not limited to the four years in which he served. Mr. Castaldo was afforded the opportunity to consult with and learn of prior dealings.<br><br>With regard to the objection based on "Conclusory and Speculative," there is no merit. Mr. Castaldo's declaration sets forth specific facts that are well-within his sphere of personal knowledge. |

Dated: July 25, 2022                    BEST BEST & KRIEGER LLP


By: */s/ Jeffrey V. Dunn*
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS
ARYAN VAHEDY
Attorneys for Plaintiffs
WESTERN RIVERSIDE COUNCIL
OF GOVERNMENTS; CITY OF
BEAUMONT

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

5:20-CV-02164 GW (KKX)
PLAINTIFFS' RESPONSE TO REQUEST
FOR EVIDENTIARY RULING