JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
ARYAN VAHEDY, Bar No. 323802
aryan.vahedy@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
WESTERN RIVERSIDE COUNCIL OF
GOVERNMENTS; CITY OF BEAUMONT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>                    Plaintiffs,<br><br>     v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. 5:20-cv-02164 GW (KKx)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF PETER J. NOLAN**<br><br>Action Filed: August 3, 2020<br>Pretrial Conference Date: September 1, 2022<br>Trial Date:     September 13, 2022 |

1    Plaintiffs, WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS and
2    CITY OF BEAUMONT, hereby submit the following responses to Defendant,
3    NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA's,
4    evidentiary objections to the Declaration of Peter J. Nolan filed in support of
5    Defendant's Reply for Motion for Summary Judgment.

**OBJECTION NO 1**

Material Objected To: Declaration of Peter Nolan, Dkt. 54-27, ¶¶ 1-13.

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|
| **Rule 26 – Evidence from Undisclosed Witness.** Plaintiffs never disclosed Peter Nolan as a witness. Rather, Mr. Nolan is a lawyer for the City of Beaumont (although he has not filed an appearance in this case). Plaintiffs cannot rely on undisclosed evidence from one of Beaumont's attorneys to defeat summary judgment.<br><br>**Self-serving declaration of counsel.** Plaintiffs cannot rely on a self-serving declaration from one of their lawyers to avoid summary judgment. *Jang v. Sagicor Life Ins. Co.*, 854 F. App'x 870, 871 (9th Cir. 2021) ("When the nonmoving party relies on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual | **Rule 26 – Evidence from Undisclosed Witness, Response:**<br><br>Plaintiffs were not required to disclose Peter Nolan in their Rule 26 disclosures. Nolan has not and will not provide any testimony necessary to satisfy any element of any of Plaintiffs' claims. Rather, Nolan's declaration is submitted only to impeach NUFIC's newly minted theory that the City has not suffered any damages sufficient to support an award of punitive damages by virtue of the City's assignment of certain claims to WRCOG. This theory is subject to impeachment because it is false – the City has incurred damages in the form of attorneys' fees that are sufficient to support an award of punitive damages.<br><br>Even if Plaintiffs were required to disclosed Nolan any failure to disclose Nolan was substantially justified and harmless. Specifically, any nondisclosure was substantially justified because the specific allocation of attorneys fees incurred as between the City and WRCOG is not necessary to prove any element of Plaintiffs' | Sustained: _____<br><br>Overruled: _____ |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

20323.00057\40409546.2

- 2 -

5:20-CV-02164 GW (KKX)
PLAINTIFFS' RESPONSE TO REQUEST
FOR EVIDENTIARY RULING

| | | |
|---|---|---|
| data to create an issue of material fact.") | claims, and NUFIC's theory that punitive damages are unavailable because of the City's partial assignment was raised for the first time in NUFIC's motion for summary judgment.<br><br>The lack of disclosure is harmless because the same information can and will be elicited from witnesses who were disclosed, such as Pinkney, as evidenced by the Pinkney declaration concurrently submitted herewith. The only reason Pinkney's declaration was not submitted earlier was due to his unavailability at the time of the initial filing. (*See Tolerico v. Home Depot*, 205 F.R.D. 169, 176 (M.D.Pa. 2002) (holding that substantial justification exists where there is a reasonable dispute as to whether disclosures were required.); *see also Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 587, 591 (D.N.J. 1997); *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995) (holding the same.).<br><br>Plaintiffs have known for a substantial amount of time that Nolan's law firm has been involved in the representation of the City in this matter (and Nolan in fact defended a deposition). To now object to Nolan's recitation of these facts, with context, is gamesmanship. (*See Fonesca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004) (holding that actual knowledge of evidence that is known by the other party, excused the failure of the disclosing-party to disclose that evidence.); *see also Lam v. City & Cnty. of San Francisco*, 565 F. App'x 641, 643 (9th Cir. 2014) (holding that "[t]he City's failure to disclose [a] contested declarant—who did provide | |

| | |  |
|---|---|---|
| | substantive testimony—was harmless because (1) his testimony was cumulative, and (2) the relevant claim was time-barred.")). **Self-serving declaration of counsel, Response:** Defendants reliance on *Jang v. Sagicor Life Ins. Co.* 854 F. App'x 870, 871 (9th Cir. 2021) is misplaced. While the nonmoving party cannot rely on conclusory allegations that unsupported by factual data, Defendants have failed to identify which, if any, of Nolan's statements are unsupported by factual data. Nolan has personal knowledge of all facts attested to, which are clearly supported by factual data. Nolan, in his capacity as the City's attorney, was intimately involved in all aspects of what he has stated in his declaration. Any attempt to refute or impugn Nolan's declaration as "unsupported by factual data" is misguided. | |

Dated: July 25, 2022                          BEST BEST & KRIEGER LLP


By: */s/ Jeffrey Dunn*
    JEFFREY V. DUNN
    CHRISTOPHER E. DEAL
    DANIEL L. RICHARDS
    ARYAN VAHEDY
    Attorneys for Plaintiffs
    WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS; CITY OF BEAUMONT