1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
ARYAN VAHEDY, Bar No. 323802
aryan.vahedy@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California  92612
Telephone:   (949) 263-2600
Facsimile:    (949) 260-0972
Attorneys for Plaintiffs
WESTERN RIVERSIDE COUNCIL OF
GOVERNMENTS; CITY OF BEAUMONT

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164 GW (KKx)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST FOR EVIDENTIARY RULING ON SPECIFIED OBJECTIONS TO THE DECLARATION OF STEVEN C. DEBAUN**<br><br>Action Filed: August 3, 2020<br>Pretrial Conference Date: September 1, 2022<br>Trial Date:     September 13, 2022 |

1    Plaintiffs, WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS and

2  CITY OF BEAUMONT, hereby submit the following responses to Defendant,

3  NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA's,

4  evidentiary objections to the Declaration of Steven C. DeBaun filed in support of

5  Defendant's Reply for Motion for Summary Judgment.

6

7  **RESPONSE TO OBJECTION NO. 1**

8  Material Objected To: Declaration of Steven C. DeBaun, Dkt. 54-28, ¶¶ 1-14.

9

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

| Defendants Objection: | Plaintiffs Response | Ruling |
|---|---|---|
| **Rule 26 – Evidence from Undisclosed Witness**. Plaintiffs never disclosed Steven DeBaun as a witness. Rather, Mr. DeBaun is a lawyer for Western Riverside Council of Governments ("WRCOG") (although he has not filed an appearance in this case). Plaintiffs cannot rely on undisclosed evidence from one of WRCOG's attorneys to defeat summary judgment.<br><br>**Self-serving declaration of counsel.** Plaintiffs cannot rely on a self-serving declaration from one of their lawyers to avoid summary judgment. *Jang v. Sagicor Life Ins. Co.*, 854 F. App'x 870, 871 (9th Cir. 2021) ("When the nonmoving party relies on its own affidavits to oppose summary judgment, it | **Rule 26 – Evidence from Undisclosed Witness, Response:**<br><br>Plaintiffs were not required to disclose Steven Debaun in their Rule 26 disclosures. Debaun has not and will not provide any testimony necessary to satisfy any element of any of Plaintiffs' claims. Rather, Debaun's declaration is submitted only to impeach NUFIC's newly minted theory that the restitution paid by the ULC Principles fully reimbursed the City for any losses related to overbilling. See, e.g., Dkt. No. 56 at p. 3:4–6 ("[T]he alleged loss is less than the $10 million in restitution paid by the Former Officials."). This theory is subject to impeachment, because it is based on a false factual assumption – that the restitution was paid to the City to reimburse the City for losses caused by overbilling. In fact, the restitution was paid to WRCOG and did not reimburse the City for any losses caused by the ULC Principal's overbilling.<br><br>Even if Plaintiffs were required to disclosed Debaun (although it is unclear how Plaintiffs could have | Sustained: _____<br><br>Overruled:_____ |

| | |
|---|---|
| cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.") | anticipated that NUFIC would press the frivolous and false theory the ULC Principles paid all restitution directly to the City), any failure to disclose Debaun was substantially justified and harmless.<br><br>The failure to disclose DeBaun was substantially justified because the fact regarding restitution payment to WRCOG is not essential to any element of Plaintiffs' claims. The first disclosure of this apparent defense was in connection with the expert report issued on May 31, 2022. Moreover, the lack of disclosure is harmless because the same information can and will be elicited from witnesses who were disclosed, such as Pinkney, as evidenced by the Pinkney declaration concurrently submitted herewith. (*See Tolerico v. Home Depot*, 205 F.R.D. 169, 176 (M.D.Pa. 2002) (holding that substantial justification exists where there is a reasonable dispute as to whether disclosures were required.); *see also Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 587, 591 (D.N.J. 1997); *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995) (holding the same.).<br><br>In addition, Defendants were aware of the facts attested to by Mr. DeBaun, as noted in their Requests for Judicial Notice regarding Riverside District Attorney's prosecution of Egger, Dillon, Moorjani, and Kapanicas. Further, Plaintiffs disclosed in their initial disclosure that they would rely upon witnesses with "knowledge of the history of the County of Riverside District Attorney's Office's felony complaint, filed on or about May 17, 2017, against the Kapanicas administration members, . . ." At all times, NUFIC has known that Debaun is among the persons with a |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

substantial amount of knowledge concerning this criminal investigation.

To now object to Mr. DeBaun's recitation of these facts, with context, is gamesmanship. (*See Fonesca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004) (holding that actual knowledge of evidence that is known by the other party, excused the failure of the disclosing-party to disclose that evidence.); *see also Lam v. City & Cnty. of San Francisco*, 565 F. App'x 641, 643 (9th Cir. 2014) (holding that "[t]he City's failure to disclose [a] contested declarant—who did provide substantive testimony—was harmless because (1) his testimony was cumulative, and (2) the relevant claim was time-barred.")).

**Self-serving declaration of counsel, Response:**
Defendants reliance on *Jang v. Sagicor Life Ins. Co.* 854 F. App'x 870, 871 (9th Cir. 2021) is misplaced. While the nonmoving party cannot rely on conclusory allegations that unsupported by factual data, Defendants have failed to identify which, if any, of DeBaun's  statements are unsupported by factual data. DeBaun has personal knowledge of all facts attested to, which are clearly supported by factual data. DeBaun, in his capacity as general counsel, was intimately involved in all aspects of what he has stated in his declaration. Any attempt to refute or impugn Mr. DeBaun's declaration as "unsupported by factual data" is misguided.

1

2   Dated: July 25, 2022                    BEST BEST & KRIEGER LLP

3

4                                           By: */s/ Jeffrey V. Dunn*
                                                CHRISTOPHER E. DEAL
5                                               DANIEL RICHARDS
                                                Attorneys for Plaintiffs
6                                               WESTERN RIVERSIDE COUNCIL
                                                OF GOVERNMENTS; CITY OF
7                                               BEAUMONT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612