# EXHIBIT 16

**EXHIBIT 16**
**PAGE 1034**

JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS; CITY OF BEAUMONT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164-GW-KK<br><br>**PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**<br><br>Complaint filed: November 30, 2020<br>Trial date: N/A |

- 1 -

5:20-CV-02164-GW-KK
PLAINTIFFS' INITIAL DISCLOSURES

**EXHIBIT 16**
**PAGE 1035**

1 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS ("WRCOG") and Plaintiff CITY OF BEAUMONT (the "City")(collectively, "Plaintiffs") make the following disclosures to Defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("Defendant") in good faith pursuant to Federal Rule of Civil Procedure 26(a)(1).

## I. PRELIMINARY STATEMENT

These disclosures are made after a reasonable and diligent inquiry based on information presently known and available. Accordingly, these disclosures are made without prejudice to further disclosure, as Plaintiffs have not had the opportunity to conduct discovery or complete its pre-trial investigation. Plaintiffs anticipate that additional facts and information will emerge; therefore, Plaintiffs reserve the right to supplement these disclosures in accordance with the provisions of Federal Rule of Civil Procedure 26(e)(1), if and when the need arises.

In making these disclosures, Plaintiffs reserve any and all objections to any subsequent discovery in this matter, including, without limitation, objections founded on any applicable privileges, the attorney work product doctrine, confidentiality, relevancy, and/or undue burden and oppression.

## II. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1)(A)(i), Plaintiffs believe the following individuals are likely to have discoverable information concerning this matter:

1. **Stradling Yocca Carlson & Rauth, P.C.**, counsel for the City. Stradling may have discoverable information relevant to Plaintiffs' claims, including Plaintiffs' ongoing and continuous efforts to work with AIG and National Union prior to this lawsuit and in connection to the City's tendered claim, No.

3409580528US.

2. **John Pinkney,** City Attorney for the City of Beaumont. Mr. Pinkney may have discoverable information relevant to Plaintiffs' claims, including former employees' criminal conduct and the City's insurance tender in connection thereto.

3. **Doug Doyle**, who is a Senior Investigator with the Riverside County District Attorney's Office. Mr. Doyle may have discoverable information relevant to Plaintiffs' claims, including information regarding the unlawful activities of members of the Kapanicas administration.

4. **Alan Kapanicas**, who was hired by the City in July 1993 through his company BSI Consultants, Inc. and later, through his company General Government Management Services, Inc. to perform the role of General Manager. Mr. Kapanicas may have discoverable information relevant to Plaintiffs' claims, including information regarding the unlawful activities of members of the Kapanicas administration and his responsibilities as an employee of the City. Mr. Kapanicas and other members within the Kapanicas administration ultimately resigned or were terminated after April 2015. As such, Plaintiffs do not have this witness' current contact information.

5. **Ernest Egger**, who is an owner and principal of Urban Logic Consultants ("ULC") and served as the Planning Director of Beaumont in the early 1990s. ULC was hired to manage the planning, engineering, and economic development of the City. Mr. Egger may have discoverable information relevant to Plaintiffs' claims, including information regarding the unlawful activities of members of the Kapanicas administration and his responsibilities as an employee of the City. Mr. Egger and other members within the Kapanicas administration ultimately resigned or were terminated after April 2015. As such, Plaintiffs do not have this witness' current contact information

6. **Deepak Moorjani**, who is an owner and principal of Urban Logic Consultants ("ULC") and served as the City Engineer/Director of Public Works of

Beaumont in the early 1990s. ULC was hired to manage the planning, engineering, and economic development of the City. Mr. Moorjani may have discoverable information relevant to Plaintiffs' claims, including information regarding the unlawful activities of members of the Kapanicas administration and his responsibilities as an employee of the City.  Mr. Moorjani and other members within the Kapanicas administration ultimately resigned or were terminated after April 2015.  As such, Plaintiffs do not have this witness' current contact information.

7. **David Dillon**, who is an owner and principal of Urban Logic Consultants ("ULC") and served as the Economics Development Director of Beaumont in the early 1990s. ULC was hired to manage the planning, engineering, and economic development of the City. Mr. Dillon may have discoverable information relevant to Plaintiffs' claims, including information regarding the unlawful activities of members of the Kapanicas administration and his responsibilities as an employee of the City. Mr. Dillon and other members within the Kapanicas administration ultimately resigned or were terminated after April 2014.  As such, Plaintiffs do not have this witness' current contact information.

8. **Joseph Aklufi** of ULC served as City Attorney. Mr. Aklufi may have information relevant to Plaintiffs' claims, including information regarding the unlawful activities of members of the Kapanicas administration and his responsibilities as an employee of the City.  Mr. Aklufi and other members within the Kapanicas administration ultimately resigned or were terminated after April 2014.  As such, Plaintiffs do not have this witness' current contact information.

9. **David Wysocki** of ULC acted as Deputy City Attorney.  Mr. Wysocki may have information relevant to Plaintiffs' claims, Mr. Dillon may have discoverable information relevant to Plaintiffs' claims, including information regarding the unlawful activities of members of the Kapanicas administration and his responsibilities as an employee of the City.  Mr. Wysocki and other members

1  within the Kapanicas administration ultimately resigned or were terminated after
2  April 2014.  As such, Plaintiffs do not have this witness' current contact
3  information.

4      10.    **William Aylward** served as the City's Finance Director and Assistant
5  City Manager. Mr. Aylward may have information relevant to Plaintiffs' claims,
6  Mr. Dillon may have discoverable information relevant to Plaintiffs' claims,
7  including information regarding the unlawful activities of members of the
8  Kapanicas administration and his responsibilities as an employee of the City. Mr.
9  Aylward and other members within the Kapanicas administration ultimately
10 resigned or were terminated after April 2014.  As such, Plaintiffs do not have this
11 witness' current contact information.

12     11.    **Dan Ray** was an expert for the City in or around 2018.  Mr. Ray may
13 have discoverable information relevant to Plaintiffs' claims, including information
14 regarding the unlawful activities of members of the Kapanicas administration.

15     12.    Person(s), including City staff, with knowledge of the history of the
16 September 2014 judgment in the action entitled *Western Riverside Council of*
17 *Governments v. City of Beaumont,* Orange County Superior Court Case No. 30-
18 2010-0035796 (the "WRCOG Judgment").

19     13.    Person(s), including City staff, with knowledge of the history of the
20 County of Riverside District Attorney's Office's felony complaint, filed on or about
21 May 17, 2016, against the Kapanicas administration members, which included
22 claims for criminal conflict of interest, embezzlement, and misappropriation of
23 public funds.

24     14.    Person(s), including City staff, with knowledge of the losses incurred
25 by the City as the result of criminal activity perpetrated by the Kapanicas
26 administration members.

27     15.    Person(s), including City staff, with knowledge of the history of
28 communications between the City and AIG and/or National Union, in connection to

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1 Policy No. 01-309-61-64 and Policy No. 01-425-57-41.

2 Plaintiffs' investigation and discovery concerning this case are continuing and, if additional information is obtained after the date of these disclosures, Plaintiffs will supplement these disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**III. DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1)(A)(ii), the following categories of documents may be used by Plaintiffs in support of their claims and defenses.

1. Documents relating to and/or concerning government crime policies issued by National Union Fire Insurance Company of Pittsburgh, PA to CSAC Excess Insurance Authority ("CSAC") under Policy No. 01-309-61-64 for the period of June 30, 2014, to June 30, 2014 (the "2014 Policy").

2. Documents relating to and/or concerning government crime policies issued by National Union Fire Insurance Company of Pittsburgh, PA to CSAC under Policy No. 01-425-57-41 for the period of June 30, 2015, to June 30, 2017 (the "2015 Policy").

3. Correspondences between the City and AIG and/or National Union from 2016 to the present, regarding coverage under the 2014 Policy and/or the 2015 Policy.

4. The Crime Loss Report provided to Alliant Insurance Services, Inc., AIG, and/or National Union by the City on or about April 5, 2016.

5. The Proof of Loss submitted by the City to AIG and/or National Union on or about November 3, 2016.

6. Documents previously provided by the City to AIG and/or National Union between February 2017 through March 2017 in connection to the City's Proof of Loss, bates labeled BEAUMONTAIG0000001-BEAUMONTAIG0294136.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

7. Documents obtained from the District Attorney in connection to its felony complaint against the Kapanicas administration members, including restitution documents.

8. The report and documents relied upon in creating the reporting of Dan Ray, bates labeled BEAUAIG0003963-BEAUAIG0004174.

9. Documents related to the employment of and/or appointment of Messrs. Kapanicas, Aylward, Wysocki, Egger, Dillon, and Moorjani.

10. Documents related to the termination of Messrs. Kapanicas, Aklufi, Aylward, Moorjani, Dillon, and Egger.

Plaintiffs' investigation and discovery concerning this case are continuing and, if additional information is obtained after the date of these disclosures, Plaintiffs will supplement these disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## IV. COMPUTATION OF DAMAGES

Plaintiffs claim general and special damages according to proof at trial as well as fees and costs. With respect to losses incurred as a result of employee dishonesty and theft, Plaintiffs estimate a loss of at least $86,448,488 as a result of employee theft and/or lack of faithful performance.

Further, on its second cause of action, Plaintiffs seek punitive damages. On its third cause of action, Plaintiffs seek an award of all remedies and penalties available under the Unfair Competition Law.

## V. INSURANCE AGREEMENTS

Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1)(A)(iv), Plaintiffs are presently not aware of any other insurance coverage for its claims.

Plaintiffs' investigation and discovery concerning this case are continuing and, if additional information is obtained after the date of these disclosures, Plaintiffs will supplement these disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

| | |
|---|---|
| Dated: January 8, 2020 | BEST BEST & KRIEGER LLP |
| | By: _____ |
| | JEFFREY V. DUNN |
| | CHRISTOPHER E. DEAL |
| | DANIEL L. RICHARDS |
| | Attorneys for Plaintiff |
| | Western Riverside Council of Governments |

20323.00057\33404535.1

# PROOF OF SERVICE

I, Janice Liu, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 18101 Von Karman Avenue, Suite 1000, Irvine, California 92612. On January 8, 2021, I served a copy of the within document(s):

## DEFENDANT'S INITIAL DISCLOSURES

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Irvine, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Christina R. Spiezia  
Katherin A. Musbach  
Scott L. Schmookler  
Iga W. Todd  
Gordon Rees Scully Mansukhani, LLP  
5 Park Plaza, Suite 1100  
Irvine, CA 92614  
Phone:   (949) 255-6968  
(312) 980-6789  
(312) 980-6779  
(312) 980-6794  
Email:   cspiezia@grsm.com  
kmusbach@grsm.com  
sschmookler@grsm.com  
itodd@grsm.com

Attorneys for Defendant National Union Fire Insurance Company

| | |
|---|---|
| 1 | I declare under penalty of perjury under the laws of the State of California that the above |
| 2 | is true and correct. |
| 3 | Executed on January 8, 2021, at Irvine, California. |

_____
Janice Liu

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

- 2 -

PROOF OF SERVICE

**EXHIBIT 16**
**PAGE 1044**