# EXHIBIT 17

EXHIBIT 17
PAGE 1045

1  JEFFREY V. DUNN, Bar No. 131926
   jeffrey.dunn@bbklaw.com
2  CHRISTOPHER E. DEAL, Bar No. 186754
   chris.deal@bbklaw.com
3  DANIEL L. RICHARDS, Bar No. 315552
   daniel.richards@bbklaw.com
4  BEST BEST & KRIEGER LLP
   18101 Von Karman Avenue
5  Suite 1000
   Irvine, California 92612
6  Telephone:  (949) 263-2600
   Facsimile:   (949) 260-0972
7
   Attorneys for Plaintiffs
8  WESTERN RIVERSIDE COUNCIL OF
   GOVERNMENTS; CITY OF BEAUMONT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164-GW-KK<br><br>**PLAINTIFFS' SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**<br><br>Complaint filed: November 30, 2020<br>Trial date: N/A |

- 1 -

5:20-CV-02164-GW-KK
PLAINTIFFS' SUPPLEMENTAL INITIAL DISCLOSURES

**EXHIBIT 17**
**PAGE 1046**

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS ("WRCOG") and Plaintiff CITY OF BEAUMONT (the "City")(collectively, "Plaintiffs") make the following supplemental disclosures to Defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("Defendant") in good faith pursuant to Federal Rule of Civil Procedure 26(a)(1).

## I.   PRELIMINARY STATEMENT

These disclosures are made after a reasonable and diligent inquiry based on information presently known and available. Accordingly, these disclosures are made without prejudice to further disclosure, as Plaintiffs have not had the opportunity to conduct discovery or complete its pre-trial investigation. Plaintiffs anticipate that additional facts and information will emerge; therefore, Plaintiffs reserve the right to supplement these disclosures in accordance with the provisions of Federal Rule of Civil Procedure 26(e)(1), if and when the need arises.

In making these disclosures, Plaintiffs reserve any and all objections to any subsequent discovery in this matter, including, without limitation, objections founded on any applicable privileges, the attorney work product doctrine, confidentiality, relevancy, and/or undue burden and oppression.

## II.  INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1)(A)(i), Plaintiffs believe the following individuals are likely to have discoverable information concerning this matter:

1. **Stradling Yocca Carlson & Rauth, P.C.**, counsel for the City. Stradling may have discoverable information relevant to Plaintiffs' claims, including Plaintiffs' ongoing and continuous efforts to work with AIG and National

1  Union prior to this lawsuit and in connection to the City's tendered claim, No.
2  3409580528US.
3      2.   **John Pinkney,** City Attorney for the City of Beaumont. Mr. Pinkney
4  may have discoverable information relevant to Plaintiffs' claims, including former
5  employees' criminal conduct and the City's insurance tender in connection thereto.
6      3.   **Doug Doyle**, who is a Senior Investigator with the Riverside County
7  District Attorney's Office. Mr. Doyle may have discoverable information relevant
8  to Plaintiffs' claims, including information regarding the unlawful activities of
9  members of the Kapanicas administration.
10     4.   **Alan Kapanicas**, who was hired by the City in July 1993 through his
11 company BSI Consultants, Inc. and later, through his company General
12 Government Management Services, Inc. to perform the role of General Manager.
13 Mr. Kapanicas may have discoverable information relevant to Plaintiffs' claims,
14 including information regarding the unlawful activities of members of the
15 Kapanicas administration and his responsibilities as an employee of the City. Mr.
16 Kapanicas and other members within the Kapanicas administration ultimately
17 resigned or were terminated after April 2015. As such, Plaintiffs do not have this
18 witness' current contact information.
19     5.   **Ernest Egger**, who is an owner and principal of Urban Logic
20 Consultants ("ULC") and served as the Planning Director of Beaumont in the early
21 1990s. ULC was hired to manage the planning, engineering, and economic
22 development of the City. Mr. Egger may have discoverable information relevant to
23 Plaintiffs' claims, including information regarding the unlawful activities of
24 members of the Kapanicas administration and his responsibilities as an employee of
25 the City. Mr. Egger and other members within the Kapanicas administration
26 ultimately resigned or were terminated after April 2015. As such, Plaintiffs do not
27 have this witness' current contact information
28

6. **Deepak Moorjani**, who is an owner and principal of Urban Logic Consultants ("ULC") and served as the City Engineer/Director of Public Works of Beaumont in the early 1990s. ULC was hired to manage the planning, engineering, and economic development of the City. Mr. Moorjani may have discoverable information relevant to Plaintiffs' claims, including information regarding the unlawful activities of members of the Kapanicas administration and his responsibilities as an employee of the City. Mr. Moorjani and other members within the Kapanicas administration ultimately resigned or were terminated after April 2015. As such, Plaintiffs do not have this witness' current contact information.

7. **David Dillon**, who is an owner and principal of Urban Logic Consultants ("ULC") and served as the Economics Development Director of Beaumont in the early 1990s. ULC was hired to manage the planning, engineering, and economic development of the City. Mr. Dillon may have discoverable information relevant to Plaintiffs' claims, including information regarding the unlawful activities of members of the Kapanicas administration and his responsibilities as an employee of the City. Mr. Dillon and other members within the Kapanicas administration ultimately resigned or were terminated after April 2014. As such, Plaintiffs do not have this witness' current contact information.

8. **Joseph Aklufi** of ULC served as City Attorney. Mr. Aklufi may have information relevant to Plaintiffs' claims, including information regarding the unlawful activities of members of the Kapanicas administration and his responsibilities as an employee of the City. Mr. Aklufi and other members within the Kapanicas administration ultimately resigned or were terminated after April 2014. As such, Plaintiffs do not have this witness' current contact information.

9. **David Wysocki** of ULC acted as Deputy City Attorney. Mr. Wysocki may have information relevant to Plaintiffs' claims, Mr. Dillon may have discoverable information relevant to Plaintiffs' claims, including information

regarding the unlawful activities of members of the Kapanicas administration and his responsibilities as an employee of the City. Mr. Wysocki and other members within the Kapanicas administration ultimately resigned or were terminated after April 2014. As such, Plaintiffs do not have this witness' current contact information.

10. **William Aylward** served as the City's Finance Director and Assistant City Manager. Mr. Aylward may have information relevant to Plaintiffs' claims, Mr. Dillon may have discoverable information relevant to Plaintiffs' claims, including information regarding the unlawful activities of members of the Kapanicas administration and his responsibilities as an employee of the City. Mr. Aylward and other members within the Kapanicas administration ultimately resigned or were terminated after April 2014. As such, Plaintiffs do not have this witness' current contact information.

11. **Dan Ray** was an expert for the City in or around 2018. Mr. Ray may have discoverable information relevant to Plaintiffs' claims, including information regarding the unlawful activities of members of the Kapanicas administration.

12. Person(s), including City staff, with knowledge of the history of the September 2014 judgment in the action entitled *Western Riverside Council of Governments v. City of Beaumont,* Orange County Superior Court Case No. 30-2010-0035796 (the "WRCOG Judgment").

13. Person(s), including City staff, with knowledge of the history of the County of Riverside District Attorney's Office's felony complaint, filed on or about May 17, 2016, against the Kapanicas administration members, which included claims for criminal conflict of interest, embezzlement, and misappropriation of public funds.

14. Person(s), including City staff, with knowledge of the losses incurred by the City as the result of criminal activity perpetrated by the Kapanicas

1  administration members.

2  15. Person(s), including City staff, with knowledge of the history of
3  communications between the City and AIG and/or National Union, in connection to
4  Policy No. 01-309-61-64 and Policy No. 01-425-57-41.

5  Plaintiffs' investigation and discovery concerning this case are continuing
6  and, if additional information is obtained after the date of these disclosures,
7  Plaintiffs will supplement these disclosures pursuant to Rule 26(e) of the Federal
8  Rules of Civil Procedure.

## III.  DOCUMENTS

Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1)(A)(ii), the following categories of documents may be used by Plaintiffs in support of their claims and defenses.

1. Documents relating to and/or concerning government crime policies issued by National Union Fire Insurance Company of Pittsburgh, PA to CSAC Excess Insurance Authority ("CSAC") under Policy No. 01-309-61-64 for the period of June 30, 2014, to June 30, 2014 (the "2014 Policy").

2. Documents relating to and/or concerning government crime policies issued by National Union Fire Insurance Company of Pittsburgh, PA to CSAC under Policy No. 01-425-57-41 for the period of June 30, 2015, to June 30, 2017 (the "2015 Policy").

3. Correspondences between the City and AIG and/or National Union from 2016 to the present, regarding coverage under the 2014 Policy and/or the 2015 Policy.

4. The Crime Loss Report provided to Alliant Insurance Services, Inc., AIG, and/or National Union by the City on or about April 5, 2016.

5. The Proof of Loss submitted by the City to AIG and/or National Union on or about November 3, 2016.

6. Documents previously provided by the City to AIG and/or National Union between February 2017 through March 2017 in connection to the City's Proof of Loss, bates labeled BEAUMONTAIG0000001-BEAUMONTAIG0294136.

7. Documents obtained from the District Attorney in connection to its felony complaint against the Kapanicas administration members, including restitution documents.

8. The report and documents relied upon in creating the reporting of Dan Ray, bates labeled BEAUAIG0003963-BEAUAIG0004174.

9. Documents related to the employment of and/or appointment of Messrs. Kapanicas, Aylward, Wysocki, Egger, Dillon, and Moorjani.

10. Documents related to the termination of Messrs. Kapanicas, Aklufi, Aylward, Moorjani, Dillon, and Egger.

Plaintiffs' investigation and discovery concerning this case are continuing and, if additional information is obtained after the date of these disclosures, Plaintiffs will supplement these disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## IV. COMPUTATION OF DAMAGES

Plaintiffs claim general and special damages according to proof at trial as well as fees and costs. With respect to losses incurred as a result of employee dishonesty and theft, Plaintiffs estimate a loss of at least $86,448,488 as a result of employee theft and/or lack of faithful performance.

Further, on its second cause of action, Plaintiff City of Beaumont seeks punitive damages. To the extent any portion of the Second Cause of Action was properly and effectively assigned to WRCOG, WRCOG seeks all remedies and damages available to WRCOG pursuant to such partial assignment. At this time, WRCOG believes that these remedies would include an award of attorney's fees

- 7 -

5:20-CV-02164-GW-KK
PLAINTIFFS' SUPPLEMENTAL INITIAL DISCLOSURES

EXHIBIT 17
PAGE 1052

incurred in Plaintiffs' attempts to obtain benefits under the Policies at issue. *See generally Brandt v. Superior Court*, 37 Cal.3d 813 (1985).

On its third cause of action, Plaintiff City of Beaumont seeks an award of all remedies and penalties available under the Unfair Competition Law.

## V. INSURANCE AGREEMENTS

Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1)(A)(iv), Plaintiffs are presently not aware of any other insurance coverage for its claims.

Plaintiffs' investigation and discovery concerning this case are continuing and, if additional information is obtained after the date of these disclosures, Plaintiffs will supplement these disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

Dated:  March 5, 2021						BEST BEST & KRIEGER LLP

By: _____
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS

Attorneys for Plaintiff
Western Riverside Council of Governments

20323.00057\33736293.1