Christina R. Spiezia, State Bar No. 315145
cspiezia@grsm.com
(949) 255-6968
Scott L. Schmookler, IL
sschmookler@grsm.com, *Pro Hac Vice*
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
5 Park Plaza Suite 1100
Irvine, CA 92614

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA to EXCLUDE ADMISSION OF BEAUMONT'S PROOF OF LOSS AND SUPPLEMENTAL PROOF OF LOSS**<br><br>Judge: Hon. George H. Wu<br>Date: September 1, 2022<br>Time: 8:30 a.m.<br>Room: 9D |

-1-
MOTION IN LIMINE NO. 3 TO EXCLUDE ADMISSION OF BEAUMONT'S
PROOF OF LOSS AND SUPPLEMENTAL PROOF OF LOSS

TO PLAINTIFF WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS AND CITY OF BEAUMONT AND ITS COUNSEL OF RECORD:

**NOTICE IS HEREBY GIVEN** that on September 1, 2022, at 8:30 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Hon. George H. Wu, located at the United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Courtroom 9D, 9th Floor, National Union Fire Insurance Company of Pittsburgh, Pa. will and hereby does move this Court to EXCLUDE ADMISSION OF BEAUMONT'S PROOF OF LOSS AND SUPPLEMENTAL PROOF OF LOSS pursuant to Federal Rules of Evidence 403 and 802.

This motion is based on this notice, motion, Declaration of Scott Schmookler and Appendix of Exhibits.  These materials are filed concurrently herewith, along with all the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This Motion follows the meeting of counsel, pursuant to L-R 7-3, which occurred on August 4, 2022.

Dated:  August 11, 2022

GORDON REES SCULLY MANSUKHANI LLP

By:  */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Christina R. Spiezia (SBN: 315145)
cspiezia@grsm.com
(949) 255-6968
5 Park Plaza, Suite 1100
Irvine, CA 92614
*Attorneys for Defendant*
*National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

-2-
MOTION IN LIMINE NO. 3 TO EXCLUDE ADMISSION OF BEAUMONT'S
PROOF OF LOSS AND SUPPLEMENTAL PROOF OF LOSS

## I. INTRODUCTION

Prior to filing suit, the City of Beaumont's attorneys prepared a narrative explanation of its case that advocated Beaumont's theory of coverage and support for their insurance claim. (Dkt. 65-12, Proof of Loss; Dkt. 65-13, Supplemental Proof of Loss). Because the Proof of Loss and Supplemental Proof of Loss were drafted and signed by Plaintiffs' attorneys, National Union cannot cross-examine the author about its contents. Nonetheless, Plaintiffs seek to introduce their attorney's narrative advocacy as "evidence" – thereby allowing them to provide the jury with a narrative explanation of their claim and their attorney's legal analysis in a form not susceptible to cross-examination. National Union moves to exclude both the Proof of Loss and Supplemental Proof of Loss on two grounds.

First, the Proof of Loss and Narrative Proof of Loss are inadmissible hearsay because they constitute out-of-court statements offered for the truth of the matters therein. *Burgess v. Allstate Ins. Co.*, 334 F. Supp. 2d 1351, 1354–55 (N.D. Ga. 2003); *U.S. v. Goad*, 739 F. Supp. 1459, 1461 (D. Kan. 1990); *In re Harmony Holdings, LLC*, 393 B.R. 409, 414 (Bankr. D.S.C. 2008). Because none of the hearsay exceptions apply, the Proof of Loss and Supplement are inadmissible and should be excluded at trial.

Second, the Proof of Loss and Supplemental Proof of Loss both articulate legal arguments Plaintiffs now disclaim. For example, National Union cited the Supplemental Proof of Loss as proof that Plaintiffs had characterized a conflict of interest as theft. (Dkt. 49, p. 20). In response, Plaintiffs disclaimed their arguments as legally unsupportable: "Plaintiffs did not ultimately pursue this theory, because after further investigation and research Plaintiffs did not believe the evidence and law available at the time of filing the complaint supported the claim." (Dkt. 54, p. 13). Admission of the Proof of Loss and Supplemental Proof of Loss is more prejudicial than probative and likely to mislead the jury by introducing arguments Plaintiffs now

disavow as factually and legally unsupportable. Accordingly, even if the Proof of Loss and Supplemental Proof of Loss had any relevance, the prejudice of introducing them outweighs any probative value – thereby rendering them inadmissible under Rule 403 of the Federal Rules of Evidence.

Accordingly, National Union asks this Court to exclude the Proof of Loss and Supplemental Proof of Loss from evidence as they are inadmissible hearsay and the prejudice of admitting these documents outweighs the probative value thereof.

## II.   ARGUMENT

Plaintiffs seek to introduce their attorney's written advocacy into evidence – through introduction of a narrative explanations of their theory of coverage. Because those explanations were drafted by counsel and counsel will not testify at trial, National Union cannot cross-examine the author about the contents. In essence, Plaintiffs seek to introduce their attorney's written advocacy in a format that precludes cross-examination. Counsel's written advocacy is inadmissible for two reasons.

First, the Proof of Loss and Supplemental Proof of Loss are inadmissible hearsay and cannot be offer for the truth of the statements contained therein. Plaintiffs cannot rely upon a self-serving presentation of their claim, and arguments in favor of coverage are inadmissible because the statements therein reflect counsel's subjective interpretation of events – not the statement of a percipient witness. *Burgess*, 334 F. Supp. 2d at 1354–55 (insured's doctor's letter concerning presence of mold was inadmissible hearsay as it was offered to show that mold was in the home); *Goad*, 739 F. Supp. at 1461 ("statement of proof of loss" was inadmissible hearsay); *In re Harmony Holdings, LLC*, 393 B.R. at 414 ("[S]tatements within the proofs of claim are hearsay."). Because none of the hearsay exceptions apply, the Proof of Loss and Supplement are inadmissible and should be excluded at trial.

National Union anticipates that Plaintiffs may argue that they need to submit the Proof of Loss to establish that they submitted a claim. That argument does not support introduction of their attorney's advocacy because National Union admitted in its answer that Beaumont submitted a proof of loss: "National Union admits that the City of Beaumont submitted a proof of loss." (Dkt. 24, ¶ 38). Accordingly, there is no issue that Plaintiffs submitted a proof of loss and there is no need to introduce counsel's narrative advocacy in favor of coverage.

Given National Union's admission, the sole purpose of introducing the Proof of Loss and Supplemental Proof of Loss is to subtly narrate counsel's version of the facts and present needlessly cumulative evidence to the jury to confuse them and prejudice the Insurers. To the extent that Plaintiffs have evidence of theft, it must introduce that evidence through percipient witnesses. An attorney's characterization of any such evidence is cumulative and more prejudicial than probative because the jury may place unnecessary weight on counsel's advocacy. In *Cambra v. Restaurant School*, the court excluded an analogous letter under Rule 403 of the Federal Rules of Evidence on the following bases: the letter (1) repeated facts the parties sought to prove at trial and thus had little probative value and was mostly cumulative, (2) could cause the jury to give undue weight to it due to its authorship, and (3) contained legal conclusions likely to prejudice the jury. No. CIV.A.04-2688, 2005 WL 2886220, at *4-5 (E.D. Pa. Nov. 2, 2005). As in *Cambra*, the Proof of Loss and Supplemental Proof of Loss repeat Plaintiffs' allegations. Admitting such advocacy will unduly sway the jury and give the impression that Plaintiffs' allegations suffice to prove a covered loss.

Second, Plaintiffs disclaimed the theories in the Proof of Loss and Supplemental Proof of Loss. For example, Plaintiffs argued that a conflict of interest constituted "theft" in the Supplemental Proof of Loss. (Dkt. 65-13, at p. 3). Plaintiffs unequivocally proclaimed that (1) the Former Officials "**engaged in unlawful self-**

-5-

MOTION IN LIMINE NO. 3 TO EXCLUDE ADMISSION OF BEAUMONT'S PROOF OF LOSS AND SUPPLEMENTAL PROOF OF LOSS

**dealing in violation of Government Code section 1090**" and (2) "payments received by . . . ULC were made pursuant to void and unlawful contracts and constitute recoverable losses under the employee theft and faithful performance coverages under the policies." (*Id.*) (emphasis added). Faced with those allegations, Plaintiffs now disclaim those arguments as factually and legally unsupported:

> NUFIC points to a single paragraph in a letter written by Plaintiffs' counsel presenting a theory that payments made under a contract entered into in violation of section 1090 constitutes a loss.… Even this letter, however, recognized that coverage under this theory was not a foregone conclusion, and also provided evidence of millions of dollars' worth of overcharging and false invoices.… ***Plaintiffs did not ultimately pursue this theory, because <u>after further investigation and research Plaintiffs did not believe the evidence and law available at the time of filing the complaint supported the claim</u>***.

(Dkt. 54, at p. 13 (emphasis added)).

Plaintiffs therefore seek to introduce a narrative explanation of the claim that they no longer pursue because they "did not believe the evidence and law available at the time of filing the complaint supported the claim." (Dkt. 54, at p. 13). Admitting that narrative can only serve to cause confusion by introducing the jury to, and requiring National Union to debunk, theories that the Plaintiffs consciously chose not to pursue. Given that the narratives articulate unsupported theories that Plaintiffs did not pursue, their admission will confuse the jury and is more prejudicial than probative. Accordingly, the Proof of Loss and Supplemental Proof of Loss are inadmissible under Federal Rule of Evidence 403.

### III.   CONCLUSION

The Proof of Loss and Supplemental Proof of Loss constitute and contain inadmissible hearsay, and their probative value is significantly outweighed by their prejudicial effect in violation of Federal Rule of Evidence 403. Therefore, National

-6-

MOTION IN LIMINE NO. 3 TO EXCLUDE ADMISSION OF BEAUMONT'S
PROOF OF LOSS AND SUPPLEMENTAL PROOF OF LOSS

Union moves *in limine* to bar the admission of these documents and for all other relief this Court deems necessary and appropriate.

Dated: August 11, 2022

GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Christina R. Spiezia, (SBN: 315145)
cspiezia@grsm.com
(949) 255-6968
5 Park Plaza
Suite 1100
Irvine, CA 92614

*Attorneys for Defendant
National Union Fire Insurance
Company of Pittsburgh, Pa.*

MOTION IN LIMINE NO. 3 TO EXCLUDE ADMISSION OF BEAUMONT'S PROOF OF LOSS AND SUPPLEMENTAL PROOF OF LOSS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 11, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

>Jeffrey V. Dunn, State Bar No. 131926
>jeffrey.dunn@bbklaw.com
>Christopher E. Deal, State Bar No. 186754
>chris.deal@bbklaw.com
>Daniel L. Richards, State Bar No. 315552
>daniel.richards@bbklaw.com
>BEST BEST & KRIEGER LLP
>18101 Von Karman Avenue, Suite 1000
>Irvine, California 92612
>Telephone: 949-263-2600
>Facsimile: 949-260-0972
>
>*Attorneys for Plaintiff*
>*Western Riverside Council of Governments*

>GORDON REES SCULLY
>MANSUKHANI LLP
>
>By:   */s/ Scott L. Schmookler*
>          Scott L. Schmookler

-8-

MOTION IN LIMINE NO. 3 TO EXCLUDE ADMISSION OF BEAUMONT'S PROOF OF LOSS AND SUPPLEMENTAL PROOF OF LOSS