Christina R. Spiezia, State Bar No. 315145
cspiezia@grsm.com
(949) 255-6968
Scott L. Schmookler, IL
sschmookler@grsm.com, *Pro Hac Vice*
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
5 Park Plaza Suite 1100
Irvine, CA 92614

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA TO EXCLUDE EVIDENCE OF THE FELONY COMPLAINT AGAINST KAPANICAS AND AYLWARD AND THEIR GUILTY PLEAS**<br><br>Judge: Hon. George H. Wu<br>Date: September 1, 2022<br>Time: 8:30 a.m.<br>Room: 9D |

-1-
MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF THE FELONY
COMPLAINT AGAINST KAPANICAS AND AYLWARD AND THEIR
GUILTY PLEAS

TO PLAINTIFF WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS AND CITY OF BEAUMONT AND ITS COUNSEL OF RECORD:

**NOTICE IS HEREBY GIVEN** that on September 1, 2022, at 8:30 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Hon. George H. Wu, located at the United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Courtroom 9D, 9th Floor, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") will and hereby does move this Court to BAR EVIDENCE OF THE FELONY COMPLAINT AGAINST KAPANICAS AND AYLWARD AND THEIR GUILTY PLEAS pursuant to Federal Rules of Evidence 401, 403 and 404.

This motion is based on this notice, motion, Declaration of Scott Schmookler and Appendix of Exhibits. These materials are filed concurrently herewith, along with all the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This Motion follows the meeting of counsel, pursuant to L-R 7-3, which occurred on August 4, 2022.

Dated: August 11, 2022                    GORDON REES SCULLY
                                          MANSUKHANI LLP

                                   By:    */s/ Scott L. Schmookler*
                                          Scott L. Schmookler (PHV)
                                          sschmookler@grsm.com
                                          (312) 980-6779
                                          Christina R. Spiezia (SBN: 315145)
                                          cspiezia@grsm.com
                                          (949) 255-6968
                                          5 Park Plaza, Suite 1100
                                          Irvine, CA 92614

MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF THE FELONY COMPLAINT AGAINST KAPANICAS AND AYLWARD AND THEIR GUILTY PLEAS

*Attorneys for Defendant*
*National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

## I. INTRODUCTION

Western Riverside Council of Governments ("WRCOG") and the City of Beaumont seek insurance coverage under Government Crime Policies ("Policies") on the theory that David Dillon, Ernest Egger, and Deepak Moorjani ("Former Officials") overbilled for services provided by their company, Urban Logic Consultants, Inc. ("ULC"). Although predicating their claim on alleged malfeasance by the Former Officials, the Plaintiffs' complaint references criminal charges against Alan Kapanicas and William Aylward, details their plea agreements with the Riverside District Attorney, and alleges that all individuals involved in the criminal matter either pled guilty or were convicted. (Dkt. 20, ¶ 26). Mr. Kapanicas and Mr. Aylward did not, however, plead guilty to conspiracy with the Former Officials or otherwise admit to any participation in any fraud perpetrated by the Former Officials. (Dkt. 65-8, Kapanicas Plea Form, p. 3; Dkt. 65-9, Aylward Plea Form, p. 3). In fact, their plea agreements do not discuss or otherwise relate to any alleged theft of the Former Officials from Beaumont. (Dkt. 65-8, p. 3; Dkt. 65-9, p. 3).

This case involves a focused issue: whether the Former Officials committed a theft and if so, whether such theft is covered under an insurance policy. Nonetheless, Plaintiffs seek to introduce the irrelevant felony complaint filed against Mr. Kapanicas and Mr. Aylward and their irrelevant pleas to unrelated loans as a means of creating the illusion of criminality within Beaumont. Evidence of Mr. Kapanicas' and Mr. Aylward's guilty pleas and statuses as felons should be barred pursuant to Rules 401, 404, and 403 of the Federal Rules of Evidence ("FRE") for three reasons. First, any such evidence is irrelevant to whether the Former Officials committed a theft and Beaumont suffered an insured loss. Second, any such evidence constitutes impermissible character evidence. Third, any probative value of such evidence is greatly outweighed by its prejudicial effect as it injects irrelevant issues into the case.

Accordingly, National Union asks this Court to bar any evidence of, reference to, or arguments relating to any criminal charges against Mr. Kapanicas and Mr. Aylward or their plea agreements.

## II.     ARGUMENT

National Union anticipates that Plaintiffs will attempt to introduce evidence that Mr. Kapanicas and Mr. Aylward are felons and pled guilty to criminal charges in an effort to create the impression of criminality and impropriety within Beaumont's operations. While Mr. Kapanicas and Mr. Aylward pled guilty to criminal charges, neither admitted to conspiracy with the Former Officials and neither pled guilty to any charges relating to any alleged overbilling by ULC. (Dkt. 65-8, p. 3; Dkt. 65-9, p. 3). Instead, they pled guilty to granting unauthorized loans and failing to remit funds to Western Riverside Council of Governments – neither of which are at issue in this case. (Dkt. 65-8, p. 3; Dkt. 65-9, p. 3; Dkt. 65-10, Factual Basis – *People v. Alan Charles Kapanicas*; Dkt. 65-11, Factual Basis – *People v. William Kevin Aylward*). Plaintiffs do not cite either the loans or failure to remit funds as the basis for their claim and as detailed in other motions *in limine*, cannot do so. Instead, they predicate their claim on alleged overbilling by ULC and describe their claim as follows: "an extraordinary scheme by ULC principles [*sic*] and city officials Egger, Moorjani and Dillon to fraudulently overbill the City for millions of dollars." (Dkt. 20, ¶ 28). Because the pleaded to conduct is entirely unrelated to Plaintiffs' insurance claim, any evidence that a felony complaint was filed against Mr. Kapanicas or Mr. Aylward and that they pled guilty to certain charges is inadmissible because it is irrelevant under FRE 401, improper character evidence under FRE 404, and more prejudicial than probative under FRE 403.

First, the guilty pleas executed by Mr. Kapanicas and Mr. Aylward are not relevant to the instant insurance coverage dispute. Evidence is relevant only if it

tends to make a fact of consequence more or less probable, and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The trial in this case centers upon whether Plaintiffs can prove that ULC overbilled Beaumont and, if so, whether any such overbilling is covered under Beaumont's policy. Per Plaintiffs' complaint, Plaintiffs seek coverage on the theory that the Former Officials embezzled funds from Beaumont through their company, ULC. (Dkt 20, ¶ 28). Mr. Kapanicas' and Mr. Aylward's guilty pleas have nothing to do with that alleged theft, as they did not plead guilty to conspiring with the Former Officials or otherwise permitting ULC to overbill Beaumont. (Dkts. 65-10, 65-11). Since Plaintiffs do not seek coverage based upon the transactions alleged in Mr. Kapanicas' and Mr. Aylward's pleas, those plea agreements are irrelevant to this case and are inadmissible under FRE 401.

Second, FRE 404 prohibits Beaumont and WRCOG from introducing the guilty pleas executed by Mr. Kapanicas and Mr. Aylward to suggest the propensity to engage in criminality or to suggest that they colluded with or otherwise assisted the alleged overbilling scheme. FRE 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). In other words, FRE 404 "renders inadmissible evidence of a person's general character if used to show propensity or proclivity." *U.S. v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007). Accordingly, Plaintiffs cannot admit the guilty pleas executed by Mr. Kapanicas and Mr. Aylward to imply misconduct by or otherwise impugn their character. *See id.*

National Union expects Plaintiffs to suggest that Mr. Kapanicas had knowledge of the Former Officials' alleged overbilling scheme and participated in that scheme. However, Plaintiffs have produced no factual evidence to establish that

-6-

MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF THE FELONY COMPLAINT AGAINST KAPANICAS AND AYLWARD AND THEIR GUILTY PLEAS

Mr. Kapanicas or Aylward had knowledge of the Former Officials' alleged overbilling scheme, let alone any evidence that they participated in that scheme. In fact, Plaintiffs failed to depose or produce declarations from Mr. Kapanicas or Mr. Aylward. Nor do the guilty pleas executed by Mr. Kapanicas and Mr. Aylward suggest that they knew of or participated in any alleged overbilling scheme – as both Mr. Kapanicas and Mr. Aylward pled guilty to unrelated matters. (Dkt. 65-8, p. 3; Dkt. 65-9, p. 3). However, even if Plaintiffs did produce evidence that Mr. Kapanicas or Mr. Aylward knew of or participated in the Former Officials' scheme, their guilty pleas are nonetheless inadmissible under FRE 404 because the plea agreements related to other transactions not at issue in this case and they did not admit therein to a conspiracy with the Former Officials. (Dkts. 65-10, 65-11). Thus, the only purpose of introducing evidence of Mr. Kapanicas' and Mr. Aylward's guilty pleas at trial would be to improperly suggest to the jury that their statuses as felons demonstrate a proclivity to engage in fraud. Under FRE 404, Plaintiffs should not be allowed to use evidence of the guilty plea to attempt to insinuate or argue that Mr. Kapanicas or Mr. Aylward was somehow involved in the Former Officials' alleged misconduct. *See Curtin*, 489 F.3d at 943.

Third, evidence of Mr. Kapanicas' and Mr. Aylward's guilty pleas and felon statuses should be excluded because the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay because they would require the jury to consider collateral issues unrelated to the dispute. Because Mr. Kapanicas and Mr. Aylward did not plead guilty to a conspiracy with the Former Officials and instead pled guilty to conduct irrelevant to the disputed claim, the introduction of their guilty pleas necessarily interposes before the jury a series of immaterial transactions. If introduced at trial, the plea agreements would undoubtedly confuse the jury and lead to litigation of collateral issues unrelated to

the instant coverage dispute. To avoid the introduction of highly inflammatory and irrelevant evidence that will only serve to confuse the jury about whose conduct forms the basis for Plaintiffs' theory of coverage and to distract the jury from the Plaintiffs' burden of proving overcharging by ULC, evidence of Mr. Kapanicas' and Mr. Aylward's guilty pleas should be barred. *See, e.g.*, *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992) ("[E]vidence may be excluded when its admission would lead to litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues.").

### III. CONCLUSION

National Union respectfully requests that this Honorable Court exclude from evidence the guilty pleas entered by Mr. Kapanicas and Mr. Aylward, prohibit Plaintiffs from referencing any felony complaint filed against Mr. Kapanicas and Mr. Aylward, prohibit Plaintiffs from referencing the criminal pleas entered by Mr. Kapanicas and Mr. Aylward, prohibit Plaintiffs from asserting any arguments and claims based upon the felony complaint or pleas entered by Mr. Kapanicas and Mr. Aylward, and for all other relief this Court deems necessary and appropriate.

Dated: August 11, 2022                              GORDON REES SCULLY
                                                    MANSUKHANI LLP


                                          By:  */s/ Scott L. Schmookler*
                                               Scott L. Schmookler (PHV)
                                               sschmookler@grsm.com
                                               (312) 980-6779
                                               Christina R. Spiezia, (SBN: 315145)
                                               cspiezia@grsm.com
                                               (949) 255-6968
                                               5 Park Plaza
                                               Suite 1100
                                               Irvine, CA 92614

*Attorneys for Defendant*
*National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 11, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

> Jeffrey V. Dunn, State Bar No. 131926
> jeffrey.dunn@bbklaw.com
> Christopher E. Deal, State Bar No. 186754
> chris.deal@bbklaw.com
> Daniel L. Richards, State Bar No. 315552
> daniel.richards@bbklaw.com
> BEST BEST & KRIEGER LLP
> 18101 Von Karman Avenue, Suite 1000
> Irvine, California 92612
> Telephone: 949-263-2600
> Facsimile: 949-260-0972

*Attorneys for Plaintiffs*

> GORDON REES SCULLY
> MANSUKHANI LLP
>
> By:   */s/ Scott L. Schmookler*
>         Scott L. Schmookler

-10-

MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF THE FELONY COMPLAINT AGAINST KAPANICAS AND AYLWARD AND THEIR GUILTY PLEAS