Christina R. Spiezia, State Bar No. 315145
cspiezia@grsm.com
(949) 255-6968
Scott L. Schmookler, IL
sschmookler@grsm.com, *Pro Hac Vice*
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
5 Park Plaza Suite 1100
Irvine, CA 92614

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**NOTICE OF MOTION AND MOTION IN LIMINE NO. 5 OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA TO BAR PLAINTIFFS FROM ARGUING ALAN KAPANICAS COLLUDED WITH FORMER OFFICIALS**<br><br>Judge:   Hon. George H. Wu<br>Date:    9/1/2022<br>Time:   8:30 a.m.<br>Room:  9D |

- 1 -
MOTION IN LIMINE NO. 5 TO BAR PLAINTIFFS FROM ARGUING
ALAN KAPANICAS COLLUDED WITH FORMER OFFICIALS

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

TO PLAINTIFF WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS AND CITY OF BEAUMONT AND ITS COUNSEL OF RECORD:

**NOTICE IS HEREBY GIVEN** that on September 1, 2022, at 8:30 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Hon. George H. Wu, located at the U.S. Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") will and hereby does move this Court to BAR PLAINTIFFS FROM ARGUING ALAN KAPANICAS COLLUDED WITH FORMER OFFICIALS pursuant to Ninth Circuit case law.

This motion is based on this notice, motion, Declaration of Scott Schmookler and Appendix of Exhibits. These materials are filed concurrently herewith, along with all the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This Motion follows the meeting of counsel, pursuant to L-R 7-3, which occurred on August 4, 2022.

Dated: August 11, 2022	GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Christina R. Spiezia (SBN: 315145)
cspiezia@grsm.com
(949) 255-6968
5 Park Plaza, Suite 1100
Irvine, CA 92614
*Attorneys for Defendant
National Union Fire Insurance
Company of Pittsburgh, Pa.*

- 2 -
MOTION IN LIMINE NO. 5 TO BAR PLAINTIFFS FROM ARGUING
ALAN KAPANICAS COLLUDED WITH FORMER OFFICIALS

## I. INTRODUCTION

Western Riverside Council of Governments ("WRCOG") and the City of Beaumont ("Beaumont") seek insurance coverage under Government Crime Policies ("Policies") on the theory that David Dillon, Ernest Egger, and Deepak Moorjani ("Former Officials") overbilled for services provided by their company, Urban Logic Consultants, Inc. ("ULC"). The Employee Theft Insuring Agreement – Insuring Clause A.1 – of the Policies provides coverage for "loss of or damage to 'money,' 'securities' and 'other property' resulting directly from 'theft' committed by an 'employee', whether identified or not, acting alone or in collusion with other persons." (Dkt. 65-14, 2014-2015 Policy, at p. 4; Dkt. 65-15, 2015-2017 Policy, at p. 9). National Union anticipates that Plaintiffs will attempt to argue at trial that Beaumont's former City Manager, Alan Kapanicas, colluded with the Former Officials in carrying out the alleged theft.

However, Plaintiffs have produced no evidence to establish that Mr. Kapanicas knew of or permitted the Former Officials' overbilling scheme, let alone that he colluded with them in carrying out the alleged theft. They did not, for example depose Mr. Kapanicas and secure a confession from him. Nor did they produce any written statement wherein Mr. Kapanicas admitted to any knowledge or participation in the alleged overbilling scheme. In the absence of a prima facie showing of facts to advance a theory of "collusion," Plaintiffs should be barred from arguing to the jury that Mr. Kapanicas colluded with the Former Officials at trial because even the mere introduction of an unsubstantiated theory will inherently confuse the jury and force National Union to debunk allegations Plaintiffs made no attempt to substantiate during discovery.

## II. BACKGROUND

The Former Officials owned and operated a construction consulting company

- 3 -
MOTION IN LIMINE NO. 5 TO BAR PLAINTIFFS FROM ARGUING
ALAN KAPANICAS COLLUDED WITH FORMER OFFICIALS

called ULC. (Dkt. 20, ¶ 20). Beginning in 1993, Beaumont retained the Former Officials to manage its Planning, Economic Development, and Public Works Departments. (*Id.* at ¶ 18). Dillon served as Beaumont's Economic Development Director, Egger served as Beaumont's Planning Director, and Moorjani served as Beaumont's Public Works Director. (*Id.*). Mr. Kapanicas was Beaumont's City Manager from 1993 until approximately June 2015. (*Id.* at ¶¶ 17, 24.)

On May 17, 2016, the County of Riverside District Attorney's Office filed a felony complaint against Mr. Kapanicas and the Former Officials. (*Id.* at ¶ 26). While Mr. Kapanicas and the Former Officials pleaded guilty to criminal charges, none of them pleaded guilty to charges related to any overbilling by ULC. (Dkt. 65-10, Felony Plea Form–Alan Charles Kapanicas, at p. 3; Dkt. 65-7, Felony Plea Form–Deepak Moorjani, at p. 3; Dkt. 65-5, Felony Plea Form–David William Dillon, at p. 3; Dkt. 65-6, Felony Plea Form–Ernest Alois Egger, at p. 3). Instead, Mr. Kapanicas pleaded guilty to granting unauthorized loans and failing to remit funds to Western Riverside Council of Governments – neither of which are at issue in this case. (Dkt. 65-8, Felony Plea Form–Alan Charles Kapanicas, p. 3). Neither Mr. Kapanicas nor any of the Former Officials pleaded guilty to conspiracy to overbill Beaumont for services rendered by ULC. (Dkt. 65-10, Felony Plea Form–Alan Charles Kapanicas, at p. 3; Dkt. 65-7, Felony Plea Form–Deepak Moorjani, at p. 3; Dkt. 65-5, Felony Plea Form–David William Dillon, at p. 3; Dkt. 65-6, Felony Plea Form–Ernest Alois Egger, at p. 3).

During the course of discovery, Plaintiffs did not to depose Mr. Kapanicas. Plaintiffs also chose not to depose any of the Former Officials. No evidence has been produced establishing any connection between Mr. Kapanicas and any alleged overbilling by the Former Officials' company, ULC. Because there is no evidence or good faith basis for Plaintiffs to pursue a theory of collusion between the Former Officials and Mr. Kapanicas related to overbilling by ULC, Plaintiffs should be

MOTION IN LIMINE NO. 5 TO BAR PLAINTIFFS FROM ARGUING
ALAN KAPANICAS COLLUDED WITH FORMER OFFICIALS

barred from arguing or suggesting that Mr. Kapanicas colluded with the Former Officials at trial.

### III.  ARGUMENT

While motions *in limine* commonly address evidentiary issues, the Ninth Circuit has recognized that a jury should not be confused with theories that a party cannot prove and thereby agreed that a district court can require a *prima facie* showing prior to trial and preclude a party from asserting arguments absent such a showing. *U.S. v. Contento-Pachon*, 723 F.2d 691, 693 (9th Cir. 1984); *U.S. v. Lowe*, 654 F.2d 562, 566–67 (9th Cir. 1981). The sole question presented in such situations is whether the evidence, as described in the offer of proof, is insufficient as a matter of law to support the proffered theory. *Id.* If it is, then the trial court should exclude the theory and the evidence offered in support. *Contento-Pachon*, 723 F.2d at 693; *U.S. v. Shapiro*, 669 F.2d 593, 596 (9th Cir. 1982).

In this case, Plaintiffs allege that Mr. Kapanicas colluded with the Former Officials, but have no proof to substantiate any basis for that allegations. Collusion means "a secret agreement, especially for fraudulent purposes; conspiracy." *Collusion*, The Unabridged Random House Dictionary. (2d. ed.). Given that definition, courts refuse to allow insured to pursue theories of collusion absent affirmative proof that an employee knew about and actively participated in the alleged fraud. *See Resol. Tr. Corp. v. Aetna Cas. & Sur. Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994).

The District Court of Arizona addressed the insured's burden of proof when alleging collusion in *Resolution Trust Corporation*. In that case, the former president of the insured approved an illegal loan to an officer of one of the insured's subsidiaries. *Id.* at 1389. The insured's Chief Financial Officer knew about the loan and confronted the president, but did not disclose the transaction to the bank's board of directors. *Id.* at 1391. The insured argued that the CFO colluded in the fraud

because he failed to report the president's misconduct. *Id.* The district court rejected that argument, reasoning that "the mere fact that the [bank's] officials followed [the principal's] orders in funding and documenting the loan is not sufficient to constitute collusion." *Id.* at 1393. The court held that collusion required a showing that the CFO actively agreed to participate in the fraud. *Id.*

As detailed in their respective plea agreements, neither Mr. Kapanicas nor the Former Officials pled guilty to conspiring amongst each other or otherwise pled guilty to participating in any alleged overbilling of ULC. (Dkt. 65-10, Felony Plea Form–Alan Charles Kapanicas, at p. 3; Dkt. 65-7, Felony Plea Form–Deepak Moorjani, at p. 3; Dkt. 65-5, Felony Plea Form–David William Dillon, at p. 3; Dkt. 65-6, Felony Plea Form–Ernest Alois Egger, at p. 3). There is no testimony or other evidence establishing that Mr. Kapanicas had a "secret agreement" with the Former Officials related to the alleged overbilling scheme. Nor is there evidence that Mr. Kapanicas knowingly or even unknowingly participated in the alleged scheme with ULC or benefitted financially from any alleged overbilling. Simply put, there is a complete absence of any evidence establishing a connection between Mr. Kapanicas and ULC's alleged overbilling.

While Mr. Kapanicas, as Beaumont's City Manager, may have approved ULC's invoices – of which there is no evidence – this alone is insufficient to establish collusion. Just as in *Resolution Trust Corporation*, the mere fact that Mr. Kapanicas may have known of and approved ULC's invoice is insufficient to establish that he colluded in any alleged overbilling scheme. Plaintiffs must show an affirmative agreement to participate in the alleged overbilling scheme, and have adduced no evidence to do so.

Without any evidence that Mr. Kapanicas colluded with the Former Officials, Plaintiffs should not be permitted to advance a theory of collusion at trial. *See, e.g., Progressive Cas. Ins. Co. v. First Bank*, 828 F. Supp. 473, 475 (S.D. Tex. 1993)

- 6 -
MOTION IN LIMINE NO. 5 TO BAR PLAINTIFFS FROM ARGUING
ALAN KAPANICAS COLLUDED WITH FORMER OFFICIALS

(holding that bank could not recover on blanket bond for acts of president who caused loss to bank because, *inter alia*, there was "no tangible evidence of collusion or gain"). Allowing Plaintiffs to argue or suggest that Mr. Kapanicas colluded with the Former Officials in the absence of any evidence or good faith basis will only serve to distract the jury from the Plaintiffs' burden of proving an alleged overbilling scheme by injecting a factually unsupported theory of collusion. *See, e.g., Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992) ("[E]vidence may be excluded when its admission would lead to litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues.").

## IV.  CONCLUSION

National Union Fire Insurance Company of Pittsburgh, Pa. respectfully requests that this Honorable Court bar Plaintiffs from arguing or suggesting that Alan Kapanicas colluded or otherwise participated in the Former Officials alleged scheme of overbilling Beaumont for services provided by ULC.

Dated:  August 11, 2022

GORDON REES SCULLY
MANSUKHANI LLP

By:  */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Christina R. Spiezia (SBN: 315145)
cspiezia@grsm.com
(949) 255-6968
5 Park Plaza, Suite 1100
Irvine, CA 92614
*Attorneys for Defendant
National Union Fire Insurance
Company of Pittsburgh, Pa.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 11, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

> Jeffrey V. Dunn, State Bar No. 131926
> jeffrey.dunn@bbklaw.com
> Christopher E. Deal, State Bar No. 186754
> chris.deal@bbklaw.com
> Daniel L. Richards, State Bar No. 315552
> daniel.richards@bbklaw.com
> BEST BEST & KRIEGER LLP
> 18101 Von Karman Avenue, Suite 1000
> Irvine, California 92612
> Telephone: 949-263-2600
> Facsimile: 949-260-0972
>
> *Attorneys for Plaintiffs*

GORDON REES SCULLY
MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
    Scott L. Schmookler

*[Left margin: Gordon Rees Scully Mansukhani, LLP / 5 Park Plaza, Suite 1100 / Irvine, CA 92614]*