1    Christina R. Spiezia, State Bar No. 315145
2    cspiezia@grsm.com
     (949) 255-6968
3    Scott L. Schmookler, IL
4    sschmookler@grsm.com, *Pro Hac Vice*
     (312) 980-6779
5    Gordon Rees Scully Mansukhani, LLP
6    5 Park Plaza Suite 1100
     Irvine, CA 92614
7
8    Attorneys for Defendant,
     NATIONAL UNION FIRE INSURANCE
9    COMPANY OF PITTSBURGH, PA
10

*Gordon Rees Scully Mansukhani, LLP*
*5 Park Plaza, Suite 1100*
*Irvine, CA 92614*

11                   UNITED STATES DISTRICT COURT
12        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION
13

14   WESTERN RIVERSIDE COUNCIL          Case No. 5:20-cv-02164- GW (KKx)
     OF GOVERNMENTS, a California
15   Joint Powers Authority; CITY OF    **NOTICE OF MOTION AND MOTION**
     BEAUMONT, a public entity in the   **IN LIMINE NO. 6  OF NATIONAL**
16   State of California,               **UNION FIRE INSURANCE**
                                        **COMPANY OF PITTSBURGH, PA**
17                         Plaintiffs,  **TO EXCLUDE UNDISCLOSED**
                                        **WITNESSES**
18         v.
19   NATIONAL UNION FIRE
     INSURANCE COMPANY OF
20   PITTSBURGH, PA, and DOES 1
     through 50, inclusive,
21
                          Defendants.
22                                      Judge:    Hon. George H. Wu
                                        Date:     9/1/2022
23                                      Time:     8:30 a.m.
                                        Room:     9D
24

25

26

27

28
                                  - 1 -
     MOTION IN LIMINE NO. 6 TO EXCLUDE UNDISCLOSED WITNESSES

**Gordon Rees Scully Mansukhani, LLP**
**5 Park Plaza, Suite 1100**
**Irvine, CA 92614**

1 TO PLAINTIFF WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS AND

2 CITY OF BEAUMONT AND ITS COUNSEL OF RECORD:

3     **NOTICE IS HEREBY GIVEN** that on September 1, 2022, at 8:30 a.m., or

4 as soon thereafter as counsel may be heard, in the courtroom of the Hon. George H.

5 Wu, l located at the United States Courthouse, 350 West 1st Street, Los Angeles, CA

6 90012, Courtroom 9D, 9th Floor, National Union Fire Insurance Company of

7 Pittsburgh, Pa. ("National Union") will and hereby does move this Court to

8 EXCLUDE UNDISCLOSED WITNESSES pursuant to Federal RuleS of Civil

9 Procedure 26(a)(1)(A) and 37(c)(1).

10     This motion is based on this notice, motion, Declaration of Scott Schmookler

11 and Appendix of Exhibits.  These materials are filed concurrently herewith, along

12 with all the pleadings, files, and records in this proceeding, all other matters of which

13 the Court may take judicial notice, and any argument or evidence that may be

14 presented to or considered by the Court prior to its ruling.

15     This Motion follows the meeting of counsel, pursuant to L-R 7-3, which

16 occurred on August 4, 2022.

17

18 Dated:  August 11, 2022          GORDON REES SCULLY

19                                MANSUKHANI LLP

20                        By:  */s/ Scott L. Schmookler*

21                             Scott L. Schmookler (PHV)
                              sschmookler@grsm.com

22                             (312) 980-6779

23                             Christina R. Spiezia (SBN: 315145)
                              cspiezia@grsm.com

24                             (949) 255-6968

25                             5 Park Plaza, Suite 1100
                              Irvine, CA 92614

26                             *Attorneys for Defendant*

27                             *National Union Fire Insurance*
                              *Company of Pittsburgh, Pa.*

28

MOTION IN LIMINE NO. 6 TO EXCLUDE UNDISCLOSED WITNESSES

1

2

3

**Gordon Rees Scully Mansukhani, LLP**
**5 Park Plaza, Suite 1100**
**Irvine, CA 92614**

## I.    INTRODUCTION

Federal Rule of Civil Procedure ("FRCP" or "Rule") 26(a)(1)(A) requires all parties to voluntarily disclose individuals they may use to support their claims and defenses and to summarize the subjects of those individuals' discoverable knowledge. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014). That a witness is otherwise known and disclosed does not excuse failure to timely disclose witnesses a party may rely upon to support its claims because unlike broad general discovery, the Rule 26 disclosure provides notice of the witnesses a plaintiff may rely upon to support its claim and the discoverable information known by those witnesses. *Munoz v. Nat'l R.R. Passenger*, 2016 WL 11744436, at *8 (C.D. Cal. Nov. 23, 2016). Refusing to countenance tactical gamesmanship, FRCP 37(c)(1) forbids a party from calling a disclosed witness unless "the failure was substantially justified or is harmless." *Yeti by Molly v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

In this case, Plaintiffs disclosed specific witnesses: Beaumont's City Attorney (John Pinkney); Beaumont's outside counsel (Stradling Yocca Carlson & Rauth, Joseph Aklufi and David Wysocki); a criminal investigator (Doug Doyle); the individuals accused of dishonesty (Alan Kapanicas, Ernest Egger, Deepak Moorjani, David Dillon, and William Aylward); and a forensic accountant (Daniel Ray). (*See* Dkt. 65-16, Plaintiffs' Initial Disclosures; Dkt. 65-17, Plaintiffs' Supplemental Initial Disclosures). Despite that disclosure, Plaintiffs sought to use testimony from other witnesses in opposition to National Union's motion for summary judgment – including Elizabeth Gibbs, David Castaldo, Peter Nolan and Steven DeBaun. (Dkt. 54-25 through Dkt. 54-28). None of these witnesses were disclosed in Plaintiffs' initial disclosures, and Plaintiffs never supplemented their initial disclosures to identify these witnesses.

MOTION IN LIMINE NO. 6 TO EXCLUDE UNDISCLOSED WITNESSES

1   Plaintiffs never advised National Union of their intent to rely upon these
2   witnesses to support their claims and never provided National Union advance notice
3   of the subjects of the witnesses' contemplated testimony until they responded to
4   National Union's motion for summary judgment – a filing that occurred after the
5   close of fact discovery. Plaintiffs should not be allowed to conceal their trial
6   witnesses until after the close of discovery and then surprise National Union with
7   their testimony. Because Ms. Gibbs, Mr. Castaldo, Mr. Nolan, and Mr. DeBaun were
8   not timely disclosed in Plaintiffs' initial disclosures and Plaintiffs did not timely
9   supplement their disclosures, National Union asks this Court to preclude Plaintiffs
10  from calling these witnesses in their case-in-chief. In the alternative, with respect to
11  those witnesses who were deposed despite no disclosure from Plaintiffs (Ms. Gibbs
12  and Mr. Castaldo), National asks that the Court limit any testimony to facts
13  affirmatively disclosed in their depositions.

## II.   OVERVIEW OF LEGAL STANDARD

15  FRCP 26 mandates automatic disclosure to prevent trial by surprise and avoid
16  unnecessary discovery from witnesses not likely to testify at trial. *Ollier*, 768 F.3d
17  at 861. To that end, the Advisory Committee warns litigants not to "indulge in
18  gamesmanship with respect to the [Rule's] disclosure obligations." FRCP 26(a)
19  advisory committee's note to 1993 amendment. Each party must provide to the other
20  parties "the name … of each individual likely to have discoverable information –
21  along with the subjects of that information – that the disclosing party may use to
22  support its claims or defenses." *Ollier*, 768 F.3d at 861 (citing Fed. R. Civ. P.
23  26(a)(1)(A)(i)).

24  Under FRCP 37(c)(1), a party who fails to disclose information or witnesses
25  as required by FRCP 26 is not allowed to use that information or witness at trial.
26  Fed. R. Civ. P. 37(c)(1). FRCP 37 imposes a "self-executing sanction." Fed. R. Civ.
27  P. 37(c) advisory committee's note to 1993 amendment. "This automatic sanction

28

*Gordon Rees Scully Mansukhani, LLP*
*5 Park Plaza, Suite 1100*
*Irvine, CA 92614*

- 4 -

MOTION IN LIMINE NO. 6 TO EXCLUDE UNDISCLOSED WITNESSES

1  provides a strong inducement for disclosure of material that the disclosing party

2  would expect to use as evidence . . . [.]" *Id.* Accordingly, Ninth Circuit authority

3  presumes that a party may not rely upon and call a non-disclosed witnesses unless

4  that party affirmatively proves that non-disclosure was justified or harmless. *Yeti by*

5  *Molly, Ltd.*, 259 F.3d at 1106-07.

6        Plaintiffs cannot justify their non-disclosure by arguing that National Union

7  was equally aware of the witnesses' identities. FRCP 26 requires Plaintiffs to

8  disclose the names and addresses of their trial witnesses and the subjects of the

9  witnesses' discoverable knowledge that Plaintiffs may use to support their claims at

10  trial – so that National Union can focus discovery on those witnesses and prepare

11  for their trial testimony. *Ollier*, 768 F.3d at 863 ("An adverse party should not have

12  to guess which undisclosed witnesses may be called to testify."). National Union

13  cannot prepare for trial without the disclosure of these witnesses' contemplated

14  testimony – as it would not have advance warning as to potential subjects of the

15  witnesses' testimony. Accordingly, courts agree that general disclosure of a witness

16  does not suffice and does not excuse a failure to comply with the mandatory

17  disclosure requirements of FRCP 26. *See Miranda v. U.S. Sec. Assocs., Inc.*, 2019

18  WL 2929966, at *5 (N.D. Cal. July 8, 2019) ("Courts have dismissed the argument

19  that because a witness was 'equally known to Defendant,' the late disclosure of such

20  witness is excusable and substantially justified."); *see also Guajome Park Acad.,*

21  *Inc. v. Duperry*, 2008 WL 11337592, at *1 (S.D. Cal. 2008) ("Defendant argues that

22  the previously undisclosed witnesses and documents should not be excluded because

23  they present no surprise to Plaintiff.… The Court disagrees and concludes that

24  Defendant's failure to timely disclose the witnesses and documents violated Rule

25  26.").

26        Nor does the fact that the witness executed a declaration, was disclosed in

27  paper discovery, or otherwise offered testimony excuse the failure to comply with

28

**Gordon Rees Scully Mansukhani, LLP**
**5 Park Plaza, Suite 1100**
**Irvine, CA 92614**

- 5 -

MOTION IN LIMINE NO. 6 TO EXCLUDE UNDISCLOSED WITNESSES

**Gordon Rees Scully Mansukhani, LLP**
**5 Park Plaza, Suite 1100**
**Irvine, CA 92614**

1   Rule 26. Such disclosures do not suffice or excuse failure to comply with Rule 26

2   because such disclosures do not detail the scope of the witness's potential testimony

3   and do not provide an opponent enough information to prepare for cross-

4   examination. *Magadia v. Wal-Mart Assocs.*, 2018 WL 6003376, at *2 (N.D. Cal.

5   Nov. 15, 2018) ("Wal-Mart argues that Magadia suffers no harm because these

6   witnesses' identities were disclosed via their written declarations submitted in

7   support of Wal-Mart's opposition to class certification.… The Court finds that this

8   does not constitute notice to the other party for [FRCP] 26 purposes."); *Munoz*, 2016

9   WL 11744436, at *8 ("Munoz also asserts that Amtrak knew these individuals

10  possessed relevant discoverable information because they were identified in

11  Amtrak's own documents.… This assertion is equally unavailing because a

12  reference to someone in a document does not necessarily mean he or she could

13  conceivably be a witness.").

14        Finally, disclosing broad categories of witnesses is likewise insufficient to

15  meet the requirements of FRCP 26. *U.S. ex rel. Brown v. Celgene Corp.*, 2015 WL

16  12731923, at *2-3 (C.D. Cal. 2015) (disclosure of "general categories of witnesses"

17  insufficient); *Smith v. Pfizer Inc.*, 265 F.R.D. 278, 283 (M.D. Tenn. 2010) ("[B]road

18  categories of witnesses do not satisfy the disclosure requirements of Rule 26. The

19  rule requires parties to disclose '*the name* … of each individual likely to have

20  discoverable information.'") (emphasis in original); *Toney v. Hakala*, 2012 WL

21  1554911, at *1 (E.D. Mo. Apr. 30, 2012) (disclosing categories of witnesses such as

22  "employees," "staff," and "custodian of records" without identifying the names of

23  witnesses is insufficient under FRCP 26). To that end, a broad disclosure of the intent

24  to call a "corporate representative" is not sufficient notice to comply with FRCP 26.

25  *Fletcher v. U-Haul Co. of America*, 2008 WL 11338790, at *2 (D. Ariz. Sept. 19,

26  2008); *Geico Cas. Co. v. Beauford*, 2007 WL 2412953, at *5 (M.D. Fla. Aug. 21,

27  2007).

28

MOTION IN LIMINE NO. 6 TO EXCLUDE UNDISCLOSED WITNESSES

**Gordon Rees Scully Mansukhani, LLP**
**5 Park Plaza, Suite 1100**
**Irvine, CA 92614**

### III.   ARGUMENT

Plaintiffs' summary judgment response disclosed an intent to call Ms. Gibbs, Mr. Castaldo, Mr. Nolan, and Mr. DeBaun as witnesses, even though none of them were disclosed in Plaintiffs' initial disclosures. (Dkt. 54-25 through 54-28; Dkt. 65-16; Dkt. 65-17). Plaintiffs' failure to timely disclose Ms. Gibbs, Mr. Castaldo, Mr. Nolan, and Mr. DeBaun substantially prejudiced National Union because (1) National Union never understood that either Mr. Nolan or Mr. DeBaun had any percipient knowledge, and (2) National Union could not elicit testimony from Ms. Gibbs and/or Mr. Castaldo to address subjects Plaintiffs intend to rely upon to support their claims.

*Peter Nolan*: Mr. Nolan is an outside attorney and partners with Beaumont's current City Attorney. (Dkt. 54-27, at ¶¶ 1-2). He was never disclosed – in any way – as a potential witness. On the contrary, Mr. Nolan appeared in depositions and purported to represent Mr. Pinkney and Beaumont. (Dkt. 65-18, John Pinkney Deposition, at p. 7:10-11; Dkt. 65-19, Elizabeth Gibbs Deposition, at pp. 8:14-17; 168:7-13). Given Mr. Nolan's role as outside counsel, National Union had no cause or basis to believe that Plaintiffs would attempt to call their outside counsel as a witness and certainly no cause to seek to depose him (as he was opposing counsel representing Beaumont). Allowing him to testify now inherently prejudices National Union as it had no opportunity to seek production of his file and no opportunity to depose him.

*Steven DeBaun*: Like Mr. Nolan, Mr. DeBaun is outside counsel and a partner at Best Best and Krieger – the firm representing the Plaintiffs and acting as trial counsel. Best Best & Krieger, https://www.bbklaw.com/our-team/steven-c-debaun (last visited Aug. 10, 2022).[1] Despite his obvious conflict of interest, Plaintiffs'

---

[1] Plaintiffs omitted this fact from Mr. DeBaun's declaration filed in opposition to National Union's motion for summary judgment. (Dkt. 54-28).

MOTION IN LIMINE NO. 6 TO EXCLUDE UNDISCLOSED WITNESSES

summary judgment response suggests that Mr. DeBaun acts as general counsel for WRCOG and that he intends to offer testimony on behalf of WRCOG. (Dkt. 54-28, at ¶¶ 1-3). Plaintiffs should be barred from calling Mr. DeBaun and any other witnesses from WRCOG because Plaintiffs expressly represented to National Union that it agreed not to call any WRCOG witnesses at trial and based upon that representation, National Union did not conduct a corporate deposition of WRCOG. (Dkt. 65-20, Email from Daniel Richards dated May 4, 2022). Plaintiffs should not be allowed to induce National Union to forgo a deposition of WRCOG and then surprise National Union with WRCOG witnesses it never disclosed in its initial disclosures.

*Elizabeth Gibbs*: Plaintiffs' discovery responses initially disclosed Ms. Gibbs as a Beaumont employee involved in insurance matters. (Dkt. 65-21, Plaintiffs Supplemental Response to First Set of Interrogatories, at p. 165). National Union therefore deposed Ms. Gibbs as a potential percipient witness. Ms. Gibbs denied any percipient knowledge. For example, she denied any involvement in Beaumont's submission of an insurance claim to National Union; any knowledge of its insurance policies; any knowledge of Beaumont's contract with Urban Logic Consultants; and any oversight of ULC's services or understanding of ULC's services. (Dkt. 65-19, Gibbs Dep., at pp. 41:04-41:15, 65:04-65:19, 69:05-69:10, 117:03-117:06, 120:03-120:07, 120:12-120:16). Based on those denials, National Union conducted no further discovery on Ms. Gibbs' percipient knowledge.

Despite denying any percipient knowledge at her deposition, Plaintiffs unexpectedly responded to National Union's motion for summary judgment with a declaration from Ms. Gibbs in which Ms. Gibbs directly contradicts her deposition and now purports to have knowledge about the retention of ULC, the services provided by ULC, and payments to ULC. (Dkt. 54-25, at ¶¶ 4-5, 7-11, 17, 21). Prior to that filing, Plaintiffs never disclosed any intent to call Ms. Gibbs in support of

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

- 8 -

MOTION IN LIMINE NO. 6 TO EXCLUDE UNDISCLOSED WITNESSES

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

1  their claim and certainly never disclosed that she had percipient knowledge relating

2  to the retention of ULC and its services. Instead, it appears that Plaintiffs taught Ms.

3  Gibbs their claim and now seek to use her as a narrator for their case.

4      A corporate representative cannot offer testimony at trial absent percipient

5  knowledge. *Plexxikon v. Novartis Pharms., Corp.*, 2021 WL 2255885 at *5 (N.D.

6  Cal. 2021). Plaintiffs can only call Ms. Gibbs to testify to a percipient capacity and

7  they never disclosed an intent to do so (let alone disclosed the subjects of any such

8  testimony). Given that Ms. Gibbs was never disclosed as a potential fact witness in

9  Plaintiffs' initial disclosures and denied any percipient knowledge, National Union

10  does not – even today – know the subjects of any trial testimony Plaintiffs may try

11  to elicit from Ms. Gibbs and cannot adequately prepare for cross-examination.

12  National Union has therefore been prejudiced by Plaintiffs' failure to disclose the

13  substance of Ms. Gibbs potential testimony, and Plaintiffs should not now be

14  allowed to call her to testify at trial. *Enertrode v. Gen. Capacitor Co., Ltd*, 2018 WL

15  5879810 at *2 (N.D. Cal. 2018) (finding prejudice because "had they known that

16  Defendant planned to offer these people at trial in support of Defendants' case, they

17  would have engaged in greater discovery regarding these witnesses, which they

18  cannot do now on the eve of trial"). Because Plaintiffs did not disclose Ms. Gibbs,

19  they should not be allowed to call her in their case-in-chief or should be limited to

20  eliciting facts affirmatively disclosed in her percipient deposition.

21      ***Lawrence Castaldo***: National Union disputed that Plaintiffs could prove a

22  theft because former members of Beaumont's City Council testified that they knew

23  about and approved payment of ULC's fees. (Dkt. 49, at pp. 16-17). Despite

24  disclosure of National Union's position, Plaintiffs never disclosed any intent to call

25  any former members of Beaumont's City Council and never provided advance notice

26  of any potential testimony from any former members of Beaumont's City Council.

27  Plaintiffs reversed course in response to National Union's motion for summary

28

MOTION IN LIMINE NO. 6 TO EXCLUDE UNDISCLOSED WITNESSES

1  judgment and disclosed – for the first time – a declaration from Mr. Castaldo. (Dkt.

2  54-26). Because that declaration was served after the close of fact discovery,

3  National Union had no prior notice of Plaintiffs' intent to rely upon Mr. Castaldo or

4  the subjects on which Mr. Castaldo might offer testimony in support of Plaintiffs'

5  claims.

6        Per his declaration, Mr. Castaldo purports to deny that ULC disclosed that its

7  fees exceeded the contractual cap. He did not, however, serve on the City Council

8  until 2010, (Dkt. 54-26, at ¶ 2), and he therefore should not be able to testify about

9  whether ULC disclosed fees in excess of any contractual cap prior to 2010 and

10  whether the City Council approved fees in excess of the cap prior to 2010. Plaintiffs

11  disagreed and thereafter filed a brief arguing that Mr. Castaldo could testify to the

12  totality of ULC's billing based upon his alleged experience with Beaumont. (Dkt.

13  58). That was, again, the first disclosure of the subjects of Mr. Castaldo's proposed

14  testimony in support of Plaintiffs' claims and occurred after the close of fact

15  discovery.

16        Plaintiffs knew from the outset that they intended to accuse ULC of

17  overbilling and knew from National Union's discovery that National Union intended

18  to challenge that contention based on the City Council's approval of ULC's invoices.

19  Plaintiffs never disclosed any intent to call any City Council members and certainly

20  never disclosed that they intended to call Mr. Castaldo to testify about the approval

21  of billing that pre-dated his tenure on the City Council. Plaintiffs consciously

22  omitted witnesses from their initial disclosure and then disclosed their testimony

23  after the close of fact discovery – such that National Union could not fully question

24  them during their depositions and prepare for trial. Such gamesmanship should not

25  be countenanced. Because Plaintiffs did not disclose Mr. Castaldo, they should not

26  be allowed to call him in their case-in-chief or should be limited to eliciting facts

27  affirmatively disclosed in his deposition.

28

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

MOTION IN LIMINE NO. 6 TO EXCLUDE UNDISCLOSED WITNESSES

**Gordon Rees Scully Mansukhani, LLP**
**5 Park Plaza, Suite 1100**
**Irvine, CA 92614**

## IV. CONCLUSION

"This is not a situation in which [P]laintiffs learned new facts right before the close of discovery or after discovery was closed." *Scharf v. Trabucco*, 2016 WL 3124621, at *2 (D. Ariz. June 3, 2016). National Union "should be able to rely on Rule 26 disclosures and not be required to second guess whether [Plaintiffs] ha[ve] purposefully omitted a potential witness or done so accidently." *Rhodes v. Sutter Health*, 949 F. Supp. 2d 997, 1010 (E.D. Cal. 2013). Because Plaintiffs failed to disclose Elizabeth Gibbs, David Castaldo, Peter Nolan, and Steven DeBaun in their initial disclosures, they should not now be allowed to call them in their case-in-chief, or in the alternative, any testimony from these witnesses should be limited to facts affirmatively disclosed in their depositions. National Union therefore moves *in limine* to bar these witnesses and for all other relief this Court deems necessary and appropriate.

Dated: August 11, 2022

GORDON REES SCULLY
MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Christina R. Spiezia (SBN: 315145)
cspiezia@grsm.com
(949) 255-6968
5 Park Plaza, Suite 1100
Irvine, CA 92614
*Attorneys for Defendant*
*National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

- 11 -

MOTION IN LIMINE NO. 6 TO EXCLUDE UNDISCLOSED WITNESSES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 11, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

Jeffrey V. Dunn, State Bar No. 131926
jeffrey.dunn@bbklaw.com
Christopher E. Deal, State Bar No. 186754
chris.deal@bbklaw.com
Daniel L. Richards, State Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612
Telephone: 949-263-2600
Facsimile: 949-260-0972

*Attorneys for Plaintiffs*

GORDON REES SCULLY
MANSUKHANI LLP

By:   */s/ Scott L. Schmookler*
        Scott L. Schmookler

- 12 -

MOTION IN LIMINE NO. 6 TO EXCLUDE UNDISCLOSED WITNESSES