Christina R. Spiezia, State Bar No. 315145
cspiezia@grsm.com
(949) 255-6968
Scott L. Schmookler, IL
sschmookler@grsm.com, *Pro Hac Vice*
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
5 Park Plaza Suite 1100
Irvine, CA 92614

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**NOTICE OF MOTION AND MOTION IN LIMINE NO. 8 OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA to EXCLUDE EVIDENCE OF TUMF JUDGMENT**<br><br>Judge: Hon. George H. Wu<br>Date: 9/1/2022<br>Time: 8:30 a.m.<br>Room: 9D |

- 1 -

MOTION IN LIMINE NO. 8 TO EXCLUDE TUMF JUDGMENT

TO PLAINTIFF WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS AND CITY OF BEAUMONT AND ITS COUNSEL OF RECORD:

**NOTICE IS HEREBY GIVEN** that on September 1, 2022, at 8:30 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Hon. George H. Wu, located at the United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Courtroom 9D, 9th Floor, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") will and hereby does move this Court to EXCLUDE EVIDENCE OF TUMF JUDGMENT pursuant to Federal Rules of Evidence 401 and 403.

This motion is based on this notice, motion, Declaration of Scott Schmookler and Appendix of Exhibits. These materials are filed concurrently herewith, along with all the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This Motion follows the meeting of counsel, pursuant to L-R 7-3, which occurred on August 4, 2022.

Dated: August 11, 2022

GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Christina R. Spiezia (SBN: 315145)
cspiezia@grsm.com
(949) 255-6968
5 Park Plaza, Suite 1100
Irvine, CA 92614
*Attorneys for Defendant
National Union Fire Insurance
Company of Pittsburgh, Pa.*

## I. INTRODUCTION

In 2010, Western Riverside Council of Governments ("WRCOG") brought a writ of mandamus against the City of Beaumont ("Beaumont"), seeking to compel Beaumont to remit fees Beaumont collected as part of the Transportation Uniform Mitigation Fee ("TUMF") program. (Dkt. 20, ¶¶ 21-22). In that action, WRCOG alleged that Beaumont collected fees from developers and that such fees should have been remitted to WRCOG pursuant to the TUMF program. (Dkt. 20, ¶¶ 21-22). WRCOG ultimately prevailed and secured a $60 million judgment against Beaumont. (Dkt. 20, ¶¶ 21-22). Following a timely appeal, WRCOG and Beaumont settled their dispute. Pursuant to the terms of that settlement, Beaumont assigned its claim against National Union to WRCOG. (Dkt. 20, ¶¶ 21-22),

Thereafter, WRCOG, as assignee of Beaumont, brought this action against National Union and seeks coverage on the theory that David Dillon, Ernest Egger, and Deepak Moorjani (collectively "Former Officials") overbilled Beaumont for services provided by their consulting company, Urban Logic Consultants, Inc. ("ULC"). (Dkt. 20, ¶¶ 18, 46). Although WRCOG seeks coverage on the theory that the Former Officials overbilled Beaumont, the First Amended Complaint references WRCOG's action against Beaumont and the judgment against Beaumont. (Dkt. 20, ¶¶ 22-23).

WRCOG's judgment against Beaumont is not covered under any policy issued by National Union because Beaumont purchased a Government Crime Policy – a form of first-party insurance coverage, not liability insurance coverage. (Dkt. 20, ¶ 29). To that end, the Ninth Circuit has conclusively held that such policies do not cover an insured's liability to a third-party, even if due to employee dishonesty. *Vons v. Federal Ins. Co.*, 212 F.3d 489, 492 (9th Cir. 2000). Plaintiffs should not therefore be allowed to introduce the judgment as evidence of damages, suggest the policy

- 3 -

MOTION IN LIMINE NO. 8 TO EXCLUDE TUMF JUDGMENT

covers Beaumont's liability to WRCOG, or otherwise suggest that Plaintiffs can seek indemnity for amounts Beaumont owes to WRCOG.

## II. ARGUMENT

This case involves four distinct parties: National Union, Beaumont, WRCOG and the Former Officials. Beaumont, a city, retained the Former Officials beginning in 1993. (Dkt. 20, ¶ 18). National Union issued two insurance policies ("Policies") to Beaumont beginning in June 30, 2014 and continuing through June 30, 2017. (Dkt. 20, ¶ 29). WRCOG did not have a direct relationship with National Union, but instead sued and obtained a judgment against Beaumont. (Dkt. 20, ¶¶ 21-22). Thereafter, Beaumont assigned its claim under the Policies to WRCOG as part of a settlement with WRCOG, and WRCOG, as assignee, filed this action against National Union. (Dkt. 20, ¶¶ 3-4).

The Policies cover "loss of or damage to 'money', 'securities' and 'other property' resulting directly from 'theft' committed by an 'employee', whether identified or not, acting alone or in collusion with other persons." (Dkt. 65-14, Policy No. 01-309-61-64, p. 5; Dkt. 65-15, Policy No. 01-425-57-41, p. 10). By limiting coverage to loss resulting directly from a theft, the Policies distinguish themselves from liability insurance policies. They only cover a direct taking from the insured and do not cover an insured's liability to a third-party – even if due to employee dishonesty. *Vons,* 212 F.3d at 492; *see also Fed. Ins. Co. v. Axos Clearing LLC,* 982 F.3d 536, 541 (8th Cir. 2020); *Universal Mortg. Corp. v. Württembergische Versicherung AG,* 651 F.3d 759, 760 (7th Cir. 2011); *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 629 (5th Cir. 1998).

The Ninth Circuit conclusively resolved this issue in *Vons v. Federal Insurance Company*. In that case, the insured alleged that an employee's dishonesty created a third-party liability and sought to recover amounts the insured paid to resolve that liability under a commercial crime policy. *Vons*, 212 F.3d 489 at 492.

- 4 -
MOTION IN LIMINE NO. 8 TO EXCLUDE TUMF JUDGMENT

1 Rejecting that claim and affirming summary judgment for the insurer, the Ninth
2 Circuit held that a crime policy does not cover the insured's liability to a third-party
3 – even if due to employee theft:

> 1. Under its policy, Federal provided Vons with coverage for "direct losses" that were "caused by" employee theft or forgery. Vons's policy did not provide coverage for third party claims. … We hold that "direct" means "direct" and that in the absence of a third party claims clause, Vons's policy did not provide indemnity for vicarious liability for tortious acts of its employee. Our disposition of the coverage issue makes it unnecessary to reach other issues.

*Id.* at 492-93.

As in *Vons*, the Policies here do not cover Beaumont's alleged liabilities – including liabilities to WRCOG. Accordingly, Plaintiffs should not be allowed to introduce that judgment as proof of damages, suggest that they can recover that judgment, or argue that the Policies cover amounts Beaumont allegedly owed WRCOG. Because the judgment does not constitute a loss under the Policies, any argument regarding the same is irrelevant and Plaintiffs should not be allowed to wrongly suggest to the jury that they can recover the amount of the judgment or otherwise seek indemnity for the judgment in this action. *See MJC Supply, LLC v. Scottsdale Ins. Co.,* No. CV 18-1265 RSWL-SK, 2019 WL 2501480, at *8 (C.D. Cal. June 16, 2019).

Evidence is relevant if it makes "the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Federal Rule of Evidence 403 permits exclusion of relevant evidence when its probative value is substantially outweighed by the probability that its admission will create a danger of "unfair prejudice…" Fed. R. Evid. 403. Even "[w]here the evidence is of very slight (if any)

probative value, it [is] an abuse of discretion to admit it if there [is] even a modest likelihood of unfair prejudice or small risk of misleading the jury." *U.S. v. Hitt,* 981 F.2d 422, 424 (9th Cir. 1992). Evidence may also be excluded if it confuses the issues, and causes undue delay, waste of time, or the presentation of cumulative evidence. Fed. R. Evid. 403.

This court granted an analogous motion *in limine* in *MJC Supply, LLC v. Scottsdale Insurance*. In that case, the defendant sought to exclude the argument that an insurance policy covered a federal judgment. *MJC Supply*, 2019 WL 2501480, at *8. Because the policy did not cover the judgment, the district court granted the motion and held that introduction of the judgment at trial would "prejudice [the d]efendant, confuse the jury, and waste time." *Id.* Similarly here, the Policies do not cover third party liabilities. Accordingly, Plaintiffs should not be allowed to introduce the judgment against Beaumont as proof of damages, suggest that they seek indemnity for the judgment entered against Beaumont, or otherwise suggest that the Policies permit recovery of any amounts WRCOG owes Beaumont.

## III. CONCLUSION

For the foregoing reasons, National Union respectfully requests that this Honorable Court grant its motion *in limine* and issue an order barring Plaintiffs from using the judgment against Beaumont as proof of damages, suggesting that they seek indemnity for the judgment entered against Beaumont, or otherwise suggesting that the Policies permit recovery of any amounts WRCOG owes Beaumont, and for all other relief this Court deems necessary and appropriate.

Dated: August 11, 2022         GORDON REES SCULLY
                               MANSUKHANI LLP

                          By:  */s/ Scott L. Schmookler*
                               Scott L. Schmookler (PHV)
                               sschmookler@grsm.com
                               (312) 980-6779

- 6 -

MOTION IN LIMINE NO. 8 TO EXCLUDE TUMF JUDGMENT

Christina R. Spiezia, (SBN: 315145)
cspiezia@grsm.com
(949) 255-6968
5 Park Plaza
Suite 1100
Irvine, CA 92614

*Attorneys for Defendant*
*National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

- 7 -
MOTION IN LIMINE NO. 8 TO EXCLUDE TUMF JUDGMENT

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 11, 2022, he served a copy of the foregoing upon the following counsel by ECF and sending it via e-mail to the following addresses:

> Jeffrey V. Dunn, State Bar No. 131926
> jeffrey.dunn@bbklaw.com
> Christopher E. Deal, State Bar No. 186754
> chris.deal@bbklaw.com
> Daniel L. Richards, State Bar No. 315552
> daniel.richards@bbklaw.com
> BEST BEST & KRIEGER LLP
> 18101 Von Karman Avenue, Suite 1000
> Irvine, California 92612
> Telephone: 949-263-2600
> Facsimile: 949-260-0972
>
> *Attorneys for Plaintiff*
> *Western Riverside Council of Governments*

GORDON REES SCULLY
MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
      Scott L. Schmookler

MOTION IN LIMINE NO. 8 TO EXCLUDE TUMF JUDGMENT