1   Christina R. Spiezia, State Bar No. 315145
2   cspiezia@grsm.com
    (949) 255-6968
3   Scott L. Schmookler
4   sschmookler@grsm.com, *Pro Hac Vice*
    (312) 980-6779
5   Gordon Rees Scully Mansukhani, LLP
6   5 Park Plaza Suite 1100
    Irvine, CA 92614
7
8   Attorneys for Defendant,
    NATIONAL UNION FIRE INSURANCE
9   COMPANY OF PITTSBURGH, PA
10
                UNITED STATES DISTRICT COURT
11      CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

12  WESTERN RIVERSIDE COUNCIL        Case No. 5:20-cv-02164- GW (KKx)
    OF GOVERNMENTS, a California
13  Joint Powers Authority; CITY OF
    BEAUMONT, a public entity in the   **DEFENDANT'S MEMORANDUM
14  State of California,               OF CONTENTIONS OF FACT
                                       AND LAW**
15              Plaintiffs,
16      v.                            Judge: Hon. George H. Wu
                                       Final Pretrial Conference: 9/1/2022
17  NATIONAL UNION FIRE               Time: 8:30 a.m.
    INSURANCE COMPANY OF              Room: 9D
18  PITTSBURGH, PA, and DOES 1
    through 50, inclusive,            **Trial Date: September 13, 2022**
19
20              Defendants.
21

22

23  **TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR**
24  **ATTORNEYS OF RECORD:**
25          Pursuant to the provisions of Local Rule 16-4, National Union Fire Insurance
26  Company of Pittsburgh, PA ("National Union") respectfully submits the following
27  Memorandum of Contentions of Fact and Law to explain why Plaintiffs are not
28  entitled to any recovery and cannot establish their claims against National Union.

*Gordon Rees Scully Mansukhani, LLP*
*5 Park Plaza, Suite 1100*
*Irvine, CA 92614*

-1-
DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614

# TABLE OF CONTENTS

I.    **CLAIMS AND DEFENSES - L.R. 16-4.1** .............................................. **3**

    A.    **SUMMARY STATEMENT OF PLAINTIFFS' CLAIMS** ... **3**

    B.    **ELEMENTS REQUIRED TO ESTABLISH PLAINTIFFS' CLAIMS** ............................................................................. **3**

    C.    **BRIEF DESCRIPTION OF KEY EVIDENCE IN OPPOSITION TO EACH CLAIM – L.R. 16-4.1(C)** ............ **8**

    D.    **AFFIRMATIVE DEFENSES – L.R. 16-4.1(D)** ................... **11**

    E.    **ELEMENTS REQUIRED TO ESTABLISH DEFENDANT'S AFFIRMATIVE DEFENSES – L.R. 16-4.1(E)** ............................................................................. **12**

    F.    **BRIEF DESCRIPTION OF KEY EVIDENCE RELIED ON IN SUPPORT OF EACH AFFIRMATIVE DEFENSE – L.R. 16-4.1(F)** ..................................................................... **25**

    G.    **SIMILAR STATEMENT FOR ALL THIRD PARTIES – L.R. 16-4.1(G)** ............................................................... **27**

    H.    **IDENTIFICATION OF ANY ANTICIPATED EVIDENTIARY ISSUES – L.R. 16-4.1(H)** ...................... **27**

    I.    **IDENTIFICATION OF ANY ISSUES OF LAW – L.R. 16-4.1(I)** ................................................................................. **28**

II.    **BIFURCATION OF ISSUES – L.R. 16-4.3** ................................ **30**

III.    **JURY TRIAL – L.R. 16-4.4** ........................................................ **32**

IV.    **ATTORNEYS' FEES – L.R. 16-4.5** ........................................... **32**

V.    **ABANDONMENT OF ISSUES – L.R. 16-4.6** ............................ **32**

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA  92614

**I.     CLAIMS AND DEFENSES - L.R. 16-4.1**

**A.     Summary Statement of Plaintiffs' Claims**

Western Riverside Council of Government ("Western Riverside") and City of Beaumont ("Beaumont") pled four claims in their First Amended Complaint:

Claim 1: Breach of contract;

Claim 2: Breach of the covenant of good faith and fair dealing;

Claim 3: Violation of the California Business and Professions Code;

Claim 4: Declaratory judgment.

**B.     Elements Required to Establish Plaintiffs' Claims**

National Union denies that Plaintiffs can establish the elements of their claims and that they are entitled to any relief whatsoever.  Pursuant to the terms of the Government Crime Policies at issue in this case and California law, Plaintiffs must prove the following to establish their claims.

<u>Elements Required to Establish Plaintiffs' First Claim for</u>

<u>Breach of Contract</u>

Beaumont purchased two Government Crime Policies from National Union. The first policy was effective from June 30, 2014 to June 30, 2015 and is referred to as the "2014 Policy." The second policy was effective from June 30, 2015 to June 30, 2017 and is referred to as the "2015 Policy."[1]  To establish a breach of contract, Western Riverside must prove the following:

1. ***Discovery During the Policy Period***: The 2014 Policy and 2015 Policy apply to loss which is first discovered during the policy period (*i.e.*, June 30, 2014 to June 30, 2015 for the 2014 Policy or June 30, 2015 to June 30, 2017 for the 2015 Policy). Each policy defines "discovered" as occurring when:

RISK     MANAGEMENT     DEPARTMENT     OR     OTHER
DEPARTMENT     DESIGNATED     TO     HANDLE     INSURANCE
MATTERS FOR THE NAME INSURED first becomes aware of facts

---

[1] Collectively the 2014 Policy and 2015 Policy are referred to as "Policies."

-3-

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1
2
3
4

which would cause a reasonable person to assume that a loss of a type covered by this policy has been or will be incurred, regardless of when the act or acts causing or contributing to such loss occurred, even though the exact amount or details of loss may not then be known.

5
6
7
8
9
10

Regardless of whether it seeks coverage under the 2014 Policy or 2015 Policy, Western Riverside bears the burden of proving that the Risk Management Department or other department designated to handle insurance matters for Beaumont first became aware of facts which would cause a reasonable person to assume that a loss of a type covered by the policy has been or will be incurred during either the term of the 2014 Policy or during the term of the 2015 Policy.

11
12
13
14
15
16
17
18
19
20

    2.    ***Definition of Employee***: The Policies cover a **Theft**[2] by an **Employee**. In pertinent part, the Policies define **Employee** as: an elected or appointed officer; any natural person who is a former official, employee or trustee retained as a consultant while performing services for you; or any natural person while in your service whom Beaumont compensate directly by salary, wages or commissions and whom Beaumont had the right to direct and control while performing services for Beaumont.  Regardless of whether it seeks coverage under the 2014 Policy or 2015 Policy, Western Riverside must prove that David Dillon, Ernest Egger and/or Deepak Moorjani satisfied one prong of this definition and constituted an **Employee**.

21
22
23
24
25
26
27

    3.    ***Proof of Theft***: Western Riverside must prove that Messrs. Dillon, Egger and Moorjani committed a **Theft** while an **Employee**.  The Policies define **Theft** as the unlawful taking to the deprivation of the Insured.  Western Riverside contends that Messrs. Dillon, Egger and Moorjani committed a **Theft** by overbilling Beaumont for Urban Logic's services.  Regardless of whether it seeks coverage under the 2014 Policy or the 2015 Policy, Western Riverside must prove such overbilling and that the overbilling was an unlawful taking to the deprivation

28

---

[2] Bolded terms are defined in the policies.

-4-

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

*Gordon Rees Scully Mansukhani, LLP*
5 Park Plaza, Suite 1100
Irvine, CA  92614

of Beaumont.

4.  **Taking of Covered Property**: The Policies cover **Money** owned or held by Beaumont.  Western Riverside must demonstrate that Beaumont owned or held the unlawfully taken funds by Messrs. Dillon, Egger and Moorjani.

5.  **Financial Loss**:  The Policies are subject to a $2,500 deductible and Western Riverside is not entitled to recover unless it proves a covered loss in excess of $2,500.  Regardless of whether it seeks coverage under the 2014 Policy or the 2015 Policy, Western Riverside must demonstrate the amount unlawfully taken by Messrs. Dillon, Egger and Moorjani while an **Employee** exceeds the $2,500 deductible.

*See* Judicial Council of California Civil Jury Instructions ("CACI"), Instruction No. 2300 Breach of Contractual Duty to Pay a Covered Claim—Essential Factual Elements; Dkt. 49-1; *California Union Ins. v. Am. Diversified*, 948 F.2d 556, 564 (9th Cir. 1991); *Bass v. American Ins. Co.*, 493 F.2d 590, 593 (9th Cir. 1974); *Blomquist v. Am. Sur. Co.*, 20 F.2d 661 (9th Cir. 1927); *Tesoro v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 96 F. Supp. 3d 638, 647 (W.D. Tex., 2015), *aff'd*, 833 F.3d 470 (5th Cir. 2016); *Hartford Fire Ins. v. Mitchell*, 440 Fed. Appx. 759, 760 (11th Cir. 2011).

<u>Elements Required to Establish Plaintiffs' Second Claim for Breach of Covenant of Good Faith and Fair Dealing</u>

Western Riverside and Beaumont allege that National Union breached the covenant of good faith & fair dealing in failing to pay Beaumont's insurance claim. National Union denies liability because Plaintiffs cannot prove that (1) Beaumont suffered an insured loss; (2) National Union unreasonably failed to pay a covered loss based on the information National Union had available prior to litigation; (3) National Union lacked good cause to believe that coverage did not exist under the policies; (4) the absence of genuine dispute about coverage; and (5) any failure to

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

pay policy benefits was a substantial factor in causing Beaumont compensable harm. To succeed, Plaintiffs must prove the following:

1.    Beaumont suffered a loss covered under either the 2014 Policy or the 2015 Policy;

2.    National Union was notified of the exact loss Western Riverside proved Beaumont suffered;

3.    Beaumont suffered a covered loss;

4.    National Union failed to pay policy benefits Beaumont was entitled to under the relevant policy;

5.    National Union unreasonably refused to pay policy benefits based on the information it had at the time without proper cause or a genuine dispute;

6.    Beaumont suffered a compensable harm; and

7.    National Union's failure to pay policy benefits was a substantial factor in causing Beaumont's harm.

*See* CACI, Instruction No. 2331 Breach of the Implied Obligation of Good Faith and Fair Dealing—Failure or Delay in Payment (First Party)—Essential Factual Elements; *Jordan v. Allstate Ins.*, 148 Cal. App. 4th 1062, 1078 (Cal. App. 2007); *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1153 (Cal. App. 1990); *Cheung v. Daley*, 35 Cal. App. 4th 1673, 1677 (1995).

Elements Required to Establish Plaintiffs' Third Claim for Unfair Business Acts and Practices (Bus. & Prof. Code § 17200, et seq.)

In order to establish Plaintiff's claim for Unfair Business Acts and Practices (Bus. & Prof. Code § 17200) under violations of the California Insurance Code sections 330 through 332, Beaumont has the burden of proving all of the following by a preponderance of evidence:

1.    Beaumont is an insured or intended beneficiary of an insurance policy;

-6-

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

1          2.     The existence of the insurance policy;

2          3.     A violation of California Insurance Code 330, California Insurance

3    Code 331, or California Insurance Code 332.

4          4.     National Union's violations of California Insurance Code sections 330

5    through 332 were an unfair, unlawful or fraudulent business practice;

6          5.     No adequate remedy at law;

7          6.     A right to injunctive relief or restitution; and

8          7.     Damages.

9

10   *See Heighley v. J.C. Penney Life Ins. Co.*, 257 F. Supp. 2d 1241, 1259 (C.D. Cal.

11   2003); *PDF Print Commc'ns Inc. v. Federated Mut. Ins. Co.*, No. CV 21-9896-

12   MWF (AGRx), 2022 WL 2189631, at *2 (C.D. Cal. Mar. 29, 2022); *Burdick v.*

13   *Union Sec. Ins. Co.*, No. 07-4028 ABC (JCx), 2009 WL 4798873 at *15-16 (Dec.

14   9, 2009); Cal.Ins.Code § 330; Cal.Ins.Code § 331; and Cal.Ins.Code § 332.

15

16   Elements Required to Establish Plaintiffs' Fourth Claim Declaratory Relief

17         Because Western Riverside seeks a declaration of its rights under the 2014

18   Policy and the 2015 Policy, it has the burden of proving by a preponderance of the

19   evidence that:

20         1.     Beaumont was an insured under the 2014 Policy or the 2015 Policy;

21         2.     Beaumont suffered a loss covered under the 2014 Policy or the 2015

22   Policy; and

23         3.     National Union wrongly failed to pay Beaumont's insurance claim;

24   and

25         4.     The action presents a case of actual controversy, as required by Article

26   III of the Constitution.

27   *See Poe v. Northwestern Mut. Life Ins. Co.*, No. CV 21-02065 PA (Ex), 2022 WL

28   2046190, at *4 (C.D. Cal. Apr. 20, 2022).

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**C.     Brief Description of Key Evidence in Opposition to Each Claim – L.R. 16-4.1(c)**

<u>Claim 1 – Breach of Contract</u>

National Union intends to offer the following evidence in opposition to Western Riverside's breach of contract claim:

a.  The 2014 Policy;

b.  The 2015 Policy;

c.  Correspondence between National Union and Beaumont relating to Beaumont's claim submission, and National Union's analysis of the claim;

d.  Correspondence from HSNO and reports reflecting HSNO's analysis of the claim;

e.  Testimony from Jennifer Rocha;

f.  Testimony from Richard Tasker;

g.  Testimony from James Gregg;

h.  Testimony from Brian DeForge;

i.  Testimony from Lawrence Dressel;

j.  Testimony from Roger Berg;

k.  Testimony of Peter Fogarty;

l.  Testimony of Anthony Hayter;

m. Testimony of Peter Evans;

n.  Urban Logic's bank statements;

o.  Contracts entered into between ULC and Beaumont;

p.  Documents reflecting Beaumont's Capital Improvement Plans and approval thereof;

q.  Bonds issued by Beaumont Financing Authority;

r.  Beaumont City Council meeting minutes;

s.  Beaumont City Council agendas; and

t.  Beaumont's warrant lists.

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

-8-

National Union reserves the right to rely upon any other exhibits referenced on its exhibit list and testimony from other witnesses identified on its witness list and/or called to testify at trial.

<u>Claim 2 – Breach of Covenant of Good Faith and Fair Dealing</u>

National Union intends to offer the following evidence in opposition to Plaintiffs' claim for breach of the covenant of good faith and fair dealing:

a.  The 2014 Policy;

b.  The 2015 Policy;

c.  Correspondence between National Union and Beaumont relating to Beaumont's claim submission, and National Union's analysis of the claim;

d.  Correspondence from HSNO and reports reflecting HSNO's analysis of the claim;

e.  Testimony of Jennifer Rocha;

f.  Testimony of Peter Fogarty;

g.  Testimony of Richard E. Tasker;

h.  Testimony of Anthony Hayter;

i.  Testimony of Peter Evans.

j.  Contracts entered into between ULC and Beaumont;

k.  Documents reflecting Beaumont's Capital Improvement Plans and approval thereof;

l.  Bonds issued by Beaumont Financing Authority;

m. Beaumont City Council meeting minutes;

n.  Beaumont City Council agendas; and

o.  Beaumont's warrant lists.

National Union reserves the right to rely upon any other exhibits referenced on its exhibit list and testimony from other witnesses identified on its witness list and/or called to testify at trial.

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614

<u>Claim 3 – Unfair Business Acts and Practices</u>

National Union intends to offer the following evidence in opposition to Plaintiffs' claim for unfair business acts and practices:

a. The 2014 Policy;

b. The 2015 Policy;

c. Correspondence between National Union and Beaumont relating to Beaumont's claim submission, and National Union's analysis of the claim;

d. Correspondence from HSNO and reports reflecting HSNO's analysis of the claim;

e. Testimony of Jennifer Rocha;

f. Testimony of Peter Fogarty;

g. Testimony of Richard Tasker;

h. Testimony of Anthony Hayter;

i. Testimony of Peter Evans.

j. Contracts entered into between ULC and Beaumont;

k. Documents reflecting Beaumont's Capital Improvement Plans and approval thereof;

l. Bonds issued by Beaumont Financing Authority;

m. Beaumont City Council meeting minutes;

n. Beaumont City Council agendas; and

o. Beaumont's warrant lists.

National Union reserves the right to rely upon any other exhibits referenced on its exhibit list and testimony from other witnesses identified on its witness list and/or called to testify at trial.

<u>Claim 4 – Declaratory Relief</u>

National Union intends to offer the following evidence in opposition to Plaintiffs' request for declaratory relief:

-10-
DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA  92614

a.  The 2014 Policy;

b.  The 2015 Policy;

c.  Correspondence between National Union and Beaumont relating to Beaumont's claim submission, and National Union's analysis of the claim;

d.  Correspondence from HSNO and reports reflecting HSNO's analysis of the claim;

e.  Testimony from Jennifer Rocha;

f.  Testimony from Richard Tasker;

g.  Testimony from James Gregg;

h.  Testimony from Brian DeForge;

i.  Testimony from Lawrence Dressel;

j.  Testimony from Roger Berg;

k.  Testimony of Peter Fogarty;

l.  Testimony of Anthony Hayter;

m.  Urban Logic's bank statements;

n.  Contracts entered into between ULC and Beaumont;

o.  Documents reflecting Beaumont's Capital Improvement Plans and approval thereof;

p.  Bonds issued by  Beaumont Financing Authority;

q.  Beaumont City Council meeting minutes;

r.  Beaumont City Council agendas; and

s.  Beaumont's warrant lists.

National Union reserves the right to rely upon any other exhibits referenced on its exhibit list and testimony from other witnesses identified on its witness list and/or called to testify at trial.

**D.   Affirmative Defenses – L.R. 16-4.1(d)**

First Affirmative Defense: Ratification.

Second Affirmative Defense: Exclusion 1.a.

-11-

Third Affirmative Defense: Exclusion 1.c.

Fourth Affirmative Defense: Exclusion 1.f (as amended by Endorsement 6).

Fifth Affirmative Defense: Exclusion 1.g.

Sixth Affirmative Defense: Limit of Liability.

Seventh Affirmative Defense: Deductible.

Eighth Affirmative Defense: Timely Notice as required by Section E.1.f(1).

Ninth Affirmative Defense: Timely Proof of Loss as required by Section E.1.f.(4).

Tenth Affirmative Defense: Timely lawsuit as required by Section E.1.l.

Eleventh Affirmative Defense: Loss of covered property.

Twelfth Affirmative Defense: Set-Off.

Thirteenth Affirmative Defense: Lack of Standing vs. WRCOG.

Fourteenth Affirmative Defense: Lack of Standing vs. Beaumont.

Fifteenth Affirmative Defense: Fortuity under 2014 Policy.

Sixteenth Affirmative Defense: Fortuity under 2015 Policy.

Seventeenth Affirmative Defense: Termination of Coverage.

Eighteenth Affirmative Defense: Employee Conversion Exclusion.

Nineteenth Affirmative Defense: Cumulative Limit of Insurance.

Twentieth Affirmative Defense: Limit of Liability under 2014 Policy, Section B.

**E.     Elements Required to Establish Defendant's Affirmative Defenses – L.R. 16-4.1(e)**

Elements Required to Establish Defendant's Affirmative Defense of Ratification (First Affirmative Defense)

Ratification is to be determined by consideration of the party's declarations, acts, and/or conduct.  To succeed, National Union must prove that:

1.     Beaumont learned of payments to Urban Logic after they occurred;

2.     Beaumont either

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

a.      Knew of Urban Logic's overbilling or

b.      Intentionally failed to investigate after becoming aware of circumstances that would put a reasonable person on notice of overbilling; and

3.      Beaumont approved of the payments to Urban Logic.

Approval can be shown through words, or it can be inferred from conduct.

*Reusche v. California Pacific Title Ins. Co.*, 231 Cal.App.2d 731 (1965); *Site Management Services, Inc. v. Cingular Wireless LLC*, 2014 WL 971714 (Cal. App. Mar. 13, 2014).

<u>Elements Required to Establish Defendant's Affirmative Defense of Insurance Policy Exclusion (Second Affirmative Defense)</u>

To the extent Plaintiffs have standing to pursue a claim under the 2014 or 2015 Policy, neither the 2014 Policy nor the 2015 Policy cover, pursuant to Exclusion 1.a, "Loss resulting from 'theft' or any other dishonest act committed by you, whether acting alone or in collusion with other persons." (Dkt. 49-4, pp. 6, 293; Exclusion 1.a of 2014 and 2015 Policies).  This provision defines the scope of coverage and confirms Plaintiff's burden of proof.  National Union does not have any burden of proof on this issue.  This provision was asserted to preserve National Union's rights in the event Plaintiffs disputed the elements of their claim and to avoid a suggestion of waiver. Defendant will evaluate how to instruct the jury on this provision upon disclosure of the claims Plaintiffs intend to pursue and their proposed jury instructions.

(See Dkt. 49-4, pp. 6, 293; Exclusion 1.a of 2014 and 2015 Policies).

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614

<u>Elements Required to Establish Defendant's Affirmative Defense of Insurance</u>
<u>Policy Exclusion (Third Affirmative Defense)</u>

To the extent Plaintiffs have standing to pursue a claim under the 2014 Policy or the 2015 Policy, neither the 2014 Policy nor the 2015 Policy cover, pursuant to Exclusion 1.c, "Loss resulting from 'theft' or any other dishonest act committed by any of your officials, 'employees' or authorized representatives: (1) Whether acting alone or in collusion with other persons; or (2) While performing services for you or otherwise; except when covered under Insuring Agreement A.1. or A.2." (Dkt. 49-4, pp. 7, 294; Exclusion 1.c of 2014 and 2015 Policies). This provision defines the scope of coverage and Plaintiffs' right to seek coverage under any insuring agreement other than Insuring Agreement A.1 and A.2. This provision was pled as an affirmative defense to preserve National Union's rights to the extent Plaintiffs seek coverage under any insuring agreement other than A.1 or A.2.   National Union does not have any burden of proof on this issue.  This affirmative defense was asserted to preserve National Union's rights in the event Plaintiffs disputed the elements of their claim and to avoid a suggestion of waiver. Defendant will evaluate how to instruct the jury on this provision upon disclosure of the claims Plaintiffs intend to pursue and their proposed jury instructions.

(See Dkt. 49-4, pp. 7, 294; Exclusion 1.c of 2014 and 2015 Policies).

<u>Elements Required to Establish Defendant's Affirmative Defense of Insurance</u>
<u>Policy Exclusion (Fourth Affirmative Defense)</u>

National Union claims that Beaumont's loss is not covered because it is specifically excluded pursuant to Exclusion 1.f (as amended by Endorsement 6) of the 2014 Policy and 2015 Policy. To succeed, National Union must prove that Beaumont's loss is "Loss that is an indirect result of an 'occurrence' covered by this policy including, but not limited to, loss resulting from: (1) [Beaumont's]

-14-
DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

inability to realize income that [it] would have realized had there been no loss of or damage to 'money', 'securities' or 'other property'. (2) Payment of damages of any type for which [Beaumont is] legally liable. But, we will pay compensatory damages arising directly from a loss covered under this policy. (3) Payment of costs, fees or other expenses [Beaumont] incurs in establishing either the existence of loss under this policy." (Dkt. 49-4, pp. 7, 294; Exclusion 1.f of 2014 and 2015 Policies). Plaintiffs' complaint references litigation between WRCOG and the City of Beaumont. Neither the 2014 Policy nor the 2015 Policy cover any fees, costs or other expenses incurred in the context of that litigation, any damages awarded in that litigation or fees or expenses incurred establishing a loss covered under the 2014 Policy or the 2015 Policy. This provision was asserted as a defense to preserve National Union's rights in the event Plaintiffs sought coverage for excluded damages. Defendant will evaluate how to instruct the jury on this provision upon disclosure of the claims Plaintiffs intend to pursue and their proposed jury instructions.

(See Dkt. 49-4, pp. 7, 294; Exclusion 1.f of 2014 and 2015 Policies).

### Elements Required to Establish Defendant's Affirmative Defense of Insurance Policy Exclusion (Fifth Affirmative Defense)

National Union claims that Beaumont's loss is not covered because it is specifically excluded pursuant to Exclusion 1.g of the 2014 Policy and 2015 Policy. To succeed, National Union must prove that the City of Beaumont's loss is "Fees, costs and expenses incurred by [Beaumont] which are related to any legal action, except when covered under Insuring Agreement A.3." (Dkt. 49-4, pp. 7, 294; Exclusion 1.g of 2014 and 2015 Policies). Plaintiffs' complaint references litigation between WRCOG and the City of Beaumont. Neither the 2014 Policy nor the 2015 Policy cover any fees, costs or other expenses incurred in the context

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

of that litigation, any damages awarded in that litigation or fees or expenses incurred establishing a loss covered under the 2014 Policy or the 2015 Policy. This provision was asserted as a defense to preserve National Union's rights in the event Plaintiffs sought coverage for excluded damages. Defendant will evaluate how to instruct the jury on this provision upon disclosure of the claims Plaintiffs intend to pursue and their proposed jury instructions.

(See Dkt. 49-4, pp. 7, 294; Exclusion 1.g of 2014 and 2015 Policies).

<u>Elements Required to Establish Defendant's Affirmative Defense of Loss in Excess of Applicable Limit of Liability (Sixth Affirmative Defense)</u>

National Union claims that to the extent Plaintiffs have standing to pursue a claim under the 2014 Policy or 2015 Policy, neither policy covers loss in excess of the applicable limit of liability. The 2014 Policy has a $10,000,000 Limit of Insurance Per Occurrence applicable to the Employee Theft – Per Employee Coverage Insuring Agreement. (Dkt. 49-4, p. 3). To the extent that Beaumont establishes a loss covered under the 2014 Policy, it cannot recover more than the limit of liability under that policy. The 2015 Policy has a $15,000,000 Limit of Insurance Per Occurrence applicable to the Employee Theft – Per Employee Coverage Insuring Agreement. (*Id.*, p. 289). To the extent that Beaumont establishes a loss covered under the 2015 Policy, it cannot recover more than the limit of liability under that policy. National Union does not have the burden of proving any elements on these provisions but asserted them as defenses in the event that Plaintiffs seek a recovery in excess of the applicable limits of liability.

(See Dkt. 49-4, pp. 3, 290, Limit of Liability for 2014 Policy and 2015 Policy.)

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA  92614

-16-

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

<u>Elements Required to Establish Defendant's Affirmative Defense of Necessity to Establish a Covered Loss in Excess of the Applicable Deductible (Seventh Affirmative Defense)</u>

National Union claims that to the extent Plaintiffs have standing to pursue a claim under the 2014 Policy or the 2015 Policy, neither policy applies pursuant to Endorsement 3, unless Plaintiffs establish a covered loss in excess of the applicable deductible. Pursuant to Endorsement 3-39, Beaumont's deductible amount is $2,500. (Dkt. 49-4, p. 99).  Proof of a loss is an element of Plaintiffs' claim.  National Union does not have any burden of proof on this issue.  This provision was asserted as a defense to preserve National Union's rights in the event Plaintiffs disputed the elements of their claim and to avoid a suggestion of waiver. Defendant will evaluate how to instruct the jury on this provision upon disclosure of the claims Plaintiffs intend to pursue and their proposed jury instructions.

(See Dkt. 49-4, p. 99, 386, Endorsement # 3-39 of 2014 Policy and 2015 Policy).

<u>Elements Required to Establish Defendant's Affirmative Defense of Failure to Give Notice (Eighth Affirmative Defense)</u>

The 2014 Policy and the 2015 Policy provide that the insured must give the insurer notice of loss as soon as practical. (Dkt. 49-4, pp. 10, 297.) In order to prove this defense, National Union has the burden of proving all the facts necessary to establish:

1.    Beaumont did not give National Union notice as soon as practical following discovery;

2.    That National Union was prejudiced by Beaumont's failure to give timely notice.

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

*See* CACI Instruction No. 2320; Dkt. 49-4, pp. 10, 297, Section E.1.f(1) of the 2014 Policy and 2015 Policy.

<u>Elements Required to Establish Defendant's Affirmative Defense of Failure to</u>
<u>Give Proof of Loss (Ninth Affirmative Defense)</u>

The 2014 Policy and the 2015 Policy provide that the insured must submit a proof of loss within 120 days of discovery. (Dkt. 49-4, pp. 10, 297). In order to prove this defense, National Union has the burden of proving that it did not receive Beaumont's proof of loss until more than 120 days after discovery occurred. (See Dkt. 49-4, pp. 10, 297, Section E.1.f(4) of the 2014 Policy and 2015 Policy).

<u>Elements Required to Establish Defendant's Affirmative Defense of Failure to</u>
<u>Timely File Suit (Tenth Affirmative Defense)</u>

Pursuant to Condition E.1.l of the Policies, Plaintiffs cannot pursue a legal claim against National Union more than two years from the date of discovery. (Dkt. 49-4, p. 11, 298).  To succeed, National Union must prove that Beaumont filed suit more than two years after the date of discovery.

(See Dkt. 49-4, pp. 11, 298, Condition E.1.l of the 2014 Policy and 2015 Policy).

<u>Elements Required to Establish Defendant's Affirmative Defense of Plaintiffs</u>
<u>Failure to Prove a Loss of Property Encompassed within Section E.1.o (as</u>
<u>amended by Endorsement No. 29) (Eleventh Affirmative Defense)</u>

Pursuant to Section E.1.o of the Policies, as amended by Endorsement No. 29,

The property covered under this policy is limited to property:

(1) That you own or lease;

(2) That you hold for others; or

-18-

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA  92614

1  (3) That you hold in any capacity, whether or not you are legally liable,

2  but also may be property for which you are legally liable.

3  (Dkt. 49-4, pp. 12, 273, 299, 563).   Proof of a loss of covered property is an

4  element of Plaintiffs' claim. National Union does not have any burden of proof on

5  this issue.  This provision was asserted as defense to preserve National Union's

6  rights in the event Plaintiffs disputed the elements of their claim and to avoid a

7  suggestion of waiver. Defendant will evaluate how to instruct the jury on this

8  provision upon disclosure of the claims Plaintiffs intend to pursue and their

9  proposed jury instructions.

10

11  (See Dkt. 49-4, pp. 12, 273, 299, 563, Section E.1.o and Endorsement # 29 of the

12  2014 Policy and 2015 Policy).

13

14  <u>Elements Required to Establish Defendant's Affirmative Defense of Offset</u>

15  <u>(Twelfth Affirmative Defense)</u>

16   Pursuant to Section E.1.s of the Policies,

17  (1) Any recoveries, whether effected before or after any payment under

18  this policy, whether made by us or you, shall be applied net of the

19  expense of such recovery: (a) First, to you in satisfaction of your

20  covered loss in excess of the amount paid under this policy; (b) Second,

21  to us in satisfaction of amounts paid in settlement of your claim; (c)

22  Third, to you in satisfaction of any Deductible Amount; and (d) Fourth,

23  to you in satisfaction of any loss not covered under this policy. (2)

24  Recoveries do not include any recovery: (a) From insurance,

25  suretyship, reinsurance, security or indemnity taken for our benefit; or

26  (b) Of original "securities" after duplicates of them have been issued.

27   Beaumont received $10 million in recoveries from Mr. Dillon, Mr.

28  Moorjani and Mr. Egger.  National Union is entitled to a credit for these recoveries.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

To succeed, National Union must prove the amount and receipt of the recoveries.

See Dkt. 49-4, pp. 12, 299-300; *Pan Pac. Retail Properties, Inc. v. Gulf Ins. Co.*, 471 F.3d 961, 973-74 (9th Cir. 2006) ("California case law states that an insurer may offset its contractual obligation to pay the insured against any previous payments made by other parties that have already compensated the insured for its loss[.]").

### Elements Required to Establish Defendant's Affirmative Defense of Lack of Standing (Thirteenth Affirmative Defense)

National Union contends that WRCOG cannot recover to the extent it lacks standing to pursue the claims alleged in this action. Proof of standing is an element of Plaintiffs' claim. National Union does not have any burden of proof on this issue.  This provision was asserted as a defense to preserve National Union's rights in the event Plaintiffs disputed the elements of their claim and to avoid a suggestion of waiver. Defendant will evaluate how to instruct the jury on this provision upon disclosure of the claims Plaintiffs intend to pursue and their proposed jury instructions.

### Elements Required to Establish Defendant's Affirmative Defense of Lack of Standing (Fourteenth Affirmative Defense)

National Union contends that Beaumont cannot recover to the extent it lacks standing to pursue the claims alleged in this action. Proof of standing is an element of Plaintiffs' claim.  National Union does not have any burden of proof on this issue.  This provision was asserted as a defense to preserve National Union's rights in the event Plaintiffs disputed the elements of their claim and to avoid a suggestion of waiver. Defendant will evaluate how to instruct the jury on this provision upon disclosure of the claims Plaintiffs intend to pursue and their

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1   proposed jury instructions.

2

3   <u>Elements Required to Establish Defendant's Affirmative Defense of Awareness</u>

4   <u>of Claimed Loss Prior to the Inception of the 2014 Policy (Fifteenth Affirmative</u>

5   <u>Defense)</u>

6       National Union contends that Plaintiffs cannot recover under the 2014

7   Policy to the extent that they were aware of the claimed loss prior to the inception

8   of that policy. Pursuant to Exclusion 1.b of the 2014 Policy,

9       This policy does not cover:

10      **b. Acts Of Employees Learned Of By You Prior To The Policy**

11      **Period**

12      Loss caused by an "employee" if the "employee" had also committed

13      "theft" or any other dishonest act prior to the effective date of this

14      policy and you or any of your officials, not in collusion with the

15      "employee", learned of that "theft" or dishonest act prior to the Policy

16      Period shown in the Declarations.

17  (Dkt. 49-4, p. 6) (emphasis in original). To the extent that Plaintiffs pursue a claim

18  under the 2014 Policy, National Union must show that Beaumont or any of its

19  officials learned of theft or a dishonest act prior to June 30, 2014.

20

21  (See Dkt. 49-4, p. 6, Exclusion 1.b of the 2014 Policy.)

22

23  <u>Elements Required to Establish Defendant's Affirmative Defense of Awareness</u>

24  <u>of Claimed Loss Prior to the Inception of the 2015 Policy (Sixteenth Affirmative</u>

25  <u>Defense)</u>

26      National Union contends that Plaintiffs cannot recover under the 2015

27  Policy to the extent that they were aware of the claimed loss prior to the inception

28  of that policy. Pursuant to Exclusion 1.b of the 2015 Policy,

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614

-21-

This policy does not cover:

**b. Acts Of Employees Learned Of By You Prior To The Policy Period**

Loss caused by an "employee" if the "employee" had also committed "theft" or any other dishonest act prior to the effective date of this policy and you or any of your officials, not in collusion with the "employee", learned of that "theft" or dishonest act prior to the Policy Period shown in the Declarations.

(Dkt. 49-4, p. 293) (emphasis in original). To the extent that Plaintiffs pursue a claim under the 2015 Policy, National Union must show that Beaumont or any of its officials learned of theft or a dishonest act prior to June 30, 2015.

(See Dkt. 49-4, p. 293, Exclusion 1.b of the 2015 Policy.)

<u>Elements Required to Establish Defendant's Affirmative Defense of Discovery Clause (Seventeenth Affirmative Defense)</u>

Neither the 2014 Policy nor the 2015 Policy cover, pursuant to Endorsement No. 8, any "employee" as soon as the "RISK MANAGEMENT DEPARTMENT OR OTHER DEPARTMENT DESIGNATED TO HANDLE INSURANCE MATTERS FOR THE NAME[D] INSURED … learns of 'theft' of any other dishonest act committed by the 'employee' whether before or after becoming employed by you provided that such conduct involved Loss of 'Money', 'Securities' or 'Other property' valued at or in excess of $25,000." (Dkt. 49-4, pp. 248-49, 538-39, Endorsement # 8). To the extent that Plaintiffs pursue a claim under the 2014 Policy, National Union must prove that the Risk Management Department or other department designated to handle insurance matters for Beaumont learned of a theft or other dishonest act committed by the employee and that such conduct involved loss of "Money", "Securities" or "Other property"

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

valued at or in excess of $25,000 prior to June 30, 2014. To the extent that Plaintiffs pursue a claim under the 2015 Policy, National Union must prove that the Risk Management Department or other department designated to handle insurance matters for Beaumont learned of a theft or other dishonest act committed by the employee and that such conduct involved loss of "Money", "Securities" or "Other property" valued at or in excess of $25,000 prior to June 30, 2015.

*See* CACI Instruction No. 2303; Dkt. 49-4, pp. 248-49, 538-39, Endorsement # 8 of the 2014 Policy and 2015 Policy.

<u>Elements Required to Establish Defendant's Affirmative Defense of Endorsement 4 (Eighteenth Affirmative Defense)</u>

Pursuant to Endorsement 4, the Policies do not cover "[d]amages for which you are legally liable as a result of … [t]he tortious conduct of an 'employee', except the conversion of property of other parties held by you in any capacity." (Dkt. 49-4, pp. 242, 532). Plaintiffs' complaint references litigation between Western Riverside and the City of Beaumont. Neither the 2014 Policy nor the 2015 Policy cover liability to Western Riverside. This provision was asserted as a defense to preserve National Union's rights in the event Plaintiffs sought coverage for excluded damages. Defendant will evaluate how to instruct the jury on this provision upon disclosure of the claims Plaintiffs intend to pursue and their proposed jury instructions.

(See Dkt. 49-4, pp. 242, 532, Endorsement # 4 of the 2014 Policy and 2015 Policy).

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

<u>Elements Required to Establish Defendant's Affirmative Defense of Stacking</u>
<u>Limits (Nineteenth Affirmative Defense)</u>

Pursuant to Endorsement 3-39, "[n]o Limit of Insurance during any period will be cumulative with any other amount applicable to the same coverage during any other period." (Dkt. 49-4, pp. 100, 387). This provision defines the scope of coverage and addresses the right to stack limits under the 2014 Policy and 2015 Policy.  National Union does not have any burden of proof on this issue.  This provision was asserted as a defense to preserve National Union's rights in the event Plaintiffs disputed the elements of their claim and to avoid a suggestion of waiver. Defendant will evaluate how to instruct the jury on this provision upon disclosure of the claims Plaintiffs intend to pursue and their proposed jury instructions.

(See Dkt. 49-4, pp. 100, 387, Endorsement # 3-39 of the 2014 Policy and 2015 Policy).

<u>Elements Required to Establish Defendant's Affirmative Defense of Limit of</u>
<u>Insurance (Twentieth Affirmative Defense)</u>

National Union contends that Plaintiffs cannot recover more than the limit of insurance under the 2014 Policy because Section B provides that "[t]he most we will pay for all loss resulting from an 'occurrence' is the applicable Limit of Insurance shown in the Declarations" and "[i]f any loss is covered under more than one Insuring Agreement or Coverage, the most we will pay for such loss shall not exceed the largest Limit of Insurance under any one of those Insuring Agreements or Coverages." (Dkt. 49-4, pp. 6, 293). This provision defines the scope of coverage and addresses the right to stack limits under the 2014 Policy and 2015 Policy.  National Union does not have any burden of proof on this issue.  This provision was asserted as a defense to preserve National Union's rights in the event Plaintiffs disputed the elements of their claim and to avoid a suggestion of waiver.

-24-

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

Defendant will evaluate how to instruct the jury on this provision upon disclosure of the claims Plaintiffs intend to pursue and their proposed jury instructions.

*See* CACI Instruction No. 2303; Dkt. 49-4, pp. 6, 293, Section B of the 2014 Policy and the 2015 Policy.

**F.    Brief Description of Key Evidence Relied on in Support of Each Affirmative Defense – L.R. 16-4.1(f)**

Key Evidence Relied on in Support of Affirmative Defenses Regarding Insurance Policy Contract Principles, Conditions, Endorsements, or Exclusions (First, Second, Third, Fourth, Fifth, Eleventh, Eighteenth, Nineteenth, and Twentieth Affirmative Defenses)

a.  The 2014 Policy

b.  The 2015 Policy

c.  Testimony and admissions from Beaumont Finance Authority and Beaumont

d.  Beaumont Financing Authority Bonds

e.  City Council Meeting Minutes

f.  Testimony of Peter Fogarty

g.  HSNO reports

h.  30(b)(6) Testimony from Beaumont Finance Authority and Beaumont;

i.  Testimony of Richard Tasker

j.  Testimony of Anthony Hayter

k.  Payments by the City of Beaumont to Urban Logic Consultants ("ULC") and Urban Logic Services

l.  Contracts entered into between ULC and the City of Beaumont

m.  ULC Hourly Rate Schedule

n.  Subpoenaed records from Union Bank

o.  Testimony of Roger Berg

p.  Testimony of Brian DeForge

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1   q.  Testimony of Lawrence Dressel

2   r.  City Council agenda

3   s.  Warrant lists

4   t.  Capital Improvement Plans

5

6   Key Evidence Relied on in Support of Affirmative Defenses Regarding Damages

7       (Sixth, Seventh, Twelfth, Thirteenth, and Fourteenth Affirmative Defenses)

8   a.  Testimony of Peter Fogarty

9   b.  HSNO reports

10   c.  Testimony of Richard Tasker

11   d.  Testimony of Anthony Hayter

12   e.  30(b)(6) Testimony from Beaumont Finance Authority and Beaumont;

13   f.  Payments by the City of Beaumont to Urban Logic Consultants ("ULC") and

14       Urban Logic Services

15   g.  Contracts entered into between ULC and the City of Beaumont

16   h.  ULC Hourly Rate Schedule

17   i.  Subpoenaed records from Union Bank

18   j.  Testimony and admissions from Beaumont Finance Authority and Beaumont

19   k.  Restitution payments

20

21       Key Evidence Relied on in Support of Affirmative Defenses Regarding

22   Discovery (Eighth, Ninth, Tenth, Fifteenth, Sixteenth, Seventeenth Affirmative

23                           Defenses)

24   a.  The 2014 Policy

25   b.  The 2015 Policy

26   c.  30(b)(6) Testimony from Beaumont Finance Authority and Beaumont;

27   d.  Testimony from James Gregg

28   e.  Testimony of Brian DeForge

-26-

f.  Testimony of Lawrence Dressel

g.  Testimony of Roger Berg

h.  Capital Improvement Plans

i.  Beaumont Financing Authority Bonds

j.  City Council Meeting Minutes

k.  30(b)(6) Testimony from Beaumont Finance Authority and Beaumont

**G.  Similar Statement for all third parties – L.R. 16-4.1(g)**

Not applicable.

**H.  Identification of Any Anticipated Evidentiary Issues – L.R. 16-4.1(h)**

National Union has filed the following motions *in limine*:

1.  Motion to exclude Plaintiffs' forensic accounting expert, Daniel Ray;

2.  Motion to exclude Plaintiffs' insurance expert, John Lepire;

3.  Motion to exclude admission of Beaumont's proof of loss and supplemental to proof of loss;

4.  Motion to exclude evidence of the felony complaint against of Alan Kapanicas and William Aylward and their guilty pleas;

5.  Motion to bar Plaintiffs from arguing that Mr. Kapanicas colluded in the alleged theft committed by the Former Officials;

6.  Motion to exclude undisclosed witnesses;

7.  Motion to bar Western Riverside Council of Governments witnesses.;

8.  Motion to exclude evidence of TUMF judgment and any argument that the polices cover a third party liability;

9.  Motion to bar Plaintiffs from asserting any argument that the discovery period was tolled of adverse domination;

In addition, National Union anticipates the following additional evidentiary issues:  First, Plaintiffs suggested that they may attempt to call Elizabeth Gibbs as a corporate representative of Beaumont, despite her lacking percipient knowledge.

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Beaumont cannot call Ms. Gibbs to testify in a corporate capacity. *Plexxikon v. Novartis Pharms., Corp.*, 2021 WL 2255885 at *5 (N.D. Cal. 2021).

Second, Plaintiffs' proposed accounting expert referenced income earned by the Former Officials and Mr. Kapanicas. It is unclear whether Plaintiffs intend to introduce such evidence, but to the extent that they do so, any evidence about or reference to income earned by the Former Officials and/or Mr. Kapanicas is irrelevant under Federal Rule of Evidence 401, and more prejudicial than probative under Federal Rule of Evidence 403. *Major Brands, Inc. v. Mast-Jagermeister US, Inc.*, No. 4:18 CV00423HEA, 2021 WL 2634665, at *2 (E.D. Mo. June 25, 2021); *Reyes v. Aqua Life Corp.*, No. 10-23548-Civ-COOKIE/TURNOFF, 2012 WL 12892213, at *2 (S.D. Fla. July 9, 2012). National Union therefore reserves the right to seek an *in limine* ruling on the admissibility of such evidence in the event Plaintiffs seek to introduce it at trial.

## I.       Identification of Any Issues of Law – L.R. 16-4.1(i)

National Union's motion for summary judgment details its analysis of the governing issues of law, including issues related to the discovery provision, termination clause, adverse domination and definition of theft. To avoid unnecessary duplication, National Union incorporates those briefs by reference and will briefly summarize its position on each issue.

***Definition of Theft***: Insuring Clause A does not cover approved billing. Instead, it requires Plaintiffs to prove failure to faithfully perform duties or an unlawful taking to the deprivation of the Insured. That standard does not encompass conduct disclosed to and approved by an insured. *Bass v. American Ins. Co.*, 493 F.2d 590, 593 (9th Cir. 1974); *Blomquist v. Am. Sur. Co.*, 20 F.2d 661 (9th Cir. 1927); *Tesoro v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 96 F. Supp. 3d 638, 647 (W.D. Tex., 2015), *aff'd*, 833 F.3d 470 (5th Cir. 2016); *Hartford Fire Ins. v. Mitchell*, 440 Fed. Appx. 759, 760 (11th Cir. 2011).

***Discovery Clause***: "California has long recognized the validity of discovery

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

of loss provisions in fidelity insurance policies." *Admiralty Fund v. Peerless Ins. Co.*, 143 Cal. App. 3d 379, 384 (1983). "Public policy, as well as basic notions of fairness, dictate that a claimant who does not take action within the specified period acquiesces to the wrong committed. In such cases, the courts properly show no hesitation in enforcing the discovery clause." *Id.* at 387.  Accordingly, the mere fact that discovery is difficult due to employee malfeasance does not excuse compliance with the terms of an insurance policy or excuse discovery: "courts [in California] have strictly enforced [discovery loss] provisions so that neither difficulty in discovering insured losses nor employee concealment excuse the insured's performance." *Id.* at 384.

Codifying basic fortuity principles, the Policies are written on a "discovery" basis and apply only to conduct first discovered during the policy period. *California Union Ins. v. Am. Diversified*, 948 F.2d 556, 564 (9th Cir. 1991). Under this standard, an insured cannot deny that knowledge of conduct is discovery and then claim that the same conduct is covered by its insurance.  Either the policy covers such conduct (in which case knowledge constitutes discovery) or the policy does not cover such conduct (and the insured cannot recover).  Where, as here, an insured seeks coverage based upon specific conduct, courts agree that knowledge of that conduct constitutes "discovery" and the insured can only recover under the policy in effect when the insured first learned of that conduct.  *USLIFE Sav. Loan v. Nat'l Sur.*, 115 Cal. App. 3d 336, 345 (Cal. App. 1981); *St. Paul Fire & Marine Ins. v. Bank of Stockton*, 213 F. Supp. 716, 719–20 (N.D. Calif. 1963) .

Plaintiffs' wrongly assert adverse domination as a means of seeking recovery under both the 2014 Policy and the 2015 Policy.  The doctrine applies in an exceptionally narrow circumstance - where a dishonest employee's control over a corporate insured renders it impossible for anyone else to uncovering a theft. Ninth Circuit authority rejects the doctrine where, as here, any non-colluding employees exist and can discover the alleged theft.  *Karen Kane v. Reliance Ins.*

-29-

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

*Co.*, 202 F.3d 1180, 1190 (9th Cir. 2000) (refusing to apply adverse domination as a matter of law because insured was supervised by other employees); *California Union Ins. Co.*, 948 F.2d at 565 (refusing to apply the doctrine because non-colluding employees could have uncovered fraud); *Seiden v. Frazer Frost, LLP*, 796 F. App'x 381, 382 (9th Cir. 2020) ("As the district court recognized, a corporate plaintiff or its representatives … must show complete control by its corrupt insiders, such that discovery of their wrongdoing is impossible").

*Termination Clause*: The Policies, in Condition 2(b), contain a contractual termination of coverage clause that cancels coverage for an employee upon disclosure of any dishonesty. Where, as here, an insured learns of dishonesty (whether theft or not), coverage for the employee immediately terminates – meaning that the employee's conduct was never covered under any subsequent policies. *Starr Ins. v. U.S. Specialty Ins.*, 185 A.D.3d 488, 489 (N.Y. App. 2020); *RTC v. Aetna Cas. & Sur.*, 873 F. Supp. 1386, 1388 (D. Ariz. 1994). To the extent that Beaumont learned of dishonesty prior to the inception of the 2014 Policy, the Former Officials were never covered under the Policies, and the Policies did not cover any loss they caused. *Ciancetti v. Indem. Ins. Co.*, 335 P.2d 1048, 1050 (Cal. App. 1959).

## II.    BIFURCATION OF ISSUES – L.R. 16-4.3

Beaumont prayed for punitive damages related to its cause of action for breach of the covenant of good faith and fair dealing. (Dkt. 20, p. 23) Pursuant to Federal Rule of Civil Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "Rule 42(b) of the Federal Rules of Civil Procedure confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

2002). To avoid prejudice to National Union and to expedite the issues, bifurcation of these issues is warranted.

First, bifurcation is warranted to avoid prejudice to National Union, specifically the introduction of prejudicial financial information while the jury determines liability.  To decide the amount of punitive damages, the jury will be explicitly instructed to consider the defendant's financial condition. See CACI No. 3940.  To properly inform the jury, Plaintiffs will necessarily have to introduce evidence of National Union's financial condition.  The injection of such evidence while the jury is simultaneously deciding breach of contract and bad faith liability would be highly prejudicial to National Union.  Such evidence would tempt the jury to conclude that because of National Union's financial condition, National Union should have paid the City's insurance claim.  Instead, California statutory law outlines a procedure for courts to follow: "[t]he court shall, on application of any defendant, preclude the admission of evidence of that defendant's profits or financial condition until after the trier of fact returns a verdict for plaintiff awarding actual damages and finds that a defendant is guilty of malice, oppression, or fraud in accordance with Section 3294." Cal. Civ. Code § 3295(d).

In addition, aside from any prejudice related to financial condition, evidence related to the punitive damages issue generally would also be prejudicial during the liability phase of the trial, as "[t]he conduct required to award punitive damages for the tortious breach of contract … is of a different dimension [than that required to find bad faith]."  *Shade Foods, Inc. v. Innovative Prods. Sales & Mktg., Inc.*, 78 Cal. App. 4th 847, 890 (2000).  To avoid "inflam[ing] the passion and prejudice of the jury to tip their judgment in favor of liability," National Union requests bifurcation of punitive damages and attorneys' fees. *Adams v. Murakami*, 813 P.2d 1348, 1359 (Cal. 1991).

Second, bifurcation is warranted to expedite issues in this case.  California case law is clear that a prerequisite to the award of punitive damages is a showing

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Gordon Rees Scully Mansukhani, LLP
5 Park Plaza, Suite 1100
Irvine, CA  92614

by clear and convincing evidence of the defendant's "oppression, fraud, or malice." *Westrec Marina Mgmt., Inc. v. Jardine Ins. Brokers Orange Cnty.*, 85 Cal. App. 4th 1042, 1050 (2000) (quoting Cal. Civ. Code § 3294(a)).  The City's potential entitlement to Brandt fees similarly relies on a finding of bad faith.  *Brandt v. Superior Ct.*, 37 Cal.3d 813, 819 (1985).  There would be no need for the jury to even consider punitive damages or attorneys' fees absent an initial finding of bath faith and "oppression, fraud, or malice."  *Davis v. Safeco Ins. Co. of Am.*, No. 04cv1237 BEN (NLS), 2006 WL 5201382, at *1 (S.D. Cal. Feb. 7, 2006) ("[B]ecause the granting of Motion in Limine No. 7 will bifurcate the trial and put any punitive damages evidence into the second phase, the issue of attorney's fees in this federal case shall be left for the second phase of trial along with punitive damages.").   Accordingly, bifurcating these issues would best expedite the issues in this case.

## III.    JURY TRIAL – L.R. 16-4.4

Plaintiffs requested "a trial by jury on all issues so triable" in the First Amended Complaint. (Dkt. 20, p. 23).  Plaintiffs are not entitled to a jury trial on Claims 3 and 4 because Claim 3 seeks relief under California Business and Professions Code Sections 17200 and Claim 4 seeks a declaratory judgment.

## IV.    ATTORNEYS' FEES – L.R. 16-4.5

Defendants are not seeking attorneys' fees.

## V.    ABANDONMENT OF ISSUES – L.R. 16-4.6

Not applicable.

Dated: August 11, 2022              GORDON REES SCULLY
                                    MANSUKHANI LLP

                                    By:   */s/ Scott L. Schmookler*
                                          Scott L. Schmookler (PHV)
                                          sschmookler@grsm.com
                                          (312) 980-6779

-32-

1   | 5 Park Plaza
2   | Suite 1100
3   | Irvine, CA 92614
4   | *Attorneys for Defendant*
    | *National Union Fire Insurance*
    | *Company of Pittsburgh, Pa.*

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA  92614

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon Rees Scully Mansukhani, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614

1220599/69771480v.r

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 11, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

Jeffrey V. Dunn, State Bar No. 131926
jeffrey.dunn@bbklaw.com
Christopher E. Deal, State Bar No. 186754
chris.deal@bbklaw.com
Daniel L. Richards, State Bar No. 315552
daniel.richards@bbklaw.com
BEST & KRIEGER LLP
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612
Telephone: 949-263-2600
Facsimile: 949-260-0972

*Attorneys for Plaintiffs*

GORDON REES SCULLY
MANSUKHANI LLP

By:   */s/ Scott L. Schmookler*
       Scott L. Schmookler

*Attorneys for Defendant
National Union Fire Insurance
Company of Pittsburgh, Pa.*

-34-
DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW