JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California  92612
Telephone:   (949) 263-2600
Facsimile:    (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority,<br><br>            Plaintiff,<br><br>    v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE PETER FOGARTY FROM OFFERING OPINION TESTIMONY AT TRIAL**<br><br>Trial Date:     September 13, 2022<br>Time:             9:00 a.m.<br>Courtroom:     9D |

1
2
**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

3
4
5
6
7
8
9
10
11
12
13
**PLEASE TAKE NOTICE** that on September 13, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9D of the above-captioned Court, located at 350 West 1st Street, Los Angeles, CA, 90012, Plaintiffs Western Riverside Council of Governments and City of Beaumont ("Plaintiffs") will move the Court, *in limine*, for an order precluding Peter Fogarty from offering opinion testimony at trial.  The motion is made pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedures, and is based on the ground that Defendant disclosed Mr. Fogarty as a non-retained expert witness, but then failed and/or refused to provide Plaintiffs with a summary of the opinions that Mr. Fogarty will testify to at trial in violation of Rule 26(a)(2)(C). As such, Mr. Fogarty should be precluded from testifying to any expert opinions at trial pursuant to Rule 37(c)(1).

14
15
16
17
This Motion is based on this Notice, the Memorandum of Points and Authorities in support thereof, the Declaration of Christopher M. Pisano filed in support thereof, the pleadings and file of this matter, and upon such other argument and evidence as may be properly presented at the hearing on this Motion.

18
19
20
Dated:  August 11, 2022                       BEST BEST & KRIEGER LLP

21
22
23
By: */s/ Christopher E. Deal*
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS

24
25
Attorneys for Plaintiffs
Western Riverside Council of
Governments and City of Beaumont

26
27
28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3      By this motion *in limine*, Plaintiffs Western Riverside Council of

4 Governments ("WRCOG") and City of Beaumont ("City") seek an order precluding

5 Defendant's so-called "non-retained" expert, Peter Fogarty from providing any

6 opinions at trial.  Defendant National Union Fire Insurance Company of Pittsburgh

7 ("Defendant" or "Insurance Company") disclosed Mr. Fogarty as a "non-retained"

8 expert in its Rule 26(a)(2) disclosure statement, which it served on Plaintiffs on

9 May 31, 2022. Ex. "A". There was no expert witness report from Mr. Fogarty that

10 accompanied the disclosure statement.

11      The disclosure failed to comply with the plain language of Rule 26, insofar as

12 Defendant did not provide a summary of the opinions Mr. Fogarty intends to testify

13 to at trial, as is required under Rule 26. F.R.C.P. 26(a)(2)(C). Rather than provide a

14 summary list of the opinions Mr. Fogarty will testify to at trial, counsel for

15 Defendant wrote the following in the disclosure statement: "Defendant reserves the

16 right to elicit testimony and opinions on any subjects disclosed in the witness'

17 documents produced in this litigation." Ex. "A," p. 3, ll. 3-4. In other words, if there

18 are any opinions of Mr. Fogarty tucked away in any of the thousands of documents

19 Defendant has produced in this action, those opinions are apparently "fair game" to

20 be elicited at trial. The disclosure tells Plaintiffs nothing; it gives no summary of

21 the opinions that Mr. Fogarty might testify to at trial, and it is completely improper.

22      To compound the problem, at the deposition of Mr. Fogarty, counsel for

23 Defendant Insurance Company refused to allow Mr. Fogarty to provide a list of

24 opinions he intends to testify to at trial, asserting work product and attorney-client

25 privilege as a basis to instruct the witness not to answer questions.  Pisano Decl.,

26 Ex. "B," pp. 148:11-149:5. Counsel for Defendant refused to allow Mr. Fogarty to

27 answer questions regarding whether he had even been retained to testify at trial, or

28 the scope of his engagement with Defendant's litigation counsel. *Id* at. 15:2-16:11.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1  Counsel for Defendant simply refused to allow Mr. Fogarty to testify to a list of

2  opinions that he intends to testify to at trial.  Instead, counsel for Defendant was

3  only willing to agree that Mr. Fogarty's opinions were contained somewhere within

4  the three reports that Mr. Fogarty had written, and the hundreds of pages of

5  analyses that accompanied those reports, as well as countless documents that were

6  produced that concerned Mr. Fogarty's work in this case. *Id.* at 41:2-45:24.

7       In sum, Defendant has never provided a summary of the opinions that Mr.

8  Fogarty is going to testify to at trial, and at Mr. Fogarty's deposition, counsel for

9  Defendant and the witness did all they could to avoid summarizing or otherwise

10  simply stating the opinions Mr. Fogarty would testify at trial.  Unlike any expert

11  deposition that counsel for Plaintiffs has ever taken in a 20 plus year legal career,

12  Plaintiffs' counsel left the Fogarty deposition without a firm grasp, or any grasp, of

13  the opinions Mr. Fogarty will testify to at trial. This is complete gamesmanship on

14  Defendant's part, and the Court ought not condone it. It is true that Mr. Fogarty has

15  percipient knowledge on some aspects of this case, and by this motion Plaintiffs are

16  not seeking to preclude him from testifying all together. But the Court should issue

17  an order precluding Mr. Fogarty from offering any opinion testimony at trial for

18  this flagrant violation of Rule 26.

19  **II.   BACKGROUND**

20       **A.   Defendant Retained Mr. Fogarty to Analyze Plaintiff's Proof of
           Loss Claim Prior to Litigation; He Prepared Three Reports of his
21           Findings and Submitted them to Defendant**

22       Mr. Fogarty is a forensic accountant with J.S. Held, previously known as

23  Hagen, Streiff, Newton & Oshiro ("HSNO"). After the City submitted a proof of

24  loss under its policy, Defendant hired Mr. Fogarty and HSNO to analyze the claim.

25  Ex. "A," p. 2, ll. 23-26. Specifically, Mr. Fogarty reviewed the analysis of the

26  City's loss that had been prepared by the City's expert forensic accountant, Dan

27  Ray, and Mr. Fogarty determined whether the City, through Mr. Ray, had proved a

28  compensable loss under the policies that are issue in this case. Mr. Fogarty prepared

Best Best & Krieger LLP
Attorneys at Law
1810 Von Karman Avenue, Suite 1000
Irvine, California 92612

three pre-litigation reports of his analyses that he submitted to Defendant, dated August 18, 2017, May 15, 2019 and August 16, 2019. These reports were produced during discovery, and they were marked as exhibits 6, 7 and 14 to the Fogarty deposition. Ex. "B," p. 42, ll. 10-24, exs. 6, 7, 14. As Mr. Fogarty explains, these reports together are in excess of 50 pages, with over 700 pages of backup analysis, and according to Mr. Fogarty there are "quite a few" opinions contained within the reports and analyses. *Id.* at p. 43, ll. 4-12.

A review of the reports demonstrates that while Mr. Fogarty reached some overall conclusions regarding the City's claim of loss, none of the reports contains a distinct section where all of Mr. Fogarty's opinions that he formulated in the course of his work are clearly set forth. It should be noted that each report does contain a "Summary" section at the end of the document, but at his deposition Mr. Fogarty refused to concede that all of his opinions that were formulated in the reports were contained with the Summary section. When asked whether the "Summary" sections included at the end of each report contained all the opinions that he had formulated, Mr. Fogarty refused to answer. This led to a rather bizarre exchange where Mr. Fogarty was unwilling to even define the word "opinion". *Id.* at pp. 48:24-54:14. A review of these pages of the deposition can yield only one conclusion: Mr. Fogarty was being purposefully evasive so that he would not be locked down to testifying to any particular opinions.

**B.  Mr. Forgarty was Disclosed as a "Non-Retained" Expert, But no Summary of Opinions was Provided**

On May 31, 2022, Mr. Fogarty was designated by Defendant as a non-retained expert under Rule 26(a)(2)(C). Ex. "A," p. 2-3. As such, Mr. Fogarty did not provide a written report. The disclosure of Mr. Fogarty failed to provide a summary of the opinions Mr. Fogarty intends to testify to at trial, nor did the disclosure contain a resume or other description of Mr. Fogarty's background and expertise, or even an identification of Mr. Fogarty's hourly rate. *Id.* The disclosure

Best Best & Krieger LLP
Attorneys at Law
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612

provides that, "Defendant reserves the right to elicit testimony and opinions on any subjects disclosed in the witness' documents produced in this litigation. *Id.* at p. 3, ll. 3-4. In other words, it appears that the opinions Mr. Fogarty may testify to at trial are scattered throughout the hundreds of documents and thousands of pages of materials that Defendant produced in this litigation that relate to Mr. Fogarty's pre-litigation analysis of the City's proof of loss claim.

### C. Mr. Fogarty Failed and/or Refused to Summarize his Opinions at Deposition; Instead he Relied on Privileged Objections and Refused to Answer Questions

As stated briefly above, at Mr. Fogarty's deposition, counsel for Defendant obstructed the examination by refusing to allow Mr. Fogarty to answer questions that sought to elicit from the witness the opinions he intends to testify to at trial. The following are examples:

20    Q. All right. So, Mr. Fogarty, do you have any

21    opinions that you know you're going to testify to at

22    the trial of this matter?

23    MR. SCHMOOKLER: Object to form.

24    Mr. Fogarty, please do not disclose any

25    substance of any communications with counsel that are

1    privileged.

2    If you have anything to say other than what

3    you learned through me, you can say it. But if you

4    learned it through me, please do not disclose

5    communications with counsel.

6    THE WITNESS: Advice of counsel, I don't

7    have an answer for that question.

Ex. "B,", pp. 41:20-42:7.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

11   Q. And if I were to ask you, Mr. Fogarty, what

12   opinions counsel intends to elicit from you at trial,

13   you would not answer that question based upon

14   privilege; correct?

15   MR. SCHMOOKLER: I would object based on

16   privilege. So...

17   BY MR. PISANO:

18   Q. I'd be beating my head against the wall if I

19   asked you what opinions you intend to testify to at

20   trial; is that fair, Mr. Fogarty?

21   MR. SCHMOOKLER: He's not going to disclose,

22   cannot disclose -- the privilege -- any

23   communications we've had about our trial strategy,

24   what we may or may not do at trial.

25   ///

1   BY MR. PISANO:

2   Q. And so, Mr. Fogarty, you're not going to

3   answer that question based on counsel's instruction;

4   right?

5   A. That's correct.

Ex. "B," pp148:11-149:5.

For his part, Mr. Fogarty made the problem worse by claiming to not even know the definition of the word "opinion". When he was asked whether the "Summary" section at the end of each report contained all the opinions he had formulated for each report, Mr. Fogarty provided an evasive response that can at best be described as a "non-answer," in which he claimed to not even know what the word "opinion" meant. *Id.* at pp. 48:24-54:14.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
1800 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1   Mr. Fogarty's testimony was, frankly, ridiculous and as a result, Plaintiffs'

2   counsel has yet to be provided with a summary of the opinions Mr. Fogarty is going

3   to testify to at trial. This violates the plain language or Rule 26, which obligates a

4   party disclosing a non-retained expert to provide a summary of the opinions. No

5   such summary has ever been given.

6   **III.   LEGAL ARGUMENT**

7   Rule 26 provides as follows: Unless otherwise stipulated or ordered by the

8   court, if the witness is not required to provide a written report, this disclosure must

9   state: (i) the subject matter on which the witness is expected to present evidence

10  under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts

11  and opinions to which the witness is expected to testify. F.R.C.P. 26(a)(2)(C).

12  It is the burden of the party disclosing an expert witness to comply with all

13  requirements of Rule 26. They opposing party is not obligated to elicit such

14  disclosures during the deposition. *Iacacangelo v. Georgetown Univ.,* 272 F.R.D.

15  233,234 (D.D.C. 2011).

16  If a party fails to provide information or identify a witness as required by

17  Rule 26(a) or (e), the party is not allowed to use that information or witness to

18  supply evidence on a motion, at a hearing, or at a trial, unless the failure was

19  substantially justified or is harmless. F.R.C.P. 37(c)(1).

20  It cannot be disputed that Defendant failed to comply with Rule 26 in

21  disclosing Mr. Fogarty as an expert. Even assuming that Mr. Fogarty was properly

22  disclosed as a non-retained expert, which is doubtful insofar as it appears the

23  Defendant specifically retained Mr. Fogarty to testify at trial, at a minimum

24  Defendant should have provided with its Rule 26 expert disclosure a summary of

25  the opinions Mr. Fogarty intends to testify to at trial. Rule 26 is clear; such a

26  summary of opinions is the minimum of what is required. Yet in this case

27  Defendant provided no summary of opinions, and then Defendant's counsel

28  exacerbated the problem by instructing Mr. Fogarty not to answer questions

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

5:20-CV-02164- GW (KKX)
MOTION *IN LIMINE* NO. 1

regarding the summary of his opinions.

Defendant is playing "hide the ball"; it prefers to keep Plaintiffs guessing as to what opinions Mr. Fogarty might testify to at trial, presumably to give itself flexibility to ask Mr. Fogarty to opine to all new topics and subjects at trial. This is completely improper, and under Rule 37 Mr. Fogarty should not be permitted to provide any expert opinions at trial.

## IV.  **CONCLUSION**

For the reasons stated herein, Plaintiffs request that the Court grant this motion *in limine* precluding Defendant's witness Peter Fogarty from offering expert opinions at trial.

Dated:  August 11, 2022                    BEST BEST & KRIEGER LLP


By:  */s/ Christopher E. Deal*
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS

Attorneys for Plaintiffs
Western Riverside Council of
Governments and City of Beaumont

5:20-CV-02164- GW (KKX)
MOTION *IN LIMINE* NO. 1