JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**DECLARATION OF CHRISTOPHER E. DEAL IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE NO. 2 TO LIMIT THE SCOPE OF EVIDENCE TANTAMOUNT TO TRIGGERING THE DISCOVERY OR TERMINATION CLAUSES TO ONLY JAMES GREGG'S KNOWLEDGE**<br><br>Trial Date: September 13, 2022<br>Time: 9:00 a.m.<br>Courtroom: 9D |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

## DECLARATION OF CHRISTOPHER E. DEAL

I, , Christopher E. Deal, declare and state:

1.      I am an attorney licensed to practice before the courts of the State of California.  I am a partner with Best Best & Krieger LLP, attorneys of record for Plaintiffs Western Riverside Council of Governments and City of Beaumont .  I have personal knowledge of the facts set forth below and, if called to do so, could competently testify to them. As to all other matters that are not of my personal knowledge, I assert based on information and belief.

2.      Plaintiff City of Beaumont ("City") is insured under two Government Crime Policies issued by Defendant National Union Fire Insurance Company of Pittsburgh, PA ("Defendant" or "Insurance Company") . (Exhibit A; and Exhibit B.) Plaintiff Western Riverside Council of Governments ("WRCOG") is the assignee of the insurance claims as part of a settlement involving City in a regional infrastructure funding program.

3.      The Government Crime Policies at issue included coverage for faithful performance/employee dishonesty, money and securities, forgery or altercation, computer fraud, robbery and safe burglary, money order, and counterfeit paper currency. (Exhibit A; and Exhibit B.)

4.      In 2016, City submitted a claim to Defendant Insurance Company related to the Riverside District Attorney's indictment of certain City Officials (David Dillon, Ernest Egger, and Deepak Moorjani – collectively "ULC Principals") for embezzlement and theft of public funds. The ULC Principals, along with others, stole more than $50 million through their company Urban Logic Consultants, Inc. ("ULC"). This fraud scheme involved many components, including billing for work that was not actually performed and hiring subcontractors for low rates while billing City at a mark-up rate sometimes exceeding 300 percent. (Exhibit E.)

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
1810 IOWA KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

5.     Therefore, in determining whether the Termination Clause or Discovery Clause were triggered, the only inquiry for the trier of fact is whether/when the Risk Management Department or other department designated to handle insurance matters for Beaumont first became aware of the financial loss incurred. (Exhibit C; Exhibit D; and Exhibit E.)

6.     In addition, this very Court, in its Order regarding Defendant's Motion for Summary Judgment, specifically noted that Defendant's own argument relies on a logical principle: that Gregg's alleged knowledge of the ULC Principals' self-dealing constitutes knowledge of 'a loss of a type covered by this policy' under the Discovery Clause. (Exhibit E.)

7.     Therefore, by this rationale, no one else's knowledge would trigger the Discovery Clause. Defendants may not be allowed to confuse the trier of fact by attempting to impute others' knowledge unto Gregg, or by extension, to cite to others' knowledge as a sufficient basis for triggering the Discovery Clause. (*See generally* Exhibit E.)

8.     Similarly, this Court also premised its denial for Summary Judgment regarding the Termination Clause on Gregg's *disputed* knowledge of ULC Principals' dishonest conduct. (Exhibit E.)

9.     Again, with full focus on Gregg's knowledge, the Court left this factual inquiry to be decided by the trier of fact. To then allow superfluous and irrelevant evidence to taint such inquiry would be inconsistent with this Court's prior Order and be severely prejudicial against Plaintiffs.

10.     The Policies each have their own Crime Fraud Provisions. The 2014 Policy covered the time period of June 30, 2014 to June 30, 2015; the 2015 Policy covered the time period of June 30, 2015 to June 30, 2017. (Exhibit A; Exhibit B; Exhibit C; and Exhibit D.)

11.     Therefore, it follows that all relevant times that Gregg was the Risk

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

5:20-CV-02164- GW (KKX)
DECLARATION OF CHRISTOPHER E.
DEAL ISO MOTION IN LIMINE NO. 2

Manager for City, there was an applicable insurance policy, whereby the triggering of the Discovery Clause or Termination Clause would *still* have only been premised upon Gregg's knowledge and no one else's.

12.    Because no applicable Crime Fraud Provisions existed before 2006, a cessation of coverage could not occur prior to the existence of said coverage.

13.    In anticipation of this motion in limine, the Parties met and conferred on August 4, 2022 in an effort to resolve these disputes in accordance with Local Rule 7-3. However, no resolution was reached and now comes this motion in limine.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 11th, 2022 at Irvine, California.

_____
CHRISTOPHER E. DEAL

5:20-CV-02164- GW (KKX)
DECLARATION OF CHRISTOPHER E.
DEAL ISO MOTION IN LIMINE NO. 2