JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3 TO EXCLUDE EXPERT TESTIMONY OF PETER EVANS OR LIMITING HIM TO REBUTTAL TESTIMONY ONLY**<br><br>Trial Date:   September 13, 2022<br>Time:           9:00 a.m.<br>Courtroom:   9D |

1  **TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF**
2  **RECORD HEREIN:**

3  **PLEASE TAKE NOTICE** that on September 13, 2022 at 9:00 a.m., or as
4  soon thereafter as the matter may be heard, in Courtroom 9D of the above-
5  captioned Court, located at 350 West 1st Street, Los Angeles, CA, 90012, Plaintiffs
6  Western Riverside Council of Governments and City of Beaumont ("Plaintiffs")
7  will move the Court, *in limine*, for an order precluding Peter Evans from offering
8  opinion testimony at trial.  In the alternative, Evans must be limited to testifying
9  only as a rebuttal expert and not offering new opinions at trial.

10  This Motion is based on this Notice, the Memorandum of Points and
11  Authorities in support thereof, the Declaration of Christopher E. Deal filed in
12  support thereof, the pleadings and file of this matter, and upon such other argument
13  and evidence as may be properly presented at the hearing on this Motion.

15  Dated:  August 11, 2022                     BEST BEST & KRIEGER LLP

17                                              By:   */s/ Christopher E. Deal*
18                                                    JEFFREY V. DUNN
                                                      CHRISTOPHER E. DEAL
19                                                    DANIEL L. RICHARDS
                                                      Attorneys for Plaintiffs
20                                                    Western Riverside Council of
                                                      Governments and City of Beaumont

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

# MOTION IN *LIMINE* NO. 3

Plaintiffs Western Riverside Council of Governments and City of Beaumont (collectively, "Plaintiffs") hereby move the Court, *in limine,* for an order precluding Defendant National Union Fire Insurance Company of Pittsburgh, PA ("Defendant") from calling expert witness Peter Evans to testify at trial. Alternatively, Plaintiffs seek an in limine order precluding Peter Evans from testifying to anything other than rebuttal testimony to Plaintiffs' "bad faith" expert, John LePire.

Dated: August 11, 2022                BEST BEST & KRIEGER LLP


By:  */s/ Christopher E. Deal*
       JEFFREY V. DUNN
       CHRISTOPHER E. DEAL
       DANIEL L. RICHARDS
       Attorneys for Plaintiffs
       Western Riverside Council of
       Governments and City of Beaumont

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs filed their First Amended Complaint ("FAC") in November 2020. The second cause of action for Breach of the Covenant of Good Faith and Fair Dealing alleges a pattern of deficient claims handling and seeks an adjudication that Defendant acted in "bad faith" handling Plaintiffs' claims. Specifically, the SAC alleged in Paragraph 73 that:

> "a. In the course of years of correspondence, National Union has never attempted to investigate whether there may be coverage under the policy. Rather, all correspondence, information requests, and documents requests have been designed to uncover potential basis to deny coverage. By way of example, despite the fact that the City has requested that National Union investigate whether there may be coverage under the faithful performance insuring provisions, National Union has myopically focused on the employee theft insuring provision, and in particular whether there may be basis for denying coverage under the employee theft insuring provision. To Plaintiff's knowledge, National Union has conducted no investigation as to whether there may be coverage under the faithful performance insuring provision;
> b. National Union has taken unreasonable coverage positions in contravention to controlling law, the plain terms of the Policy, and the reasonable expectations of the City. National Union to date has refused to concede that any losses incurred by the City in connection with the Kapanicas administration are covered losses;
> c. National Union has focused on facts that could support a denial of the City's claim in order to protect its own interest at the expense of the City's interests, and has conducted an inadequate investigation into potential grounds for coverage;
> d. National Union has unreasonably delayed in responding to its Insured, and in issuing its final determination on the City's claim for almost four years

>since the City first tendered its claim, despite the City having produced all responsive documents and additional information at AIG's multiple requests;
>  e. National Union's ever evolving tentative coverage positions are indicative of National Union's efforts to find any grounds to deny the City's claim;
>  f. National Union attempted to coerce the City into accepting far less than it is due under the policy through unreasonable, oppressive, and malicious negotiation tactics;
>  g. These are in violation of applicable insurance regulations and statutes, including, inter alia, Cal. Code Regs., tit. 10, § 2695.7 and Cal. Ins. Code § 790.03, as well as National Union's duty of good faith and fair dealing."

(FAC, 73.)

To prove these allegations, Plaintiffs retained expert John LePire. Plaintiffs timely served its initial expert disclosure on May 31, 2022, designating LePire as an expert on Defendant's claim handling. (A true and correct copy of Plaintiffs' initial expert disclosure is attached to the Declaration of Christopher E Deal as **Exhibit "A"**.) Despite Plaintiffs' inclusion of unambiguous bad faith claims in the SAC and *specific* allegations of deficient claims handling, Defendant did not identify a claims handling expert. (A true and correct copy of Defendant's initial expert disclosure is attached to the Declaration of Christopher Deal as **Exhibit "B"**.) Instead, Defendant waited for Plaintiffs to designate an expert and then "counter" designated Mr. Evans. (A true and correct copy of Defendant's rebuttal disclosure is attached to the Declaration of Christopher Deal as **Exhibit "C"**.) This was improper. Where an expert is retained to negate an element of the Plaintiff's case in chief, that expert must be included in the party's initial expert disclosure. Parties cannot strategically wait to see if the other party designates a witness for its case in chief, and then designate their expert as being a "rebuttal" expert. And the remedy for this type of gamesmanship is exclusion of the expert.

It is inconceivable that Defendant did not appreciate that NUFIC's claims handling would be a central issue at trial. It is inexplicable that NUFIC did not initially designate a retained claims handling expert. Accordingly, the Court should exclude the testimony of Mr. Evans based on Defendant's violation of the Court's scheduling orders and FRCP Rule 37. Alternatively, Evans' testimony should be strictly limited to rebuttal, and he should be precluded from offering any ultimate opinions on Defendant's claims handling (e.g., whether Defendant acted reasonably).

## II. LEGAL BACKGROUND

Fed.R.Civ.P. 26(a)(2) provides that a "party must disclose to the other parties the identity of any witness it may use at trial to present expert testimony governed by Rule 702." *Blake v. Securitas Sec. Servs., Inc.*, 292 F.R.D. 15, 17 (D.D.C. 2013). Expert disclosures must ordinarily be supplemented by a written report, prepared and signed by the witness, including the substance of the opinions the expert plans to offer and the facts and data he relied upon. After the parties' initial disclosures of proposed expert testimony, opposing parties have thirty days to disclose any expert witness who will offer evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed.R.Civ.P. 26(a)(2)(D)(ii).

Under Rule 37(c)(1), if a party fails to comply with these disclosure requirements, "the party is not allowed to use that ... witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). *Blake*, 292 F.R.D. at 17; *Platinum Properties Inv. Network, Inc. v. Sells*, No. 18-61907-CV, 2021 WL 4436835, at *2 (S.D. Fla. Mar. 18, 2021) (excluding testimony of "rebuttal" expert where court found that expert was not a proper rebuttal witness because his report does not rebut the opposing party expert's opinions).

Under Rule 26(a)(2)(D)(ii), rebuttal expert testimony is permitted after the

parties' initial disclosures only where it "is intended solely to contradict or rebut evidence on the same subject matter identified by another party." Such testimony "cannot be used to advance new arguments or new evidence." *Larson v. Wisc. Cent. Ltd.*, No. 10–C–446, 2012 WL 368379, at *4 (E.D.Wisc. Feb. 3, 2012); *see also Baldwin Graphic Sys., Inc. v. Siebert, Inc.,* No. 03 C 7713, 2005 WL 1300763, at *2 (N.D.Ill. Feb. 22, 2005) ("The rebuttal report is no place for presenting new arguments.") Where a party attempts to designate as a "rebuttal" expert someone whose proposed testimony is beyond the scope of appropriate rebuttal, that witness may be viewed as an initial expert who was not timely designated and whose testimony may be struck by the Court for violating Rule 26(a) and the Court's governing scheduling order. *Blake*, 292 F.R.D. at 18. Unless nondisclosure was justified or harmless, the exclusion is "automatic and mandatory." *Finley v. Marathon Oil Co*., 75 F.3d 1225, 1230 (7th Cir.1996).

### III.     THE COURT SHOULD EXCLUDE EVANS' TESTIMONY

By failing to initially designate an expert on claims handling, Defendant waived its right to designate a "bad faith" expert. Defendant cannot reasonably argue that it did not foresee the need for such an expert at trial and cannot reasonably argue that Evans is a true rebuttal expert. The Court should reject Defendant's cynical effort to avoid the Court's scheduling order and exclude him from testifying at trial.

As explained in *Multifamily Captive Grp., LLC v. Assurance Risk Managers, Inc.*, No. 08-CV-00547 FCD DAD, 2009 WL 10692948, at *2 (E.D. Cal. June 25, 2009): "Rebuttal is a term of art, denoting evidence introduced by a Plaintiff to meet new facts brought out in his [sic] opponent's case in chief." *Morgan v. Commercial Union Assurance Cos.*, 606 F.2d 554, 555 (5th Cir. 1979). Accordingly, "a defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal witness,' or anything analogous to one." *Id.* Indeed, the "proper function

and purpose of rebuttal testimony is to explain, repel, counteract or disprove the evidence of the adverse party." *United States v. Chrzanowski*, 502 F.2d 573, 576 (3d Cir. 1974). Generally, rebuttal experts "are limited to attacking the theories offered by the adversary's experts: they may not put forth their own theories or opinions." *See La Jaye v. Glavin Flying Service, Inc.*, 2003 WL 25774658, at *1 (W.D. Wash. Mar. 5, 2003).

Indeed, numerous courts have found that a defense expert whose testimony is intended to negate an element of the plaintiff's case, generally, must be identified in the initial round of expert disclosures. *Gerawan Farming, Inc. v. Prima Bella Produce, Inc.,* No. 110CV00148LJOJLT, 2011 WL 13242963, at *3 (E.D. Cal. May 17, 2011) (excluding expert witness who should have been identified in initial disclosure); *Wong v. Regents of Univ. of Calif.*, 410 F.3d 1052, 1060-1061 (9th Cir. 2005) (court properly excluded expert because "the necessity of the witness" could have "been reasonably anticipated at the time the lists were exchanged"); *Peals v. Terre Haute Police Dept.*, 535 F.3d 621, 630-631 (7th Cir. 2008) (court properly excluded testimony that should have been presented in the case in chief); *Emerick v. United States Suzuki Motor Corp.*, 750 F.2d 19, 22 (3rd Cir. 1984) ("It is well settled that evidence which properly belongs in the case-in-chief but is first introduced in rebuttal may be rejected, so as to avoid prejudice to the defendant and to ensure the orderly presentation of proof."); *Smith v. Conley*, 584 F.2d 844, 845-846 & n.3 (8th Cir. 1978) (court properly excluded undisclosed expert because the testimony should have been presented in the case in chief).

As further explained in *Matthew Enter., Inc. v. Chrysler Grp. LLC*, No. 13-CV-04236-BLF, 2016 WL 4272430, at *2 (N.D. Cal. Aug. 15, 2016):
"Rebuttal expert testimony is limited to 'new unforeseen facts brought out in the other side's case.'" *Columbia Grain*, 2015 WL 6675538 at *2 (quoting *Century Indem.*, 2015 WL 5521986 at *3). "Rebuttal testimony cannot be used to advance new arguments or new evidence," *id.* at *2, nor are they the place to "set forth an

alternate theory." *R&O*, 2011 WL 2923703 at *5. "[S]imply because one method [to support an expert opinion] fails, the other does not become 'rebuttal.'" *Id.* (quoting Morgan, 606 F.2d at 555).

Here, Plaintiffs alleged breach of the covenant of good faith and fair dealing in the FAC. Paragraph 73 specifically identifies the grounds for the bad faith claim and its factual underpinnings. It is inexplicable that Defendant did not foresee the need for expert testimony on claims handling, and inexplicable that Defendant did not initially disclose a claims handling expert. Defendant should not be rewarded for its cynical ploy to cast its expert as a rebuttal expert, and Evans should be excluded from testifying at trial.

## IV. IN THE ALTERNATIVE, EVANS SHOULD BE LIMITED TO ACTUAL REBUTTAL TESTIMONY

If the Court is inclined not to entirely exclude Mr. Evans from testifying at trial, it should at least limit his ability to testify beyond mere rebuttal testimony. His intention to go beyond simply rebutting Evans' methodologies and assumptions is clear from his report. In his conclusion, he states:

> "In the circumstances surrounding this claim, National Union did conduct a reasonably prompt and thorough investigation of a significant claim involving complex issues, retaining experienced and qualified accounting consultants and coverage counsel. National Union relied, reasonably in my opinion, on HSNO's work product as it reviewed hundreds of thousands of documents and other information in order to attempt calculation of any net actual losses sustained and it worked cooperatively with Beaumont's counsel in its continued investigation.
>
> I have not seen evidence that National Union acted unreasonably or in breach of California regulations or statute. Rather, the issues and investigation required were complex and substantial. There was a genuine dispute as to quantum and coverage. Review of information and documentation available to date shows that National

> Union's investigation was carried out on a cooperative basis with Beaumont and its representatives."

(Evans report, at p. 18, a true and correct copy of which is attached as **Exhibit "D"** to the Declaration of Christopher E. Deal.)

This is not "rebuttal" testimony. It is testimony directly addressing Plaintiffs' case in chief and is intended to refute the allegations of the FAC. If Evans is allowed to testify, he should be limited to only criticizing Plaintiffs' expert's methodologies and assumptions. He should not be permitted to express an ultimate opinion about whether Defendant properly handled Plaintiffs' claim. Such expert testimony should have been identified in Defendant's initial expert disclosures.

## V. CONCLUSION

Evans should be precluded from testifying at trial since he is not a true rebuttal expert. At the very least, he should be ordered to limit his testimony to actual rebuttal testimony, not opinions addressing the ultimate issue of whether Defendants reasonably handled Plaintiffs' claim.

Dated: August 11, 2022          BEST BEST & KRIEGER LLP

By: */s/ Christopher E. Deal*
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS
Attorneys for Plaintiffs
Western Riverside Council of Governments and City of Beaumont