JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY OR EVIDENCE FROM JUDITH BINGHAM AND NANCY HALL**<br><br>Trial Date: September 13, 2022<br>Time: 9:00 a.m.<br>Courtroom: 9D |

# MOTION IN LIMINE NO. 4

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 13, 2022 at 9:00 a.m., or as soon thereafter as this matter can be heard in Courtroom 9D of this Court, located at 50 West 1st Street, Los Angeles, CA, 90012, Plaintiffs Western Riverside Council of Governments ("WRCOG") and City of Beaumont ("City") hereby move the Court, *in limine,* for an order precluding Defendant National Union Fire Insurance Company of Pittsburgh, PA ("Defendant" or "Insurance Company") from introducing testimony or evidence from Judith Bingham or Nancy Hall.

This motion is based on this notice, the attached memorandum of points an authorities, and upon such other evidence and argument as the Court may allow at any hearing on the motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on August 4, 2022.

Dated: August 11, 2022                            BEST BEST & KRIEGER LLP

By: */s/ Christopher E. Deal*
   JEFFREY V. DUNN
   CHRISTOPHER E. DEAL
   CHRISTOPHER PISANO
   DANIEL L. RICHARDS
   Attorneys for Plaintiffs
   Western Riverside Council of
   Governments and City of Beaumont

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION AND BACKGROUND**

Plaintiff City of Beaumont ("City")  has regular open session City Council meetings where city residents and others can address the City Council. Within these meetings, City residents have an opportunity to comment upon any of the agenda items, including, but not limited public works projects taking place within the City. (*See e.g.* Deposition of David Castaldo ("Castaldo Depo.") at 28:16-29:19, on April 22, 2022, David Castaldo's deposition was taken; a true and correct copy of the deposition excerpts are attached hereto as Exhibit A; Declaration of Chris Deal ("Deal Decl.") ¶ 2.) Like many other cities with open city council meetings, there are individuals who attend most meetings and constantly criticize the city, i.e., persons commonly known as "gadflies." (*See* Deposition of Brian DeForge ("DeForge Depo.") at 64:5-65-13, on April 28, 2022, Brian DeForge's deposition was taken; a true and correct copy of the deposition excerpts are attached hereto as Exhibit B; Deal Decl. ¶ 2.)

In the present case, two such gadflies are Judith Bingham ("Bingham") and Nancy Hall ("Hall"). (DeForge Depo. at 64:22-24; attached hereto as Exhibit B; Deal Decl. ¶ 3.) Reliance upon, reference to, or evidence of these persons' efforts to criticize or "voice concerns" of Urban Logic Consultants' ("ULC") self-dealings within the context of public works projects, has no probative value. (DeForge Depo. at 65:9-13, attached hereto as Exhibit B; Deal Decl. ¶ 3.)  As this Court indicated in its order denying Insurance Company's summary judgment motion, the only person's knowledge that would have triggered the Discovery Clause or Termination Clause is James Gregg.  Any attempt to introduce evidence of gadflies accosting City Council with accusations lacking any foundation or direct personal knowledge has no probative value here.  Such evidence only serve to confuse the jury, conflate the issues, and taint the righteous inquiry, i.e. what James Gregg knew or did not know

1  Moreover, the prejudicial effect of admitting evidence of or from Bingham or
2  Hall substantially outweighs any probative value. (Deal Decl. ¶ 4.)  Additionally,
3  because these two persons are intending to offer the same type of evidence, e.g.
4  attempted notice to City Council members of ULC's conflict of interest and self-
5  dealings, admission of both would be cumulative and at odds with Federal Rules of
6  Evidence Rule 403. (Declaration of Judith Bingham, a true and copy of which is
7  attached hereto (without the underlying exhibits attached thereto) as Exhibit C;
8  Declaration of Nancy Hall, a true and copy of which is attached hereto (without the
9  underlying exhibits attached thereto) as Exhibit D; Deal Decl. ¶ 4.)

## II.  LEGAL STANDARD

Motions in limine are a well-recognized judicial practice based in "the court's inherent power to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). While motions in limine are generally disfavored, *Intelligent Verification Sys., LLC v. Microsoft Corp.*, 2015 WL 1518099, at *15 (E.D. Va. Mar. 31, 2015), "[t]he purpose of a motion in limine is to allow the court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial." *Lee v. City of Columbus, Ohio*, 2010 WL 333665, at *1 (S.D. Ohio Jan. 21, 2010); *see also Pinal Creek Group v. Newmont Min. Corp.*, 2006 WL 1766494, at *1 (D. Ariz. June 26, 2006) (motions in limine permit "the pretrial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury"). Regardless of its initial decision on a motion in limine, a court may revisit the issue at trial. *See* Fed. R. Evid. 103, advisory committee's note to 2000 Amendment ("Even where the court's ruling is definitive, nothing in the amendment prohibits the court from revisiting its decision when the evidence is to be offered."); *Luce*, 469 U.S. at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). "[A] ruling on a motion in

limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce*, 469 U.S. at 41–42).

Further, "[m]otions in limine ... do not lie to exclude broad categories of evidence." *Jalowsky v. Provident Life & Accident Ins. Co.*, 2020 U.S. Dist. LEXIS 87724, *3 (D. Ariz. May 19, 2020). Rather, they "must specifically identify the evidence at issue and state with specificity why such evidence is inadmissible." *Id.* "To be admissible, evidence must be relevant under Fed. R. Evid. 402 and its probative value must not be substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403." *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1019 (9th Cir. 2004).

### III. ARGUMENT
#### A. Nancy Hall

Hall is resident of the City of Beaumont. She never served as a Beaumont City Councilmember. (*See generally* Exhibit D; and Deal Decl. ¶ 5.) Hall never occupied any decision-making position within City government. (*See generally* Exhibit D; and Deal Decl. ¶ 5.) Hall was not responsible for submitting claims against the City to any insurance company. (*See generally* Exhibit D; and Deal Decl. ¶ 5.) Hall, for all intents and purposes, was a resident who would often attend city council meetings and criticize city council decisions. (*See generally* Exhibit D; and Deal Decl. ¶ 5.) Among her criticisms were accusations regarding ULC and its self-dealings via public works projects. (*See generally* Exhibit D; Deal Decl. ¶ 5.) Nonetheless, there is no record before this court of any attempt by Hall to voice her concerns to the Risk Management Department. (*See generally* Exhibit D; and Deal Decl. ¶ 6.) Therefore, any other voicing of concerns about ULC or its Principals (Ernest Egger, David Dillon, or Deepak Moorjani, collectively "Principals"), is irrelevant to the trier of fact. Hall's testimony has no relevance to the factual bases

for what the Risk Manager knew in order to constitute a triggering of the Discovery Clause or Termination Clause. (*See generally* Exhibit D; and Deal Decl. ¶ 6.)

In short, Hall's declaration, or any evidence stemming therefrom, is not only highly prejudicial to Plaintiffs, but irrelevant to the factual question before this Court. Any evidence stemming from Hall does not pass muster under Fed. R. Evid. 401-403, and should therefore be excluded. (Deal Decl. ¶ 7.)

### B.     Judith Bingham

For the reasons stated in regards to Hall, all testimony by Bingham should be excluded, as it has no relevance to the trier of fact and would only serve to confuse issues and prejudice Plaintiffs. (*See generally* Exhibit C; and Deal Decl. ¶ 8.)

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant this motion and preclude Defendant Insurance Company from introducing evidence of, making reference to, or relying upon testimony or evidence by Judith Bingham or Nancy Hall.

Dated:  August 11, 2022                                         BEST BEST & KRIEGER LLP

By: */s/ Christopher E. Deal*
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
CHRISTOPHER PISANO
DANIEL L. RICHARDS
Attorneys for Plaintiffs
Western Riverside Council of Governments and City of Beaumont

20323.00057\40428194.2