1  JEFFREY V. DUNN, Bar No. 131926
   jeffrey.dunn@bbklaw.com
2  CHRISTOPHER E. DEAL, Bar No. 186754
   chris.deal@bbklaw.com
3  DANIEL L. RICHARDS, Bar No. 315552
   daniel.richards@bbklaw.com
4  BEST BEST & KRIEGER LLP
   18101 Von Karman Avenue
5  Suite 1000
   Irvine, California  92612
6  Telephone:  (949) 263-2600
   Facsimile:   (949) 260-0972
7
8  Attorneys for Plaintiffs
   Western Riverside Council of Governments
9  and City of Beaumont

10             UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  WESTERN RIVERSIDE COUNCIL OF          Case No. 5:20-cv-02164- GW (KKx)
    GOVERNMENTS, a California Joint
14  Powers Authority,                     **DECLARATION OF
                                          CHRISTOPHER E. DEAL IN
15             Plaintiff,                 SUPPORT OF PLAINTIFFS'
                                          MOTION IN *LIMINE* NO. 4 TO
16        v.                              EXCLUDE TESTIMONY OR
                                          EVIDENCE FROM JUDITH
17  NATIONAL UNION FIRE                   BINGHAM AND NANCY HALL**
    INSURANCE COMPANY OF
18  PITTSBURGH, PA, and DOES 1
    through 50, inclusive,
19                                        Trial Date:
               Defendants.               Time:
20                                        Courtroom:
21
22
23
24
25
26
27
28

5:20-CV-02164- GW (KKX)
DECLARATION OF CHRISTOPHER E.
DEAL ISO MOTION IN LIMINE NO. 4

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

## DECLARATION OF CHRISTOPHER E. DEAL

I, Christopher E. Deal, declare and state:

1.      I am an attorney licensed to practice before the courts of the State of California.  I am a partner with Best Best & Krieger LLP, attorneys of record for Plaintiffs Western Riverside Council of Governments and City of Beaumont ("Plaintiffs").  I have personal knowledge of the facts set forth below and, if called to do so, could competently testify to them.

2.      Plaintiff City of Beaumont ("Beaumont") frequent has open session City Hall meetings where city residents can participate in. (*See e.g.* Deposition of David Castaldo ("Castaldo Depo.") at 28:16-29:19, on April 22, 2022, David Castaldo's deposition was taken; a true and correct copy of the deposition excerpts are attached hereto as Exhibit A.) Within these meetings, Beaumont residents have an opportunity to comment upon numerous agenda items, including, but not limited public works projects taking place within the City of Beaumont. (Exhibit A.) Like many other cities with open sessions, there are individuals who attend every meeting and constantly criticize the city's efforts or projects, i.e. gadflies. (*See* Deposition of Brian DeForge ("DeForge Depo.") at 64:5-65-13, on April 28, 2022, Brian DeForge's deposition was taken; a true and correct copy of the deposition excerpts are attached hereto as Exhibit B.)

3.      In the present case, such gadflies include Judith Bingham ("Bingham") and Nancy Hall ("Hall"). (DeForge Depo. at 64:22-24, a true and correct copy of these excerpts are attached hereto as Exhibit B.) Reliance upon, reference to, or evidence of these women's efforts to criticize or "voice concerns" of Urban Logic Consultants ("ULC") self-dealings within the context of public works projects, has no probative value. (Declaration of Judith Bingham, a true and copy of which is attached hereto (without the underlying exhibits attached thereto) as Exhibit C;

Declaration of Nancy Hall, a true and copy of which is attached hereto (without the underlying exhibits attached thereto) as Exhibit D.)

4.     Moreover, the prejudicial effect of admitting evidence of from Bingham or Hall substantially outweigh any probative value. Additionally, because these two women are intending to offer the same type of evidence, e.g. attempted notice to Beaumont City Council members of ULC's conflict of interest and self-dealings, admission of both would be cumulative and at odds with Federal Rules of Evidence Rule 403. (*See generally* Declaration of Nancy Hall, a true and correct of which is attached hereto as Exhibit D; and Declaration of Judith Bingham, a true and correct copy of which is attached hereto as Exhibit C.)

5.     Hall is resident of the City of Beaumont. She never served as a councilmember for Beaumont. (*See generally* Declaration of Nancy Hall, a true and correct copy of which is attached hereto as Exhibit D.) Hall never occupied any decision-making position within Beaumont's internal government. (*Id.*) Hall was not responsible for submitting claims to any insurance companies. (*Id.*) Hall, for an intents and purposes, was an ordinary citizen who would frequently attend city council open session meetings and criticize city council decisions. (*Id*) Among her criticisms were accusations regarding ULC and its self-dealings via public works projects. (*Id.*)

6.     Nonetheless, there is no record before this court at any attempt for Hall to voice her concerns to anyone with the capacity to submit a claim to an insurance company, i.e. Risk Management Department. Hall, as a witness, has no relevance to the factual bases for what Risk Management knew in order to constitute a triggering of the Discovery Clause or Termination Clause. (*Id.*)

7.     In short, Hall's declaration, or any evidence stemming therefrom, is not only highly prejudicial to Plaintiffs, but irrelevant to the factual question before this Court. Any evidence stemming from Hall does not pass muster under Fed. R.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1   Evid. 401-403, and should therefore be excluded.

2       8.      For the identical reasons stated in regards to Hall, all evidence

3   stemming from Bingham should also be excluded, as it has no relevance to the trier

4   of fact and would only serve to conflate issues and prejudice Plaintiffs. (*See*

5   *generally* Declaration of Judith Bingham, a true and correct copy of which is

6   attached hereto as Exhibit C.)

7       9.      In anticipation of this motion in limine, the Parties met and conferred

8   on August 4, 2022 in an effort to resolve these disputes in accordance with Local

9   Rule 7-3. However, no resolution was reached and now comes this motion in

10  limine.

11

12      I declare under the penalty of perjury under the laws of the State of

13  California that the foregoing is true and correct.

14      Executed on August 11, 2022 at Irvine, California.

15

16

17                                              _____
                                                CHRISTOPHER E. DEAL

18

19

20  20323.00057\40610031.1

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

5:20-CV-02164- GW (KKX)
DECLARATION OF CHRISTOPHER E.
DEAL ISO MOTION IN LIMINE NO. 4