JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5 TO EXCLUDE CERTAIN TESTIMONY AND EVIDENCE REGARDING THE BEAUMONT FINANCING AUTHORITY**<br><br>Trial Date: September 13, 2022<br>Time: 9:00 a.m.<br>Courtroom: 9D |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on September 13, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9D of the above-captioned Court, located at 350 West 1st Street, Los Angeles, CA, 90012, Plaintiffs Western Riverside Council of Governments and City of Beaumont ("Plaintiffs") will move the Court, *in limine*, for an order precluding Defendant National Union Fire Insurance Company of Pittsburgh, PA ("Defendant" or "National Union") from offering certain evidence regarding the Beaumont Financing Authority ("BFA") and whether BFA, rather than Plaintiffs, suffered portions of the losses at issue in this case. This evidence should be excluded because Defendant wrongfully characterizes BFA's role and involvement in the subject suit. Accordingly, the proferred evidence is irrelevant and/or unduly prejudicial and confusing, and should be excluded.

This Motion is based on this Notice, the Memorandum of Points and Authorities in support thereof, the Declaration of Christopher E. Deal filed in support thereof, the pleadings and file of this matter, and upon such other argument and evidence as may be properly presented at the hearing on this Motion.

Dated: August 11, 2022                     BEST BEST & KRIEGER LLP


By: */s/ Christopher E. Deal*
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS
Attorneys for Plaintiffs
Western Riverside Council of Governments and City of Beaumont

## **MOTION IN *LIMINE* NO. 5**

Plaintiffs Western Riverside Council of Governments and City of Beaumont ("Plaintiffs") hereby move the Court, *in limine,* for an order precluding Defendant from offering certain evidence regarding the Beaumont Financing Authority ("BFA") and from arguing that BFA, rather than Plaintiffs, suffered all or some of the losses at issue in this case.

Dated: August 11, 2022  BEST BEST & KRIEGER LLP

By: */s/ Christopher E. Deal*
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS
Attorneys for Plaintiffs
Western Riverside Council of
Governments and City of Beaumont

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit concerns National Union's wrongful failure to pay a loss falling within the terms of government crime policies issued by National Union. Specifically, National Union has failed and refused to pay or indemnify the City for losses incurred as a direct result of former City officials' theft and failure to faithfully perform their duties. Plaintiffs' expert has opined that these former City officials stole more than $60 million from the City through a complex fraud scheme involving a City vendor owned by Beaumont City Officials, Urban Logic Consultants, Inc. ("ULC"). Plaintiffs contend that these losses were covered by both the 2014 Policy and the 2015 Policy.

In various pleadings and discovery, Defendant has taken the novel (but incorrect) position that construction projects financed by the City's financing vehicle, the Beaumont Financing Authority ("BFA"), are not subject to the terms of the contracts between the City and ("ULC"), including caps on fees and pass-through costs that could be charged to the City. (See Motion for Summary Judgment, at p. 24 (ROA # 49)). It argues that for projects financed by BFA, ULC stole money from BFA, not the City, and that BFA alone has the right to seek recovery for this theft.

This theory is wrong, and is not supported by any legal authority or facts. BFA was the financing authority for the City, not the victim of any overbilling or theft. It did not enter into contracts with ULC, and had no involvement in overseeing their work. The public work projects financed by BFA were performed by ULC *for the City* pursuant to the contracts between the City and ULC, and were financed by BFA. Any losses caused by theft or fraud were suffered by the City and its taxpayers, not BFA.

The Court has inherent authority to exclude irrelevant evidence, or confusing and/or overly prejudicial evidence with limited probative value. It should exercise

1  this discretion to prohibit Defendant from offering testimony on its erroneous legal
2  theory regarding BFA, which would inevitably and hopelessly confuse the jury.

## II.     LEGAL BACKGROUND

Motions in limine are a well-recognized judicial practice based on "the court's inherent power to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  While motions in limine are generally disfavored, *Intelligent Verification Sys., LLC v. Microsoft Corp.*, 2015 WL 1518099, at *15 (E.D. Va. Mar. 31, 2015), "[t]he purpose of a motion in limine is to allow the court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial."  *Lee v. City of Columbus*, Ohio, 2010 WL 333665, at *1 (S.D. Ohio Jan. 21, 2010); *see also Pinal Creek Group v. Newmont Min. Corp.,* 2006 WL 1766494, at *1 (D. Ariz. June 26, 2006) (motions in limine permit "the pretrial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury"). "[A] ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999).

To be admissible, evidence must be relevant under Fed. R. Evid. 402 and its probative value must not be substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403." *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1019 (9th Cir. 2004).  Here, Defendant's theory regarding alleged losses suffered by BFA is wrong and has no legal or factual basis.  To avoid the introduction of irrelevant and potentially confusing evidence, the Court should exclude any evidence purporting to establish that BFA is a victim of ULC's fraud, entitled to recovery in its own right.[1]

---

[1] Defendant conveniently ignores that BFA actually submitted its own insurance claim in June 2016, to which Defendant never responded.  A true copy of an email noting the tender is attached to the Declaration of Christopher Deal as **Exhibit "A**."

## III. BFA IS A FINANCING VEHICLE FOR THE CITY, AND SUFFERED NO INDEPENDENT LOSSES

BFA's status as the City's financier was briefed in connection with the recently decided motion for summary judgment. In the motion, Defendant argued that:

> "Plaintiffs' theory is meritless in any event because it presumes that the contractual caps applied to all of ULC's services, which they did not. In fact, ULC conducted services for two different entities, the City of Beaumont and BFA. . . . Accordingly, Plaintiffs have no basis to claim that ULC overcharged BFA and any claims for amounts paid by BFA should be dismissed with prejudice."

(Defendant's Motion for Summary Judgment, at p. 24.)

The problem with this argument is that it is wrong. ULC and the ULC principals provided no services to and performed no work for the BFA. (See Declaration of Elizabeth Gibbs in support of Opposition to Motion for Summary Judgment, ¶ 10, attached as Exhibit "B" to Declaration of Christopher Deal.) The BFA is a financing mechanism, and does not independently procure contractors or approve or manage contracts. ULC performed all of its work for the City pursuant to contracts with the City, and BFA was simply a mechanism for payment of City funds for City projects. (Gibbs Decl., ¶ 10.) To date, Defendant has failed to identify a single instance where ULC performed work directly for BFA.

## IV. CONCLUSION

The purported status of BFA as a direct victim of ULC's theft is a classic "red herring" designed to distract from the principle issues in this case. There is no factual or legal support for the theory. The Court should exclude such evidence on the grounds that it is irrelevant. Even if it had some limited probative value, this

probative value would be far outweighed by the potential for jury confusion and prejudice.

Dated: August 11, 2022

BEST BEST & KRIEGER LLP

By: */s/ Christopher E. Deal*
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS
Attorneys for Plaintiffs
Western Riverside Council of Governments and City of Beaumont