Dina Glucksman, State Bar No. 245646
dglucksman@grsm.com
(213) 576-5071
Scott L. Schmookler, *Pro Hac Vice*
sschmookler@grsm.com
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE PETER FOGARTY FROM OFFERING OPINION TESTIMONY AT TRIAL**<br><br>Judge: Hon. George H. Wu<br>Date: 9/1/2022<br>Time: 8:30 a.m.<br>Room: 9D |

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................. 1

II. BACKGROUND ...................................................................................................3

    A. RETENTION OF MR. FOGARTY ...........................................................................3

    B. NATIONAL UNION'S RULE 26 DISCLOSURE ......................................................4

    C. MR. FOGARTY'S DEPOSITION ............................................................................6

III. ARGUMENT ........................................................................................................8

IV. CONCLUSION ...................................................................................................11

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 1

# TABLE OF AUTHORITIES

**Cases**

*Carr v. Cty. of San Diego*,
   2021 WL 4244596 (S.D. Cal. Sept. 17, 2021) ........................................................ 9

*Doe 1 v. Manhattan Beach Unified Sch. Dist.*,
   2020 WL 7931596 (C.D. Cal. Dec. 22, 2020) ........................................................ 9

*Doe v. City of San Diego*,
   2013 WL 3989193 (S.D. Cal. Aug. 1, 2013) .......................................................... 9

*Haack v. Bongiorno,*
   2011 WL 862239 (N.D. Ill. Mar. 4, 2011) ................................................... 8, 9, 10

*Hinkle v. Ford Motor Co.,*
   2013 WL 1992834 (E.D. Ky. May 13, 2013) ........................................................ 11

*Sprague v. Liberty Mut. Ins. Co.,*
   177 F.R.D. 78 (D.N.H. 1998) ................................................................................. 2

**Rules**

Fed. R. Civ. P. 26 .......................................................................................... 8, 9, 10

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") submits this response in opposition to Plaintiffs' motion *in limine* no. 1 to exclude Peter Fogarty from offering opinion testimony at trial:

## I. INTRODUCTION

City of Beaumont ("Beaumont") submitted an insurance claim to National Union Fire Insurance Company ("National Union") accusing David Dillon, Ernest Egger and Deepak Moorjani ("Former Officials") of overbilling for services provided by their company, Urban Logic Consultants, Inc. ("ULC"). (Dkt. 20, First Amended Complaint, ¶¶ 18, 46). Prior to litigation, National Union retained a forensic accountant, Peter Fogarty of Hagen, Streiff, Newton & Oshiro ("HSNO"), to conduct an analysis of Beaumont's claimed loss. (Dkt. 77-2, National Union's Rule 26(a)(2) Disclosures ("Disclosure"), pp. 3-4). Detailing his analysis in three written reports ("HSNO Reports"), Mr. Fogarty concluded that Beaumont had not substantiated its claimed loss and that any alleged loss was less than the restitution Beaumont had received from the Former Officials. (Dkt. 77-3, HSNO Reports, pp. 18-66).

As Plaintiffs acknowledge, National Union produced during fact discovery the HSNO Reports and communications between National Union and Mr. Fogarty. (Dkt. 77, p. 5). Because those reports arguably contain opinions (since Mr. Fogarty was retained to evaluate Beaumont's claim of overbilling), National Union disclosed Mr. Fogarty pursuant to Federal Rule 26(a)(2)(C) and disclosed that he might testify about "his retention by National Union, the scope of HSNO's work, HSNO's analysis as reflected in the above reports, his meetings with the City of Beaumont's attorneys and accountants, the City of Beaumont's document production and loss computation, and the City of Beaumont's insurance claim." (Dkt. 77-2, Disclosure, p. 3). Thereafter, Plaintiffs deposed Mr. Fogarty about his retention, work and analysis for more than six hours. (Dkt. 87-1, Deposition of Peter Fogarty ("Fogarty Dep.")).

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 1

Despite an affirmative written disclosure, three extensive reports and a full deposition, Plaintiffs accuse National Union of "refus[ing] to provide Plaintiffs with a summary of the opinions that Mr. Fogarty will testify to at trial in violation of Rule 26(a)(2)(C)." (Dkt. 77, p. 2). National Union's written disclosure debunks that notion. National Union clearly disclosed Mr. Fogarty's anticipated testimony and opinions — namely that Beaumont had not demonstrated a loss prior to the inception of litigation:

> In particular, National Union reserves the right to call Mr. Fogarty to testify about whether the City of Beaumont demonstrated, prior to the inception of litigation, a loss in excess of the restitution paid by Messrs. Egger, Dillon and Moorjani. As reflected in his report, Mr. Fogarty conducted an analysis of Daniel Ray's September 25, 2018 report to determine whether the City, given the assumptions by Mr. Ray that only one 4.5% fee cap applied and the one cap applied to projects for Beaumont Finance Authority, established a loss in excess of the restitution paid to Beaumont. National Union reserves the right to call Mr. Fogarty to testify that the City, even with its assumption that only one 4.5% fee cap applied and that one cap applied to projects for Beaumont Finance Authority, could not demonstrate a loss in excess of the restitution paid by Messrs. Egger, Dillon and Moorjani.

(Dkt. 77-2, Disclosure, p. 3). That summary – combined with Mr. Fogarty's extensive reports – detail the scope of Mr. Fogarty's investigation and analysis, his conclusions and National Union's intended use of Mr. Fogarty at trial.

Plaintiffs and their counsel have for years known of Mr. Fogarty's role in the investigation of Beaumont's claimed loss and have long had access to Mr. Fogarty's opinions as set forth in the HSNO Reports and document production, making a Rule 26(a)(2)(C) disclosure a simple formality. *Sprague v. Liberty Mut. Ins. Co.,* 177 F.R.D. 78, 81 (D.N.H. 1998) (non-retained experts "who formed opinions from pre-

litigation observation, invariably have files from which any competent trial attorney can effectively cross-examine"). Tellingly, Plaintiffs make no effort to claim that they do not know what opinions Mr. Fogarty will offer at trial.  Instead, they carelessly cherry-pick portions of Mr. Fogarty's deposition to falsely accuse National Union of refusing to allow Mr. Fogarty to answer questions regarding his opinions during his deposition.  (Dkt. 77, pp. 6-7).  A review of the full deposition transcript demonstrates that ***National Union's counsel only instructed Mr. Fogarty to not answer specific questions about communications with counsel – questions that clearly implicate the work product doctrine or attorney-client privilege.*** (Dkt. 87-1, Fogarty Dep., at15:17-16:07, 148:11-149:05).

Plaintiffs were otherwise provided free reign to ask Mr. Fogarty about his analysis and did so for six hours – including questions on each of the three HSNO reports and the specific opinions contained therein. (Dkt. 87-1, Fogarty Dep.). Plaintiffs therefore bear responsibility to the extent that "Plaintiffs' counsel left the Fogarty deposition without a firm grasp, or any grasp, of the opinions Mr. Fogarty will testify to at trial." (Dkt. 77, p. 4).  Plaintiffs' motion should be denied because (1) National Union properly provided a summary of Mr. Fogarty's opinions and anticipated testimony in a written disclosed and produced reports detailing the basis for his opinions (Dkt. 77-2, pp. 3-4); and (2) Plaintiffs' counsel had the opportunity to question Mr. Fogarty regarding his opinions and the three HSNO Reports (Dkt. 87-1, Fogarty Dep.).

## II. BACKGROUND

### A. RETENTION OF MR. FOGARTY

National Union retained Mr. Fogarty as a pre-suit forensic accounting consultant to conduct an analysis of Beaumont's claimed loss and to assess the damages computation conducted by Plaintiffs' expert Daniel Ray. (Dkt. 77-2, Disclosure, p. 4). Over the course of his engagement, Mr. Fogarty issued a series of reports (dated August 18, 2017; May 15, 2019; and August 16, 2019) detailing his

analysis of Beaumont's claimed loss. (Dkt. 77-3, HSNO Reports, pp. 18-66). Mr. Fogarty's initial report summarized his preliminary analysis based on his review of initial documents Beaumont provided with its proof of loss. (*Id.* at pp. 18-45). Mr. Fogarty's second report summarized his understanding of the analysis of Beaumont's expert, Daniel Ray of Hemming Morse. (*Id.* at pp. 46-57). Mr. Fogarty's third report updated the analysis based upon assumptions adopted by Mr. Ray and calculated the maximum overbilling amount by ULC. (*Id.* at pp. 58-66).

Plaintiffs acknowledge that the HSNO Reports and Mr. Fogarty's analyses were properly disclosed (Dkt. 77, p. 5), and even include the reports and corresponding schedules in their draft exhibit list. (Dkt. 87-2, Plaintiffs' Trial Exhibit List, at pp. 12, 18, 30, 32, 34, 37, 53). Plaintiffs clearly understand the import of Mr. Fogarty and his analysis. In fact, ***Plaintiffs reserve the right to rely upon Mr. Fogarty to support the Plaintiffs' claim*** in their Memorandum of Contentions of Fact and Law:

> Plaintiffs may also rely upon the analysis performed by National Union's forensic accountants at HSNO, Peter Fogarty, demonstrating National Union's awareness that a covered loss existed that greatly exceeded $1,500,000. Plaintiffs will also rely upon National Union[']s claims notes and other internal files demonstrating that the claims handlers at National Union were aware of Fog[a]rty's conclusions as to the existence and quantum of covered loss.

(Dkt. 82, at pp. 6-7). Given that Plaintiffs reserve the right to rely upon Mr. Fogarty's analysis and received the HSNO Reports, they cannot claim surprise about his work, analysis or conclusions.

**B.   NATIONAL UNION'S RULE 26 DISCLOSURE**

On May 31, 2022, National Union served its Rule 26 Disclosures on Plaintiffs. (Dkt. 77-2). National Union disclosed Mr. Fogarty pursuant to Rule 26(a)(2)(C) because Mr. Fogarty was hired pre-suit to provide an analysis of Beaumont's

- 4 -

claimed loss. (*Id.* at pp. 2-3). Since National Union had already produced his communications and reports, it disclosed that "[t]he scope and substance of Mr. Fogarty's work, knowledge and analysis is reflected in emails to/from Mr. Fogarty and [the three HSNO Reports]"). (*Id.* at pp. 2-3). National Union then summarized the scope of his knowledge and potential testimony:

> Mr. Fogarty may be called to offer testimony about his retention by National Union, the scope of HSNO's work, HSNO's analysis as reflected in the above reports, his meetings with the City of Beaumont's attorneys and accountants, the City of Beaumont's document production and loss computation and the City of Beaumont's insurance claim.

(*Id.* at p. 4). In an effort to avoid any suggestion that it had failed to disclose the substance of his testimony and impact of that testimony, National Union further disclosed Mr. Fogarty's anticipated testimony with specificity, as follows:

> In particular, National Union reserves the right to call Mr. Fogarty to testify about whether the City of Beaumont demonstrated, prior to the inception of litigation, a loss in excess of the restitution paid by Messrs. Egger, Dillon and Moorjani. As reflected in his report, Mr. Fogarty conducted an analysis of Daniel Ray's September 25, 2018 report to determine whether the City of Beaumont, given the assumptions by Mr. Ray that only one 4.5% fee cap applied and the one cap applied to projects for Beaumont Finance Authority, established a loss in excess of the restitution paid to Beaumont. National Union reserves the right to call Mr. Fogarty to testify that the City, even with its assumption that only one 4.5% fee cap applied and the one cap applied to projects for Beaumont Finance Authority, could not demonstrate a loss in excess of the restitution paid by Messrs. Egger, Dillon, and Moorjani.

(*Id.*).

### C. MR. FOGARTY'S DEPOSITION

Plaintiffs' counsel deposed Mr. Fogarty for nearly six hours on July 28, 2022. (Dkt. 87-1, Fogarty Dep.). Plaintiffs claim that counsel for National Union "obstructed the examination by refusing to allow Mr. Fogarty to answer questions that sought to elicit from the witness the opinions he intends to testify to at trial." (Dkt. 77, p. 6). Plaintiffs then cherry-picked two portions of Mr. Fogarty's deposition where National Union's counsel objected to questions regarding trial strategy based on privilege. (*Id.* at pp. 6-7).

National Union's counsel did not obstruct the deposition. On the contrary, National Union's counsel offered a stipulation designed to streamline the deposition:

> MR. SCHMOOKLER: After consulting off the record, National Union will offer the following stipulation: That Mr. Fogarty, if called to testify at trial, will offer the opinion that as of August 18th, 2017, based upon the documents reviewed as reflected in his report, Exhibit 6, reached the opinion that the insured, City of Beaumont, had not substantiated the employee theft in the amount claimed in the proof of loss, and the explanation in the 28-page report is the basis for that opinion. MR. PISANO: And I'll accept that stipulation. I appreciate that, Mr. Schmookler.

(Dkt. 87-1, Fogarty Dep., at 55:16-56:11). Plaintiffs conveniently ignore that offer and the fact that they accepted that offer!

Plaintiffs did not, however, limit their questions to Mr. Fogarty's pre-suit analysis and investigation. Instead, Plaintiffs sought to elicit communications between Mr. Fogarty and National Union's counsel about National Union's trial strategy. Two examples of Plaintiffs' questions illustrate the improper questions:

- "How about an informal ***oral engagement with Gordon & Rees***, do you have one of those to testify at the trial?"

- 6 -
DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 1

- "And if I were to ask you, Mr. Fogarty, *what opinions counsel intends to elicit from you at trial*, you would not answer that question based upon privilege; correct?"

(*Id.* at 15:17-19, 148:11-14). Mr. Fogarty was allowed to answer all of Plaintiffs' questions – except those that sought information that derived solely from a communication with National Union's counsel or privileged work product National Union does not intend to rely upon at trial. (*Id.* at 15:17-16:7, 148:11-149:5).

Plaintiffs conveniently ignore the fact that their counsel spent hours questioning Mr. Fogarty regarding his opinions and the analysis contained in each of the HSNO Reports. For example, when Plaintiffs questioned Mr. Fogarty about his opinions in the second report, Mr. Fogarty and Plaintiffs' counsel had the following exchange:

> Q. All right. Now in the next paragraph, you talk specifically about Dennis Janda. Why did you focus on Dennis Janda, in particular, as one of the vendors?
>
> …
>
> A. So it was unclear to us whether all of the survey hours that we noted on the ULC billing to the City and to the financing authority, were due to vendor bills, or whether a portion of it was just their own employees doing surveying work. So we – we knew we had Dennis Janda as a surveyor. So we isolated Dennis Janda and said, all right, is there a potential overbilling, should he fall under that category that we discussed earlier. And, if so, that was part of our calculation of potential overbilling.
>
> …
>
> That make sense? It's a little convoluted.
>
> Q. I – *I think I've got it*.

(*Id.* at 74:5-8, 14-24, 6-7) (emphasis added).

- 7 -
DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 1

1  Plaintiffs' counsel also thoroughly questioned Mr. Fogarty regarding opinions
2 contained in his third Report. Plaintiffs' counsel asked Mr. Fogarty to explain the
3 methodology underlying his analysis and exactly how he determined whether
4 overcharging existed:

5     Q.    But my question was: To the extent you saw that professional
6             title, those ones you just identified, you put them in the within-
7             cap bucket; correct?
8     A.    Potential, yes. Yes, we did.
9     Q.    And then the other professional titles that you saw in those
10           invoices, you put in the other bucket as being outside the cap;
11           correct?
12     A.    That's correct.

13 (*Id.* at 131:4-12). The above exchanges between Plaintiffs' counsel and Mr. Fogarty
14 demonstrate that Plaintiffs had the opportunity to, and did, question Mr. Fogarty
15 regarding his opinions and analysis of Beaumont's claimed loss.

16 **III.    ARGUMENT**

17  National Union properly disclosed Mr. Fogarty as a non-retained expert under
18 Rule 26(2)(C). Plaintiffs imply that National Union was somehow obligated to
19 provide a separate report, but Rule 26(2)(B) states that a report is only required "if
20 the witness is one retained or specially employed to provide expert testimony in the
21 case or one whose duties as the party's employee regularly involve giving expert
22 testimony." Fed. R. Civ. P. 26(2)(B). Mr. Fogarty was not retained to provide expert
23 testimony in this case (Dkt. 77-2, Disclosure, pp 3-4), but instead was retained prior
24 to the inception of litigation to investigate and analyze Beaumont's insurance claim.
25 *Haack v. Bongiorno,* No. 08 C 02488, 2011 WL 862239 at *4 (N.D. Ill. Mar. 4,
26 2011) ("[t]he December 2010 amendments to the federal rules clarify that a written
27 expert report is required only 'if the witness is one retained or specially employed to
28 provide expert testimony in the case'").

- 8 -
DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 1

1    Nonetheless, National Union disclosed Mr. Fogarty pursuant to Rule 26(2)(C)
2    because his reports contain accounting analysis and arguably contain opinion
3    testimony governed by Federal Rule of Evidence 702.[1]  Under Rule 26(2)(A), a
4    witness who may offer evidence under Federal Rule of Evidence 702, 703, or 705
5    must be disclosed – which National Union did.  (Dkt. 77-2, Disclosure, pp 3-4).
6    However, because Mr. Fogarty was not retained for purposes of litigation, that
7    disclosure was subject to Rule 26(2)(C) – meaning that National Union need only
8    disclose the subject matter of his expected testimony and a summary of the facts and
9    opinions he may introduce at trial.  (Fed. R. Civ. P. 26(2)(C).

10   National Union's disclosure comports with local practice:  "if the witness is
11   testifying premised on his or her personal knowledge based on his or her own
12   involvement in the dispute, he or she is a non-retained expert subject to the disclosure
13   requirements of Rule 26(a)(2)(C)."  *Carr v. Cty. of San Diego*, No. 19-CV-1139,
14   2021 WL 4244596, at *4 (S.D. Cal. Sept. 17, 2021); *Doe v. City of San Diego*, No.
15   12-CV-0689, 2013 WL 3989193, at *7 (S.D. Cal. Aug. 1, 2013) ("[w]here [] the
16   expert is part of the ongoing sequence of events and arrives at his causation opinion
17   during treatment, his opinion testimony is not that of a retained or specially
18   employed expert").  Since Mr. Fogarty is testifying premised on his knowledge
19   gained prior to litigation, he is subject to the requirements of Rule 26(a)(2)(C).[2]

20   Pursuant to Rule 26(a)(2)(C), the disclosure must state: "(i) the subject matter
21   on which the witness is expected to present evidence under Federal Rule of Evidence

---

[1] Pursuant to Federal Rule of Evidence 702, "[a]n 'expert' is a person who possesses 'specialized knowledge' due to his 'skill, experience, training, or education' that 'will assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Haack,* 2011 WL 862239 at *4.

[2] Pursuant to the Advisory Committee Notes to the 2010 amendment to Rule 26(a)(2), "[a] witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705." *See also Doe 1 v. Manhattan Beach Unified Sch. Dist.*, No. CV 19-06962, 2020 WL 7931596, at *2 (C.D. Cal. Dec. 22, 2020).

- 9 -

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 1

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

1  702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness
2  is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).  The advisory notes clarify that
3  "[t]his disclosure is considerably less extensive than the report required by Rule
4  26(a)(2)(B).  Courts must take care against requiring undue detail, keeping in mind
5  that these witnesses have not been specially retained and may not be as responsive
6  to counsel as those who have."  Fed. R. Civ. P. 26(a)(2)(C) Advisory Committee's
7  Note (2010); *see also Haack,* 2011 WL 862239 at *4.
8        Pursuant to Rule 26(a)(2)(C), National Union disclosed that Mr. Fogarty
9  would testify regarding his work, knowledge, and analysis as contained in the three
10 pre-suit HSNO Reports. (Dkt. 77-2, Disclosure, pp. 3-4).  In addition, National
11 Union provided that Mr. Fogarty "may be called to offer testimony about his
12 retention by National Union, the scope of HSNO's work, HSNO's analysis as
13 reflected in the above reports, his meetings with the City of Beaumont's attorneys,
14 and accountants, the City of Beaumont's document production and loss computation,
15 and the City of Beaumont's insurance claim" (*Id.* at p. 4).  National Union also
16 disclosed the specific testimony Mr. Fogarty would be expected to testify about:
17 "whether the City of Beaumont demonstrated, prior to the inception of litigation, a
18 loss in excess of the restitution paid by Messrs. Egger, Dill[]on, and Moorjani."
19 (*Id.*).  Since the totality of that analysis was disclosed in three written reports,
20 National Union's disclosure satisfies the subject matter requirement of Rule
21 26(2)(C).
22       Plaintiffs seem to suggest that it is unduly burdensome for Plaintiffs to
23 determine Mr. Fogarty's opinions since the three HSNO "reports together are in
24 excess of 50 pages, with over 700 pages of backup analysis." (Dkt. 77, p. 5).  Mr.
25 Fogarty provided extensive reporting because (1) his first report detailed analysis of
26 more than 500,000 pages of documentation; and (2) his second report detailed his
27 analysis of a report from Plaintiffs' accountant – a report which was accompanied
28 by hundreds of pages of schedules and exhibits. (Dkt. 77-3, HSNO Reports, pp. 18-

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

57).

In effect, Plaintiffs complain about the detailed nature of Mr. Fogarty's work and extensive nature of his work. The length of those reports and schedules undermines – not supports – Plaintiffs' motion. The length of the reports and schedules demonstrate that Plaintiffs have received a fulsome disclosure of Mr. Fogarty's work, his analysis and basis for his conclusions. "Rule 26(a)(2) is intended to limit unfair surprise regarding expert's testimony." *Hinkle v. Ford Motor Co.*, 3:11-24-DCR, 2013 WL 1992834 at *6 (E.D. Ky. May 13, 2013). No surprise exists here – as Plaintiffs received fulsome reports with Mr. Fogarty's analysis and had an opportunity to probe the basis for that analysis for nearly six hours. In short, Mr. Fogarty's opinions were fully, timely and properly disclosed.

Tellingly, Plaintiffs do not contend that Mr. Fogarty's reports were never disclosed. Rather, Plaintiffs are unsatisfied with the summary of Mr. Fogarty's anticipated trial testimony in National Union's Rule 26 disclosure. However, as set forth above, a summary was provided as required by the federal rules. To the extent Plaintiffs were uncertain about the scope of the summary provided by National Union, Plaintiffs had the opportunity to question Mr. Fogarty regarding his opinions and anticipated trial testimony. Plaintiffs did just that. (Dkt. 87-1, Fogarty Dep.). Accordingly, no basis exists to exclude Mr. Fogarty at trial.

## IV.   CONCLUSION

For the foregoing reasons, National Union respectfully requests that this Honorable Court deny Plaintiffs' Motion *in Limine* No. 1 to exclude Peter Fogarty from offering opinion testimony at trial and for any other relief the court deems necessary and appropriate.

Dated:  August 22, 2022

GORDON REES SCULLY
MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 1

| | |
|---|---|
| 1 | sschmookler@grsm.com |
| 2 | (312) 980-6779 |
| 3 | Dina Glucksman (SBN: 245646) |
| | dglucksman@grsm.com |
| 4 | (213) 576-5071 |
| 5 | 633 West Fifth Street, 52nd Floor |
| 6 | Los Angeles, CA 90071 |
| | *Attorneys for Defendant* |
| 7 | *National Union Fire Insurance* |
| 8 | *Company of Pittsburgh, Pa.* |

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

- 12 -
DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 22, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

> Jeffrey V. Dunn, State Bar No. 131926
> jeffrey.dunn@bbklaw.com
> Christopher E. Deal, State Bar No. 186754
> chris.deal@bbklaw.com
> Daniel L. Richards, State Bar No. 315552
> daniel.richards@bbklaw.com
> BEST BEST & KRIEGER LLP
> 18101 Von Karman Avenue, Suite 1000
> Irvine, California 92612
> Telephone: 949-263-2600
> Facsimile: 949-260-0972
>
> *Attorneys for Plaintiffs*

GORDON REES SCULLY
MANSUKHANI LLP

By:  */s/ Scott L. Schmookler*
     Scott L. Schmookler

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 1

(Left margin: Gordon Rees Scully Mansukhani, LLP, 633 West Fifth Street, 52nd floor, Los Angeles, CA 90071)