Dina Glucksman, State Bar No. 245646
dglucksman@grsm.com
(213) 576-5071
Scott L. Schmookler, *Pro Hac Vice*
sschmookler@grsm.com
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE TESTIMONY OF PETER EVANS OR LIMITING HIM TO REBUTTAL TESTIMONY ONLY**<br><br>Judge:   Hon. George H. Wu<br>Date:   9/1/2022<br>Time:   8:30 a.m.<br>Room:   9D |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................1

II.   OVERVIEW OF PETER EVANS' EXPERT OPINION ...............................2

III.  ARGUMENT ....................................................................................3

    A.  CALIFORNIA AND NINTH CIRCUIT AUTHORITY DO NOT REQUIRE
NATIONAL UNION TO "ANTICIPATE" PLAINTIFFS' EXPERTS. ...........................4

    B.  EVANS' REPORT IS PROPER REBUTTAL TESTIMONY. .......................9

    C.  PLAINTIFFS HAVE NOT DEMONSTRATED HARM. ......................... 10

IV.   CONCLUSION ..............................................................................12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 3

1

# TABLE OF AUTHORITIES

2

**Cases**

3  *Dey, L.P. v. Ivax Pharms., Inc.,*

4  233 F.R.D. 567 (C.D. Cal. 2005) ....................................................... 11

5  *Doe v. Manhattan Beach Unified Sch. Dist.,*

6  2021 WL 4348737 (C.D. Cal. Jan. 12, 2021) ................................... 2, 5

7  *Emerick v. U.S. Suzuki Motor Corp.,*

8  750 F.2d 19 (3d Cir. 1984)) ................................................................ 8

9  *Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.,*

10  2016 WL 4548793 (E.D. Cal. Sep. 1, 2016) ................................. 1, 11

11  *Miller v. Vilsack,*

12  2021 WL 3465923 (D. Or. Aug. 6, 2021) ........................................... 7

13  *Peals v. Terre Haute Police Dep't,*

14  535 F.3d 621 (7th Cir. 2008) .............................................................. 8

15  *Perez v. State Farm Mut. Auto. Ins. Co.,*

16  2011 WL 8601203 (N.D. Cal. Dec. 7, 2011) ...................................... 9

17  *PerkinElmer Health Sciences, Inc. v. SCR Living LLC,*

18  2022 WL 3130237 (C.D. Cal. June 22, 2022) .................................. 10

19  *Ruiz v. Walmart Inc.,*

20  2021 WL 945241 (C.D. Cal. Jan. 22, 2021) ................................ 2, 5, 7

21  *Sandata Techs. v. Infocrossing, Inc.,*

22  2007 WL 4157163 (S.D.N.Y. Nov. 16, 2007) ..................................... 5

23  *Specter v. Texas Turvine Conversions, Inc.,*

24  2020 WL 7234369 (D. Alaska Dec. 8, 2020) ...................................... 7

25  *TCL Commc'ns Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson,*

26  2016 WL 7042085 (C.D. Cal. Aug. 17, 2016) ....................... 2, 5, 6, 8

27  *Theoharis v. Rongen,*

28  2014 WL 3563386 (W.D. Wash. July 18, 2014) ............................. 5, 6

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 3

*Wiggins v. Penske Logistics LLC*,

2022 WL 301688 (C.D. Cal. Jan. 5, 2022)............................................................9

**Rules**

Fed. R. Civ. P. 26.............................................................................................................9

Fed. R. Civ. P. 37...........................................................................................................10

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 3

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") submits this response in opposition to Plaintiffs' motion *in limine* no. 3 to exclude testimony of Peter Evans or limit him to offering rebuttal testimony (Dkt. 79):

## I.   INTRODUCTION

Plaintiffs filed a bad faith claim against National Union alleging that National Union acted unreasonably in the investigation and adjustment of Beaumont's insurance claim. Plaintiffs did not detail the basis for their claim until they disclosed an expert opinion from John Lepire on May 31, 2022. (Dkt. 79-2, Plaintiffs' Expert Disclosure and Reports, at pp. 3, 320-31).   Thereafter, National Union timely disclosed a responsive expert (Peter Evans) (Dkt. 87-5, Defendant's Rule 26(a)(2)(B) Rebuttal Disclosures, at pp. 2-3), and produced a report from Mr. Evans rebutting Mr. Lepire's opinions (Dkt. 87-6, Peter Evans' Expert Opinion Report, dated June 29, 2022).   Plaintiffs thereafter had a full and fair opportunity to explore Mr. Evans' opinions during his deposition. (Dkt. 87-7, Deposition of Peter Evans).

Yet, even though Plaintiffs bear the burden of proof on bad faith, Mr. Evans' responded to Plaintiffs' expert, and Plaintiffs deposed Mr. Evans, Plaintiffs ask this Court to bar Mr. Evans from testifying.   They do so on the untenable theory that National Union should have anticipated the basis for their bad faith claim and preemptively disclosed an expert on a claim on which they have the burden of proof. Importantly, Plaintiffs, not National Union, bear the burden of proof on Plaintiffs' bad faith claim. *See Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.*, No. 2:15-cv-00861-KJM-EFB, 2016 WL 4548793, at *8 (E.D. Cal. Sep. 1, 2016).   As such, Defendant rightly disclosed its expert after Plaintiffs disclosed Mr. Lepire.

Neither the Federal Rules of Civil Procedure nor this Court's precedent provides any support for Plaintiffs' motion.   To be sure, this Court has considered this issue in three cases and thrice rejected Plaintiffs' thesis.   In each instance, this Court recognized that a defendant is not required to anticipate a plaintiff's expert

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

- 1 -

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

and may await the plaintiff's expert disclosure before disclosing responsive experts. *Ruiz v. Walmart Inc.*, CV 20-01129-RAO, 2021 WL 945241, at *2 (C.D. Cal. Jan. 22, 2021); *Doe v. Manhattan Beach Unified Sch. Dist.*, No. CV1906962DDPRAOX, 2021 WL 4348737, at *2 (C.D. Cal. Jan. 12, 2021); *TCL Commc'ns Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, No. CV 15-02370 JVS, 2016 WL 7042085, at *4 (C.D. Cal. Aug. 17, 2016).

A contrary result would have required National Union to divine whether Plaintiffs intended to disclose an expert on bad faith and any opinions he might advance in support of the Plaintiffs' claims. Because Plaintiffs bear the burden of proof on bad faith, National Union was entitled to Plaintiffs' expert disclosure and then identify responsive experts. National Union appropriately disclosed Mr. Evans to rebut the opinions offered by Mr. Lepire and then provided Plaintiffs a full and fair opportunity to fully explore Mr. Evans' opinions at his deposition. There is therefore no basis to exclude or limit Mr. Evans' testimony at trial and Plaintiffs' motion should be denied.

## II.      OVERVIEW OF PETER EVANS' EXPERT OPINION

The Court's Scheduling Order required the parties to disclose initial experts on May 30, 2022, and thereafter required disclosure of rebuttal experts on June 30, 2022. (Dkt. 34, Order Modifying Scheduling Order, at p. 1). On May 31, 2022, Plaintiffs first disclosed John Lepire as their purported claims handling expert.[1] (Dkt. 79-2, Plaintiffs' Expert Disclosure and Reports, at p. 3). Mr. Lepire purported to opine that National Union acted in bad faith because it allegedly

1.      failed to accept or deny Beaumont's claim within 40 days of receiving a proof of claim (*Id.* at pp. 324-25);

2.      failed provide a clear and concise written explanation for denial of coverage (*Id.* at pp. 325-26);

---

[1] Because May 30, 2022 fell on Memorial Day, the parties agreed to exchange initial expert disclosures on May 31, 2022.

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 3

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

3.   failed to thoroughly, fairly and objectively investigate Beaumont's claim (*Id.* at pp. 326-27);

4.   made a unreasonably low settlement offer (*Id.* at p. 327); and

5.   failed to give equal consideration to Beaumont's coverage position (*Id.* at pp. 327-28).

Pursuant to the Court's Scheduling Order, National Union timely disclosed Peter Evans to "to provide rebuttal expert testimony in this case." (See Dkt. 87-5, Defendant's Rule 26(a)(2)(b) Rebuttal Disclosures, at pp. 2-3). As explicitly set forth in Mr. Evans' report, Mr. Evans was retained and disclosed "to rebut the opinions expressed by John Lepire …." (Dkt. 87-6, Evans Report, at p. 2). Mirroring Mr. Lepire's report, Mr. Evans organizes his report to address and rebut each of the five opinions specifically offered by Mr. Lepire. Rejecting Mr. Lepire's conclusions, Mr. Evans addresses the allegations that National Union

1.   failed to accept or deny Beaumont's claim within 40 days of receiving a proof of claim (*Id.* at pp. 11-14);

2.   failed to provide a clear and concise written explanation for denial of coverage (*Id.* at pp. 14-16);

3.   failed to thoroughly, fairly and objectively investigate Beaumont's claim (*Id.* at pp. 16-17);

4.   made an allegedly unreasonably low settlement offer (*Id.* at p. 17); and

5.   failed to give equal consideration to Beaumont's coverage position (*Id.* at pp. 17-19).

Each of the opinions set forth in Mr. Evans' report is a direct response to an opinion offered by Mr. Lepire. (*Id.* at p. 11 ("I will now address each of the opinions expressed in Mr. Lepire's report.")).

## III.   ARGUMENT

Plaintiffs ask this Court to bar National Union from relying upon a timely disclosed expert that Plaintiffs deposed and to deprive National Union of the right

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 3

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

to call an expert to rebut Plaintiffs' bad faith claim.  Plaintiffs do not deny that they were fully apprised of Mr. Evans' opinions, do not deny that they had an opportunity to depose him and do not deny that they have ample time to prepare for his testimony at trial.  Instead, Plaintiffs seek a strategic advantage on the theory that even though they have the burden to prove bad faith, National Union should have anticipated that they would disclose an expert on bad faith and should have anticipated that expert's opinions.

Remarkably, Plaintiffs took the opposite position at the outset of this case. Contradicting their current position, Plaintiffs took the position that National Union was free to disclose responsive experts following its disclosure:  "WRCOG note[d] that, pursuant to Federal Rule of Civil Procedure 26[a](2)(D)(ii), National Union may disclose a rebuttal expert within 30 days of WRCOG's initial expert disclosure." (Dkt. 16, Joint Rule 26(f) Report, at p. 8).  National Union did just that and disclosed an expert responsive to Plaintiffs' purported expert.

Plaintiffs' gamesmanship fails for three reasons.  First, where the plaintiff bears the burden of proof, this Court's precedent allows a defendant to disclose responsive experts and rejects the notion that an expert should be excluded on the theory that the defendant could have anticipated the need to expert testimony on plaintiff's claim.  Second, Mr. Evans provided rebuttal testimony as he responded to Plaintiffs' purported expert.  Third, Plaintiffs suffered no prejudice because they had time to depose Mr. Evans and can prepare for his testimony at trial.

### A.   CALIFORNIA AND NINTH CIRCUIT AUTHORITY DO NOT REQUIRE NATIONAL UNION TO "ANTICIPATE" PLAINTIFFS' EXPERTS.

The gravamen of Plaintiffs' motion is that National Union should have designated a bad faith expert from the outset and that Mr. Evans is not a proper rebuttal expert because National Union could have anticipated that Plaintiffs would disclose a bad faith expert. (Dkt. 79, p. 7).  This entire argument ignores the reality that Plaintiffs – not National Union – bear the burden of proving bad faith.  In effect,

- 4 -

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1   Plaintiffs ask this Court to require a defendant to anticipate a plaintiff's experts and

2   to risk a waiver of the right to call an expert to the extent that it incorrectly fails to

3   anticipate plaintiff's experts.

4         Rule 26 rejects Plaintiffs' thesis.  As stated in the advisory committee notes

5   to Rule 26, "in most cases the party with the burden of proof on an issue should

6   disclose its expert testimony on that issue before other parties are required to make

7   their disclosures with respect to that issue." Rule 26(a)(2) advisory committee's

8   notes to 1993 amendment (emphasis added).  Accordingly, courts recognize that "[i]t

9   is routine that the party with the burden of proof on a particular issue be the first to

10  submit its expert reports addressing the issue." *Sandata Techs. v. Infocrossing, Inc.*,

11  2007 WL 4157163, at *1 (S.D.N.Y. Nov. 16, 2007).  Agreeing with that practice,

12  this Court has considered and rejected Plaintiffs' argument and denied an analogous

13  motion in *TCL Communications Technology Holdings, Ltd.* 2016 WL 7042085, at

14  *4. *See also Manhattan Beach*, 2021 WL 4348737, at *2; *Ruiz*, 2021 WL 945241,

15  at *2.

16        *TCL* addressed the precise issue before this Court.  In that case, the plaintiffs

17  filed a motion to strike portions of defendant's expert's report on the theory that an

18  expert who opines on "an expected and anticipated portion of the other party's case-

19  in-chief" is not a rebuttal witness. *Id.*, 2016 WL 7042085 at *2 (*quoting Amos v.

20  Makita U.S.A.*, No. 2:09-cv-01304, 2011 WL 43092, at *2 (D. Nev. Jan. 6, 2011)).[2]

21  This Court rejected that argument and declined to follow *Amos*.  Instead, this Court

22  adopted the ruling in *Theoharis v. Rongen*, No. C13-1345RAJ, 2014 WL 3563386

23  (W.D. Wash. July 18, 2014), and held that a defendant need not anticipate a

24  plaintiff's expert disclosure and may disclose responsive experts – even if the

25  defendant could have anticipate plaintiff's expert disclosure:

26

27

28  [2] *TCL* distinguished *Amos* because *Amos* relied upon rebuttal testimony introduced
    for the first time at trial, not a Rule 26 deadline for disclosing an expert.

- 5 -

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 3

1
2
3
4
5

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

[t]he *Theoharis* rule is the rule more consistent with the advisory notes to Rule 26 which state that the default rule is that, "in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue."

*TCL Commc'ns Tech.*, 2016 WL 7042085, at *4 (*quoting* Rule 26(a)(2) advisory committee's notes to 1993 amendment).  Therefore, the Court declined to strike the "expert reports on the grounds that [defendant] should have anticipated or expected having an expert testify on the subject matter that [defendant's] rebuttal expert reports cover." *Id.*

The court in *Theoharis* reached the same conclusion.  In that case, the plaintiff sought to exclude a timely disclosed expert on the theory that the defendant could have anticipated the plaintiff's expert disclosure.  The defendant opposed the motion because its expert addressed issues on which the plaintiff had the burden of proof.  The defendant argued that it was entitled to await plaintiff's expert disclosure and then disclose a responsive expert. The United States District Court for the Western District of Washington agreed with defendant and denied plaintiff's motion:

A party who does not bear the burden of proof on an issue may be keenly interested in avoiding the expense of designating an expert witness on that issue.  If, however, the party with the burden of proof offers a compelling expert disclosure, the opposing party can still designate a rebuttal expert in compliance with the rules.  For that reason, the court declines to adopt the rule that expert testimony on an anticipated portion of an opposing party's case cannot be rebuttal expert testimony.

2014 WL 3563386, at *4.

This Court reaffirmed its reliance on *Theoharis* and *TCL* in *Manhattan Beach*. 2021 WL 4348737. In *Manhattan Beach*, this Court considered a motion to strike a

- 6 -

rebuttal expert. *Id.* at *1. The court discussed the *Theoharis* decision and noted that "[t]he court [in *Theoharis*] disagreed with the 'stricter view' that expert testimony is not rebuttal testimony where it addresses an anticipated portion of the other party's case, finding that this standard was appropriate for evaluating rebuttal testimony at trial, but not for evaluating rebuttal evidence under Rule 26(a)(2) with respect to expert disclosures." *Id.* at *2. In denying plaintiff's motion to strike, this Court explained:

> Here, the court has reviewed the cases cited by Plaintiff, but is more persuaded by the view set forth in *Theoharis* and *TCL*. Therefore, even if [the rebuttal expert] addresses matters that may have been anticipated by Defendant, the Court declines to strike [the rebuttal expert] because portions of [the rebuttal expert's] report directly rebut or contradict [plaintiff's expert's] report.  Moreover, permitting Defendant to delay a decision on whether to retain a rebuttal expert on causation and damages until after Plaintiff provided her expert disclosures on these issues is consistent with the advisory committee's notes.

*Id.* at *2.

Other courts agree with that analysis and reject Plaintiffs' flawed theory: "Even if [the purported rebuttal expert] addressed matters that may have been anticipated by Defendant, the Court declines to strike [the purported rebuttal expert] as a rebuttal expert because at least portions of [his] report directly rebut or contradict [plaintiff's expert's] report." *Ruiz*, 2021 WL 945241, at *2; *Specter v. Texas Turvine Conversions, Inc.*, No. 3:17-cv-00194-TMB, 2020 WL 7234369, at *6 (D. Alaska Dec. 8, 2020) ("The Court agrees and finds the reasoning in *TCL* and *Theoharis* that Rule 26 does not support a blanket prohibition on rebuttal testimony that addresses an anticipated portion of an opposing party's case to be compelling."); *Miller v. Vilsack*, Civ. No. 2:17-cv-00670-SU, 2021 WL 3465923, at *2 (D. Or. Aug. 6, 2021) ("The Court finds the [*Theoharis*] line of cases more persuasive, as they are

- 7 -

consistent with the Advisory Committee Notes for Rule 26 and with Plaintiff's burden of proving actual damages…. Accordingly, the Court concludes that the West Report is appropriately presented as a rebuttal expert report.").

Plaintiffs ignore cases addressing the dispositive issue and instead cite cases that conflate the standard courts use to evaluate the propriety of witnesses first introduced <u>at trial</u>. (Dkt. 79 at 8).[3]  That situation is totally distinct from whether a party discloses a responsive expert during discovery.  That is the very reason this Court declined to follow *Amos* – because *Amos* relied on a case discussing rebuttal testimony first introduced at trial:

> As [the defendant] points out, the *Amos* court's sweeping declarations of timing and appropriate disclosure of rebuttal expert witnesses came from citation to a case, *In re Apex Oil Co.*, 958 F.2d 243 (8th Cir. 1992), where the testimony was offered for the first time at trial—not at the rebuttal deadline for expert witness reports.

*TCL Commc'ns Tech. Holdings Ltd.*, 2016 WL 7042085, at *3.  This Court reaffirmed that distinction in *Manhattan Beach Unified Sch. Dist.*, 2021 WL 4348737, at *2: "In addition to agreeing with the reasoning of *Theoharis*, the *TCL* court found the *Amos* line of cases to be unpersuasive because *Amos* relied on an Eighth Circuit case that involved rebuttal testimony offered for the first time at trial and not on the rebuttal deadline for expert witness reports."  Despite this Court's clear precedent, Plaintiffs mistakenly rely on inapposite cases regarding rebuttal witnesses introduced for the first time at trial – none of which address whether an expert was properly disclosed as a rebuttal witness.

Because National Union does not carry the burden of proof on Plaintiffs' bad faith claim and because this Court's precedent rejects the notion that a witness who testifies on an anticipated issue is not a rebuttal witness, this Court should find that

---

[3] *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630-31 (7th Cir. 2008); *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984))

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 3

Peter Evans is a proper rebuttal witness and allow him to testify at trial.

## B. EVANS' REPORT IS PROPER REBUTTAL TESTIMONY.

Pursuant to the Federal Rules of Civil Procedure, the purpose of rebuttal experts is to "contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii). Ultimately, "[r]ebuttal testimony is proper as long as it addresses the same subject matter that the initial experts address and does not introduce new arguments." *Perez v. State Farm Mut. Auto. Ins. Co.*, No. C 06-01962 JW, 2011 WL 8601203, at *8 (N.D. Cal. Dec. 7, 2011) (footnote omitted); *see also Wiggins v. Penske Logistics LLC*, No. EDCV192260DMGKKX, 2022 WL 301688, at *3 (C.D. Cal. Jan. 5, 2022) ("Here, Mr. Miller was properly designated as a rebuttal witness because his report primarily includes opinions that contradict or rebut Mr. Herbert's expert report. Mr. Miller's report sets forth each of Mr. Herbert's opinions and Mr. Miller's disagreements with those opinions.")

Plaintiffs fail to acknowledge – or purposefully ignore – that Mr. Evans addressed Mr. Lepire's five opinions one by one in his report. Mr. Lepire structured his report by addressing five "pertinent elements of the California Fair Claims Settlement Practices Regulation" (Dkt. 79-2, Plaintiffs' Expert Disclosure and Reports, at p. 323) and Mr. Evans responded by doing the exact same. (Dkt. 87-6, Evans Report, at p. 11 ("I will now address each of the opinions expressed in Mr. Lepire's report.")). Plaintiffs fail to articulate how Mr. Evans' opinions are not rebuttal opinions.

Instead, Plaintiffs cherry pick two paragraphs from the conclusion in Mr. Evans' report and contend, without explanation, that "[t]his is not 'rebuttal' testimony." (Dkt. 79, p. 10). Those two paragraphs – which summarize Mr. Evans' opinions – are within "the same subject matter" as Mr. Lepire's report. Far from exceeding the scope of proper rebuttal testimony, Mr. Evans' conclusions rebut the conclusions Mr. Lepire reached in his own report that the claim should have been

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 3

resolved sooner and that National Union violated the applicable insurance regulations. (Dkt. 79-2, Plaintiffs' Expert Disclosure and Reports, at pp. 324-28).

Plaintiffs' motion suggests that Mr. Evans' testimony should be limited to rebuttal testimony.  While it is true that Mr. Evans' report references Mr. Lepire's opinions, the admissibility of Mr. Evans' testimony should not be contingent upon the admission of Mr. Lepire's testimony. As detailed in National Union's motion *in limine* no. 2 to exclude Mr. Lepire from testifying at trial, Mr. Lepire is unqualified as an expert and should not be allowed to testify. (Dkt. 67).  If granted and Plaintiffs are not allowed to present their bad faith claim, Mr. Evans will not need to testify. However, if Plaintiffs are allowed to volley any allegations of improper claim handling on the part of the National Union, Mr. Evans should be allowed to testify because he addresses those allegations.

## C.    PLAINTIFFS HAVE NOT DEMONSTRATED HARM.

Plaintiffs' motion should be denied because Plaintiffs suffered no harm or prejudice.  Indeed, Plaintiffs do not even contend that they would be harmed or prejudiced by Mr. Evans' testimony at trial. They cannot claim any such harm or prejudice because National Union timely disclosed Mr. Evans during discovery (Dkt. 87-5), timely produced Mr. Evans' expert report (Dkt. 87-7) and Plaintiffs were thereafter provided an opportunity to – and did – depose him (Dkt. 87-7).

Pursuant to Rule 37(c)(1), if a witness is not timely disclosed, the party can still use that witness if "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In determining whether to exercise that exception, 'courts consider (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for [its] failure to disclose the evidence.'" *PerkinElmer Health Sciences, Inc. v. SCR Living LLC*, No. 5:20-cv-02083-JWH-KK, 2022 WL 3130237, at \*10 (C.D. Cal. June 22, 2022) (quoting *Dey, L.P. v. Ivax*

- 10 -

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 3

*Pharms., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005)).

Here, Plaintiffs do not address any of the factors courts consider in determining whether to exclude a witness whom a party contends is not timely disclosed. A review of these factors unquestionably dictates that Mr. Evans be allowed to testify as a rebuttal expert at trial:

1.  Plaintiffs suffered no surprise because the Court specifically allowed for the disclosure of rebuttal experts in its Scheduling Order (Dkt. 34, Order Modifying Scheduling Order, at p. 1);

2.  Plaintiffs deposed Mr. Evans for three hours on July 26, 2022, so they had a full and fair opportunity to explore Mr. Evans' opinions (Dkt. 87-7, Deposition of Peter Evans);

3.  Allowing Mr. Evans to testify as an expert to rebut Mr. Lepire's opinions would not disrupt the trial but instead allow National Union to combat accusations during Plaintiffs' case-in-chief;

4.  Mr. Evans' testimony is of critical importance for National Union to rebut the opinions of Mr. Lepire that Plaintiffs are relying on to support their bad faith claim;

5.  National Union's disclosure of Mr. Evans as a rebuttal expert is explained by the fact that National Union does not have the burden of proof on Plaintiffs' claim for breach of the covenant of good faith and fair dealing. *See Lexington Ins. Co.*, 2016 WL 4548793, at *8.

National Union properly waited until after disclosure of Plaintiffs' claims handling expert and disclosed Mr. Evans at the time rebuttal expert disclosures were due. Simply put, there is no basis to exclude or limit Mr. Evans' testimony at trial. Plaintiffs have not, and cannot, demonstrate any harm or prejudice by allowing Mr. Evans to testify at trial.

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

- 11 -

IV.   **CONCLUSION**

For the foregoing reasons, National Union respectfully requests that this Honorable Court deny Plaintiffs' motion *in limine* no. 3 to exclude Peter Evans, and for any other relief this Court deems necessary and appropriate.

Dated:  August 22, 2022

GORDON REES SCULLY MANSUKHANI LLP

By:   */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Dina Glucksman (SBN: 245646)
dglucksman@grsm.com
(213) 576-5071
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
*Attorneys for Defendant*
*National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 22, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

Jeffrey V. Dunn, State Bar No. 131926
jeffrey.dunn@bbklaw.com
Christopher E. Deal, State Bar No. 186754
chris.deal@bbklaw.com
Daniel L. Richards, State Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612
Telephone: 949-263-2600
Facsimile: 949-260-0972

*Attorneys for Plaintiffs*

GORDON REES SCULLY
MANSUKHANI LLP

By:   */s/ Scott L. Schmookler*
        Scott L. Schmookler

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 3

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071