JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone:  (949) 263-2600
Facsimile:   (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF THE FELONY COMPLAINT AGAINST KAPANICAS AND AYLWARD AND THEIR GUILTY PLEAS**<br><br>Date:          September 1, 2022<br>Time:          8:30 a.m.<br>Courtroom:  9D |

## I. INTRODUCTION

Plaintiffs Western Riverside Council Of Governments and City Of Beaumont (the "City") (collectively, "Plaintiffs") hereby submit this opposition to Defendant National Union Fire Insurance Company Of Pittsburgh, Pa's ("Defendant") Motion in Limine No. 4 to Exclude Evidence of the Felony Complaint against Alan Kapanicas ("Kapanicas") and William Aylward ("Aylward") and their guilty pleas to embezzlement and misappropriation of public funds.

In ruling on this motion, this Court is presented with three reasons why this motion should fail. First, the felony guilty pleas of Kapanicas and Aylward are relevant because they provide foundational information, and explain the conspiracy and collusion between Kapanicas and Messrs. Dillon, Egger and Moorjani. It is no surprise that Defendants want to keep this testimony from the jury because it is necessary testimony for the City to establish its losses under the insurance policies, as well as to establish adverse domination by the former City officials. Second, the evidence is relevant and admissible because it demonstrates the dishonesty of Kapanicas and Aylward, which furthers the City's case of the former City officials' collusion in this case. Third, excluding the guilty pleas would be far more prejudicial to Plaintiffs, as it would essentially absolve not only the two wrongdoers in the minds of the jury and who played major roles in causing a loss to the City, but potentially the Defendant who has failed to pay under its policies.

If this motion were to be granted, the jury could have the mistaken and highly prejudicial impression that Kapanicas and Aylward were honest City officials who should have, but did not catch, the wrongdoing of Messrs. Dillon, Egger and Moorjani, and the jury could decide against Plaintiffs solely based on that misconception. In short, this motion should be denied.

## II. FACTUAL BACKGROUND

On April 22, 2015, the Riverside District Attorney's office raided City Hall, and seized documentary and electronic evidence related to ULC and Messrs. Dillon,

Egger and Moorjani, as well as former City Manager Kapanicas. Declaration of Christopher E. Deal ("Deal Decl."), Exh. 5 (Deposition of Gibbs, May 23, 2022 ["Gibbs Depo. May 23, 2022"]) at pp. 198:13–200:2; Deal Decl., Exh. 11.

On May 17, 2016, Dillon, Egger, Moorjani, Kapanicas, Aylward, and others were charged with a litany of felonies, including multiple counts of embezzlement and misappropriations of public funds, falsifying public records to hide their crimes, and criminal conspiracy. Dkt. 49-5 at pp. 291–303. In total, thirty-three counts were bought, and the District Attorney's office sought a "aggravated White Collar Crime Enhancement" against these former city officials, and others. *Id.*; Deal Decl., Exh. 10.

In their factual bases for their guilty pleas in *People v. Alan Charles Kapanicas*, Riverside County Superior Court, Case No. RIF1602262, and *People v. William Kevin Aylward*, Riverside County Superior Court, Case No. RIF1602262, respectively, Kapanicas and Aylward admitted that between July 2003 and June 2009, Dillon, Egger, Moorjani, Kapanicas, and former City Attorney Joseph Aklufi made the decision not to remit the Transportation Uniform Mitigation Fees ("TUMF") to Western Riverside Council of Governments and instead withheld and misappropriated the funds. Dkt. 65-10, Factual Basis – *People v. Alan Charles Kapanicas*, pp. 1–2; Dkt. 65-11, Factual Basis – *People v. William Kevin Aylward*, p. 1). Aylward further admits, and later pled guilty, to aiding and abetting in the embezzlement of the funds by setting up and managing funds within the City to conceal the diverted fees and assist in the misappropriation of those funds for unauthorized purposes. Dkt. 65-11, Factual Basis – *People v. William Kevin Aylward*, pp. 1–2. Aylward further admitted to providing interest free loans to City employees that were unauthorized by City Council or under an approved City program. Dkt. 65-11, Factual Basis – *People v. William Kevin Aylward*, p. 2.

Kapanicas pled guilty to embezzlement and misappropriation of public funds. Dkt. 65-8, Kapanicas Plea Form, p. 3.

Prior to the arrests, neither the City Council nor the City's Risk Management Department had knowledge of the criminal activity of Dillon, Egger, Moorjani, Kapanicas or Aylward. *See* Deal Decl., Exh. 1 (Deposition of Roger Berg), at pp. 106:19–107:3, 117:7–13, 227:8–23, 229:22–230:2; Deal Decl., Exh. 3 (Deposition of Brain DeForge), at pp. 65:23–66:1, 101:9–16; Deal Decl., Exh. 5 (Gibbs Depo. May 23, 2022), at pp. 174:4–8, 185:15–186:23; Deal Decl., Exh. 7 (Deposition of James Gregg), at pp. 61:4–8, 77:13–17, 82:16–83:3, 127:21–128:1, 135:19–138:11; Dkt. 54-25, Exh. 10, Elizabeth Gibbs Declaration, ¶¶ 16, 25–30; Dkt. 54-26, Exh. 11, David Castaldo, ¶¶ 12–13, 29–30.

## III. **LEGAL STANDARD**

Motions in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, 2015 WL 1518099, at *15 (E.D. Va. Mar. 31, 2015). "The purpose of a motion in limine is to allow the court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial." *Lee v. City of Columbus*, Ohio, 2010 WL 333665, at *1 (S.D. Ohio Jan. 21, 2010); *see also Pinal Creek Group v. Newmont Min. Corp.,* 2006 WL 1766494, at *1 (D. Ariz. June 26, 2006) (motions in limine permit "the pretrial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury"). "[A] ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999).

It is established law that all relevant evidence is admissible, except as otherwise provided by court rule, legislative act or case law. Fed. R. Evid. 402. Evidence is relevant if it tends to make the existence of any fact that is of consequence more or less probable. Fed. R. Evid. 401. Where evidence is relevant to at least one claim for relief it should be allowed into evidence. *See Kenda Corp. v. Pot O' Gold Money League, Inc.¸* 329 F.3d 216, 229 (1st Cir. 2003). "The fact

1 that a piece of evidence hurts a party's chances does not mean it should be
2 automatically excluded. If that were true, there would be precious little left in the
3 way of probative evidence in any case." *Id.* (*citing Onujiogu v. United States*, 817
4 F.2d 3, 6 (1st Cir. 1987).)

## IV. LEGAL ARGUMENT

### A. The Guilty Pleas are Relevant.

The guilty pleas of Kapanicas and Aylward are relevant because these individuals committed crimes which are, in large part, a cause of the City's loss. These guilty pleas go to Plaintiffs' theory supporting its case against Defendant, namely that the City suffered a loss that is covered under the policies issued by Defendant. Dillon, Egger and Moorjani essentially misappropriated and stole City funds through multiple elaborate billing schemes. Because Kapanicas, Dillon, Egger and Moorjani maintained control of the City, the City was essentially helpless to have discovered the loss earlier than it did. Further, the guilty pleas of Kapanicas and Aylward will assist Plaintiffs in presenting the factual basis for the harm it suffered and to establish the claims under the policies.

The guilty pleas, as mentioned above, show that Kapanicas, Aylward and others, were dishonest City officials, contributing to the overarching scheme to control the City for their own illegal gains. There can be no reasonable dispute that the guilty pleas are evidence showing that former City officials — including Kapanicas, and Dillon, Egger, and Moorjani — committed illegal acts that caused financial losses to the City. *See* Fed. R. Evid. 401.

### B. The Guilty Pleas are not Improper Character Evidence.

Defendant argues that the Kapanicas and Aylward guilty pleas are inadmissible as improper character evidence, which is excludable under Federal Rule of Evidence 404. This argument is misguided. First, neither Kapanicas nor Aylward are parties to the action, and neither is likely to be called as a witness. The purpose of Federal Rule of Evidence 404 is to exclude evidence that may be

prejudicial more than probative against a defendant. Rule 404 has been amended on the recommendation by the Evidence Rules Advisory Committee to make it difficult to argue character evidence in civil cases. *See Cohn v. Papke*, 655 F.2d 191, 193–94 (9th Cir. 1981). Specifically,

> [t]he Notes of the Advisory Committee on the Proposed Rules (hereinafter "Committee Notes") expressed this concern: "Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

*Id.* at 194.

Neither Kapanicas nor Aylward are parties to the case. Plaintiffs intend to use their guilty pleas not to have the jury punish the wrongdoers without regard for the facts, but rather to establish how Dillon, Egger and Moorjani were able to take control of the City and continue that control for years. Also, it was these very criminal complaints that caused the City to eventually conduct the investigation that led to the discovery of the claimed loss. Stated simply, these guilty pleas are not improper character evidence.

### C. **Kapanicas' and Aylward's Guilty Pleas are More Probative than Prejudicial.**

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Under Federal Rules of Evidence 403, "the danger of prejudice must not merely outweigh the probative value of the evidence, but *substantially* outweigh it. *United States v. Mende,* 43 F.3d 1298, 1302 (9th Cir. 1995) (emphasis in original). The decision to exclude otherwise relevant evidence under rule 402 is "an extraordinary remedy to

be used sparingly." *United States v. Monzon-Silva,* 791 F. App'x 671, 672 (9th Cir. 2020) (quoting *Mende,* 43 F.3d at 1302).

Here, the probative value of Kapanicas' and Aylward's guilty pleas are significantly more probative than prejudicial. Kapanicas and Aylward, in addition to Dillon, Egger and Moorjani, engaged in elaborate and complex schemes to deceive and defraud the City. As stated above, these guilty pleas establish the City's losses under the applicable insurance policies, and also establish why the losses were not uncovered earlier. The relevance of these guilty pleas far outweighs any prejudice, of which there is little, if any.

## V. CONCLUSION

Plaintiffs respectfully request that the Court deny Defendant's motion in limine to exclude evidence of the felony complaint against Kapanicas and Aylward and their guilty pleas.

Dated: August 22, 2022    BEST BEST & KRIEGER LLP

By: */s/ Jeffrey Dunn*
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS

Attorneys for Plaintiffs
Western Riverside Council of Governments and City of Beaumont

20323.00057\40614657.3