# EXHIBIT 3

Page 1

UNITED STATES DISTRICT COURT
CENTRAL DIESTRICT OF CALIFORNIA

WESTERN RIVERSIDE COUNCIL OF  )
GOVERNMENTS, a California     )
Joint Powers Authority,       )
                              )
            Plaintiff,        )
                              )
         -vs-                 )  Case No.: 5:20-cv-02164
                              )  -GW(KKx)
NATIONAL UNION FIRE           )
INSURANCE COMPANY OF          )
PITTSBURGH, PA, and DOES      )
 through 50, inclusive,       )
                              )
            Defendants.       )
_____)

DEPOSITION OF BRIAN DE FORGE
Thursday, April 28, 2022
Riverside, California
Reported By: Tracey R. Boyer
CSR No. 12346



```
                                                         Page 3
 1       APPEARANCES
 2
 3       For the Plaintiff:
 4       GORDON, REES, SCULLY, MANSUKHANI, LLP
         BY: MEAGAN VANDER WEELE
 5       Attorney at Law
         5 Park Plaza
 6       Suite 1100
         Irvine, California 92614
 7       (312)980-6679
         mvanderweele@grsm.com
 8
 9
         For the Defendant:
10
         BEST, BEST & KREIGER, LLP
11       BY: JEFFREY DUNN, ESQ.
         Attorney at Law
12       18101 Von Karman Avenue
         Suite 1000
13       Irvine, California 92612
         (949)263-2600
14       jeff.dunn@bbklaw.com
15
16
17
18
19
20
21
22
23
24
25
```



Page 5

```
 1                 RIVERSIDE, CALIFORNIA
 2                Thursday, April 28, 2022
 3                      10:02 a.m.
 4
 5          THE VIDEOGRAPHER:  Good morning.  We're on the
 6   record.  This begins video number one in the deposition
 7   of Brian DeForge in the matter of Western Riverside
 8   Council of Governments et al. versus National Union Fire
 9   Insurance et al. in the United States District Court
10   Central District of California.  Today's date is April
11   28th, 2022 and the time is 10:02 a.m.
12          This deposition is being taken at 3390
13   University Avenue, fifth floor in Riverside, California
14   at the request of Best, Best and Kreiger.  The
15   videographer is Sergio Esparza of Magna Legal Services
16   and the court reporter is Tracey Boyer of Magna Legal
17   Services.
18          Will Counsel and all parties present state
19   their appearances and who they represent.
20          MR. DUNN:  Yes, my name is Jeffrey Dunn and I'm
21   with the Law Firm of Best, Best and Kreiger.  We
22   represent both the City of Beaumont and Western
23   Riverside Council of Governments in this case.
24          MS. VANDERWEELE:  Meagan Vanderweele on behalf
25   of defendant National Union Fire Insurance Company of
```



Page 6

1  Pittsburgh, PA.
2                          BRIAN DE FORGE,
3  called as a witness on behalf of the Defendant, having
4  been first duly administered an oath pursuant to C.C.P.
5  Section 2094, was examined and testified as follows:
6
7                           EXAMINATION
8  BY MR. DUNN:
9      Q   Good morning, Mr. DeForge.  I previously
10 introduced myself on the record and I'm here today on
11 behalf of both the City of Beaumont and WR --
12          THE COURT REPORTER:  I'm sorry, W-r?
13          MR. DUNN:  W-r-c-g --
14          THE WITNESS:  C-o-g.
15          MR. DUNN:  C-o-g, thank you.
16 BY MR. DUNN:
17     Q   When I use, Mr. DeForge the term WRCOG do you
18 understand that to mean Western Riverside Council of
19 Governments?
20     A   Yes I do.
21     Q   And the term WRCOG is a term that you've heard
22 before?
23     A   That's correct.
24     Q   And that's again referring to Western Riverside
25 Council of Governments?



Page 59

1  involved with municipal finances and disclosures; is
2  that correct?
3      A   That is correct.
4      Q   And the city had those?
5      A   They had them through the finance -- the bond
6  companies.
7      Q   Got it.  Okay.  Sometimes your city staff -- my
8  understanding is Mr. Kapanicas was fairly knowledgeable
9  in the municipal finance area?
10     A   That is correct.
11     Q   Yeah.  So is it fair to say as a council you
12 would rely on your advisors and consultants and Mr.
13 Kapanicas to successfully get you through these
14 offerings?
15         MS. VANDERWEELE:  Form.  Leading.
16         THE WITNESS:  I would say as a city council we
17 hire staff that we can trust to do that for us.  And
18 then we take their reports, we read through those
19 reports and we have questions we asked to get those
20 clarifications.  Their job is to put them together.  Our
21 job is to read them, understand them, question what we
22 don't know and then approve or disapprove.
23     Q   Yeah.  Was it your understanding at the time
24 that an important part of that process is for there to
25 be disclosure to the city council about the relevant



Page 60

1  aspects of these finances.  In other words you need to
2  be informed by your team of advisors what is at stake
3  here?
4           MS. VANDERWEELE:  Leading.
5           THE WITNESS:  I think that your question or
6  your comment to me is somewhat correct.  But we as a
7  council have to take the lead on that.  We take the
8  information that's given to us and we get that
9  information with the best knowledge available.  Then we
10 have to make our decision on that.  So it's a -- whether
11 you want to call it a symbiotic relationship or
12 something we have to have trust, both of us have to do
13 our work.
14 BY MR. DUNN:
15    Q   Thank you for clarifying that.  I guess where
16 I'm really going with that is in order for you to make
17 those informed decisions you need to get the
18 information?
19    A   That is correct.
20    Q   And much -- perhaps if not all of that
21 information that gets presented to you is going to come
22 through the team of advisors and consultants that the
23 city has?
24    A   Yes.
25          MS. VANDERWEELE: Form.  Leading.  They're all



Page 65

```
 1   question and use of the term gadfly.
 2   BY MR. DUNN:
 3       Q   In fact Ms. Bingham would often appear at city
 4   council meetings; correct?
 5       A   That's right.
 6       Q   And from what I understand would make all sorts
 7   of accusations and allegations is that fair to say?
 8       A   That's correct.
 9       Q   And in your mind just because somebody makes an
10   accusation or allegation doesn't mean that he or she is
11   guilty of something that they're being accused of;
12   correct?
13       A   That's correct.
14       Q   When you were asked to first review this
15   declaration with regards to paragraph 13, did you have
16   any question in your mind why it is that you're being
17   asked to talk about Judy, Judith Bingham coming before
18   at least once city council meeting and something about
19   violations of conflict of interest law?  Did you have
20   any question in your mind why you were being asked to go
21   over this and sign this?
22       A   No.
23       Q   As far as you were concerned at the time you
24   were on the council there weren't any conflicts of
25   interest by these individuals; correct?
```



Page 66

```
 1      A    Not that I was aware of, no.
 2      Q    Take a look at paragraph 14.
 3      A    Yes, sir.  Okay.
 4      Q    That's correct as to your understanding at the
 5   time?
 6      A    That is correct.
 7      Q    Okay.  Let's look at paragraph 15.  Have you
 8   had a chance to read paragraph 15?
 9      A    Yes, I have.
10      Q    You were on the council during the litigation
11   with WRCOG over the TUMF fees?
12      A    Yes.
13      Q    And at some point the trial judge made a
14   decision in that case?
15      A    Yes.
16      Q    And the city subsequently -- the city council
17   subsequently decided to appeal?
18      A    That's correct.
19      Q    Was the case resolved before you left the city
20   council in 2014 or was it still on appeal?  Do you
21   remember?
22      A    I believe it was still on appeal.
23      Q    So the case hadn't been finally resolved;
24   correct?
25      A    I don't believe so, no.
```



Page 101

```
 1   city?
 2        A    Yes, I did.
 3        Q    All right.  Did you understand based on the
 4   knowledge and information that you gained while you were
 5   on city council, that the engineering services that
 6   Urban Logic provided to the city were not subject to a
 7   fee cap?
 8        A    That was my understanding.
 9        Q    All right.  Now when you were on city council
10   did you ever believe that Urban Logic was submitting
11   inflated invoices?
12        A    No, I did not feel that.
13        Q    Did you ever believe that Urban Logic was
14   submitting invoices for phantom work, work that had not
15   been actually done?
16        A    No.
17        Q    And I take it given your construction
18   experience do you believe that you would have been able
19   to determine whether Urban Logic while you were on city
20   council was submitting false, inflated or phantom
21   invoices.
22             MR. DUNN:  Objection.  Lacks foundations.
23             THE WITNESS:  I on occasion reviewed their work
24   and their invoices together.  And from my personal
25   public contract code having used it as well in my
```



Page 105

1        I, Tracey R. Boyer, CSR # 12346, a Certified
2    Shorthand Reporter in and for the County of Riverside,
3    State of California, do hereby certify:
4        That prior to being examined, the witness named in
5    the foregoing deposition was by me duly sworn to testify
6    the truth, the whole truth, and nothing but the truth.
7        That said deposition was taken before me at the time
8    and place set forth and was taken down by me in
9    shorthand and thereafter reduced to computerized
10   transcription under my direction and supervision, and I
11   hereby certify the foregoing deposition is a full, true
12   and correct transcript of my shorthand notes so taken.
13       I further certify that I am neither counsel for nor
14   related to any party to said action nor in anywise
15   interested in the outcome thereof.
16       IN WITNESS WHEREOF, I have hereunto subscribed my
17   name this 28th day of April, 2022.
18
19
20        *Tracey R. Boyer*
21   _____
22        Tracey R. Boyer
          Certified Shorthand Reporter No. 12346
23
24
25

