JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 6 TO EXCLUDE UNDISCLOSED WITNESSES**<br><br>Date:       September 1, 2022<br>Time:       8:30 a.m.<br>Courtroom: 9D |

## I. INTRODUCTION

Plaintiffs Western Riverside Council Of Governments ("WRCOG") and City Of Beaumont (the "City") hereby submit this opposition to Defendant National Union Fire Insurance Company Of Pittsburgh, PA's ("Defendant" or "National Union") Motion in Limine No. 6 to Exclude Undisclosed Witnesses.

Defendant's Motion in Limine No. 6 requests that the Court exclude two witnesses—Elizabeth Gibbs and David Castaldo—who have been deposed by Defendant a collective four times. Defendant deposed Ms. Gibbs on May 23, 2022; May 24, 2022 as the Rule 30(b)(6) representative for the City of Beaumont; and May 26, 2022 as the Rule 30(b)(6) representative for Beaumont Financing Authority ("BFA"). Ms. Gibbs was deposed for a total of sixteen (16) hours. Defendant deposed Mr. Castaldo on April 22, 2022, for more than three hours.

With regard to Mr. Castaldo, National Union attempted to obtain a declaration from him prior to any depositions taking place. (See Declaration of David Castaldo, Dkt. 54-26 at ¶ 28). Although Mr. Castaldo declined to provide a declaration, the fact of the matter is National Union understood the importance of Mr. Castaldo, such that it unilaterally sought to conduct an interview in an ex parte manner to bolster its case.

Additionally, during Mr. Castaldo's deposition, counsel for Plaintiffs indicated that Mr. Castaldo would only be called to testify for "the matters [defense counsel] covered in the depositions." (Ex. D, Deposition of David Castaldo ("Castaldo Depo,"), at 150:10-18; Deal Decl., at ¶ 17). National Union's claim to be "surprised" by these witnesses is disingenuous and should be rejected. Federal Rule of Civil Procedure 26(a)(1)(A) is not intended as a game of "gotcha."

National Union has had full and fair opportunity to explore the anticipated topics of testimony for Ms. Gibbs and Mr. Castaldo, and National Union should not be heard now to argue otherwise. In fact, during their depositions, National Union specifically examined Ms. Gibbs and Mr. Castaldo on the topics of their testimony.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

- 2 -

5:20-CV-02164- GW (KKX)
OPPOS. TO MOTION IN LIMINE NO. 6

Motion in Limine No. 6 should be denied as to Ms. Gibbs and Mr. Castaldo.

National Union's motion also asks the Court to exclude two other witnesses: Peter Nolan and Steven DeBaun. Neither Mr. Nolan nor Mr. DeBaun were identified by Plaintiffs in their pretrial Witness List, and Plaintiffs do not intend to call them as witnesses. Therefore, the motion should be denied as moot as to Mr. Nolan and Mr. DeBaun.

## II.     FACTUAL BACKGROUND

Elizabeth Gibbs was identified in March of 2021 as a witness with relevant knowledge in Plaintiffs' Supplemental Response to First Set of Interrogatories (Dkt. 65-21, at p. 165). (Declaration of Chris Deal ("Deal Decl.") at ¶ 2). Thereafter, National Union deposed Ms. Gibbs on three (3) occasions, totaling sixteen (16) hours of testimony. (Deal Decl. at ¶ 3). In fact, in the first deposition of May 23, 2022, she was deposed in her percipient capacity; in the second deposition of May 24, 2022, she was deposed as the City's Rule 30(b)(6) witness for the City; and in the third deposition of May 26, 2022, she was deposed as the City's Rule 30(b)(6) witness for Beaumont Financing Authority (Deal Decl., at ¶ 4; Ex. A, (Rule 30(b)(6) Deposition of City of Beaumont ("Beaumont Depo.") at 9:12-22; Ex. B, (Rule 30(b)(6) Deposition of Beaumont Financing Authority, ("BFA Depo.") at 8:16-19).

Over the course of her three depositions, Ms. Gibbs provided testimony regarding the City's interactions with Urban Logic Consultants ("ULC") and inner workings of the City's financing approvals. (*See e.g.* Ex. A, Beaumont Depo., at 102:16-25; Ex. B, BFA Depo. at 10:17-20; 11:4-7; 13:21-14:4; Ex. C, Deposition of Elizabeth Gibbs from May 23, 2022 ("Gibbs Percipient Depo.") at 122:3-15; Deal Decl., at ¶ 5).

The suggestion that Ms. Gibbs was not adequately disclosed or that National Union is somehow prejudiced by permitting Ms. Gibbs to testify at trial is groundless.

1   Similarly, David Castaldo is a former member of the City Council (Dkt. 54-
2   26 at ¶ 2; Deal Decl., at ¶ 6). As a public official, Mr. Castaldo's identity was
3   readily available and known to National Union. (Deal Decl., at ¶ 6). In fact,
4   National Union attorneys first approached Mr. Castaldo in February 8, 2022 in an
5   effort to obtain a declaration supporting Defendant's theory of the case. (Dkt. 54-26
6   at ¶ 28; Deal Decl. at ¶ 6). Mr. Castaldo declined to provide a declaration to
7   National Union—he had no obligation to do so—he was, however, deposed. (Deal
8   Decl. at ¶ 6).

9   Accordingly, the suggestion that Mr. Castaldo was not adequately disclosed
10  or that Defendant would not be prejudiced by permitting Mr. Castaldo to testify at
11  trial is not true. The City, in its supplemental initial disclosures identified former
12  City officials and employees, which is a small and limited universe of individuals
13  given the relevant time frame and given the millions of pages of documents that
14  were disclosed in pre-litigation.(*See* Plaintiff's Initial Disclosures, Dkt. 65-16;
15  Plaintiffs' Supplemental Initial Disclosures, Dkt. 65-17).

16  **III.   LEGAL ARGUMENT**
17      **A.   Legal Standard**
18  Where a witness has not been named in the Rule 26(a)(1)(A) disclosures, the
19  witnesses may still properly testify at trial where the omission was substantially
20  justified and harmless. *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d
21  1101, 1106 (9th Cir. 2001). The purpose of Rule 26 disclosures "is to encourage
22  parties to try cases on the merits, not by surprise, and not by ambush." *Ollier v.*
23  *Sweetwater Union High School Dist.*, 768 F.3d 843, 862 (9th Cir. 2014). Rule 26(a)
24  also provides that a party has to supplement its disclosures only if the "additional
25  information [here, the witnesses] has not otherwise been made known to the other
26  parties during the discovery process or in writing." Fed. R. Civ. P. 26(a). There is
27  no sole formula for making such disclosures. The basic rationale of the rule's
28  requirement that a party update such disclosures is to prevent unfair surprise.

Here, National Union cannot reasonably claim that they were "surprised" by Ms. Gibbs or Mr. Castaldo. In contrast with *Yeti*, Plaintiffs' Supplemental Initial Disclosures categorically disclosed former City officials and City employees. (Dkt. 65-17). Given that the universe of individuals who would even fit into that category is limited, and that millions of pages of documents were provided to National Union during pre-litigation, National Union's position is unmeritorious. There was no harm to National Union because they had the opportunity to conduct discovery as to Ms. Gibbs and Mr. Castaldo. This notion is further evidenced by National Union's unilateral and highly irregular attempt to solicit Mr. Castaldo for a declaration that would support its theory of the case. Regardless, National Union deposed Ms. Gibbs in multiple capacities, and deposed Mr. Castaldo about any topics it saw fit to inquire on.

### B. National Union Was Aware of the Witnesses And Had a Fair Opportunity to Conduct Discovery as to the Witnesses.

Precluding the trial testimony of a witness not previously disclosed pursuant to Rule 26(a) is not appropriate where the failure to comply with Rule 26(a) was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1); *see Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F3d 1101, 1106 (9th Cir. 2001). In *Yeti*, the court evaluated the admissibility of an expert report that was made available to the plaintiffs only one month before trial. In noting that defendants had failed to meet their burden of proving that the nondisclosure was harmless, the court held that plaintiffs were in fact prejudiced by the expert's failure to timely produce his report. *Id*.

Here, Ms. Gibbs and Mr. Castaldo were both known to Defendant and any claimed nondisclosure was  harmless. The following factors are relevant for determining whether a claimed Rule 26(a) violation is harmless or justified including: (1) the importance of the evidence; (2) whether the party against whom it is offered is prejudiced or surprised; (3) that party's ability to discover the evidence;

(4) whether the nondisclosure was willful or inadvertent; and (5) whether exclusion of the evidence would disrupt the trial. *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F3d 592, 597 (4th Cir. 2003); *David v. Caterpillar, Inc.*, 324 F3d 851, 857 (7th Cir. 2003); *see also Immunex Corp. v. Sanofi*, 2018 WL 2717852, at *3 (C.D. Cal. May 8, 2018) ("When parties seek to exclude evidence based on FRCP 37, courts in the 9th Circuit employ the five factor analysis set forth in *Southern States Rack and Fixture, Inc. v. Sherwin–Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).") (internal alterations omitted).

### 1. The Importance of the Evidence

In *Troknya v. Cleveland Chiropractic Clinic*, 280 F.3d 1200 (8th Cir. 2002), the Eighth Circuit found the previously-undisclosed witnesses were not "critical to [defendants'] defense," and "their testimony would have substantially duplicated documentary evidence admitted at trial or would have been only marginally relevant to the issues in dispute." *Id*. at 1205. The Eighth Circuit also noted that the exclusion of the witnesses avoided "unfair surprise." *Id*.

Here, none of these concerns exist. Not only do Ms. Gibbs and Mr. Castaldo possess critical knowledge that goes to facilitating a jury's evaluation of the facts, but Plaintiffs are also not seeking to introduce undisclosed and unknown witnesses. (Deal Decl., at ¶ 7). Two of the four challenged witnesses, DeBaun and Nolan, are not going to be called by Plaintiffs, thereby rendering the issue moot as to those witnesses. (Deal Decl., at ¶ 8).

More specifically, Ms. Gibbs' testimony, which was thoroughly explored within three (3) depositions by Defendant, will discuss her knowledge and understanding of the City's retention of ULC, any services provided by ULC, and payments to ULC. (Deal Decl., at ¶ 9). Ms. Gibbs was designated as the City's Rule 30(b)(6) witness as well as BFA's Rule 30(b)(6) witness. (Deal Decl., at ¶ 9). The importance of Ms. Gibbs' status as a testifying witness cannot be refuted. (Deal Decl., at ¶ 9). Further, National Union cannot contend Ms. Gibbs was an unknown

1  witness or that National Union is somehow unprepared to address her trial
2  testimony.
3      National Union claims it has been blindsided by a surprise declaration in
4  support of Plaintiffs' summary judgment opposition, but this is just an attempt to
5  exclude a witness it was fully aware of and, in fact, deposed three (3) times.
6  National Union's attempt to portray itself and disadvantaged, unprepared, and
7  prejudiced is not well taken. (Deal Decl., at ¶ 10).
8      With regard to Mr. Castaldo, the testimony he intends to offer is also
9  important to Plaintiffs' case. (Deal Decl., at ¶ 11). National Union cannot claim
10 surprise. It is no surprise to National Union as to what Mr. Castaldo knew or what
11 he intended to testify to. National Union unilaterally contacted and attempted to
12 obtain a declaration from him. (Deal Decl., at ¶ 11).
13     Additionally, Mr. Castaldo was a former City Council member and
14 information concerning him was publicly available. National Union seemingly had
15 no difficulties in contacting former officials and obtaining declarations from many
16 other city officials: e.g. Lawrence Dressel, Nancy Gall, and Brian DeForge (Exs. E,
17 F, and G, respectively; Deal Decl., at ¶ 11). National Union's counsel attempted to
18 similarly contact Mr. Castaldo around February 8, 2022. (Dkt. 52-26 at ¶ 28), and
19 Defendant deposed Mr. Castaldo on April 22, 2022, which lasted approximately
20 four (4) hours.

21     **2.    Surprise or Prejudice**

22     Failure to disclose a trial witness may be deemed harmless where the witness'
23 identity is already known to the opposing party or has been divulged by other
24 parties in the action. *See*, Adv. Comm. Notes on 1993 Amendments to FRCP 26(a);
25 *El Ranchito, Inc. v. City of Harvey*, 207 F.Supp.2d 814, 818 (ND IL 2002).
26     Defendant cannot prove that Ms. Gibbs or Mr. Castaldo come as surprise
27 witnesses. As noted above, National Union had knowledge of Ms. Gibbs from the
28 first set of supplemental responses to the interrogatories. National Union knew of

Mr. Castaldo and his capacity to be a percipient witness by way of his position as a public official. Even more telling is that National Union was the first party to make contact with Mr. Castaldo and attempted to obtain a declaration from him. The gravamen of National Union's argument regarding Ms. Gibbs appears to be that she contradicted her deposition testimony. However, the standard set forth herein does not contemplate a witness' credibility. The relevant inquiry here is whether National Union is surprised or prejudiced by Ms. Gibbs' capacity to be a trial witness – the answer is no.

Similarly, National Union ambiguously claims that Mr. Castaldo is a surprise and undisclosed witness but also claims that his testimony should be limited. National Union argues it could not fully explore certain topics during Mr. Castaldo's deposition because National Union did not know he would be offered as a trial witness. National Union's feigned inability to conduct an adequate deposition (which has not been established) is not Plaintiffs' fault. National Union had no apparent surprise as to Mr. Castaldo's participation when it unilaterally approached Mr. Castaldo under highly irregular circumstances, i.e. contacted a former employee of a party in an ex parte manner, but now, on the eve of trial, seeks to exclude that same witness because National Union claims it is "unprepared."

Simply stated, Mr. Castaldo was not a surprise witness and there is no evidence that National Union would be prejudiced by his inclusion at trial. Therefore, this factor weighs in favor of Plaintiffs.

### 3. National Union's Ability to Discover the Evidence

This is not a matter of "new evidence" being produced at trial for the first time. National Union has been aware of both Ms. Gibbs and Mr. Castaldo from the early stages of the case. National Union attempted to secure a declaration from Mr. Castaldo well-advance of his deposition. National Union then had the opportunity to depose Mr. Castaldo—and did so. Similarly, National Union had more than one

1  opportunity to depose Ms. Gibbs. Indeed, National Union deposed Ms. Gibbs three
2  (3) times. The amount of information that can be learned from three depositions is
3  self-explanatory. Notably, Ms. Gibbs was even designated as the City's Rule
4  30(b)(6) witness *and* BFA's Rule 30(b)(6) witness.

5  More broadly, National Union claims it would have engaged in more
6  discovery with respect to Ms. Gibbs and Mr. Castaldo had it known Plaintiffs
7  intended to call them at trial. National Union did not outline any additional step that
8  it would have taken as to these witnesses. The lack of description or concreteness
9  as to the claimed "additional discovery" is telling: National Union had ample
10 opportunity to conduct discovery as to Ms. Gibbs and Mr. Castaldo. Accordingly,
11 this factor weighs in favor of Plaintiffs.

### 4. Reason for Nondisclosure

13 Plaintiffs did not intentionally or willfully suppress these witnesses. (Deal
14 Decl., at ¶ 12). The witnesses were made known to Defendant at various points in
15 the litigation (through declarations and depositions), the evidence is not "new" and
16 Ms. Gibbs was even designated as the City's and BFA's Rule 30(b)(6) witness and
17 offered up for deposition several times. (*Id.*) Moreover, the fact remains that
18 National Union knew of these witnesses. (*Id.*) With respect to Mr. Castaldo,
19 National Union tried approaching him first. (*Id.*; Dkt. 52-26 at ¶ 28). Mr. Castaldo
20 is a former public official, whose identity was readily available—and actually acted
21 upon as evidenced by National Union's attempt to interview him. (Deal Decl., at ¶
22 13). Plaintiffs did not do anything to thwart such efforts. (Deal Decl., at ¶ 14).
23 Plaintiffs did not intentionally interfere or withhold any witness information. (Deal
24 Decl., at ¶ 15).

### 5. Disruption of Trial

26 The inclusion of these witness at the time of trial will not disrupt it in any
27 manner. (Deal Decl. at ¶ 16). In fact, Defendant has not identified any way that trial
28 would be disrupted with the inclusion of these witnesses. Accordingly, this factor

weighs in favor of Plaintiffs.

## IV. CONCLUSION

For the reasons stated herein, Defendant's motion should be denied as to Ms. Gibbs and Mr. Castaldo. The issues concerning Mr. Nolan and Mr. DeBaun are moot.

Dated: August 22, 2022　　　　　　　　BEST BEST & KRIEGER LLP


By: /s/ *Jeffrey V. Dunn*
　　JEFFREY V. DUNN
　　CHRISTOPHER E. DEAL
　　DANIEL L. RICHARDS

Attorneys for Plaintiffs
Western Riverside Council of Governments and City of Beaumont

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612