JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**DECLARATION OF CHRISTOPHER E. DEAL IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN *LIMINE* NO. 6 TO EXCLUDE UNDISCLOSED WITNESSES**<br><br>Date: September 1, 2022<br>Time: 8:30 a.m.<br>Courtroom: 9D |

# DECLARATION OF CHRISTOPHER E. DEAL

I, Christopher E. Deal, declare and state:

1. I am an attorney licensed to practice before the courts of the State of California. I am a partner with Best Best & Krieger LLP, attorneys of record for Plaintiffs Western Riverside Council of Governments and City of Beaumont ("Plaintiffs"). I have personal knowledge of the facts set forth below and, if called to do so, could competently testify to them.

2. Elizabeth Gibbs was identified in March of 2021 as a witness with relevant knowledge in Plaintiffs' Supplemental Response to First Set of Interrogatories (Dkt. 65-21, at p. 165).

3. Thereafter, National Union deposed Ms. Gibbs on three (3) occasions, totaling sixteen (16) hours of testimony.

4. In fact, in the first deposition of May 23, 2022, she was deposed in her percipient capacity; in the second deposition of May 24, 2022, she was deposed as the City's Rule 30(b)(6) witness for the City; and in the third deposition of May 26, 2022, she was deposed as the City's Rule 30(b)(6) witness for Beaumont Financing Authority. True and correct copies of the relevant deposition excerpts from the Rule 30(b)(6) Deposition of City of Beaumont are attached hereto as **Exhibit A**. True and correct copies of the relevant deposition excerpts from the Rule 30(b)(6) Deposition of Beaumont Financing Authority are attached hereto as **Exhibit B**.

5. Over the course of her three depositions, Ms. Gibbs provided testimony regarding the City's interactions with Urban Logic Consultants ("ULC") and inner workings of the City's financing approvals. True and correct copies of the relevant deposition excerpts are attached hereto as **Exhibits A** and **B**. True and correct copies of the relevant deposition excerpts from the Deposition of Elizabeth Gibbs in her percipient capacity ("Gibbs Percipient Depo.") are attached hereto as **Exhibit C**.

6. Based on information and belief, David Castaldo is a former member of the City Council (Dkt. 54-26 at ¶ 2). As a public official, Mr. Castaldo's identity was readily available and known to National Union. In fact, National Union attorneys first approached Mr. Castaldo in February 8, 2022 in an effort to obtain a declaration supporting Defendant's theory of the case. (Dkt. 54-26 at ¶ 28). Mr. Castaldo declined to provide a declaration to National Union—he had no obligation to do so—he was, however, deposed.

7. Not only do Ms. Gibbs and Mr. Castaldo possess critical knowledge that goes to facilitating a jury's evaluation of the facts, but Plaintiffs are also not seeking to introduce undisclosed and unknown witnesses.

8. Two of the four challenged witnesses, DeBaun and Nolan, are not going to be called by Plaintiffs, thereby rendering the issue moot as to those witnesses.

9. More specifically, Ms. Gibbs' testimony, which was thoroughly explored within three (3) depositions by Defendant, will discuss her knowledge and understanding of the City's retention of ULC, any services provided by ULC, and payments to ULC. Ms. Gibbs was designated as the City's Rule 30(b)(6) witness as well as BFA's Rule 30(b)(6) witness. The importance of Ms. Gibbs' status as a testifying witness cannot be refuted.

10. National Union claims it has been blindsided by a surprise declaration in support of Plaintiffs' summary judgment opposition, but this is just an attempt to exclude a witness it was fully aware of and, in fact, deposed three (3) times. National Union's attempt to portray itself and disadvantaged, unprepared, and prejudiced is not well taken.

11. With regard to Mr. Castaldo, the testimony he intends to offer is also important to Plaintiffs' case. National Union cannot claim surprise. It is no surprise to National Union as to what Mr. Castaldo knew or what he intended to testify to.

National Union unilaterally contacted and attempted to obtain a declaration from him. National Union seemingly had no difficulties in contacting former officials and obtaining declarations from many other city officials: e.g. Lawrence Dressel, Nancy Gall, and Brian DeForge. Attached as **Exhibit E** is a true and correct copy of the Declaration of Lawrence Dressler provided to Defendant. Attached as **Exhibit F** is a true and correct copy of the Declaration of Nancy Gall provided to Defendant. Attached as **Exhibit G** is a true and correct copy of the Declaration of Brian DeForge provided to Defendant..

12. Plaintiffs did not intentionally or willfully suppress these witnesses. The witnesses were made known to Defendant at various points in the litigation (through declarations and depositions), the evidence is not "new" and Ms. Gibbs was even designated as the City's and BFA's Rule 30(b)(6) witness and offered up for deposition several times. Moreover, the fact remains that National Union knew of these witnesses. With respect to Mr. Castaldo, National Union tried approaching him first. (Dkt. 52-26 at ¶ 28).

13. Mr. Castaldo is a former public official, whose identity was readily available—and actually acted upon as evidenced by National Union's attempt to interview him.

14. Plaintiffs did not do anything to thwart such efforts.

15. Plaintiffs did not intentionally interfere or withhold any witness information.

16. The inclusion of these witness at the time of trial will not disrupt it in any manner.

17. During Mr. Castaldo's deposition, counsel for Plaintiffs indicated that Mr. Castaldo would only be called to testify for "the matters [defense counsel] covered in the depositions." A true and correct copy of the relevant deposition excerpt is attached hereto as **Exhibit D**.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

- 4 -

5:20-CV-02164- GW (KKX)
DECL. OF CHRISTOPHER E. DEAL ISO
OPPOSITION TO MTN IN LIMINE NO. 6

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 22, 2022 at Irvine, California.

_____
CHRISTOPHER E. DEAL