JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**PLAINTIFFS' CONDITIONAL OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 7 TO BAR WRCOG'S WITNESSES**<br><br>Date: September 1, 2022<br>Time: 8:30 a.m.<br>Courtroom: 9D |

## I. PARTIAL OPPOSITION TO MOTION IN LIMINE NO. 7

Plaintiffs do not intend to call any employees or officials of Western Riverside Council of Governments ("WRCOG") in support of its case in chief, consistent with the witness lists that were exchanged in this matter.

The only reason Plaintiffs could unexpectedly be required to call a WRCOG witness is if National Union, contrary to its prior representations, contests facts related to the assignment of assignable claims to WRCOG. Similarly, the only other reason Plaintiffs could be required to call a WRCOG witness is if such a witness is unexpectedly needed to authenticate a document which only a WRCOG related entity can authenticate (e.g., the assignment of claims from the City of Beaumont to WRCOG).

The motion in limine should therefore be denied as moot, especially in light of the fact that National Union fails to identify any specific witness it seeks to preclude the testimony of, and fails to identify any rule of evidence or other basis for granting a motion in limine. "Motions in limine . . . do not lie to exclude broad categories of evidence." *Jalowsky v. Provident Life & Accident Ins. Co.*, 2020 U.S. Dist. LEXIS 87724, *3 (D. Ariz. May 19, 2020). Rather, they "must specifically identify the evidence at issue and state with specificity why such evidence is inadmissible." *Id*.

Alternatively, if the motion is not deemed moot, any order should (consistent with the email referenced by National Union) preclude National Union from contesting any facts related to the assignment of assignable claims to WRCOG, and permit WRCOG related witnesses to be called if necessary to (1) prove facts related to the assignment of claims or if necessary to authenticate documents or (2) if unexpectedly necessary for rebuttal or impeachment.

//
//
//

| | | |
|---|---|---|
| 1 | Dated: August 22, 2022 | BEST BEST & KRIEGER LLP |
| 2 | | |
| 3 | | By: */s/ Jeffrey V. Dunn* |
| 4 | | JEFFREY V. DUNN<br>CHRISTOPHER E. DEAL<br>DANIEL L. RICHARDS |
| 5 | | |
| 6 | | Attorneys for Plaintiffs<br>Western Riverside Council of<br>Governments and City of Beaumont |
| 7 | | |
| 8 | 20323.00057\40614722.1 | |

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612