JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone:  (949) 263-2600
Facsimile:   (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 8 TO EXCLUDE EVIDENCE OF TUMF JUDGMENT**<br><br>Date:        September 1, 2022<br>Time:        8:30 a.m.<br>Courtroom:  9D |

## I. PARTIAL OPPOSITION TO MOTION IN LIMINE NO. 8

National Union's Motion in Limine No. 8 seeks an order "barring Plaintiffs from using the [TUMF] judgment against Beaumont as proof of damages, suggesting that they seek indemnity for the judgment against Beaumont, or otherwise suggesting that the Policies permit recovery of any amount WRCOG owes Beaumont." ECF No. 73 at p. 6:17–22.

Plaintiffs do not seek recovery of any amounts paid by Beaumont to WRCOG in this lawsuit, and will not at trial suggest that the Policies permit recovery of any amount WRCOG owes to Beaumont. This motion in limine should therefore be denied as moot and unnecessary.

The motion in limine should also be denied as insufficiently specific. If granted, it is wholly unclear what specific testimony or evidence would be precluded at trial. "Motions in limine . . . do not lie to exclude broad categories of evidence." *Jalowsky v. Provident Life & Accident Ins. Co.*, 2020 U.S. Dist. LEXIS 87724, *3 (D. Ariz. May 19, 2020). Rather, they "must specifically identify the evidence at issue and state with specificity why such evidence is inadmissible." *Id*.

To the extent the motion is not moot, Plaintiffs request that any order be limited and no broader than the order sought by National Union. The TUMF lawsuit, and its resolution, form part of the history of this lawsuit, and in particular are part of the sequence of events that lead to the termination of Kapanicas, arrest and prosecution of the ULC principles, the assignment of claims to WRCOG, and subsequent retention of Daniel Ray and discovery of the overbilling by the ULC principles. Any order broader than the actual order sought by National Union (e.g., an order precluding any mention of the TUMF Judgment in any context) would result in an unnecessary and confusing lacuna in the history of this dispute, and could lead to substantial juror confusion.

Therefore, to the extent the motion is not moot, Plaintiffs request only that any order in limine that issues be no broader than the order expressly sought by

Plaintiffs: an order "barring Plaintiffs from using the [TUMF] judgment against Beaumont as proof of damages, suggesting that they seek indemnity for the judgment against Beaumont, or otherwise suggesting that the Policies permit recovery of any amount WRCOG owes Beaumont."

Dated: August 22, 2022      BEST BEST & KRIEGER LLP

By: */s/ Jeffrey V. Dunn*
 JEFFREY V. DUNN
 CHRISTOPHER E. DEAL
 DANIEL L. RICHARDS

Attorneys for Plaintiffs
Western Riverside Council of Governments and City of Beaumont

20323.00057\40614724.1