Dina Glucksman, State Bar. No. 245646
dglucksman@grsm.com
(213) 576-5071
Scott L. Schmookler (*Pro Hac Vice*)
sschmookler@grsm.com
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. and DOES 1 through 50, inclusive, <br><br> Defendant(s). | CASE NO. 5:20-cv-02164-GW (KKx) <br><br> **JOINT STIPULATION TO CONTINUE THE FINAL PRETRIAL CONFERENCE AND TRIAL** <br><br> *Pursuant to* Fed.R.Civ.P. 16(b)(4) and L.R. 16-14 <br><br> Judge: Honorable George H. Wu |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rules 16-9 and 16-14, Western Riverside Council of Governments ("WRCOG"), the City of Beaumont (the "City"), together ("Plaintiffs"), and National Union Fire Insurance of Pittsburgh, Pa. ("National Union") hereby stipulate and agree to a

-1-

short continuance of the Final Pretrial Conference and Trial to allow the parties' to attend a second mediation, as follows:

WHEREAS, WRCOG, as assignee of the City, filed an insurance coverage action alleging that former city officials and owners of Urban Logic Consultants (Ernest Egger, David Dillon and Deepak Moorjani) stole more than $25 million from the City. Given the former officials' tenure and the basis for Plaintiffs' claim, the alleged loss occurred over a 22-year period (1993 through 2015) and involves more than $88 million in invoices submitted by Urban Logic

WHEREAS, the parties participated in a mediation with Bruce Friedman on March 7, 2022, but were unfortunately not able to reach an agreement to resolve this matter.

WHEREAS, the parties recently briefed National Union's motion for summary judgment, which the Court denied on August 8, 2022.

WHEREAS, as explained in greater detail the below, the parties have been engaged in ongoing settlement discussions following the denial of National Union's summary judgment motion. The parties have had a recent significant breakthrough in those settlement discussions and are optimistic the case will resolve. Therefore, the parties have agreed to a second mediation with Mr. Friedman on September 21, 2022.

WHEREAS, the parties timely completed fact discovery and expert discovery and are currently preparing for trial and in compliance with all deadlines, as detailed below.

WHEREAS, the parties timely filed their motions *in limine* and memorandums of contentions of fact and law on August 11, 2022. The parties also timely exchanged their respective proposed jury instructions; verdict forms; statements of the case; witness lists; and trial exhibit lists on August 11, 2022,

pursuant to the Standing Order Re Final Pre-Trial Conferences for Civil Trials Before Judge George H. Wu (ECF No. 7) (the "Standing Order"). The parties also timely filed responses in opposition to motions *in limine* on August 22, 2022.

WHEREAS, the parties met-and-conferred on August 19, 2022 to discuss the following, as required by the Standing Order: joint statement of the case; joint exhibit list; joint witness list; joint proposed jury instructions; joint special verdict forms; and joint stipulations of fact.

WHEREAS, during the parties' meet-and-confer on August 19, 2022, the parties further discussed settlement and agreed that mediation would be beneficial to attempt to resolve this matter. The parties also agreed that they should attend mediation prior to the Court ruling on motions *in limine*, as the rulings would likely negatively affect the parties' ability to resolve the case prior to trial.

WHEREAS, following the meet-and-confer on August 19, 2022, the parties engaged in further settlement discussions and have had a recent significant breakthrough in those discussions and are optimistic the case will resolve.

WHEREAS, the parties believe that mediating the case prior to the Court's ruling on motions *in limine* and before the parties incur further costs associated with trial is in the parties' best interests.

WHEREAS, the parties have scheduled another mediation with Mr. Friedman on September 21, 2022. The parties were unable to schedule a mediation with Mr. Friedman prior to the commencement of trial.

WHEREAS, the current Order Modifying Scheduling Order (ECF No. 34) ("Scheduling Order") sets the following dates:

- The pre-trial conference will be held on September 1, 2022; and
- Jury Trial will begin on September 13, 2022 at 9:00 a.m.

WHEREAS, the parties therefore request a continuance of the September 1,

2022 Final Pretrial Conference and Jury Trial set to begin on September 13, 2022, so that the parties can attend a second mediation with Mr. Friedman in an effort to resolve this matter.

WHEREAS, the parties agree there is good cause for such an order based on the recitals above, and that such an order would be in the interest of justice and would cause no party any prejudice. The parties have diligently worked in good faith to resolve this matter and believe mediation is in the best interest of their respective clients. The parties stipulate and request that this Court continue the Final Pretrial Conference on September 1, 2022 and the Jury Trial set to begin on September 13, 2022, and enter a modified scheduling order with the following deadlines:

- The Final Pretrial Conference will be held on October 27, 2022; and
- Jury Trial will begin on November 9, 2022.

| | | |
|---|---|---|
| Dated: August 24, 2022 | | BEST BEST & KRIEGER LLP |
| | | By: */s/ Christopher E. Deal* |
| | | JEFFREY V. DUNN |
| | | CHRISTOPHER E. DEAL |
| | | DANIEL L. RICHARDS |
| | | Attorneys for Plaintiffs Western Riverside Council of Governments and the City of Beaumont |
| Dated: August 24, 2022 | | GORDON REES SCULLY MANSUKHANI LLP |
| | | By: */s/ Scott L. Schmookler* |
| | | DINA GLUCKSMAN |
| | | SCOTT L. SCHMOOKLER |
| | | MEAGAN VANDERWEELE |
| | | ANGELA LEWOSZ |
| | | HANNA E. MONSON |
| | | Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa. |

-5-

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4, I hereby attest that all signatories listed above, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.

Dated: August 24, 2022

GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
  DINA GLUCKSMAN
  SCOTT L. SCHMOOKLER
  MEAGAN VANDERWEELE
  ANGELA LEWOSZ
  HANNA E. MONSON

  Attorneys for Defendant
  National Union Fire Insurance
  Company of Pittsburgh, Pa.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 24, 2022, a true and correct copy of the foregoing **Stipulation to Continue Pre-Trial Conference and Trial** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

GORDON REES SCULLY
MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
DINA GLUCKSMAN
SCOTT L. SCHMOOKLER
MEAGAN VANDERWEELE
ANGELA LEWOSZ
HANNA E. MONSON

Attorneys for Defendant
National Union Fire Insurance
Company of Pittsburgh, Pa.
