JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
ARYAN VAHEDY, Bar No. 323802
aryan.vahedy@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE PETER FOGARTY FROM OFFERING OPINION TESTIMONY AT TRIAL**<br><br>Date:       September 1, 2022<br>Time:       8:30 a.m.<br>Courtroom:  9D |

## I. INTRODUCTION

As is argued in the underlying motion *in limine* no. 1, Plaintiffs Western Riverside Council of Governments ("WRCOG") and City of Beaumont ("City") seek an order precluding Defendant's National Union Fire Insurance Company of Pittsburgh ("Defendant" or "Insurance Company") "non-retained" expert, Peter Fogarty, from providing opinions at trial. Plaintiffs seek such a remedy, which is admittedly harsh, because Defendant simply refuses to identify **all** of the opinions Mr. Fogarty will testify to at trial. Defendant did not summarize **all** of the opinions in its disclosure statement, and at the deposition Defendant refused to allow Mr. Fogarty to testify to **all** such opinions he intends to testify to, asserting that such information is protected by the attorney-client privilege.

In its opposition, Defendant boasts about the volume of Mr. Fogarty's information that it provided in discovery, and it points out that Mr. Fogarty's deposition lasted six hours. Defendant also notes that its counsel stipulated to one of the opinions that Mr. Fogarty will provide at trial, and that Plaintiff's counsel accepted the offer. (Opp., p. 6.) All true points. But what is missing in the opposition, and what has simply not been provided by Defendant to date, is the most important question of all in expert disclosures and discovery: what are **all** of the opinions that the expert might testify to at trial? Plaintiffs are entitled to an answer to that question, and if Defendant is not willing to disclose it, then Mr. Fogarty should not be permitted to offer any opinions to the jury.

## II. ARGUMENT

Rule 26 provides that for expert witnesses who are not required to produce a report, the disclosure statement must include: "(ii) a summary of the facts and opinions to which the witness is expected to testify." F.R.C.P. 26(a)(2)(C). In other words, the disclosure statement must provide, in some summary fashion, a statement of all the opinions that the expert witness is going to provide.

Defendant's disclosure statement is deficient because it does not provide

such a summary.  As Defendant notes in its opposition, the disclosure statement provides that Mr. Fogarty will testify that the City could not demonstrate a loss in excess of the restitution (which was paid to WRCOG, not the City).  (Opp., p. 2.) That is all well and good, but is that it?  Is that the only opinion Mr. Fogarty is going to provide at trial?  The disclosure statement clouds the issue because it does not confirm that **all** of the opinions are stated.  Instead, the disclosure statement includes a built-in "escape hatch."  It provides that, "Defendant reserves the right to elicit testimony and opinions on any subjects disclosed in the witness' documents produced in this litigation." (Motion, Ex. "A," at p. 3, ll. 3-4.)  Translation: "Anything that Mr. Fogarty construes as an opinion in any of the hundreds of pages documents that he produced in this litigation are fair game, and Plaintiffs, it's up to you to try to figure it out."  That is what Defendant is really saying in its disclosure statement, and that is nothing short of gamesmanship.

Unfortunately, the deposition was not much better.  As is discussed in the motion, when Plaintiffs' counsel asked Mr. Fogarty to identify **all** of the opinions he intends to testify to at trial (which is a standard question that any attorney asks an adverse expert in an expert deposition), Defendant's counsel obstructed the examination, refusing to permit an answer on the basis of privilege.  If Defendant wishes to assert the privilege, then Mr. Fogarty should not be permitted to testify.

Defendant notes in its opposition that its counsel offered a stipulation at the deposition, which was accepted by Plaintiffs' counsel. (Opp., p. 6.)  This cures nothing.  The stipulation is simply a rephrasing of the one opinion Defendant included in the disclosure statement.  Once again, it begs the question, is that it?  Is this opinion the only opinion Mr. Fogarty is going to testify to at trial?  If it is, then this becomes a non-issue.  However, because Defendant asserted privilege and steadfastly refused to allow questioning that would have elicited a summary of **all** the opinions, Plaintiff does not know the answer.  That is unfair, and it is improper.

Defendant also points out that Plaintiffs' counsel deposed Mr. Fogarty for six

hours, and had an opportunity to examine the witness on the three reports Mr. Fogarty had written, which had been produced. (Opp., pp. 10-11.) Again, all of that is true. However, leaving aside that the deposition took far longer than necessary because Mr. Fogarty would not just disclose **all** of the opinions he intends to testify to, the length of the examination, and the number and quality of the reports that were produced, is not the issue. As Defendant notes in its opposition, "Rule 26(a)(2) is intended to limit unfair surprise regarding expert's testimony." (Opp., p. 11, *citing Hinkle v. Ford Motor Co.,* 3:11-24-DCR, 2013 WL 1992834 at *6 (E.D. Ky. May 13, 2013).) Disclosing one opinion, but then refusing to allow an inquiry that would confirm that there are no other opinions, does not comply with the rule, and no amount of documents that the proffering party dumps on the other side can cure that problem. If Defendant will not provide a list of **all** the opinions Mr. Fogarty will testify to at trial, then Mr. Fogarty should not be permitted to testify to any opinions.

## III.  CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant this motion, and preclude Mr. Fogarty from testifying to any opinions at trial.

Dated:  August 26, 2022                           BEST BEST & KRIEGER LLP

By: */ s / Christopher E. Deal*
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS
Attorneys for Plaintiffs
Western Riverside Council of Governments and City of Beaumont