1   JEFFREY V. DUNN, Bar No. 131926
    jeffrey.dunn@bbklaw.com
2   CHRISTOPHER E. DEAL, Bar No. 186754
    chris.deal@bbklaw.com
3   DANIEL L. RICHARDS, Bar No. 315552
    daniel.richards@bbklaw.com
4   BEST BEST & KRIEGER LLP
    18101 Von Karman Avenue
5   Suite 1000
    Irvine, California  92612
6   Telephone:  (949) 263-2600
    Facsimile:   (949) 260-0972
7
8   Attorneys for Plaintiffs
    Western Riverside Council of Governments
9   and City of Beaumont

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  WESTERN RIVERSIDE COUNCIL OF        Case No. 5:20-cv-02164- GW (KKx)
    GOVERNMENTS, a California Joint
14  Powers Authority,                   **PLAINTIFFS' REPLY IN
                                        SUPPORT OF MOTION *IN
15              Plaintiff,              LIMINE* NO. 3 TO EXCLUDE
                                        EXPERT TESTIMONY OF
16         v.                           PETER EVANS OR LIMITING
                                        HIM TO REBUTTAL
17  NATIONAL UNION FIRE                 TESTIMONY ONLY**
    INSURANCE COMPANY OF
18  PITTSBURGH, PA, and DOES 1
    through 50, inclusive,
19                                      Date:          September 1, 2022
                Defendants.             Time:          8:30 a.m.
20                                      Courtroom:     9D

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................ 1

II.    FACTS .......................................................................... 2

III.   LEGAL ARGUMENT ................................................... 5

    A.    Evans is not a Proper Rebuttal Expert ................................. 6

    B.    National Union's Failure to Timely Disclose Evans was Neither Substantially Justified Nor Harmless................................. 10

IV.    CONCLUSION ............................................................. 12

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Amos v. Makita U.S.A., Inc.*
2011 WL 43092 (D. Nev. Jan. 6, 2011) ................................................................ 9

*Century Indem. Co. v. Marine Grp., LLC*
2015 WL 5521986 (D. Or. Sept. 16, 2015) ........................................................... 8

*Clear-View Techs., Inc. v. Rasnick*
2015 WL 3509384 (N.D. Cal. June 3, 2015) ........................................................ 8

*Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp.*
79 F.3d 182 (1st Cir.1996) ................................................................................... 7

*Cooke v. Town of Colorado City*
2013 WL 551508 (D. Ariz. Feb. 13, 2013) ......................................................... 6

*Daly v. Far Eastern Shipping Co. PLC*
238 F. Supp. 2d 1231 (W.D. Wash. 2003) ........................................................... 6

*Downs v. River City Grp., LLC*
2014 WL 814303 (D. Nev. Feb. 28, 2014) ........................................................... 9

*Fed. Trade Comm'n v. Amazon.com, Inc.*
2016 WL 4154284 (W.D. Wash. Feb. 9, 2016) ................................................... 6

*Gerawan Farming, Inc. v. Prima Bella Produce, Inc.*
2011 WL 13242963 (E.D. Cal. May 17, 2011) .................................................... 9

*Goldfinger Hawaii, Inc. v. Polynesian Res., Inc.*
869 F.2d 1497 (9th Cir. 1989) .............................................................................. 7

*Holen v. Jozic*
2018 WL 5761775 (W.D. Wash. Nov. 2, 2018) .................................................. 7

*Matthew Enter., Inc. v. Chrysler Grp. LLC*
No. 13-CV-04236-BLF, 2016 WL 4272430 (N.D. Cal. Aug. 15, 2016) ............. 8

*Multifamily Captive Grp., LLC v. Assurance Risk Managers, Inc.*
2009 WL 10692948 (E.D. Cal. June 25, 2009) .................................................... 9

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

- ii -

# TABLE OF AUTHORITIES
(continued)

**Page**

*Peals v. Terre Haute Police Dept.*
535 F.3d 621 (7th Cir.2008) ................................................................. 7

*In re President Casinos, Inc.*
2007 WL 7232932 (Bankr. E.D. Mo. May 16, 2007) ........................ 10

*R & O Const. Co. v. Rox Pro Int'l Grp., Ltd.*
No. 2:09-CV-01749-LRH-LR, 2011 WL 2923703 (D. Nev. July 18, 2011) ....... 9

*R & R Sails, Inc. v. Ins. Co. of Penn.*
673 F.3d 1240 (9th Cir. 2012) ........................................................... 11

*Slack v. Swift Transportation Co. of Arizona, LLC*
No. C11-5843 BHS, 2017 WL 3503345 (W.D. Wash. Aug. 16, 2017) .............. 8

*Smith v. Conley*
584 F.2d 844 (8th Cir.1978) ............................................................... 7

*Sousie v. Allstate Indem. Co.*
2018 WL 1046828 (W.D. Wash. Feb. 26, 2018) ............................... 1, 7

*Theoharis v. Rongen*
2014 WL 3563386 (W.D. Wash. July 18, 2014) .................................. 6

*Torres v. City of L.A.*
548 F.3d 1197 (9th Cir. 2008) ......................................................... 10

*United States ex rel. Brown v. Celgene Corp.*
2016 WL 6542730 (C.D. Cal. June 29, 2016) ..................................... 8

*United States v. Town of Colorado City, Ariz.*
2015 WL 1211081 (D. Ariz. Mar. 17, 2015) .................................... 10

*Wong v. Regents of Univ. of Calif.*
410 F.3d 1052 (9th Cir.2005) ............................................................. 7

**Rules**

Federal Rule of Civil Procedure 26 ........................................... 1, 3, 10, 12

Federal Rule of Civil Procedure 26(2)(D) ............................................. 3

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

**TABLE OF AUTHORITIES**
(continued)

**Page**

Federal Rule of Civil Procedure Rule 26(d)................................................................. 2

Federal Rule of Civil Procedure Rule 26(f) ............................................................... 2

Federal Rule of Civil Procedure Rule 37(c)(1) ...................................................... 10

**Regulations**

Evans Report at Report pp. 11–14, 18................................................................. 11

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   <u>INTRODUCTION</u>**

National Union Fire Insurance Company of Pittsburg, PA's ("National Union") opposition is meritless, and ignores the clear weight of authority, the language of Federal Rule of Civil Procedure 26 ("Rule 26"), the scope of Peter Evan's "rebuttal" testimony, and the fact that this Court declined to order the staggered expert testimony National Union requested at the onset of this case.

Bad-faith and claims handling have been a central issue in this case since the day Plaintiffs filed their complaint. See First Amd. Compl. (ECF No. 24) at ¶ 73. That Plaintiffs offered expert testimony on National Union's claims handling was not unexpected or unforeseen, and the federal rules required National Union to disclose any expert testimony on the issue of claims handling at the time called for by this Court's scheduling order. *See, e.g., Sousie v. Allstate Indem. Co.*, 2018 WL 1046828 (W.D. Wash. Feb. 26, 2018) ("[A] defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal witness.' . . . Allstate should have anticipated the Sousies' claims of improper claim handling when Allstate received the Sousies' complaint. Thus, the Court finds that Allstate has improperly disclosed Mr. Height as a rebuttal expert when he should have been disclosed as an expert.") (internal citation omitted).

National Union's protestation that Plaintiffs have not proven prejudice mistakes the respective burdens. *National Union* bears the burden of proving substantial justification or harmlessness. It can prove neither. National Union does not argue it was unaware of the importance of expert testimony on the issue of bad-faith, but rather implicitly concedes that it *chose* to await Plaintiffs' expert disclosure before retaining and disclosing its own expert in order to seize a strategic advantage. Attempting to obtain an unfair advantage is not substantial justification. Finally, National Union's late disclosure was not harmless – National Union's

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

disclosure of Evans at 6:00 p.m. on the date rebuttal reports were due robbed Plaintiffs of any opportunity to disclose any rebuttal expert opinion challenging the methodology and factual basis of Evan's opinions. The motion should be granted in full.

## II.   <u>FACTS</u>

The relevant facts are not meaningfully in dispute. Plaintiffs filed their First Amended Complaint ("FAC") in November 2020. ECF No. 24. The second cause of action for Breach of the Covenant of Good Faith and Fair Dealing alleges a pattern of deficient claims handling and seeks an adjudication that Defendant acted in "bad faith" handling Plaintiffs' claims. *Id.* at ¶ 73.

While National Union references the parties initial Joint Rule 26(f) report, National Union mistakes the significance of this filing. *See* Opp. at 4:8–14. In the Rule 26(f) report, National Union requested that the typical sequence for expert disclosures be modified, such that Plaintiffs were first required to disclose experts and National Union could thereafter consider whether it needed to disclose its own expert:

> Rule 26(d) provides that a party must make exert disclosures "at the times and in the sequence that the court orders." **National Union requests that the court ordered a staggered expert disclosure to ensure that it can review to WRCOG's disclosure and provide responsive disclosures**. Given that WRCOG bears the burden of proving coverage and proving its allegations of bad faith, National Union cannot fully evaluate the need for an expert until it can evaluate the subject and scope of WRCOG's disclosure. National Union suggests that WRCOG disclose its experts by January 7, 2022. National Union proposes that it thereafter disclose its experts by February 15, 2022. This approach promotes efficiency by allowing WRCOG the ability to disclose any experts it deems necessary and appropriate, while allowing National Union the ability to tailor its disclosure to the subjects addressed in WRCOG's disclosure and address any additional issues not addressed in WRCOG's disclosure.

ECF No. 16 at pp. 7:15–8:1 (emphasis added). WRCOG opposed National Union's

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

request for staggered disclosures:

> WRCOG strongly opposes any staggered expert disclosure. National Union has indicated that it believes staggered disclosure is appropriate because WRCOG "as plaintiff, ha[s] the burden of proof" and that National Union "as the defendant, must be provided an opportunity to respond." WRCOG's position is that the fact that one party has the burden of proof is not an unusual circumstance that provides good cause to differ from the typical simultaneous disclosure contemplated by Federal Rule of Civil Procedure 26(2)(D).

*Id.* at p. 8:2–8.

On November 30, 2020, this Court entered a scheduling order that did not provide for staggered disclosure, and instead provided that expert disclosure would be completed by September 10, 2021, and the parties would meet and confer as to when "initial expert reports would be *exchanged*" and when rebuttal reports would be exchanged thereafter. ECF No. 19. Pursuant to stipulations and orders, the scheduling order was later modified such that initial expert disclosures were required on May 30, 2022, and rebuttal expert disclosures would be due on June 30, 2022. ECF No. 34. At no point did this Court enter an order adopting National Unions requested "staggered" expert disclosure approach.

Despite no order being entered providing for staggered disclosures, and despite National Union's apparent knowledge of the necessity for such an order if a party wishes to depart from the typical sequence, National Union unilaterally chose to act as if its request was granted.

On May 31, 2022, consistent with this Court's order and the obvious centrality of National Union's claims handling to the bad-faith claim, Plaintiffs disclosed John Lepire as a claims handling expert. ECF No. 79-2. Incredibly, and despite the rejection of National Union's suggested "staggered" approach, National Union did not disclose any claims handling expert by the deadline.

Instead, on June 30, 2022 (the deadline to disclose rebuttal experts), at 6:12 p.m., National Union emailed Rule 26 "rebuttal" expert disclosures and the report

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

of Peter Evans. Declaration of Chris Deal in Support of Reply in Support of Motion in Limine No. 3 ("Second Deal Decl.") at ¶ 2 & Ex. A.

While identified as a "rebuttal" report, Evans goes far beyond rebutting the opinions offered by LePire, and offers a host of his own affirmative opinions on ultimate issues in this case, relying on new and different facts and analysis than those that formed the basis for LePire's opinions:

> Restitution orders against four of the criminal defendants related to Beaumont's claim total $11,000,000. . . . [I]t appeared at the time of the offer that Beaumont's net loss was subsumed within the restitution payments that had been received and that absent additional information or computations, the City of Beaumont had no unreimbursed loss. . . .

> I disagree with the opinions and conclusions of Beaumont's expert, John Lepire, and have reviewed his report of May 31, 2022. My responses to that report, **including my own opinions**, are as set out below . . .

> It was reasonable and customary for National Union to request a forensic accounting of Beaumont's claimed loss . . . .

> Pending that report, National Union conducted a reasonable and prompt analysis of the materials provided by Beaumont. . . .  In my experience, providing an insured an opportunity to review a coverage analysis and respond prior to a denial of coverage is reflective of reasonable, and comprehensive claim handling. . . .

> National Union acted reasonably and appropriately in communicating its ongoing investigation and coverage analysis with its insured . . . .

> The overall investigation was carried out on a cooperative basis without apparent dispute and was reasonable and comprehensive. . . .

> Ms. Rocha's letter of April 26, 2018 has been described as a "soft denial" and this was, in my opinion, a reasonable means by which the Beaumont could be made aware of the issues involved in this extremely complex claim. . . .

> In my experience, National Union's investigation was consistent with industry practices, and California Regulations. . . .

> National Union reasonably and comprehensively provided Beaumont an analysis of the claim and offered Beaumont an opportunity to respond. . . .

Best Best & Krieger LLP
Attorneys at Law
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612

- 4 -

Best Best & Krieger LLP
Attorneys at Law
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612

Insurers have an obligation to carry out a full and complete investigation and, in this case, they did just that. . . .

National Union made an offer of $1,500,000 on a compromise basis to conclude the claim. . . . It is my opinion that National Union's offer was a potential compromise to conclude a disputed claim.

National Union's $1.5 million offer was reasonable. . . .

In this case, there were significant problems, and it was not unreasonable, in my opinion, for an attempt to be made to resolve the matter on a compromise, without prejudice, basis. . . .

In the circumstances surrounding this claim, National Union did conduct a reasonably prompt and thorough investigation of a significant claim involving complex issues, retaining experienced and qualified accounting consultants and coverage counsel. National Union relied, reasonably in my opinion, on HSNO's work product as it reviewed hundreds of thousands of documents and other information in order to attempt calculation of any net actual losses sustained and it worked cooperatively with Beaumont's counsel in its continued investigation.

I have not seen evidence that National Union acted unreasonably or in breach of California regulations or statute. Rather, the issues and investigation required were complex and substantial. There was a genuine dispute as to quantum and coverage. Review of information and documentation available to date shows that National Union's investigation was carried out on a cooperative basis with Beaumont and its representatives.

I reserve the right to supplement my opinions as additional information is made available to me.

ECF No. 87-6 at Report pp. 7–8, 10–11, 13–14, 16–18 (emphasis added).

Because the deadline to disclose rebuttal experts expired approximately six hours after transmission of Evans' report, Plaintiffs were precluded from reviewing Evans' report, retaining an expert, and disclosing any rebuttal expert to challenge the methodology and factual basis for Evans' opinions.

## III.  **LEGAL ARGUMENT**

National Union ignores the overwhelming weight of authority, the meaning of the term "rebuttal," and this Court's rejection of National Union's request for a

staggered expert disclosure. National Union also fails to show that its obvious gamesmanship was substantially justified, or harmless.

### A.    <u>Evans is not a Proper Rebuttal Expert</u>

A *rebuttal* witness (as the plain meaning of the phrase suggests) may only contradict or *rebut* the other party's evidence.[1] See *Fed. Trade Comm'n v. Amazon.com, Inc.*, 2016 WL 4154284, at *1 (W.D. Wash. Feb. 9, 2016) (stating that "rebuttal testimony cannot be used to advance new arguments or new evidence.") (internal citation and quotation marks omitted). Moreover, "[a] rebuttal expert cannot offer evidence that does not contradict or rebut another expert's disclosure merely because she also has offered some proper rebuttal." *Theoharis v. Rongen*, 2014 WL 3563386, at *3 (W.D. Wash. July 18, 2014).

Perhaps more critically, a party may not sneak in testimony or evidence in the guise of rebuttal evidence when the necessity for the testimony or evidence was clear from the day the complaint was filed. *See* ECF No. 24 at ¶ 73. On the contrary, rebuttal evidence is admissible only where the need for it could not have been foreseen at the time the plaintiff presented its case-in-chief. *Daly v. Far Eastern Shipping Co. PLC,* 238 F. Supp. 2d 1231, 1238 (W.D. Wash. 2003).

While Plaintiffs cited only a few exemplar cases illustrating this rule in its moving papers, National Union's insinuation that those decisions represent a

---

[1] Throughout its opposition, National Union artfully uses the term "responsive expert" rather than "rebuttal expert." *See* Opp. at pp. 1:10–11 ("Thereafter, National Union timely disclosed a responsive expert"), *see also id.* at pp. 1:25–2:1, 2:9–11, 4:8–14, 4:15–18, 5:21–25. Neither the Federal Rules of Civil Procedure nor this Court's scheduling order speak to or provide for "responsive experts," they provide for experts and *rebuttal* experts. True, a court can modify the typical rules and provide for disclosure of "responsive experts," in advance of the deadline to disclose rebuttal experts. *See, e.g., Cooke v. Town of Colorado City*, 2013 WL 551508, at *2 (D. Ariz. Feb. 13, 2013) ("On November 11, 2011, all expert disclosures were due pursuant to the Court's Rule 16 Scheduling Order. On December 16, 2011, all responsive expert disclosures were due pursuant to the Court's Rule 16 Scheduling Order. On January 13, 2012, all rebuttal expert disclosures were due pursuant to the Court's Rule 16 Scheduling Order."). This court did not do so, and National Union was not free to unilaterally decide that this Court erred in declining to adopt its proposal and choose to disclose "responsive experts" on the rebuttal deadline.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

5:20-CV-02164- GW (KKX)
REPLY IN SUPPORT OF
MOTION IN LIMINE NO. 3

minority or disfavored rule is wrong.[2] *Many* courts have held the same. S*ee, e.g. Goldfinger Hawaii, Inc. v. Polynesian Res., Inc.*, 869 F.2d 1497 (9th Cir. 1989) ("Rebuttal evidence is evidence introduced by a plaintiff to meet new facts brought out in a defendant's case-in-chief"); *Wong v. Regents of Univ. of Calif.*, 410 F.3d 1052, 1060–61 (9th Cir.2005) (district court appropriately precluded expert named late because "the necessity of the witness" could have "been reasonably anticipated at the time the lists were exchanged"); *Peals v. Terre Haute Police Dept*., 535 F.3d 621, 630–31 (7th Cir.2008) (appropriate for trial court to exclude rebuttal witness where witness's testimony should have been presented in party's case in chief); *Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp*., 79 F.3d 182, 202–03 (1st Cir.1996) (court excludes experts identified as "rebuttal"); *Smith v. Conley*, 584 F.2d 844, 845–46 & n. 3 (8th Cir.1978) (expert called by plaintiff in rebuttal properly excluded because should have been called in case-in-chief); *Holen v. Jozic*, 2018 WL 5761775, at *2 (W.D. Wash. Nov. 2, 2018) ("In short, a rebuttal witness may only provide evidence that contradicts or rebuts unforeseen evidence presented by the opposing party.") (*citing Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060-62 (9th Cir. 2005)); *id.* at *3 ("Although Mr. Knowles and Ms. Berndt contradict and rebut evidence on the same subject matter offered by Mr. Holen's experts, the evidence that Mr. Knowles and Ms. Berndt address was to be expected from the beginning of this case. Accordingly, the court finds that Mr. Knowles and Ms. Berndt are not rebuttal experts, and their August 31, 2018, disclosure was untimely."); *Sousie v. Allstate Indem. Co.*, 2018 WL 1046828 (W.D. Wash. Feb. 26, 2018) ("[A] defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal witness.' . . . **Allstate should have anticipated the Sousies'**

---

[2] Tellingly, while National Union's headings suggest California law would allow the gamesmanship of disclosing an expert witness on claims handling at the rebuttal deadline, Opp. at p. 4:22–23, National Union fails to cite a single California decision to that effect. This is because no such decisions exist.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

5:20-CV-02164- GW (KKX)
REPLY IN SUPPORT OF
MOTION IN LIMINE NO. 3

**claims of improper claim handling when Allstate received the Sousies'**

**complaint. Thus, the Court finds that Allstate has improperly disclosed Mr.**

**Height as a rebuttal expert when he should have been disclosed as an expert.**")

(internal citation omitted, emphasis added); *Slack v. Swift Transportation Co. of*

*Arizona, LLC*, No. C11-5843 BHS, 2017 WL 3503345, at *5 (W.D. Wash. Aug. 16,

2017) ("Regarding whether Mr. Crandall may offer rebuttal testimony, a defense

witness whose purpose is to contradict an expected and anticipated portion of the

plaintiff's case in chief can never be considered a 'rebuttal witness,' or anything

close to one. . . . As an expert that was not disclosed until the rebuttal expert

deadline, Swift assumed the risk inherent in relying on a rebuttal expert

disclosure.") (internal citations omitted); *United States ex rel. Brown v. Celgene*

*Corp.*, 2016 WL 6542730, at *4 (C.D. Cal. June 29, 2016) ("[B]ecause the purpose

of rebuttal evidence is to address new unforeseen facts brought out in the other

side's case, many courts have held that if 'rebuttal' expert testimony is presented to

contradict an expected and anticipated portion of the other party's case-in-chief,

then the witness is not a rebuttal witness or anything analogous to one.") (internal

citations omitted, collecting cases); *Matthew Enter., Inc. v. Chrysler Grp. LLC*, No.

13-CV-04236-BLF, 2016 WL 4272430, at *1 (N.D. Cal. Aug. 15, 2016) ("[W]hen

a court's scheduling order allows rebuttal reports, a party may only submit an expert

rebuttal if the evidence is intended solely to contradict or rebut evidence on the

same subject matter identified by another party. . . . . However, rebuttal expert

testimony is limited to new unforeseen facts brought out in the other side's case.")

(internal citations omitted); *Clear-View Techs., Inc. v. Rasnick*, 2015 WL 3509384,

at *2 (N.D. Cal. June 3, 2015) ("If the rebuttal expert's testimony is offered,

however, to contradict an expected and anticipated portion of the other party's case-

in-chief, then the witness is not a rebuttal witness or anything close to one.")

(internal citations omitted); *Century Indem. Co. v. Marine Grp., LLC*, 2015 WL

5521986, at *4 (D. Or. Sept. 16, 2015) ("Robertson's report is not a proper rebuttal

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
1810 IVON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

5:20-CV-02164- GW (KKX)
REPLY IN SUPPORT OF
MOTION IN LIMINE NO. 3

report. First, Robertson's report addresses anticipated evidence and does not refute unforeseen theories. . . . Accordingly, the court strikes Robertson's report."); *Downs v. River City Grp., LLC*, 2014 WL 814303, at *6 (D. Nev. Feb. 28, 2014) ("However, Plaintiff should have anticipated prior to making her initial disclosures that Defendant may choose to attack her emotional distress claim via medical (psychiatric) testimony. . . . To adopt a meaning as broad as Plaintiff offers in this matter "would all but negate the distinction between an initial 'affirmative expert' and a 'rebuttal expert.'""); *Amos v. Makita U.S.A., Inc.*, 2011 WL 43092, at *1–2 (D. Nev. Jan. 6, 2011) ("The Ninth Circuit has held that rebuttal experts are not rebuttal experts if the testimony they give does not address or rebut previously disclosed expert testimony. . . . If the purpose of expert testimony is to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one.") (internal citations omitted); *Gerawan Farming, Inc. v. Prima Bella Produce, Inc.*, 2011 WL 13242963, at *3 (E.D. Cal. May 17, 2011) ("In any event, courts have found that a defense expert whose testimony is intended to negate an element of the plaintiff's case, generally, must be identified in the initial round of expert disclosures."); *R & O Const. Co. v. Rox Pro Int'l Grp., Ltd.*, No. 2:09-CV-01749-LRH-LR, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011) ("If the purpose of expert testimony is to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one. Rather, rebuttal expert testimony is limited to new unforeseen facts brought out in the other side's case.") (internal citations omitted); *Multifamily Captive Grp., LLC v. Assurance Risk Managers, Inc.*, 2009 WL 10692948, at *2 (E.D. Cal. June 25, 2009) ("Rebuttal is a term of art, denoting evidence introduced by a Plaintiff to meet new facts brought out in his opponent's case in chief. Accordingly, a defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal witness,' or anything analogous to one. . . . Thus,

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

Isom defendants mis-characterize Lisa Isom as a rebuttal expert; they should have designated her as initial expert witness by the May 15, 2009 deadline . . . ."); *In re President Casinos, Inc.*, 2007 WL 7232932, at *2 (Bankr. E.D. Mo. May 16, 2007) ("However, rebuttal expert testimony is limited to new unforeseen facts brought out in the other side's case. . . .") (internal citations omitted).

The opportunity for mischief that any other rule would present is clear – a defendant, in particular, may contend that effectively *all* evidence (with the exception of evidence to prove affirmative defense) is "rebuttal" evidence, in that it serves to "rebut" the evidence relied upon by a plaintiff to carry its burden. *Compare with* Opp. at p. 11:18–21 ("National Union's disclosure of Mr. Evans as a rebuttal expert is explained by the fact that National Union does not have the burden of proof on Plaintiffs' claim for breach of the covenant of good faith and fair dealing."). The federal rules do not allow for such gamesmanship, and a party is required to disclose experts at the time and in the manner required by the federal rules and any applicable scheduling order. *United States v. Town of Colorado City, Ariz.*, 2015 WL 1211081, at *3 (D. Ariz. Mar. 17, 2015) (Rule 26 is "intended to prevent the kind of blind-siding that flows from keeping expert opinions hidden.").

Evans' testimony and report should be excluded because his opinions go far beyond rebuttal of Lepire opinions, and because the issue of claims handling was neither unexpected nor unanticipated.

## B.   National Union's Failure to Timely Disclose Evans was Neither Substantially Justified Nor Harmless

National Union contends the motion should be denied because "Plaintiffs do not even contend they would be harmed or prejudiced by Mr. Evans' testimony at trial." Opp. at 10:15–16. National Union mistakes its burden – the burden falls on the party facing exclusion to demonstrate that their failure was either substantially justified or harmless. *Yeti by Molly*, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."); *Torres v.*

Best Best & Krieger LLP
Attorneys at Law
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612

5:20-CV-02164- GW (KKX)
REPLY IN SUPPORT OF
MOTION IN LIMINE NO. 3

*City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008) ("Plaintiffs were not required to articulate how they would be prejudiced by Defendants' failure to [disclose]."); *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

Notably, National Union does not contend that it was unaware that bad-faith was a central issue in this case, and does not contend it was unaware that expert testimony would be critical on this issue. Nor does National Union contend that it would have been impossible to retain an expert who could opine that it's conduct was reasonable and complied with the applicable California Insurance regulations. Indeed, there is no reason National Union could not have initially offered a report almost identical to the purported "rebuttal" report offered by Evans, shorn only of reference to Lepire. *See, e.g.,* Evans Report at Report pp. 11–14, 18 ("National Union acted reasonably and appropriately in communicating its ongoing investigation and coverage analysis with its insured . . . . The overall investigation was carried out on a cooperative basis without apparent dispute and was reasonable and comprehensive. . . . In my experience, National Union's investigation was consistent with industry practices, and California Regulations. . . . Insurers have an obligation to carry out a full and complete investigation and, in this case, they did just that. . . . In the circumstances surrounding this claim, National Union did conduct a reasonably prompt and thorough investigation of a significant claim involving complex issues . . . . I have not seen evidence that National Union acted unreasonably or in breach of California regulations or statute."). Had National Union done so, Plaintiffs would have had the opportunity the federal rules provide them to retain their own rebuttal expert to challenge Evans' methodology and the factual basis for his opinions.

The only excuse National Union can apparently offer is that "National Union's disclosure of Mr. Evans rebuttal expert is explained by the fact that National Union does not have the burden of proof on Plaintiffs' claim or breach of the covenant of good faith and fair dealing." Opp. at 11:18–22. This is true for *all*

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

expert testimony concerning an element of a claim, and if this excuse were sufficient to establish substantial justification, Rule 26's requirement of expert disclosure would be effectively rendered illusory as applied to defendants.

The only apparent motivation for National Union's choice to wait until the rebuttal deadline to disclose an expert on an obvious and critical issue is strategic – to deprive Plaintiffs of any opportunity to retain and disclose a rebuttal expert to challenge the opinions offered by Evans. Gamesmanship and a desire for a strategic advantage are not substantial justification. As is discussed above, National Union disclosed Evans the evening of June 30, 2022, approximately six hours before midnight the day rebuttal experts were due. National Union made a strategic choice with the apparent aim and successful effect of precluding Plaintiffs from offering any rebuttal testimony as to the opinions of Evans.

In short, the underlying basis of National Union's argument seems to be that it believed it had identified a "loophole" in the Federal Rules of Civil Procedure, and could immunize its (undeniably necessary) claims handling expert from rebuttal by disclosing him six hours before the rebuttal disclosure deadline. This strategic decision was not substantially justified or harmless, and the Court should not permit National Union's gamesmanship to stand.

## IV.  **CONCLUSION**

For all of the aforementioned reasons, the motion in limine should be granted.


Dated:  August 26, 2022                    BEST BEST & KRIEGER LLP


                                           By:  */s/ Christopher E. Deal*
                                           _____
                                           JEFFREY V. DUNN
                                           CHRISTOPHER E. DEAL
                                           DANIEL L. RICHARDS
                                           Attorneys for Plaintiffs
                                           Western Riverside Council of
                                           Governments and City of Beaumont

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612