Dina Glucksman, State Bar No. 245646
dglucksman@grsm.com
(213) 576-5071
Scott L. Schmookler, *Pro Hac Vice*
sschmookler@grsm.com
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 5:20-cv-02164- GW (KKx) <br><br> **NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3 TO EXCLUDE ADMISSION OF BEAUMONT'S PROOF OF LOSS AND SUPPLEMENTAL PROOF OF LOSS** <br><br> Judge:   Hon. George H. Wu <br> Date:    10/27/2022 <br> Time:    8:30 a.m. <br> Room:   9D |
|---|---|

-1-

NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3

1   National Union Fire Insurance Company of Pittsburgh, Pa. submits this reply in support of its unopposed motion *in limine* no. 3 to exclude admission of Beaumont's Proof of Loss and Supplemental Proof of Loss (Dkt. 68):

## I. ARGUMENT

National Union moved this Court to exclude from evidence Plaintiff's narrative proof of loss and supplemental proof of loss because Plaintiffs seek to introduce their attorney's narrative advocacy as "evidence" – thereby allowing them to provide the jury with a narrative explanation of their claim and their attorney's legal analysis in a form not susceptible to cross-examination. National Union moved to exclude both the Proof of Loss and Supplemental Proof of Loss on two grounds.

First, the Proof of Loss and Narrative Proof of Loss are inadmissible hearsay because they constitute out-of-court statements offered for the truth of the matters therein. *Burgess v. Allstate Ins. Co.*, 334 F. Supp. 2d 1351, 1354–55 (N.D. Ga. 2003); *U.S. v. Goad*, 739 F. Supp. 1459, 1461 (D. Kan. 1990); *In re Harmony Holdings, LLC*, 393 B.R. 409, 414 (Bankr. D.S.C. 2008). Because none of the hearsay exceptions apply, the Proof of Loss and Supplement are inadmissible.

Second, the Proof of Loss and Supplemental Proof of Loss both articulate legal arguments Plaintiffs now disclaim. For example, National Union cited the Supplemental Proof of Loss as proof that Plaintiffs had characterized a conflict of interest as theft. (Dkt. 49, p. 20). In response, Plaintiffs disclaimed their arguments as legally unsupportable: "Plaintiffs did not ultimately pursue this theory, because after further investigation and research Plaintiffs did not believe the evidence and law available at the time of filing the complaint supported the claim." (Dkt. 54, p. 13). Admission of the Proof of Loss and Supplemental Proof of Loss is more prejudicial than probative and likely to mislead the jury by introducing arguments Plaintiffs now disavow as factually and legally unsupportable. Accordingly, even if the Proof of Loss and Supplemental Proof of Loss had any relevance, the prejudice of introducing them outweighs any probative value – thereby rendering them inadmissible under Rule 403

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

of the Federal Rules of Evidence.

As of the filing of this reply, Plaintiffs have filed no response or otherwise indicated any opposition to National Union's motion *in limine* no. 3. "The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to granting or denial of the motion…." Local Rule 7-12; *see also Frontera Television Network LLP v. Sada*, No. EDCV 12-00920 VAP (DTBx), 2012 WL 12897860, at *1 (C.D. Cal. Feb. 14, 2013) ("Pursuant to Local Rule 7-12, failure to oppose a motion is deemed consent to the Court granting the motion."); *Dakine Auto. Grp. v. Ally Fin., Inc.*, No. CV 13-7920-GHK (MRWx), 2014 WL 12687414, at *2 (C.D. Cal. Feb. 26, 2014) ("Thus, pursuant to L.R. 7-12, we may deem Plaintiffs' failure to file a timely opposition as their non-opposition to [defendant's] Motion and their consent to granting the relief sought…. Accordingly, this alone is grounds for granting [defendant's] Motion.").

## II. CONCLUSION

Given Plaintiffs' failure to file a response in opposition to National Union's motion, this Court should find that Plaintiffs consent to granting of National Union's motion *in limine* no. 3 (Dkt. 68) and enter an order barring the admission of Beaumont's Proof of Loss and Supplemental Proof of Loss and for all other relief this Court deems necessary and appropriate.

Dated: August 29, 2022

GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Dina Glucksman (SBN: 245646)
dglucksman@grsm.com
(213) 576-5071
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
*Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa.*

-2-

NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 29, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

> Jeffrey V. Dunn, State Bar No. 131926
> jeffrey.dunn@bbklaw.com
> Christopher E. Deal, State Bar No. 186754
> chris.deal@bbklaw.com
> Daniel L. Richards, State Bar No. 315552
> daniel.richards@bbklaw.com
> BEST BEST & KRIEGER LLP
> 18101 Von Karman Avenue, Suite 1000
> Irvine, California 92612
> Telephone: 949-263-2600
> Facsimile: 949-260-0972

*Attorneys for Plaintiffs*

>                    GORDON REES SCULLY
>                    MANSUKHANI LLP
>
>            By:   */s/ Scott L. Schmookler*
>                    Scott L. Schmookler

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-3-
NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 3