Dina Glucksman, State Bar No. 245646
dglucksman@grsm.com
(213) 576-5071
Scott L. Schmookler, *Pro Hac Vice*
sschmookler@grsm.com
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA
Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF THE FELONY COMPLAINT AGAINST KAPANICAS AND AYLWARD AND THEIR GUILTY PLEAS**<br><br>Judge:  Hon. George H. Wu<br>Date:   10/27/2022<br>Time:   8:30 a.m.<br>Room:   9D |

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") submits the following reply in support of its motion *in limine* no. 4 (Dkt. 69) to exclude evidence of the felony complaint against Alan Kapanicas and William Aylward and their guilty pleas (Dkt. 69):

## I.   INTRODUCTION

Plaintiffs fail to coherently articulate how the felony complaint and guilty pleas of Mr. Kapanicas and Mr. Aylward – two individuals not involved in the Former Officials' alleged overbilling scheme for which Plaintiffs seek coverage – are in any way relevant to any issue to be decided by the jury. Instead, Plaintiffs vaguely contend that "the guilty pleas of Kapanicas and Aylward will assist Plaintiffs in presenting the factual basis for the harm it suffered and to establish the claims under the policies." (Dkt. 96, at p. 5). Yet, nowhere do Plaintiffs explain how or why the guilty pleas of these individuals is relevant, or how this evidence establishes that the Former Officials committed a theft through a purported overbilling scheme. The test is not whether evidence will assist a litigant in telling its side of the story, but whether the evidence tends to make a fact of consequence more or less probable, and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Plaintiffs undoubtedly intend to use the felony complaint and guilty pleas of Mr. Kapanicas and Mr. Aylward to inject irrelevant criminal evidence to support their smear campaign against the Former Officials. Plaintiffs will argue that because these two city officials (Mr. Kapanicas and Mr. Aylward) committed a crime, the Former Officials must have also committed a crime that is covered under the Policies. This is the exact type of irrelevant and prejudicial evidence that Rules 401, 403 and 404 of the Federal Rules of Evidence ("FRE") are intended to exclude at trial.

## II. ARGUMENT

Plaintiffs' response makes clear that they intend to introduce evidence that Mr. Kapanicas and Mr. Aylward are felons and pled guilty to criminal charges to create the impression of criminality and impropriety within Beaumont's operations. Plaintiffs contend the guilty pleas "explain the conspiracy and collusion between Kapanicas and [the Former Officials]" (Dkt. 96, at p. 2), but neither Mr. Kapanicas nor Mr. Aylward admitted to conspiracy with the Former Officials and neither pled guilty to any charges relating to any alleged overbilling by ULC. (Dkt. 65-8, p. 3; Dkt. 65-9, p. 3). Instead, Mr. Kapanicas and Mr. Aylward pled guilty to granting unauthorized loans and failing to remit funds to Western Riverside Council of Governments – neither of which are at issue in this case. (Dkt. 65-8, p. 3; Dkt. 65-9, p. 3; Dkt. 65-10, Factual Basis – *People v. Alan Charles Kapanicas*; Dkt. 65-11, Factual Basis – *People v. William Kevin Aylward*).

Because the pleaded to conduct is entirely unrelated to Plaintiffs' insurance claim, any evidence that a felony complaint was filed against Mr. Kapanicas or Mr. Aylward and that they pled guilty to certain charges is inadmissible because it is irrelevant under FRE 401, improper character evidence under FRE 404, and more prejudicial than probative under FRE 403.

***Irrelevant:*** Plaintiffs offer only conclusory arguments that this evidence is relevant but fail to explain how guilty pleas unrelated to the Former Officials' overbilling scheme is relevant to prove that the Former Officials' company, ULC, overbilled Beaumont for its services. Mr. Kapanicas' and Mr. Aylward's guilty pleas are wholly unrelated to the alleged theft, as they did not plead guilty to conspiring with the Former Officials or otherwise permitting ULC to overbill Beaumont. (Dkts. 65-10, 65-11). Plaintiffs do not seek coverage based upon the transactions alleged in Mr. Kapanicas' and Mr. Aylward's pleas (unauthorized loans and failure to remit funds to WRCOG). Therefore, those plea agreements are irrelevant to this case and are inadmissible under FRE 401.

***Impermissible Character Evidence:*** Plaintiffs contend that evidence of the felony complaint and Mr. Kapanicas' and Mr. Aylward's pleas are not improper character evidence because "neither Kapanicas nor Aylward are parties to this action, and neither is likely to be called as a witness." (Dkt. 96, at p. 5). This argument is directly contradicted by the Plaintiffs' Witness List for trial, in which Plaintiffs affirmatively identify both Mr. Kapanicas and Mr. Aylward as "witnesses Plaintiffs intend to call at trial." (Dkt. 109-1, Plaintiffs' Witness List).

As Plaintiffs' readily acknowledge, the Advisory Committee on Proposed Rules has found that character evidence is of slight probative value and is "very prejudicial," because it "distract[s] the trier of fact from the main question of what actually happened on the particular occasion." (Dkt. 96, at p. 6) (quoting *Cohn v. Papke*, 655 F.2d 191, 193-94 (9th Cir. 1981)). Here, introducing irrelevant guilty pleas executed by Mr. Kapanicas and Mr. Aylward will undoubtedly distract the jury from the actual issues at trial, namely whether the Former Officials committed a theft while employed by Beaumont. This is the exact type of scenario FRE 404 is meant to prohibit.

***Probative Value Substantially Outweighed by Danger of Prejudice:*** Plaintiffs acknowledge that evidence of Mr. Kapanicas' and Mr. Aylward's guilty pleas and felon statuses is prejudicial, but nonetheless attempt to argue that the evidence has probative value. Tellingly, Plaintiffs fail to identify any issue to be decided by the jury for which this highly prejudicial evidence is probative. Instead, Plaintiffs contend – in conclusory fashion – that "the guilty pleas establish the City's losses under the applicable insurance policies." Yet, Plaintiffs fail to articulate how Mr. Kapanicas' and Mr. Aylward's guilty pleas related to unauthorized loans and failing to remit funds to Western Riverside Council of Governments is relevant to proving that the Former Officials overbilled Beaumont. Any probative value of this evidence – of which there is none – is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay because introduction of

this criminal evidence will require the jury to consider collateral criminal issues unrelated to this insurance coverage action.

To avoid the introduction of highly inflammatory and irrelevant evidence that will only serve to confuse the jury about whose conduct forms the basis for Plaintiffs' theory of coverage and to distract the jury from the Plaintiffs' burden of proving overcharging by ULC, evidence of Mr. Kapanicas' and Mr. Aylward's guilty pleas should be barred. *See, e.g.*, *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992) ("[E]vidence may be excluded when its admission would lead to litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues.").

### III. CONCLUSION

For the forgoing reasons, and the reasons set forth in National Union's motion *in limine* no. 4 (Dkt. 69), National Union respectfully requests that this Honorable Court exclude from evidence the guilty pleas entered by Mr. Kapanicas and Mr. Aylward, prohibit Plaintiffs from referencing any felony complaint filed against Mr. Kapanicas and Mr. Aylward, prohibit Plaintiffs from referencing the criminal pleas entered by Mr. Kapanicas and Mr. Aylward, prohibit Plaintiffs from asserting any arguments and claims based upon the felony complaint or pleas entered by Mr. Kapanicas and Mr. Aylward, and for all other relief this Court deems necessary and appropriate.

Dated: August 29, 2022

GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Dina Glucksman,
State Bar No. 245646
dglucksman@grsm.com
(213) 576-5071
633 West Fifth Street
52nd Floor

Los Angeles, CA 90071

*Attorneys for Defendant
National Union Fire Insurance
Company of Pittsburgh, Pa.*

NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 4

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 29, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

Jeffrey V. Dunn, State Bar No. 131926
jeffrey.dunn@bbklaw.com
Christopher E. Deal, State Bar No. 186754
chris.deal@bbklaw.com
Daniel L. Richards, State Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612
Telephone: 949-263-2600
Facsimile: 949-260-0972

*Attorneys for Plaintiffs*

GORDON REES SCULLY
MANSUKHANI LLP

By:  */s/ Scott L. Schmookler*
      Scott L. Schmookler