Dina Glucksman, State Bar No. 245646
dglucksman@grsm.com
(213) 576-5071
Scott L. Schmookler, *Pro Hac Vice*
sschmookler@grsm.com
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 6 TO EXCLUDE UNDISCLOSED WITNESSES**<br><br>Judge:    Hon. George H. Wu<br>Date:     10/27/2022<br>Time:     8:30 a.m.<br>Room:    9D |

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") submits this reply in support of its motion *in limine* no. 6 to exclude undisclosed witnesses (Dkt. 71):

## I. INTRODUCTION

Correctly anticipating that Plaintiffs would engage in gamesmanship and seek to call undisclosed witnesses at trial in violation of Federal Rule of Civil Procedure ("Rule") 26, National Union filed a motion *in limine* to exclude, among others, Elizabeth Gibbs and David Castaldo. (Dkt. 71). Despite having never disclosed these witnesses as required by Rule 26(a), Plaintiffs identified Ms. Gibbs and Mr. Castaldo on their trial witness list.[1] (Dkt. 109-1, Plaintiffs' Witness List). Discovery has long since been closed in this matter, and the parties are weeks away from trial. Plaintiffs provide no explanation for their failure to disclose Ms. Gibbs and Mr. Castaldo as witnesses prior to the close of fact discovery. Instead, Plaintiffs seek to force National Union to go to trial without Plaintiffs ever having disclosed the anticipated trial testimony of two of its intended witnesses.

Plaintiffs concede they never disclosed Ms. Gibbs or Mr. Castaldo pursuant to Rule 26(a)(1)(A) and never supplemented their disclosure in accordance with Rule 26(e). Citing FRCP 26(e), Plaintiffs argue that they only required to supplement their witness disclosure "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). (Dkt. 98, p. 4). In essence, Plaintiffs argue that they can consciously conceal their intent to disclose witnesses and withhold a summary of their testimony – as long as the identity of the witness was disclosed. Plaintiffs cite

---

[1] Given the overlapping deadline to file motions *in limine* and exchange witness lists, National Union did not know at the time of filing its motion *in limine* no. 6 (Dkt.71) which individuals Plaintiffs intend to call to testify at trial. Having now received Plaintiffs' witness list for trial (Dkt. 109-1), National Union correctly anticipated that Plaintiffs would attempt to call Ms. Gibbs and Mr. Castaldo at trial – witnesses not previously disclosed in their Rule 26 disclosures.

-2-

NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 6

1  no relevant support for that argument and cannot do so because this Court has
2  rejected their argument. On the contrary, this Court has held that Rule 26(e)(1)(A)
3  "… should not be broadly applied to circumvent requirements under Rule 26 or give
4  a party license to engage in ambush or supplement their disclosures almost by
5  happenstance." *Bal Seal Eng'g, Inc. v. Nelson Prods., Inc.*, No. 8:13-cv-01880-JLS-
6  KES, 2019 WL 7865198, at *3 (C.D. Cal. Oct. 17, 2019) (quoting *Poitra v. Sch.
7  Dist. No. 1 in the Cty. of Denver*, 311 F.R.D. 659, 667-68 (D. Colo. 2015)). Plaintiffs
8  were obligated to supplement their Rule 26(a) disclosure and failed to do so. As
9  such, they should not be allowed to call previously undisclosed witnesses like Ms.
10 Gibbs and Mr. Castaldo at trial. Fed. R. Civ. P. 37(c)(1).

11       Plaintiffs attempt to excuse their failure to disclose these witnesses by arguing
12 that National Union was aware of both Ms. Gibbs and Mr. Castaldo. (Dkt. 98, p. 5).
13 However, mere awareness of an individual does not allow a litigant to ignore the
14 clear mandate of Rule 26. *See Munoz v. Nat'l R.R. Passenger Corp.*, No.
15 CV156309DMGJEMX, 2016 WL 11744436, at *8 (C.D. Cal. Nov. 23, 2016);
16 *Miranda v. U.S. Sec. Assocs., Inc.*, No. 18-CV-00734-LHK, 2019 WL 2929966, at
17 *5 (N.D. Cal. July 8, 2019); *Newark Grp., Inc. v. Dopaco, Inc.*, No. 2:08-CV-02623-
18 GEB, 2012 WL 899250, at *4 (E.D. Cal. Mar. 15, 2012). Plaintiffs were required
19 to specifically disclose Ms. Gibbs and Mr. Castaldo under Rule 26 if they intended
20 to elicit trial testimony from them. Plaintiffs' failure to timely disclose Ms. Gibbs
21 and Mr. Castaldo substantially prejudiced National Union because National Union
22 has been deprived of the opportunity to elicit testimony from these witnesses to
23 address subjects Plaintiffs intend to rely upon to support their claims at trial.

24 **II.   ARGUMENT**

25       Plaintiffs cannot deny that they failed to disclose Ms. Gibbs and Mr. Castaldo
26 in their initial disclosures, failed to supplement their initial disclosures and have not
27 – even today – provided a fulsome disclosure of these witnesses' likely testimony.
28 Plaintiffs argue, however, that they should be allowed to call these witnesses to

*Gordon Rees Scully Mansukhani, LLP*
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

testify at trial and be provided an unlimited right to elicit any testimony – even if not otherwise disclosed in prior depositions. National Union suggested that the Court should, at a minimum, limit the testimony of these witnesses to facts disclosed in their depositions (as such a ruling limits the prejudice to National Union and ensures that National Union is not prejudiced by the late disclosure.) Plaintiffs refuse to accept that compromise and instead seek trial by surprise. Plaintiffs' purported explanation for nondisclosure or rationale for non-prejudice are without merit.

***Elizabeth Gibbs***: Plaintiffs repeatedly argue in their response that National Union deposed Elizabeth Gibbs three times. (Dkt. 98, pp. 2, 3, 6, 7, 9). This fact by itself is unavailing and fails to appreciate that Ms. Gibbs testified as a corporate representative in two of those depositions. The fact that Ms. Gibbs was deposed twice as a corporate representative has no relation to the extent of her percipient knowledge and disclosure of the subjects of any percipient testimony. The only deposition that matters for these purposes is her percipient witness deposition, as it is apparently in this capacity that Plaintiffs intend to call Ms. Gibbs to testify at trial.

Importantly, Ms. Gibbs denied at her deposition any percipient knowledge. For example, she denied any involvement in Beaumont's submission of an insurance claim to National Union; any knowledge of its insurance policies; any knowledge of Beaumont's contract with Urban Logic Consultants; and any oversight of ULC's services or understanding of ULC's services. (Dkt. 65-19, Deposition of Elizabeth Gibbs ("Gibbs Dep."), at 41:04-41:15, 65:04-65:19, 69:05-69:10, 117:03-117:06, 120:03-120:07, 120:12-120:16). National Union therefore did not reasonably expect that Ms. Gibbs would testify at trial.

Despite her deposition testimony, Plaintiffs now contend – for the first time – that Ms. Gibbs will testify about "her knowledge and understanding of the City's retention of ULC, any services provided by ULC, and payments to ULC." (Dkt. 98, p. 6). These are the very subject Ms. Gibbs specifically disclaimed knowledge of during her deposition:

*City's Retention of ULC*

    Q.    While you were employed by the City of Beaumont as resources director, I take it you understood that the City contracted with Urban Logic Consultants; correct?

    A.    I knew they worked for us. I didn't know the nature or the terms.

(Dkt. 65-19, Gibbs Dep., at 116:22-117:2).

*Any Services Provided by ULC:*

    Q.    Did you have any understanding as to the professional services that Urban Logic Consultants provided for the City with respect to the City's public works projects?

    A.    No.

    \*\*\*

    Q.    In terms of the work and services that Urban Logic provided as a contractor for the City, you -- sounds like you don't have any knowledge or information about that; is that correct?

    A.    Correct.

(*Id.* at 120:12-16, 121:8-12).

*Payments to ULC*

    Q.    Have you ever -- in your individual capacity, ever done an analysis of each of the invoices submitted by Urban Logic between 1993 and 2012?

    A.    No.

    \*\*\*

    Q.    When you served as the resources director for Beaumont, did you understand that Urban Logic was paid fees to manage certain projects that were approved by the City Council?

    A.    No.

    \*\*\*

NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 6

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

1  Q. When you served as the resources director for Beaumont, did you
2     have any understanding as to how Urban Logic and Mr.
3     Moorjani, Mr. Dillon, Mr. Egger were compensated?
4  A. No.

(*Id.* at 122:25-123:3, 130:3-7, 132:8-12).

Even though Plaintiffs have revealed – for the first time in response to National Union's motion – Ms. Gibbs' purported topics of trial testimony, National Union is still left in the dark because Ms. Gibbs explicitly disclaimed any percipient knowledge as to these topics. Had Plaintiffs timely provided a summary of her testimony, National Union could have presented that summary to Ms. Gibbs and verified whether she had any percipient knowledge. It cannot now do so and therefore, Plaintiffs should either be barred from calling Ms. Gibbs or limited to her testimony in her percipient deposition.

***David Castaldo***: Plaintiffs' response *still* fails to identify what topics Mr. Castaldo will testify on at trial and instead confusingly justifies its nondisclosure of Mr. Castaldo by arguing that "National Union seemingly had no difficulties in contacting former officials" and that "National Union's counsel attempted to similarly contact Mr. Castaldo around February 8, 2022." (Dkt. 98, p. 7). Plaintiffs seemingly fault National Union's counsel for diligently pursuing potential witnesses, even though National Union did not know whether Plaintiffs would rely on such individuals for trial. Yet, as Plaintiffs point out, National Union never obtained a declaration from Mr. Castaldo and does not know the subjects on which Plaintiffs intend to elicit testimony from Mr. Castaldo.

Plaintiffs wrongly argue that "[t]he City, in its supplemental initial disclosures identified former City officials and employees." Plaintiffs made no such broad disclosure. Plaintiffs disclosed

- "Person(s), including City staff, with knowledge of the history of the County of Riverside District Attorney's Office's felony complaint…",

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

- "Person(s), including City Staff, with knowledge of the losses incurred by the City as the result of criminal activity perpetrated by the Kapanicas administration members," and

- "Person(s), including City Staff, with knowledge of the history of communications between the City and AIG and/or National Union, in connection to Policy No. 01-309-61-64 and Policy No. 04-425-57-41." (Dkt. 65-17, pp. 6-7).

This disclosure never notified National Union that Plaintiffs intended to call Mr. Castaldo at trial – let alone the subjects of his testimony.

That said, categorical disclosures do not satisfy Rule 26. *U.S. ex rel. Brown v. Celgene Corp.*, No. CV 10-3165 GHK (SS), 2015 WL 12731923, at *2-3 (C.D. Cal. July 24, 2014) (disclosure of "general categories of witnesses" insufficient); *Smith v. Pfizer Inc.*, 265 F.R.D. 278, 283 (M.D. Tenn. 2010 ("[B]road categories of witnesses do not satisfy the disclosure requirements of Rule 26.  The rule requires parties to disclose '*the name* … of each individual likely to have discoverable information.'") (emphasis in original); *Toney v. Hakala*, No. 4:10-CV-2056-JAR, 2012 WL 1554911, at *1 (E.D. Mo. Apr. 30, 2012) (disclosing categories of witnesses such as "employees," "staff," and "custodian of records" without identifying the names of witnesses is insufficient under Rule 26).  The remedy for Plaintiffs' failure to disclose Mr. Castaldo is his exclusion.

***Peter Nolan and Steven DeBaun***: Plaintiffs did not include Mr. Nolan or Mr. DeBaun on their trial witness list.  Nonetheless, given that Plaintiffs failed to disclose these individuals and only disclosed their percipient knowledge in response to National Union's motion for summary judgment, the Court should still enter an order prohibiting Plaintiffs from calling them at trial.

***Kenneth Watnick***: Plaintiffs never disclosed Mr. Watnick in their initial Rule 26 disclosure or in any supplemental disclosure. Yet, Plaintiffs recently identified Mr. Watnick as a witness on their Witness List for trial. (Dkt. 109-1, Plaintiffs'

Witness List). Given that Plaintiffs never disclosed Mr. Watnick as a witness as required by Rule 26, and the overlapping deadline to file motions *in limine* and exchange witness lists, National Union did not know at the time of filing its motion *in limine* no. 6 (Dkt. 71) that Plaintiffs intended to call Mr. Watnick to testify at trial. Because Plaintiffs have failed to comply with the mandatory requirements of Rule 26, Mr. Watnick should be excluded at trial.

### III.   CONCLUSION

National Union "should be able to rely on Rule 26 disclosures and not be required to second guess whether [Plaintiffs] ha[ve] purposefully omitted a potential witness or done so accidently." *Rhodes v. Sutter Health*, 949 F. Supp. 2d 997, 1010 (E.D. Cal. 2013). Because Plaintiffs failed to disclose Elizabeth Gibbs, David Castaldo, Peter Nolan, Steven DeBaun and Kenneth Watnick as witnesses pursuant to Rule 26, they should not now be allowed to call these witnesses in their case-in-chief, or in the alternative, any testimony from these witnesses should be limited to facts affirmatively disclosed in their depositions. National Union therefore respectfully requests that the Court grant its motion *in limine* no. 6 (Dkt. 71) to bar these witnesses and for all other relief this Court deems necessary and appropriate.

Dated:  August 29, 2022

GORDON REES SCULLY MANSUKHANI LLP

By:  */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Dina Glucksman (SBN: 245646)
dglucksman@grsm.com
(213) 576-5071
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
*Attorneys for Defendant*
*National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 29, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

> Jeffrey V. Dunn, State Bar No. 131926
> jeffrey.dunn@bbklaw.com
> Christopher E. Deal, State Bar No. 186754
> chris.deal@bbklaw.com
> Daniel L. Richards, State Bar No. 315552
> daniel.richards@bbklaw.com
> BEST BEST & KRIEGER LLP
> 18101 Von Karman Avenue, Suite 1000
> Irvine, California 92612
> Telephone: 949-263-2600
> Facsimile: 949-260-0972
>
> *Attorneys for Plaintiffs*

GORDON REES SCULLY
MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
    Scott L. Schmookler