1  Dina Glucksman, State Bar No. 245646
   dglucksman@grsm.com
2  (213) 576-5071
   Scott L. Schmookler, *Pro Hac Vice*
3  sschmookler@grsm.com
   (312) 980-6779
4  Gordon Rees Scully Mansukhani, LLP
   633 West Fifth Street, 52nd Floor
5  Los Angeles, CA 90071
   Attorneys for Defendant,
6  NATIONAL UNION FIRE INSURANCE
   COMPANY OF PITTSBURGH, PA
7

8              UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

10

| 11 | WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California, | Case No. 5:20-cv-02164- GW (KKx) |
|---|---|---|
| 12 | | |
| 13 | | **NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 7 TO BAR WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS WITNESSES** |
| 14 | Plaintiffs, | |
| 15 | v. | |
| 16 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive, | Judge:   Hon. George H. Wu |
| 17 | | Date:    10/27/2022 |
| 18 | | Time:    8:30 a.m. |
|    | Defendants. | Room:    9D |

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

-1-
NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 7

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

1   National Union Fire Insurance Company of Pittsburgh, Pa. ("National

2   Union") submits this reply in support of its motion *in limine* no. 7 to bar Western

3   Riverside Council of Governments witnesses (Dkt. 72):

4   **I.     ARGUMENT**

5   Plaintiffs agreed in a May 4, 2022 email, indicated through their trial witness

6   list, and again confirmed in their response brief to National Union's motion *in limine*

7   no. 7 that they do not intend to call any employees or officials of Western Riverside

8   Council of Governments ("WRCOG") to testify at trial.  (Dkt. 65-20, at p. 2).[1]  In

9   reliance upon that agreement, National Union deferred conducting a 30(b)(6)

10  deposition of WRCOG – with the express understanding that no WRCOG witnesses

11  would be called at trial.

12  Despite an agreement that induced National Union for forgo a deposition of

13  WRCOG, Plaintiffs resist National Union's motion and claim that they may yet call

14  witnesses from WRCOG: "if National Union … contests facts related to the

15  assignment of assignable claims to WRCOG" and second, "if such a witness is

16  unexpectedly needed to authenticate a document which only a WRCOG related

17  entity can authenticate (e.g. the assignment of claims from the City of Beaumont

18  WRCOG)." (Dkt. 99, at p. 2).  Rule 26 of the Federal Rules of Civil Procedure

19  forbids this exact type of gamesmanship.

20  Plaintiffs should not be permitted to employ a "wait and see" tactic related to

21  the disclosure of witnesses. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d

22  843, 863 (9th Cir. 2014) ("An adverse party should not have to guess which

23  undisclosed witnesses may be called to testify.").  If Plaintiffs anticipated a scenario

24  in which only a WRCOG witness could authenticate a document, then Plaintiffs

25

26  [1] Plaintiffs then re-confirmed that agreement in its proposed witness list: "Plaintiffs

27  do not intend to call any employees or officials of [WRCOG] in support of its case in chief, consistent with the witness lists that were exchanged in this matter."  (Dkt.

28  109-1, Plaintiffs' Witness List; Dkt. 99, at p. 2).

NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 7

should have made the required disclosure under Rule 26 rather than unequivocally represent and agree that they would not be calling any WRCOG witness to testify at trial. *See Advante Int'l Corp. v. Mintel Learning Tech.*, No. C 05-01022 JW (RS), 2006 WL 3511956, at *2-3 (N.D. Cal. Dec. 6, 2006) (enforcing an agreement made between the parties via email about the length of a deposition).   Alternatively, Plaintiffs should have disclosed a WRCOG witness for this limited purpose[2] or requested leave to file a supplemental Rule 26 disclosure prior to the close of discovery.  Plaintiffs failed to do so and now, on the eve of the trial, are attempting to circumvent their prior agreement and representations.

Relying on Plaintiffs' agreement that it would not call any WRCOG witnesses at trial, National Union agreed to forgo depositions of any WRCOG employees or officers, including the deposition of a corporate representative. (Dkt.119, Declaration of Scott L. Schmookler, ¶¶ 3-6). The Central District has enforced informal agreements between the parties where the agreement was relied upon. *See, e.g., Unihan Corp. v. Max Grp. Corp.*, No. CV 09-07921, 2011 WL 13213822, at *7 (C.D Cal. May 3, 2011) ("Ordinarily, courts disregard informal stipulations between the parties. When there is no dispute as to the parties' agreement, however, and there has been reliance, such agreements can be enforced and given effect.").   Here, National Union relied on Plaintiffs' representation that it would not be calling any WRCOG witnesses to testify at trial in agreeing to forgo depositions of WRCOG witnesses, including a deposition of a corporate representative. (Dkt. 119, Declaration of Scott L. Schmookler, ¶¶ 3-6). Because of National Union's reliance

---

[2] Plaintiffs' witness list does not include anyone from WRCOG, nor does include the potential need to call someone to authenticate a document that only a WRCOG officer or employee could.  Plaintiff did make such a disclosure for another category of documents. *See* Dkt. 109-1, Plaintiffs' Witness List, at p. 4 ("If necessary, witnesses to authenticate documents previously disclosed in connection with Dan Ray's report, e.g., subcontractors such as Dennis Janda."). However, Plaintiffs failed to do so related to WRCOG.

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

-3-

NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 7

on Plaintiffs' agreement and representations, National Union is now left in the dark as to which WRCOG witnesses Plaintiffs might call at trial and those witnesses' anticipated trial testimony. The Court should not allow such gamesmanship. *See Ollier*, 768 F.3d at 863; *Morris v. Long*, No. 1:08-cv-01422-AWI-MJS, 2012 WL 1481526, at *1 (E.D Cal. Apr. 27, 2012) (denying Plaintiff's request to supplement the witness list less than two weeks before the trial date as that "[left] the defense with insufficient time to familiarize itself with the witnesses' expected testimony").

## II.  CONCLUSION

Given the prior agreement between the parties and Plaintiffs' own representations in its witness list and response brief, National Union respectfully requests that this Court grant its motion *in limine* no. 7 (Dkt. 72) and enter an order barring plaintiffs from calling any employees or officials of WRCOG to testify at trial.


Dated:  August 29, 2022

GORDON REES SCULLY MANSUKHANI LLP

By:  */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Dina Glucksman (SBN: 245646)
dglucksman@grsm.com
(213) 576-5071
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
*Attorneys for Defendant*
*National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 7

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 29, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

> Jeffrey V. Dunn, State Bar No. 131926
> jeffrey.dunn@bbklaw.com
> Christopher E. Deal, State Bar No. 186754
> chris.deal@bbklaw.com
> Daniel L. Richards, State Bar No. 315552
> daniel.richards@bbklaw.com
> BEST BEST & KRIEGER LLP
> 18101 Von Karman Avenue, Suite 1000
> Irvine, California 92612
> Telephone: 949-263-2600
> Facsimile: 949-260-0972
>
> *Attorneys for Plaintiffs*

GORDON REES SCULLY
MANSUKHANI LLP

By:   */s/ Scott L. Schmookler*
       Scott L. Schmookler

-5-