1   Dina Glucksman, State Bar No. 245646
    dglucksman@grsm.com
2   (213) 576-5071
    Scott L. Schmookler, IL
3   sschmookler@grsm.com, *Pro Hac Vice*
    (312) 980-6779
4   Gordon Rees Scully Mansukhani, LLP
    633 West Fifth Street, 52nd Floor
5   Los Angeles, CA 90071
    Attorneys for Defendant,
6   NATIONAL UNION FIRE INSURANCE
    COMPANY OF PITTSBURGH, PA
7

8                    UNITED STATES DISTRICT COURT
9
        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION
10

11   WESTERN RIVERSIDE COUNCIL          Case No. 5:20-cv-02164- GW (KKx)
     OF GOVERNMENTS, a California
12   Joint Powers Authority; CITY OF    **NATIONAL UNION'S REPLY IN
     BEAUMONT, a public entity in the   SUPPORT OF MOTION IN LIMINE
13   State of California,               NO. 8 TO EXCLUDE EVIDENCE OF
                                        TUMF JUDGMENT**
14                   Plaintiffs,

15        v.                            Judge:    Hon. George H. Wu
                                        Date:     10/27/2022
16   NATIONAL UNION FIRE                Time:     8:30 a.m.
     INSURANCE COMPANY OF               Room:     9D
17   PITTSBURGH, PA, and DOES 1
     through 50, inclusive,
18
                     Defendants.
19

20

21

22

23

24

25

26

27

28

                              - 1 -

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1     National Union Fire Insurance Company of Pittsburgh, Pa. ("National

2  Union") submits this reply in support of its motion *in limine* no. 8 to bar Plaintiffs

3  from using the judgment entered against Beaumont in the underlying *WRCOG v.*

4  *Beaumont* action as proof of damages, suggesting that they seek indemnity for the

5  judgment entered against Beaumont, or otherwise suggesting that the Policies permit

6  recovery of any amounts Beaumont owes WRCOG (Dkt. 73):

7  ## I.      INTRODUCTION

8     Western Riverside Council of Governments ("WRCOG"), as assignee of

9  Beaumont, brought this action against National Union and seeks coverage on the

10 theory that David Dillon, Ernest Egger, and Deepak Moorjani (collectively "Former

11 Officials") overbilled Beaumont for services provided by their consulting company,

12 Urban Logic Consultants, Inc. ("ULC"). (Dkt. 20, ¶¶ 18, 46).  Prior to this lawsuit,

13 WRCOG secured a $60 million judgment against Beaumont for fees that should have

14 been remitted to WRCOG pursuant to the Transportation Uniform Mitigation fee

15 ("TUMF") program.  (Dkt. 20, ¶¶ 21-22).  National Union moved to exclude any

16 evidence of the TUMF judgment because WRCOG seeks coverage on the theory

17 that the Former Officials overbilled Beaumont, and the policy does not cover such

18 third party liabilities.  (Dkt. 73).

19     In their response, Plaintiffs admit that they "do not seek recovery of any

20 amounts paid by Beaumont to WRCOG in this lawsuit, and will not at trial suggest

21 that the Policies permit recovery of any amount WRCOG owes to Beaumont." (Dkt.

22 100, p. 2).  Nonetheless, they oppose the motion on the theory that the judgment is

23 "part of the history of this lawsuit." (*Id.*).  Defendant's motion should be granted

24 and Plaintiffs should not be allowed to introduce the judgment as evidence because

25 it will only seek to confuse the jury and wrongly suggest that Beaumont suffered a

26 loss (because it was subject to a judgment in an unrelated action).  Given the risk of

27 confusion and the fact that the policies do not cover that judgment, the $60 million

28 judgment entered against Beaumont is not relevant and the prejudice caused by

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

- 2 -

1    entering that judgment into evidence substantially outweighs any probative value.

2    **II.    ARGUMENT**

3        The Policies cover "loss of or damage to 'money', 'securities' and 'other

4    property' resulting directly from 'theft' committed by an 'employee', whether

5    identified or not, acting alone or in collusion with other persons." (Dkt. 65-14, Policy

6    No. 01-309-61-64, p. 5; Dkt. 65-15, Policy No. 01-425-57-41, p. 10).  By limiting

7    coverage to loss resulting directly from a theft, the Policies distinguish themselves

8    from liability insurance policies in that they only cover a direct taking from the

9    insured and do not cover an insured's liability to a third-party – even if due to

10   employee dishonesty.  *Vons Companies, Inc. v. Federal Ins. Co.,* 212 F.3d 489, 492

11   (9th Cir. 2000); *see also Fed. Ins. Co. v. Axos Clearing LLC,* 982 F.3d 536, 541 (8th

12   Cir. 2020); *Universal Mortg. Corp. v. Württembergische Versicherung AG,* 651 F.3d

13   759, 760 (7th Cir. 2011); *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 629

14   (5th Cir. 1998).

15       Plaintiffs admit they are not seeking "recovery of any amounts paid by

16   Beaumont to WRCOG in this lawsuit, and will not at trial suggest that the Policies

17   permit recovery of any amount WRCOG owes to Beaumont."  (Dkt. 100, p. 2).

18   However, Plaintiffs still request to use the TUMF judgment because it "form[s] part

19   of the history of this lawsuit." (*Id.*).  While Plaintiffs paint the judgment as leading

20   to the termination of the City Manager and criminal prosecution, the judgment itself

21   has no relevance to this case because Plaintiffs are allegedly seeking coverage for

22   overbilling and disavow any attempt to use the conflict of interest to support their

23   claim. (Dkt. 54, p. 12) (Plaintiffs explicitly stated in their opposition to Defendant's

24   motion for summary judgment they "are not seeking based on conflicts of interest").

25       Plaintiffs further attempt to argue that the TUMF judgment provides a

26   background for the subsequent retention of their damages expert Daniel Ray; and

27

28

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 8

1  discovery of the overbilling by the ULC principals. (Dkt. 100, p. 2).[1]  That argument

2  does not impact this motion because the TUMF judgment is not "of consequence to

3  the determination of the action" and does not serve to make any of Plaintiffs' claims

4  "more probable or less probable." Fed. R. Evid. 401.  Even "[w]here the evidence is

5  of very slight (if any) probative value, it [is] an abuse of discretion to admit it if there

6  [is] even a modest likelihood of unfair prejudice or small risk of misleading the jury."

7  *U.S. v. Hitt,* 981 F.2d 422, 424 (9th Cir. 1992).  The TUMF judgment has nothing to

8  do with whether the Former Officials overbilled and only serves to mislead the jury

9  about actions taken by the Former Officials.  Because any evidence relating to the

10  TUMF judgment will only serve to confuse the jury about the scope of coverage and

11  nature of Plaintiffs' claim, it should be excluded from evidence.

## III.    CONCLUSION

13      Since Plaintiffs admit they "do not seek recovery of any amounts paid by

14  Beaumont to WRCOG in this lawsuit, and will not at trial suggest that the Policies

15  permit recovery of any amount WRCOG owes to Beaumont," the TUMF judgment

16  is irrelevant and should be excluded.  (Dkt. 100, p. 2).  For the foregoing reasons,

17  National Union respectfully requests that this Honorable Court grant its motion *in*

18  *limine* no. 8 (Dkt. 73) and issue an order barring Plaintiffs from using the judgment

19  against Beaumont as proof of damages, suggesting that they seek indemnity for the

20  judgment entered against Beaumont, or otherwise suggesting that the Policies permit

21  recovery of any amounts WRCOG owes Beaumont, and for all other relief this Court

22  deems necessary and appropriate.

23

24

25

26  [1] Plaintiffs previously claimed that the Riverside District Attorney's investigation

27  into the City's participation in the TUMF program was the moment they discovered
    the alleged overbilling by the Former Officials and retention of their expert.  (Dkt.

28  54, p. 6).

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

- 4 -

1    Dated:  August 29, 2022              GORDON REES SCULLY
2                                         MANSUKHANI LLP

3                                  By:    */s/ Scott L. Schmookler*
4                                         Scott L. Schmookler (PHV)
                                          sschmookler@grsm.com
5                                         (312) 980-6779
6                                         Dina Glucksman, (SBN: 245646)
                                          dglucksman@grsm.com
7                                         (213) 576-5071
8                                         633 West Fifth Street, 52nd Floor
                                          Los Angeles, CA 90071
9
10                                        *Attorneys for Defendant*
                                          *National Union Fire Insurance*
11                                        *Company of Pittsburgh, Pa.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 8

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 29, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

Jeffrey V. Dunn, State Bar No. 131926
jeffrey.dunn@bbklaw.com
Christopher E. Deal, State Bar No. 186754
chris.deal@bbklaw.com
Daniel L. Richards, State Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612
Telephone: 949-263-2600
Facsimile: 949-260-0972

*Attorneys for Plaintiffs*

GORDON REES SCULLY
MANSUKHANI LLP

By:    */s/ Scott L. Schmookler*
        Scott L. Schmookler

NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 8