Dina Glucksman, State Bar No. 245646
dglucksman@grsm.com
(213) 576-5071
Scott L. Schmookler, IL
sschmookler@grsm.com, *Pro Hac Vice*
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California, | Case No. 5:20-cv-02164- GW (KKx) |
| Plaintiffs, | **NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 9 TO BAR ANY ARGUMENT THE DISCOVERY PERIOD WAS TOLLED BY ADVERSE DOMINATION** |
| v. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive, | |
| Defendants. | Judge:   Hon. George H. Wu<br>Date:    10/27/2022<br>Time:    8:30 a.m.<br>Room:    9D |

*Gordon Rees Scully Mansukhani, LLP*
*633 West Fifth Street, 52nd floor*
*Los Angeles, CA  90071*

-1-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1   National Union Fire Insurance Company of Pittsburgh, Pa. submits this reply
2   in support of its motion *in limine* no. 9 to bar Plaintiffs from introducing any
3   argument that the discovery period was tolled by adverse domination (Dkt. 74):

4   **I.    INTRODUCTION**

5       Plaintiffs wrongly attempt to stack coverage under two insurance policies[1] on
6   the theory that David Dillon, Deepak Moorjani and Ernest Egger "adversely
7   dominated" the City of Beaumont.  (Dkt. 101).  That doctrine, however, only applies
8   when a dishonest employee's control over the insured makes discovery
9   "impossible."  *Admiralty Fund v. Peerless Ins. Co.*, 143 Cal. App. 3d 379, 384
10  (1983).  The Ninth Circuit has consistently rejected the doctrine absent a showing of
11  impossibility (*i.e.*, where any other employee was capable of discovering the alleged
12  theft).  *Seiden v. Frazer Frost, LLP*, 796 F. App'x 381, 382 (9th Cir. 2020); *Karen
13  Kane v. Reliance Ins. Co.*, 202 F.3d 1180, 1189-90 (9th Cir. 2000); *California Union
14  Ins. Co. v. Am. Diversified Sav. Bank*, 948 F.2d 556, 564 (9th Cir. 1991).

15      No such control of Beaumont could possibly exist because Beaumont had an
16  *independent* City Council, *independent* Risk Manager, and *independent* City
17  Attorney – all of whom could have discovered the alleged overbilling.  Since
18  Plaintiffs claim that the Risk Manager had full responsibility for insurance and they
19  have never accused him of collusion, it was obviously not impossible for him to
20  conduct an investigation into the Former Officials and it was obviously not
21  impossible for him to uncover the alleged overbilling.  Given the presence of an
22  independent Risk Manager capable of uncovering the alleged overbilling and
23  pursuing a claim, the doctrine does not apply.  *Karen Kane*, 202 F.3d at 1190
24  (refusing to apply adverse domination as a matter of law because insured was
25  supervised by other employees); *California Union Ins. Co.*, 948 F.2d at 565 (refusing

26

27  [1] One effective from June 30, 2014 to June 30, 2015 (the "2014-2015 Policy") (Dkt.
28  65-14) and a second policy effective from June 30, 2015 to June 30, 2017 (the "2015-2017 Policy") (Dkt. 65-15).

NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 9

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

1   to apply the doctrine because non-colluding employees could have uncovered fraud);

2   *Seiden*, 796 F. App'x at 382 ("As the district court recognized, a corporate plaintiff

3   or its representative … must show complete control by its corrupt insiders, such that

4   discovery of their wrongdoing is impossible").

5        Plaintiffs make absolutely no effort to satisfy that standard. Unable to dispute

6   that the *independent* City Council, *independent* Risk Manager, and *independent* City

7   Attorney could have discovered the alleged theft, Plaintiffs seek to confuse the jury.

8   To that end, they argue that the City Manager, Alan Kapanicas, "oversaw every

9   aspect of City affairs and maintained near absolute control of said affairs" (Dkt. 101,

10  p. 3) and that "the chief accountant, Bill Aylward, and the then City Attorney, Joseph

11  Aklufi, were all colluding with the [Former Officials] and Kapanicas." (Dkt. 101, p.

12  5). Even if that were true, the fact remains that adverse domination requires a

13  showing that discovery was impossible. ***Plaintiffs never accuse that independent***

14  ***City Council and independent Risk Manager of collusion.***  Given the presence of

15  that *independent* City Council and *independent* Risk Manager, it was not impossible

16  for Beaumont to discover the alleged overbilling and thus, the doctrine of adverse

17  domination does not apply.   Beaumont's own City Attorney agreed with National

18  Union - confirming that it was not impossible to investigate the Former Officials,

19  and they did nothing to render an investigation impossible.  (Dkt. 65-18, pp. 42:19-

20  44:06).

21       Plaintiffs should not be allowed to confuse the issues at trial, mislead the jury

22  about the standard for adverse domination and should not be allowed to introduce

23  the concept of adverse domination absent a good faith basis for doing so.  Because

24  Beaumont maintained an *independent* City Council and *independent* Risk Manager

25  and neither that City Council or Risk Manager colluded in any alleged fraud, it was

26  not impossible to discover the alleged overbilling and Plaintiffs should therefore be

27  barred from asserting the adverse domination doctrine at trial as doing so will only

28  confuse and mislead the jury.

-3-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

## II.     ARGUMENT

"[C]ourts [in California] have strictly enforced [discovery loss] provisions so that neither difficulty in discovering insured losses nor employee concealment excuse the insured's performance." *Admiralty Fund v. Peerless Ins. Co.*, 143 Cal. App. 3d 379, 384 (1983). Courts only apply adverse domination and only toll the time for discovery where an employee acts free of oversight and it is impossible for any non-collusive employees to uncover their malfeasance. *California Union Ins. Co.*, 948 F.2d at 565; *Karen Kane*, 202 F.3d at 1189-90; *Seiden*, 796 F. App'x at 382; *Smith v. Superior Ct.*, 217 Cal. App. 3d 950, 954 (1990).

In this case, Beaumont does not and cannot claim that discovery was impossible because prior to the inception of the 2015-2017 Policy, Beaumont employed an independent City Council, an independent Risk Manager and an independent City Attorney.  Plaintiffs have never accused the City Council, Risk Manager or City Attorney of dishonesty, theft or collusion.  Nor have the Plaintiffs produced a shred of evidence to suggest that it was impossible for the City Council, Risk Manager or City Attorney to uncover the Former Officials' alleged theft.  On the contrary, Beaumont's City Attorney candidly admitted that (1) the Former Officials did not impede or otherwise prevent his investigation, and (2) he could not identify any conduct by the Former Officials that made an investigation into their conduct impossible. (Dkt. 65-18, pp. 42:19-22; 43:1; 43:21-25; 44:1-6).

This is the very reason the Ninth Circuit rejected adverse domination in *Karen Kane*. 202 F.3d at 1189-90.  In that case, the insured asserted that adverse domination applied because a single officer engaged in fraud and concealed that fraud from his superiors. *Id.* Rejecting that argument as a matter of law, the Ninth Circuit held that adverse domination did not and could not apply because it was not impossible to uncover the fraud – as the employee did not function free from oversight:

> In the present case, the facts stipulated to and alleged by Kane cannot, as a matter of law, support a finding that Dantzler exercised "adverse

-4-

domination and control" over Kane. Unlike the president of the Admiralty Fund, Dantzler—not a corporate officer of Kane, but merely one of 225 employees—did not control the company. Nor did Dantzler function free of oversight by others. Rather, as the district court found, "the very nature of Dantzler's scheme required review of his work by other employees—i.e., he needed other employees' approval before checks could be issued." In light of these facts, the district court here correctly held that under California law, the one-year discovery provision unambiguously barred Kane from recovering under the earliest of the three policies, for the 1993–94 policy period.

*Id.* at 1190.

The Ninth Circuit also rejected the doctrine on this same basis in *California Union*. 948 F.2d at 565. In that case, the insured claimed adverse domination because the dishonest employees owned all of the insured's stock and held key positions. *Id.* Despite their ownership of the insured, the Ninth Circuit rejected the insured's argument as a matter of law because there were other employees (and regulators) capable of investigating and uncovering the alleged dishonesty:

Here, it is not controverted that there were non-wrongdoing employees who could have discovered the losses prior to takeover. Moreover, FHLB examiners were investigating ADSB for two years prior to the takeover. The regulators were closely overseeing the thrift and had the ability, either independently or through FSLIC, to uncover the facts and notify ADSB of the discovery. We simply do not have an *Admiralty Fund* situation in which all involved but the wrongdoers were powerless to act in order to prevent the loss of coverage under the fidelity bonds.

*Id.*

The sole authority applying the doctrine – *Admiralty Fund* – arose from a unique set of facts. In that case, "the dishonest president and other high ranking officers controlled the [company's] operations to such an extent as to preclude discovery, [so] the tolling of a discovery-of-loss provision should be considered." 143 Cal. App. 3d at 389. The court predicated its decision on those unique facts and highlighted that the doctrine applies solely upon a showing of "near absolute

-5-

NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 9

control" that renders the insured incapacitated and incapable of uncovering alleged theft:

> This near absolute control can place the shareholders of a mutual fund, like the shareholders in *Beal*, in a position of incapacity, and may make discovery of any wrongdoing impossible. In such a case, we cannot say that the victim has knowingly disregarded the wrongdoer's acts nor can we rule out the possible applicability of tolling a statute of limitation until the shareholder could discover the fraud.

*Id.* at 388 (emphasis omitted).

Here, it was possible for the City Council, City Manager, and Risk Manager to discover the alleged dishonest conduct by the Former Officials. Indeed, the Former Officials could not have impaired or prevented any investigation into their billing because they ceased to work for Beaumont in 2012 – more than two years prior to the inception of the 2014-2015 Policy. During the intervening period (*i.e.*, 2012 to 2014), Beaumont was managed by an independent City Council capable of investigating the Former Officials' conduct, and Beaumont employed both an independent Risk Manager and City Attorney capable of investigating their conduct. (Dkt. 65-18, 40:24-41:05, 41:23-42:09, 42:19-22, 43:1, 43:21-25, 44:1-6; Dkt. 65-24, at ¶ 4). In fact, the City Attorney confirmed there was an investigation into the Former Officials before the 2015-2017 Policy went into effect and that it was not impossible to conduct an investigation. (Dkt. 54-1, at ¶¶ 100-108).

Plaintiffs quote *Beal v. Smith,* 46 Cal. App. 271, 279 (1920) for the proposition that "where … the corporation and its board of directors ***were wholly under the domination of those who committed the original fraud*** the corporation is deemed to be in the same position as an incompetent person or minor without legal capacity…" (emphasis added). That did not occur here because the Former Officials were the ones who "committed the original fraud" and Plaintiffs have not presented any evidence that the Former Officials maintained "near absolute control" over all City employees, such that the City was incapacitated and incapable of discovering their alleged theft. Nor could any such control exist given the presence of an

-6-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

*independent* City Council, *independent* Risk Manager and *independent* City Attorney – none of whom have been accused of collusion and all of whom were capable of investigating and uncovering the alleged overbilling.

Plaintiffs made no attempt to satisfy the stringent standard mandated by *Admiralty Fund*. Instead, Plaintiffs seek to confuse the jury with the wrong legal standard. To that end, they argue that the City Manager exercised influence over the City Council. Any such control is ultimately immaterial and not sufficient to prove adverse domination. Adverse domination requires a showing of impossibility – meaning that it was impossible for anyone else to discover the alleged theft. That could not occur here because the City Council, Risk Manager and City Attorney have never been accused of collusion and were obviously capable of discovering the alleged theft. Assertion of the wrong legal standard before the jury creates incurable confusion and prejudice as it misleads the jury as to the elements of adverse domination.

## III.    CONCLUSION

Despite lacking proof, Plaintiffs seek to assert adverse domination in hopes that the mere articulation of the doctrine will encourage the jury to "split the baby." Plaintiffs should not be allowed to confuse the jury with a doctrine they cannot viably assert and should not be allowed to misrepresent the elements of that doctrine with assertions that directly contrary to Ninth Circuit precedent. For the foregoing reasons, National Union respectfully requests that this Honorable Court grant its motion *in limine* no. 9 (Dkt. 74) and issue an Order barring Plaintiffs from introducing any argument that the discovery period was tolled by adverse domination or, in the alternative, be prohibited from suggesting that the doctrine applies absent proof that the Former Officials' engaged in conduct making discovery of any wrongdoing impossible, and for any other relief this Court deems necessary and appropriate.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

Dated:  August 29, 2022

GORDON REES SCULLY
MANSUKHANI LLP

By:    */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Dina Glucksman, (SBN: 245646)
dglucksman@grsm.com
(213) 576-5071
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

*Attorneys for Defendant*
*National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

NATIONAL UNION'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 9

1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 29, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

Jeffrey V. Dunn, State Bar No. 131926
jeffrey.dunn@bbklaw.com
Christopher E. Deal, State Bar No. 186754
chris.deal@bbklaw.com
Daniel L. Richards, State Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue, Suite 1000
Irvine, California 92612
Telephone: 949-263-2600
Facsimile: 949-260-0972

*Attorneys for Plaintiffs*

GORDON REES SCULLY
MANSUKHANI LLP

By:   */s/ Scott L. Schmookler*
      Scott L. Schmookler

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

-9-