Dina Glucksman, State Bar No. 245646
dglucksman@grsm.com
(213) 576-5071
Scott L. Schmookler, *Pro Hac Vice*
sschmookler@grsm.com
(312) 980-6779
Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Attorneys for Defendant,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**NOTICE OF MOTION AND MOTION IN LIMINE NO. 10 OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. TO BAR PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES AND EXCLUDE LEGAL INVOICES**<br><br>Judge:  Hon. George H. Wu<br>Date:   10/27/2022<br>Time:   8:30 a.m.<br>Room:   9D |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 27, 2022, at 8:30 a.m., or as soon thereafter as this matter may be heard, in the United States District Court for the Central District of California, Courtroom 9D, before the Honorable George H. Wu, Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National

-1-
MOTION IN LIMINE NO. 10 TO BAR CLAIM FOR ATTORNEYS' FEES AND
EXCLUDE LEGAL INVOICES

Union") will and hereby does move this Court, for an Order *in limine* to bar Plaintiffs' claim for attorney's fees and to exclude evidence of legal invoices at trial.

This motion made pursuant to the Federal Rules of Civil Procedure 26 and 37, the Court's Standing Order, par. 9, the attached Memorandum of Points and Authorities filed in support, and all papers, documents, pleadings and records on file herein, upon such supplemental declarations and documents as may be filed subsequently herein, and upon such oral and documentary evidence as may be presented or of which the Court may take judicial notice, as of the time this matter is heard.

This motion is made following the conference of National Union's counsel with Plaintiffs' counsel pursuant to Local Rule 7-3, which took place on September 27, 2022, during which Plaintiffs' counsel advised that they oppose National Union's motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Western Riverside Council of Governments ("WRCOG") and the City of Beaumont (collectively "Plaintiffs") have sued National Union alleging breach of contract and breach of the implied covenant of good faith and fair dealing arising from a first-party employee theft claim. While Plaintiffs seek to recover "attorneys' fee and costs" (Dkt. 20, p. 23), Plaintiffs failed to timely produce evidence supporting their claim for those fees and costs and have never disclosed a computation of that category of claimed damages as required by Federal Rules of Civil Procedure ("FRCP") 26(a)(1)(A)(ii) and 37(c)(1). Rather, Plaintiffs waited until two months after the close of fact and expert discovery to produce nearly 600 pages of legal invoices purportedly supporting their damage claim. As of the filing of this motion, Plaintiffs have yet to disclose a computation of the attorneys' fees

and costs they seek to recover. Accordingly, pursuant to FRCP 26 and 37, any evidence untimely produced by Plaintiffs in support of their damage claim should be excluded at trial, and Plaintiffs' claim for attorneys' fees and invoices should be barred.

## II. BACKGROUND

On November 20, 2020, Plaintiffs filed their First Amended Complaint in which they sought to recover general and special damages; punitive damages; pre-judgment and post-judgment interest, and attorneys' fees and costs. (Dkt. 20, p. 23). On or about December 2, 2020, Nation Union issued its Requests for Production to Plaintiffs and requested "All Documents and Communications relating to, supporting or demonstrating any alleged damages sought in this action and the factual basis for computing your claimed damages." (Declaration of Scott Schmookler ("Schmookler Decl."), ¶ 2 and Exhibit 1). Plaintiffs did not produce any legal invoices in response to this request, nor did Plaintiffs disclose a computation of damages relating to their claim for attorneys' fees. (Schmookler Decl., ¶ 3 and Exhibit 2).

Thereafter, Plaintiffs served their Initial Disclosures on or about January 8, 2021. Schmookler Decl., ¶ 4 and Exhibit 3). Plaintiffs did not disclose any attorneys' or costs fees in their Initial Disclosures. (Schmookler Decl., ¶ 5). Plaintiffs served a Supplemental Initial Disclosures on or about March 5, 2021, in which they stated as follows: "At this time, WRCOG believes that these remedies would include an award of attorney's fees incurred in Plaintiffs' attempts to obtain benefits under the Policies at issue." (Schmookler Decl., ¶ 6 and Exhibit 4). However, Plaintiffs did not disclose a computation of any attorneys' fees, nor did Plaintiffs produce any evidence to support a claim for those fees. (Schmookler Decl., ¶ 7).

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Discovery closed on May 30, 2022. (Dkt. 44). At that time, Plaintiffs had not produced any attorney invoices or other evidence supporting their claim for attorneys' fees and costs. (Schmookler Decl., ¶ 8). Plaintiffs did not disclose a computation of any attorneys' fees or costs prior to the close of discovery – suggesting that they had chosen to forgo their claim for this category of claimed damages. (Schmookler Decl., ¶ 9).

On August 11, 2022, for the first time in this litigation and more than two months following the close of discovery, Plaintiffs produced hundreds of pages of legal invoices and now seek to recover attorneys' fees and costs as damages – even though they never produced any supporting evidence during discovery, failed to disclose a computation of the fees and costs they seek to recover, and denied National Union any ability to conduct discovery into this category of damages. (Schmookler Decl., ¶ 10 and Exhibit 5). Plaintiffs' gamesmanship should not be rewarded.

## III.  ARGUMENT

Plaintiffs' untimely production of legal invoices on August 11, 2022 occurred well after the close of discovery. This purported evidence should be excluded at trial pursuant to Federal Rules of Civil Procedure 26 and 37. Furthermore, given Plaintiffs' failure to disclose a computation of the attorneys' fees and costs that they seek to recover, any claim for those fees and costs should be barred at trial.

Federal Rule of Civil Procedure 26 requires a plaintiff to provide a "computation of each category of damages claimed by the disclosing party" in its initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(iii); *see also Grouse River Outfitters, Ltd. v. Oracle Corp.,* 848 F. App'x 238, 244 (9th Cir. 2021) ("Rule 26(a)(1)(A)(iii) contemplates damages computation analysis and explanation"); *see also Erhart v. Bofl Holding, Inc.,* 2022 WL 129696 at *3 (Jan 13, 2022) ("The purpose of Rule

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

26's initial disclosures is to enable defendants to understand their potential exposure and make informed decisions as to settlement and discovery"); *see also City & Cty. Of San Francisco v. Tutor-Saliba Corp.,* 218 F.R.D. 219, 221 (N.D. Cal. 2003) (same); *see also Hewlett Packard Co. v. Factory Mut. Ins. Co.,* No. Civ. 04-2791 TPG DF, 2006 WL 1788946, at *14 (S.D.N.Y. June 28, 2006) ("[E]arly disclosure of a party's damages computation provide[s] [the] opposing party with an early understanding of the basis and amount of any damages claim it is facing, so that it may conduct meaningful discovery as to the underpinning of such a claim").

Rule 26 also provides that a plaintiff must supplement or correct its disclosures or discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A); *see also LT Game Int'l Ltd. v. Shuffle Master, Inc.,* No. 2:12-cv-01216-GMN, 2013 WL 321659, at *6 (D. Nev. Jan. 28, 2013) (explaining that "[a]s discovery proceeds…the plaintiff is required to supplement its initial damages computation").

Rule 26 further provides that a disclosing party "must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). However, "[a] party cannot satisfy its Rule 26 obligation to provide a 'computation of each category of damages' simply by producing to the other side the documents or figures the disclosing party claims support its damages claims." *Grouse River Outfitters Ltd. v. Oracle Corp.,* No. 16-CV-02954-LB, 2019 WL 2929867, at *1 (N.D. Cal. July 8, 2019), *aff'd,* 848 F. App'x 238 (9th Cir. 2021); *see also Erhart,* 2022 WL 129696 at *3 (explaining that

-5-
MOTION IN LIMINE NO. 10 TO BAR CLAIM FOR ATTORNEYS' FEES AND EXCLUDE LEGAL INVOICES

compliance under Rule 26 requires both a production of documents as well as computations of the damages).

Here, although Plaintiffs supplemented their Initial Disclosures to disclose that they believe they are entitled to "an award of attorney's fees incurred in Plaintiffs' attempts to obtain benefits under the Policies at issue," (Schmookler Decl., ¶ 6) they have never disclosed a computation of those fees, nor did they timely supplement their production of documents with any supporting evidence. (Schmookler Decl., ¶¶ 8-9).

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.,* 259 F. 3d 1101, 1106 (9th Cir. 2001). Rule 37 provides that a party who fails to provide information as required by Rule 26(a) "is not allowed to use that information … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). According to the Advisory Committee Notes, Rule 37(c)(1) is a "'self-executing,' 'automatic' sanction to 'provide [] a strong inducement for disclosure of material…" *Yeti,* 259 F. 3d 1101 at 1106 *citing* Fed. R. Civ. P. 37. As such, the party facing Rule 37(c)(1) sanctions has the burden of proving the failure to comply was substantially justified or harmless. *Yeti,* 259 F. 3d 1101 at 1107; s*ee also Frontline Med. Associates, Inc. v. Coventry Health Care*, 263 F.R.D. 567, 568 (C.D. Cal. 2009).

In *Erhart,* the court ruled that the plaintiff "failed to comply with Rule 26's disclosure requirement" when he failed to provide a calculation of damages throughout the case. 2022 WL 129696 at *3. The court ruled that the plaintiff's nondisclosure was not harmless because the defendant may have "need[ed] to reopen [the plaintiff]'s deposition, subpoena his current employer or historical employers, or have an expert do a supplemental report to respond to the belated disclosures."

-6-
MOTION IN LIMINE NO. 10 TO BAR CLAIM FOR ATTORNEYS' FEES AND EXCLUDE LEGAL INVOICES

*Id.* The court determined rather than allowing the plaintiff to "disclose his calculable damages at the eleventh hour," evidence of those damages should be excluded. *Id.* at 5; *see also Rigby v. Corliss,* 2018 WL 3303134 (W.D. Wash. 2018) (refusing to allow introduction of attorneys' fees where the claimant amended discovery to add in an attorney fee claim after the close of discovery); *see also Loper v. Lifeguard Ambulance Serv., LLC,* 2021 WL 4458873 (N.D. Ala. 2021) (refusing to allow claim for attorney's fees as damages when the claimant did not disclose computation of the fees and documentation of the fees before the close of discovery).

Because of Plaintiffs' late disclosure and failure to fully disclose a computation of their claimed damages, National Union has had to "devote valuable pre-trial resources and time to sifting through and evaluating evidence it should have received earlier." *Time Warner NY Cable LLC,* 2015 WL 12803767, at *3. Furthermore, Plaintiffs' disclosure and violation of Rule 26 has deprived National Union of the opportunity to meaningfully discuss these invoices during depositions, assess the potential amount of damages via an expert calculation, and otherwise conduct discovery through a fully informed perspective. *Erhart,* 2022 WL 129696, at *5. Given Plaintiffs' gamesmanship and violation of the rules governing discovery, this Court should exclude the untimely produced attorney invoices at trial and bar Plaintiffs from seeking to recover and attorneys' fees or costs.

## IV.   CONCLUSION

National Union requests that the Court exclude all documents produced by Plaintiffs after the close of discovery that purportedly support their claim for attorneys' fees and costs, and bar Plaintiffs from seeking to recover any attorneys' fees or costs at trial.

-7-
MOTION IN LIMINE NO. 10 TO BAR CLAIM FOR ATTORNEYS' FEES AND EXCLUDE LEGAL INVOICES

| | |
|---|---|
| Dated:  October 6, 2022 | GORDON REES SCULLY MANSUKHANI LLP |
| | By:   */s/ Scott L. Schmookler*<br>Scott L. Schmookler (PHV)<br>sschmookler@grsm.com<br>(312) 980-6779<br>Dina Glucksman (SBN: 245646)<br>dglucksman@grsm.com<br>(213) 576-5071<br>633 West Fifth Street, 52nd Floor<br>Los Angeles, CA 90071<br>*Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa.* |

-8-
MOTION IN LIMINE NO. 10 TO BAR CLAIM FOR ATTORNEYS' FEES AND EXCLUDE LEGAL INVOICES

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 6, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

> Jeffrey V. Dunn, State Bar No. 131926
> jeffrey.dunn@bbklaw.com
> Christopher E. Deal, State Bar No. 186754
> chris.deal@bbklaw.com
> Aryan Vahedy, State Bar No. 323802
> Aryan.vahedy@bbklaw.com
> BEST BEST & KRIEGER LLP
> 18101 Von Karman Avenue, Suite 1000
> Irvine, California 92612
> Telephone: 949-263-2600
> Facsimile: 949-260-0972
>
> *Attorneys for Plaintiff*
> *Western Riverside Council of Governments*

GORDON REES SCULLY
MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
　　Scott L. Schmookler

-9-
MOTION IN LIMINE NO. 10 TO BAR CLAIM FOR ATTORNEYS' FEES AND EXCLUDE LEGAL INVOICES