1  Dina Glucksman, State Bar No. 245646
   dglucksman@grsm.com
2  (213) 576-5071
   Scott L. Schmookler, *Pro Hac Vice*
3  sschmookler@grsm.com
   (312) 980-6779
4  Gordon Rees Scully Mansukhani, LLP
   633 West Fifth Street, 52nd Floor
5  Los Angeles, CA 90071
   Attorneys for Defendant,
6  NATIONAL UNION FIRE INSURANCE
   COMPANY OF PITTSBURGH, PA
7

8              UNITED STATES DISTRICT COURT
9        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

10

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority; CITY OF BEAUMONT, a public entity in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**NOTICE OF MOTION AND MOTION IN LIMINE NO. 11 OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA TO BIFURCATE**<br><br>Judge:   Hon. George H. Wu<br>Date:    10/27/2022<br>Time:    8:30 a.m.<br>Room:    9D |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 27, 2022, at 8:30 a.m., or as soon thereafter as this matter may be heard, in the United States District Court for the Central District of California, Courtroom 9D, before the Honorable George H. Wu, Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") will and hereby does move this Court, for an Order *in limine* to bifurcate the issue of punitive damages from the trial on liability and compensatory damages,

-1-

thus allowing any trial on the issue of and amount of punitive damages to proceed only if and after the jury has made a finding that National Union has committed bad faith with fraud oppression or malice. National Union also seeks to exclude evidence related to Plaintiffs' claim for punitive damages and exclude any evidence of National Union's financial condition until the completion of the liability phase of trial.

This motion is made pursuant to Federal Rule of Civil Procedure 42(b), the Federal Rule of Evidence 403, the Court's Standing Order, par. 9, California Civil Code section 3295, the attached Memorandum of Points and Authorities filed in support, and all papers, documents, pleadings and records on file herein, upon such supplemental declarations and documents as may be filed subsequently herein, and upon such oral and documentary evidence as may be presented or of which the Court may take judicial notice, as of the time this matter is heard.

This motion is made following the conference of defense counsel with plaintiffs pursuant to Local Rule 7-3, which took place on September 27, 2022, during which plaintiffs' counsel advised that they do not oppose National Union's request to bifurcate.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs have sued National Union alleging breach of contract and breach of the implied covenant of good faith and fair dealing arising from a first-party employee theft claim in which Western Riverside Council of Governments ("WRCOG") and the City of Beaumont ("Beaumont") claim that Beaumont suffered a loss in excess of $50 million resulting from alleged theft committed by three former officials. Given the complexity and significance of the claim, National Union undertook an extensive investigation, requiring the retention of accounting consultants and coverage counsel. While the parties were engaged in settlement

discussions, and before National Union concluded its investigation, WRCOG filed suit. Despite a genuine dispute as to coverage and quantum of Beaumont's alleged loss, Plaintiffs claim that National Union's investigation and handling of the claim was in bad faith. Plaintiffs also seek punitive damages.

A plaintiff may ask the jury to award punitive damages only after the jury finds, by clear and convincing evidence, that the defendants' conduct constituted fraud, malice or oppression. Cal. Civ. Code § 3294. National Union requests that the Court bifurcate the trial such that the trial would be phased so the jury will first determine whether National is liable for bad faith and engaged in conduct constituting bad faith with fraud, oppression, or malice, and then second (if at all), the amount, if any, of punitive damages to be awarded.

Although National Union disputes whether Plaintiffs have competent and admissible evidentiary support for their punitive damages claim or any evidence to support a specific amount of punitive damages, in the event that Plaintiffs somehow produce such evidence, bifurcation ensures that the jury does not hear financial condition evidence that bears on the amount of punitive damages prior to determining liability. Evidence of a litigant's financial condition is not only irrelevant to liability, but highly prejudicial. Further, no evidence of National Union's financial condition will be necessary if the jury finds that Plaintiffs failed to meet their burden of proving by clear and convincing evidence that National Union acted with fraud, malice, or oppression, or the Court determines not to send the punitive damages claim to the jury at all.

Bifurcation of the issues of punitive damages would thus promote judicial economy and efficiency, while neutralizing the significant prejudice and confusion caused by injecting financial information into the case where such evidence has no relevance to the liability issues.

-3-
MOTION IN LIMINE NO. 11 TO BIFURCATE

## II. BIFURCATION IS NECESSARY TO AVOID PREJUDICE TO NATIONAL UNION.

To avoid prejudice to National Union and expedite the issues, both federal and state law require bifurcation of the issue of punitive damages. Federal Rule of Civil Procedure 42(b) provides in pertinent part:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).

"Rule 42(b) of the Federal Rules of Civil Procedure confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

Pursuant to California Civil Code section 3295(d), bifurcation is mandatory upon the request by the defendant in any trial where plaintiff claims punitive damages. Cal. Civ. Code § 3295(d). This provision was enacted to protect against the prejudice which results from the premature disclosure of the defendant's financial condition when punitive damages are sought. *Torres v. Automobile Club of So. Cal.*, 15 Cal.4th 771, 777 (1997); *Notrica v. State Comp. Ins. Fund*, 70 Cal. App. 4th 911, 939 (1999) ("The purpose behind Civil Code section 3295, which allows bifurcation and preclusion of evidence of a defendant's wealth and profits during the liability phase of trial, is to minimize prejudice prior to the jury's determination of a prima facie case of liability for punitive damages"). The bifurcation of the liability and punitive damages phases thus avoids the risk that the defendant's financial condition might taint the jury's determination of liability. *Adams v. Murakami*, 54 Cal.3d 105, 121 (1991).

While Rule 42 makes the decision to bifurcate discretionary in this Court rather than mandatory as it would be in state court, this Court should exercise its discretion to bifurcate here. *Shenon v. New York Life Insurance Company*, 2020 WL 1317722, *9-10 (C.D. Cal. March 16, 2020) is directly on point. In *Shenon*, the court granted bifurcation in an analogous coverage action, finding that introduction of the defendant insurance company's wealth would be prejudicial and could taint the jury's liability findings on plaintiff's bad faith claim. The court observed that "[i]t is well-established that evidence of an insurer's net worth, while relevant to the proof of punitive damages, may prejudice it during the liability phase of trial." *Id.*, at * 9. Citing the risk of prejudice to the defendant insurer by allowing evidence of the insurer's net worth and financial condition at trial during the liability phase, the court exercised its discretion to bifurcate the liability and punitive damage phases of trial. *Id.*, at *10.

The court in *Shenon* also noted that "federal courts often exercise their discretion to bifurcate the trial on an insured's underlying claims for denial of coverage and entitlement to punitive damages, from the trial on the amount of punitive damages to be awarded, if any." *Id.*, at *9, (citing *Fid. Nat. Fin., Inc. v. Friedman*, No. 00-CV-06902-WJR (RZx) (C.D. Cal. May 14, 2002) (concluding that financial condition evidence "would be relevant only to the issue of punitive damages" and ordering "that the trial of the respective punitive damages claims . . . be bifurcated from, and conducted after, trial of the underlying claims"); *see also Adams*, 54 Cal.3d at 120 ("Requiring a defendant to prove his or her own financial condition may improperly taint the jury's decision whether to impose punitive damages in the first instance ..."); *see also Vieste, LLC v. Hill Redwood Development*, No. C 09-04024 JSW, 2011 WL 13153235, at *1 (N.D. Cal., Nov. 30, 2011) (granting bifurcation because, "to the extent Plaintiffs would seek to present evidence of Defendants' net worth, there is a risk of undue prejudice and confusion,

-5-
MOTION IN LIMINE NO. 11 TO BIFURCATE

given Plaintiffs' theory of the case").

Here, bifurcation of the punitive damage issue is warranted for two reasons. First, bifurcation is necessary to avoid prejudice to National Union, specifically the introduction of prejudicial and irrelevant financial information while the jury determines liability. To decide the amount of punitive damages, the jury will be explicitly instructed to consider the defendant's financial condition. See Judicial Council of California Civil Jury Instructions ("CACI") No. 3940 ("In view of [name of defendant]'s financial condition, what amount is necessary to punish [him/her/nonbinary pronoun/it] and discourage future wrongful conduct?"). To properly inform the jury, Plaintiffs will necessarily have to introduce evidence of National Union's financial condition. Just as in *Shenon*, here, the injection of such evidence while the jury is simultaneously deciding bad faith liability would be highly prejudicial to National Union. Such evidence would tempt the jury to conclude that because of National Union's financial condition, National Union should have paid Beaumont's insurance claim. To that end, California statutory law outlines a procedure for courts to follow: "[t]he court shall, on application of any defendant, preclude the admission of evidence of that defendant's profits or financial condition until after the trier of fact returns a verdict for plaintiff awarding actual damages and finds that a defendant is guilty of malice, oppression, or fraud in accordance with Section 3294." Cal. Civ. Code § 3295(d).

Aside from any prejudice resulting from the admission of evidence regarding National Union's financial condition, evidence related to the punitive damages issue generally would also be prejudicial during the liability phase of the trial, as "[t]he conduct required to award punitive damages for the tortious breach of contract … is of a different dimension [than that required to find bad faith]." *Shade Foods, Inc. v. Innovative Prods. Sales & Mktg., Inc.*, 78 Cal. App. 4th 847, 890 (2000), as modified on denial of reh'g (Mar. 29, 2000) (quoting *Tomaselli v. Transamerica Ins. Co.*, 25

Cal. App. 4th 1269, 1286 (1994)). Pursuant to Federal Rule of Evidence 403, and to avoid "inflam[ing] the passion and prejudice of the jury to tip their judgment in favor of liability," National Union requests bifurcation of punitive damages and attorneys' fees. *Adams*, 54 Cal.3d at 121.

Second, bifurcation is warranted to expedite issues in this case. California case law is clear that a prerequisite to the award of punitive damages is a showing by clear and convincing evidence of the defendant's "oppression, fraud, or malice." *Westrec Marina Mgmt., Inc. v. Jardine Ins. Brokers Orange Cnty.*, 85 Cal. App. 4th 1042, 1050 (2000) (quoting Cal. Civ. Code § 3294(a)). Beaumont's potential entitlement to *Brandt* fees similarly relies on a finding of bad faith. *Brandt v. Superior Ct.*, 37 Cal.3d 813, 819 (1985). There would be no need for the jury to even consider punitive damages or attorneys' fees absent an initial finding of bad faith and "oppression, fraud, or malice." *See Davis v. Safeco Ins. Co. of Am.*, No. 04cv1237 BEN (NLS), 2006 WL 5201382, at *1 (S.D. Cal. Feb. 7, 2006) ("[B]ecause the granting of Motion in Limine No. 7 will bifurcate the trial and put any punitive damages evidence into the second phase, the issue of attorney's fees in this federal case shall be left for the second phase of trial along with punitive damages."). Accordingly, bifurcating the issues of punitive damages and attorneys' fees from the liability phase of trial would best expedite the issues in this case.

### III. CONCLUSION

National Union respectfully requests that the Court bifurcate the damages phase of Plaintiffs' punitive damage claim and exclude the introduction of any evidence regarding National Union's financial condition unless, in the first phase of the bifurcated trial, Plaintiffs establish by clear and convincing evidence that National Union committed bad faith with fraud oppression or malice.

Dated: October 6, 2022

GORDON REES SCULLY MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
Scott L. Schmookler (PHV)
sschmookler@grsm.com
(312) 980-6779
Dina Glucksman (SBN: 245646)
dglucksman@grsm.com
(213) 576-5071
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
*Attorneys for Defendant National Union Fire Insurance Company of Pittsburgh, Pa.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 6, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record, as follows:

>Jeffrey V. Dunn, State Bar No. 131926
>jeffrey.dunn@bbklaw.com
>Christopher E. Deal, State Bar No. 186754
>chris.deal@bbklaw.com
>Aryan Vahedy, State Bar No. 323802
>Aryan.vahedy@bbklaw.com
>BEST BEST & KRIEGER LLP
>18101 Von Karman Avenue, Suite 1000
>Irvine, California 92612
>Telephone: 949-263-2600
>Facsimile: 949-260-0972
>
>*Attorneys for Plaintiff*
>*Western Riverside Council of Governments*

GORDON REES SCULLY
MANSUKHANI LLP

By: */s/ Scott L. Schmookler*
Scott L. Schmookler