JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER E. DEAL, Bar No. 186754
chris.deal@bbklaw.com
ARYAN VAHEDY, Bar No. 323802
aryan.vahedy@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California 92612
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Plaintiffs
Western Riverside Council of Governments
and City of Beaumont

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS, a California Joint Powers Authority,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02164- GW (KKx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 10 TO BAR PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES AND EXCLUDE LEGAL INVOICES**<br><br>Date: October 27, 2022<br>Time: 8:30 a.m.<br>Courtroom: 9D |

Plaintiffs Western Riverside Council of Governments ("WRCOG") and City of Beaumont (the "City") (collectively, "Plaintiffs") hereby submit this opposition to Defendant National Union Fire Insurance Company of Pittsburgh, PA's ("Defendant") Motion in Limine No. 10 to Bar Plaintiffs' Claim for Attorneys' Fees and Exclude Legal Invoices.

## I. **INTRODUCTION**

Defendant seeks to entirely preclude Defendant from presenting any evidence of its attorneys' fees and costs for purposes of its bad faith claim. The basis for this extraordinary request is that Plaintiffs purportedly failed to timely produce evidence supporting its claim for attorneys' fees and did not disclose a computation of that category, thereby purportedly violating Federal Rules of Civil Procedure ("FRCP") 26(a)(1)(A)(ii) and 37(c)(1). This argument fails because Defendant has always been aware that Plaintiffs were seeking attorneys' fees at the outset of this litigation but failed to seek discovery on this issue.

Indeed, Defendant's own Motion concedes that it was aware of Plaintiffs' intent to seek attorneys' fees by way of its First Amended Complaint ("FAC"). *See* ECF 124, Motion in Limine No. 10, at pp. 2-3; *see also* Dkt. 20, p. 23. Further, Defendant conflates Plaintiffs' obligation to disclose its intent to seek attorneys' fees with actual productions regarding the same. FRCP 26 does not require affirmative productions; rather, it requires that documents be made available for inspection upon request. Fed. R. Civ. P. Rule 26(a)(1)(A)(iii).

Finally, even if this Court accepts Defendant's contention that Plaintiffs failed to timely disclose a computation of its damages involving attorneys' fees, to then preclude Plaintiffs from claiming the fees or proffering evidence in support thereof would be an unusually draconian sanction, effectively dismissing the claim. Plaintiffs did not operate with the requisite bad faith to warrant such a ruling. Therefore, Defendant's Motion should also be denied in its entirety on this ground.

## II. FACTUAL BACKGROUND

On November 20, 2020, Plaintiffs filed their FAC, wherein Plaintiffs sought to recover general damages, special damages, punitive damages, pre and post-judgment interest, and attorneys' fees and costs. (ECF No. 20, pp. 22-23). On December 2, 2020, Defendant served its Requests for Production of Documents on Plaintiffs. Within these requests, Defendant included a request for "All Documents and Communications relating to, supporting or demonstrating any alleged damages sought in this action and the factual basis for computing your claimed damages" (*see*, ECF 124, p. 3). Plaintiffs, however, objected on multiple grounds. (Declaration of Christopher Deal ("Deal Decl."), ¶ 2). Thereafter, Defendant did not move to compel a further response, or even initiate the meet and confer process regarding this response. (Deal Decl., ¶ 3).

Next, on January 8, 2021, Plaintiffs made their Initial Disclosures. (Deal Decl., ¶ 4 and Exhibit A). As investigations and discovery continued, Plaintiffs learned of additional facts prompting a Supplemental Initial Disclosure, which was served on or about March 5, 2021. (Deal Decl., ¶ 5 and Exhibit B). Within the Supplemental Initial Disclosures, Plaintiffs made clear that attorneys' fees would be sought pursuant to *Brandt v. Superior Court*, 37 Cal.3d 813 (1985). (Deal Decl. ¶ 6). No objections were raised by Defendant, nor any effort to meet and confer regarding the same was made. (Deal Decl. ¶ 7).

Since then, Plaintiffs have continued to disclose their intent to seek attorneys' fees on multiple occasions. Defendant, therefore, cannot reasonably claim it is surprised by Plaintiffs' pursuit of attorneys' fees. Further, Plaintiffs could not have feasibly produced attorneys' fees on a rolling basis as significant costs were perpetually being incurred during the course of litigation. (Deal Decl. ¶ 8). Regardless, Plaintiffs have now provided Defendant with all legal invoices supporting the claim for attorneys' fees. (Deal Decl. ¶ 9). There are no grounds for any exclusionary order.

## III. LEGAL ARGUMENT

The purpose of Rule 26 disclosures "is to encourage parties to try cases on the merits, not by surprise, and not by ambush." *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 862 (9th Cir. 2014). Rule 26(a) also provides that a party has to supplement its disclosures only if the "additional information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(a). There is no precise formula for making such disclosures. The basic rationale of the rule's requirement that a party update such disclosures is to prevent unfair surprise. Further, pursuant to subsection 26(a)(1)(A)(iii), the plaintiff must provide "a computation of each category of damages claimed" and must "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based."

In *R&R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012), plaintiff sought to introduce legal invoices in support of its claim for attorneys' fees. The court held that Rule 26(a)(1)(A)(ii) required R&R to produce either a copy *or* a description of the documents on which it based its damages calculation. *Id*. *R&R* further held that Rule 26(a)(1)(A)(iii) did not require affirmative production of attorney invoices; instead, it required R&R to "make [them] available for inspection." *R&R Sails, Inc.* 673 F.3d at 1247. Ultimately, the court's inquiry revealed that plaintiff had failed to make timely initial disclosures, failed to make attorneys' fees invoices available to defendant, *and* when it did make its disclosures, they were merely generic references to "[i]nvoices reflecting attorneys' fees and costs." *See, generally R & R Sails Inc*. 673 F.3d 1240. Nonetheless, the court reinstated R&R's ability to introduce legal invoices to supports its claim for attorneys' fees. *Id.* at 1246. The court reasoned that because the sanction amounted to dismissal of a claim, the district court was required to consider whether the claimed noncompliance involved willfulness, fault, or bad

1  faith (which it did not), *see Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d
2  1101, 1106 (9th Cir.2001) (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th
3  Cir.1993), and *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th
4  Cir.1983)), and also to consider the availability of lesser sanctions. *R & R Sails,*
5  *Inc.*, 673 F.3d at 1247; *see, e.g.*, *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th
6  Cir.1997); *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir.1990)[1].  Indeed, while
7  the court has discretion to issue sanctions under Rule 37(c)(1), litigants can escape
8  the "harshness" of an exclusion order if they prove that the discovery violations
9  were substantially justified or harmless. *Id.* (citing Fed. R. Civ. P. 37(c)(1))

10  Here, unlike the plaintiff in *R&R Sails, Inc.*, Plaintiffs disclosed their intent
11  to seek attorneys' fees in their initial complaint and in the amended complaint. (*See,*
12  *e.g.,* ECF No. 20 at ¶ 76, p. 22:13, 22:25).  Additionally, in their initial disclosures,
13  Plaintiffs disclosed as part of their computation of damages that they intended to
14  seek an award of attorney's fees incurred in Plaintiffs' attempt to obtain benefits
15  under the Policies at issue. (ECF No. 65-17 at 7:26–2).  Plaintiffs have continued to
16  disclose their intent to seek attorneys' fees on multiple occasions. Most recently
17  (and well in advance of the deadline to file motions in limine), in connection with
18  opposition to motion for summary judgment, Plaintiffs submitted a declaration
19  detailing the City's fees and costs.  (*See* ECF No. 54-27 at ¶ 13 ("[M]y firm has
20  incurred, and continues to incur, attorneys' fees in excess of $332,462.33."); *see*
21  *also* ECF No. 54 at pp. 28:19–20).  Despite this, National Union propounded no
22  requests for production seeking attorney fee invoices,[2] and did not issue any
23  deposition notice with a request for documents as to attorneys' fees.

---

[1] In coming to this conclusion, the court also referenced other circuits with congruent rationales. *See, e.g., Design Strategy, Inc. v. Davis,* 469 F.3d 284, 296 (2d Cir.2006) (requiring the district court to consider the possibility of a continuance); *S. States Rack & Fixture, Inc. v. Sherwin–Williams Co*., 318 F.3d 592, 597 (4th Cir.2003) (requiring consideration of the surprise to the party against whom the evidence would be offered and the ability of that party to cure the surprise); *Tex. A & M Research Found. v. Magna Transp., Inc*., 338 F.3d 394, 402 (5th Cir.2003) (requiring consideration of the possibility that a continuance would cure prejudice to the opposing party)

[2] At the outset of the case, National Union propounded a request for production seeking all documents relevant to damages. Plaintiffs objected on multiple grounds and disclosed that no responsive documents would be produced. Defendant did not move to compel a further response, or even initiate the meet and confer process as to this response.

1  Further, Defendant's attempt to exclude *all* evidence of attorney's fees is tantamount to a request for terminating sanctions as to the bad-faith claim, in that excluding the evidence would "deal […] a fatal blow not only to [Plaintiffs'] entire *Brandt* fees claim but also its request for punitive damages." *R&R Sails, Inc.*, 675 F.3d at 1247. To support such an effectively terminating sanction, Defendant must show willfulness, fault, or bad-faith, and the Court must consider lesser sanctions. *Id.* at 1247; *see also Merchant v. Corizon Health Inc.*, 993 F.3d 733, 741 (9th Cir. 2021) (holding "if an appropriate motion is made and a hearing has been held, the court does have discretion to impose other, less drastic, sanctions.")

Here, Defendant has not and cannot show willfulness, fault, or bad-faith. Plaintiffs have consistently indicated their intent to seek attorneys' fees as damages and have produced all invoices. Accordingly, this Court should deny Defendant's request for the ultimate "terminating sanction" and allow Plaintiffs to maintain their claim for attorneys' fees and proffer legal invoices in support thereof.

Finally, if this Court were inclined to impose any sanctions, Plaintiffs hereby request a lesser sanction than what is effectively a terminating sanction. For example, to the extent Defendant believes it has somehow been prejudiced by an inability to explore discovery concerning the invoices, Defendant could conduct limited discovery on this issue. But entirely foreclosing Plaintiffs' ability to seek damages under *Brant* is not warranted under the circumstances.

## IV. CONCLUSION

For the reasons stated herein, this Court should deny Defendant's Motion.

Dated: October 17, 2022

BEST BEST & KRIEGER LLP

By: */s/ Christopher E. Deal*
JEFFREY V. DUNN
CHRISTOPHER E. DEAL
DANIEL L. RICHARDS
Attorneys for Plaintiffs
Western Riverside Council of Governments and City of Beaumont